IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

CF 135 FLAT LLC, CF 135 WEST
MEMBERS LLC, and THE CHETRIT
GROUP LLC,

                    Plaintiffs,

        -against-

TRIADOU SPV S.A. and CITY OF
ALMATY, a foreign city,

                    Defendant.

_____

Case No.

## NOTICE OF REMOVAL

Matthew L. Schwartz
Randall W. Jackson
Daniel G. Boyle

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY  10022
Telephone: 212-446-2300
Facsimile: 212-446-2350

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, on this date, defendant the City of Almaty, Kazakhstan ("Almaty"), by its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1452, removing this entire action from the Supreme Court of the State of New York, County of New York (the "State Court Action"), to the United States District Court for the Southern District of New York. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

In support of this Notice of Removal, Almaty states as follows:

## THE INTERPLEADER COMPLAINT

1.      On July 7, 2015, Almaty was notified of an interpleader complaint filed against it by CF 135 FLAT LLC, CF 135 West Member LLC, and the Chetrit Group ("Plaintiffs") in the State Court Action. A copy of that interpleader complaint in the State Court Action is attached hereto as Exhibit A.

2.      Plaintiffs filed this interpleader complaint in the State Court Action to resolve the proper distribution of at least $21,000,000.00 in funds resulting from the sale of an interest in real property in the City of New York.

3.      On August 4, 2014, Plaintiffs and defendant Triadou SPV. S.A. ("Triadou") entered into an agreement whereby Triadou would assign to Plaintiffs a 37.5% interest held by Triadou in the Flatotel building, located at located at 135 W 52nd St, New York, NY (the "Flatotel"). In consideration for this assignment, Plaintiffs agreed to pay Triadou $21,000,000.00, in four installment payments.

4.      Almaty objects to this assignment, and contends that the assets which Triadou used to purchase this interest in the Flatotel were the rightful property of the

people of Almaty, embezzled by a family of corrupt public servants and then laundered through foreign shell corporations before being invested in New York real estate.

5.      In 2008, Almaty and other departments of the government of the Republic of Kazakhstan began a series of investigations into the family of Viktor Khrapunov, the former mayor of Almaty, based on allegations that Mr. Khrapunov had abused his position to transfer public assets to himself and his family members. Almaty and other governmental authorities subsequently discovered that Mr. Khrapunov had looted an estimated $300 million during his tenure as mayor, funneling these assets through his family members into foreign holding companies. In response to this investigation, Mr. Khrapunov fled Kazakhstan to reside in Switzerland, and has not returned to answer these charges.

6.      Through law enforcement cooperation with authorities in Switzerland, Almaty and other departments of the government of the Republic of Kazakhstan traced Mr. Khrapunov's ill-gotten assets to a series of shell corporations. Almaty discovered that Triadou was one of these corporations, used to launder Mr. Khrapunov's and his associates' embezzled assets by purchasing real estate investments in the United States.

7.      As a result, Almaty contends that Triadou's assets, including its interest in the Flatotel or any profits from the disposition of the same, are the rightful property of the people of Almaty, and that any transfer of that interest was a fraudulent conveyance at a below-market rate, intended to frustrate Almaty's recovery of those assets.

8.      Almaty notified Plaintiffs of its objections to the assignment and its claims to Triadou's assets as the products of embezzled or converted public funds.

9.      Plaintiffs have failed to make any installment payments under the

assignment agreement as these payments came due, and Triadou has filed a series of separate actions in New York state courts, seeking summary judgment and payment of these obligations.  Those actions are *Triadou SPV S.A. v. CF 135 FLAT LLC, et al.*, No. 653462/2014 (Nov. 10, 2014); *Triadou SPV S.A. v. CF 135 FLAT LLC, et al.*, No. 650239/2015 (Jan. 26, 2015); *Triadou SPV S.A. v. CF 135 FLAT LLC, et al.*, No. 154681/2015 (May 11,  2015).

10.      Faced with competing claims as to the validity and disposition of Triadou's assignment of its interest in the Flatotel, Plaintiffs filed the instant interpleader complaint.  *See* Ex. A, at ¶ 10-11.

## GROUNDS FOR REMOVAL

11.      This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Plaintiffs and Defendants Triadou SPV S.A. and Almaty, and (ii) more than $75,000, exclusive of interest and costs, is at stake.

12.      Plaintiff CF 135 FLAT LLC is a Delaware limited liability company, with a place of business at 512 Seventh Avenue, 15th Floor, New York, New York, 10018, and is authorized to conduct business in the state of New York.  *See* Ex. A, at ¶ 2.

13.      Plaintiff CF 135 West Member LLC is a Delaware limited liability company, with a place of business at 512 Seventh Avenue, 15th Floor, New York, New York, 10018, and is authorized to conduct business in the state of New York.  *See* Ex. A, at ¶ 3.

14.      Plaintiff the Chetrit Group is a New York limited liability company, with a

place of business at 512 Seventh Avenue, 15th Floor, New York, New York, 10018, and is authorized to conduct business in the state of New York. *See* Ex. A, at ¶ 4.

15.     Defendant Triadou SPV S.A. is a special purpose investment vehicle formed under the laws of the Grand Duchy of Luxembourg, with addresses at 3, Rue du Mont-Blanc, 1201 Genève Switzerland and 40 Wall Street, New York, New York 10005. *See* Ex. A, at ¶ 5.

16.     Defendant Almaty is a foreign city located in the Republic of Kazakhstan. *See* Ex. A, at ¶ 6.

17.     The amount in controversy is at least $21,000,000.00, well in excess of the statutory requirement of $75,000.00. The State Court Action concerns the assignment of an interest in real property for $21,000,000.00, to be paid in four installments of $5,250,000.00. *See* Ex. A, at ¶ 10.

18.     This Notice of Removal is being filed within 30 days of July 7, 2015, the date that defendant Almaty received the interpleader complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

19.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Southern District of New York is the federal judicial district that embraces the County of New York, where the State Court Action is pending.

20.     By this Notice of Removal, Defendant Almaty does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Almaty intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses and rights, including whether the

claims are arbitrable.

Dated:        July 9, 2015

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By:_____
        Matthew L. Schwartz

Randall W. Jackson
Daniel G. Boyle

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY  10022
Telephone: 212-446-2300
Facsimile: 212-446-2350