UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CF 135 FLAT LLC, CF 135 WEST MEMBERS
LLC, and THE CHETRIT GROUP, LLC,

               Plaintiffs,

    - against -

TRIADOU SPV S.A. and CITY OF ALMATY, a
foreign city,

               Defendants.

---

ECF Case

No. 15 CV 05345 (AJN)

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**<u>TRIADOU SPV S.A.'S MOTION TO DISMISS THE COMPLAINT</u>**

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York  10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
*Attorneys for Defendant Triadou SPV S.A.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

STANDARD OF REVIEW .................................................................................................... 5

ARGUMENT ............................................................................................................................ 6

      I.      THE INTERPLEADER COMPLAINT FAILS TO ALLEGE A REAL AND
              REASONABLE FEAR OF DOUBLE LIABILITY ................................................. 6

      II.     THE EQUITIES WARRANT DISMISSAL OF THIS ACTION .......................... 8

      III.    IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE COMPELLED TO
              DEPOSIT THE FUNDS WITH THE COURT REGISTRY ................................ 11

CONCLUSION ........................................................................................................................ 13

i

# **TABLE OF AUTHORITIES**

CASES                                                                                                  Page(s)

*6247 Atlas Corp. v. Marine Ins. Co., No. 2A/C*, 155 F.R.D. 454 (S.D.N.Y. 1994)....................6, 7

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981(PGG), 2015 WL 1514539
    (S.D.N.Y. Mar. 31, 2015) ...............................................................................................6

*Am. Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir. 1990)...................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ...........................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................5

*Catizone v. Memry Corp.*, 897 F. Supp. 732 (S.D.N.Y. 1995) .........................................6

*Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080 (D. Conn. 1984), *aff'd*, 767 F.2d 907
    (2d Cir. 1985)................................................................................................................11

*Great Wall De Venezuela C.A. v. Interaudi Bank*, No. 14-CV-2505(JPO), 2015 WL 4507828
    (S.D.N.Y. July 24, 2015) .............................................................................................7, 8

*John v. Sotheby's, Inc.*, 141 F.R.D. 29 (S.D.N.Y. 1992) ...............................................12

*N. Am. Mktg. Corp. v. K. Gronbach & Assocs., Inc.*, 221 F.R.D. 296 (D. Conn. 2002) ................6

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17 (2d Cir. 1997) .......................8

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000)........................................................3, 5

*Sazerac Co. v. Falk*, 861 F. Supp. 253 (S.D.N.Y. 1994) ..............................................3

*State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967)....................................6, 9

*Truck-A-Tune, Inc. v. Re*, 23 F.3d 60 (2d Cir. 1994).................................................8

*United States v. Henry's Bay View Inn, Inc.*, 191 F. Supp. 632 (S.D.N.Y. 1960)........................11

STATUTES

28 U.S.C. § 1335..............................................................................................................6, 11

DOCSNY-590948

RULES                                                                                    Page(s)

Fed. R. Civ. P. 12(b)(6)...................................................................................................1

Fed. R. Civ. P. 22...................................................................................................1, 6, 11

Fed. R. Civ. P. 67...................................................................................................1, 12

OTHER AUTHORITIES

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*
    § 1703 (3d ed. 2001) ..................................................................................................7

DOCSNY-590948

Defendant Triadou SPV S.A. ("Triadou") respectfully submits this memorandum of law in support of its motion to dismiss the Interpleader Complaint in this action, dated July 7, 2015 (the "Interpleader Complaint"), and removed on July 9, 2015, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). In the alternative, Triadou asks this Court, pursuant to FRCP 22 and 67, to direct Plaintiffs CF 135 Flat LLC, CF 135 West Members LLC, and The Chetrit Group LLC (together, "Plaintiffs" or "The Chetrit Group") to deposit into this Court the $21,000,000.00 (plus interest) that is the subject of the Interpleader Complaint.[1]

## PRELIMINARY STATEMENT

This case concerns the payment of $21,820,726.00 (the "Funds"), owed to Triadou pursuant to an assignment agreement between Triadou and The Chetrit Group. Despite an unambiguous contractual obligation, months of litigation, and two judgments in New York State Court, The Chetrit Group now seeks to further delay payment to Triadou and once again skirt obligations they plainly owe under the assignment agreement by commencing this interpleader action. Plaintiffs' allegations that they fear multiple liability as to the Funds, on the basis of speculative and vague claims, are meritless, and Triadou denies any eleventh-hour conclusory contention disputing that it is rightfully owed the Funds. But the Interpleader Complaint fails to state a claim for interpleader relief, as the allegations, even if true, cannot establish a reasonable fear of double liability.

Further, even if the allegations were sufficient to establish a reasonable fear of double liability (which they are not), the Interpleader Complaint should nevertheless be dismissed on equitable grounds. The Chetrit Group has delayed Triadou's attempt to collect its payment at

---

[1]     A copy of the Interpleader Complaint, with Notice of Removal, is attached to the accompanying Declaration of Deborah A. Skakel, dated July 31, 2015 (the "Skakel Declaration") as Exhibit 1.

every juncture, all while retaining the real estate interest assigned by Triadou pursuant to the parties' agreement. The Chetrit Group doggedly disputed the validity of Triadou's claim for the Funds in opposing Triadou's State Court actions, yet now completely contradicts that position in the Interpleader Complaint – by *admitting* they owe Triadou the Funds pursuant to the parties' agreement – to further frustrate Triadou's collection efforts. Such conduct emphasizes that The Chetrit Group has filed this action in an attempt to further delay payment of the Funds to Triadou and should not be allowed.

Finally, if the Court does not dismiss the Interpleader Complaint, the Court should in any event exercise the discretion afforded to it in interpleader actions and require The Chetrit Group to promptly deposit the Funds with the Court – a payment Plaintiffs admit they are "ready, willing, and able" to make. Interpleader Compl. ¶ 14. Requiring Plaintiffs to deposit the entirety of the Funds not only furthers the adjudication of this action, but is just and necessary, given the continual delay and conflicting positions taken by The Chetrit Group. It is also entirely consistent with equity and interpleader law.

This Court should not countenance The Chetrit Group's continuing dilatory tactics and litigious machinations. Triadou thus respectfully requests an order dismissing the Interpleader Complaint or, in the alternative, compelling The Chetrit Group to promptly deposit the Funds with the Court.

## FACTUAL BACKGROUND

On August 4, 2014, Triadou and plaintiff CF 135 Flat LLC ("CF 135") entered into an agreement whereby Triadou assigned its interest in plaintiff CF 135 West Member LLC ("CF") to CF 135 in exchange for $21 million (the "Assignment Agreement") (a copy of the Assignment Agreement is attached to the Skakel Declaration as Exhibit 2). Interpleader Compl. ¶ 8. Pursuant to the Assignment Agreement, CF 135's obligations were supported by a written guaranty

executed by CF and plaintiff The Chetrit Group LLC.  *Id.* ¶ 9.  The funds were to be paid in four

installments.  *Id.* ¶ 8.[2]  When Plaintiffs failed to pay the first installment as agreed, Triadou

commenced an action in the Supreme Court of the State of New York, County of New York,

seeking summary judgment in lieu of complaint pursuant to N.Y. C.P.L.R. 3213 for the funds

due on November 2, 2014 under the first installment ($5,250,000).  *Id.* ¶ 10; *Triadou SPV S.A. v.*

*CF 135 Flat LLC*, Index No. 653462/2014 (N.Y. Sup. Ct. N.Y. County) ("State Court Action

1"), Order at 1, dated Feb. 3, 2015, NYSCEF Doc. No. 35 (the "State Court Feb. 3, 2015

Order").[3]  (A copy of the State Court Feb. 3, 2015 Order is annexed as Exhibit 3 to the Skakel

Declaration.)  After Plaintiffs failed to honor the next three installments, Triadou commenced

three additional State Court actions seeking payment of the remaining three installments.

Interpleader Compl. ¶ 10.[4]

On February 3, 2015, the State Court granted Triadou's motion for summary judgment as

to the first installment and ordered Plaintiffs to pay $5,250,000, as set forth in the Assignment

Agreement, plus interest.  State Court Feb. 3, 2015 Order at 3 (Skakel Decl. Ex. 3).  The State

---

[2]      This Court may consider the terms of the Assignment Agreement, specifically The
Chetrit Group's contractual obligation to pay $21 million with interest, given that the
Interpleader Complaint expressly references that agreement.  *See Sazerac Co. v. Falk*,
861 F. Supp. 253, 257 (S.D.N.Y. 1994) ("In the event that a plaintiff alleges a claim based on a
written instrument . . . the court may consider such an instrument in ruling on a Rule 12(b)(6)
motion even if it was not attached to the complaint and made a part thereof . . . .  [T]his rule also
applies to the instruments supplied by the Defendants in support of their Rule 12(b)(6) motion to
dismiss." (citations omitted)).

[3]      This Court may consider the pleadings and orders in the State Court actions that Triadou
commenced against The Chetrit Group because the Interpleader Complaint references those
actions (Interpleader Compl. ¶ 10; *Sazerac*, 861 F. Supp. at 257), and this Court may take
judicial notice of the filings in the State Court actions in deciding this motion to dismiss without
converting the motion into a motion for summary judgment (*see Rothman v. Gregor*,
220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a complaint filed in another action as a
public record pursuant to Federal Rule of Evidence 201(b))).

[4]      The four State Court actions are collectively referred to as the "State Court Actions."

3

Court then granted Triadou's motion for summary judgment in the second State Court Action. *Triadou SPV S.A. v. CF 135 Flat LLC*, Index No. 650239/2015 (N.Y. Sup. Ct. N.Y. County) ("State Court Action 2"), Order dated April 15, 2015, NYSCEF Doc. No. 39 ("State Court Apr. 15, 2015 Order").  (A copy of the State Court Apr. 15, 2015 Order is annexed to the Skakel Declaration as Exhibit 4.)

In a thinly veiled attempt to avoid judgment and delay payment, The Chetrit Group then made multiple stay requests in the State Court Actions in light of alleged information they purportedly learned regarding Defendant City of Almaty ("Almaty").  *See, e.g.*, NYSCEF Doc. Nos. 26, 45, 63, State Court Action 1 (Skakel Decl. Exs. 5-7, respectively).  Interim stays were granted in two of the State Court Actions, and The Chetrit Group's stay motions remain pending. NYSCEF Doc. No. 88, State Court Action 1 (Skakel Decl. Ex. 8); NYSCEF Doc. No. 85, State Court Action 2 (Skakel Decl. Ex. 9).

The Chetrit Group then filed the instant action in the Supreme Court of the State of New York, County of New York on July 7, 2015, alleging that an interpleader action among Plaintiffs, Triadou, and Almaty is necessary to determine the proper recipient of the Funds.  Interpleader Compl. ¶¶ 11-13.  Almaty removed the action to this Court on July 9, 2015.  Notice of Removal, ECF No. 1.  In its Interpleader Complaint, Plaintiffs state that Almaty "intends to sue Plaintiffs to undue [sic] [the Assignment Agreement] and to recover the assigned interest in CF or the value thereof," and, in light of the pending State Court Actions and Almaty's alleged intent to sue to recover those funds, Plaintiffs claim they "are or may be exposed to double liability."[5]

---

[5]     The entirety of The Chetrit Group's allegations as to Almaty's purported interest in the Funds is as follows:

> Almaty has alleged, via (1) a complaint filed in the United States District Court for the Central District of California in an action entitled *City of Almaty v. Victor Krapunov, et al.*, (2) a letter sent by Almaty's California counsel to

4

Interpleader Compl. ¶¶ 11, 13. Significantly, Plaintiffs admit that "CF 135 agreed to pay Triadou a total of $21,000,000.00 in four installment payments" (*id.* ¶ 8) and also admit that the sum of $21,000,000 is due and owing under the Assignment Agreement (*id.* ¶¶ 12-13).

Triadou now moves to dismiss the Interpleader Complaint or, in the alternative, to require The Chetrit Group to promptly deposit the Funds with the Court.

## STANDARD OF REVIEW

"To survive a motion to dismiss [pursuant to Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (to survive dismissal, the plaintiff must provide the grounds upon which its claim rests through factual allegations sufficient "'to raise a right to relief above the speculative level'" (quoting *Twombly*, 550 U.S. at 555)). Mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 555). "A complaint is inadequately pled if it tenders naked assertion[s] devoid of further factual enhancement, and does not provide factual allegations sufficient to give the

---

Plaintiffs, dated April 30, 2015, and (3) a June 25, 2015 meeting between Plaintiffs' New York counsel and Defendants' undersigned counsel, that (i) Triadou was funded with funds stolen from Almaty, (ii) Almaty is Triadou's creditor, and (iii) Triadou's assignment of its interest in CF to CF 135 was a fraudulent conveyance. Almaty intends to sue Plaintiffs to undue [sic] the assignment and to recover the assigned interest in CF or the value thereof.

Interpleader Compl. ¶ 11. This Court can take judicial notice of the fact that the federal court action in California referenced in the Interpleader Complaint was commenced on May 13, 2014 (over 14 months ago), that Triadou was not a named defendant, that Triadou has not been joined in that action, and that the deadline for joining parties has passed pursuant to the Scheduling and Case Management Order re: Jury Trial at 16 (a copy of which is attached to the Skakel Declaration as Exhibit 10)). *See Rothman*, 220 F.3d at 92.

DOCSNY-590948

defendant fair notice of what the claim is and the grounds upon which it rests." *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981(PGG), 2015 WL 1514539, at \*4 (S.D.N.Y. Mar. 31, 2015) (alteration in original) (citations omitted) (internal quotation marks omitted).

Further, on a motion to dismiss an interpleader action, "the party seeking interpleader bears the burden of establishing that an interpleader action is necessary." *Catizone v. Memry Corp.*, 897 F. Supp. 732, 740 (S.D.N.Y. 1995). "Interpleader is not a cure-all for the possibility of multiple lawsuits seeking recovery out of what may come to be a limited liability, in amount, of plaintiff." *N. Am. Mktg. Corp. v. K. Gronbach & Assocs., Inc.*, 221 F.R.D. 296, 299 (D. Conn. 2002). "[I]nterpleader was never intended . . . to be an all-purpose 'bill of peace.'" *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535 (1967).

## **ARGUMENT**

### I.   **THE INTERPLEADER COMPLAINT FAILS TO ALLEGE A REAL AND REASONABLE FEAR OF DOUBLE LIABILITY**

The Chetrit Group's Interpleader Complaint should be dismissed because the allegations fail to establish one of the requisite elements of an interpleader action: a reasonable fear of multiple liability. Interpleader, pursuant to both 28 U.S.C. § 1335 and FRCP 22, is available only where a stakeholder "'is or may be exposed to double or multiple liability.'" *6247 Atlas Corp. v. Marine Ins. Co., No. 2A/C*, 155 F.R.D. 454, 462 (S.D.N.Y. 1994) (quoting Fed. R. Civ. P. 22); *see also* 28 U.S.C. § 1335.[6] While the stakeholder need not weigh the comparative strength of the claims, the alleged claims must be real and grounded in fact. *See*

---

[6]      The Interpleader Complaint does not specify whether Plaintiffs proceed under Rule 22 or § 1335. While there are important differences with respect to rule and statutory interpleader (*see supra* note 10), both fundamentally require that the stakeholder allege a reasonable fear of double liability.

DOCSNY-590948

*6247 Atlas*, 155 F.R.D. at 462; 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1703 (3d ed. 2001).

This Court's decision last week in *Great Wall De Venezuela C.A. v. Interaudi Bank*, No. 14-CV-2505(JPO), 2015 WL 4507828 (S.D.N.Y. July 24, 2015), is instructive. There, the purported interpleader action sought to interplead funds owed to the applicant of a letter of credit. *Id.* at *6. Beneficiaries to the letter of credit had warned the bank not to distribute the funds to the applicant, claiming that the funds ultimately belonged to them. *Id.* at *4. When the bank failed to provide the funds to the applicant on the basis of the beneficiaries' notice, the applicant brought an action to recover the funds. In response, the bank initiated a defensive interpleader against the applicant and the beneficiaries, claiming that because the bank could be liable to pay the funds to the applicant and to the beneficiaries, an interpleader action was proper and required. *Id.* at *4-5. Notwithstanding the bank's allegations, the Court held that the bank's fear of double liability was not reasonable, for, among other reasons and as noted by the applicant, "[were the stakeholder-bank] to pay [the applicant] the Disputed Funds pursuant to the Letter of Credit, it would face no real fear of liability to the [beneficiaries] for those same funds." *Id.* at *7.[7] That is, the bank could not sustain its interpleader action because it owed an obligation to pay the funds to only one party – the applicant – and, as such, it could not reasonably fear double liability. Whether the applicant *subsequently* owed funds to others was of no consequence to the validity of the action. Accordingly, the Court dismissed the interpleader action.

---

[7]     While *Great Wall* concerned a letter of credit, which the Court noted has specific issues of law related to the demand and release of funds, the underlying relationship among the parties and the basis for the parties' entitlement to the funds are similar to those present here.

DOCSNY-590948

Here, the relationship and obligations among the parties is substantially similar to those in *Great Wall*.  Based on the allegations in the Interpleader Complaint, if The Chetrit Group were to pay the Funds to Triadou – as they admit they must pursuant to the Assignment Agreement (*see* Interpleader Compl. ¶¶ 8-9, 12-13) – then they could not be held liable to Almaty for the same obligation.  Any future claim brought by Almaty against The Chetrit Group would be premised upon an obligation owed to Almaty by *Triadou* – not The Chetrit Group.  Indeed, a judgment requiring the Funds to be paid to Almaty would be dependent on a determination of liability against Triadou and in favor of Almaty – just as any theory upon which the funds in *Great Wall* would be owed by the bank to the beneficiaries was dependent on the liability of the applicant to the beneficiaries.

Accordingly, because The Chetrit Group has not and cannot allege a real and reasonable fear of double liability over the Funds, the Interpleader Complaint should be dismissed.

## II.    THE EQUITIES WARRANT DISMISSAL OF THIS ACTION

Separately, the Court also should exercise its discretion and dismiss the Interpleader Complaint.  A district court may abstain from "deciding an interpleader action if another action could adequately redress the [liabilities]."  *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21-22 (2d Cir. 1997) (same).  "[B]ecause interpleader is an equitable remedy, it is within the district court's discretion to determine whether the equities warrant interpleader relief."  *Great Wall*, 2015 WL 4507828, at *7; *see also Truck-A-Tune, Inc. v. Re*, 23 F.3d 60, 63 (2d Cir. 1994) ("The availability of [interpleader], however, [does] not require its exercise.  Interpleader is an equitable proceeding and [a court may act] within its discretion in determining that the equities [do] not warrant further federal court adjudication." (citation omitted)).  Courts are to be mindful

that "interpleader was never intended . . . to be an all-purpose 'bill of peace.'" *State Farm*, 386 U.S. at 535.

Litigating this interpleader would be inequitable to Triadou.  Triadou has diligently pursued its rights under the Assignment Agreement, including commencing four State Court actions to recover each delinquent installment and despite continual and repeated delay tactics by The Chetrit Group.  Promptly after The Chetrit Group failed to pay the first installment under the Assignment Agreement (due in November 2014), Triadou filed its first State Court action to recover the amount due, and filed the remaining State Court Actions as each remaining installment became due, but was not paid.  *See* Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, NYSCEF Doc. No. 3, State Court Action 1 (Skakel Decl. Ex. 11); Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, NYSCEF Doc. No. 3, State Court Action 2 (*id.* Ex. 12); Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, NYSCEF Doc. No. 3, *Triadou SPV S.A. v. CF 135 Flat LLC*, Index No. 154681/2015 (N.Y. Sup. Ct. N.Y. County) (*id.* Ex. 13); Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, NYSCEF Doc. No. 3, *Triadou SPV S.A. v. CF 135 Flat LLC*, Index No. 156907/2015 (N.Y. Sup. Ct. N.Y. County) (*id.* Ex. 14).  Thereafter, judgment was issued in the first two actions in favor of Triadou.  State Court Feb. 3, 2015 Order at 3 (*id.* Ex. 3); State Court Apr. 15, 2015 Order at 2 (*id.* Ex. 4).

After vigorously defending against the State Court Actions and contesting the validity of Triadou's claims to the $21 million owed under the Assignment Agreement – and after rulings in Triadou's favor in two of the actions – The Chetrit Group made an about-face and now *admit* that they agreed to pay $21 million to Triadou pursuant to the Assignment Agreement and

further admit that these Funds are due and owing.  Interpleader Compl. ¶¶ 8, 12-13.  By doing so,
The Chetrit Group has further delayed paying its long-overdue debt to Triadou.  Faced with two
State Court judgments and two more in the near future, The Chetrit Group has now sidetracked
their payment obligations by creating a procedural morass using an improper and unnecessary
invocation of interpleader.[8] To that end, because admitting that they owed the Funds to Triadou
would strengthen their Interpleader Complaint, The Chetrit Group so admitted.  Given the long
history of this dispute and Plaintiffs' latest admission, they should not be permitted to continue to
benefit from their dilatory tactics.

The simplest and most equitable way to resolve the dispute concerning the Funds is via
the already-pending State Court Actions, and, if necessary, subsequent litigation between
Triadou and Almaty.  Triadou should not be deprived of the use of funds it is unquestionably
owed, simply because The Chetrit Group failed to timely honor contractual obligations,
aggressively (but unsuccessfully) contested that monetary obligation in the State Court Actions,
and – seeing another chance to avoid payment – took the contrary position by admitting they owe
every penny of the Assignment Agreement obligation to Triadou, so as to take cover under the
Interpleader Complaint.  Under such circumstances, The Chetrit Group would *not* be subject to
potentially duplicative liability; once the Funds were paid to Triadou, The Chetrit Group's
liability as to the Funds would cease, and the only remaining dispute over the Funds, if any,
would be between Triadou and Almaty.[9]  Moreover, because The Chetrit Group has now

---

[8]     Exacerbating the impropriety of their use of interpleader to interfere with Triadou's
proper debt collection and judgment enforcement efforts, The Chetrit Group moved in State
Court to stay altogether the State Court Actions – using the Interpleader Complaint (removed to
this Court) to shut down the State Court Actions.  Of course, had Plaintiffs timely paid Triadou,
there would be no need for this interpleader action at all.

[9]     To the extent the Interpleader Complaint alleges that Almaty may bring additional claims
against Plaintiffs for sums above and beyond the Funds identified in the Interpleader Complaint,

admitted they owe the Funds to Triadou pursuant to the Assignment Agreement, the State Court

Actions will be resolved justly and speedily, ensuring that Triadou is not further prejudiced by

delay.  Any subsequent dispute between Triadou and Almaty may be properly litigated between

those parties, should Almaty ultimately commence any claims.  For these reasons, this Court

should exercise its discretion and dismiss the Interpleader Complaint.

## III.   IN THE ALTERNATIVE, PLAINTIFFS SHOULD BE COMPELLED TO DEPOSIT THE FUNDS WITH THE COURT REGISTRY

Even if the Court finds that the Interpleader Complaint should not be dismissed, Triadou

respectfully requests that the Court order Plaintiffs to promptly deposit in the Court Registry the

full amount owed to Triadou, $21,820,726.00.  Equity, as well as the purpose of interpleader

itself, require Plaintiffs to deposit the Funds.

To the extent The Chetrit Group relies on Rule 22 interpleader,[10] equity requires them to

promptly deposit the Funds.  Courts have discretion to require rule interpleaders to deposit funds

with the court; while "[r]ule interpleader has no jurisdictional requirement for deposit in

court . . . the general equitable powers of the court permit, *if not invite*, the court to receive a

deposit."  *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1087 (D. Conn. 1984) (emphasis

added) (citation omitted) (citing *United States v. Henry's Bay View Inn, Inc.*, 191 F. Supp. 632

(S.D.N.Y. 1960)), *aff'd*, 767 F.2d 907 (2d Cir. 1985).

The length of time The Chetrit Group waited before admitting they owed Triadou the

Funds pursuant to the Assignment Agreement – despite the State Court Actions, the judgments

---

such additional claims do not alter the conclusion that Plaintiffs would not face additional
liability as to the Funds at issue in the Interpleader Complaint.  It is this amount ($21 million
plus interest) – nothing more – that is the subject of the Interpleader Complaint.

[10]     Based on Plaintiffs' representations in the State Court Actions, Triadou believes they
intend to proceed under FRCP 22, not 28 U.S.C. § 1335, as proceeding on the latter would
require Plaintiffs to deposit the funds to establish subject matter jurisdiction.

DOCSNY-590948

rendered in Triadou's favor, and The Chetrit Group's continued failure to pay – tip the equities in Triadou's favor.  Notably, Plaintiffs repeatedly have stated their willingness and ability to immediately deposit the Funds upon the Court's request.  *See* Interpleader Compl. ¶ 14 ("Plaintiffs are ready, willing, and able to . . . pay the money into court . . . ."); Reply Affirmation in Further Support of Defendants' Order to Show Cause ¶ 9, NYSCEF Doc. No. 91, State Court Action 2 (Skakel Decl. Ex. 15) ("[I]f deemed necessary as a condition of granting a stay . . . this Court should order Defendants to deposit the judgment sum of $5,250,000.00 into state court.").  Accordingly, requiring Plaintiffs to deposit the Funds would not be unreasonable or burdensome for The Chetrit Group, while providing reasonable and proper security to Triadou.

Requiring The Chetrit Group to remit a deposit is also consistent with the aim of interpleader and the Federal Rules of Civil Procedure.  The statutory interpleader's deposit requirement, as well as deposits allowed pursuant to FRCP 67, are intended to "provide a safe place" for funds in dispute.  *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 34 (S.D.N.Y. 1992).  Here, requiring The Chetrit Group to deposit the Funds promptly relieves Triadou – and Almaty, to the extent it brings claims – of any concern that the Funds will not be available upon resolution of this action.  In light of The Chetrit Group's repeated failures to comply with the Assignment Agreement and the State Court Action judgments, deposit is not only equitable and fair, but necessary and proper; and because Plaintiffs concede they are "ready, willing, and able" to turn over the Funds, there is no reason not to require them to do so.

DOCSNY-590948

## <u>CONCLUSION</u>

For the foregoing reasons, Triadou respectfully requests that this Court dismiss the Interpleader Complaint in its entirety with prejudice or, alternatively, order Plaintiffs to promptly deposit the sum of $21,820,726.00 with the Court.

Dated: New York, New York
      July 31, 2015

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By: _s/Deborah A. Skakel_
      Deborah A. Skakel
      Tessa B. Harvey
1633 Broadway
New York, New York  10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
skakeld@dicksteinshapiro.com
harveytessa@dicksteinshapiro.com
Attorneys for Defendant Triadou SPV S.A.

DOCSNY-590948