UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

CF 135 FLAT LLC, CF 135 WEST MEMBER LLC, and THE CHETRIT GROUP LLC,

Plaintiffs,

-against-

TRIADOU SPV S.A. and CITY OF ALMATY, a foreign city,

Defendants.

-----------------------------------------------------------------X

Docket No. 1:15-cv-05345(AJN)

**AMENDED INTERPLEADER COMPLAINT**

Plaintiffs CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group LLC ("Plaintiffs"), by their attorneys, Sukenik, Segal, & Graff, P.C., as and for their amended interpleader complaint in this action, allege as follows:

**NATURE OF ACTION**

1. This is an interpleader action by Plaintiffs to determine which of the defendants, Triadou SPV S.A. or the City of Almaty, Kazakhstan, should be paid the disputed sum of $21,000,000.00, and to discharge Plaintiffs from further liability to defendants upon deposit of the disputed sum with the Court.

**THE PARTIES**

2. Plaintiff CF 135 Flat LLC ("CF 135") is a Delaware limited liability company, with a place of business at 512 Seventh Avenue, 15th Floor, New York, New York, 10018, and is authorized to conduct business in the State of New York.

3. Plaintiff CF 135 West Member LLC ("CF") is a Delaware limited liability

company, with a place of business at 512 Seventh Avenue, 15th Floor, New York, New York, 10018, and is authorized to conduct business in the State of New York.

4. Plaintiff The Chetrit Group LLC ("Chetrit") is a New York limited liability company, with a place of business at 512 Seventh Avenue, 15th Floor, New York, New York, 10018, and is authorized to conduct business in the State of New York.

5. Upon information and belief, defendant Triadou SPV SA ("Triadou") is a corporation formed under the laws of the Grand Duchy of Luxembourg, with an address at 40 Wall Street, New York, New York 10005.

6. Upon information and belief, defendant City of Almaty ("Almaty") is a foreign city located in the country of Kazakhstan.

7. This Court has jurisdiction over this dispute under CPLR 302, CPLR 303, and BCL 307, and venue is proper pursuant to CPLR 503.

**FACTUAL BACKROUND**

8. On or about August 4, 2014, Triadou and CF 135 entered into a written agreement (the "Agreement"), whereby Triadou assigned its 37.5% ownership interest in CF to CF 135, and CF 135 agreed to pay Triadou a total of $21,000,000.00 in four installment payments of $5,250,000.00.

9. On or about August 4, 2014, CF and Chetrit executed a written guaranty (the "Guaranty") of certain of the Agreement's obligations.

10. Triadou has alleged, by way of four separate court actions pending in the Supreme Court of New York, New York County, that Plaintiffs have failed to make each the four installment payments due under the Agreement and the Guaranty. On such basis, Triadou alleges that Plaintiffs presently owe it $21,000,000.00 in principal.

11. However, Almaty has alleged that Triadou was funded with funds stolen from Almaty and that Triadou's assignment of its interest in CF was a fraudulent conveyance designed the frustrate Almaty's recovery of the stolen funds. On such basis, Almaty has alleged that it, not Triadou, is the party which should recover from Plaintiffs, and that it is entitled either to the assigned interest or the value of such interest.

12. Almaty raised these specific allegations, and made clear its intent to commence suit to undo Triadou's assignment and to recover from Plaintiffs, during a June 25, 2015 meeting between Almaty's New York counsel, Boies, Schiller & Flexner LLP ("Boies, Schiller") and Plaintiffs' undersigned counsel, Sukenik, Segal & Graff, P.C. ("SSG").

13. Because Triadou and Almaty have competing and adverse claims against Plaintiffs arising from the subject assignment, Plaintiffs commenced this offensive interpleader action, naming Almaty and Triadou as defendants, on July 7, 2015.

14. Plaintiffs originally commenced this action in the Supreme Court of the New York, County of New York. Following Plaintiffs' commencement of this action in state court, Alamty filed a Notice of Removal removing this action to federal court. In paragraphs 7-8 of the Notice of Removal, Almaty alleges that Triadou's assignment was an improper fraudulent transfer and that Almaty has given Plaintiffs notice of its claims against them.

15. At another meeting between Boies, Schiller and SSG on July 23, 2015, Almaty's attorneys showed Plaintiffs' attorneys a draft complaint setting forth the causes of action which Almaty will raise against Plaintiffs in this action. One such cause of action seeks to undo Triadou's assignment as a fraudulent conveyance under New York Debtor and Creditor Law and to recover the value of the assigned interest from Plaintiffs.

16. Plaintiffs cannot be liable to both Plaintiff and Almaty for the assignment. Either Triadou's assignment of its interest in CF to CF 135 was valid or it was invalid. If the assignment was valid, Plaintiffs must pay Triadou $21,000,000.00, but owe Almaty nothing. If the assignment was improperly made, Plaintiffs may not owe Traidou anything, but may be liable to Almaty for the value of the improperly assigned interest.

17. Plaintiffs admit that the sum of $21,000,000.00 is due and owing either to Triadou or to Almaty. However, Plaintiffs are unable to determine to whom such sum should be paid and which of the defendants is entitled thereto. As a result of such adverse claims, Plaintiffs are or may be exposed to double liability.

18. As a condition of being discharged from this action and from further liability to either defendant, Plaintiffs are ready, willing, and able to pay the sum of $21,000,000.00 to whichever defendant the court shall adjudge is entitled thereto, or to pay the money into court to await the determination thereof.

WHEREFORE, Plaintiffs demand judgment that:

1. Defendants be required to interplead each other concerning their claims to the disputed sum.

2. Defendants be restrained and enjoined from commencing any actions on the disputed sum.

3. Plaintiffs be permitted to pay the amount of the disputed sum into court, and upon such payment into court, be discharged from any further liability to any of the parties to this action.

4. Plaintiffs have such other and further relief as to the court may seem just and proper together with the costs and disbursements of this action, including reasonable attorneys' fees, to

be paid out of the amount due in dispute.

Dated: August 14, 2015
New York, New York

Yours, etc.

SUKENIK, SEGAL & GRAFF, P.C.

By: ______________________
David C. Segal, Esq.
*Attorneys for Plaintiffs*
404 Fifth Avenue, 5th Floor
New York, New York 10018
(212) 725-9300