**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CF 135 FLAT LLC, CF 135 WEST MEMBER LLC, and THE CHETRIT GROUP LLC, | ) ) ) Case No. 15-cv-05345-AJN |
| Plaintiffs, | ) ) FILED ELECTRONICALLY |
| - against - | ) ) |
| TRIADOU SPV S.A. and CITY OF ALMATY, a foreign city, | ) ) ) |
| Defendants. | ) ) ) |

**THE CITY OF ALMATY'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT TRIADOU SPV S.A.'S  MOTION TO DISMISS**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

BACKGROUND ................................................................................................................... 1

ARGUMENT ........................................................................................................................ 3

    I.      The Interpleader Standard. ..................................................................... 3

    II.     The Amended Interpleader Complaint Alleges a Real and  Reasonable Fear of Double Liability............................................................................ 4

    III.    Triadou's Unclean Hands Bar It From Seeking Equity. ....................................... 7

CONCLUSION..................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*6247 Atlas Corporation v. Marine Insurance Co.*,
    155 F.R.D. 454 (S.D.N.Y. 1994) ............................................................. 4, 7

*American Airlines, Inc. v. Block*,
    905 F.2d 12 (2d Cir. 1990) ....................................................................... 9

*Ashton v. Josephine Bay Paul & C. Michael Paul Foundation, Inc.*,
    918 F.2d 1065 (2d Cir. 1990) ................................................................... 7

*Bank of New York v. First Millennium, Inc.*,
    607 F.3d 905 (2d Cir. 2010) ..................................................................... 6

*Bradley v. Kochenash*,
    44 F.3d 166 (2d Cir. 1995) ....................................................................... 4

*Carlton Hotel LLC v. Nova Star Electrical Corp.*,
    No. 06 Civ. 4669 (PKC) (S.D.N.Y.) ......................................................... 6

*Great Wall De Venezuela C.A. v. Interaudi Bank*,
    2015 WL 4507828 (S.D.N.Y. July 24, 2015) .......................................... 6, 7

*John Rosenblum, Inc. v. Gillespie*,
    187 F. Supp. 258 (S.D.N.Y. 1960) ........................................................... 5

*John v. Sotheby's Inc.*,
    141 F.R.D. 29 (S.D.N.Y. 1992) ............................................................... 5

*Lafayette Corp. v. Bank of Boston International South*,
    723 F. Supp. 1461 (S.D. Fla. 1989) ......................................................... 7

*National Union Fire Insurance Company of Pittsburgh, Pa. v. Karp*,
    108 F.3d 17 (2d Cir. 1997) ....................................................................... 9

*Sotheby's, Inc. v. Garcia*,
    802 F. Supp. 1058 (S.D.N.Y. 1992) ......................................................... 4

*State Farm Fire & Casualty Co. v. Tashire*,
    386 U.S. 523 (1967) ................................................................................. 4

*Texas v. Florida*,
    306 U.S. 398 (1939) ................................................................................. 4

*Truck-A-Tune, Inc. v. Re*,
    856 F. Supp. 77 (D. Conn. 1993), *aff'd*, 23 F.3d 60 (2d Cir. 1994) ...................................... 8

*Washington Electric Cooperative, Inc. v. Paterson, Walke & Pratt, P.C.*,
    985 F.2d 677 (2d Cir. 1993) .............................................................................. 4

**Other Authorities**

Wright & Miller, 7 Federal Practice & Procedure (3d ed. 2015)
    § 1704 When Interpleader Is Appropriate—In General ..................................... 4

Defendant City of Almaty, a foreign city in the Republic of Kazakhstan (the "City of Almaty," or "Almaty"), respectfully submits this memorandum of law in opposition to Defendant Triadou SPV S.A.'s motion to dismiss the Amended Interpleader Complaint.

## BACKGROUND

In or about 2008, the City of Almaty and other departments of the government of the Republic of Kazakhstan began investigating the family of Viktor Khrapunov, the former mayor of Almaty who left office in approximately 2004.  These investigations arose from allegations that Khrapunov had abused his position as mayor to transfer public assets to himself, his co-conspirators, and his family members.  Almaty and other governmental authorities subsequently discovered that Khrapunov had looted Almaty of an estimated $300 million during his tenure as mayor, funneling those public assets through his family members into foreign holding companies.  In response to these investigations, which resulted in criminal charges being filed against Khrapunov, Khrapunov fled Kazakhstan for Switzerland.  He has never returned to answer these charges.

Through law enforcement cooperation with authorities in Switzerland and globally, Almaty and other departments of the government of the Republic of Kazakhstan traced the Khrapunov family's stolen assets to a series of shell corporations, including the real estate investment entity Swiss Development Group ("SDG").  One of SDG's wholly-owned subsidiaries, Defendant Triadou SPV S.A. ("Triadou"), was used by the Khrapunovs to launder stolen funds by using them to make real estate investments in the United States, including in a real estate development in Manhattan at the site of the former Flatotel.

Plaintiffs CF 135 Flat LLC, CF 135 West Member LLC, and the Chetrit Group LLC (collectively, "Chetrit") were initially Triadou's partners in its U.S. investment scheme.  But

once Almaty discovered the extent of the Khrapunovs' crimes and initiated actions throughout

the world to recoup the stolen money, the Khrapunovs began liquidating their assets in an

attempt to avoid detection by Almaty's investigators and any subsequent collection efforts.

Among other things, in August 2014, Triadou assigned its extremely valuable but illiquid 50.0%

interest ("the Interest") in Plaintiff CF 135 West Member LLC—which is a holding company

with an ownership interest in the Flatotel development—to Chetrit for far less than it is worth, in

a deal that was hardly arms-length, and that was further compromised by Chetrit's bribery of the

principal Triadou negotiator of the deal.

Almaty promptly notified Chetrit of its objections to the assignment and its claims to

Triadou's assets, including the Interest, as the products of embezzled or converted public funds.

*See* Am. Interpleader Compl. ¶¶ 12, 14–15.  Almaty put Triadou on notice that Triadou's assets,

including the Interest or any profits from its disposition (including $21 million in cash still owed

to it by Chetrit), were the rightful property of the people of Almaty, and that the transfer of the

Interest was fraudulent and made at a below-market rate to frustrate Almaty's recovery efforts.

*Id*.  Almaty subsequently alerted Chetrit to potential claims by Almaty against Chetrit to that

effect, including claims seeking to unwind the August 4, 2014, assignment and recover the

Interest for Almaty.  *Id*. ¶ 15.

Meanwhile, Triadou had filed a series of separate actions in New York State court,

seeking summary judgment against Chetrit and requiring Chetrit to pay the approximately $21

million still due to Triadou under the terms of the (fraudulent) assignment.  Those actions are

currently stayed.  *See Triadou SPV S.A. v. CF 135 FLAT LLC, et al*., No. 653462/2014 (filed

Nov. 10, 2014); *Triadou SPV S.A. v. CF 135 FLAT LLC, et al*., No. 650239/2015 (filed Jan. 26,

2015); *Triadou SPV S.A. v. CF 135 FLAT LLC, et al*., No. 154681/2015 (filed May 11, 2015);

*Triadou SPV S.A. v. CF 135 FLAT LLC, et al.*, No. 156907/2015 (filed July 9, 2015).

Chetrit has not paid the $21 million owed under the assignment agreement, or in response to any of Triadou's New York state court actions, stating a fear of double liability based on the competing claims of Almaty and Triadou.  Am. Interpleader Compl. ¶ 13.

## ARGUMENT

Where two parties have laid claim to the same asset in the hands of a third party, interpleader is appropriate to ensure that all claims are resolved in the same forum.  Here, Almaty alleges that Triadou's transfer of the Interest to Chetrit was fraudulent, and must be unwound.  As a result, Chetrit is subject to multiple claims both as to the Interest and as to the $21 million owed under the assignment agreement.  Interpleader is therefore the appropriate vehicle to determine the parties' respective rights and obligations.

Nonetheless, Triadou seeks dismissal of the Amended Interpleader Complaint.  First, Triadou denies that Chetrit "is or may be exposed to double or multiple liability."  Mot. to Dismiss at 7 (internal quotation marks omitted).  Second, Triadou argues that the equities warrant dismissal here.  *Id*. at 9.  Each of these arguments ignores the substance of Chetrit's complaint and relies on inapposite and selectively-quoted case law.  In truth, Triadou's motive in seeking dismissal seems to be to collect the $21 million owed by Chetrit under the assignment agreement and then to move those funds outside of the jurisdiction of this Court—in effect, accomplishing Triadou's goal of evading Almaty's collection efforts that led to the fraudulent conveyance in the first place.  The Court should deny Triadou's motion to dismiss the Amended Interpleader Complaint.

### I.    The Interpleader Standard.

When a party holds property in which it has no interest, but that is subject to multiple claims, that party is entitled to interplead the property and get a ruling from the court on the

validity of the competing claims.  In that way, the party holding the property avoids duplicative liability, and the various claims to the property are resolved efficiently in a single proceeding. *See* Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1704 When Interpleader Is Appropriate—In General (3d ed.); *see also Bradley v. Kochenash*, 44 F.3d 166, 168 (2d Cir. 1995) ("Historically, a bill of interpleader was an equitable device whose purpose was 'the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing.'" (quoting *Texas v. Florida*, 306 U.S. 398, 412 (1939))).  As a remedial joinder device, interpleader is to be liberally construed.  *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967); *6247 Atlas Corp. v. Marine Ins. Co.*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994) (both rule and statutory interpleader should be liberally construed).

## II.   The Amended Interpleader Complaint Alleges a Real and Reasonable Fear of Double Liability.

"[W]hat triggers interpleader is a real and reasonable fear of double liability or vexatious, conflicting claims" against a single fund.  *See Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993) (internal quotation marks omitted).  The availability of interpleader "is not dependent on the merits of the claims asserted against the stakeholder," and "[t]he mere threat of future litigation is a sufficient basis for interpleader." *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992) (internal quotation marks omitted).

As Chetrit alleges in the Amended Interpleader Complaint, Almaty has asserted that it may seek to "undo Triadou's assignment as a fraudulent conveyance." Am. Interpleader Compl. ¶ 15; *see also id.* ¶ 12.  If Almaty seeks to unwind the assignment—as it certainly will, absent some sort of settlement—then litigation between Triadou and Almaty alone would be insufficient, as the current Interest-holder, Chetrit, would be absent.  Without interpleader relief,

Chetrit could be required (in the state-court proceedings that are currently stayed) to pay Triadou for the assignment of the Interest, while in a separate proceeding be ordered to deliver that same Interest (or its fair market value) to Almaty as its rightful owner.

Separately, and more to the point, the Court will need to determine which of the competing claims to the interpleaded funds is superior. Triadou asserts a claim based on the assignment agreement with Chetrit, while Almaty alleges that the assignment was fraudulent and that Almaty is entitled to, among other things, the Interest and any proceeds from it, including the $21 million fund. *See also* Am. Interpleader Compl. ¶ 17 ("Plaintiffs admit that the sum of $21,000,000.00 is due and owing either to Triadou or to Almaty.").

Competing claims by adverse parties against a single fund is a textbook case for interpleader, and well supported by the law in this District. In *John Rosenblum, Inc. v. Gillespie*, the court maintained an interpleader to determine the rightful owner of allegedly-stolen bonds, noting that the bondholder would be "subject to possible double liability if he were to deliver the bonds to the improper claimant." 187 F. Supp. 258, 260 (S.D.N.Y. 1960). More recently, in *John v. Sotheby's Inc.*, 141 F.R.D. 29 (S.D.N.Y. 1992), an auction house holding a painting brought an interpleader action to determine which of the competing claimants was the rightful owner. The court found interpleader action was "precisely the type contemplated by [the Federal Rules]" as "Sotheby's faces the prospect of, and legitimately fears, double liability because if it incorrectly returns the painting to either [claimant], it is liable to the rightful owner for damages." *Id*. at 33. Determining the proper ownership of a disputed *res* is "precisely" the purpose of interpleader, and similarly appropriate here. *See also, e.g.*, *Carlton Hotel LLC v. Nova Star Elec. Corp.*, No. 06 Civ. 4669 (PKC) (S.D.N.Y.) (interpleader distributing fund consisting solely of cash subject to competing claims).

5

Triadou's motion to dismiss the Amended Interpleader Complaint is premised on the incorrect assumption that Chetrit only faces liability from Triadou, and not from Almaty, arguing that "[a]ny future claim brought by Almaty against The Chetrit Group would be premised upon an obligation owed to Almaty by *Triadou* – not The Chetrit Group."  Mot. to Dismiss at 9.  Yet even accepting Triadou's (incorrect) premise, which contradicts the allegations in the complaint, interpleader remains appropriate.  Regardless of where the obligation arises from, Triadou admits that there may be a "future claim brought by Almaty against The Chetrit Group" regarding not only the Interest but also the interpleaded funds, in addition to Triadou's present actions against Chetrit in New York state court, ultimately leaving Chetrit facing multiple, incompatible suits over the same property.  These are exactly the sort of "vexatious, conflicting claims" that merit interpleader relief.  *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks omitted).

Triadou cites no applicable case law to support its arguments here, relying almost entirely on one case concerning the nuances of letters of credit.  In *Great Wall De Venezuela C.A. v. Interaudi Bank*, 2015 WL 4507828 (S.D.N.Y. July 24, 2015), a bank sought interpleader to clarify which adverse party could collect money owed pursuant to a letter of credit.  *Id.* at *1 ("This action . . . raises the issue of the interaction between the standard for granting interpleader relief in this circuit and the law governing letters of credit.").  Letters of credit, the court explained, were developed specifically to stand independent of related transactions and to avoid confusion in making a determination between competing claims.  *Id.* at *8–9.  To arrive at its conclusion, the court adopted the reasoning of an analogous case in which, "[r]elying on the unique nature letters of credit, the court denied interpleader relief."  *Id.* at *10 (citing with approval *Lafayette Corp. v. Bank of Boston Int'l S.*, 723 F. Supp. 1461 (S.D. Fla. 1989)).  *Great*

*Wall* therefore offers very little guidance in this case, which has nothing to do with the peculiarities of letters of credit.  Finally, however, Judge Oetken observed in *Great Wall* that "there is a trend 'toward increasing the availability of interpleader,' fueled in large part by the Supreme Court's instruction that interpleader should be 'liberally construed.'"  *Id.* at *7 (quoting *6247 Atlas Corp.*, 155 F.R.D. at 462, and *Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1069 (2d Cir. 1990)).

Triadou also cites *6247 Atlas Corp. v. Marine Ins. Co., No. 2A/C.*, 155 F.R.D. 454 (S.D.N.Y. 1994), for the general interpleader standard, but that case only reaffirms the appropriateness of interpleader here.  In *6247 Atlas*, the court refused to dismiss an interpleader action involving multiple claims to insurance funds resulting from an alleged burglary. *Id.* at 457.  The insurer disputed that there was any insurance obligation, alleging that the robbery itself was a fraud.  *Id.*  Judge Sweet found that interpleader was appropriate, and observed that, without interpleader, if the insurer prevailed, then "the absent [claimants] are likely to seek to relitigate the exact same issue on the theory that they are not collaterally estopped by an action in which they were not parties."  *Id.* at 464.  The same rationale applies here: the allegedly fraudulent conveyance should be determined with all parties involved, so as to avoid later relitigation by any excluded party.

## III.    Triadou's Unclean Hands Bar It From Seeking Equity.

While Almaty takes no position as to Chetrit's litigation conduct prior to Almaty's involvement in this matter, the equities here overwhelmingly favor resolving these claims in this interpleader action.  As stated in the Amended Interpleader Complaint, "Almaty has alleged that Triadou was funded with funds stolen from Almaty and that Triadou's assignment of its interest in CF was a fraudulent conveyance designed the [*sic*] frustrate Almaty's recovery of the stolen funds."  Am. Interpleader Compl. ¶ 11.  Taking these allegations as true—as the court must at

this stage—Triadou comes to the court with unclean hands, deserving no equity.  Triadou has

operated as a front for the laundering of stolen public funds, and now seeks to move those same

funds offshore again to stay one step ahead of Almaty's lawful attempts to recover its citizens'

stolen wealth.

Triadou proposes that "subsequent litigation between Triadou and Almaty" is the

"simplest and most equitable way" to resolve this dispute.   Mot. to Dismiss at 11.  Triadou fails

to mention that it has few connections to the United States outside of this action.  Indeed,

Triadou has repeatedly evaded service of a Rule 45 subpoena in litigation between Almaty and

the Khrapunovs pending in Los Angeles district court. *See City of Almaty v. Viktor Khrapunov,*

*et al*, Case No. 2:14-cv-03650-FMO-CW (C.D. Cal. May 13, 2014).  Should this interpleader be

dismissed and Triadou receive payment from Chetrit, Triadou will have little reason to answer

Almaty's claims and every reason to spirit this money off to a more permissive jurisdiction—

indeed, hiding the stolen funds from Almaty was the whole point of Triadou's fraudulent

conveyance in the first place.

None of Triadou's cited case law changes these facts.  Unlike in the cases cited by

Triadou, this is not a situation where a party owing a debt manufactured an interpleader or tipped

off a possible alternate claimant.  *See Truck-A-Tune, Inc. v. Re*, 856 F. Supp. 77, 81 (D. Conn.

1993), *aff'd*, 23 F.3d 60 (2d Cir. 1994) ("[I]nterpleader will not be allowed where it might

reward inequitable or improper conduct.  Such conduct includes any efforts by a stakeholder to

develop adverse claims." (internal citation omitted)).  As acknowledged in the Amended

Interpleader Complaint, it was Almaty that came to Chetrit and raised these allegations,

threatening suit to protect its rights.  Am. Interpleader Compl. ¶¶ 12, 15.  The City of Almaty has

pursued these stolen assets across the globe, at great expense and effort, including bringing

racketeering claims against the Khrapunov family in California.  Almaty's pursuit of these stolen assets predates the disputes between Chetrit and Triadou. [1]  Even if Triadou were correct and Chetrit did not act in good faith, Triadou's own unclean hands would leave Almaty as the only party deserving equity.  The City of Almaty should not be forced to follow Triadou's stolen assets farther across the globe when this dispute is ripe for resolution in this Court.

---

[1]      Triadou's other cited precedent turns on questions completely unrelated to equity in interpleader actions.  In *American Airlines, Inc. v. Block*, the Second Circuit affirmed a District Court's jurisdiction over an interpleader action, but reminded the lower courts that matrimonial cases should be tried in state courts wherever possible. 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.").  *National Union Fire Insurance Company of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 20 (2d Cir. 1997), concerned whether a District Court could abstain from declaratory relief as a matter of discretion, and upheld the lower court's dismissal of an interpleader on the grounds that all claimants were already party to a direct action pending in Connecticut state court, and as such, that state proceeding would resolve the proper recipient of the claim.  *Id.* at 22.

## CONCLUSION

For the above reasons, Almaty respectfully requests the Court deny Triadou's motion to dismiss the Amended Interpleader Complaint.

Dated:    New York, New York
          September 17, 2015

                                        Respectfully Submitted,

                                        BOIES, SCHILLER & FLEXNER LLP

                            By:      /s/ Matthew L. Schwartz
                                        _____

                                        Matthew L. Schwartz
                                        Randall W. Jackson
                                        Daniel G. Boyle
                                        575 Lexington Avenue
                                        New York, New York  10022
                                        Telephone: 212-446-2300
                                        Facsimile: 212-446-2350
                                        mlschwartz@bsfllp.com
                                        rjackson@bsfllp.com
                                        dboyle@bsfllp.com

                                        *Attorneys for The City of Almaty*

10