**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

—————————————————————

CF 135 FLAT LLC, CF 135 WEST
MEMBERS LLC, and THE CHETRIT                    No. 15 Civ. 05345 (AJN) (SN)
GROUP LLC,

                              Plaintiffs,

              -against-

TRIADOU SPV S.A. and CITY OF
ALMATY, a foreign city,

                              Defendants.

—————————————————————

**THE CITY OF ALMATY'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**<u>MOTION FOR JOINDER</u>**

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 13(h), 19(a) and 20(a)(2), Defendant and Cross- and Counterclaim Plaintiff City of Almaty ("Almaty") respectfully submits this Memorandum of Law in support of its Motion for Joinder of Joseph Chetrit and 227 East 19th Holder LLC as additional counterclaim Defendants; Viktor Khrapunov, Ilyas Khrapunov, and Mukhtar Ablyazov as additional crossclaim Defendants; and BTA Bank as an additional Defendant and cross- and counterclaim Plaintiff.

For the reasons discussed below, Almaty respectfully requests that the Court grant this Motion for Joinder pursuant to Federal Rules of Civil Procedure 13(h), 19(a), and 20(a)(2).

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Plaintiffs CF 135 FLAT LLC, CF 135 West Member LLC, and the Chetrit Group LLC (collectively the "Chetrit Entities") filed this action in the Supreme Court of the State of New York, New York County, on July 7, 2015, seeking to interplead $21 million in funds claimed by both Almaty and Defendant Triadou SPV S.A. ("Triadou"). Almaty removed this action to this court on July 9, 2015. Plaintiffs filed an amended interpleader complaint on August 7, 2015.

Almaty's answer to the amended complaint is presently due on October 12, 2015. With its answer, Almaty – along with BTA Bank[1] – intends to bring cross- and counterclaims against not only the existing Plaintiffs and Triadou, but additional relevant parties, as well. In short, Almaty and BTA Bank allege that they were victims of a scheme that defrauded them of billions of dollars in assets, and which has already resulted in judgments of at least $4 billion against certain of the additional counterclaim defendants. The proceeds of that fraud were laundered

---

[1]     BTA Bank is simultaneously filing a Motion to Intervene in this action, and joins fully in Almaty's answer, cross- and counterclaims.

through the international financial system, and ultimately invested, in part, via Triadou in real

estate development projects in New York City with the knowing assistance of Joseph Chetrit and

various entities controlled by him.  Once Almaty and BTA Bank's international investigation and

asset-tracing efforts began to bear fruit, the conspirators urgently attempted to liquidate their

New York investments, including through a fraudulent conveyance of Triadou's interest in the

former Flatotel property to an entity controlled by Chetrit.  Indeed, it was Chetrit's failure to pay

Triadou under that fraudulent conveyance that led to state court litigation between them,

resulting in judgments that will likely total at least $21 million.  That $21 million – the

interpleaded funds – is therefore just part of an international scheme to launder money stolen

from, and rightly the property of, Almaty and BTA Bank.

Almaty therefore seeks an order joining these additional parties so as to ensure complete

relief in the prosecution of Almaty's cross- and counterclaims.

## APPLICABLE LAW

Rule 13 of the Federal Rules of Civil Procedure, which generally governs the assertion of

counterclaims and crossclaims, provides that "[r]ules 19 and 20 govern the addition of a person

as a party to a counterclaim or crossclaim."  Fed. R. Civ. P. 13(h).  Rule 19, which governs

mandatory joinder of parties, states that

> [a] person who is subject to service of process and whose joinder
> will not deprive the court of subject-matter jurisdiction must be
> joined as a party if:
>    (A) in that person's absence, the court cannot accord complete
>    relief among existing parties; or
>    (B) that person claims an interest relating to the subject of the
>    action and is so situated that disposing of the action in the
>    person's absence may:
>        (i) as a practical matter impair or impede the person's
>        ability to protect the interest; or
>        (ii) leave an existing party subject to a substantial risk
>        of incurring double, multiple, or otherwise inconsistent

> obligations because of the interest.

Fed. R. Civ. P. 19(a).

> Rule 20, in contrast, allows permissive joinder of parties as defendants if

> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

> In the Second Circuit, permissive joinder under Rule 20 is appropriate if two conditions

are met:

> > (1) the right to relief sought by [all] plaintiffs must arise out of the same transaction or occurrence, or series of transactions or occurrences; and (2) a common question of law or fact as to [all] plaintiffs must arise in the action.

*Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989).  "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."   7 Wright & Miller Federal Practice and Procedure § 1652 (3d ed.); *see also United Artists Corp. v. Masterpiece Prods., Inc.*, 221 F.2d 213, 217 (2d Cir.1955) ("A liberal attitude toward the inclusion of parties is necessary concomitant to the liberalized third-party practice authorized by the Federal Rules").

## ARGUMENT

**A.     Counterclaim Defendants Joseph Chetrit and 227 East 19th Holder LLC**

Joseph Chetrit and 227 East 19th Holder LLC (collectively the "Additional Counterclaim Defendants") should be joined under Rules 19 and 20 so as to ensure complete relief in this action.  Almaty brings the same claims against the Additional Counterclaim Defendants as against the Chetrit Entities, arising out of the same transactions.  The evidentiary, factual, and legal issues are largely common to both the Chetrit Entities and the Additional Counterclaim Defendants.

### 1.     Joseph Chetrit

Joseph Chetrit ("Chetrit") is a well-known real estate developer and part owner and director of the Chetrit Entities.  Chetrit personally negotiated many of the deals and agreements at issue in this action, exchanging emails and participating in meetings with Ilyas Khrapunov and other officers of Triadou.  As Chetrit personally participated in the RICO violations and other misconduct alleged in Almaty's answer and counter- and crossclaims, his liability is not limited to the shell corporations he created for these transactions — namely, the Chetrit Entities.  *See CPF Premium Funding, Inc. v. Ferrarini*, No. 95 Civ. 4621 (CSH), 1997 WL 158361, at *12 (S.D.N.Y. Apr. 3, 1997) ("When the enterprise is a corporation or distinct business entity and the person is someone managing it, we have found distinct and separate entities and accordingly have held the defendant liable." (quoting *Richmond v. Nationwide Cassel L.P,* 52 F.3d 640, 646 (7th Cir.1995))).

Chetrit *must* be joined under Rule 19, as failure to join him personally would prevent Almaty from achieving full relief on its counterclaims by effectively limiting Chetrit's liability to the holding companies he created, despite his personal role in the conspiracy alleged.

4

Alternatively, Chetrit *should* be joined under Rule 20, as Almaty's claims against him arise from the very same conspiracy and transactions as those alleged against the Chetrit Entities.

### 2.     227 East 19th Holder LLC

227 East 19th Holder LLC ("227 East") is a limited liability corporation used by Chetrit to hold his interest in the Cabrini Medical Center condominium conversion project.  As detailed more fully in the accompanying cross- and counterclaims, Chetrit conspired with Triadou and the other conspirators to use 227 East as a vehicle to launder funds looted from Almaty and BTA Bank.  227 East was funded with at least $6 million in funds wired from Telford International Ltd ("Telford"), a front company used by the conspirators to invest their combined stolen wealth. As described in the accompanying cross- and counterclaims, this investment in the Cabrini conversion was part and parcel of the same money laundering conspiracy as the investment in the Flatotel.

227 East should be joined under Rule 19, as Almaty's counterclaims against this Chetrit holding company cannot effectively be prosecuted without its joinder.  Alternatively, 227 East should be joined under Rule 20.  The Cabrini investment was made for the same corrupt purposes as Tridaou's investment in the Flatotel project, was negotiated by the same parties in the same timeframe, and was funded by the same entity through the same vehicles.  Then, a year after the original investment, the fraudulent conveyance of Triadou's interest in the Flatotel project back to Chetrit was accomplished on the very same day that Triadou released 227 East and Chetrit from their obligations with respect to the Cabrini project, underscoring that they were part of the same transaction.

227 East should therefore be joined in this action because the details of the Cabrini development will necessarily be litigated in this case, for they arose from the same transaction

as, and entail common questions of law and fact with, the transactions surrounding the initial

investment and subsequent liquidation of Triadou's interest in the Flatotel.  A failure to join 227

East, on the other hand, would only result in a highly duplicative second action involving

substantially the same parties and evidence.

**B.    Crossclaim Defendants Viktor Khrapunov, Ilyas Khrapunov, and Mukhtar Ablyazov**

Viktor Khrapunov, Ilyas Khrapunov, and Mukhtar Ablyazov (collectively the

"Additional Crossclaim Defendants") should likewise be joined under Rules 19 and 20.  As set

forth in Almaty's counter- and crossclaims and as briefly recounted below, Ablyazov and the

Khrapunovs were the principal architects of the scheme to defraud Almaty and BTA Bank, and

were responsible – along with Chetrit – for laundering the proceeds of those frauds into New

York real estate.  Their joinder is therefore necessary to ensure complete relief.  Almaty and

BTA bring the same claims against the Additional Crossclaim Defendants as against Triadou,

and Almaty's claims against the Additional Crossclaim Defendants arise out the very same

transactions.  The evidentiary, factual, and legal issues are largely common to both Triadou and

the Additional Crossclaim Defendants, presenting little additional burden on judicial resources.

**1.    Viktor Khrapunov**

Viktor Khrapunov, the former mayor of Almaty, used his office to plunder approximately

$300 million from Almaty through corrupt land deals and other abuses of power.  Once his

corruption was exposed, he fled to Switzerland, whereupon he and his family have worked to

frustrate the legitimate efforts of Almaty to recover these stolen assets.  To this end, Viktor

Khrapunov and his son Ilyas, along with their co-conspirators, constructed a money laundering

enterprise that directed millions of dollars in stolen funds into New York through the shell

company, Triadou.  These funds were invested in deals organized and overseen by Chetrit and

the Chetrit Entities, in an attempt to launder the stolen funds and keep them from seizure by law enforcement.

### 2. Ilyas Khrapunov

Ilyas Khrapunov, son of Viktor Khrapunov and son-in-law of Mukhtar Ablyazov, formed SDG Capital S.A., the parent company of defendant Triadou.  Ilyas Khrapunov played a key role in his family's money laundering efforts, and personally orchestrated the scheme to launder the Additional Crossclaim Defendants' stolen funds into New York.  He conducted negotiations with Chetrit regarding Triadou's investment in the Flatotel and Cabrini developments, and directed the transfers of funds from Telford to New York.

### 3. Mukhtar Ablyazov

Mukhtar Ablyazov ("Ablyazov") is the former chairman of BTA Bank and, along with the other Additional Crossclaim Defendants, conspired to launder stolen funds through the RICO conspiracy alleged in the accompanying cross- and counterclaims.  Ablyazov abused his position as BTA's chairman to steal billions of dollars, and once his crimes were uncovered, fled Kazakhstan for the United Kingdom.  Ablyazov has fought a series of legal battles, at times funded by his co-conspirators the Khrapunovs, before ultimately being jailed in France awaiting extradition.  During his incarceration, his son-in-law and co-conspirator, Ilyas Khrapunov, has managed his money laundering operations, and they have joined forces in commingling and laundering their collective ill-gotten wealth.

### 4. Ablyazov and the Khrapunovs Should be Joined under Rules 19 and 20

The Additional Crossclaim Defendants must be joined under Rule 19.  Ablyazov and the Khrapunovs combined and conspired to launder their stolen funds through New York real estate, using Triadou, a vehicle formed and controlled by Ilyas Khrapunov, and funded through Telford.

Ablyazov and the Khrapunovs, along with Chetrit and their various entities, are jointly and severally liable for their participation in the RICO and money laundering conspiracy alleged in the accompanying counter- and crossclaims.  *See City of New York v. Pollack*, 2006 WL 522462, *17 (S.D.N.Y.2006) (imposing joint and several liability on civil RICO defendants).

Given that the other parties – Triadou and the Chetrit Entities – are special purpose entities designed to (among other things) limit liability, it is absolutely essential in order to afford Almaty complete relief to be able to obtain a judgment against the actual people behind the fraud and money laundering scheme that caused Almaty's injuries.

Prosecution of Almaty's claims against Triadou without joinder of the Additional Crossclaim Defendants would especially waste judicial resource without the prospect of providing Almaty complete relief.  Triadou is nothing but a shell company created at the conspirators' direction for the specific purpose of obscuring their involvement.  As Triadou has no known assets – but was merely a mechanism through which Ablyazov and the Khrapunovs obscured the source of funds invested with Chetrit in New York real estate – a judgment against Triadou alone will be of limited value.  Joinder of the conspirators themselves is necessary to properly adjudicate Almaty's claims and give effect to a judgment wherever the conspirators seek to hide the stolen funds.  Specifically, joinder of the Khrapunovs and Ablyazov personally ensures that any judgment against them is not limited to the asset-bereft shell company Triadou, while the conspirators move their funds elsewhere and continue to evade Almaty and BTA Bank's collection efforts.

Alternatively, joinder of the Additional Crossclaim Defendants in this action is appropriate under Rule 20, as Almaty's claims against each of them arise from the same conspiracy and transactions as those alleged against Triadou.  Prosecution of Almaty's claims

8

against Triadou will require much of the same evidence as against Additional Crossclaim

Defendants, as they themselves were key participants in Triadou's funding and operations.

Joining the Additional Crossclaim Defendants ensures complete relief and full adjudication of

Almaty's claims, while presenting minimal burden on judicial resources.

**C.     Third Party Plaintiff BTA Bank**

As alleged in the accompanying Motion to Intervene and Answer and cross- and

counterclaims, BTA Bank was the victim of fraud and theft on a massive scale committed by its

former Chairman, Ablyazov, who fled Kazakhstan when his embezzlement was discovered.

Ablyazov has already been found liable for his fraud against BTA by the courts of the United

Kingdom, to the tune of no less than $4 billion (plus interest).  Following his flight from justice,

Ablyazov allied himself with the Khrapunovs, pooling their resources and conspiring to hide

their stolen funds from law enforcement.

As part of this conspiracy, Ablyazov provided access to funds held in the accounts of

Telford, an entity the conspirators controlled and used for money laundering.  As alleged in the

accompanying counter- and crossclaims, the transactions at issue here were funded from Telford

by the Additional Crossclaim Defendants.  Affiliates of Telford have already been implicated in

the UK proceedings, where Ablyazov was found liable, and the evidence will prove that funds

stolen from BTA Bank were among those used by Ablyazov and his coconspirators to invest in

New York real estate.  BTA Bank thus has an interest both in the interpleaded funds and in

prosecution of the cross- and counterclaims against the conspirators.

As the Additional Crossclaim Defendants have conspired to launder funds stolen from

both Almaty and BTA, joinder of BTA Bank under Rule 20 here serves the interests of judicial

efficiency and enforcement of the judgments of the courts of the UK.[2]  BTA Bank already possesses valid judgments against one of the conspirators here, namely Ablyazov, so little additional evidence will be required to prosecute BTA Bank's claims.  Evidence of Ablyazov's involvement with his co-conspirators will be the same evidence required to prosecute the RICO conspiracy alleged in the accompanying cross- and counterclaims.

---

[2] Additionally, under Rule 22(a) "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead," even where "the claims of the several claimants . . . lack a common origin." Fed. R. Civ. P. 22. Rule 22 thus provides a separate and independent basis for joinder of BTA here.

## CONCLUSION

For the above reasons, and those stated in the accompanying Motion to Intervene and Answer and counter- and crossclaims, Almaty respectfully requests the Joseph Chetrit and 227 East 19th Holder LLC be joined as Counterclaim Defendants; Viktor Khrapunov, Ilyas Khrapunov, and Mukhtar Ablyazov be added as Crossclaim Defendants; and that BTA Bank be added as a Defendant and Cross- and Counterclaim Plaintiff.

Dated:      New York, New York
            October 12, 2015

                              Respectfully Submitted,

                              BOIES, SCHILLER & FLEXNER LLP

                              By:        /s/ Matthew L. Schwartz
                                         Matthew L. Schwartz

                              Randall W. Jackson
                              Daniel G. Boyle
                              Craig Wenner

                              BOIES, SCHILLER & FLEXNER LLP
                              575 Lexington Avenue
                              New York, New York 10022
                              Telephone: 212-446-2300
                              Facsimile: 212-446-2350