UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CF 135 Flat LLC *et al.*,

                          Plaintiffs,

                  –v–

Triadou SPV S.A. *et al.*,

                          Defendants.

15-CV-5345 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 3 2015

ALISON J. NATHAN, District Judge:

On October 12, 2015, BTA Bank filed a motion to intervene in the above-captioned action. *See* Dkt. No. 45. On that same day, BTA Bank and Defendant Almaty filed an Answer to Plaintiffs' complaint containing several counterclaims and cross-claims. *See* Dkt. No. 49. In that Answer, Defendant Almaty joined a number of additional parties pursuant to Federal Rule of Civil Procedure Rule 20. *See id.* On October 20, 2015, Defendant Triadou requested a stay of its time to respond to the Answer on the ground that "this Court's ruling on Triadou's dismissal motion could moot any response to" the crossclaims and counterclaims. *See* Dkt. No. 56 at 1. Defendant Triadou also requested to strike Defendant Almaty's Answer under Federal Rule of Civil Procedure 12(f) and asked that the Court order Almaty to file an Answer that does not reference the recently joined parties or the party seeking to intervene. *See id.* For the reasons articulated below, the Court denies Defendant Triadou's motion but will extend its time to respond to the counterclaims and crossclaims to November 25, 2015.

## I.      MOTION TO STAY

District courts have considerable discretion in deciding whether to grant a motion to stay proceedings. *See Lenart v. Coach Inc.*, No. 15-CV-1922 JMF, 2015 WL 5319735, at *8

1

(S.D.N.Y. Sept. 11, 2015); *Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc.*, 523 F. Supp. 2d 376, 384 (S.D.N.Y. 2007).  In exercising this discretion, courts should consider the interests of the parties in proceeding expeditiously and any prejudice to the parties that would be caused by delay, as well as the interests of the courts and the public.  *See Russian Standard Vodka*, 523 F. Supp. 2d at 384.  Here, Defendant Triadou argues that a stay should be granted for efficiency reasons because resolution of the pending motion to dismiss could moot the crossclaims and counterclaims alleged in the Answer.  *See* Dkt. No. 56 at 1.

In its Answer, Defendant Almaty alleges four grounds for subject-matter jurisdiction over its crossclaims and counterclaims.  *See* Dkt. No. 49.  In addition to supplemental jurisdiction under 28 U.S.C. § 1367 based on the interpleader action, Defendant Almaty alleges federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a).  *See id.* at 10.  Because the crossclaims and counterclaims are alleged to have an "independent jurisdictional basis," they could survive dismissal of the interpleader action. *United States v. Forma*, 42 F.3d 759, 765 (2d Cir. 1994); *see also Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 477 F. Supp. 615, 621 (S.D.N.Y. 1979) ("[B]ecause there is a separate basis of federal jurisdiction, the counterclaim may be allowed to proceed without regard to the fate of the main claim.").  As resolution of the motion to dismiss will not necessarily moot Defendant Almaty's crossclaims and counterclaims, the Court finds that efficiency interests are served by requiring response to Almaty's the crossclaims and counterclaims.

For this reason, Defendant Triadou's request to stay its response to Almaty's answer until the motion to dismiss is resolved is denied.  However, the Court will grant an extension of the time to answer or move to dismiss the new claims to November 25, 2015.

## II.      MOTION TO STRIKE

Defendant Triadou also requests to strike Defendant Almaty's Answer on the ground that it improperly includes parties whose inclusion in this action the Court has not yet approved. *See* Dkt. No. 56 at 2. Whether or not new parties are properly joined has no bearing on Defendant Triadou's obligation to respond to Defendant Almaty's crossclaims. As a result, the Court will not grant Defendant Triadou's request to strike Defendant Almaty's Answer on joinder grounds.

Similarly, the inclusion of BTA Bank in Almaty's Answer does not warrant striking the Answer. As noted above, BTA Bank has moved to intervene in the instant action. *See* Dkt. No. 45. Intervention under Federal Rule of Civil Procedure 24 requires court approval, but also requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). BTA Bank's motion to intervene notes that, for the sake of efficiency, it would join Defendant Almaty's Answer rather cluttering the docket with an additional but identical filing. *See* Dkt. No. 46 at 4 n.2. The Court does not find this to be "redundant, immaterial, impertinent, or scandalous" and thus will not strike Defendant Almaty's Answer under Rule 12(f). *See* Fed. R. Civ. P. 12(f).

## III.     CONCLUSION

For the foregoing reasons, Defendant Triadou's motion is denied. However, as noted above, the Court will grant an extension of time to answer or move to dismiss Defendant Almaty's crossclaims and counterclaims to November 25, 2015. This resolves Dkt. No. 56.

SO ORDERED.

Dated: October _____, 2015
         New York, New York

_____
ALISON J. NATHAN
United States District Judge

3