UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CF 135 FLAT LLC, CF 135 WEST MEMBERS LLC, and THE CHETRIT GROUP, LLC,<br><br>        Plaintiffs,<br><br>  - against -<br><br>TRIADOU SPV S.A. and CITY OF ALMATY, a foreign city,<br><br>        Defendants. | ECF Case<br><br>No. 15 CV 05345 (AJN) |


**DEFENDANT TRIADOU SPV S.A.'S MEMORANDUM
OF LAW IN OPPOSITION TO BTA BANK'S MOTION TO INTERVENE**




DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York  10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Defendant Triadou SPV S.A.*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ..............................................................................................................................1

    I.    BTA CANNOT INTERVENE AS OF RIGHT BECAUSE ALMATY ADEQUATELY REPRESENTS ITS INTERESTS.................................................3

    II.   THE COURT SHOULD NOT PERMIT BTA TO INTERVENE BECAUSE BTA'S PRESENCE IS REDUNDANT AND WOULD CAUSE UNDUE DELAY ..........................................................................................................................7

CONCLUSION..........................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brennan v. N.Y.C. Bd. of Educ.*,
   260 F.3d 123 (2d Cir. 2001) ................................................................................................. 3

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
   250 F.3d 171 (2d Cir. 2001) ............................................................................................. 3, 5

*Carroll v. Am. Fed'n of Musicians of the United States & Canada*,
   33 F.R.D. 353 (S.D.N.Y. 1963) ........................................................................................... 3

*Cook v. Pan Am. World Airways, Inc.*,
   636 F. Supp. 693 (S.D.N.Y. 1986) ............................................................................... passim

*Degrafinreid v. Ricks*,
   417 F. Supp. 2d 403 (S.D.N.Y. 2006) .................................................................................. 7

*Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*,
   847 F.2d 1038 (2d Cir. 1988) ........................................................................................... 2-3

*Home Ins. Co. v. Liberty Mut. Ins. Co.*, No. 87 Civ. 0675 (SWK),
   1990 WL 188925 (S.D.N.Y. Nov. 20, 1990) ....................................................................... 4

*In re Visa Check/Mastermoney Antitrust Litig.*,
   190 F.R.D. 309 (E.D.N.Y. 2000) ......................................................................................... 7

*Med. Protective Co. v. Pang*, No. 05-CV-2924-PHX-SMM,
   2006 WL 1544192 (D. Ariz. June 1, 2006) ......................................................................... 8

*Miller v. Silbermann*,
   832 F. Supp. 663 (S.D.N.Y. 1993) ............................................................................... passim

*People of the State of Cal. v. Tahoe Reg'l Planning Agency*,
   792 F.2d 775 (9th Cir. 1986) ................................................................................................ 8

*Restor-A-Dent Dental Labs. Inc. v. Certified Alloy Prods., Inc.*,
   725 F.2d 871 (2d Cir. 1984) ............................................................................................. 2, 7

*Rodriguez v. Pataki*,
   211 F.R.D. 215 (S.D.N.Y. 2002) ......................................................................................... 7

*Sackman v. Liggett Grp., Inc.*,
   167 F.R.D. 6 (E.D.N.Y. 1996) ............................................................................................. 7

*SEC v. Everest Mgmt. Corp.*,
    475 F.2d 1236 (2d Cir. 1972)............................................................................................7

*United States v. Int'l Bus. Machs. Corp.*,
    62 F.R.D. 530 (S.D.N.Y 1974) ........................................................................................4

*Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*,
    922 F.2d 92 (2d Cir. 1990)..........................................................................................2, 5

*Wells Fargo Bank, N.A. v. Wales LLC*, No. 13 Civ. 6781 (PGG),
    2014 WL 4672395 (S.D.N.Y. Sept. 19, 2014) ...............................................................8

**RULES**

Fed. R. Civ. P. 22(a)(1)...........................................................................................................3

Fed. R. Civ. P. 24(a)(2)........................................................................................................2-3

Fed. R. Civ. P. 24(b) ...............................................................................................................7

N.Y. Rules of Prof'l Conduct, § 1.7 .......................................................................................4

**OTHER AUTHORITIES**

17 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1909 (3d ed.)...........................3

Defendant Triadou SPV S.A. ("Triadou") respectfully submits this memorandum of law in opposition to the Motion of BTA Bank ("BTA") to Intervene (ECF Nos. 45-46) (the "Intervention Motion"). For the reasons set forth below, the Intervention Motion should be denied.

## PRELIMINARY STATEMENT

BTA seeks to intervene in this case claiming it is entitled to do so as of right, or in the alternative, seeks the Court's permission to intervene. But BTA cannot satisfy the legal requirements for intervention as of right because its interests are more than adequately represented by Almaty, an existing party to this interpleader action. Moreover, because BTA's involvement here, at best, would be redundant, unduly delay the proceedings, and prejudice Triadou and other original parties by grossly magnifying the complexity of this matter, the Court should exercise its discretion and deny BTA's alternative request for permissive intervention. BTA's Intervention Motion should thus be denied in its entirety.[1]

## ARGUMENT

BTA's Intervention Motion is governed by Rule 24 of the Federal Rules of Civil Procedure, which offers two avenues to intervene: intervention as of right and permissive intervention. With respect to intervention as of right, Rule 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who:
> . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

---

[1] While Triadou does not respond to the alleged facts set forth by BTA, it disputes them and accepts them as true only for purposes of this Motion. Triadou further notes that BTA's description of the history of its claims demonstrates how divorced those claims are from the original interpleader action filed by the Chetrit Plaintiffs. BTA's description also underscores the speculative nature of the connection between its claims, which arise from the alleged conduct by Mukhtar Ablyazov, and Almaty's purported claim to the Interpleader Funds, which is based on the alleged conduct by the Khrapunov family. *See* Intervention Mot. 1-2.

> ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  From that rule, the Second Circuit "distilled a four part test" that putative intervenors must satisfy:

> [A]n intervenor must show that:  (1) the application is timely; (2) "the applicant claims an interest relating to the property, or transaction which is the subject matter of the action . . ."; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.

*See, e.g.*, *Cook v. Pan Am. World Airways, Inc.*, 636 F. Supp. 693, 695 (S.D.N.Y. 1986) (alterations in original) (quoting *Restor-A-Dent Dental Labs. Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984).[2]  "All four parts of the test must be satisfied to qualify for intervention as of right."  *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990); *Miller v. Silbermann*, 832 F. Supp. 663, 669 (S.D.N.Y. 1993) ("'Failure to satisfy *any one* of these requirements is a sufficient ground to deny the

---

[2]   BTA asserts that its Intervention Motion is timely based on a host of factors, not all of which support BTA's position.  First, BTA asserts that no party has "formally asserted a claim to the interpleaded funds."  Intervention Mot. 4.  This is specious at best; while Triadou has not answered the Amended Interpleader Complaint, it has moved to dismiss on the grounds that the Chetrit Plaintiffs face only the fear of liability from Triadou's claim to the Interpleader Funds.  Further, Triadou has filed four state court actions seeking to recover those unpaid funds.  In any event, while BTA's motion comes relatively early in the procedural posture of *this* action, it is noteworthy that BTA did not intervene in either of the federal court actions in California that Almaty commenced in 2014 and 2015, notwithstanding that both of those actions named an Ablyazov family member as a defendant (as opposed to belatedly joining them).  *See* Compl., *City of Almaty v. Viktor Khrapunov, et al.*, No. 2:14-cv-03650 (C.D. Cal. May 13, 2014) (Dkt. No. 1) (naming Madina Ablyazova); s*ee* Compl., *City of Almaty v. Viktor Khrapunov, et al.*, No. 2:15-cv-02628 (C.D. Cal. Apr. 8, 2015) (Dkt. No. 1) (naming Madina Ablyazova).  Nor did BTA seek to intervene in any of Triadou's four state court actions.  And although BTA claims that it delayed seeking to intervene "while the parties sought an amicable resolution," as Triadou has advised this Court previously, whatever discussions occurred did not include Triadou, leaving one to question the sincerity of BTA's supposed "good faith" in "delay[ing] in intervening until now."  Intervention Mot. 5.  BTA's citation to *Miller v. Silbermann*, 832 F. Supp. 663, 669 (S.D.N.Y. 1993), does nothing to alleviate this concern.  While BTA asserts that the intervention motion in *Miller* was timely "where [the] movant failed to intervene while settlement negotiations were underway," Intervention Mot. 5, Judge Kram's holding was actually based on the fact that the entire case had been *suspended* in light of those settlement negotiations.  Thus, the court focused on the fact of case suspension, not the existence of settlement negotiations.  *Id.*

2

application.'") (quoting *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1043 (2d Cir. 1988)) (emphasis in original).  Here, because BTA is adequately represented by Almaty, an existing party to the action, BTA cannot satisfy all four parts of the test, and therefore cannot intervene as of right.[3]

I.  **BTA CANNOT INTERVENE AS OF RIGHT BECAUSE ALMATY ADEQUATELY REPRESENTS ITS INTERESTS**

While BTA is correct that it need only show that representation of its interests "may be" inadequate, and that such a showing need only be minimal, it ignores that "[w]hen the interest of the absentee is identical to that of an existing party . . . 'representation will be presumed adequate unless special circumstances are shown.'"  *Cook*, 636 F. Supp. at 697 (quoting 17 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1909 (3d ed.)).  BTA cannot overcome this presumption, however, as courts demand "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective."  *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001).  Here, BTA's and Almaty's interests are "so similar" that the adequacy of Almaty's representation of BTA's interests is "assured."  *See Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 132-33 (2d Cir. 2001).

BTA's and Almaty's use of the same legal counsel demonstrates definitively that Almaty adequately represents BTA's interests.  "[I]nadequate representation can hardly be claimed [when] the same attorney represents both the original [party] and the proposed intervenor[]."  *Carroll v. Am. Fed'n of Musicians of the United States & Canada*, 33 F.R.D. 353, 353 (S.D.N.Y. 1963) (denying motion to intervene as of right because proposed intervenor was

---

[3]  BTA also asserts that Federal Rule of Civil Procedure 22(a) provides an alternative basis for joining it as a party here, but that Rule permits existing plaintiffs to join parties.  Fed. R. Civ. P. 22(a)(1). As a non-party to this action, BTA cannot invoke the Rule.  BTA's citation to Rule 22 is indicative of a broader concern that it, like Almaty, is treating its entry into this matter (and the validity of its claims) as a foregone conclusion, despite the fact that the Court has not ruled on the intervention or joinder issues yet, and so BTA is not a party to this action.

3

adequately represented where it was represented by the same attorney as the existing party); *United States v. Int'l Bus. Machs. Corp.*, 62 F.R.D. 530, 535 (S.D.N.Y 1974) (finding proposed intervenor's interests adequately represented where it had same attorney as original plaintiff). This holding is entirely logical, as counsel could not represent both BTA and Almaty unless those parties had no conflicts of interest or had otherwise waived those conflicts.[4]  BTA even admits in its brief that its interests with Almaty "are certainly aligned."  Intervention Mot. 7. Using the same counsel will likewise result in pursuing the same legal strategy to prosecute the same claims based on the same allegations.  That BTA and Almaty are represented by the same counsel evidences that BTA's interests are adequately represented, thus presenting an independent reason for the Court to deny BTA's request to intervene as of right.

Evaluating BTA's intervention request in light of the factors considered by courts in this jurisdiction only reinforces this conclusion.  Specifically, to determine the adequacy of representation, courts look to factors such as "(1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompetence." *Miller*, 832 F. Supp. at 672 (citing *Home Ins. Co. v. Liberty Mut. Ins. Co.*, No. 87 Civ. 0675 (SWK), 1990 WL 188925, at *6 (S.D.N.Y. Nov. 20, 1990)). Here, none of those factors weigh in BTA's favor.

As to the first, third, and fourth factors – collusion, possible nonfeasance, and incompetence – BTA does not contend that any of these concerns are or will be present. Nowhere does BTA assert that Almaty is colluding with any of the existing parties.  Likewise, if BTA believed that Almaty would not vigorously pursue its claims, or that Almaty could not competently do so, it would have retained different counsel.  It did not.

---

[4]   *See* N.Y. Rules of Prof'l Conduct, § 1.7.

As to the second factor – adversity of interest – BTA does not claim that its interests are adverse to Almaty. Nor could it. As noted above, BTA admits that its interests "are certainly aligned" with Almaty's interests. Intervention Mot. 7.[5] Indeed, BTA and Almaty have the same ultimate objectives, as both seek to prove the alleged embezzlement of Kazakh funds that were purportedly laundered by purported co-conspirators through various companies, including Triadou and the Chetrit Plaintiffs. Likewise, BTA and Almaty seek to undo Triadou's assignment agreement with the Chetrit Plaintiffs, and to obtain the Interpleader Funds owed to Triadou (or potentially the interest in the relevant real estate developments). That BTA and Almaty have joined in the same pleading (denominating themselves "collectively" as "the 'Kazakhstan Plaintiffs'"), and jointly advanced every one of the 211-paragraphs' worth of the same allegations in support of the same thirteen legal claims demonstrates the identity of their interests. Where the intervenor has the same objective as an existing party, "adequate representation [is] established." *Miller*, 832 F. Supp. at 672-73 (citing several cases supporting this conclusion) (citations omitted); *see also Wash. Elec. Coop.*, 922 F.2d at 98 (intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action, and "[w]here there is an identity of interest between a putative intervenor and a party, adequate representation is assured").

BTA claims, without support, that its interests and Almaty's are "not identical." Intervention Mot. 7. First, BTA contends that it possesses "claims and legal theories that are available uniquely to it," *id.* at 7-8, but that contention is belied by other statements BTA and Almaty have already made. For example, BTA notes that it fully joined Almaty's Answer,

---

[5] Like BTA, the putative intervenor in *Butler* also conceded that "its interests [were] aligned with those" of the existing party, a factor the Second Circuit noted in affirming the district court's finding that representation by the existing party was adequate. 250 F.3d at 180.

5

Counterclaims, and Cross-Claims so as to avoid "filing a separate, *but identical*, pleading." Intervention Mot. 4 n.2 (emphasis added). A joint letter to the Court submitted by BTA and Almaty makes the same assertion. Almaty/BTA Letter, at 2 (Oct. 16, 2015) (noting that Almaty could file a "separate, identical pleading") (Dkt. No. 53). Every one of the thirteen counts in the joint pleading is asserted by "the Kazakhstan Plaintiffs" (BTA and Almaty together). If BTA truly has claims "available *uniquely to it*" alone, such claims have not been included in the pleading before this Court.

Second, BTA claims to have a $4 billion foreign judgment that only it possesses. Intervention Mot. 8.[6] But not one of the claims asserted by BTA and Almaty is to enforce this purported judgment – which is not surprising insofar as there is no allegation in the jointly filed pleading that any BTA foreign judgment has been recognized by any U.S. court and therefore the proper subject of an enforcement proceeding here. In any event, that BTA holds this purported judgment (and Almaty does not) is immaterial. Case law makes clear that the "interests" to be considered for purposes of determining adequate representation are the interests in litigating the action (i.e., are the parties seeking to prove the same claims and achieve the same ends). *See, e.g.*, *Miller*, 832 F. Supp. at 672-73 (noting that proposed intervenors and existing party both sought dismissal of complaint or maintenance of status quo regarding operation of housing court); *Cook*, 636 F. Supp. at 697 (finding proposed intervenors and the existing party both sought "to defeat plaintiffs' claim that the present collective bargaining agreement is discriminatory and both seek to protect the status quo of the seniority system"). That BTA and Almaty may seek to recover different amounts of money does not make their interests disparate.

---

[6] BTA also confusingly and vaguely refers to "the judgment*s* it currently holds" and "valid judgment*s*" it has from foreign courts. Intervention Mot. 5 (emphasis added).

Because BTA's interests are more than adequately represented by Almaty, BTA cannot intervene as of right.

## II. THE COURT SHOULD NOT PERMIT BTA TO INTERVENE BECAUSE BTA'S PRESENCE IS REDUNDANT AND WOULD CAUSE UNDUE DELAY

Because BTA Bank is not permitted to intervene as of right, the only avenue for intervention left to it is permissive intervention under Rule 24(b). The Rule permits intervention upon a timely application when an "'applicant's claim or defense and the main action have a question of law or fact in common . . . [and] the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.'" *Miller*, 832 F. Supp. at 673 (alterations in original) (quoting Fed. R. Civ. P. 24(b) and citing *Cook*, 636 F. Supp. at 698). If the movant can satisfy these requirements, "'Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims.'" *Cook*, 636 F. Supp. at 698-99 (quoting *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972)); *see also Restor-A-Dent*, 725 F.2d at 876 ("A district court's discretion under Rule 24(b) is broad."). "'The principal consideration set forth in the Rule is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Rodriguez v. Pataki*, 211 F.R.D. 215, 219 (S.D.N.Y. 2002) (quoting *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 23 (E.D.N.Y. 1996)). Further, the Court should determine whether allowing the intervention "'will assist in developing and resolving the factual and legal disputes in the litigation." *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006) (quoting *In re Visa Check/Mastermoney Antitrust Litig.*, 190 F.R.D. 309, 312 (E.D.N.Y. 2000)), *upon reconsideration rev'd on other grounds*, 452 F. Supp. 2d 328 (S.D.N.Y. 2006).

Here, the Court should exercise its discretion and deny BTA's request for permissive intervention. Permitting BTA to intervene will cause undue delay during the course of this

7

action and prejudice Triadou's (and likely the Chetrit Plaintiffs') rights to have its interests orderly adjudicated, while denying BTA's intervention request will not cause it any prejudice given that its interests are more than adequately represented by Almaty.  Courts have denied motions for permissive intervention where, as here, the interests of the intervenor were adequately represented by existing parties.  *See, e.g.*, *Wells Fargo Bank, N.A. v. Wales LLC*, No. 13 Civ. 6781 (PGG), 2014 WL 4672395, at *6-7 (S.D.N.Y. Sept. 19, 2014) (denying motion for permissive intervention where putative intervenor's interests were adequately represented by existing party and rejecting intervenor's contention that it might add a unique perspective to the proceedings); *People of the State of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986) (affirming district court's denial of permissive intervention on grounds that presence of intervenor, which was adequately represented by existing party, "would be redundant and would impair the efficiency of litigation"); *Med. Protective Co. v. Pang*, No. 05-CV-2924-PHX-SMM, 2006 WL 1544192, at *5-6 (D. Ariz. June 1, 2006) (denying permissive intervention request in part because applicant's interest was adequately represented by existing party).

BTA's arguments that it should be granted permissive intervention overlook certain undisputed facts.  First, BTA claims that no prejudice will occur because Triadou has not asserted any claims to the Interpleader Funds.  Intervention Mot. 8.  This is ridiculous, as Triadou has been seeking to collect those monies for many months.  *See* Triadou Mem. in Supp. of Mot. to Dismiss (Aug. 31, 2015) (Dkt. No. 31).  While Triadou has not filed a formal Answer to the Amended Interpleader Complaint, the basis for its Motion to Dismiss in this action (as well as that of the four separate state court actions it previously filed) is Triadou's claim to and attempt to seek payment of the Interpleader Funds.  *See id.* at 3-4.

Similarly, BTA asserts that its intervention will benefit the Chetrit Plaintiffs because it

8

will free the Chetrit Plaintiffs from potential multiple liability. *See* Intervention Mot. 8. Again, this contention is without support. Assuming the Chetrit Plaintiffs face a real fear of multiple liability (they do not, as set forth in Triadou's Motion to Dismiss), that interest will be covered entirely by Almaty's litigation of this dispute. Almaty seeks to void Triadou's assignment agreement with the Chetrit Plaintiffs, and BTA's intervention would add nothing to that dispute.[7]

BTA acknowledges that its presence in this action would be redundant, conceding that the question of the extent of the Interpleader Funds that can be attributed to Ablyazov's alleged conduct "would be examined regardless of whether BTA intervened," because Almaty also has alleged Ablyazov's involvement. *See* Intervention Mot. 9. BTA makes another telling admission: its purported excuse for the delay in seeking to intervene is "primarily the result of an effort to avoid adding procedural complexity to an already-complicated case." *Id.* But adding another foreign entity with no ties to the United States beyond a speculative connection to the Interpleader Funds could unduly complicate discovery, significantly add to the expense of litigating this action for the existing parties, and unreasonably delay the adjudication of those parties' rights. Conversely, denying BTA's motion will not hamper Almaty from pursuing those claims; nor should it prevent any of the existing parties from obtaining any discovery from BTA that may be needed (particularly given that BTA and Almaty have the same counsel, and that BTA is headquartered in Almaty, *see* Intervention Mot. 1).[8]

Because BTA's interests are adequately represented by Almaty and BTA's presence would be both redundant and likely to unduly delay the proceedings, the Court should exercise

---

[7] Both BTA's Intervention Motion and the Answer, Counterclaims, and Cross-claims jointly filed by BTA and Almaty reflect that the majority of BTA's concerns stem from conduct that occurred entirely in Kazakhstan nearly ten years before Triadou's investment with the Chetrit Plaintiffs.

[8] BTA's arguments that it has specialized knowledge of Ablyazov's alleged conduct are unavailing, as "[s]pecial knowledge or expertise alone [] is insufficient to support a motion to intervene." *Cook*, 636 F. Supp. at 698. Nonetheless, as discussed above, the existing parties will be able to obtain any pertinent information through discovery, if necessary.

its discretion to deny BTA's request for permission to intervene in this action.

## CONCLUSION

For the foregoing reasons, Triadou respectfully requests that the Court deny BTA Bank's Motion to Intervene in its entirety.

Dated: New York, New York
      November 10, 2015

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By: s/Deborah A. Skakel
    Deborah A. Skakel
    Tessa B. Harvey
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
skakeld@dicksteinshapiro.com
harveytessa@dicksteinshapiro.com

*Attorneys for Defendant Triadou SPV S.A.*