**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CF 135 FLAT LLC, CF 135 WEST MEMBERS LLC, and THE CHETRIT GROUP, LLC,<br><br>  Plaintiffs,<br><br>  - against -<br><br>TRIADOU SPV S.A. and CITY OF ALMATY, a foreign city,<br><br>  Defendants. | ECF Case<br><br>No. 15 CV 05345 (AJN) |

### DEFENDANT TRIADOU SPV S.A.'S MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANT CITY OF ALMATY'S MOTION FOR JOINDER

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Defendant Triadou SPV S.A.*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| LEGAL STANDARD | | 2 |
| ARGUMENT | | 3 |
| I. | JOINDER OF THE PROPOSED CROSS-CLAIM DEFENDANTS IS NOT PERMITTED UNDER FED. R. CIV. P. 19 | 3 |
| II. | JOINDER OF THE PROPOSED CROSS-CLAIMS DEFENDANTS AND BTA BANK IS NOT APPROPRIATE UNDER FED. R. CIV. P. 20 | 4 |
| | A. The Court Should Not Permit the Joinder of the Proposed Cross-Claim Defendants. | 4 |
| | B. BTA Bank Should Not Be Joined Under Permissive Joinder | 6 |
| CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **Page(s)**

*Barr Rubber Prods. Co. v. Sun Rubber Co.*,
    425 F.2d 1114 (2d Cir. 1970) ................................................................................... 4

*Chang Young Bak v. Metro-North R.R. Co.*, No. 12 CV 3220,
    2013 WL 1248581 (S.D.N.Y. Mar. 26, 2013) ........................................................... 3

*City of New York v. Pollack*, 03 Civ. 0253 (PAC),
    2006 WL 522462 (S.D.N.Y. Mar. 3, 2006) ............................................................... 3

*H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*,
    112 F.R.D. 417 (S.D.N.Y. 1986) ............................................................................... 5

*Republic Nat'l Bank v. Hales,* 75 F. Supp. 2d 300 (S.D.N.Y. 1999)
    aff'd, 4 Fed. App'x 15 (2d Cir. 2001) ........................................................................ 5

*Shaw v. Munford,* 526 F. Supp. 1209 (S.D.N.Y.1981) .................................................... 4

*Shtofmakher v. David*, No. 14 Civ. 6934 AT,
    2015 WL 5148832 (S.D.N.Y. Aug. 17, 2015) ........................................................... 2

*Temple v. Synthese Corp.*, 498 U.S. 5 (1990) .................................................................. 3

*Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*,
    150 F. Supp. 2d 556 (S.D.N.Y. 2001) .................................................................... 3, 4

*Young v. Century House Historical Soc'y*,
    117 F. Supp. 2d 277 (N.D.N.Y. 2000) ...................................................................... 3

**RULES**

Fed. R. Civ. P. 19(a)(1) ................................................................................................. 2, 3

Fed. R. Civ. P. 20(a) ......................................................................................................... 3

Fed. R. Civ. P. 22(a)(1) ..................................................................................................... 7

Fed. R. Civ. P. 22(a)(2) ..................................................................................................... 7

DOCSNY-592972

Defendant Triadou SPV S.A. ("Triadou") respectfully submits this memorandum of law in opposition to the Motion of Defendant City of Almaty ("Almaty") for Joinder (ECF Nos. 47-48) (the "Motion for Joinder"). For the reasons set forth below, the Motion for Joinder should be denied with regard to Victor Khrapunov, Ilyas Khrapunov, and Mukhtar Ablyazov (the "Proposed Cross-Claim Defendants") and BTA Bank (as an additional Defendant and Cross- and Counterclaim Plaintiff).[1]

## PRELIMINARY STATEMENT

Almaty's Motion for Joinder regarding the Proposed Cross-Claim Defendants should be denied for two reasons. First, Almaty cannot meet the requirements of Rule 19 of the Federal Rules of Civil Procedure, as the Proposed Cross-Claim Defendants are not necessary parties. Jointly and severally liable parties are *not* necessary for joinder purposes. Second, the Court should exercise its discretion and deny Almaty's request under Rule 20 to permissively join the Proposed Cross-Claim Defendants because joinder will unduly prejudice Triadou by substantially increasing the scope and expense of this action. All of the Proposed Cross-Claim Defendants are foreign residents, and obtaining discovery from them may prove costly and difficult. Finally, the Court also should exercise its discretion and deny the joinder of BTA Bank because, as set forth in Triadou's Memorandum of Law in Opposition to BTA Bank's Motion to Intervene, BTA's presence here would be redundant and likely prejudice the existing parties by adding undue complexity and expense.

---

[1] While Almaty's request to join Joseph Chetrit and 227 East 19th Holder LLC will be rendered moot if Triadou's pending Motion to Dismiss is granted, for purposes of Almaty's Motion for Joinder, Triadou takes no position as to whether joining those two parties is proper.

## LEGAL STANDARD

Rule 19(a) sets forth the requirements for determining whether a party is required for joinder purposes, and provides that a person subject to service of process[2] and whose joinder will not deprive the court of subject matter jurisdiction shall be joined only if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The "complete relief" requirement of Rule 19(a)(1) concerns relief as between existing – not proposed – parties. *Shtofmakher v. David*, No. 14 Civ. 6934 AT, 2015 WL 5148832, at *7 (S.D.N.Y. Aug. 17, 2015) "[S]atisfying [part B] of Rule 19(a) is contingent upon an initial requirement that the *absent party* claim a legally protected interest relating to the subject of the action." *Id.* (first alteration in original) (emphasis added) (internal quotation marks omitted).

Rule 20 permits, in the Court's discretion, joinder of a party if (a) any right to relief is asserted against the party (or the party asserts any right to relief) jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

---

[2] Triadou notes that, at this time, it does not appear that Almaty has been able to effectuate service on any of the Proposed Cross-Claim Defendants. In the 2014 California action brought by Almaty, Victor Krapunov, Ilyas Krapunov, and Madina Ablayzova (the wife of Proposed Cross-Claim Defendant Muhktar Ablayzov) were dismissed for failure to be timely served in Switzerland (*see* Civil Minutes, *City of Almaty v. Viktor Khrapunov, et al.*, No. 2:14-cv-03650 (C.D. Cal. Jan. 16, 2015), ECF No. 68). Triadou further notes that Almaty then filed its 2015 California action (naming those three individuals), and both actions subsequently were dismissed on the basis of *forum non conveniens*. *See* Civil Minutes, *City of Almaty v. Viktor Khrapunov, et al.*, No. 2:14-cv-03650 (C.D. Cal. Sept. 21, 2015), ECF No. 123; *City of Almaty v. Viktor Khrapunov, et al.*, No. 2:15-cv-02628 (C.D. Cal. Sept. 23, 2015), ECF No. 39.

transactions or occurrences; and (b) any question of law or fact common to all defendants (or plaintiffs) will arise in the action. Fed. R. Civ. P. 20(a). "Fulfillment of the specific requirements of Rule 20, however, is not enough . . . . Permissive joinder rests with the sound discretion of the Court, which must determine if joinder will comport with the principles of fundamental fairness." *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 565 (S.D.N.Y. 2001) (internal quotation marks omitted) (citation omitted) (denying permissive joinder).

## ARGUMENT

### I. JOINDER OF THE PROPOSED CROSS-CLAIM DEFENDANTS IS NOT PERMITTED UNDER FED. R. CIV. P. 19

The Proposed Cross-Claim Defendants are not required parties and therefore may not be joined pursuant to Rule 19. In its Motion for Joinder, Almaty asserts that joining each of the Proposed Cross-Claim Defendants is necessary to "afford Almaty complete relief" because those entities are jointly and severally liable for Almaty's RICO claims. *See* Mot. Joinder 8. That very contention demonstrates that the Proposed Cross-Claim Defendants are not required parties. *See* Advisory Committee Notes to Rule 19(a); *Chang Young Bak v. Metro-North R.R. Co.*, No. 12 CV 3220, 2013 WL 1248581, at *4 (S.D.N.Y. Mar. 26, 2013) (noting that jointly and severally liable parties are not necessary parties under Rule 19 and holding that complete relief could be effectuated without joinder); *see also Young v. Century House Historical Soc'y*, 117 F. Supp. 2d 277, 282 (N.D.N.Y. 2000) ("It is well settled that joint tort-feasors are not necessary parties.") (citing *Temple v. Synthese Corp.*, 498 U.S. 5, 7 (1990)). Almaty's citation to Judge Crotty's decision in *City of New York v. Pollack*, 03 Civ. 0253 (PAC), 2006 WL 522462 (S.D.N.Y. Mar. 3, 2006), for the proposition that RICO claims impose joint and several liability on the named defendants, actually undercuts Almaty's Rule 19 argument. Mot. Joinder 8. It is

3

precisely *because* Almaty's claims create joint and several liability that the Proposed Cross-Claim Defendants are not necessary parties. Because Almaty has failed to show that the Proposed Cross-Claim Defendants are necessary parties, its request to join those parties pursuant to Rule 19 must be denied.

## II. JOINDER OF THE PROPOSED CROSS-CLAIMS DEFENDANTS AND BTA BANK IS NOT APPROPRIATE UNDER FED. R. CIV. P. 20

Alternatively, Almaty seeks the Court's permission to join the Proposed Cross-Claim Defendants pursuant to Rule 20, and also seeks to join BTA on the same grounds. Permitting the joinder of those entities will neither promote judicial efficiency nor facilitate resolution of this interpleader action; this Court should therefore reject Almaty's alternative grounds for joinder.

### A. The Court Should Not Permit the Joinder of the Proposed Cross-Claim Defendants

The Proposed Cross-Claim Defendants should not be joined under Rule 20. Almaty argues that permissive joinder is proper because its claims against Triadou "will require much of the same evidence as against the [Proposed Cross-Claim Defendants] . . . ." Mot. Joinder 8-9. To the contrary, litigating Almaty's claims against the Proposed Cross-Claim Defendants likely will result in substantial additional evidence and procedural delay, prejudicing Triadou and allowing Almaty to drastically and improperly expand the scope of this action.

The question of whether to permissively join parties under Rule 20 rests with the "sound discretion of the Court, which must determine if joinder will comport with the principles of fundamental fairness." *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d at 565 (internal quotation marks omitted) (quoting *Shaw v. Munford,* 526 F. Supp. 1209, 1213 (S.D.N.Y.1981)). The Court should not join a party where doing so would open a "Pandora's box" of discovery, prejudice an existing party, or lead to unnecessary expense or undue delay. *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970); *see also*

*Republic Nat'l Bank v. Hales,* 75 F. Supp. 2d 300, 308 (S.D.N.Y. 1999) (noting that a court must consider whether joinder would require the opponent to expend significant additional resources to conduct discovery and prepare for trial, or significantly delay the resolution of the dispute), *aff'd*, 4 Fed. App'x 15 (2d Cir. 2001); *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 421 (S.D.N.Y. 1986) ("Apart from an interest in avoiding further expensive discovery and motion practice, the present defendants have an interest in and right to an expeditious determination of the claims against them.") (internal quotation marks omitted) (citation omitted).

Adding the Proposed Cross-Claim Defendants would significantly delay this interpleader action and prejudice Triadou. The allegations relating to the Proposed Cross-Claim Defendants stretch far beyond Triadou and the Interpleader Funds. Almaty seeks recovery of hundreds of millions of dollars from the Proposed Cross-Claim Defendants, while the Interpleader Funds cover only $21 million plus interest. Alamty's Answer, Counterclaims, & Cross-Claims ¶ 21; Am. Interpleader Compl. ¶¶ 8-10. Further, the majority of Almaty's allegations involve conduct that occurred years ago in Kazakhstan or other foreign places, and otherwise do not mention Triadou or the Chetrit Plaintiffs. Page after page of Almaty's Answer alleges conduct that occurred years ago in Kazakhstan. For example, with regard to Proposed Cross-Claim Defendant Victor Khrapunov, Almaty alleges that it was his actions while Mayor of Almaty, that led to Almaty's alleged damages. The examples Almaty provides regarding Mr. Khrapunov's conduct concern transactions and real estate exclusively within Kazakhstan. *See id.* ¶¶ 66-76. Specifically, Almaty's "three examples of . . . schemes to subvert and acquire the public property of the City of Almaty" include the transfer of "a large tract of state-owned land near the two rivers area of Almaty (*id.* ¶ 72); the sale of a public building in Almaty (*id.* ¶ 74); and the

seizure of real estate by the City of Almaty from private landowners (*id.* ¶ 75). None of these allegations relate to or discuss the Assignment Agreement, the Interpleader Funds, Triadou, or the Chetrits. Almaty's allegations with regard to Muhktar Ablyazov likewise concern conduct that occurred in Kazakhstan while he was Chairman of BTA Bank. *See id.* ¶¶ 51-55 (describing Proposed Cross-Claim Defendant Mukhtar Ablyazov's relationship with BTA Bank in Kazakhstan, loans BTA Bank made in Kazakhstan, and findings of UK court); *id* ¶¶ 56-65 (detailing BTA Bank's lawsuits and enforcement actions in the UK relating to Ablyazov's conduct in Kazakhstan). Almaty further alleges illicit money-laundering operations by the Proposed Cross-Claim Defendants in Switzerland and litigation in the UK. *See id.* ¶¶ 83-86. It is evident from even a cursory review of Almaty's Answer and its allegations with regard to the Proposed Cross-Claim Defendants that permitting the joinder of the Proposed Cross-Claim Defendants would result in the litigation of claims far removed from Triadou and the Interpleader Funds, require substantial additional discovery, and drastically increase the expense for the original parties. Such increased expense and effort will undoubtedly result in further delay to Triadou, which has diligently pursued its rights under the Assignment Agreement, and is at odds with Rule 20's requirements and fundamental fairness.

This Court should therefore deny Almaty's request to join the Proposed Cross-Claim Defendants pursuant to Rule 20.

### B. BTA Bank Should Not Be Joined Under Permissive Joinder

Almaty implicitly concedes that BTA is not a required party for joinder purposes, instead arguing only that BTA should be permissively joined under Rule 20. *See* Mot. Joinder 9-10. While Almaty claims that joining BTA would "serve judicial efficiency," that argument fails for the same reasons set forth in Triadou's Memorandum in Opposition to BTA Bank's Motion to

6

Intervene: BTA Bank's presence in this action would be redundant and would serve little purpose other than to further delay and complicate this action.[3]

Rule 20 requires this Court to use its discretion to promote judicial economy and final resolution of a dispute. Joining BTA Bank here would not facilitate either. BTA Bank, a foreign entity, is headquartered in Almaty and has hired the same counsel to represent it as Almaty. Likewise, Almaty and BTA have filed a joint pleading that answers the allegations of the Amended Interpleader Complaint and advances identical allegations and identical claims. Consequently, joining BTA Bank would provide little benefit to this action, while doing so will likely inject unnecessary complexity, while unduly prejudicing Triadou by delaying the adjudication of its rights and adding unreasonable costs. The prejudice to Triadou far outweighs the benefits of joining BTA Bank – which is not a required party, as Almaty effectively concedes. This Court should thus exercise its discretion and deny Almaty's request to join BTA Bank pursuant to Rule 20.[4]

---

[3] It is telling that Almaty claims that enforcing the UK judgments supports BTA's joinder (Mot. Joinder 9-10), but none of the judgments even allegedly concern Triadou or any investments, actions, or dealings in the United States. *See* Almaty Answer ¶¶ 50-65.

[4] Almaty argues in a footnote that Rule 22 provides a separate and independent basis for joinder of BTA Bank. Mot. Joinder 10 n.2. That argument is incorrect. Rule 22 allows a stakeholder – i.e., a person that reasonably fears double liability as to a single fund – to join parties who claim a stake in the fund. *See* Fed. R. Civ. P. 22(a)(1) ("[Joinder] *By a Plaintiff*" is proper where the plaintiff "may [be] expose[d] . . . to double or multiple liability"); 22(a)(2) ("A defendant *exposed to similar liability* may seek interpleader . . . .") (emphasis added). Therefore, Almaty may not seek to join BTA Bank under Rule 22 as Almaty does not claim it is exposed to double liability.

**CONCLUSION**

For the foregoing reasons, Triadou respectfully requests that this Court deny Almaty's Motion for Joinder in all respects.

Dated: New York, New York
      November 10, 2015

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By:   s/Deborah A. Skakel
      Deborah A. Skakel
      Tessa B. Harvey
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
skakeld@dicksteinshapiro.com
harveytessa@dicksteinshapiro.com

*Attorneys for Defendant Triadou SPV S.A.*