**DICKSTEIN**SHAPIRO LLP

1633 Broadway  |  New York, NY 10019-6708
TEL (212) 277-6500  |  FAX (212) 277-6501  |  dicksteinshapiro.com

Writer's Direct Dial:  (212) 277-6585
Writer's Direct Fax:  (212) 591-7897
E-Mail Address:  SkakelD@dicksteinshapiro.com

November 23, 2015

**Via ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York  10007

> Re:   *CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group, LLC v. Triadou SPV S.A. and City of Almaty*, **Case No. 15-CV-5345 (AJN)**

Dear Judge Nathan:

We represent Interpleader and Crossclaim Defendant Triadou SPV S.A. ("Triadou") and submit this letter-motion to respectfully request that the Court direct Interpleader Defendants and Crossclaim Plaintiffs City of Almaty ("Almaty") and BTA Bank JSC ("BTA") and Interpleader Plaintiffs CF 135 Flat LLC, CF 135 West Member LLC, and the Chetrit Group, LLC (together, "the Chetrit Entities") to provide Triadou with a copy of the settlement agreement between Almaty/BTA and the Chetrit Entities (the "Settlement Agreement") that was the subject of Almaty/BTA's November 12, 2015 letter to Your Honor (ECF No. 69) and the resulting Notice of Voluntary Dismissal of Almaty/BTA's counterclaims against the Chetrit Entities (ECF Nos. 70-71).  By email dated Wednesday, November 18, 2015, we asked counsel for Almaty/BTA and counsel for the Chetrit Entities to provide a copy of the settlement agreement, but received no response to our inquiry.  The messages we left in our follow-up telephone calls last Friday afternoon (November 20) likewise went unanswered.

The reason for Triadou's request arises from the representation of Almaty/BTA's attorneys to the Court in the November 12 letter:

> To be clear, Almaty and BTA Bank intend to pursue their claims to the interpleaded fund, *as well* as their crossclaims against Mukhtar Ablyazov, Viktor Khrapunov, Ilyas Khrapunov, and Triadou SPV S.A. Indeed, as part of

**DICKSTEIN**SHAPIRO LLP

Hon. Alison J. Nathan
November 23, 2015
Page 2

> today's settlement, the Chetrit Entities have agreed to cooperate in our clients' prosecution of those claims. Accordingly, this dismissal does not meaningfully affect any of the pending motion practice.

ECF No. 69 (emphasis added).  Almaty/BTA's position that they have settled their claims against the Chetrit Entities, but nevertheless maintain their claims to the Chetrit Entities' "interpleaded fund" (i.e., the $21 million plus interest that is the subject of the Amended Interpleader Complaint) is legally untenable and wholly illogical.  Almaty/BTA's settlement with the Chetrit Entities underscores that the Chetrit Entities do not face double liability (or a reasonable fear thereof) regarding the "interpleaded fund" and that the Amended Interpleader Complaint should be dismissed as argued in Triadou's pending dismissal motion (ECF Nos. 29-31, 42-43).

The nature of Almaty/BTA's counterclaims set forth in the Answer, Counterclaims, and Crossclaims (ECF No. 49) confirms that Almaty/BTA cannot settle with the Chetrit Entities *and* claim rights as interpleader defendants to the Chetrit Entities' "interpleaded funds."

- All thirteen counts are pled as counterclaims *and* crossclaims "Against *All* Defendants" (including Triadou and the Chetrit Entities).

- The alleged "illegal conduct" of all of the "Cross- and Counterclaim Defendants" is alleged to constitute a conspiracy that involves all such entities (including Triadou and the Chetrit Entities) as well as all of the same circumstances surrounding the $21 million owed by the Chetrit Entities – i.e., the "interpleaded funds."  Answer, Counterclaims, and Crossclaims ¶¶ 119, 126-128.

Based on the overlap between Almaty/BTA's purported claims to the "interpleaded funds" and Almaty/BTA's Counterclaims and Crossclaims, settlement of the Counterclaims necessarily resolves any purported claim against the Chetrit Entities for the "interpleaded funds" – leaving Almaty/BTA's alleged Crossclaims against Triadou, but extinguishing the Chetrit Plaintiffs' ability to utilize the interpleader mechanism.

Neither the Chetrit Entities nor Almaty/BTA have any legitimate objection to producing the Settlement Agreement.  The document is clearly relevant to issues in this case and is not protected by privilege.  Given the immediate and direct bearing of the settlement on the claims in the Interpleader Amended Complaint that is the subject of the pending dismissal motion, it is important that the settlement agreement be provided now – and doing so will not impose any hardship on Almaty/BTA or the Chetrit Entities.  Nor should objections of Almaty/BTA or the Chetrit Entities on confidentiality grounds be well-received, given the descriptive statement

**DICKSTEIN**SHAPIRO LLP

Hon. Alison J. Nathan
November 23, 2015
Page 3

concerning the settlement that Almaty/BTA's attorneys provided the media.  *See* "Chetrit Group settles dispute over Kazakh embezzlement" in *The Real Deal* http://therealdeal.com/blog/2015/11/12/chetrit-group-settles-dispute-over-kazakh-embezzlement/ ("as part of the agreement," Almaty and BTA "'reclaimed a significant asset that was traceable to the billions of dollars that were stolen from them'" and "'secured the cooperation of an important witness' – the Chetrit Group").  In any event, Triadou will agree to use the Settlement Agreement only in connection with and for the purposes of this litigation.

Because the Settlement Agreement bears directly on the issue of the propriety of the Amended Interpleader Complaint and the substance of Triadou's pending Motion To Dismiss (which Almaty and the Chetrit Entities opposed (ECF Nos. 34, 39)), and because it resolves claims that are alleged to involve both the Chetrit Entities and Triadou, Almaty/BTA and the Chetrit Entities should be ordered to disclose that Settlement Agreement promptly.

                      Respectfully submitted,

                      s/Deborah A. Skakel
                      Deborah A. Skakel
                      DICKSTEIN SHAPIRO LLP
                      1633 Broadway
                      New York, NY  10019

cc:    Randall W. Jackson, Attorney for City of Almaty
        Matthew L. Schwartz, Attorney for City of Almaty
        David C. Segal, Attorney for the Chetrit Plaintiffs
        David Salhanick, Attorney for the Chetrit Plaintiffs