# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

November 25, 2015

VIA ECF

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    *CF 135 Flat LLC et al. v. Triadou SPV S.A., et al.*,
             No. 15 Civ. 5345 (AJN) (SN)

Dear Judge Nathan:

      We represent the City of Almaty and BTA Bank. We write in response to the November 23, 2015 letter motion filed by Defendant Triadou SPV S.A. ("Triadou") (ECF No. 77) requesting that Your Honor compel our clients and/or the interpleader Plaintiffs (the "Chetrit Entities"), to produce a copy of the settlement agreement amongst them. This request – which is unaccompanied by any legal authority – should be denied for a host of procedural and substantive reasons.

      *First,* Triadou's motion is styled as a "motion to compel." But Triadou has not complied with this Court's rules regarding motions to compel. Under this Court's Local Rules, a party intending to make any motion relating to discovery must first request an informal conference with the Court, and may not make a motion until "such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." Local Civil Rule 37.2. Your Honor's Individual Rules reiterate that "[p]arties must follow Local Civil Rule 37.2," with the added requirement that the moving party must include a representation that a "meet-and-confer process occurred and was unsuccessful," in which case the moving party may request an informal conference by letter. Individual Practices in Civil Cases, Alison J. Nathan, United States District Judge, ¶ 2.C. In this case, Triadou has neither sought an informal conference, nor have they met and conferred with us or counsel for Chetrit. Instead, they sent an e-mail at 8:21 PM on November 18, demanding a response by noon on November 19. This does not comply with the Federal Rules, this Court's Rules, or Your Honor's Rules.

*Second*, even if Triadou were permitted to make a motion to compel, there is nothing *to* compel. Under Rule 37, a party may only make such a motion with respect to the production of document discovery if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). But Triadou has never made a request to Almaty, BTA Bank, or (to our knowledge) on the Chetrit Entities. Certainly, Triadou has not met the requirement that it set out "verbatim . . . each discovery request and response to which the motion or application is addressed." Local Civil Rule 37.1. That is because there is no such request; as Triadou's letter concedes, their counsel merely sent us and counsel for the Chetrit Entities an e-mail requesting a copy the agreement. But discovery does not proceed by e-mail, and a motion to compel cannot be based upon a party's failure to voluntarily provide documents requested by e-mail. *See Brown v. Chappius*, No. 13-CV-00105A(F), 2015 WL 5316356, at *3 (W.D.N.Y. Sept. 10, 2015) ("Plaintiff has failed to serve formal discovery demands requesting such materials. Because the record fails to demonstrate that Plaintiff served formal discovery requests for these documents, the Motion to Compel Defendants' response to such requests is DENIED." (citing *Orraca v. Washborn*, 2011 WL 4352716, at * 1 (W.D.N.Y. Sept. 15, 2011) ("In the absence of proof of demands actually being served upon defendants, a motion to compel [defendants'] response is premature))); *Schwartz v. Marketing Publ'g Co.*, 153 F.R.D. 16, 21 (D.Conn.1994) (motion to compel denied where plaintiff only requested production of documents orally at a deposition, followed by a letter to defendants' counsel).[1]

*Third*, even if the Court were to construe counsel's e-mail request as a formal request for production under Rule 34, and even if Triadou's nonconformity with the Local Rules and this Court's Rules could be forgiven, any motion to compel should be denied because Triadou is not entitled to seek discovery yet. Under Rule 26 "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). There has not yet been a Rule 26(f) conference, and no other rule, stipulation, or order permits Triadou to propound discovery requests at this time. *See, e.g., Fox v. Poole*, No. 06 Civ. 148, 2006 WL 2528535, at *2 (W.D.N.Y. Aug. 31, 2006) ("As for his motion to compel discovery, the clock has not begun to run for discovery to commence or for defendants to respond to discovery demands. Plaintiff's motion did not include a copy of the outstanding demands (if any). Under Rule 26(f) but except in categories of cases exempted from initial disclosure, the parties first need to meet and confer regarding discovery and then have the Court issue a Scheduling Order establishing deadlines and parameters for discovery, *see also* Fed. R. Civ. P. 16(b).").

---

[1] Of course, we recognize that parties often conduct discovery less formally, such as by requesting follow-up documents by letter or in e-mails. *Employers Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co.*, No. CV 2005-0620 (JFB) (MDD), 2006 WL 1120632, at *2 (E.D.N.Y. Apr. 26, 2006) ("[I]t is a commonplace practice among attorneys in these two districts [*i.e.*, the Southern and Eastern Districts of New York] to utilize less formal methods for making discovery requests and, in particular, to follow-up oral requests for documents made at a deposition with a confirming letter."). But in those cases, there has almost uniformly been some formal initial discovery demand – particularly where the producing party requires one – and any discovery is timely.

*Fourth*, if the Court were to overlook all of the above and if the Court were to generously construe Triadou's letter motion as a request to take expedited discovery – that is, to obtain the sort of order contemplated by Rule 26(d)(1) – Triadou would have to make a showing of "reasonableness and good cause." *Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Triadou has failed to even mention this standard, let alone explain how its request meets it.

There is no "good cause" for expedited discovery in this case because, contrary to Triadou's assertions, the settlement agreement – no matter what it says – is not relevant to Triadou's pending motion to dismiss the interpleader complaint. Triadou argues, without benefit of citation, that "Almaty/BTA's settlement with the Chetrit Entities underscores that the Chetrit Entities do not face double liability (or a reasonable fear thereof) regarding the 'interpleaded fund' and that the Amended Interpleader Complaint should be dismissed as argued in Triadou's pending dismissal motion." But that is not the law.

To the contrary, the terms of the settlement between the Chetrit Entities and the Kazakhstan Entities (*i.e.*, BTA Bank and the City of Almaty) are entirely irrelevant to the pending motion to dismiss because "fear of double liability" in an interpleader action is determined at the time the interpleader is filed, regardless of subsequent developments. *See New York Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir.1983) (court properly adjudicated disposition of disputed funds in interpleader action even though competing claimants had defaulted); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 425 F. Supp. 2d 738, 742 (E.D. Va. 2006) ("[J]urisdiction over an interpleader action, once properly established, remains despite the fact that there is no longer a live dispute between any of the original defendant-claimants." (citing *Truck–A–Tune, Inc. v. Re*, 23 F.3d 60, 62 (2d Cir.1994))). The settlement between the Kazakhstan Entities and the Chetrit Entities does not deprive this court of jurisdiction to resolve the competing claims to the interpleaded funds, and is not relevant to the motion to dismiss.

Moreover, it is simply factually untrue that the Kazakhstan Entities released any claim to the interpleaded funds, and Triadou does not need to examine the settlement agreement to know that. As we reported to the Court at the time the settlement was executed, "Almaty and BTA Bank intend to pursue their claims to the interpleaded fund" in addition to their claims against Triadou, Mukhtar Ablyazov, Viktor Khrapunov, and Ilyas Khrapunov. (ECF No. 69). Entirely consistent with that statement – and inconsistent with the false notion that the Kazakhstan Entities abandoned any claim to the interpleaded fund – the Kazakhstan Entities filed a notice of voluntary dismissal of *only* their "counterclaims" against the Chetrit Entities. (ECF No. 71 (So-ordered)). The Kazakhstan Entities have never suggested that they released their claim to the interpleaded fund, did not withdraw their claim to the interpleaded fund, and in fact explicitly represented to the Court that they were pressing their claim to the interpleaded fund.

There is just no basis on which to conclude, as Triadou would have the Court do, that notwithstanding all indicia to the contrary, the Kazakhstan Entities actually released their claim to the interpleaded funds. Triadou's logic is tortured. The Kazakhstan Entities are seeking the interpleaded funds because they represent the profits of Triadou's investment of stolen assets,

3

and logically, this claim has been preserved along with the Kazakhstan Entities' crossclaims against Triadou.

But even if there were any force to their argument, it would not be relevant on a motion to dismiss, since a motion to dismiss is confined to the four corners of the plaintiffs' complaint and, as explained above, "fear of double liability" is determined at the time the action was filed without regard to subsequent developments. Indeed, even if Triadou were entirely correct and the Kazakhstan Entities actually somehow abandoned their claim to the interpleaded fund, dismissal of the interpleader would not be the appropriate result. Even then, the interpleader would be proper – because it was proper when filed – and the Court would retain jurisdiction to direct the distribution of the funds and to resolve any other outstanding claims. *See Truck-A-Tune, Inc.* 23 F.3d at 62-63 (holding that the "stakeholder properly invoked at least the rule interpleader jurisdiction" and that the "claimants' subsequent agreement eliminated the Court's obligation to decide between them, but did not deprive the Court of jurisdiction to order disposition of the property in conformity with the claimants' agreement"); *N.Y. Life Ins. Co.,* 700 F.2d at 95-96 (holding that when all but one claimant defaulted, those "subsequent defaults did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage").

Simply put, Triadou's letter motion is procedurally improper for a number of reasons. The settlement agreement, moreover, is irrelevant to the pending motion to dismiss, and so Triadou cannot demonstrate reasonableness and good cause for expedited discovery. When the parties actually begin to engage in discovery, Triadou can then make an appropriate document request in accordance with Rule 34 and any scheduling order from this Court, and the Kazakhstan Entities will respond accordingly. There is no reason for Triadou to short-circuit the ordinary discovery process.

For these reasons, Triadou's motion should be denied.

Finally, under Rule 37, this Court "must" order a party that makes a failed motion to compel to pay the reasonable expenses incurred in opposing the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(B). Nonetheless, and despite the fact that it is entirely contrary to law and this Court's rules, the Kazakhstan Entities do not seek their fees in connection with Triadou's letter motion. But this is the second time that Triadou has submitted a motion to this Court *without citing a single legal authority* that was flat-out wrong. (The first being Triadou's motion to stay its answer to Almaty's cross-claims, which this Court has already denied). In the future, the Kazakhstan Entities intend to seek their fees and expenses, where available, in responding to unsupported motions.

                                          Respectfully,

                                          /s/ Matthew L. Schwartz
                                          Matthew L. Schwartz
                                          Randall W. Jackson