# DICKSTEIN SHAPIRO LLP

1633 Broadway  |  New York, NY 10019-6708
TEL (212) 277-6500  |  FAX (212) 277-6501  |  dicksteinshapiro.com

Writer's Direct Dial:  (212) 277-6585
Writer's Direct Fax:  (212) 591-7897
E-Mail Address:  SkakelD@dicksteinshapiro.com

December 1, 2015

**Via ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York  10007

> Re:  *CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group, LLC v. Triadou SPV S.A. and City of Almaty*, **Case No. 15-CV-5345 (AJN)**

Dear Judge Nathan:

We represent Interpleader and Crossclaim Defendant Triadou SPV S.A. ("Triadou") and submit this reply letter in response to the letter filed by the City of Almaty ("Almaty") and BTA Bank JSC ("BTA") on November 25, 2015 (ECF No. 79), and in support of Triadou's earlier letter motion (ECF No. 77).  Almaty/BTA's one-off procedural arguments ignore the fundamental reason for Triadou's request for the Settlement Agreement – that there are no "competing claims" *against the Chetrit Entities* for the Interpleaded Funds because of the Settlement Agreement, leaving only Triadou's claims against the Chetrit Entities concerning those Funds and Almaty/BTA claims *against Triadou*.  The Settlement Agreement thus bears directly on Triadou's pending motion to dismiss the Amended Interpleader Complaint because it underscores the absence of the requisite "competing claims" against the Interpleader Plaintiffs.

Initially, Triadou clarifies that its letter motion was not a motion to compel under Federal Rule of Civil Procedure Rule 37;[1] nor was its effort to obtain the Settlement Agreement grounded in the rules of discovery – which is why, as Almaty/BTA accurately note, Triadou did not cite those rules.  Much of Almaty/BTA's letter response therefore does not apply.

---

[1]   Almaty's and BTA's citation to Federal Rule of Civil Procedure 37(a)(5)(b) is therefore inapposite.  And it is also incomplete.  While the Rule does generally require payment of attorneys' fees upon a denial of a Rule 37 motion – which Triadou's letter was not – it also provides that "the court ***must not order this payment*** if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).  Given the public disclosure of the Settlement Agreement to the media, Triadou's request for the document is substantially justified.  Alternatively, given the unusual posture of this case, and Triadou's pending motion to dismiss, its effort to obtain the Settlement Agreement before the beginning of formal discovery would "make an award of expenses unjust."

Los Angeles  |  New York  |  Stamford  |  Washington, DC

3382024

**DICKSTEIN**SHAPIRO LLP

Hon. Alison J. Nathan
December 1, 2015
Page 2

Instead, Triadou's position is based on the substantive requirements of interpleader, fundamental fairness, and judicial economy; and its request is necessary and proper at this time given the rather unusual procedural posture of this case. For nearly a year, the Chetrit Entities refused to honor their contractual agreement with Triadou to pay the Interpleaded Funds and, in yet another avoidance mechanism, belatedly alleged a fear of double liability by virtue of Almaty's purportedly competing claim to those Funds. The Settlement Agreement, however, eliminates any reasonable fear (of which there was none) that Almaty/BTA will sue the Chetrit Entities for those funds.

Almaty/BTA are thus wrong that the Settlement Agreement's terms are "irrelevant" to Triadou's pending motion to dismiss the Amended Interpleader Complaint. Almaty/BTA Letter Resp. 3 (ECF No. 79). As a matter of law (and common sense), an interpleader defendant cannot settle, and nevertheless maintain, its claim against the interpleader plaintiff with respect to the interpleader funds. Nor are the cases on which Almaty/BTA rely to the contrary. Almaty/BTA cite no case where an interpleader stakeholder plaintiff settled with all but one interpleader defendant. Instead, Almaty/BTA cite *New York Life Ins. Co. v. Connecticut Dev. Authority*, 700 F.2d 91 (2d Cir. 1983), where two of the three adverse claimants-interpleader defendants to the interpleaded funds – a life insurance policy – initially refused to release their interests in the insurance policy, but subsequently defaulted in the interpleader action, and *Truck-A-Tune, Inc. v. Re*, 23 F.3d 60 (2d Cir. 1994), where two adverse claimants-interpleader defendants settled their competing claims. In *New York Life*, the Second Circuit found that the defaults did not render the interpleader action inappropriate, but "merely expedited its conclusion by obviating the normal second stage" of litigating the competing claims. 700 F.2d at 95. In other words, the Second Circuit found that the defaults reflected a resolution of adverse competing claims, not a lack thereof. Similarly, in *Truck-A-Tune*, the Second Circuit found that the district court properly retained jurisdiction to effect distribution of the interpleaded funds in accordance with the settling *claimants'* agreement. *Truck-A-Tune*, 700 F.2d at 62. In effect, this created the same circumstance as in *New York Life*: "[t]he claimants' subsequent agreement eliminated the Court's obligation to decide between them, but did not deprive the Court of jurisdiction to order disposition of the property in conformity with the claimants' agreement." *Id.*[2] Here, in contrast, Almaty/BTA did not settle *with Triadou* or other purportedly adverse claimants. Rather, Almaty/BTA settled with the Interpleader Plaintiffs, the Chetrit Entities. Unlike a settlement among competing claimant-interpleader defendants, the settlement between Almaty/BTA and the

---

[2] *Lincoln General Ins. Co. v. State Farm Mutual Automobile Ins. Co.*, 425 F. Supp. 2d 738 (E.D. Va. 2006), is likewise distinguishable. There, all but one of the purportedly adverse claimants to the interpleaded funds disclaimed their rights to those funds (insurance policy proceeds), while the stakeholder disputed the sole remaining claimant's right on statute of limitations grounds. The only dispute remaining was between the no-longer-disinterested stakeholder and the one remaining interpleader defendant. Such a dispute fundamentally differs from the current question the Court faces.

DICKSTEIN SHAPIRO LLP

Hon. Alison J. Nathan
December 1, 2015
Page 3

Chetrit Entities relates directly to the issue of whether the Interpleader Plaintiffs-Chetrit Entities face a reasonable fear of double liability.

Almaty/BTA misconstrue Triadou's argument as asserting that Almaty/BTA have abandoned their claim to the Interpleaded Funds. Almaty/BTA Letter Resp. 3 (ECF No. 79). To the contrary, Triadou acknowledges that Almaty/BTA may continue to pursue recovery of the Interpleaded Funds – really, the monetary equivalent of whatever damages they assert Triadou allegedly obtained through the investment – but must do so by pursuing their claims against Triadou, not the Interpleader Plaintiffs-Chetrit Entities with whom they have settled. Almaty/BTA most certainly have released *the Chetrit Plaintiffs* from any claims to the funds. As a result, the Chetrit Entities, the stakeholder in this interpleader saga, no longer face a reasonable fear of multiple liability because they cannot be sued by Almaty for disposition of the Interpleaded Funds. In turn, Almaty/BTA's avenue for pursuing the Funds is against Triadou (and the potentially joined Crossclaim Defendants).

Finally, even if the Court were to accept Almaty/BTA's position that the removal of the Chetrit Plaintiffs' fear of double liability by virtue of the Settlement Agreement does not merit dismissal of the Amended Interpleader Complaint, it would still "obviat[e] the normal second stage" of the interpleader proceeding, and would warrant prompt distribution of the Interpleaded Funds directly to Triadou. *New York Life Ins. Co.*, 700 F.2d at 95. As the cases Almaty/BTA cite acknowledge, a court may properly dispose of an interpleader action at one time where events "expedite[] . . . conclusion" of an interpleader action by "obviating the normal second stage." *Id*. Here, for the same reasons set forth above, if the Court finds interpleader to be available, the settlement between Almaty/BTA and the Chetrit Entities leaves no dispute involving the Chetrit Interpleader Plaintiffs, who admitted owing the Interpleader Funds and now should pay those funds to the only remaining claimant-interpleader defendant – i.e., Triadou. Thus, the Court need not engage in the typical second stage of an interpleader action used to determine to whom the interpleaded stake is owed.

Accordingly, the Chetrit Plaintiffs' Amended Interpleader Complaint should be dismissed, or alternatively, they should be ordered to distribute the Interpleaded Funds to Triadou. The Court will retain jurisdiction over Almaty/BTA Crossclaims against Triadou.

Respectfully submitted,

 s/Deborah A. Skakel
Deborah A. Skakel
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY  10019

3382024

**DICKSTEIN**SHAPIRO LLP

Hon. Alison J. Nathan
December 1, 2015
Page 4

cc:  Randall W. Jackson, Attorney for City of Almaty
     Matthew L. Schwartz, Attorney for City of Almaty
     David C. Segal, Attorney for the Chetrit Plaintiffs
     David Salhanick, Attorney for the Chetrit Plaintiffs