UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CF 135 Flat LLC et al.,

                Plaintiffs,

–v–

Triadou SPV S.A. et al.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 2 2 2016
```

15-CV-5345 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

On February 2, 2016, New York state court Justice Donna Mills granted Plaintiffs' request for a stay of state court proceedings related to this action. *See* Dkt. No. 93 Ex. A; Dkt. No. 94. However, this stay was subject to the condition that Plaintiffs "pay the $21 million in controversy into the New York State Court." Dkt. No. 94 at 1. Because Plaintiffs take issue with this condition, they now request that the Court "issue an injunction staying all of the state court proceedings, pending resolution of this action."[1] *Id.* at 2. For the reasons articulated below, Plaintiffs' request is DENIED.

I.    BACKGROUND

In August 2014, Defendant Triadou assigned its ownership interest in a limited liability company to Plaintiffs. Am. Comp. ¶ 8. In exchange, Plaintiffs agreed to pay Defendant Triadou $21 million in four installment payments. *Id.* Alleging that Plaintiffs had failed to make the installment payments, Defendant Triadou initiated a series of New York state court lawsuits against Plaintiffs. *Id.* ¶ 9. These state court proceedings are currently pending before Justice

---

[1] Plaintiffs alternatively phrase their request as a request to "enjoin any attempt by Triadou to enforce any judgment in the state court proceedings" before Justice Mills. Dkt. No. 94 at 3.

1

Donna Mills. Dkt. No. 94. At some point thereafter, Plaintiffs initiated this interpleader action against Defendant Triadou and Defendant Almaty. Based on the interpleader action, Plaintiffs went to the state court and requested a stay. *See* Dkt. No. 93. On February 2, 2016, Justice Mills issued an order granting the requested stay on the condition that Plaintiffs pay the $21 million in controversy to the New York state court. Dkt. No. 93 Ex. A at 12; Dkt. No. 94.

On February 17, 2016, Plaintiffs informed the Court of Justice Mills's decision and took issue with its "most problematic condition"—the requirement to deposit $21 million with the state court. Dkt. No. 94 at 1. In order to avoid compliance with this condition but still obtain the desired stay, Plaintiffs now request that this Court "issue an injunction staying all of the state court proceedings, pending resolution of this action." *Id.* at 2.

## II.   DISCUSSION

"[A] federal court presiding over [a Rule 22] interpleader action may stay pending state court proceedings involving the same interpled fund under the 'necessary in aid of its jurisdiction' exception to the Anti–Injunction Act." *Geler v. Nat'l Westminster Bank USA*, 763 F. Supp. 722, 727 (S.D.N.Y. 1991) (quoting *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991)). In order to grant such relief, however, "the usual standards for granting a preliminary injunction must be satisfied." *Id.* at 729. To obtain a preliminary injunction, "the moving party must show: (1) it will suffer irreparable harm absent the injunction and (2) a likelihood of success on the merits. *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999) (quoting *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996)) (internal quotation marks omitted).

Plaintiffs cannot demonstrate irreparable harm. In their letter, they suggest that they face the irreparable harm of "inconsistent judgments if the state court proceedings resume and/or

2

Triadou attempts to enforce the judgments it holds." Dkt. No. 94 at 3. While the risk of inconsistent judgments may be an irreparable harm justifying a stay, the state court has already issued a conditional stay. Dkt. No. 93 Ex. A at 12. Thus, the relevant inquiry here is whether complying with the state court's condition for obtaining the requested stay (i.e. paying $21 million to the New York state court) constitutes an irreparable injury. Although Plaintiffs allege that "Justice Mills' Order gives Plaintiffs no way to withdraw the stake from state court," Dkt. No. 94 at 2, it strains credulity to claim that Plaintiffs will be unable to recover their $21 million from the state court upon resolution of this interpleader action.

Furthermore, Plaintiffs previously represented to this Court that they were willing, if necessary, to deposit the interpleader funds into the state court to obtain a stay from that court. In their opposition to Defendant Triadou's motion to dismiss, Plaintiffs write:

> "As part of Plaintiffs' July 7, 2015 order to show cause in State Action 1, Plaintiffs stated that they would, *if (and only if) required by the state court as a condition of obtaining a stay*, deposit an amount equal to the judgment sum in that action . . . into *state* court. . . . Plaintiffs made this same conditional offer in State Action 2. . . . If the state court ultimately requires that a deposit must be made, then Plaintiffs will make the required deposit into state court."

Dkt. No. 39 at 19-20. Their prior consent to this condition seriously undermines their current argument that the condition constitutes irreparable injury.

## III. CONCLUSION

Because Plaintiffs cannot demonstrate that paying the $21 million of disputed funds to the New York state court constitutes an irreparable injury, particularly in light of their previous consent to this condition, Plaintiffs' motion is DENIED.

As a final note, Justice Mills's order provides that Plaintiffs "may seek to modify this order at such time as they can demonstrate that the money must be paid into the district court."

3

Dkt. No. 93 Ex. A. at 10.  Thus, if, at a later date, this Court orders Plaintiffs to deposit the interpleader funds with the Clerk of Court in this district, the Court will give Plaintiffs adequate time to apply to Justice Mills for appropriate relief from its state court obligations.

This resolves Dkt. No. 94.

SO ORDERED.

Dated: February 22, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge