

*Phone:   (212) 885-5148*
*Fax:     (917) 591-7897*
*Email:   dskakel@blankrome.com*

May 5, 2016

**VIA ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York  10007

    Re:    *CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group, LLC v. Triadou SPV S.A. and City of Almaty*, **Case No. 15-CV-5345 (AJN)**

Dear Judge Nathan:

    We represent Crossclaim Defendant Triadou SPV S.A. ("Triadou") and write to provide the Court with an update as to Triadou's motion for a receiver that was returnable before State Court Justice David B. Cohen yesterday morning.

    After several hours of negotiation (including in conference before Justice Cohen's Principal Law Clerk, Saul Stein), counsel for the parties executed the agreed Monitorship Order, which was then presented to and "so ordered" by Justice Cohen late yesterday afternoon (the "Monitorship Order").  (A copy of the Monitorship Order entered May 4, 2016 is attached as Exhibit 1.)  Counsel for Crossclaim Plaintiffs City of Almaty and BTA Bank JSC (together, "Almaty/BTA"), Daniel Boyle of Boies Schiller, was present at and fully participated in the negotiations and conferences, and, importantly, took part in approving the substantive terms of the Monitorship Order–the core, provisions of which were taken from the Stipulation provided to this Court on April 28, 2016 (ECF Doc. 127).

    Pursuant to paragraph A of the agreed Monitorship Order, retired State Court Commercial Division Justice Herman Cahn has been appointed as Monitor.  It is my understanding that Justice Cahn met with counsel for Triadou and counsel for the Chetrits earlier today, and commenced his Monitorship.

The Chrysler Building 405 Lexington Avenue  New York, NY 10174-0208

www.BlankRome.com

Boca Raton • Cincinnati • Fort Lauderdale • Houston • Los Angeles • New York • Philadelphia • Pittsburgh • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington

200663.00001/102232280v.1



The Honorable Alison J. Nathan
May 5, 2016
Page 2

Given these developments, Triadou respectfully submits that Almaty/BTA cannot establish irreparable harm and therefore cannot prevail on their preliminary injunction motion. While we have not overlooked paragraph J of the agreed Monitorship Order,[1] the fact that the Chetrits' attorney signed the agreed Order, and Almaty/BTA's attorney participated in the discussions that resulted in the agreed Order wholly undermines the already speculative notion that the appointment of the Monitor will irreparably damage the Flatotel condominium project. The entry of the agreed Monitorship Order thus obviates the need for the testimony of Matthew Meltsner, Jehoshua Graff, and expert Lee Eichen – all of whom were proffered by Almaty/BTA in an effort to establish irreparable harm.[2]  And given that the Chetrits submitted these same three affidavits in opposition to the receiver motion, but nevertheless signed the agreed Monitorship Order, a legally sufficient irreparable harm argument based on the appointment of the Monitor no longer exists.

Because Almaty/BTA cannot establish irreparable harm, Triadou respectfully submits that there is no meritorious reason why the evidentiary hearing should go forward on May 19, 2016, as Almaty/BTA cannot prove the most critical of the three prerequisites to obtain a preliminary injunction.  Thus, moving forward with the evidentiary hearing will unnecessarily waste judicial resources and force the parties to incur expense that need not be incurred. *Greer v. Mehiel*, 2016 WL 828128, *3 (S.D.N.Y. Feb. 24, 2016) ("an evidentiary hearing is required [on a preliminary injunction motion] only if there are 'essential facts' in dispute").  At a minimum, the direct testimony affidavits of Messrs. Meltsner, Graff, and Eichen should now be struck, obviating the need for cross examination of those three "irreparable harm" witnesses.

Thank you for your consideration.

Respectfully submitted,

  s/Deborah A. Skakel
Deborah A. Skakel

---

[1] Paragraph J provides:  "Nothing herein shall constitute an admission by any party, and no party waives any rights, defenses or claims not set forth in this agreed order."  Ex. 1.

[2] Pursuant to the Court's April 27, 2016 Order (ECF Doc. 122), we emailed Your Honor earlier today, setting forth Triadou's objection to the untimely submission of the Meltsner and Graff Affidavits.  Assuming Your Honor does not strike those two affidavits, they should nevertheless be rejected now, as either contrary to or mooted by the entry of the agreed Monitorship Order.



The Honorable Alison J. Nathan
May 5, 2016
Page 3


cc:     All Counsel of Record (*via* ECF)