# Exhibit 2

**Skakel, Deborah**

Subject: FW: NYSCEF Notification: New York - Commercial (General) - <LETTER / CORRESPONDENCE TO JUDGE> 653462/2014 (TRIADOU SPV S.A. - v. - CF 135 FLAT LLC et al)

**From:** efile@nycourts.gov [mailto:efile@nycourts.gov]
**Sent:** Tuesday, May 3, 2016 11:49 PM
**To:** natasa.colovic@peyrotlaw.com; Phil Smith <psmith@kravit.com>; dsalhanick@ssglaw.com; efile@nycourts.gov; david.vanleeuwen@peyrotlaw.com
**Subject:** NYSCEF Notification: New York - Commercial (General) - <LETTER / CORRESPONDENCE TO JUDGE> 653462/2014 (TRIADOU SPV S.A. - v. - CF 135 FLAT LLC et al)



# *New York County Supreme Court Notification 05/03/2016*

This is an AUTOMATED response for Supreme Court / Court of Claims cases.
*Please retain this notification for your records.*

The NYSCEF web site has received documents from the filing user, **DAVID SALHANICK**, for the following case/claim.

## Case Information
Index #: **653462/2014**
Short Caption: **TRIADOU SPV S.A. - v. - CF 135 FLAT LLC et al**
Assigned Case Judge: **David B Cohen**

## Filing User Information
User Name: **DAVID SALHANICK**
Phone Number: **212-725-9300**
Fax Number:
Email Service Address: dsalhanick@ssglaw.com
Work Address: **404 Fifth Avenue, 5th Floor, New York, NY, 10016**

## Documents Filed
*(To view a document, click the document type link)*

| Doc # | Document Type | Additional Doc Info | Special Instructions | Filed Date |
|---|---|---|---|---|

| 162 | LETTER / CORRESPONDENCE TO JUDGE | re; Motion for a Receiver<br>**Motion #: 008** | | 05/03/2016 |
|---|---|---|---|---|

For any procedures specific to the assigned Judge, please consult the county protocol and/or the part rules.

## E-mail Service Notifications Sent

| Name | Email Address |
|---|---|
| DAVID SALHANICK | dsalhanick@ssglaw.com |
| DAVID VAN LEEUWEN | david.vanleeuwen@peyrotlaw.com |
| PHILIP SMITH | psmith@kravit.com |

*THIS E-MAIL IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND FOR THE PURPOSES OF THE NEW YORK STATE COURTS ELECTRONIC FILING SYSTEM. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR A PERSON DESIGNATED TO RECEIVE MESSAGES ON BEHALF OF THE INTENDED RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY. THANK YOU.*

**Hon. Milton A. Tingling , New York County Clerk and Clerk of the Supreme Court**
**Phone:** 646-386-5956   **Website:** http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

# SUKENIK, SEGAL & GRAFF, P.C.

ATTORNEYS AND COUNSELORS AT LAW

450 SEVENTH AVENUE, 42ND FLOOR
NEW YORK, N.Y. 10123

212-725-9300 PHONE
212-481-5520 FAX

May 3, 2016

**Via NYSECF and Hand Delivery**

The Honorable David B. Cohen, J.S.C.
Supreme Court of the State of New York
Part 58
111 Centre Street, Room 457
New York, New York 10013

                 Re:    *Triadou SPV S.A. v. CF 135 Flat LLC, et al*
                            Index No. 653462/2014
                            Issue: Motion for Receivership

Dear Justice Cohen:

       This firm represents defendants CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group LLC ("Defendants") in the above-referenced action. I write to bring Your Honor up-to-date with recent developments in the related federal court action entitled *CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group LLC v. Triadou SPV S.A. and City of Almaty* (1:15-cv-5345)(AJN) (the "Related Action"). These developments impact upon plaintiff Triadou SPV S.A.'s ("Plaintiff") motion for a receivership (the "Receivership Motion") which will be heard by Your Honor tomorrow.

       The Receivership Motion, brought by Order to Show Cause on April 11, 2016, plainly seeks the appointment of a receiver with managerial control of, and decision-making authority over, the entire Flatotel project. The Order to Show Cause (NYSCEF Doc. No. 135) asks for "a receiver to be appointed over defendant judgment debtors CF 135 Flat LLC and CF 135 West Member LLC and CF 135 West Member LLC's limited liability company ("LLC") membership interests in 135 West 52nd Street Holder LLC." Plaintiff's moving affirmation (NYSCEF Doc. No. 143 at ¶18) further states that:

> [I]f a receiver is appointed over Defendant 135 West Member and its membership interest in 135 West 52nd Street Holder LLC, that receiver will have the power to exercise control over the Fee Owner, Mezz, and the development of the Flatotel Condominium project which is essential to the effective marshaling of assets for the satisfaction of Triadou's Judgments.

1

Nonetheless, at an April 27, 2016 hearing in federal court regarding Almaty's pending motion for a preliminary injunction, Plaintiff suddenly switched gears and told the federal court that the receiver it seeks in state court would be "limited" in scope and lack authority to manage the project. After both this firm's and Almaty's attorneys advised the federal court that such position squarely contradicted Plaintiff's state court motion papers, Judge Nathan ordered the parties to "meet and confer . . . about the possibility of limiting the state court motion for receivership." (*see* the docket entry for Judge Nathan's Order, a copy of which is appended hereto as "Exhibit A")

To comply with Judge Nathan's Order, on April 28, 2016, the parties executed a Stipulation (NYSCEF Doc. No. 154) narrowing the scope of the Receivership Motion to conform to Plaintiff's representations in federal court. Under paragraph 1 of the Stipulation, Plaintiff's proposed receivership would allow "the existing managers of 135 West 52nd Street Owner LLC and the Flatotel Condominium to exercise complete control over the development and operations of the Flatotel Condominium without interference by, or the consent of, the Receiver, unless specifically ordered by the Court upon a proper application." Additionally, under paragraph 2 of the Stipulation, "any Receiver appointed by order of this court shall be barred from making distributions until the pending motion for a preliminary injunction submitted by the City of Almaty and BTA Bank in [the Related Action] has been decided." Almaty's motion for a preliminary injunction will be heard by the federal court on May 19, 2016.

To be clear, the parties' execution of the Stipulation does not mean that Defendants consent to Plaintiff's newly "limited" receivership. In fact, for the reasons set forth below, Defendants oppose the imposition of *any* receivership. The Stipulation's function is simply to limit the relief which Plaintiff may seek tomorrow before Your Honor. Indeed, paragraph 3 of the Stipulation provides in relevant part that "the parties expressly acknowledge and agree that Defendants do not consent to the appointment of any receiver and that the effect of this Stipulation is simply to limit and/or clarify the relief sought by Plaintiff in its receivership motion."

While Plaintiff's agreement to limit its application is a step in the right direction, Plaintiff's proposed receivership, and indeed any sort of receivership, would have profoundly negative impacts on the project. Further, the imposition of a receivership would moot several of Almaty's claims in the Related Action. As such, no receivership should be imposed.

*First*, it is absolutely essential for the successful completion of the project that determinations as to which funds are earmarked for "distributions" and which funds are used to pay project expenses (*e.g.*, contractor bills, marketing costs, and other development costs) are made by the current project managers, not the receiver. Under the receivership proposed by Plaintiff at last week's federal hearing and in its reply papers[1], *most* managerial decisions would be made by existing project managers, but the receiver would determine how the funds received from closings are appropriated. Such proposal is immensely problematic, as allowing a receiver to

---

[1] Importantly, under paragraph 1 of the Stipulation, even if the Receivership Motion is granted, all managerial control would be vested with the existing managers. Because the Stipulation limits the relief which Plaintiff may seek in the Receivership Motion, the position taken by Plaintiff at the federal hearing and in its reply papers that the receiver should be entitled to control expenditures must be rejected.

2

make spending determinations jeopardizes the project's completion. It is obvious that the existing project managers, who are intimately familiar with the project's requirements, are best positioned to determine what bills should be paid in order to finish the project. There is no reason for a receiver to make those decisions. Plaintiff's proposal, under which existing project managers would have authority to approve work on the project but lack authority to authorize payments for such work, makes no sense.

*Second*, because Plaintiff's proposal in paragraph 1 of the Stipulation asks that this Court establish a receiver over CF 135 Flat LLC and CF 135 West Member LLC – the entities themselves – rather than simply over the judgment debtors' share of the funds generated by condo sales, the Attorney General may need to be informed of the receivership and the condo plan may have to be resubmitted. As discussed in Defendants' earlier filed opposition papers, the delay associated with these requirements may push back scheduled closings and deter future buyers, putting the entire project at risk.

*Third*, in the current highly-saturated and ultra-competitive New York luxury condominium market, the imposition of *any* sort of receiver over the Flatotel project or its finances will strongly discourage prospective buyers from considering a Flatotel condominium. The negative perception created by the extensive reporting which is sure to follow the installation of a receiver will put the project at a profound competitive disadvantage in the marketplace. The imposition of a receiver may also provide a window for existing buyers - who may argue that the existing condominium conversion plan is insufficient - to try to withdraw from their purchase contracts. Should that occur, expensive and unnecessary litigation will surely follow.

*Fourth*, the imposition of any receiver would effectively moot many of Almaty's claims against Plaintiff in the Related Action. Almaty has raised claims against Plaintiff in the Related Action to set aside Plaintiff's existing state court judgments under CPLR §5239 and also for conversion and unjust enrichment, alleging that the funds used to obtain the subject assigned interest were unlawfully obtained. If Almaty successfully proves these allegations, there is little doubt the Plaintiff's existing judgments will be nullified, as CPLR §5239 empowers courts to "vacate [an existing] execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded," and CPLR §5015(a)(2) authorizes courts to vacate judgments on the basis of newly discovered evidence. Therefore, if Almaty "wins" in federal court, Plaintiff's judgments against Defendants will disappear and Almaty will be entitled to a judgment against Plaintiff. However, should Plaintiff – an alleged foreign money laundering enterprise – be permitted to recover project distributions through a receiver, Almaty's efforts will be for naught. Any funds recovered by Plaintiff through the receiver will be immediately spirited out of the country and will be unavailable for Almaty's future recovery.

In its reply papers, Plaintiff tries to paint the above arguments as unsupported speculation. However, there is ample evidence to support Defendants' contentions. Today, in advance of the May 19, 2016 evidentiary hearing on its motion for a preliminary injunction, Almaty caused affidavits to be executed by (1) Matthew Meltsner ("Meltsner"), the Flatotel's project manager, (2) Jehoshua Graff ("Graff"), a real estate transactional attorney with our firm, and (3) Lee Eichen

3

("Eichen"), the managing director of Centerboard Group LLC, a real estate advisory firm[2]. Meltsner's affidavit clearly establishes that imposing a receiver with authority to control the project's funds would severely delay the project's completion. Graff's affidavit clearly establishes that submission of a revised condominium plan to the New York State Attorney General could substantially delay the project's completion, putting the entire project at risk. Eichen's affidavit clearly establishes that the imposition of any receiver would have a profoundly negative impact on the marketability of unsold condominiums at the Flatotel, may be seized upon by existing buyers as a pretense for breaking their contracts (leading to litigation), may substantially delay the project's completion, and may damage longstanding relationships with contractors, vendors, and suppliers.

The Court should take these newly executed affidavits from the Related Action into consideration when deciding the Receivership Motion, as they provide overwhelming evidence that imposing a receivership would substantially damage the project. To that end, earlier today I filed a supplemental affirmation in opposition to the Receivership Motion (NYSCEF Doc. No. 158) attaching the aforementioned affidavits of Meltsner, Graff, and Eichen. Those papers are now part of the court record in this motion.

In order to avoid the multitude of proudly negative consequences which the imposition of a receiver would bring, the best and most reasonable solution is that which Defendants have continually suggested both to this Court and to the federal court: all distributions from the future sale of condominiums should be held in escrow pending the resolution of Almaty's claims in the Related Action. That is the one and only way to guarantee that those funds will be available to whatever claimant – Plaintiff or Almaty – is ultimately successful in the Related Action and to ensure the successful completion of the project.

Respectfully yours,

SUKENIK, SEGAL & GRAFF, P.C.

David Salhanick, Esq.

Ds/ms
cc: Kravit Partners LLC (via efile)

---

[2] Under Judge Nathan's scheduling order, Almaty was required to serve these affidavits on Plaintiff, but the affidavits have not yet been electronically filed in the Related Action.

# EXHIBIT A

5

## David Salhanick

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Wednesday, April 27, 2016 4:44 PM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:15-cv-05345-AJN CF 135 Flat LLC et al v. Triadou SPV S.A. et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 4/27/2016 at 4:43 PM EDT and filed on 4/27/2016
**Case Name:**     CF 135 Flat LLC et al v. Triadou SPV S.A. et al
**Case Number:**   1:15-cv-05345-AJN
**Filer:**
**Document Number:** 122

Docket Text:
**ORDER: The parties shall meet and confer within the next 24 hours about the possibility of limiting the state court motion for receivership. The parties shall submit a letter to the Court no later than noon on April 28, 2016 informing the Court of the result of these negotiations. An evidentiary hearing is scheduled from 9:30a.m. to 12:30 p.m. on Thursday, May 19,2016. Triadou and Almaty/BTA Bank shall each have a total of 90 minutes to present evidence (including cross examination, re-direct examination, etc.). And as set forth herein. SO ORDERED., ( Evidentiary Hearing set for 5/19/2016 at 09:30 AM before Judge Alison J. Nathan.) (Signed by Judge Alison J. Nathan on 4/27/2016) (ama)**

**1:15-cv-05345-AJN Notice has been electronically mailed to:**

Deborah A. Skakel     dskakel@blankrome.com, nylitigationdocketing@blankrome.com

David C. Segal     davidsegal@ssglaw.com

Matthew Lane Schwartz     mlschwartz@bsfllp.com

Randall Wade Jackson     rjackson@bsfllp.com, NYC_Managing_Clerk@bsfllp.com