# **Exhibit 35**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CF 135 FLAT LLC, CF 135 WEST MEMBER
LLC and THE CHETRIT GROUP, LLC,

        Interpleader Plaintiffs,

-against-

TRIADOU SPV S.A., CITY OF ALMATY, a
foreign city, and BTA BANK JSC,

        Interpleader Defendants.

---

CITY OF ALMATY, KAZAKHSTAN and BTA
BANK JSC,

        Crossclaim Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR
KHRAPUNOV, ILYAS KHRAPUNOV, and
TRIADOU SPV S.A.,

        Crossclaim Defendants.

---

15 Civ. 5345 (AJN) (SN)

## DECLARATION OF DAVID SEGAL

I, David Segal, hereby declare as follows under penalty of perjury:

1. I am a member of the law firm of Sukenik, Segal & Graff, P.C., attorneys for Interpleader Plaintiffs The Chetrit Group, LLC, CF 135 Flat LLC and CF 135 West Member LLC in the above captioned action, as well as in the following matters pending in New York State Supreme Court, New York County (collectively, the "State Cases"):

    a. Triadou SPV S.A. v. CF 135 Flat LLC, et al., No. 653462/2014 (Nov. 10, 2014);

  b. Triadou SPV S.A. v. CF 135 Flat LLC, et al., No. 650239/2015 (Jan. 26, 2015);

  c. Triadou SPV S.A. v. CF 135 Flat LLC, et al., No. 154681/2015 (May 11, 2015); and

  d. Triadou SPV S.A. v. CF 135 Flat LLC, et al., No. 156907/2015 (July 9, 2015).

2. On April 2, 2016, BTA Bank and the City of Almaty filed a motion for a preliminary injunction seeking an order enjoining enforcement of any judgments received by Triadou SPV, S.A. in the above referenced state court proceedings. On behalf of our clients, we have no objection to the relief requested in that motion.

3. On April 8, 2016, Triadou SPV, S.A. filed a motion in the State Cases for the appointment of a receiver. The reason that Triadou gave for needing a receiver was its claim that "Mr. Chetrit continues to thumb his nose at Triadou, however, and it is extremely unlikely he will authorize the LLCs owned by the Defendants [i.e., the Chetrit companies] to distribute cash through the chain of control to the Defendants while Triadou's judgments are outstanding . . . Leaving the Defendants and their interest in the LLCs in Mr. Chetrit's hands virtually assures that Defendants will never receive the funds to which they are entitled under the relevant operating agreements because there is no one to oppose Mr. Chetrit's wishes as to how funds are distributed through the chain of LLCs to Defendants." (Mem. Of Law at 8)

4. In other words, Triadou claimed that it was concerned that Joseph Chetrit would cause the proceeds from the Flatotel development to bypass CF 135 Flat LLC and 135 West Member LLC, frustrating Triadou's judgment.

5. That concern is totally unfounded, and the Chetrit companies are prepared to take action to prove that it is unfounded. Specifically, Joseph Chetrit, The Chetrit Group, CF 135 Flat

LLC and 135 West Member LLC will stipulate that they will direct that any distributions due to them on account of their interest in the Flatotel (including but not limited to distributions due on account of Triadou's former interest in the Flatotel), up to $21 million plus interest as demanded in the State Cases, to be paid into an escrow account.[1] Triadou will then be free to attempt to enforce its judgments against the funds in escrow, subject to any steps that the City of Almaty or BTA Bank may take to assert their claims.

6. As Joseph Chetrit explained in a March 10, 2016 affidavit submitted in the State Cases, assuming condominium sales and closings continue as scheduled – and appointment of a receiver may frustrate, delay or otherwise complicate many scheduled closings – then by May of 2016 the mortgage on the property will be paid off and any final construction expenditures and other payables will be paid, and the escrow account will begin to be funded.

Dated: New York, New York
April 20, 2016

_____
David Segal

---

[1] Aside from CF 135 Flat LLC and 135 West Member LLC, there is a minority interest holder who is entitled to distributions from the development and who is not involved in any of the present disputes. Triadou's receivership motion recognizes that the minority interest holder is entitled to its full distribution.