

*Phone:   (212) 885-5148*
*Fax:     (917) 591-7897*
*Email:   dskakel@blankrome.com*

May 12, 2016

**VIA ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York  10007

      Re:    *CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group, LLC v. Triadou SPV S.A. and City of Almaty*, **Case No. 15-CV-5345 (AJN)**

Dear Judge Nathan:

      Pursuant to the Court's May 9, 2016 Order (ECF Doc. 138), Triadou respectfully submits its response to the letter of Almaty/BTA Bank e-filed last night at 11:29 p.m. (ECF Doc. 139) with respect to the scope of their requested injunction (the "Letter").  Almaty/BTA cite no law supporting their argument that "an order enjoining Triadou from enforcing its judgments is the most appropriate safeguard here."  Instead, Almaty/BTA implicitly concede that they cannot establish irreparable harm from either the Monitorship Order or "asset flight," and have changed course today by filing an attachment motion (ECF Docs. 140-144).  This tactic underscores that Almaty/BTA are not entitled to any injunction, regardless of scope, for several reasons.

      <u>The Anti-Injunction Act Precludes the Requested Preliminary Injunction.</u>  The "breadth of the Act's prohibition is broad," and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."  *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970); *accord United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013).  No statutory exceptions, or the judicially created "stranger to the litigation" exception, apply.[1]

      <u>Almaty/BTA Have No Right to the $21 Million.</u>  Almaty/BTA seek to enjoin Triadou's collection of the $21 million *res* on the ground that Almaty/BTA have a superior right under CPLR § 5239 to that disputed "property," which they assert came about "from Triadou's assignment of [the Flatotel] interest purchased with stolen money."  ECF Doc. 117 (Reply Mem. at 5).  But this Court already determined that Almaty/BTA do not have a claim to the $21 million

---

[1]  The "necessary in aid of jurisdiction" exception does not apply because the Court dismissed the Interpleader Complaint, so there is no res or in rem proceeding upon which to predicate that exception. *Schurkman*, 728 F.3d at 136.  Likewise, the so-called "stranger" exception has not been recognized by any court in the Second Circuit.

The Chrysler Building 405 Lexington Avenue  New York, NY 10174-0208

www.BlankRome.com

Boca Raton • Cincinnati • Fort Lauderdale • Houston • Los Angeles • New York • Philadelphia • Pittsburgh • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington



The Honorable Alison J. Nathan
May 12, 2016
Page 2

interpleaded *res*. Mem. & Order (Mar. 18, 2016) (ECF Doc. 103).  To the extent Almaty/BTA claim a superior right to the Flatotel interest that was the subject of the Assignment Agreement between the Chetrits and Triadou, Almaty/BTA *have already obtained* that interest as part of their settlement with the Chetrits.  See ECF Doc. 110 (Kravit Aff ¶ 4); *see also* http:/www.wsj.com/articles/new-york-developer-resolves-lawsuit-with-kazakhstan-1447447731.  Almaty/BTA have not disputed this assertion.

   <u>There Is No Evidence that Triadou Intends to Frustrate Judgment.</u>  The main evidence on which Almaty/BTA rely for their "asset flight" argument comes from Nicolas Bourg, the alleged bribe-taker in the Crossclaims who by his own statement in a ***secretly recorded*** conversation has "nothing to lose."  Bourg Aff. Ex. 9 at 21.  The Letter also imputes to Triadou purported conduct by Mukhtar Ablyazov in connection with certain U.K. actions despite the fact that neither Ablyazov nor Ilyas Khrapunov currently has any ownership or economic interest in SDG (or Triadou), and SDG's CFO – who worked for SDG before and after the sale to Mr. Glatz – has testified that neither Ablyazov nor Khrapunov controls or has decision-making authority for SDG.  *See* Cerrito Aff. ¶¶ 3-5, 19-24.  Likewise, Triadou has stated openly that the $21 million will be invested in real estate in Switzerland owned by its parent SDG, which has assets in Switzerland exceeding $21 million.  Cerrito Aff. ¶¶ 17-18.  Indeed, Triadou has consistently urged Almaty/BTA to move this suit to Switzerland, where they have already commenced certain proceedings against SDG (*see* ECF Doc. 91 (Reply Mem. 8 n.17)).[2]

   Thus, Almaty/BTA have failed to show that Triadou intends to frustrate final relief here.  *See In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985) (finding intent to frustrate based on defendant's "'numerous'" and "'substantial efforts to hide and secrete assets,'" including lying in sworn testimony about existence of foreign bank accounts and violating TRO); *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Brookville CDO I Ltd.*, No. 08-Civ-9565, 2008 WL 5170178, at *8-9 (S.D.N.Y. Dec. 10, 2008) (noting need for "clear evidence of bad faith efforts to frustrate the entry of final judgment" to show irreparable harm).  No evidence exists of any efforts, bad faith or otherwise, by Triadou that would support finding irreparable harm.  Because Almaty/BTA cannot establish irreparable harm of any kind, Triadou renews its request that the Court cancel the upcoming evidentiary hearing.

              Respectfully submitted,

                 s/Deborah A. Skakel
               Deborah A. Skakel

cc:  All Counsel of Record (*via* ECF)

---

[2] Almaty/BTA's assertion that Triadou will improperly secrete funds and assets by paying its attorneys is not only offensive and unprofessional, but also lacks any good faith basis.