UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CF 135 FLAT LLC, CF 135 WEST MEMBER LLC and THE CHETRIT GROUP, LLC, | |
| Interpleader Plaintiffs, | |
| -against- | 15 Civ. 5345 (AJN) (SN) |
| TRIADOU SPV S.A., CITY OF ALMATY, a foreign city, and BTA BANK JSC, | |
| Interpleader Defendants. | |
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, | |
| Crossclaim Plaintiffs, | |
| -against- | |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
| Crossclaim Defendants. | |

## REPLY DECLARATION OF NICOLAS BOURG

I, NICOLAS BOURG, hereby declare as follows under penalty of perjury:

1.     I have read the May 11, 2016 Affidavit of Cesare Cerrito. I have met Mr. Cerrito multiple times, and I am aware he is a close associate of Ilyas Khrapunov ("Ilyas") and his extended family, and has served on the boards of a number of Ilyas and his family's companies. From my conversations with Ilyas, I learned that through SDG, Ilyas has loaned Mr. Cerrito funds to purchase property in Switzerland. Mr. Cerrito also currently maintains an office in the same building as Ilyas.

1

2.      I have reviewed the statements in the Cerrito Affidavit regarding the funding of Triadou SPV S.A. ("Triadou") from Telford International Limited. In the entire time I was the sole director of Triadou, I had no communications or meetings with either Gennady Petelin or his spouse, nor did I forward them any information about Triadou's operations or any of its investments.

3.      From my frequent conversations with Ilyas, I knew that the Petelins were related to Ilyas by marriage, and that their names would at times be used by Ilyas and his father-in-law Mukhtar Ablyazov ("Ablyazov") as nominees or purported owners of entities Ilyas and Ablyazov used to conduct business. They would only be used as fronts, however, and had no involvement in the operations of these entities. This information was consistent with the lack of any involvement by either of the Petelins in Triadou's investments. Indeed, another entity which is outwardly owned by the Petelins, but fully controlled by Ablyazov and Ilyas, is currently in arbitration with my business partner in Switzerland.

### *Assignment of Triadou's Interest in the Flatotel:*

4.      I personally negotiated the assignment of Triadou's interest in the Flatotel, at the direction of Ilyas, and the description of that assignment in the Cerrito Affidvait is incorrect and illogical. Cerrito's Affidavit says that the assignment was made because Triadou decided not to meet a capital call made by Chetrit. Under the operating agreement between Chetrit and Triadou, however, if a partner missed a capital call, that partner would either be diluted, or the counterparty could make that capital call instead, which would be treated as a loan at a generous interest rate.

5.      If Triadou did not want to make a relatively minor capital call, Triadou could

2

simply have declined to do so, in exchange for reduced profits from the project in the future. There would be no business reason to sell back the entire interest to Chetrit, at a substantial discount to Triadou's capital invested, just to avoid a capital call. The actual reason for the assignment was Ilyas' desire to remove assets from the United States in response to the litigation against his family in California.

### *Involvement of Philippe Glatz:*

6.      I have seen no documents or information regarding any due diligence of Philippe Glatz ("Glatz"), nor was I informed of any such due diligence while I was Triadou's director. From my discussions with Ilyas, I understood Glatz to be involved in medical clinics and have assets in Brazil, with no background in real estate development.

7.      I did not receive any inquiries or instructions from Glatz after his purported acquisition of SDG, which I believed was consistent with Ilyas' descriptions of Glatz as merely a front for Ilyas' continued control of SDG. Considering the significant expenditures needed for some of SDG and Triadou's investments, I believed that a legitimate acquirer of SDG and Triadou would be very involved in the company and its investments, which confirmed Ilyas' description of Glatz's role.

8.      While Glatz or his representatives may have attended some presentations I made to SDG's board at the direction Ilyas, I cannot recall him or his representatives asking me a single question or offering any comments regarding Triadou's operations or investments, and I continued to receive all instructions from Ilyas.

### *Termination as Director of Triadou*

9.      I was never fired by Triadou, and in fact, my employment was as an outside

3

consultant to SDG, not Triadou. In 2014, I was notified that I had been removed from the position as Triadou's sole director, but by that time I had successfully organized the registered fund in Luxembourg as I was asked to do by Ilyas. The delays in registering the fund were based on extensive scrutiny by regulators in Luxembourg, based in part on concerns over the involvement of the Khrapunov family.

10.     The travel expenses referred to in Cerrito's Affidavit were all incurred on travel with Ilyas, as business travel for Triadou. Ilyas prefers to travel by private jet and stay in five-star hotels, and when he and I traveled on business together, I did the same. These expenses were made at Ilyas' direction, and approved by him.


I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 14th day of May, 2016.

NICHOLAS BOURG

4