UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                 │
│ DATE FILED: JUL 1 8 2016             │
└─────────────────────────────────────┘
```

CF 135 Flat LLC *et al.*,

               Plaintiffs,

     –v–

Triadou SPV S.A. *et al.*,

               Defendants.

15-CV-5345 (AJN)

MEMORANDUM
AND ORDER OF
ATTACHMENT

ALISON J. NATHAN, District Judge:

On June 24, 2016, the Court granted the motion of the City of Almaty and BTA Bank

JSC (together, "Movants") for attachment of the assets of Triadou SPV, S.A. ("Triadou") under

Federal Rule of Civil Procedure 64 and New York Civil Practice Law and Rules ("CPLR")

§§ 6201(1), 6201(3), and 6212(a). Dkt. No. 175 at 23. The Court further ordered that, by June

29, 2016, Triadou would submit any objections to Movants' proposed order of attachment and

the parties would meet and confer and submit a proposed amount for Movants' mandatory

undertaking. *Id.* at 24. By letter dated June 29, 2016, Triadou advised the Court that the parties

were in agreement as to most of the terms of a revised proposed order of attachment prepared by

Movants, but that Triadou had two remaining objections that the parties were unable to resolve.

*See* Dkt. Nos. 182 (June 29 letter); 182-1 (revised proposed order of attachment). Movants

responded by letter dated July 5, 2016, urging adoption of their proposed order substantially as

submitted and over Triadou's objections. Dkt. No. 187. Triadou replied by letter dated July 7,

2016. Dkt. No. 189. The Court resolves Triadou's objections as set forth below and

substantially adopts Movants' proposed order with a modified undertaking provision.

## I.   ASSETS SUBJECT TO ATTACHMENT

Triadou first objects to one of the provisions in Movants' proposed order identifying the assets subject to attachment.  Specifically, Triadou submits that the attachment order should reach only funds held in escrow pursuant to the May 4, 2016 Monitorship Agreement, and, accordingly, language in the proposed order subjecting to attachment additional as-yet-unidentified property and debts of Triadou should be stricken.  Dkt. No. 182 at 1.  Triadou's sole argument in support of its position is that the parties' briefing on Movants' motion for attachment "focused on the monitorship account and [Movants] argued repeatedly that Triadou had no other assets in the jurisdiction."  *Id.*  As Movants correctly note, however, the express terms of the original moving papers made abundantly clear that Movants sought to attach "all assets belonging to Triadou in this jurisdiction, specifically including (*but not limited to*) those held in escrow . . . pursuant to the Monitorship Agreement."  Dkt. No. 141 at 22 (emphasis added).  The Court granted the motion for attachment without qualification, *see* Dkt. No. 175 at 23-24, and Triadou – which declined to raise any argument in its opposition briefing regarding the scope of the requested attachment – cannot credibly now claim surprise or other undue prejudice.

As Triadou concedes on reply, New York law authorizes attachment, where appropriate, of any "debt or property against which a money judgment may be enforced."  CPLR § 6202. Courts in this District have approved accordingly broad attachments of defendants' assets.  *See, e.g.*, *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 305 F. Supp. 2d 340, 348 (S.D.N.Y. 2004) (plaintiffs entitled to order of attachment "with respect to any assets of those defendants in the State of New York"); *Bank of China, N.Y. Branch v. NMB L.L.C.*, 192 F. Supp. 2d 183, 185, 191-92 (S.D.N.Y. 2002) (approving attachment of "any of the Defendant's assets in New York"

with limited stay for property that was subject of ongoing bankruptcy proceeding). Triadou does not provide, and the Court is not aware, of any support in the law for the restrictive limitation that it seeks.

Triadou requests, as an alternative to striking the above-referenced provision in full, that the provision be "revised to exclude Triadou's payment of legal fees and costs to its attorneys." Dkt. No. 182 at 1 n.2. In response, Movants concede that *bona fide* payments that Triadou actually makes to its counsel for legal services previously performed may not be attached, but argue, correctly, that any funds of Triadou held in attorney escrow accounts may be subject to attachment. Dkt. No. 187 at 2-3.

The precise contours of Triadou's request on this point are not clear to the Court. To the extent that Triadou seeks a broad carve-out for any funds held in attorney escrow accounts (a position that it appears to disavow on reply), such a request is clearly unsupported by New York law. *See, e.g.*, *Gala Enters., Inc. v. Hewlett Packard Co.*, 970 F. Supp. 212, 217 (S.D.N.Y. 1997) ("Funds placed into an escrow account are likewise subject to attachment. As a general matter, funds kept in an escrow account, such as an Interest on Lawyer Account, are funds of the client held by the attorney in his fiduciary capacity. . . . The mere fact that the escrow account is being held by a defendant's lawyer does not preclude attachment.") (internal citations omitted); *Potter v. MacLean*, 75 A.D.3d 686, 687 (3d Dep't 2010) (funds held by an attorney as a retainer for legal services to be rendered, "even if deposited in an escrow account, may be attached as long as they are subject to the judgment debtor's present or future control, or are required to be returned to the judgment debtor if not used to pay for services rendered") (internal quotation marks omitted). To the extent that Triadou seeks an explicit exception for earned fees paid to counsel for legal services previously rendered, such funds – as Movants concede – are ordinarily

3

not subject to attachment in the first place, and no express provision to that effect is required. *See Gala Enters.*, 970 F. Supp. at 220-21 (nonrefundable earned fees paid to law firm not subject to attachment); *see also* 12 Carmody-Wait 2d, N.Y. Prac. § 76:121 ("Attachment will only lie against property of the debtor, and the right to attach is only the same as the debtor's own interest in it."). Should any dispute arise concerning the attachability of specific funds in the possession of Triadou's counsel, the Court will consider any applications to modify the attachment order as necessary at that time. *See JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482, 488 (S.D.N.Y. 2004). At present, however, the language in Movants' proposed order setting forth the property subject to attachment is substantially acceptable to the Court. For the sake of clarity, however, the Court will adopt Triadou's proposal on reply, Dkt. No. 189 at 2 n.3, of including in the order language limiting the attachment to assets in New York, the express target of Movants' motion. *See* Dkt. Nos. 141 at 22; 187 at 1-2.

## II.    AMOUNT OF UNDERTAKING

Triadou also objects to the amount of Movants' proposed undertaking. Dkt. No. 182 at 2-3. CPLR § 6212(b) requires, in pertinent part, that, "[o]n a motion for an order of attachment, the plaintiff shall give an undertaking, in a total amount fixed by the court, but not less than five hundred dollars." The purpose of the undertaking is to "indemnify the defendant for damages that may be sustained by reason of a wrongful attachment." *Allstate Ins. Co. v. Rozenberg*, No. 08-cv-565, 2009 WL 9081080, at *6 (E.D.N.Y. Jan. 26, 2009). Movants here propose an undertaking in the amount of $10,000 (which equates to roughly .014% of the approximately $69 million in assets subject to attachment). Dkt. Nos. 182-1 at 3; 187 at 3. Triadou maintains that

4

$10,000 affords it insufficient protection and counters with a proposed undertaking of $800,000 (roughly 1.2% of the attachment).  Dkt. Nos. 182 at 2-3; 189 at 2-3.

Courts in this District do not follow any set formula when determining an appropriate undertaking under § 6212(b).  In terms of percentage of the assets subject to attachment, both parties' positions, although sharply divergent, do find some support in the case law.[1]  The parties' submissions, moreover, identify a variety of competing considerations, including Movants' likelihood of success on the merits and Triadou's interest in ensuring its ability to recover from Movants (which are both foreign entities) in the event that it does prevail or the attachment is ultimately deemed wrongful.  Under the circumstances, the Court finds the approach recently taken by Judge Scheindlin in *In re Amaranth Natural Gas Commodities Litig.* instructive, and concludes that an undertaking in the amount of $200,000 (approximately .29% of the attachment) is appropriate to satisfy the goal of § 6212(b).  *See In re Amaranth Natural Gas Commodities Litig.*, 711 F. Supp. 2d 301, 313 (S.D.N.Y. 2010) ($72.4 million attachment on undertaking of $250,000 (.35%)); *see also JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 03-cv-5562, ECF No. 122 (S.D.N.Y. Mar. 23, 2004) ($200 million attachment on $500,000 undertaking (.25%)).[2]

---

[1] *Compare Bank of China*, 192 F. Supp. 2d at 185-86, 192 (confirming attachment of assets to satisfy $34 million claim on undertaking of $5,000 (.015%)); *and OSRecovery*, 305 F. Supp. 2d at 348 ($250 million attachment on undertaking of $100,000 (.04%)); *with N.Y. Dist. Council of Carpenters Pension Fund v. KW Construction, Inc.*, No. 07-cv-8008, 2008 WL 2115225, at *6 (S.D.N.Y. May 16, 2008) (approximately $1.1 million attachment on $50,000 undertaking (4.5%)).

[2] The Court notes that, if Triadou ultimately prevails on the merits or the attachment is deemed wrongful, Movants' liability to Triadou "shall not be limited by the amount of the undertaking."  CPLR § 6212(e).

### III.    CONCLUSION

Movants having moved for an order of attachment directed to the assets of Triadou in New York upon (a) the Memorandum of Law in Support of Movants' Motion for an Order of Attachment, (b) the May 2, 2016 Declaration of Nicolas Bourg, (c) the May 3, 2016 Affidavit of Jehoshua Graff, (d) the May 2, 2016 Declaration of Abigail Tudor, (e) the May 14, 2016 Supplemental Declaration of Nicolas Bourg, (f) the testimony offered at the May 19, 2016 evidentiary hearing on this motion before the Court, (g) the May 31, 2016 Findings of Fact and Conclusions of Law submitted in Support of Movants' Motion for an Order of Attachment, (h) the June 20, 2016 Reply Findings of Fact and Reply Conclusions of Law submitted in Support of Movants' Motion for an Order of Attachment, and (i) all pleadings, papers and evidence submitted in connection with the above-captioned action, including the Answer and Crossclaims filed in this Court on October 12, 2015; from which the Court has found that Triadou has not brought any counterclaims against Movants, that the statutory grounds for attachment described in both CPLR § 6201(1) and CPLR § 6201(3) have been satisfied, and that Movants have demonstrated a probability of success on their unjust enrichment claim,  Dkt. No. 175 at 18, 20-22.

**NOW**, on the motion of Boies, Schiller & Flexner LLP, attorneys for Movants, sufficient cause being alleged therefore,

**IT IS HEREBY ORDERED** that Movants Motion for an Order of Attachment is **GRANTED**.

**IT IS FURTHER ORDERED** that, for good cause shown, the attorneys for Movants, Boies, Schiller & Flexner LLP, and their respective employees, are hereby specially appointed pursuant to Federal Rule of Civil Procedure 4.1 to act in the place and stead of the U.S. Marshal

for the Southern District of New York ("U.S. Marshal") to levy upon by service of this Order of

Attachment, but refrain from taking into actual custody, the following property:

(a) Any funds held in escrow by the Honorable Herman Cahn, pursuant to the

Monitorship Agreement dated May 4, 2016 between CF 135 Flat LLC, CF 135 West

Member LLC, the Chetrit Group LLC, and Triadou, or which may accumulate in such

escrow pursuant to the Monitorship Agreement in the future;

(b) Any other property in the State of New York, whether real or personal, tangible or

intangible, presently existing or hereafter arising, which could be assigned or

transferred as provided by CPLR § 5201, in which Triadou has an interest, to the

extent such interest, and upon any debts in which Triadou claims a right, as will

satisfy at least the sum of Movants' minimum recovery in this action,

$69,275,810.00.

**IT IS FURTHER ORDERED** that Movants shall post an undertaking in the amount of

$200,000 within ten days of this Order.

**IT IS FURTHER ORDERED** that having been served with this Order, pursuant to

CPLR § 6219, garnishees are directed to acknowledge in  writing to the U.S. Marshal, also

served on counsel for Movants, that the debt and property attached herein will be held on behalf

of the U.S. Marshal such that you, your agents, subdivisions, servants, officers, employees, and

attorneys, and all persons in possession of the property and/or debts described above, and all

persons acting in concert or participation with the foregoing, and all persons receiving actual

notice of this Order of Attachment, will refrain from directly or indirectly transferring, or

ordering, directing, or requesting or assisting in the transfer, or in any other way affecting the

value of, any such property or debt.

**IT IS SO ORDERED.**

Dated: July 18, 2016
New York, New York

Hon. Alison J. Nathan
United States District Judge