UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, <br><br> Plaintiffs, <br><br> -against- <br><br> MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., <br><br> Defendants. | No. 15-CV-05345(AJN) |

**VIKTOR AND ILYAS KHRAPUNOVS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO JOIN FBME BANK LTD.**

Defendants Viktor and Ilyas Khrapunov (the "Khrapunovs") respectfully submit this short brief in opposition to Plaintiffs City of Almaty, Kazakhstan and BTA Bank JSC's (together, "BTA/Almaty") motion to join FBME Bank Ltd. ("FBME") as a party to this action.

The Khrapunovs join in the arguments that Triadou SPV S.A. made in its motion to strike the joinder motion (ECF No. 223) and its substantive opposition to the motion (ECF No. 226).

In particular, joinder should be denied as a transparent attempt to frustrate the Khrapunovs' *forum non conveniens* arguments. BTA/Almaty have known about FMBE's involvement in the alleged money laundering scheme since at least the time they filed their original Crossclaims in October 2015. *See, e.g.*, Crossclaims ¶¶ 25, 111. Yet they did not seek to bring FBME into this case until eleven months later, after the Khrapunovs and Mukhtar Ablyazov pressed a *forum non conveniens* defense by clarifying to the Court that they consent to jurisdiction in Switzerland and would waive any statute of limitations defenses there. *See* ECF Nos. 208 at 21, 211 at 23.

The timing of the joinder motion suggests that BTA/Almaty are seeking to use FBME as an obstacle to a *forum non conveniens* dismissal.  The parties do not know, at this point, whether FBME is subject to jurisdiction in Switzerland or would waive any statute of limitations defenses.  And because FBME is under the control of a special administrator in Cyprus and has had its banking license revoked, it is not clear when or whether FBME will take a position on these issues.  *See* ECF No. 217 at 8 (noting that FBME is under special administration); *see also* Stelios Orphanides, "FBME Administrator Rules Out Loyalty Scheme Payment Before Court Ruling," Cyprus Business Mail (May 4, 2016) (noting the revocation of FBME's license in Cyprus).[1]  So while all of the defendants are in agreement that Switzerland is a suitable alternate forum for this case, FBME's joinder would re-open this issue.

In analogous circumstances, courts have rejected joinder as a forum-shopping tool when one party tried to join another party solely to defeat diversity jurisdiction.  In *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003), the court found that the plaintiff had unreasonably delayed moving for joinder because he "could have brought the instant motion any time over these five months."  This delay was "abundant" evidence that plaintiff's motive in moving for joinder was not really to join all of the defendants in one action, but rather was "a last resort" to defeat diversity jurisdiction.  *Id.* at 365; *see also Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 331 (S.D.N.Y. 2001) (rejecting claim that plaintiffs had "new evidence" and finding that delay of 18 months created reasonable inference that they had improper motive for joinder).  Similarly, in this case, BTA/Almaty's delay in moving to join FBME (whose lack of a Cyprus banking license raises questions about its ability to remain in

---

[1] *Available at* http://cyprusbusinessmail.com/?p=25664 (*last visited* September 26, 2016).

business and thus the collectability of any potential judgment) suggests that the real reason for the joinder is to defeat a *forum non conveniens* dismissal.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Triadou's filings, Viktor and Ilyas Khrapunov respectfully request that the Court deny BTA/Almaty's motion for joinder.

Dated: September 26, 2016
       New York, New York

                                      HOGUET NEWMAN REGAL & KENNEY, LLP

                                      ____/s/ John P. Curley__
                                      John J. Kenney
                                      John P. Curley
                                      Kathleen L. Lowden
                                      Hoguet Newman Regal & Kenney, LLP
                                      10 East 40th Street, 35th Floor
                                      New York, NY 10016
                                      Phone:  212-689-8808

                                      *Counsel for Viktor Khrapunov and*
                                      *Ilyas Khrapunov*