

BLANK ROME LLP
COUNSELORS AT LAW

*Phone:   (212) 885-5148*
*Fax:     (917) 591-7897*
*Email:   dskakel@blankrome.com*

February 8, 2017

**VIA ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et al. v. Mukhtar Ablyazov, et al.*,
            **No. 15-cv-5345 (AJN)**

Dear Judge Nathan:

      Triadou SPV S.A. ("Triadou") respectfully submits this letter in response to the letter motion of the City of Almaty and BTA Bank JSC (together, "Almaty/BTA") to compel Triadou to appear for a deposition in New York or London. (ECF No. 279). Almaty/BTA's request should be denied because they cannot overcome the presumption that Triadou should be deposed where its principal place of business is located.

      **Background.** On December 30, 2016, Almaty/BTA served a Rule 30(b)(6) deposition notice on Triadou, and Rule 30(b) deposition notices on Mukhtar Ablyazov and Viktor Khrapunov. Without discussing dates or locations with Triadou's counsel, Almaty/BTA noticed Triadou's deposition for January 25, 2017, in New York. Also on December 30, Almaty/BTA served an initial production of approximately 29,500 documents consisting primarily, if not entirely, of documents that appear to have been produced before in BTA's U.K. actions against Mr. Ablyazov.

      On January 4, 2017, Triadou's counsel called Almaty/BTA's counsel to alert them that Triadou planned to serve objections to the deposition notice, including with respect to the date. Triadou timely served written objections on January 13, 2017 (including an objection to the location and date) and, in its transmittal letter, requested a meet-and-confer. Also on January 13, the Khrapunovs' counsel indicated that Viktor Khrapunov's deposition must occur in Switzerland. On January 18, 2017, Triadou's counsel reiterated the request for a meet-and-confer.

      On January 23, 2017, Almaty/BTA's counsel proposed January 27 or 30, 2017, for the requested meet-and-confer, which, to accommodate all counsel, occurred telephonically on January 30. During the conference, Triadou offered to make its corporate representative(s) available in Switzerland during the week of March 6-10, 2017. Almaty/BTA accepted the proposed date, but indicated its preference to conduct the deposition of Triadou's corporate representatives in either New York or Spain, and noted that they had to research what would be involved in proceeding in Switzerland. The parties continued to discuss the issue over email (one of which included Almaty/BTA's suggestion to conduct the deposition in the U.K. rather than Spain); but, because the parties were unable to reach agreement, no depositions have been



The Honorable Alison J. Nathan
February 8, 2017
Page 2

scheduled. On February 3, 2017, Triadou and Almaty/BTA both served document productions concerning the instant litigation, each containing approximately 1,000 documents. Almaty/BTA filed their motion to compel three days later.

**Almaty/BTA Fail To Rebut The Residence Presumption.** As Almaty/BTA concede, "[t]here is a 'general presumption that a defendant will be deposed in the district of his residence.'" (ECF No. 279 (quoting *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 551 (S.D.N.Y. 1989))). If a defendant objects to a deposition noticed outside its residence or principal place of business, "the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location." *Dagen v. CFC Grp. Holdings Ltd.*, No. 00 CIV. 5682 (CBM), 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003). This presumption "'can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of' a different location."[1] *Id.* (quoting *In Re Livent Sec. Litig.*, 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002)). Almaty/BTA fail to meet their burden.

The general presumption remains strong here because Almaty/BTA were not "constrained in choosing the forum for litigation." *Dagen*, 2003 WL 21910861, at *2. Almaty/BTA chose to remove the original interpleader action to this Court and then pursue crossclaims in this Court, and have continuously opposed the defendants' efforts to move this litigation to a more convenient venue.[2] Whereas the court in *Mill-Run Tours* cited the "serious questions of personal jurisdiction" that would arise if the plaintiff had initiated the lawsuit elsewhere, 124 F.R.D. at 550, here, all presently joined defendants have consented to jurisdiction in Switzerland and waived any statute of limitations defenses they may have there. (ECF Nos. 174 at 9-12, 228 at 19-20, 232 at 23; *cf.* ECF Nos. 228 at 22 n.6 (reserving objection to personal jurisdiction); ECF No. 232 at 5-12 (moving to dismiss the instant action for lack of personal jurisdiction)).

Apart from the weight given to the Swiss residence presumption, Almaty/BTA fail to show that cost, convenience, and litigation efficiency militate compelling deposition in London or New York. London is unreasonable from a cost perspective because it requires Triadou's attorneys and witnesses to incur airfare and hotel expenses. New York is unreasonable from a convenience perspective. While Triadou has not yet fully identified who will act as corporate designees, any such representatives are active business people who reside in Switzerland, and requiring overseas travel would lead to unnecessary business interruption.

---

[1] Although Almaty/BTA cite *Mill-Run* for the proposition that the Court should consider criminal liability as a fourth factor, the court there declined to consider the deponent's "criminal difficulties." 124 F.R.D. at 551. The court noted: "It would be inappropriate for this Court to act as prosecutor and order him to be deposed here as a means of apprehending him." *Id.* While Triadou does not face any criminal liability, *if* Almaty/BTA now propose London in the hope of somehow embroiling Triadou in the U.K. actions, the Court here should reject that stratagem.

[2] While Almaty/BTA may argue to the contrary, their opposition to Triadou's memorandum seeking dismissal for lack of subject matter jurisdiction describes the Chetrits' filing of interpleader in New York as "preemptive," implying that Almaty/BTA would have filed here regardless of the interpleader suit. (ECF No. 278 at 4).



The Honorable Alison J. Nathan
February 8, 2017
Page 3

    Further, contrary to Almaty/BTA's representations, Swiss civil procedure requires "[t]he essential details of the [witness's] statement shall be placed on the record, which is then read out or given to the witness to read and thereafter signed by the witness. . . . *In addition, the statement may be recorded on tape, by video or by other appropriate technical aids.*" Ex. A (Code de Procédure Civile [CPC] [Swiss Civil Procedure Code] Dec. 19, 2008, art. 176, para. 1-2 (Switz.) (emphasis added)).[3] Despite the unusual procedures about which Almaty/BTA complain, courts order depositions in Switzerland. *See Little*, 2014 WL 1744824, at *3 (citing *United States v. Johnpoll*, 739 F.2d 702, 709 n.9 (2d Cir. 1984) and *Sturman*, 951 F.2d at 1481).

    Also undermining Almaty/BTA's motion is the fact that they seek to move only Triadou's deposition out of Switzerland. This suggests Almaty/BTA will proceed with deposing Viktor Khrapunov in Switzerland,[4] and thus will have to follow the Hague Convention and Swiss procedures to examine Viktor Khrapunov (at least) regardless of the Court's ruling here. As Triadou proposed from the outset, the parties should coordinate scheduling of any Swiss depositions to maximize efficiency and minimize costs. In any event, Almaty/BTA could have avoided the delay about which they now complain if they had raised deposition scheduling with defendants earlier in discovery (or at least before noticing the depositions), or if they moved more expeditiously after defendants raised location concerns.

    Similarly unpersuasive are Almaty/BTA's claims that Triadou has shown itself amenable to testimony in New York. Triadou's state court actions are motions for summary judgment in lieu of complaint or tax assessments – summary proceedings that do not involve witnesses and could not have been brought elsewhere. *See* ECF No. 161-1 at 15 (choice of law provision providing for exclusive jurisdiction in New York over the August 4, 2014 Assignment Agreement).[5] Nor does the prior testimony of Triadou's representative before this Court suggest that deposition in New York is convenient; it shows only that Triadou will abide by this Court's orders. *See* ECF No. 121 (ordering an evidentiary hearing over Triadou's objections and requiring in-person cross-examination).

    Almaty/BTA thus fail to overcome the presumption that Triadou's deposition should occur in its home jurisdiction of Switzerland, and their motion should be denied.

---

[3] Oddly, Almaty/BTA cite *United States v. Little*, 12-cr-647 (ALC), 2014 WL 1744824 (S.D.N.Y. Apr. 23, 2014), which ordered a voluntary deposition in Switzerland despite scenarios such as that in *United States v. Sturman*, 951 F.2d 1466, 1480-81 (6th Cir. 1991), where the magistrate assisting the parties refused to provide a verbatim transcript. Indeed, *Little* supports Triadou's position that courts order depositions to proceed in Switzerland despite claims of procedural difficulty.

[4] Triadou expects that Ilyas Khrapunov's deposition will also have to occur in Switzerland.

[5] *MPD Accessories B.V. v. Target Corp.* stands for the unremarkable proposition that a plaintiff is generally required to appear for deposition in an action in the forum in which it filed that action. No. 12 CIV. 7259 RJS, 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013). It does not support Almaty/BTA's implication that filing other actions affects the location of a defendant's deposition in the separate action in which it is a defendant.

**BLANK ROME** LLP
COUNSELORS AT LAW

The Honorable Alison J. Nathan
February 8, 2017
Page 4

2/15/17

SO ORDERED

/s/ Alison J. Nathan
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 1 5 2017

Respectfully submitted,

/s/ Deborah A. Skakel
Deborah A. Skakel

cc:   All Counsel of Record (*via* ECF)

The Kazakh Entities' motion to compel Triadou, based primarily in Switzerland, to produce a corporate representative for a deposition in New York or London is GRANTED as set forth below, and the request for an informal conference is DENIED as moot. The parties shall meet and confer and determine amongst themselves which jurisdiction is more mutually agreeable.

While it is true that there is "a general presumption that a defendant's deposition will be held in the district of his residence," a plaintiff may "overcome this presumption by showing peculiar circumstances favoring depositions at a different location," including such factors as "cost, convenience, and litigation efficiency." *Six West Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107-08 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Under the circumstances presented here, the Court finds that the time, expense, and unpredictability associated with obtaining testimony through the often cumbersome procedures established by the Hague Convention, *see e.g., Schindler Elevator Corp. v. Otis Elevator Corp.*, 657 F. Supp. 2d 525, 530 (D.N.J. 2009) ("utilization of Hague procedures [is often] slow and cumbersome and usually take[s] far longer than discovery procedures under the Federal Rules"), weigh strongly in favor of proceeding with Triadou's deposition in a jurisdiction outside of Switzerland. That is particularly so given the evident possibility that the depositions of certain individual Defendants – whose ability to travel may well be more restricted than the Triadou representative's – may yet have to take place in Switzerland, or some other Hague-Convention jurisdiction, out of sheer necessity. The Court is not insensitive to Triadou's interest in avoiding the business interruption potentially occasioned by the requirement that its representative travel abroad for a deposition. But even a deposition in Switzerland would likely divert the representative's attention and resources during the time necessary to prepare and testify, rendering the marginal inconvenience associated with travel a somewhat less compelling factor in the Court's calculus. With respect to the direct financial burdens on the parties, the cost of counsel – all of whom are based in New York – traveling to Switzerland would almost certainly surpass at least the cost of a single representative traveling to New York. And, in any event, the Court will require the Kazakh Entities to bear the reasonable expenses associated with the corporate designee's travel to and lodging in the jurisdiction ultimately selected by the parties, and to make every effort to schedule the deposition in a manner that minimizes the time commitment of the deponent and the disruption to Triadou's business. *See, e.g., Trusz v. UBS Realty Investors LLC*, 3:09-cv-268, 2011 WL 577331, at *8-10 (D. Conn. Feb. 8, 2011) (ordering deposition of Swiss witnesses to take place in the United States and in accordance with the Federal Rules of Civil Procedure, with plaintiff to pay witness's travel expenses); *Schindler Elevator*, 657 F. Supp. 2d at 528-534 (ordering Rule 30(b)(6) deposition of Swiss defendant to proceed in U.S. largely because proceeding under Hague Convention would unnecessarily delay discovery); *Ward-THG, Inc. v. Swiss Reinsurance Co.*, 96-cv-8100, 1997 WL 83294, at *1 (S.D.N.Y. Feb. 27, 1997) (permitting "limited number of depositions" of Swiss nationals to proceed in United States where requesting party was "willing to pay the costs associated with travel and subsistence for the witnesses in question . . . which in any event would be cheaper than having the lawyers travel to and sojourn in Switzerland"). This resolves Dkt. No. 279.

SO ORDERED.