

10 East 40th Street
New York, New York 10016

Tel  212.689.8808
Fax  212.689.5101
www.hnrklaw.com

jcurley@hnrklaw.com

April 11, 2017

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et. al.,*
      Case No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

      We represent crossclaim defendants Viktor and Ilyas Khrapunov in the above-referenced matter.  We also represent, for the limited purpose of contesting a February 24, 2017 Subpoena issued to Wells Fargo Bank, N.A. (the "Subpoena"), non-parties Gennady Petelin, Elena Petelina, and Svetlana Chepurnaya (the "Movants").  On March 15, 2017, we filed a letter setting forth our argument why the Subpoena should be quashed insofar as it seeks of Movants' bank records.  ECF No. 286.  Following the parties' March 28, 2017 conference before Your Honor, we write briefly to supplement our March 15, 2017 letter and our argument at the conference.

      Our March 15 letter argued why ordering the production of Movants' banking records would intrude on Movants' private, personal affairs.  Without repeating those arguments here, we note more broadly that the information the Subpoena seeks to obtain is irrelevant to this case and that therefore the Subpoena is unduly burdensome.  Federal Rules of Civil Procedure Rule 26 limits the scope of discovery to that which is "relevant to any party's claim or defense" while considering "whether the burden or expense of the proposed discovery outweighs its likely benefit."  And, under Federal Rules of Civil Procedure Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Regardless of whether Wells Fargo or the Petelins will bear the burden associated with responding to the Subpoena, "[i]f a subpoena compels disclosure of information that is not properly discoverable, then the burden it imposes, however slight, is necessarily undue."  *See AF Holdings, LLC v. Doe*, 752 F.3d 990, 994-95 (D.C. Cir. 2014); *see also* 1 Moore's Federal Rules Pamphlet §45.9[2] (Matthew Bender) ("A subpoena necessarily imposes an undue burden if it seeks information outside the scope of permissible discovery.").

The Hon. Katharine H. Parker
April 11, 2017
Page 2



        The Subpoena should be quashed to the extent it seeks the Movants' personal banking records.  Movants are not parties to this case, and their accounts were opened after the real estate investments at issue in this case were made.  This action centers around two real estate deals that Plaintiffs claim that defendant Triadou made using tainted money that was wired into New York in 2012 and 2013.  *See* ECF No. 288.   As set forth in the attached declarations, Movants' Wells Fargo accounts were not opened until 2014.  *See* Declaration of Gennady Petelin and Declaration of Elena Petelina, attached hereto as Exhibits A and B.

        At the March 28 conference, Plaintiffs argued that they need to see the Petelins' personal bank records from 2014 and later to test Triadou's position that the funds used in the real estate investments originated with a loan from an entity controlled by Movant Gennady Petelin called Telford International Limited ("Telford").  Plaintiffs argue that the Petelins' personal banking records are probative of whether any such loan was actually made, and they claim that they are entitled to check whether the Petelins' personal bank accounts received interest payments on the loan or repayment of part of the loan principal after one of the real estate investment was partially liquidated in August 2014.  *See* March 28, 2017 Mot. Hr'g Tr. at 18:17-23, 20:11-20, attached hereto as Exhibit C.

        It does not follow from this argument why the Petelins' personal banking records, as opposed to records concerning Telford, are relevant or discoverable here.  Indeed, Plaintiffs also seek records related to Telford, and we have not challenged that aspect of the Subpoena.  *See* ECF No. 288-1 at p. 7 (seeking all documents concerning "the entities", defined to include Telford and others).

        In short, the Subpoena should be quashed to the extent it seeks the Petelins' personal banking records or, in the alternative, narrowed to seek only documents concerning (i) any August 2014 transactions of $1 million (the amount that Triadou received when it exited one of the real estate investments); or (ii) interest payments made during the course of the Telford-Triadou loan.  To the extent BTA/Almaty is concerned that these payments may have come from entities other than Triadou, BTA/Almay may provide Your Honor with a list of companies to search for within the Wells Fargo transactions.

                                        Respectfully submitted,

                                        John P. Curley

                                        John P. Curley

cc:     All Counsel of Record (by ECF)