

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

April 19, 2017

**BY ECF AND HAND DELIVERY**

Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
> Case No. 15 Civ. 5345 (AJN) (KHP)

Dear Judge Parker:

We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") and write regarding the noticed deposition of defendant Ilyas Khrapunov. Khrapunov refuses to be deposed in any other location than Switzerland – a forum that Judge Nathan has already found is not suitable for U.S. discovery – based on nothing other than an unsubstantiated fear of being arrested if he travels. The Kazakh Entities respectfully request an order requiring Ilyas Khrapunov to sit for a deposition at a mutually-agreeable location pursuant to the Federal Rules.[1]

#### Relevant Background

On March 20, 2017, the Kazakh Entities served a deposition notice on Ilyas Khrapunov, through his counsel. *See* Exh. 1. All parties agree that it was Khrapunov who secured funding for the New York real estate investments at issue in this case: the Kazakh Entities allege that he conspired to invest money stolen by his father-in-law (defendant Mukhtar Ablyazov) and his father (defendant Viktor Khrapunov), while defendants claim that Khrapunov acquired funding from his sister's father-in-law, Gennady Petelin. Judge Nathan preliminarily found that the funds were traceable to Ablyazov. *See* ECF No. 175, at 6. Nonetheless, because the defendants continue to hide behind the Petelins, further evidence on this point is critical, and Khrapunov is obviously uniquely positioned to testify about whom he got the money from.

Recent disclosures highlight the need for Khrapunov's sworn testimony. Counsel for defendant Triadou SPV S.A. has disclosed that some or all of Khrapunov's e-mail accounts were intentionally destroyed in August or September of 2014 – four months *after* he was named as a defendant in a RICO action brought by the City of Almaty in California (filed on May 13, 2014). *See* ECF No. 219, ¶ 114. With his documents destroyed, there is an even greater need for Khrapunov's testimony as to his communications and financing of the investments at issue here.[2]

Considering the importance of Khrapunov's testimony, the Kazakh Entities offered to

---

[1]    In accordance with Your Honor's Individual Practices, the parties met and conferred on April 13, 2017 at 10:00 a.m. and could not reach a resolution on this issue.

[2]    Judge Nathan preliminarily found that the threat of that lawsuit in California precipitated the allegedly fraudulent transactions by Khrapunov in New York, *see* ECF No. 175, at 21, and the subsequent destruction of his documents raises extremely serious issues of possible spoliation.



conduct his deposition at a location in Europe, such as Spain or England, that would require only limited travel while ensuring a full deposition under the Federal Rules. But Khrapunov refuses to travel even within Europe to give testimony, claiming through counsel that he fears he will be arrested if he leaves Switzerland because he is the subject of an INTERPOL Red Notice. Instead, he demands to be deposed in Switzerland by a Swiss commissioner under the Hague Convention.

### Argument

Khrapunov's purported fear of arrest is neither credible nor a justification for evading a deposition under the Federal Rules. His demand to testify only under the limited Swiss Hague process is a transparent ploy to avoid giving full and admissible testimony. Khrapunov should be ordered to be deposed pursuant to the Federal Rules at a mutually-agreeable location, as Judge Nathan has already recognized that Switzerland is not an acceptable location because of the restrictions imposed on testimony under Swiss law. Moreover, Khrapunov's claimed basis for refusing to travel is factually baseless, and even if it were not, fear of arrest is not a legitimate excuse for avoiding a full deposition. To the contrary, courts routinely order parties to be deposed in locations that expose them to a legitimate fear of arrest.

As an initial matter, Khrapunov's proclaimed fear of travel is unsupported by any evidence. As Judge Nathan has already found, Khrapunov was added to INTERPOL's list of wanted persons at some time in 2012. *See* ECF No. 175, at 6. Since then, Khrapunov has remained at liberty, traveling both within Switzerland and internationally, including travel to the United States, the United Kingdom, Belgium, Greece, and various locations in Africa.

He has remained at liberty because an INTERPOL Red Notice is not an arrest warrant and does not compel anyone to be arrested. It is a notification that a person is wanted by a third country and that this country is seeking international police cooperation. *See* "Red Notices," INTERPOL, *available at* http://bit.ly/2o45fCb, *last visited* April 18, 2017 ("When INTERPOL publishes a Red Notice this is simply to inform all member countries that the person is wanted based on an arrest warrant or equivalent judicial decision issued by a country or an international tribunal. INTERPOL does not issue arrest warrants."). Khrapunov has remained at liberty despite traveling between Switzerland, Greece, the United States, and other INTERPOL member states. He has not offered any evidence establishing that traveling within Europe for a deposition would place him at a greater risk of arrest than he currently faces, although that is his burden to carry. *See Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13 CIV. 5032 ER KNF, 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014) (statements by counsel of party's fear of arrest are not evidence of inability to travel).

Yet even if Khrapunov's purported fear of arrest were credible, it would still not be justification for avoiding a deposition. "It is well settled under federal law that a party may not avoid a deposition to evade an outstanding warrant." *Erichsen v. Cty. of Orange*, No. CV 14-2357 JAK (SS), 2016 WL 6921610, at *5 (C.D. Cal. Mar. 31, 2016). Neither is a party's fear of arrest good cause to justify alternate testimonial arrangements. *See In re Emanuel*, 406 B.R. 634, 637 (Bankr. S.D.N.Y. 2009) (fear of arrest a "neither good nor compelling" reason for ordering alternate means of testimony); *see also Collazos v. United States*, 368 F.3d 190, 204 (2d Cir. 2004) (refusal to appear for deposition based on fear of arrest supported an adverse inference).

Khrapunov's real fear is of having to give admissible testimony. Khrapunov insists (through counsel) that he will testify only in Switzerland pursuant to the Hague Convention, but as courts – including this one, in this case – have recognized, the Swiss Hague procedures



present serious evidentiary issues. Depositions taken in Switzerland are conducted not by the parties but by a Swiss commissioner who provides only an abbreviated summary of the testimony. *See, e.g.*, *Triple Crown Am., Inc. v. Biosynth AG*, No. CIV.A. 96-7476, 1998 WL 227886, at *4 (E.D. Pa. Apr. 30, 1998) (deposition in Switzerland "would be conducted in German by a judicial officer who would issue a report from handwritten notes, that the proceedings could not be transcribed by a party and that the ability of any Swiss attorney engaged by a party to pose questions to a deponent is not assured."). Indeed, as noted, Judge Nathan already ordered Triadou's corporate representative to appear at a mutually-agreeable location over its objection, rather than in Switzerland, for precisely this reason. ECF No. 284.

In *Schindler Elevator Corp. v. Otis Elevator Co.* – a case relied on by Judge Nathan already here (ECF No 284, at 4) – the court denied a party's request to be deposed in Switzerland, finding that the Swiss Hague procedure "would not comport with the general procedures and practices of a deposition recognized by the Federal Rules" and that "[t]he differences between the procedures applicable to a Convention deposition and those applicable to a general 'question-and-answer' deposition under the Federal Rules raise legitimate concerns about the sufficiency of a Hague deposition and the specter of prejudice." 657 F. Supp. 2d 525, 531 (D.N.J. 2009). In short, Khrapunov's demand to be deposed under Swiss Hague procedures is merely an attempt to avoid probing questioning and to muddy the evidentiary record.

Khrapunov's unwillingness to be deposed under the Federal Rules is particularly suspicious in light of his previous refusals to provide sworn testimony. In litigation in the U.K. between BTA Bank and Ablyazov and Khrapunov, Khrapunov was found to be aiding Ablyazov's efforts to circumvent asset freezing orders, and ordered to provide testimony disclosing his assets. *See* Exh. 2 ¶¶ 10–12. Khrapunov declined to give testimony, and instead, invoked his privilege against self-incrimination. *Id.* It appears that Khrapunov is now resorting to the notoriously unreliable Hague process in hopes that he might save himself from having to invoke the privilege again – and the negative inference that would bring. *See Brinks Inc. v. City of New York*, 717 F.2d 700, 710 (2d Cir.1983).

Finally, Khrapunov cannot hide from discovery behind a purported fear of arrest while demanding discovery from the Kazakh Entities. If Khrapunov is truly remaining in Switzerland to avoid arrest, then he is a fugitive, and a fugitive cannot use the discovery process to his benefit while avoiding arrest. *See S.E.C. v. Roman*, No. 94 CIV. 3621 (SAS), 1996 WL 34146, at *1 (S.D.N.Y. Jan. 30, 1996). The fugitive disentitlement doctrine explicitly prevents a fugitive from avoiding discovery obligations while using the courts to gain evidence from his opponents, as "one who flaunts the legal system is not entitled to benefit from it." *Id.* Khrapunov has served numerous document requests and deposition notices on the Kazakh Entities, and received tens of thousands of documents in response (while he has produced virtually none). If Khrapunov prioritizes evading arrest over being deposed or participating in this lawsuit, then he has no right to seek discovery from the Kazakh Entities as they attempt to recover the assets his co-conspirators stole, and he should be barred from doing so going forward.

For the foregoing reasons, the Court should order Ilyas Khrapunov to be deposed at a mutually agreeable location under the Federal Rules. Thank you for your consideration.

Respectfully,

  /s/  Matthew L. Schwartz
Matthew L. Schwartz