UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

City of Almaty, Kazakhstan and BTA Bank JSC,

    Plaintiffs,

—v—

Mukhtar Ablyazov, Viktor Khrapunov, Ilyas Khrapunov, and Triadou SPV S.A.,

    Defendants.

15-CV-5345 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 0 2017

ALISON J. NATHAN, District Judge:

On December 23, 2016, the Court issued a Memorandum and Order (the "December 23 Order") dismissing with prejudice crossclaims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, asserted by the City of Almaty, Kazakhstan and BTA Bank JSC (together, the "Kazakh Entities") against Triadou SPV S.A. ("Triadou"), Mukhtar Ablyazov, Viktor Khrapunov, and Ilyas Khrapunov (together, the "Crossclaim Defendants"). The basis for the Court's decision – familiarity with which is assumed – was the Kazakh Entities' failure to satisfy the requirement, newly articulated by the Supreme Court, that private civil RICO plaintiffs "allege and prove a *domestic* injury to [their] business or property" in order to recover. *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2111 (2016) (emphasis in original). The Kazakh Entities, which continue to prosecute various state law claims on which the parties are currently engaged in discovery, now move for an order certifying the December 23 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt.

1

Nos. 263-64. Triadou and the Khrapunovs oppose. Dkt. Nos. 275-76. For the reasons that follow, the motion is DENIED.

"[A] district court may certify an appeal pursuant to 28 U.S.C. § 1292(b) when it is 'of the opinion that [the relevant] order [i] involves a controlling question of law [ii] as to which there is a substantial ground for difference of opinion and [iii] that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (brackets in original) (quoting 28 U.S.C. § 1292(b)). However, "'[d]istrict judges have broad discretion to deny certification even where the statutory criteria are met.'" *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 06-cv-15375, 2007 WL 1119753, *1 (S.D.N.Y. Apr. 12, 2007) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 146, 166 (E.D.N.Y. 1999) (characterizing "authority to deny certification even where the three statutory criteria are met" as "independent" and "unreviewable") (internal quotation marks omitted)). "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to rule on ephemeral questions of law that might disappear in light of a complete final record," and to "assure the prompt resolution of knotty legal problems." *Weber v. United States Tr.*, 484 F.3d 154, 159 (2d Cir. 2007) (internal quotation marks and brackets omitted). It was not, however, intended to function merely "as a vehicle to provide early review of difficult rulings in hard cases." *German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). Accordingly, and as the Court of Appeals has repeatedly cautioned, "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (brackets in original) (quoting

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 534 (S.D.N.Y. 2014) ("Interlocutory review is strictly reserved for exceptional cases and is especially rare in the early stages of litigation."). The circumstances presented here do not justify a departure from that policy.

Taking the second statutory prong first, the Court does agree with the Kazakh Entities that there exists a substantial ground for difference of opinion with respect to the December 23 Order. That requirement may be satisfied when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Lloyd's Am. Trust Fund Litig.*, 96-cv-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) (citing, inter alia, *Klinghoffer*, 921 F.2d at 25). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion," however, and district courts must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (emphasis in original) (internal quotation marks omitted).

The December 23 Order, as discussed at some length therein, analyzed an emergent and potentially difficult issue presented by the Supreme Court's decision in *RJR Nabisco*: just what constitutes a "domestic" injury to business or property for purposes of alleging a viable civil RICO claim? *See* December 23 Order at 9-24. That is a question that the Supreme Court itself characterized as potentially resistant to a "self-evident" answer, and one on which, despite anticipating "disputes" in the lower courts, it expressly declined to offer authoritative guidance. *RJR Nabisco*, 136 S. Ct. at 2111. It is also an issue that has not yet been squarely addressed by any Court of Appeals. While the Court firmly maintains its view, as set forth in the December

23 Order, that the Kazakh Entities' allegations concerning the post-theft investment of embezzled Kazakh funds in U.S.-based real estate projects do not, without more, constitute plausible allegations of "domestic" injury, the Kazakh Entities do articulate colorable arguments to the contrary and courts both within this District and around the country have adopted varying approaches to assessing the novel domestic-injury question that could at least potentially yield differing determinations. *See, e.g., Elsevier, Inc. v. Grossman*, 199 F. Supp. 3d 768, 786 (S.D.N.Y. 2016) ("If the plaintiff has suffered an injury to his or her business, the court should ask where substantial negative business consequences occurred. By contrast, if the plaintiff has suffered an injury to his or her property, the court should ask where the plaintiff parted with the property or where the property was damaged."); *Union Comm. Servs. Ltd. v FCA Int'l Ops. LLC*, 16-cv-10925, 2016 WL 6650399, at *4-5 (E.D. Mich. Nov. 10, 2016) (relying on antitrust law and asking whether RICO defendant's "conduct is intended to or has produced 'substantial effects' in the United States"). Taken together, these factors satisfy the second requirement of Section 1292(b).

Fatal to the Kazakh Entities' certification motion, however, is the simple fact that the question resolved by the December 23 Order, while perhaps novel and potentially difficult, is not a "controlling question of law" within the meaning of Section 1292(b). "In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (citing, *inter alia, Klinghoffer*, 921 F.2d at 24-25; *see also In re A2P SMS Antitrust Litig.*, 12-cv-2656, 2015 WL 876456, at *3-

4 (S.D.N.Y. Mar. 2, 2015) (collecting cases). To warrant certification, the question at issue must also be "a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc.*, M-47, 2003 WL 21498904, at *10 (S.D.N.Y. Jun. 30, 2003) (additional internal quotation marks omitted).

There is no dispute that reversal of the Court's December 23 Order would not terminate the instant litigation. And, while reversal could potentially have some impact on the scope of remaining discovery and, ultimately, trial, the substantial factual overlap between the Kazakh Entities' remaining state law claims and the RICO claims that would be evaluated on appeal militates strongly against a conclusion that the effect of a reversal on the conduct of the litigation going forward would be sufficiently "significant" to render the question for appeal "controlling." *See, e.g., In re Facebook*, 986 F. Supp. 2d at 537 ("given the overlap on the issues" and likelihood that at least some of the relevant claims at would survive appeal, the "proceedings subsequent" to any reversal would "not be materially affected in complexity or scope"); *cf. Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) ("While reversal of the Order may very well simplify this action or alter its course, that result would be no different from any case where a court granted summary judgment on a set of claims and denied summary judgment with respect to the counterclaims.").

Moreover, while review of the December 23 Order by the Court of Appeals would certainly yield a decision carrying – like any Court of Appeals decision – at least some precedential value, that standing alone "is not 'per se sufficient to meet the controlling issue of law standard.'" *In re Facebook*, 986 F. Supp. 2d at 537-38 (quoting *Credit Bancorp*, 103 F. Supp. 2d at 227); *see also Klinghoffer*, 921 F.2d at 24 ("impact that an appeal will have on other cases" is merely a "factor" that "may" be "take[n] into account" in determining whether a

controlling question of law exists). In any event, the Court of Appeals is scheduled to hear argument at the end of the month in plaintiffs' appeal as of right of Judge Daniels' decision in *Bascuñan v. Elsaca*, 15–cv–2009, 2016 WL 5475998 (S.D.N.Y. Sept. 28, 2016). That case, which the Court discussed – and, to some degree, relied upon – in the December 23 Order, presents the opportunity to apply *RJR Nabisco*'s domestic-injury rule to a set of alleged facts featuring many of the same elements on which the parties' arguments turn here – for example, "substantial domestic conduct on the part of the defendants" in connection with the theft of funds belonging to wholly foreign entities. December 23 Order at 15 (discussing *Bascuñan*). The Court sees every reason to believe that the Court of Appeals' decision in *Bascuñan* is likely to offer substantially similar guidance to district courts evaluating RICO claims asserted by foreign plaintiffs as would a decision on the December 23 Order.

Finally, while the question addressed by the December 23 Order may implicate a "pure" question of law in the sense that it does not turn, at least at this stage of the litigation, on *disputed* matters of fact, the December 23 Order was highly fact-specific, and the Court of Appeals' assessment of the Order on appeal would necessarily require it to apply the relevant law to the sprawling and complex set of facts alleged by the Kazakh Entities. That alone makes the December 23 Order a poor candidate for interlocutory appeal. *See, e.g., In re Facebook*, 986 F. Supp. 2d at 535-37 (collecting cases).

Having determined that there is no controlling question of law to warrant certification for interlocutory appeal, the Court need not address whether certification would materially advance the ultimate termination of the litigation. Nevertheless, it notes that this requirement is generally considered satisfied when immediate appeal "promises to advance the time for trial or to shorten the time required for trial." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551

(S.D.N.Y. 2013) (internal quotation marks omitted); *see also S.E.C. v. Gruss*, 11-cv-2420, 2012 WL 3306166, at *5 (S.D.N.Y. Aug. 13, 2012) ("it is not enough that the interlocutory appeal would not delay the action; it must advance the time for trial or shorten the time required for trial") (internal quotation marks and alterations omitted). The Court sees no basis to conclude that diverting party resources to potentially lengthy appellate proceedings on the RICO claims and away from conducting discovery on factually similar state law claims would in any way serve either of these aims. If anything, such a step would seem likely to occasion further delay in this already long-running action.

For these reasons, the Kazakh Entities' motion to certify the December 23 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.

This resolves Dkt. No. 263.

SO ORDERED.

Dated: April ___, 2017
New York, New York

ALISON J. NATHAN
United States District Judge