

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

April 25, 2017

<u>VIA ECF</u>

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007

    Re:  *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
           Case No. 15-CV-5345 (AJN) (KHP)

Dear Judge Parker:

     We represent Triadou SPV S.A. ("Triadou") and write in response to the April 21, 2017 letter from Almaty and BTA (together, "Almaty/BTA") regarding the sealing of several documents attached as exhibits to their letter motion to compel the depositions of Marc Gillieron and Petr Krasnov, which letter was emailed to Your Honor on April 21 at 7:24 pm.  For the reasons set forth below, Triadou respectfully requests that the Court permit Almaty/BTA to file their letter motion and the accompanying exhibits under seal, and to publicly file a version of the letter motion containing the redactions proposed by Almaty/BTA.

     Rule III.e of this Court's Individual Practices in Civil Cases requires parties seeking the sealing of documents to explain the reasons for doing so in light of the Second Circuit's decisions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).[1]  Those cases focus on the right

---

[1] It does not appear that counsel for Almaty/BTA complied with Rule III.e of this Court's Individual Practices in Civil Cases, which requires that "counsel for the Parties will discuss, in good faith, the need to file Confidential Materials under seal," and that "[i]f a request for redactions is based on another party's designation of information as Confidential, the parties shall confer and jointly submit the request for redactions."  Counsel for Almaty/BTA requested a response from Triadou, not a discussion or conference, and afforded Triadou less than six hours to confer with its client to determine whether it could accommodate the confidentiality waiver request as to the documents and testimony in question.  Further, counsel for Almaty/BTA did not respond to Triadou's request to hold a meet and confer.

The Chrysler Building 405 Lexington Avenue  New York, NY 10174-0208

www.BlankRome.com

Boca Raton • Cincinnati • Fort Lauderdale • Houston • Los Angeles • New York • Philadelphia • Pittsburgh • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington



The Honorable Katherine H. Parker
April 25, 2017
Page 2

of public access to "judicial documents" and the weight of the presumption of access afforded under particular circumstances. Because of the nature of the judicial documents at issue in those cases, those documents were subject to a strong presumption of access. *See Lugosch*, 435 F.3d at 123 (strong presumption of access attaches to exhibits to summary judgment motion); *Bernstein*, 814 F.3d at 140 (complaint is "cornerstone of every case" and therefore strong presumption of access attaches).

Here, in contrast, the documents and testimony cited by Almaty/BTA and as to which Triadou requests sealing, are being used for discovery purposes – whether certain individuals should be subject to deposition under Rule 30 or through non-party practice – and therefore are entitled to only a weak presumption of access. *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-6608, 2014 WL 4346174, at *1-2 (S.D.N.Y. Sept. 2, 2014) (weight of presumption of access to documents submitted in support of motion to compel "is not particularly great"); *Stern v. Cosby*, 529 F. Supp. 2d 417, 421-22 (S.D.N.Y. 2007) (noting presumption attaching to evidence submitted for motion to compel "would be low"). Where the presumption of access is weak, it can be overcome by showing the documents contain confidential business information. *See Alexander Interactive,* 2014 WL 4346174, at *2. Triadou designated the documents and testimony in question as "Confidential" under the Parties' Stipulated Protective Order, as they contain business information that has not been otherwise disclosed. The Stipulated Protective Order entered by the Court in this case contemplates such sealing. (ECF No. 252-1, ¶ 9).

Triadou also submits that sealing is appropriate in the absence of any objection at this stage, given that Almaty/BTA "take no position as to the confidentiality of the materials."

Finally, and most concerning, the Court should order the sealing of these documents based on information Triadou's counsel recently obtained. Specifically, counsel learned last Friday (April 21) that on March 27, 2017, the mother of Petr Krasnov – one of the individuals whose deposition Almaty/BTA seeks to compel – received a phone call from a number in the United Kingdom. The summary of the call is set forth in a statement prepared and signed by Krasnov's mother,[2] but the relevant portions are as follows:

- The caller identified himself as working for an investigation agency that is employed by a foreign state pursuing a group of criminals in several countries including Switzerland;

---

[2] Mrs. Krasnova's statement, attached hereto as Exhibit A, was attached to a criminal complaint she filed with Swiss authorities. Krasnov filed a similar complaint with Swiss authorities as well, also attaching Mrs. Krasnova's statement.



The Honorable Katherine H. Parker
April 25, 2017
Page 3

- The caller's employer recently became aware of Krasnov from documents and testimony from a U.S. legal proceeding;[3] and

- The caller sought to convince Krasnov's mother that Krasnov should travel to London to provide evidence to the investigator, otherwise "who knows what harm and suffering might come to Petr and his family." (Ex. A).

Based on these allegations, it is quite likely that the caller is connected with Almaty/BTA and that the information the caller referenced came from this proceeding. In light of the allegedly threatening nature of this interaction, the Court should not permit documentation pertaining to Krasnov to be made publicly available in connection with a motion to compel his deposition, particularly given that Krasnov is not a party here.

Accordingly, Triadou respectfully requests that the Court permit Almaty/BTA to file under seal its un-redacted letter motion and the accompanying exhibits, and to allow Almaty/BTA to publicly file the redacted version of its letter motion submitted to the Court via email on April 21, 2017. For the same reasons, Triadou also respectfully requests permission to file under seal documents and testimony it files in support of its letter opposing Almaty/BTA's letter motion to compel to the extent such documents and testimony were produced by Triadou and designated as Confidential under the Stipulated Protective Order. Under Rule III.e of the Court's Individual Practices, Triadou will make a specific request contemporaneous with its filing detailing any proposed redaction to its opposition letter and identifying specific documents.

Thank you for your consideration.

                                                 Respectfully submitted,

                                                   s/ Deborah A. Skakel
                                                 Deborah A. Skakel

cc:      All Counsel of Record (*via* ECF)

---

[3] To the best of counsel's knowledge, neither Fiscus nor Krasnov is involved in any other litigation in the United States.