

*Phone: (212) 885-5148*
*Fax: (917) 591-7897*
*Email: dskakel@blankrome.com*

April 26, 2017

**By Electronic Mail and Courier**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007

Re:   *City of Almaty, Kazakhstan et ano. v. Mukhtar Ablyazov, et al.,*
       **No. 15-CV-5345 (AJN) (KHP)**

Dear Judge Parker:

We represent Triadou SPV S.A. ("Triadou") and write in response to the April 21, 2017 letter motion from Almaty and BTA (together, "Almaty/BTA") seeking to compel Triadou to produce Marc Gillieron and Petr Krasnov for deposition.[1]  The Court should deny Almaty/BTA's motion.  Neither individual is a managing agent of Triadou, rendering Triadou unable to force them to be deposed.

**Argument**.  "A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice."  *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 Civ. 5377 (CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007).  Such an individual "is treated as any other non-party witness, and . . . if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized."  *Id.*  Gillieron and Krasnov unquestionably are not officers, directors, or employees of Triadou.  Nor are they managing agents.  The test to determine whether an individual is a managing agent is fact specific, but "not formulaic."  *Id.* at *2.  Almaty/BTA fail to satisfy even their "modest" burden of establishing that Gillieron and Krasnov are managing agents.  *Id.* at *3.

Initially, Almaty/BTA's professed dissatisfaction with the testimony of Triadou's 30(b)(6) designee (Cesare Cerrito) rings hollow.[2]  Cerrito repeatedly explained that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Ex. 1 at 29:20-30:16, 325:3-16; Ex. 2).

---

[1] Triadou uses "A/B Letter" to refer to Almaty/BTA's April 21 2017 Letter Motion to Compel, and "A/B Letter Exhibit" to refer to the exhibits thereto.

[2] Almaty/BTA cherry-pick ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Ex. 1 at 154:3-156:21).  But the ensuing dialogue (which Almaty/BTA failed to provide the Court) confirms that Cerrito was amply prepared for the deposition.



Hon. Katherine H. Parker
April 26, 2017
Page 2

Compounding Bourg's malfeasance was his taking of Triadou documents and emails when Triadou terminated him as director – documents that Bourg has apparently provided to Almaty/BTA.

**Gillieron Is Not A Managing Agent Of Triadou**.  Marc Gillieron is plainly not a managing agent of Triadou.  Gillieron was a director of Triadou, but only until April 2013.  (Ex. 1 at 21:13-24).  Corporations are typically not required to produce individuals such as former directors for deposition, because the corporation *lacks control* over its former agent.  *See Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930 (RMB)(TH), 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002) (citations omitted).  That rationale applies here.

Almaty/BTA cannot circumvent this lack of control by asserting that SDG Capital S.A. ("SDG") is Triadou's alter-ego.  The Court already has dismissed Almaty/BTA's alter-ego claim from this case, (ECF No. 174 at 28-29); SDG is not a party here,[3] and has not been Triadou's parent since 2015, (Ex. 1 at 20:3-21:3).  More importantly, Almaty/BTA's purported alter-ego evidence fails to show that *Gillieron* is currently a managing agent of Triadou.  "Whether a proposed deponent falls into a particular category of employees or agents is therefore less relevant than the individual's specific functions and authority."  *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994).  Almaty/BTA's cited documents either confirm ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  (*See* A/B Exs. F-J).[4]

**Krasnov Is Not A Managing Agent Of Triadou**.  Krasnov's company, Fiscus S.A., ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇," (*see* A/B Ltr. at 3), and Krasnov is merely an employee of that company.  Fiscus, not Krasnov, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and as Cerrito repeatedly testified, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇."  (Ex. 1 at 41:3-10, 49:12-50:13, 100:20-101:22).  ▇▇▇▇▇▇▇▇▇▇ is a far cry from being "invested with general powers allowing [it] to exercise judgment and discretion in corporate matters," and reflects "general responsibilities" that are advisory, not authoritative.  *See Afram Lines*, 159 F.R.D. at 413.

Almaty/BTA's cited documents do not show the contrary: (i) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, (A/B Ex. K; *see also* Ex. 3); (ii) Cerrito testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, (A/B Ex. J; Ex. 1 at 285:8-288:21; *see also* Ex. 4); (iii) Cerrito's testimony "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇," (A/B Ex. D at 193:23-194:4), is cited without the subject email in which ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[3] That dismissed claim sought to hold SDG liable for claims against Triadou.  (ECF 49, ¶¶ 186-192).

[4] The documents instead reflect the involvement of Cerrito, Triadou's corporate designee.  Cerrito's testimony that he spoke with Gillieron (for "eight minutes") to prepare for Triadou's deposition confirms that Gillieron has little information.  (Ex. 1 at 16:19-17:17).  More generally, Triadou disputes Almaty/BTA's characterization of the documents cited in their letter, but lacks the space in this letter opposition to put those documents in proper context.



Hon. Katherine H. Parker
April 26, 2017
Page 3

████████████████████████████████████████████████████████████████████████████████, (*see* Ex. 5; Ex. 1 at 194:20-195:4); (iv) ██████████████████████████████████████████████████████, (A/B Ex. N); and (v) other evidence confirms ████████████████████████████████████████ ████████████████, (Ex. 6).

   Whether Krasnov may have answers to the questions that Triadou's 30(b)(6) representative did not, (A/B Ltr. at 3), is of no moment to the analysis because the "managing agent" factors do not focus on the witness's knowledge. *See Afram Lines*, 159 F.R.D. at 413. Moreover, ███████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████.

   Ultimately, Krasnov cannot be considered a managing agent of Triadou because, as a practical matter, he cannot be relied upon to give testimony at Triadou's request. *Schindler Elevator*, 2007 WL 11771509, at *2. Krasnov twice refused Triadou's request to sit for deposition, first in New York (in response to Almaty/BTA's notice), and second after counsel suggested sitting in a European country other than Switzerland. Krasnov also told Triadou it was not authorized to accept service of the deposition notice, and he separately obtained an opinion from his own counsel that the deposition notice (and any effort by Triadou to compel his testimony) possibly violated Swiss law. While the movant is generally entitled to resolution of doubts in its favor on such motions, this Court has held the rationale for doing so is "less strong . . . where the proposed deponent is not an employee of the opponent and may, in fact, be beyond its control." *Afram Lines*, 159 F.R.D. at 414. Because Krasnov is not an employee, it would be unjust to penalize Triadou for failing to produce him. *See id*.

   Finally, Almaty/BTA will suffer no prejudice if the Court denies their motion because they will still be able to seek to depose these individuals through normal channels. Indeed, Almaty/BTA invited as much, given their representations in opposing *forum non conveniens* dismissal that "[i]t is absolutely commonplace for evidence in modern litigation to be situated in a number of different locations, including international locations," and that evidence located abroad can be "compelled through letters rogatory or the Hague Convention on the Taking of Evidence." (ECF No. 88 at 16).[5]

   Thank you for your consideration.

                                             Respectfully submitted,

                                               s/ Deborah A. Skakel
                                             Deborah A. Skakel

---

[5] It is likely that Almaty/BTA have not sought *any* Hague requests for evidence in Switzerland to avoid confirming this litigation should be moved there on *forum non conveniens* grounds, as all defendants have asserted in their dismissal motions (two of which remain pending).