

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

April 21, 2017

**BY ELECTRONIC MAIL AND HAND**

Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
              Case No. 15 Civ. 5345 (AJN) (KHP)

Dear Judge Parker:

       We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"), and write to respectfully request an order requiring defendant Triadou SPV S.A. to produce two of its managing agents, Marc Gillieron and Petr Krasnov, for deposition. In the alternative, the Kazakh Entities respectfully request a pre-motion conference in advance of moving to compel.

### Relevant Background and Authority

       On March 20, 2017, the Kazakh Entities noticed the depositions of Krasnov and Gillieron. Exs. A, B. On March 29, 2017, counsel for Triadou advised the Kazakh Entities that, in their view, "[n]either individual is an employee of Triadou, nor are they within Triadou's control" and that "[i]f Almaty/BTA wish to depose Mr. Krasnov or Mr. Gillieron, you will need to pursue those depositions through Hague Requests." Ex. C. Triadou's characterization of its relationship with both Krasnov and Gillieron is inconsistent with the facts and the law.

       The Federal Rules of Civil Procedure permit the deposition of "any person, including a party." Fed. R. Civ. P. 30(a)(1). For corporate parties, "officers, directors, or managing agents" must be produced for deposition if noticed. *Folwell v. Hernandez*, 210 F.R.D. 169, 172–73 (M.D.N.C. 2002). Following a 30(b)(6) deposition in particular, a party "dissatisfied with the [other party's] selection of deponent . . . can then select an officer, director or managing agent" using Rule 30(a)(1). *Coulter v. Daniels*, 2009 WL 1099006, at *2 (D. Conn. Apr. 23, 2009).

       On March 9–10, 2017, the Kazakh Entities took the Rule 30(b)(6) deposition of Triadou's Director, Cesare Cerrito – the same witness that Judge Nathan previously found not to be credible. ECF No. 175, at 7, n.6. During the course of his 30(b)(6) deposition, Cerrito – in addition to repeating many of the same contentions that Judge Nathan expressly rejected – repeatedly answered that "Triadou doesn't know," or testimony to that effect, in response to questioning on key issues in this litigation. *See, e.g.*, Ex. D, at 155:4–7 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

       In light of Cerrito's inability to answer critical questions that are plainly within the corporate knowledge of Triadou, the Kazakh Entities then noticed the depositions of Krasnov and Gillieron as managing agents of Triadou. As detailed below, Gillieron was a director of Triadou during the relevant period, and remains employed by its parent company. Krasnov is employed as an independent consultant to Triadou and has overseen Triadou's investments and



operations. In addition, both of them ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Whether or not an individual is a "managing agent" is based on a multi-factor test, including whether he or she has power to exercise judgment and discretion for the company, can be relied upon to give testimony upon request, and identifies with the interests of the corporation. *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985); *see also* Wright et al., 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) (explaining that "whether he or she can be expected to identify with the interests of the corporation rather than with those of the other parties . . . is the 'paramount test." (internal citations omitted)). The moving party satisfies its "modest" burden by showing "there is at least a close question" as to whether the deponent is a managing agent. Any doubt "is to be resolved in favor of the examining party." *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509, at *3 (S.D.N.Y. June 18, 2007).

### Marc Gillieron is a Managing Agent of Triadou

Gillieron is a former director of Triadou and current director of Triadou's parent and affiliate, SDG Capital S.A. ("SDG"). Triadou's stated reason for not producing Gillieron is that he is an officer of SDG, not of Triadou itself. This distinction is illusory. Triadou is a shell company functioning as an alter ego of SDG (among others), used to hold debt while drained of any assets. "Courts have not hesitated to impose sanctions on a party when a person who is the 'alter ego' of a party or under the party's 'control' fails to appear for deposition." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015); *Flaks v. Koegel*, 504 F.2d 702, 710, n.6 (2d Cir. 1974) (failure of alter ego's representative to appear "could properly be considered to be the failure of [party] to appear at his deposition").

Under New York law, an entity is the alter ego of another where, among other factors, there is an overlap in ownership, funds are intermingled, the subservient entity is kept inadequately capitalized, and dealings between the entities are not at arm's length. *See MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 63 (2d Cir. 2001). Similarly, companies have been found to be alter egos where payment on debts owed to one company are routed to another. *See Wajilam Exps. (Sing.) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 284–85 (S.D.N.Y.2006) (Lynch, *J.*) (explaining that "[i]f [defendant companies] were independent companies, one would expect them to receive the revenues . . . rather than to allow the other parties involved to simply ignore their independent existence.").

Here, there is ample evidence that Triadou is merely an alter ego of SDG, intentionally kept insolvent and drained by SDG of any liquid funds. Triadou claims to owe approximately $70 million to Telford International Limited ("Telford"), yet whenever Triadou has been due money, that debt has been ignored and all liquid funds have gone instead to SDG. For example:

- In May 2014, Triadou was to receive a payment of $7 million under an assignment agreement. Despite Triadou's purported debt burden, SDG directed the payment to a third party, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. E. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. F, at 2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. G.

- In October 2014, when Triadou was expecting a payment of $5.25 million, the entire payment was again directed to a third party for the benefit of SDG, at a time when Triadou was technically in *default* for $70 million. ▮▮▮▮▮▮▮▮▮▮



███ Ex. H, ███ Ex. I.

- Even in this litigation, Triadou is treated as an alter ago of SDG. Despite Triadou's claimed debt, Cerrito (who remains SDG's CFO) testified that any funds Triadou receives from the Flatotel investment will be sent to SDG to fund SDG's investments. ECF No. 156, ¶ 18 ("[W]hen that money is recovered, SDG intends to invest it . . .").

The flow of capital and information between SDG and Triadou is simply indistinguishable, even to SDG's own officers. Gillieron, as an officer of SDG, is thus a managing agent of Triadou, and should be produced.

### Petr Krasnov is a Managing Agent of Triadou

Krasnov is an independent contractor ███ Where an independent contractor has been noticed, "the focus of the [managing agent] analysis is . . . on the scope of the agent's authority, and the nature of his role in the matters at stake in the litigation." *United States v. Fid. & Guar. Co. v. Brapetro Oil Services Co.*, 2001 WL 43607 at *3 (S.D.N.Y. Jan. 17, 2001).

The scope of Krasnov's authority in Triadou's day-to-day affairs is unmatched and his role in the events underlying this litigation is extensive. For example, in 2014, ███ Ex. J. ███ debt. *See, e.g.*, Ex. K. Krasnov has been responsible for educating SDG's purported ownership on the real estate investments in New York. For example, as to the fraudulent assignment of Triadou's Flatotel interest, ███ His role in Triadou prior to Cerrito's directorship means Krasnov is likely to have answers to the numerous questions that Triadou's 30(b)(6) representative did not. Even as director of Triadou, Cerrito ███ *See* Ex. L ███ Ex. M ███ And it was Krasnov, not Cerrito, ███ *See, e.g.*, Ex. N.

███ As Krasnov has already ███ he is within Triadou's control and can be relied on to give testimony in response to this demand. He can certainly be relied upon to identify with Triadou's interests, as he has worked closely with Triadou and its affiliates for years and has a continued professional interest here. Triadou thus ought to be required to produce Krasnov.

For these reasons, the Kazakh Entities respectfully request that the Court order Triadou to produce its managing agents Gillieron and Krasnov for deposition. In the alternative, the Court should hold a pre-motion conference on this issue. Thank you for your consideration.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz