

10 East 40th Street
New York, New York 10016

Tel 212.689.8808
Fax 212.689.5101
www.hnrklaw.com

jkenney@hnrklaw.com

May 2, 2017

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et. al.,*
      Case No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

We represent crossclaim defendants Viktor and Ilyas Khrapunov in the above-referenced matter. We write in response to crossclaim plaintiffs BTA Bank JSC and the City of Almaty's (together, "BTA/Almaty") letter motion requesting an order that Ilyas Khrapunov's deposition take place outside Switzerland, where Mr. Khrapunov lives with his family. ECF No. 303.

In brief, Mr. Khrapunov faces a real and legitimate risk that he will be detained and extradited to Kazakhstan if he leaves the protection of Swiss territory. Mr. Khrapunov's fear is well-founded: he is a political opponent of Kazakhstan's president, Nursultan Nazarbayev, whose authoritarian regime has issued an Interpol "Red Notice" for Mr. Khrapunov and has previously sought the extradition of Mr. Khrapunov's father and father-in-law (co-defendants Viktor Khrapunov and Mukhtar Ablyazov, respectively). Mr. Khrapunov is available to be deposed in Switzerland pursuant to the Hague Convention and Swiss procedure, which are more than adequate for discovery in this case.

**I.   Mr. Khrapunov Faces a High Risk of Detention and Extradition.**

BTA/Almaty downplay the risk to Mr. Khrapunov, but their letter misstates facts and incorrectly assumes that Mr. Khrapunov may travel freely in Europe. As an initial matter, BTA/Almaty are simply incorrect that Mr. Khrapunov has been on Interpol's wanted persons list since 2012 and has traveled to the United States and elsewhere during that time. In fact, the Red Notice was issued in April 2014, not 2012, and Mr. Khrapunov has not left Switzerland since that date. *See* Declaration of Matthew G. Jenkins ("Jenkins Decl.") ¶¶ 3, 7.

Similarly, BTA/Almaty are incorrect that Mr. Khrapunov may travel freely in Europe. As the subject of an Interpol Red Notice, it is highly likely that he would be stopped at the Swiss border or a foreign airport upon arrival and asked to identify himself. *See* Jenkins Decl. ¶ 8. A

The Hon. Katharine H. Parker
May 2, 2017
Page 2



Red Notice is a request for any country to identify or locate an individual with a view to their provisional arrest and extradition in accordance with the country's national laws. An individual who is subject to a Red Notice is subject to arrest by the local authorities in any member country, including the UK and Spain. *See* Jenkins Decl. at ¶ 9. Thus, if he leaves Switzerland, it is highly likely Mr. Khrapunov would be detained and held pending an extradition proceeding.

Extradition carries grave risk for those who, like Mr. Khrapunov, are opponents of Kazakhstan's president. As the U.S. has recognized, the Kazakh judicial system is rife with corruption and lacks due process. *See, e.g.*, Exhibit 1 to the Declaration of Katelyn K. Brooks ("Brooks Decl."), U.S. Dep't of State, "Kazakhstan 2015 Human Rights Report," at 6, 8 (updated May 18, 2016) ("The law does not provide for an independent judiciary."; "Corruption was evident at every stage of the judicial process."; "Lack of due process was a problem, particularly in a handful of politically motivated trials…"). Indeed, Switzerland has previously refused to extradite Viktor Khrapunov to Kazakhstan and France has previously refused to extradite Mr. Ablyazov to Russia (finding that Kazakhstan had pressured Russia to request the extradition), likely because these countries saw through Kazakhstan's thinly-veiled attempt to obtain custody over these individuals to punish them for their political opinions.[1] *See* Jenkins Decl. at ¶ 23 & Exhs. 4, 5. We believe BTA/Almaty are coordinating their pursuit of this litigation with the Kazakh government, and the Court should decline to aid in a process that would put Mr. Khrapunov at risk of extradition.

BTA/Almaty's cases are inapposite, as they involve either plaintiffs seeking to avoid a deposition or parties seeking to avoid arrest on pending domestic charges. In *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 2014 U.S. Dist. LEXIS 64502 (S.D.N.Y. Apr. 25, 2014), the plaintiff sought to avoid a U.S. deposition for fear that he would be arrested if he left Greece. In that case, plaintiff's counsel's unsworn statements regarding plaintiff's fear were not enough to overcome the general rule that "a non-resident plaintiff ought to make himself available for examination in the judicial district he selected as the forum in which to bring suit." 2014 U.S. Dist. LEXIS 64502, at *10-11. By contrast, Mr. Khrapunov is a defendant, he did not select this forum, and has a pending motion to dismiss that argues, among other things, for a forum non conveniens dismissal. Moreover, our argument is supported by a sworn statement from UK counsel. *See generally* Jenkins Decl.[2]

---

[1] The Council of Europe has recently noted that "Interpol and its system of red notices has been misused by some member states for political purposes in recent years to suppress freedom of expression or to persecute political opponents abroad." Included in the cases cited by the Council of Europe is Mukhtar Ablyazov's case. The article states that Ablyazov spent more than three years in French custody on account of a Red Notice issued by Russia and was released after his defense successfully argued that Russia's goal was political. *See* Exhibit 2 to Brooks Decl.

[2] BTA/Almaty's fugitive disentitlement argument is also unavailing. This doctrine is generally applied in situations where there has been a U.S. indictment and the individual is evading an arrest by the U.S. *See, e.g., SEC v. Roman*, 1996 U.S. Dist. LEXIS 860, at *1-2 (S.D.N.Y. Jan. 29, 1996). Here, the characterization of Mr. Khrapunov as a fugitive is inappropriate. He has not been charged with a crime in the United States or the United Kingdom, and the Red Notice has been issued by Kazakhstan, a country with a notoriously corrupt justice system. It would not be fair

Case 1:15-cv-05345-AJN-KHP   Document 320   Filed 05/02/17   Page 3 of 4

The Hon. Katharine H. Parker
May 2, 2017
Page 3



## II. The Hague Convention Provides an Adequate Means of Obtaining Deposition Testimony in Switzerland

The Hague Convention provides an adequate means of obtaining Mr. Khrapunov's deposition in Switzerland. As set forth in the attached memorandum from Swiss counsel, there are two ways to take evidence in Switzerland under the Hague Convention. *See* Brooks Decl. Ex. 3. Under either option, the evidence may be memorialized in writing. Under one option, a Geneva judge will call the party whose deposition has been requested to a hearing in one of the hearing court rooms of the Geneva Tribunal, read the written questions to him, summarize the witness' answers into sentences that he dictates to the clerk of court, have the clerk of court record the answers (minutes) and have the party being deposed sign the minutes to confirm the answer. Although the minutes are not a verbatim transcript, they do contain the substance of what the witness said in his answer, and the lawyers present have an opportunity to inform the judge if they think something the witness said is missing from the minutes. *Id.* at 2. Under the other option, a party can obtain evidence under Article II of the Convention by having a diplomatic officer or consular agent of the U.S. appointed or requesting that a U.S. Court appoint a commissioner to chair the taking of evidence. *Id.* at 3. The Swiss Federal Office of Justice would in principle allow that a verbatim transcript of the deposition be created. *Id.*

Additionally, based on the advice we have received, we understand that it is possible to conduct cross-examination under both options, if properly described in the request, although the appointment of a commissioner may allow greater flexibility.

BTA/Almaty have not provided evidence or expert opinion as to the alleged difficulty of obtaining evidence from Switzerland or the supposed inadequacy of the Hague Convention process, and the cases they cite are inapposite cases.[3] And, they misrepresent Judge Nathan's findings on the suitability of Switzerland as a forum for taking discovery. While Judge Nathan recognized that there may be difficulties with taking a deposition in Switzerland, her order expressly contemplates that some depositions will occur there. ECF No. 284 at 4.

In light of the risk that Mr. Khrapunov will be detained and held for extradition to Kazakhstan should he leave Switzerland and the availability of the Hague process to obtain

---

to apply this doctrine to a foreign individual who is facing arrest in a foreign country on the basis of his being a political dissident.

[3] For example, *Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 531 (D.N.J. 2009) and *Triple Crown Am. v. Biosynth AG*, CIV. A. No. 96-7476, 1998 U.S. Dist. LEXIS 6117 (E.D. Pa. Apr. 29, 1998) involved corporate defendants, not individuals. Additionally, in *Triple Crown Am., Inc.*, the court's decision was based in part on the defendants' failure to offer information as to the length of time it would take for a deposition to be scheduled and the manner in which depositions in Switzerland may be conducted.

The Hon. Katharine H. Parker
May 2, 2017
Page 4



evidence from Switzerland, BTA/Almaty's request for an order compelling a deposition outside of Switzerland should be denied.

                        Respectfully submitted,

                        /s/ John J. Kenney

                        John J. Kenney

cc:      All Counsel of Record (by ECF)