# EXHIBIT 5



# THE FRENCH *CONSEIL D'ETAT* (COUNCIL OF STATE) AND ADMINISTRATIVE JUSTICE

December 9, 2016

## CE, December 9, 2016, Mr. O…

## N° 394399, 400239

[> Read the press release](#)

The *Conseil d'Etat,* in a final decision (Litigation Section) on the report of the 2nd Chamber of the Litigation Section

Session of December 9, 2016 - Reading of December 9, 2016

Considering the following procedures:

1° Under ref. N°394399, Mr. M…O… filed a summary application, a supplementary brief, a reply brief and three new briefs on November 4, 2015, February 4, May 10, July 5, July 7 and October 21, 2016, requesting that the *Conseil d'Etat* annul a September 17, 2015 decree granting his extradition to the Russian authorities, on the grounds of ultra vires.

2° Under ref. N°400239, Mr. O… filed an application, a supplementary brief and a new brief on May 30, July 7 and October 21, 2016, requesting that the *Conseil d'Etat*:

1°) annul the Prime Minister's implied refusal to withdraw the decree of September 17, 2015, granting his extradition to the Russian authorities on the grounds of ultra vires;

2°) order the State to pay the sum of 5,000 euros pursuant to Article L. 761-1 of the French Code of Administrative Justice.

Given the other supporting documents provided;

Considering:

- The Constitution, in particular its Preamble;

- The European Convention for the Protection of Human Rights and Fundamental Freedoms;

- The European Convention on Extradition of December 13, 1957;

- The Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment of December 10, 1984;

- The Criminal Code;

- The Code of Criminal Procedure;

- The Code of Administrative Justice;

After hearing in open session:

- A report by Mr. Clément Malverti, "auditeur" for the *Conseil d'Etat*,

- Conclusions by Ms. Béatrice Bourgeois-Machureau, public rapporteur;

and counsel for Mr. O… from the Waquet, Farge, Hazan, law firm who spoke before and after the conclusions.

1. Whereas, by decree of September 17, 2015, the Prime Minister granted to the Russian authorities the extradition of Mr. M…O…, a Kazakh national, on the basis of an order dated October 7, 2010 by a judge of the Tver District Court demanding his detention in connection with an investigation for acts of fraud and breach of trust on a large scale in an organized group, laundering on a large scale in an organized group, with prior agreement, attempted abuse of power by a person in a management position in a trading company with serious consequences and large-scale subtraction by fraud and breach of trust, falsification of official documents with intention to grant a right or release from an obligation in order to conceal another crime; that the applications filed by Mr. O... request the annulment on the grounds of ultra vires of such decree and implicit refusal to withdraw it; whereas it is necessary to combine those two applications in order to render a single decision;

2. Whereas, by virtue of a fundamental principle recognized by the laws of the Republic, the State shall refuse the extradition of a foreigner when it is requested for a political purpose; whereas, according to Article 3 (§2) of the European Convention on Extradition, extradition shall not be granted "if the requested Party has substantial grounds for believing that a request for extradition for an ordinary criminal offence has been made for the purpose of prosecuting or punishing a person on account of his race, religion, nationality or political opinion, or that that person's position may be prejudiced for any of these reasons";

3. Whereas it appears from the documents brought before this Court that Mr. O… is an opponent of the political regime in Kazakhstan and that he has been recognized as a political refugee by the British authorities to protect him against the risks he would incur in his homeland; that the evidence brought forth shows that the Kazakh authorities, who had previously pressured the Ukrainian authorities to request the extradition of Mr. O…, sought to pressure Russia to initiate criminal prosecution against Mr. O… and pressure the Russian authorities to request the applicant's extradition to Russia; that it is also clear from the evidence brought forth that the extradition procedure was monitored by the Kazakh authorities and was the subject of repeated exchanges between the Russian and Kazakh authorities during the investigation; whereas all circumstances in this case show clearly that Mr. O…'s extradition to Russia was sought for a political purpose; therefore, such extradition could not be lawfully granted; whereas, without need to examine further the other pleas in the applications, Mr. O… is justified in seeking the annulment, on the grounds of ultra vires, of the decree of September 17, 2015 by which the Prime Minister granted his extradition to the Russian authorities and of the Prime Minister's implied refusal to withdraw it.

4. Whereas there is cause, in the circumstances of the present case, to order the State to pay the sum of 3,000 euros to Mr. O… under the provisions of Article L. 761-1 of the Code of Administrative Justice;

THE COURT RENDERS THE FOLLOWING DECISION:

Article 1: The decree of September 17, 2015 granting the extradition of Mr. M…O…to the Russian authorities and the implied refusal to withdraw it are annulled.

Article 2: The State shall pay Mr. O… a sum of 3,000 euros under Article L. 761-1 of the Code of Administrative Justice.

Article 3: This decision shall be notified to Mr. M…O…and to the French Minister of Justice.

http://www.conseil-etat.fr/Decisions-Avis-Publications/Decisions/Selection-des-decisions-faisant-l-objet-d-une-communication-particuliere/CE-9-decembre-2016-M.-O