

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

May 4, 2017

**BY ECF**

Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") and write in brief reply in further support of the Kazakh Entities' motion to compel defendant Ilyas Khrapunov to sit for a deposition in the United States or some other location where he may be questioned by counsel pursuant to the Federal Rules. [ECF No. 303]. Specifically, we write to address a serious factual inconsistency in the defendant's opposition [ECF No. 320], which underscores the need for his admissible testimony.

      Accompanying his May 2, 2017 letter, counsel for Ilyas Khrapunov attached the Declaration of Matthew Jenkins, his counsel in the United Kingdom. In paragraph 3 of that Declaration, Mr. Jenkins states: "[t]he Kazakh government authorities, based on allegations made by the City of Almaty, allege that Mr. Khrapunov has been involved in illegal criminal activity. At their instigation, an INTERPOL Red Notice was issued in *April 2014*." [ECF 322, ¶ 3 (emphasis added)]. This statement from counsel – which is the sole asserted basis for resisting a U.S. deposition – contradicts Ilyas Khrapunov's own sworn testimony, and raises serious questions about Mr. Khrapunov's veracity with the court.

      As noted in the Kazakh Entities' opening letter on this issue, Judge Nathan has already found that Ilyas Khrapunov was added to INTERPOL's wanted list in 2012. [ECF No. 175, at 6]. Attached to the Kazakh Entities' opening letter on this matter was a copy of a January 20, 2016 Order by Justice Phillips of the UK High Court of Justice [ECF No. 303-2], and that Order is re-attached here as Exhibit 1. This Order was also before Judge Nathan in the previous attachment proceedings [ECF No. 143-12], and Judge Nathan cited to this Order in her findings of fact. [ECF No. 175, at 6 (citing to "Almaty Ex. 26 ¶ 11")].

      In paragraph 11 of that UK Order – to which Judge Nathan cited – Justice Phillips quoted from an affidavit filed by Ilyas Khrapunov in support of his invocation of his privilege against self-incrimination. Justice Phillips stated that

> [BTA Bank's] application came before me on 1 December 2015. The day before, Mr Khrapunov had sworn an affidavit giving further details of his claim under paragraph 7(2) of the WFO. At paragraph 5 he set out the investigations and proceedings in other jurisdictions upon which he relied:



*(a) Mr Ablyazov is currently in prison in France awaiting extradition to Russia to face criminal charges based on allegations made by the Bank;*

*(b) My father and I are both subject to a criminal investigation by the Kazakhstan authorities based on allegations made by the City of Almaty.* ***In 2012 both our names were added to the Interpol list of wanted persons at the request of the Government of Kazakhstan****;*

Exhibit 1, at ¶ 11 (italics in original, boldface added).

      Ilyas Khrapunov's testimony that he was wanted by INTERPOL as early as 2012 can hardly be considered a simple error. As detailed more fully in paragraphs 9-12 of the UK Order, Mr. Khrapunov was seeking to avoid testifying about his efforts in 2012-2013 to aid his father-in-law, defendant Mukhtar Ablyazov, in hiding assets while Ablyazov was a fugitive and subsequently incarcerated. By asserting that he was on INTERPOL's "list of wanted persons" as early as 2012, Mr. Khrapunov was bolstering his case for invoking the privilege, and thus, avoiding disclosure in the United Kingdom.  Now, in the face of evidence that he has travelled freely outside of Switzerland since 2012, Ilyas Khrapunov claims that he only appeared on the INTERPOL wanted list in 2014, so as to avoid giving evidence (or invoking his Fifth Amendment rights) in the United States.

      The fact that Mr. Khrapunov's U.K. counsel has now provided sworn testimony directly contradicting that of his client is particularly troubling. It appears that Ilyas Khrapunov was either misleading the U.K. courts when he gave testimony to Justice Phillips on this question, or that he is attempting to mislead this Court now. In either case, these conflicting statements are yet more proof that a full question-and-answer deposition of Ilyas Khrapunov pursuant to the Federal Rules is required.

      Respectfully,

      /s/  Matthew L. Schwartz
      Matthew L. Schwartz