

| JUDICIARY OF ENGLAND AND WALES |
|---|

## BARBARA FONTAINE
THE SENIOR MASTER QUEEN'S BENCH DIVISION OF THE HIGH COURT AND QUEEN'S REMEMBRANCER

The Honourable Alison J. Nathan
United States District Court,
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square   Room 906
New York
NEW YORK 10007-1312]



**City of Almaty, Kazakhstan and BTA Bank JSC v Mikhtar Ablyazov, Ilyas Kharpunov and Triadou SPV S. A. No 15-cv-05345 (AJN)**

The Senior Master of the High Court of Justice of England & Wales presents her compliments to the Honourable Alison J. Nathan of the United States District Court for the Southern District of New York, and refers to the Letter of Request in the above named proceedings dated 24th April 2017.

I regret to notify you that this court is unable to comply with your request for obtaining documentary evidence from the following witnesses:
Eesh Aggarwal Limited
Sterling Tax Advisors Limited
Appleby Windsor Limited
Offshore Direct LLP
Society of Offshore Corporate Trust Administrators
Azure Consultants Limited

This court is unable to comply because such orders would be in breach of our domestic law, namely, section.2(4) of the Evidence (Proceedings in Other Jurisdictions) Act 1975, which provides:

*"An order under this section shall not require a person to produce <u>any documents other than particular documents</u> specified in the order as being documents appearing to the court making the order to be, or likely to be, in his possession, custody or power."* (our emphasis).

There are very many authorities relating to this point which emphasise the need for particularity (see in particular the leading case of *RTZ v Westinghouse* (1978) AC 547 @ 635 per Lord Diplock: *"individual documents separately described."*).

**The Royal Courts of Justice** Strand London   WC2A 2LL   DX 44450 STRAND WC2
**Telephone** 020-7947-6911   **Email** elaine.harbert1@hmcts.gsi.gov.uk
**Website** www.judiciary.gov.uk

The authorities also make it clear that the burden is on the applicant to establish that a document sought does exist. The wording used in the letter of request suggests that the Plaintiff applicant does not know whether any of the documents described exist and that the purpose of the request is merely 'fishing' as described in *RTZ v Westinghouse*, rather than obtaining evidence for trial, and does not satisfy the burden of establishing that any document in the categories described exists.

If an amended or further Letter of Request can describe a specific document or documents, and can confirm that the documents sought are required for trial rather than the discovery process, that would be acceptable to this court.

This court is able to make an order as sought for the attendance of the witness Eesh Aggarwal to provide oral testimony before an examiner appointed by this court. However, the address of the witness will be required in order for this court to effect service. For service of an order requiring a witness to attend to provide oral testimony personal service is required, so that the address where the witness resides will be required.

The Senior Master of the High Court of Justice of England & Wales assures the United States District Court for the Southern District of New York of her willingness to provide international judicial assistance, where that is permitted under the laws of England & Wales, and extends to the court and all other authorities of the United States of America, and looks forward to hearing from the court with the information requested.

Signed *[signature: B. J. Fontaine]*   Dated 16 May 2017

**Senior Master Fontaine**
Senior Master of the Queen's Bench Division
of the Senior Courts of England & Wales

ROYAL MAIL
POSTAGE PAID GB
HQ65228

The Honourable Alison J. Nathan
United States District Court,
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square   Room 906
New York
NEW YORK 10007-1312]

**Return Address:**
Royal Courts of Justice
Strand
London  WC2A 2LL