

*Phone:*      (212) 885-5148
*Fax:*        (917) 591-7897
*Email:*      dskakel@blankrome.com

May 5, 2017

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            Case No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

    We represent Triadou SPV S.A. ("Triadou") and write to request an order to compel the production of documents from and corporate deposition of Arcanum, or in the alternative, to request a pre-motion conference in advance of moving to compel. Triadou has pursued discovery from and concerning Arcanum, an acknowledged authorized agent of Almaty and BTA Bank (together, "Almaty/BTA"), since discovery began.[1] Almaty/BTA have objected to this discovery on privilege grounds; but they cannot shield discoverable information by asserting privilege or passing such information through their agent. We ask that the Court rule on this threshold privilege issue which has prevented any discovery concerning Arcanum.

    **Relevant Background**. Certain of Triadou's first document requests, dated August 25, 2016, sought documents concerning the release Almaty/BTA provided to their key witness, Nicolas Bourg, and meetings involving Arcanum and Bourg about which Bourg testified at the attachment hearing prior to discovery.[2] On March 16, 2017, Triadou served its second set of document requests, which sought more focused discovery on Arcanum and its investigation. Almaty/BTA's responses

---

[1] Several Arcanum affiliates have assisted Almaty/BTA in the recovery of allegedly misappropriated assets, including Arcanum AG, Arcanum Global, and Arcanum Asia Limited.

[2] Not until April 19, 2017 did Almaty/BTA provide Bourg's release dated ***June 16, 2015***, via email (not production), less than a week before Bourg's then-scheduled deposition and eight months after Triadou formally requested the document. (Exs. 1, 2). The Bourg release provides that Arcanum "and/or its affiliates have been engaged directly and/or through legal counsel or consultants" for Almaty/BTA (and Kazakhstan), is "in the process of seeking to locate, seize and recover billions of US Dollars in worldwide assets" that were allegedly embezzled, stolen, or otherwise misappropriated by Mukhtar Ablyazov and Viktor Khrapunov, (Ex. 2, ¶ II), and "is authorized to act" agents for Almaty/BTA, (*id.* ¶ IV).



The Honorable Katherine H. Parker
May 5, 2017
Page 2

to both requests interposed privilege objections to all demands involving Arcanum.[3] On March 15, 2017, Triadou served subpoenas on Arcanum Global for documents and a deposition under Federal Rule of Civil Procedure ("Rule") 30(b)(6). (Ex. 7).

The parties then met-and-conferred, during which counsel for Almaty/BTA represented that they retained Arcanum in connection with this and other litigation to investigate Almaty/BTA's claims, and that Arcanum's findings regarding underlying facts were protected by the fact work product doctrine.[4] During the parties' April 13 meet-and-confer, Triadou posed three simple questions: (1) Has Almaty/BTA produced any fact documents they obtained from Arcanum (without asking for specific identification of the documents)? (2) Has Almaty/BTA withheld documents they obtained from Arcanum? (3) Do Almaty/BTA object to a deposition of Arcanum regarding facts it discovered?  Almaty/BTA's counsel responded via email by providing a vague representation in answer to Triadou's first question, confirming they had withheld documents prepared or provided by Arcanum, and objecting to a deposition of Arcanum.  (*See* Ex. 1).[5]

**Argument**.  Pursuant to Rule 37, Triadou seeks to compel (1) the production of fact documents obtained by Arcanum; (2) the production of documents reflecting communications between Arcanum and relevant third-parties; and (3) a Rule 30(b)(6) deposition of Arcanum to explore the facts it has discovered.  Because Almaty/BTA object to such discovery on privilege grounds, they bear the burden of proving this information is protected work product.  *ECDC Envtl., L.C. v. N.Y. Marine & Gen. Ins. Co.*, No. 96 Civ. 6033 (BSJ) (HBP), 1998 U.S. Dist. LEXIS 8808, at *31 (S.D.N.Y. June 4, 1998) (citation omitted).  They cannot meet their burden here.

"[W]hile the work product doctrine may in some circumstances protect from pretrial disclosure the results of a factual investigation undertaken by a party or its consultant in anticipation of litigation, the doctrine 'does not protect facts concerning the creation of work product, or facts contained within work product.'" *Abbo-Bradley v. City of Niagara Falls*, 293 F.R.D. 401, 407 (W.D.N.Y. 2013) (quoting 6 Moore's Fed. Prac., § 26.70[2][a], p. 26-435 (citations omitted)); *see also Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 337 (N.D.N.Y. 2006) (work product doctrine usually "does not extend to facts. Generally, non-privileged facts should be freely discoverable").  Underlying factual information is therefore discoverable regardless of who finds it.

---

[3] Triadou's First and Second Requests for Production, and Almaty/BTA's Responses thereto, are attached as Exhibits 3 through 6, respectively.

[4] Counsel for the parties met-and-conferred by telephone on March 23 and April 13 and exchanged email communication on the subject in March and April 2017. (*See, e.g.*, Exs. 1, 8).

[5] Almaty/BTA have not served Rule 45 objections to Triadou's subpoenas to Arcanum (nor has Arcanum), but Almaty/BTA's counsel has nevertheless made clear that no deposition of Arcanum will go forward.  (Ex. 1).  And, while Almaty/BTA have offered to work with Triadou to find a witness who could sit in lieu of Arcanum, Triadou's requests regarding this offer received no response.  (*See* Exs. 1, 9).



The Honorable Katherine H. Parker
May 5, 2017
Page 3

     While the fact work product doctrine thus may offer some qualified protection to documents Arcanum *created*,[6] it does not shield the underlying facts Triadou seeks to discover from Arcanum. Documents Arcanum *obtained* through its investigation, interviews, or meetings with non-parties, however, are discoverable; and Almaty/BTA cannot claim work product protection over documents their authorized agent did not create. Similarly, Arcanum's written communications with non-party witnesses or entities, to the extent those communications are responsive to Triadou's subpoena or discovery requests (or to requests issued by the other defendants), also are not protected by the work product doctrine. Almaty/BTA's refusal to produce such documents is indefensible. Moreover, because the work product doctrine "does not immunize litigants or their consultants from disclosing the underlying facts obtained during the course of their investigations," Triadou may obtain such facts through deposition. *ECDC Envtl.*, 1998 U.S. Dist. LEXIS 8808, at *44 (because the work product doctrine "protects documents, not facts," a party "seeking those facts may obtain them through other means of discovery, such as through depositions").

     Lastly, Almaty/BTA should not be permitted to cloak with privilege information obtained from Arcanum's investigation given that their counsel acknowledged during a meet-and-confer that Almaty/BTA may affirmatively use such information at trial. "The Fairness Doctrine will not allow the privilege to stand when the proponents seek to use it for a purpose that is inconsistent with the privilege." *Trudeau*, 237 F.R.D. at 340 (citation omitted). Rather, a court may order disclosure of documents prepared by consultants to "level the playing field" in the litigation or if one party may "use the fruits . . . at trial" against another party. *S.E.C. v. Vitesse Semiconductor Corp.*, 771 F. Supp. 2d 310, 314 (S.D.N.Y. 2011) (ordering a report by forensic accountants retained to conduct an investigation that was given to the party before litigation). "What the court is attempting to avoid" is exactly what Almaty/BTA seek to do here: "the wielding of the attorney-client privilege and the work product doctrine as both a shield and a sword." *Trudeau*, 237 F.R.D. at 340.

     Accordingly, Triadou requests an order compelling Almaty/BTA and Arcanum to produce the categories of documents identified above and to permit the 30(b)(6) deposition of Arcanum.[7]

     Thank you for your consideration.

---

[6] Triadou has limited information regarding documents Arcanum prepared and provided to Almaty/BTA. Thus, Triadou cannot determine if discovery of Arcanum's purported fact work product is needed, though the Court may order production of such documents on a showing of "'substantial need and inability to obtain the equivalent without undue hardship.'" *ECDC Envtl*, 1998 U.S. Dist. LEXIS 8808, at *34 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981)). Triadou reserves the right to pursue such documents.

[7] At the time Triadou served subpoenas on Arcanum, Almaty/BTA still had not produced Bourg's release, so Triadou did not know of the "authorized agent" language in the document. If Triadou had this information, it likely would have pursued a Rule 30 deposition of Arcanum as a managing agent for Almaty/BTA. Because Almaty/BTA's improper privilege objections have prevented any substantive discussion of discovery from Arcanum, Triadou first seeks to resolve that issue, but reserves the right to pursue a Rule 30 deposition of Arcanum in the event the Court grants the instant motion.



The Honorable Katherine H. Parker
May 5, 2017
Page 4

                                              Respectfully submitted,

                                                s/ Deborah A. Skakel
                                              Deborah A. Skakel

cc:      All Counsel of Record (*via* ECF)