# Exhibit 1

| | |
|---|---|
| **From:** | Daniel Boyle |
| **To:** | Hassid, Alex; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com); Katelyn Brooks; Skakel, Deborah; Michaelson, Robyn |
| **Cc:** | Matthew L. Schwartz; Peter Skinner; Craig Wenner; Daniel Boyle |
| **Subject:** | RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues |
| **Date:** | Wednesday, April 19, 2017 10:59:25 AM |
| **Attachments:** | 2017 04.19 DRAFT- Almaty UK Hague Request.docx<br>2016 06.16 Release Nicolas Bourg.pdf |

Alex-

1. With respect to Mr. Bourg, we still have not received any definitive response from him, and will update the defendants when we do.
2. With respect to the Bourg release, I can confirm it is part of our next scheduled production, which I expect will be ready this week. In the meantime, as an accommodation to your specific request, attached is a copy of the release, which we have designated as confidential under the protective order.
3. With respect to Arcanum, we believe we have provided all the information we are required to disclose at this stage, including confirming that we have withheld under applicable privileges and protections documents collected from Arcanum, and otherwise produced documents in our clients' possession, custody, or control.
4. With respect to the costs of the Cerrito deposition, we have inquired with our clients who inform us that the wire transfer has been initiated.

Finally, please find attached a draft Hague Request to the United Kingdom regarding Mr. Aggarwal. Please let us know by tomorrow whether the defendants oppose this request in the current form.

Daniel Boyle
Associate
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
212-446-2300 (Main)
212-446-2307 (Direct)
dboyle@bsfllp.com
www.bsfllp.com

---

**From:** Hassid, Alex [mailto:AHassid@blankrome.com]
**Sent:** Tuesday, April 18, 2017 11:05 AM
**To:** Daniel Boyle; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com); Katelyn Brooks; Skakel, Deborah; Michaelson, Robyn
**Cc:** Matthew L. Schwartz; Peter Skinner; Craig Wenner
**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Dan, I called you and learned you are traveling, and gave Craig a call as well.  We need answers to a few questions, so hopefully there is someone else on your team who can help with the following:

1. With respect to the Mr. Bourg's deposition, I recognize you had no definitive information yesterday, but do you have more information today?  Can you tell us, if the deposition is to be held in London, where specifically it will take place?  Same for Belgium?  Will Mr. Bourg be using a translator?  Have you coordinated a translator?  What about court reporters and videographers?

2. Again, with respect to Mr. Bourg's deposition, Triadou has previously asked Almaty/BTA to produce the release they gave to Mr. Bourg (which was mentioned in the May 2016 hearing).  Triadou made that request formally in its RFPs, but I also called you several weeks ago to alert you that we had not yet received the document.  We still don't have it.  **We need it by COB today** in advance of Mr. Bourg's deposition.

3. As to the release, Mr. Bourg testified that it was negotiated between his legal advisor and Arcanum.  Not only is the document not privileged, but it also reflects clearly non-privileged information pertaining to Arcanum.  This goes to your 3rd point, and raises even more concern that Almaty/BTA are using the privilege as both a sword and a shield.  We therefore need to know what exactly Almaty/BTA will do to work with us to identify a witness who can be deposed on these issues.  Will those witnesses be your 30(b)(6) representatives?  If not them, who else?

4. Your response to our first question is unclear.  I recognize that Almaty/BTA produced documents in its possession, custody, or control – what we want to know is whether Almaty/BTA produced documents provided to it by Arcanum.  In our meet-and-confer we were very clear not to ask you to identify specific documents at this time; we simply want to know if any of the

    documents Almaty/BTA produced were provided by Arcanum.  If you are not prepared to answer that question, please say so clearly, and if you are, you can simply tell us "yes" or "no."

5. Lastly, I believe you were going to check with your clients about the money owed for Triadou's travel expenses in connection with its 30(b)(6) deposition.  Do you have any update?

Again, we need the answers to these questions as quickly as possible.  Thank you.

Best,
Alex

**Alex Hassid
Blank Rome LLP
(202) 420-3413**

---

**From:** Daniel Boyle [mailto:DBoyle@BSFLLP.com]
**Sent:** Monday, April 17, 2017 1:24 PM
**To:** Hassid, Alex <AHassid@blankrome.com>; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com) <Jonathan.Cogan@kobrekim.com>; Katelyn Brooks <kbrooks@hnrklaw.com>; Skakel, Deborah <DSkakel@blankrome.com>; Michaelson, Robyn <RMichaelson@blankrome.com>
**Cc:** Matthew L. Schwartz <mlschwartz@BSFLLP.com>; Peter Skinner <PSkinner@BSFLLP.com>; Craig Wenner <CWenner@BSFLLP.com>
**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Alex-

Regarding the remaining questions from our April 13, 2016 meet-and-confer:

1. We have produced responsive, non-privileged documents in our clients' possession, custody, or control as required under the Federal Rules. We do not intend to identify who gathered which documents, particularly where to do so would reveal work product.
2. Almaty and BTA have withheld documents by and from Arcanum and John Howell in the course of their investigations where subject to the applicable privileges, including the attorney-client privilege and work product protection. Almaty and BTA have not identified any responsive documents from RJI Capital.
3. Considering the extent of privilege and work product issues that would be implicated by a deposition of Arcanum, Almaty and BTA object to a deposition of a representative of Arcanum at this time. Almaty and BTA are willing to work with the defendants to identify a witness as to the underlying factual information in the noticed topics that would not implicate these privilege issues.

With respect to the individuals identified on Almaty/BTA's responses to the Khrapunov interrogatories, all individuals not previously identified in this case (i.e., all names following Mr. Alekseev) are related to BTA Bank, with the exception of Bauyrzhan Darmanbekov (who is expected to be Almaty's 30(b)(6) witness).

In addition, I've attached a zip file containing updated .dat file overlays for each of our productions which identify documents by custodian, which should resolve your concerns about document custodians.

Finally, with respect to Mr. Bourg, as indicated at the meet-and-confer, we have no further information and have not received a response regarding any deposition.  We will let you know as soon as we hear anything definitive.

Daniel Boyle
Associate
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
212-446-2300 (Main)
212-446-2307 (Direct)
dboyle@bsfllp.com
www.bsfllp.com

---

**From:** Hassid, Alex [mailto:AHassid@blankrome.com]
**Sent:** Wednesday, April 12, 2017 2:08 PM
**To:** Daniel Boyle; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com); Katelyn Brooks; Skakel, Deborah; Michaelson, Robyn
**Cc:** Matthew L. Schwartz; Peter Skinner; Craig Wenner

**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Dan,

With respect to the meet-and-confer tomorrow morning, we would propose 10:00 am, assuming that works for your team and for counsel for the other parties. If so, could you please circulate dial-in information?

In terms of the agenda, Triadou would like to add the following topics:

1. With respect to Almaty/BTA's 30(b)(6) depositions, who will arrange for the Russian translator?
2. Final details regarding the deposition of Nicolas Bourg, including specific dates, times, and location
3. Triadou 30(b)(6) deposition errata – we expect to provide this by end of the week
4. Almaty/BTA's objections to Triadou's 30(b)(6) deposition notices to Almaty and to BTA
5. Almaty/BTA's objections to Triadou's 2nd document requests
6. Discovery from Arcanum and John Howell
7. Hague request for the deposition of Mukhtar Ablyazov
8. Status of Almaty/BTA's payment of Triadou's travel expenses

Best,
Alex

**Alex Hassid
Blank Rome LLP
(202) 420-3413**

---

**From:** Daniel Boyle [mailto:DBoyle@BSFLLP.com]
**Sent:** Tuesday, April 11, 2017 8:46 PM
**To:** Hassid, Alex <AHassid@blankrome.com>; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com) <Jonathan.Cogan@kobrekim.com>; Katelyn Brooks <kbrooks@hnrklaw.com>; Skakel, Deborah <DSkakel@blankrome.com>; Michaelson, Robyn <RMichaelson@blankrome.com>
**Cc:** Matthew L. Schwartz <mlschwartz@BSFLLP.com>; Peter Skinner <PSkinner@BSFLLP.com>; Craig Wenner <CWenner@BSFLLP.com>; Daniel Boyle <DBoyle@BSFLLP.com>
**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Counsel-

The Kazakh Entities intend to raise the following issues on our scheduled Thursday, April 13, meet and confer:

- Triadou SPV S.A.
    - The noticed Rule 30(b)(6) depositions of BTA Bank and the City of Almaty
        - The Kazakh Entities intend to produce Nurlan Nurgabylov on behalf of BTA Bank, and Bauyrzhan Darmanbekov on behalf of Almaty. Both witnesses will be testifying in Russian. With respect to dates, the Kazakh Entities are able to produce their witnesses in New York in either the first or second weeks of May, and are open to negotiating specific dates at the defendants' convenience.
    - The noticed depositions of Petr Krasnov and Marc Gillieron
        - The Kazakh Entities continue to take the position that both Krasnov and Gillieron are managing agents for the purposes of Rule 30, and each is well within Triadou's ability to produce for a deposition. These depositions are particularly important in light of the substantial gaps in the knowledge of Triadou's 30(b)(6) witness, Mr. Cerrito. In light of the Court's previous order regarding the location of Mr. Cerrito's deposition, ECF No. 284, at 4, conducting these depositions in New York would be substantially less burdensome for all parties.
    - Triadou's request for documents from Arcanum Global
        - The Kazakh Entities maintain that all relevant communications with Arcanum were made at the direction of counsel and thus are protected under the attorney-client privilege, and in addition, that Arcanum was retained after litigation had commenced and thus all of their investigation materials, including all investigative reports and associated documents, constitute work product under Rule 26.
    - The Kazakh Entities' March 24, 2017 Interrogatory regarding the destruction of Ilyas Khrapunov's documents
        - Whether or not Triadou intends to answer this interrogatory, or whether the Kazakh Entities will need to seek a court order pursuant to LR 33.3.
- Ilyas Khrapunov
    - The Kazakh Entities continue to take the position that Ilyas Khrapunov's purported fear of arrest is not grounds for evading a deposition under the Federal Rules, and that Mr. Khrapunov has provided no evidence that traveling to a mutually-

agreeable location within Europe would expose him to greater risk of arrest. The Kazakh Entities remain open to negotiating a location in Europe that would provide for a full deposition under the Federal Rules.
- Gennady/Elena Petelin
    - The Kazakh Entities have not received a response regarding their offer to withdraw discovery as to the Petelins in return for sworn testimony from the Petelins disclaiming any involvement with Triadou's investments, but note that the Petelins provided sworn testimony appended to their letter to the Court of today.
    - In light of the court's request that the parties seek an amicable resolution, the Kazakh Entities offer another compromise proposal: Should the Petelins agree to produce all account records related to Telford International Limited, and all associated communications with Eesh Aggarwal regarding those accounts, the Kazakh Entities would agree to withdraw discovery related to the Petelins' accounts in dispute. The Telford account records are indisputably relevant here, and the Petelins' production of those records in full is likely to streamline discovery while eliminating need for broader discovery into the Petelins' finances.

We look forward to receiving the defendants' topics for discussion.

-Dan Boyle

---

**From:** Hassid, Alex [mailto:AHassid@blankrome.com]
**Sent:** Monday, April 10, 2017 9:38 AM
**To:** Daniel Boyle; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com); Katelyn Brooks; Skakel, Deborah; Michaelson, Robyn
**Cc:** Matthew L. Schwartz; Peter Skinner; Craig Wenner
**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Dan,

Your email did not include any responses to my request for specifics.  It would be helpful to know in advance which specific topics Boies Schiller plans to cover and its positions on those issues (to the extent we haven't discussed them before) so we are in a better position to respond.

As for availability, our team has limited availability Thursday – just the morning.  Let us know if that works.

Best,
Alex

**Alex Hassid**
**Blank Rome LLP**
**(202) 420-3413**

---

**From:** Daniel Boyle [mailto:DBoyle@BSFLLP.com]
**Sent:** Friday, April 7, 2017 2:25 PM
**To:** Hassid, Alex <AHassid@blankrome.com>; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com) <Jonathan.Cogan@kobrekim.com>; Katelyn Brooks <kbrooks@hnrklaw.com>; Skakel, Deborah <DSkakel@blankrome.com>; Michaelson, Robyn <RMichaelson@blankrome.com>
**Cc:** Matthew L. Schwartz <mlschwartz@BSFLLP.com>; Peter Skinner <PSkinner@BSFLLP.com>; Craig Wenner <CWenner@BSFLLP.com>
**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Alex-

Thursday would work better for those on our side.

-Dan Boyle

---

**From:** Hassid, Alex [mailto:AHassid@blankrome.com]
**Sent:** Thursday, April 6, 2017 1:31 PM
**To:** Daniel Boyle; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com); Katelyn Brooks; Skakel, Deborah; Michaelson, Robyn
**Cc:** Matthew L. Schwartz; Peter Skinner; Craig Wenner
**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Dan,

We are available on Wednesday next week.  I would suggest 2:00 PM for the call just to focus the inquiry for all parties, but we are

flexible if that time does not work.

Your email references our "other points," but it would be helpful to know in advance of the meet-and-confer specifically which points you want to discuss, and what your positions are on those points so we can be prepared to address them.

Additionally, I expect Triadou will want to discuss the objections and responses you just served.

Best,
Alex

**Alex Hassid**
**Blank Rome LLP**
**(202) 420-3413**

---

**From:** Daniel Boyle [mailto:DBoyle@BSFLLP.com]
**Sent:** Thursday, April 6, 2017 11:53 AM
**To:** Hassid, Alex <AHassid@blankrome.com>; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com) <Jonathan.Cogan@kobrekim.com>; Katelyn Brooks <kbrooks@hnrklaw.com>; Skakel, Deborah <DSkakel@blankrome.com>; Michaelson, Robyn <RMichaelson@blankrome.com>
**Cc:** Matthew L. Schwartz <mlschwartz@BSFLLP.com>; Peter Skinner <PSkinner@BSFLLP.com>; Craig Wenner <CWenner@BSFLLP.com>; Daniel Boyle <DBoyle@BSFLLP.com>
**Subject:** RE: City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Counsel:

Attached please find amended responses and objections to the 30(b)(6) notices and cross-notice of Almaty and BTA, as well as responses and objections to the Khrapunov's third request for the production of documents.

Regarding your other points, please let us know when the parties are available to meet and confer.

-Dan Boyle

---

**From:** Hassid, Alex [mailto:AHassid@blankrome.com]
**Sent:** Tuesday, April 4, 2017 7:06 PM
**To:** Daniel Boyle; Matthew L. Schwartz; jkenney@hnrklaw.com; jcurley@hnrklaw.com; Jonathan D. Cogan (Jonathan.Cogan@kobrekim.com); Katelyn Brooks; Peter Skinner; Craig Wenner
**Cc:** Skakel, Deborah; Michaelson, Robyn
**Subject:** City of Almaty, et al v. Mukhtar Ablyazov, et al, (15-cv-5345 (AJN)) // Outstanding Issues

Dan,

Following up on some outstanding issues from the parties' meet-and-confer a couple of weeks ago, we still have not received updated responses and objections to deposition notices (mentioned in your email of (3/24), or any objections at all to Triadou's 30(b)(6) deposition notice to Almaty (which we served on 2/28/2017 and which we have raised multiple times).  To the extent Almaty has any objections to the Almaty 30(b)(6) topics, we need to know both to properly prepare for the deposition and to ensure any motions arising from those objections are resolved sufficiently in advance of the deposition.  We request that you provide those objections and responses by end of this week.  Alternatively, if Almaty has no objections to Triadou's 30(b)(6) notice, please let us know.

It also would facilitate scheduling and preparation if Almaty/BTA could provide more clarity on the witness or witnesses they intend to put up as 30(b)(6) designees and the specific dates those individuals are available.  Do you have any updates on that information beyond "first week of May"?

Finally, on March 24 you indicated in email that you are continuing to evaluate your potential Hague request regarding the deposition of Mr. Ablyazov in light of Triadou's request to join in that examination.  We have not heard back from you regarding the status of that request.  Does Almaty/BTA plan to move forward?

Thank you.

Best,
Alex

**Alex Hassid | Blank Rome LLP**

1825 Eye Street NW | Washington, DC 20006

Tel (202) 420-3413 | Fax (202) 420-2201 | [AHassid@BlankRome.com](AHassid@BlankRome.com)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]