# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CF 135 FLAT LLC, CF 135 WEST MEMBERS LLC, and THE CHETRIT GROUP, LLC,<br><br>   Interpleader Plaintiffs,<br><br> - against -<br><br>TRIADOU SPV S.A. and CITY OF ALMATY, a foreign city,<br><br>   Interpleader Defendants. | ECF Case<br><br>No. 15 CV 05345 (AJN) |
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>   Crossclaim Plaintiffs,<br><br> - against -<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>   Crossclaim Defendants. | **TRIADOU'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO ALMATY/BTA** |

  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Local Civil Rules, Crossclaim-Defendant Triadou SPV S.A. ("Triadou"), by and through its undersigned counsel, hereby propounds its First Requests for the Production of Documents directed to Crossclaim-Plaintiffs City of Almaty ("Almaty") and BTA Bank JSC ("BTA") (together, "Almaty/BTA"). Almaty/BTA are requested to respond in writing to these Requests and to produce the documents and tangible things designated below for inspection and copying at the offices of Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174-0208 within thirty (30) days after service thereof.

## DEFINITIONS

1. "Almaty" means the City of Almaty, Kazakhstan, and its elected or appointed officials or employees.

2. "BTA" means BTA Bank JSC, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

3. The "A/B-Chetrit Settlement" shall refer to the settlement agreement entered into by Almaty, BTA, and the Chetrit Entities on or about November 12, 2015 and referenced in ECF No. 69.

4. The "California Actions" refers to *City of Almaty v. Khrapunov, et al.*, Case No. 2:14-cv-03650-FMO-CW, and *City of Almaty v. Khrapunov, et al.*, Case No. 2:15-cv-02628-FMO-CW, filed in the Central District of California and referenced in paragraphs 29 and 115 of the Answer, Counterclaims, and Crossclaims.

5. The "Chetrit Entities" means Joseph Chetrit, Meyer Chetrit, CF 135 Flat LLC, CF 135 West Members LLC, The Chetrit Group, LLC, and 227 East 19th Holder LLC, and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6. The "Crossclaims" means Almaty/BTA's Answer, Counterclaims, and Crossclaims (ECF No. 49).

7. "SDG" means the Swiss Development Group and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

8. "Triadou" means Triadou SPV S.A. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

9. The "UK Actions" refers to all actions filed in the United Kingdom by or on behalf of BTA and concerning any of the allegations in the Crossclaims, including *JSC BTA Bank v.*

*Ablyazov, et al.*, *JSC BTA Bank v. Ablyazov and Khrapunov*, the Granton Action, the Drey Action, and the Chrysopa Action.

10. "You" or "Your" means the party responding to these Requests.

11. "Communication" shall have the meaning set forth in Local Civil Rule 26.3(c)(1).

12. "Document" shall have the meaning set forth in Local Civil Rule 26.3(c)(2).

13. "Identify" shall have the meaning set forth in (i) Local Civil Rule 26.3(c)(3) with respect to Persons and (ii) Local Civil Rule 26.3(c)(4) with respect to Documents.

14. "Including" shall mean "including, but not limited to."

15. "Person" shall have the meaning set forth in Local Civil Rule 26.3(c)(6).

16. "Concerning" shall have the meaning set forth in Local Civil Rule 26.3(c)(7).

## INSTRUCTIONS

1. These Requests are for the production of all Documents in Your possession, custody, or control.

2. In defining the terms of discovery, You should use the definitions set forth above and, in the absence of a definition, the plain meaning of the words.

3. Each Request for a Document requires the production of the Document in its entirety, including all pages and attachments or exhibits, without redaction or expurgation.

4. If You object to any part of these Requests, (i) state each objection in specific detail and (ii) produce all responsive documents to which an objection does not apply.

5. If You claim all or any part of a Request is vague or ambiguous, identify the specific language You consider vague or ambiguous and state the interpretation of the language in question used to frame Your response.

6. If any Document responsive to these Requests is withheld from production, You shall furnish a log providing the information set forth in Local Civil Rule 26.2.

7. The present tense includes the past and future tenses. The terms "each" and "any" as used herein also mean "every." Words in the masculine, feminine or neuter form shall include each of the other genders. These Requests shall be construed in accordance with Local Civil Rule 26.3(d).

8. These Requests are continuing in nature and require amendment or supplementation if You obtain, directly or through Your agents, representatives, or attorneys, pertinent additional or different information or materials between the time that Your responses to these Requests are served until the trial in the above-captioned matter. If You do not have all of the information needed to completely respond to any Request, provide all Documents in Your possession, custody, or control, state that Your information is incomplete, identify the information You would need to make a complete response, and provide a supplemental production when You obtain the information necessary to do so.

9. You shall produce any Electronically Stored Information ("ESI") in its native format, or as searchable, single-page Group IV .TIF files, and shall produce any and all metadata and load files associated with the produced ESI.

## DOCUMENT REQUESTS

1. Documents Concerning the A/B-Chetrit Settlement, including but not limited to:

    a. The final version of the A/B-Chetrit Settlement;

    b. Any draft or pre-final versions of the A/B-Chetrit Settlement, including those reflecting handwritten or electronic mark-up;

    c. All Communications between Almaty and/or BTA on the one hand, and the Chetrit Entities or Erik Elkain on the other hand; and

    d. All Documents Almaty and/or BTA produced to or received from the Chetrit Entities during the negotiation of the A/B-Chetrit Settlement.

4

2. Documents "obtained from the Chetrit Group, including contracts, financial documents, and correspondence" as referenced in Almaty/BTA's Initial Disclosures dated August 12, 2016.

3. Documents Concerning any release Almaty and/or BTA provided or agreed to with Nicolas Bourg, about which Bourg testified on May 19, 2016, including but not limited to all Communications between or among Almaty, BTA, the Arcanum Company, Nicolas Bourg, and/or any other Person regarding that release or the negotiation thereof.

4. Documents Nicolas Bourg provided to Almaty and/or BTA Concerning Triadou, Ilyas Khrapunov, SDG, the subject matter of the allegations or causes of action set forth in the Crossclaims, or the subject matter of the allegations or claims in the UK Actions, including those Documents referenced by Bourg in testimony on May 19, 2016.

5. Documents Almaty and/or BTA provided to Nicolas Bourg Concerning Triadou, Ilyas Khrapunov, SDG, the subject matter of the allegations or causes of action set forth in the Crossclaims, or the subject matter of the allegations or claims in the UK Actions, including those Documents referenced by Bourg in testimony on May 19, 2016.

6. Documents Concerning the meetings between or among Almaty, BTA, the Arcanum Company, and Nicolas Bourg, about which Bourg testified on May 19, 2016, including minutes or notes.

7. Recordings of conversations or meetings made or taken by Nicolas Bourg provided to Almaty and/or BTA, and any transcriptions or translations thereof, Concerning any of the allegations set forth in, or individuals referenced in, the Crossclaims, including but not limited to the recordings referenced in Paragraphs 107 and 125 of the Crossclaims.

8. Documents Concerning the allegations set forth in Paragraphs 118 and 121 of the Crossclaims.

9. Documents reflecting Communications during the period from June 1, 2013, to May 1, 2015 between or among Almaty (or its attorneys) and any of the named defendants in the California Actions Concerning the California Actions.

10. Documents BTA produced, served, or filed in connection with the UK Actions, including any transcripts, affidavits, and exhibits that BTA submitted as evidence in those proceedings, regardless of whether such evidence was submitted ex parte.

11. Documents that were produced to or served on BTA in connection with the UK Actions.

12. Documents Concerning Telford International Limited, including but not limited to:

   a. Any Documents Concerning the allegation set forth in Paragraph 88 of the Crossclaims that "Telford International Limited . . . [is] controlled by the Ablyazov-Khrapunov Group";

   b. Documents Concerning the "sources of funding" for Telford International Limited as referenced in Almaty/BTA's Initial Disclosures dated August 12, 2016; and

   c. Documents Concerning Telford International Limited's "relationship to Triadou and SDG" as referenced in Almaty/BTA's Initial Disclosures dated August 12, 2016.

13. Documents Concerning Telford Financiers, including but not limited to Documents reflecting any connection or business relationship between Telford Financiers and Telford International Limited, and any Documents produced or submitted by any Person or Party in the UK Actions.

14. Documents Concerning the purchase and sale of SDG, including any Documents Concerning the allegations set forth in Paragraphs 89 through 92 of the Crossclaims.

15. Documents Concerning Black Sea Trade and Development Bank's "denial of financing for an SDG project after [the] sale to [Philippe] Glatz" as referenced in Almaty/BTA's Initial Disclosures dated August 12, 2016.

16. Documents Concerning Your assertion that "Ilyas Khrapunov directed all of Triadou's investments, subject to the approval of [Mukhtar] Ablyazov" (ECF Doc. 165 at 9).

17. Documents Concerning the allegations set forth in Paragraphs 41 and 50-58 of the Crossclaims regarding Mukhtar Ablyazov's alleged conduct.

18. Documents Concerning the allegations set forth in Paragraphs 69-76 of the Crossclaims regarding Viktor Khrapunov's alleged conduct.

19. Documents Concerning Your assertion that "SDG was used to move and invest both the funds of the Khrapunov and Ablyazov families" (ECF Doc. 165 at 15).

20. Documents Concerning the allegation in Paragraph 79 of the Crossclaims that "[t]he Ablyazov-Khrapunov Group ultimately transferred to Switzerland an estimated three hundred million dollars or more, moved out of Kazakhstan by Viktor Khrapunov and laundered through offshore holding companies to appear legitimate."

21. Documents Concerning Kazakhstan's request for legal assistance from the Federal Office of Justice in Switzerland, as described in Paragraph 85 of the Crossclaims, including but not limited to:

   a. Communications between or among Almaty and/or BTA and the Federal Office of Justice in Switzerland, the Public Prosecutor of Geneva, or any other entity or Person within the Swiss government;

   b. Documents provided to Almaty and/or BTA by the Federal Office of Justice in Switzerland, the Public Prosecutor of Geneva, or any other entity or Person within the Swiss government in connection with the request for assistance, including Documents Concerning SDG, Triadou, Philippe Glatz, or any other related entity.

22. Documents Concerning Almaty's and/or BTA's Document retention or destruction policies, practices, or procedures.

23. Documents Concerning the "further damages to be determined resulting from their RICO injuries" as referenced in Almaty/BTA's Initial Disclosures dated August 12, 2016, including but not limited to Documents calculating such damages.

24. Documents identified in Your responses to Triadou's First Set of Interrogatories.

Dated: New York, New York
       August 25, 2016

                BLANK ROME LLP

                By:        s/Deborah A. Skakel
                      Deborah A. Skakel
                      Alex Hassid
                      Robyn L. Michaelson
                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174-0208
                Telephone: (212) 885-5000
                Facsimile: (212) 885-5001
                dskakel@blankrome.com
                ahassid@blankrome.com
                rmichaelson@blankrome.com

                *Counsel for Crossclaim Defendant*
                *Triadou SPV S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2016, a true and correct copy of **Triadou's First Requests for the Production of Documents Directed to Almaty/BTA**, was served by electronic mail on all of the following:

Matthew L. Schwartz
Randall Jackson
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
mlschwartz@BSFLLP.com
RJackson@BSFLLP.com

*Counsel for Almaty/BTA*

John J. Kenney
John P. Curley
HOGUET NEWMAN REGAL &
KENNEDY LLP
10 East 40th Street
New York, NY 10016
jkenney@hnrklaw.com
jcurley@hnrklaw.com

*Counsel for Viktor and Ilyas Khrapunovs*

David Segal
David Salhanick
SUKENIK, SEGAL & GRAFF, P.C.
404 Fifth Avenue, 5th Floor
New York, NY 10018
davidsegal@ssglaw.com
dsalhanick@ssglaw.com

*Counsel for the Chetrit Entities*

Jonathan D. Cogan
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
jonathan.cogan@kobrekim.com

*Counsel for Mukhtar Ablyazov*

                                                   s/ Deborah A. Skakel
                                                   Deborah A. Skakel