

*Phone: (212) 885-5148*
*Fax: (917) 591-7897*
*Email: dskakel@blankrome.com*

June 16, 2017

**VIA ELECTRONIC MAIL**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

**Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*, Case No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

We represent Triadou SPV S.A. ("Triadou") and submit this letter motion to request an order removing the "Confidential" designation from the settlement agreement between the City of Almaty and BTA Bank (together, "Almaty/BTA") on the one hand, and the Chetrit Entities[1] on the other (the "Settlement Agreement") or, in the alternative, a pre-motion conference on the subject. While Almaty/BTA produced the document with a "Confidential" designation under the parties' Stipulated Protective Order, (ECF No. 253), they cannot show good cause to maintain that designation.

**Background**. In their October 2015 response to the Chetrit Entities' now-dismissed Amended Interpleader Complaint, Almaty/BTA asserted counterclaims against the Chetrit Entities and crossclaims against Triadou and the Individual Defendants. (ECF No. 49). A month later, Almaty/BTA reported a settlement with the Chetrit Entities, and voluntarily dismissed with prejudice their counterclaims against the Chetrit Entities. (ECF Nos. 69-70). In their contemporaneous public statements regarding the settlement, Almaty/BTA stated they had "reclaimed a significant asset that was traceable to the billions of dollars that were stolen from them." (Ex. A). During the Court's May 2016 evidentiary hearing concerning Almaty/BTA's attachment motion, the Settlement Agreement again was discussed publicly when an attorney for the Chetrit Entities testified in open court regarding terms of the agreement, referencing the eventual transfer of part of the Flatotel ownership interest to Almaty/BTA and the requirement for the Chetrit Entities' to cooperate with Almaty/BTA. (*See* ECF No. 163, at 34-35).

[1] Triadou uses the "Chetrit Entities" here to refer to the Chetrit Group LLC, CF 135 Flat LLC, and CF 135 West Member LLC, the original interpleader plaintiffs, as well as Joseph Chetrit, a named counterclaim defendant.





In its August 2016 initial document requests, Triadou sought the Settlement Agreement and related documents. (Ex. B, at 4). More than six months later, Almaty/BTA produced the November 2015 agreement, designating it for "Attorneys' Eyes Only" under the Protective Order. (ECF No. 253, ¶ 7). Triadou objected to this designation, and after negotiation, Almaty/BTA re-designated the document as "Confidential." (Ex. C). However, Triadou reserved its rights under the Protective Order as to this re-designation.

On June 1, Triadou sought to meet and confer with Almaty/BTA to discuss de-designating the Settlement Agreement. Almaty/BTA responded to Triadou's request on June 12, and counsel for the parties met and conferred on June 13, although they were unable to resolve this dispute.

Under the Protective Order, the parties may designate certain categories of information as "Confidential," "previously non-disclosed material relating to ownership or control of any non-public company" and "sensitive non-public information." (ECF No. 253, ¶¶ 3(b), (e)). The Protective Order also prevents parties who receive Confidential material from using it in other proceedings absent agreement from the producing party or a Court order. *Id.* ¶ 2. Triadou now seeks a Court order de-designating the Settlement Agreement pursuant to paragraph 20 of the Protective Order, which provides that nothing in the order "shall prevent any person from seeking, by written agreement of the Parties or by Court order, further, greater, or lesser protection with respect to the use of any Confidential Discovery Material."

**Argument**. Federal Rule of Civil Procedure 26(c) "permits a district court to make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense' upon a showing of good cause." *Schiller v. City of New York*, No. 04 Civ. 7922 KMK JCF, 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007) (internal quotation marks omitted). Where a court has entered a global protective order governing general categories of documents, the "'good cause' showing is temporarily postponed 'until a party . . . challenges the continued confidential treatment of certain particular documents' . . . at which point 'the burden of establishing the good cause then lies with the party seeking to prevent the disclosure.'" *Koch v. Greenberg*, No. 07 Civ. 9600 BSJ DF, 2012 WL 1449186, at *1 (S.D.N.Y. Apr. 13, 2012) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 243 (S.D.N.Y. 2009)). To demonstrate good cause, Almaty/BTA must show that disclosure of the Settlement Agreement "will result in a clearly defined, specific and serious injury." *See Schiller*, 2007 WL 136149, at *3 (citations and internal quotation marks omitted). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle.'" *Id.* (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Almaty/BTA cannot make the requisite showing.

The Settlement Agreement's designation should be removed because the document does not fall into any of the categories of information that may be designated as "Confidential" under the Protective Order. The Settlement Agreement does not reflect "non-disclosed material relating to ownership or control of any non-public company," (ECF No. 253, ¶ 3(b)), because the portions of the agreement relating to Almaty/BTA's ownership interest in the Flatotel have been discussed in open court, (ECF No. 163, at 34-35), and the news media, (Ex. A). Likewise, the Settlement





Agreement does not fall into the Protective Order's catchall provision, paragraph 3(e), because the existence of the agreement has been disclosed, (Ex. C; ECF Nos. 69-70; ECF No. 163, at 34-35), and there is nothing particularly "sensitive" about its contents, (*see* Ex. C).[2] That Almaty/BTA and the Chetrit Entities [REDACTED]. *Id.*

Even assuming the Settlement Agreement falls into one of these "Confidential" categories, the fact that the Protective Order allows the parties to designate as Confidential certain categories of documents "in no way creates a presumption that information so designated qualifies for protection under Rule 26(c)." *U2 Home Entm't, Inc. v. KyLin TV, Inc.*, No. 06-CV-2770 (DLI), 2008 WL 1771913, at *2 (E.D.N.Y. Apr. 15, 2008). Thus, Almaty/BTA must still show good cause, but during the parties' meet-and-confer, Almaty/BTA did not articulate or hint at ***any*** harm – let alone specific and significant harm – they would suffer if the Settlement Agreement is made public.[3]

In contrast, Triadou faces the prospect of real harm, as it seeks to enforce its contractual rights under its Assignment Agreement with the Chetrit Entities. Under that agreement, Triadou transferred its ownership interest in the Flatotel to the Chetrit Entities in exchange for various consideration, (Ex. D), [REDACTED]. To avoid and delay complying with their obligations under the Assignment Agreement, the Chetrit Entities have used Almaty/BTA's crossclaims here – none of which have been proven – and the Settlement Agreement, to frustrate Triadou's enforcement efforts. In doing so, the Chetrit Entities have claimed they cannot act without Almaty/BTA's approval, and now seek to evade Triadou's rights under the Assignment Agreement to audit and inspect the Flatotel's records based on their months-old production of documents to Almaty/BTA [REDACTED]. Granting Triadou's state court counsel access to the Settlement Agreement[4] – which Triadou's counsel here cannot provide absent de-designation – would facilitate Triadou's enforcement of its rights and assist the state court in understanding the links among the asset (the Flatotel), the parties there (Triadou and the Chetrit Entities), and Almaty/BTA.

Accordingly, Triadou respectfully requests that the Court order the de-designation of the Settlement Agreement or, alternatively, order a pre-motion conference regarding this subject.

---

[2] The Protective Order's remaining categories of "Confidential" information do not apply here. (*See* ECF No. 253, ¶¶ 3(a), (c), (d), and (f)).

[3] Instead, Almaty/BTA sought to leverage Triadou's request to de-designate a single document into a wholesale modification of the Protective Order to eliminate the limitation preventing the parties from using documents Confidential Discover Material in other proceedings. Triadou rejected this "offer."

[4] Triadou's state court counsel requested a copy of the Settlement Agreement from the Chetrit Entities, but they refused to provide it.






Thank you for your consideration.

Respectfully submitted,

s/ Deborah A. Skakel
Deborah A. Skakel

cc: All Counsel of Record (*via* ECF)