

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

June 23, 2017

**VIA ELECTRONIC MAIL**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            Case No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

    We represent Triadou SPV S.A. ("Triadou") and submit this letter in brief reply to the June 21, 2017 letter-opposition filed by the City of Almaty and BTA Bank (together, "Almaty/BTA") regarding the designation of their settlement agreement with the Chetrit Entities (the "Settlement Agreement"). Almaty/BTA's letter is rife with unsubstantiated accusations and inaccuracies, and entirely fails to show good cause to maintain the confidentiality designation of the Settlement Agreement. *See* Almaty/BTA Letter Opp. (June 21, 2017) (the "Letter-Opp.").

**I.    Almaty/BTA Have Not Shown Good Cause To Designate The Settlement Agreement As Confidential**

    Almaty/BTA claim that they "repeatedly explained to Triadou the basis for" the Settlement Agreement's Confidential designation was "to protect their interests *vis a vis* other stakeholders in the real estate development projects as well as their business interests generally." Letter-Opp. at 2. This claim is false. Almaty/BTA never raised this concern with Triadou, and in fact referenced only purported "ongoing confidential negotiations" with the Chetrit Entities – without further insight – and their fear that Triadou would use the document in other litigation.

    Even if Almaty/BTA had raised the amorphous "business interests" concern, it does not reflect the requisite "clearly defined, specific and serious injury." *Schiller v. City of New York*, No. 04 Civ. 7922 KMK JCF, 2007 WL 136149, at *3 (S.D.N.Y. Jan. 19, 2007) (citations and internal quotation marks omitted). In fact, it does not identify any injury at all. For the same reason, Almaty/BTA's speculative concern that the Settlement Agreement may become a "ceiling for future recoveries or a floor with respect to concessions made by the Kazakh Entities," Letter-Opp. at 2, merely reflects a "broad allegation[] of harm, unsubstantiated by specific examples or articulated



The Honorable Katherine H. Parker
June 23, 2017
Page 2

reasoning," which does not satisfy Federal Rule of Civil Procedure 26(c). *Id.* (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).[1]

Lastly, Almaty/BTA return to their common refrain, citing the U.K. Court of Appeals statements regarding one of the Individual Defendants, and claiming that "[i]t is unclear how Triadou intends to use these confidential documents." Letter-Opp. at 2. Triadou has not acted improperly in this case (or elsewhere), and there is not a scintilla of evidence to the contrary. Almaty/BTA's repeated efforts to tether the U.K. Court's finding to Triadou – who was neither a party to nor involved in those proceedings – are offensive and inappropriate. Triadou seeks the de-designation of one document (not many "documents," Letter Opp. at 2), for the purpose Triadou set forth plainly in its initial letter-motion. Triadou Letter-Mot. at 3 (June 16, 2017) (describing Triadou's difficulties in enforcing its contractual rights against the Chetrit Entities and Triadou's intent to use the Settlement Agreement in those enforcement efforts against the Chetrit Entities in state court). While Almaty/BTA chose to ignore Triadou's straightforward representations, there is no reason for the Court do so.[2]

## II. Almaty/BTA's Attempt At Deflection Is Baseless And Transparent

Because Almaty/BTA cannot establish good cause, they seek to deflect the Court's focus to Triadou's designation of its documents under the Protective Order. This is a red herring, and their motive is transparent. Almaty/BTA seek to eliminate the Protective Order's bar on using Confidential Discovery Material in other litigation they have filed and continue to file all over the world. Of course, that provision was agreed to by all parties, not just Triadou and Almaty/BTA. Further, Almaty/BTA have not actually filed a motion seeking this relief, presumably because they know that a motion to modify a protective order is subject to a "heightened standard" that requires a showing of "'improvidence in the grant of [the] order or some extraordinary circumstance or compelling need' where there has been reasonable reliance on the order." *Schiller*, 2007 WL 136149, at *3 (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)). They cannot make this showing.

---

[1] Triadou disputes that the Settlement Agreement falls into one of the Protective Order's "Confidentiality" categories, Letter-Opp. at 1, for the reasons set forth in Triadou's initial letter-motion.

[2] Almaty/BTA curiously object to public disclosure of the Settlement Agreement, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Almaty/BTA's reliance on *Koch v. Greenberg*, No. 07 Civ. 9600 (BSJ)(DF), 2012 WL 1449186, at *9 (S.D.N.Y. Apr. 13, 2012), is misplaced, ████████████████████████████ ████████████████. Almaty/BTA's selective quotation obscures this critical distinction.



The Honorable Katherine H. Parker
June 23, 2017
Page 3

      In any event, Triadou has not abused the Protective Order. Without context, Almaty/BTA's statistics regarding the parties' respective confidentiality designations are misleading. For example, much of Almaty/BTA's production was developed during their many years of litigation in several different jurisdictions, while Triadou has not been involved in such expansive litigation.[3] Thus, much of Almaty/BTA's production has been previously disclosed, while Triadou's has not. Similarly, Almaty/BTA reproduced without confidentiality designations thousands of documents they obtained through subpoenas to non-parties, while, in contrast, much of Triadou's production reflects its (or its affiliate's) business records and correspondence. These material differences in part explain the varying treatment afforded the parties' productions.

      Moreover, Triadou has repeatedly stated its willingness to cooperate with Almaty/BTA regarding any documents they believe have been incorrectly designated, although Almaty/BTA have refused to point Triadou to particular documents. Almaty/BTA should not be heard to complain that Triadou is unwilling to cooperate when it is Almaty/BTA who have rejected Triadou's cooperation.[4]

      Accordingly, Triadou respectfully requests that the Court order the de-designation of the Settlement Agreement or, alternatively, order a pre-motion conference regarding the subject.

      Thank you for your consideration.

                                              Respectfully submitted,

                                              _s/ Deborah A. Skakel_
                                              Deborah A. Skakel

cc:      All Counsel of Record (*via* ECF)

---

[3] While Triadou acknowledges that it suggested including the bar to using Confidential Discovery Material in other litigation, it did so based largely on Almaty/BTA's global litigation strategy. In any event, Triadou also agreed, as a compromise suggested by Almaty/BTA, to include the clause by which the parties' could seek relief from the bar through agreement.

[4] Triadou agrees to remove the "Confidential" designations from Exhibits A, B, and D to Almaty/BTA's Letter-Opposition, as it would have if Almaty/BTA had identified those documents in a request directly to Triadou. With respect to Almaty/BTA's Exhibit C – which has never been publicly disclosed – their claim that the document was "designed for broad circulation" is wholly unsupported. They do not attach the parent email, and ignore that on its face, ████████████████████████████████████████████████████████████████████, (ECF No. 253, ¶ 3(a)). In any event, Almaty/BTA have not moved to challenge the designation of Exhibit C, nor did they ever identify the document to Triadou to discuss a challenge to its designation.