

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

June 23, 2017

**VIA ELECTRONIC MAIL**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
           Case No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

      We represent Triadou SPV S.A. ("Triadou") and submit this letter in response to the June 22, 2017 letter of CF 135 West Member LLC, CF 135 Flat LLC, The Chetrit Group LLC, and Joseph Chetrit (the "Chetrit Entities") (the "Chetrit Opp.") opposing the removal of the confidentiality designation on their settlement agreement with the City of Almaty and BTA Bank (together, "Almaty/BTA"). The Chetrit Entities fail to show any clearly defined, specific, and serious injuries that could result from the de-designation of the document, and they grossly mischaracterize the circumstances relating to Triadou's need to provide the document to its state court counsel.

**I.    The Chetrit Entities Have Not Shown Good Cause To Maintain The Settlement Agreement's Confidential Designation**

      The single purported injury the Chetrit Entities assert is that "[i]n the highly competitive New York condominium marketplace, disclosing these and other details of the Settlement Agreement may harm sales of the remaining condominium units at the Flatotel and frustrate the Chetrit Entities' efforts to obtain financing for, and find buyers at, other development projects." Chetrit Opp. at 1. That such disclosure "may harm sales" falls short of demonstrating a "clearly defined, specific and serious injury." *Schiller v. City of New York*, No. 04 Civ. 7922 KMK JCF, 2007 WL 136149, at *3 (S.D.N.Y. Jan. 19, 2007) (citations and internal quotation marks omitted). Indeed, it is speculative on its face. Furthermore, Joseph Chetrit testified in this case that as of May 25, 2017, the Flatotel has only 13-14 apartments remaining to sell. (Dep. of J. Chetrit, at 95:15-18 (May 25, 2017) (Ex. F)). The Chetrit Entities do not explain why disclosure of the Settlement Agreement would hinder their ability to sell these few remaining Flatotel units, which is unsurprising given that the Chetrit Entities' continued to sell units even after their lawyer testified in open court in May 2016 that Almaty/BTA would acquire an ownership interest in the Flatotel. (ECF No. 163 at 34-35).



Nor do the Chetrit Entities offer any support for their vague supposition that disclosure of the Settlement Agreement may frustrate their efforts in connection with other projects. Chetrit Opp. at 2. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

## II. The Chetrit Entities Mischaracterize The Status Of Triadou's Enforcement Efforts

Triadou candidly stated in its initial letter-motion that it seeks de-designation of the Settlement Agreement to aid in enforcing its rights under its Assignment Agreement with the Chetrit Entities.[1] Specifically, Triadou referenced the Chetrit Entities' efforts to evade complying with Triadou's audit and inspection rights. (*See* Ex. D to Triadou's June 16, 2017 Letter, at 2). Here, the Chetrit Entities preview their evasion for this Court, arguing that "all of the documents which Triadou demanded in its 'audit and inspection' demand were previously turned over to Triadou – either directly or through Almaty/BTA – as part of the Chetrit Entities' response to Triadou's third-party subpoenas." Chetrit Opp. at 2. This is patently untrue. The Chetrit Entities produced documents to Almaty/BTA in *2016*, while Triadou attempted to exercise its audit and inspection rights in *May and June of 2017*. Outdated documents do not enable Triadou to properly audit the current status of the Flatotel. In the same vein, the documents the Chetrit Entities produced directly to Triadou's counsel consist of (a) the same documents they had provided to Almaty/BTA in 2016, and (b) e-mail files related to Triadou's entry and exit from its investments with the Chetrit Entities (not the books and records of the Flatotel-holding companies required with respect to Triadou's audit rights).[2] The Chetrit Entities therefore have not complied with their obligations, and if they persist (most likely, when they persist), Triadou may need to file new litigation to enforce its rights.[3]

Accordingly, the Chetrit Entities have not shown good cause to maintain the Confidential designation of the Settlement Agreement. Triadou therefore respectfully requests that the Court order the removal of the designation, or alternatively, order a pre-motion conference on the subject.

Thank you for your consideration.

---

[1] The Chetrit Entities' claim that there is no litigation pending is inaccurate; they have at least one appeal pending, and the monitorship holding Triadou's funds falls under the jurisdiction of the New York state court.

[2] The Chetrit Entities' efforts to avoid complying with the Assignment Agreement are unfortunately ongoing. The Chetrit Entities' references to Triadou's state court actions that "have been disposed," Chetrit Opp. at 2, consist of four state-court actions Triadou was forced to file to collect the four installment payments it was owed under the Assignment Agreement, none of which the Chetrit Entities timely paid.

[3] Triadou's audit and inspection rights are particularly important given that Triadou's exercise of those rights will reveal whether the Chetrit Entities have breached the profit participation provision of the Assignment Agreement. (Ex. D to Triadou's June 16 Letter, ¶ 1(g)).



                                                Respectfully submitted,

                                                _s/ Deborah A. Skakel_
                                                Deborah A. Skakel

cc:      All Counsel of Record (*via E-mail & ECF*)
          David Salhanick (*via E-mail*)