**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

Defendants.

No. 15-cv-05345-AJN-KHP

**DECLARATION OF JONATHAN D. COGAN**
**IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Pursuant to 28 U.S.C. § 1746, I, Jonathan D. Cogan, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice law in the State of New York and before the United States District Court for the Southern District of New York. I am a partner at the law firm Kobre & Kim LLP ("Kobre & Kim"), counsel for Defendant Mukhtar Ablyazov in the above-captioned matter. I make this declaration based on my personal knowledge of the facts set forth herein pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York in support of the accompanying Motion to Withdraw as Counsel to Mr. Ablyazov.

2. Kobre & Kim is moving to withdraw from this case because we have not been paid for our work in many months and have now been informed that our client – who had

previously arranged for payment of our legal fees by certain family members – cannot or will not arrange for us to be paid going forward.

***Relevant Background***

3. Kobre & Kim was retained by Mr. Ablyazov on June 27, 2016 to represent him in this litigation. From the beginning of this engagement until present we have communicated with him through a representative of his due to the facts that (1) he does not speak English; and (2) he was, until December 2016, incarcerated in France.

4. Although we were paid for work we did at the beginning of this engagement, we have not received payment for any legal services rendered after September 30, 2016, despite having sent invoices for services rendered on January 11, 2017; February 6, 2017; February 28, 2017; April 4, 2017; May 22, 2017; May 30, 2017; and June 30, 2017. As a result, Kobre & Kim currently has a significant unpaid balance. Mr. Ablyazov has never disputed that we are owed money for the work reflected on our invoices.

5. A few months ago, I learned that Mr. Ablyazov wished to replace our firm with new counsel in this matter for cost reasons. Although I had been told that Mr. Ablyazov had identified new counsel and was in the process of retaining him, he has not yet done so.

6. Recently, I spoke with Mr. Ablyazov's representative about when he would be finalizing retention of new counsel for Mr. Ablyazov given the fact that the process to get new counsel in place had taken a long time and we had held off on filing a motion to withdraw due to the fact that we understood new counsel was coming in to replace us. In that conversation, Mr. Ablyazov's representative informed me that (1) Mr. Ablyazov will not be retaining new counsel at this time; and (2) Mr. Ablyazov was unable to arrange for payment going forward.

7. In response, I informed Mr. Ablyazov's representative that we intend to move to withdraw as Mr. Ablyazov's counsel.[1]

***Argument***

8. Local Civil Rule 1.4 provides for the following:

> An attorney who has appeared as an attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

9. Therefore, "when considering whether to grant a motion to withdraw under Rule 1.4, courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-cv-7424(JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). Both factors weigh in favor of permitting our firm to withdraw here.

10. First, it is "well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw" under Local Civil Rule 1.4. *SEC v. Pentagon Capital Mgmt. PLC*, No. 08-cv-3324(RWS), 2012 WL 3065981, at *2 (S.D.N.Y. July 25, 2012) (citation omitted). "The New York Rules of Professional Conduct permit a lawyer to withdraw if the client 'deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 266 (S.D.N.Y. 2010) (citing N.Y. Rules of Professional Conduct, Rule 1.16(c)(5)). As described above, although Mr. Ablyazov has never disputed our invoices, he has failed to pay (or arrange to be paid) a significant amount of legal fees incurred by Kobre & Kim in connection with our representation in this matter for many months.

---

[1] We have omitted further details to preserve confidentiality, but we are of course willing to provide further details and supporting documentation, if requested by the Court, for *in camera* review.

11. Second, our withdrawal from this case at this stage will not impact the timing of the litigation's resolution. Although we would have made this motion sooner had we known that Mr. Ablyazov ultimately was not going to retain new counsel, this litigation is nonetheless still far from completion. Fact discovery does not end until October 13, 2017 (*see* Dkt. 329) and a trial date has not yet been set. Therefore, our withdrawal can be accomplished without any adverse effect on the litigation. *See, e.g., Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (finding that counsel's withdrawal "may impact the timing of prospective motion practice but will not disrupt the proceedings to the point where denial would be warranted" because "[a]lthough the discovery period is nearly over, no trial date has been set yet"); *Thekkek v. LaserSculpt, Inc.*, No. 11-cv-4426(HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (finding no disruption to the proceedings sufficient to deny counsel's motion to withdraw where a withdrawal "will impact both the timing of the pending motion practice and potentially the discovery schedule," but trial was scheduled for nine months later).

12. To avoid any prejudice to Mr. Ablyazov in this matter and allow him time to retain new counsel if he changes his mind and wishes to do so, we respectfully request that the Court provide Mr. Ablyazov with a 30-day extension to respond to the First Set of Interrogatories from Crossclaim Plaintiffs City of Almaty and BTA Bank to Mr. Ablyazov. The Interrogatories were served on June 29, 2017 and Mr. Ablyazov's response is currently due on July 31, 2017. Mr. Ablyazov faces no other currently pending deadlines to respond to discovery or submit any filings in this matter.

13. Kobre & Kim is not asserting a retaining or charging lien in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York, on this 18th day of July, 2017.

/s/ Jonathan D. Cogan
Jonathan D. Cogan