

MATTHEW L. SCHWARTZ<br>
Tel.:  (212) 303-3646<br>
E-mail:  mlschwartz@bsfllp.com

July 5, 2017

**BY E-MAIL**

Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
              **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank ("the Kazakh Entities") and write to request that the Court accept for filing under seal the enclosed letter and exhibits in opposition to Defendants Ilyas & Viktor Khrapunov's ("the Khrapunovs") June 27, 2017 letter motion, and cross-moving for a protective order. Two accompanying zip folders are included in the same manner as the Khrapunovs' letter motion. The Kazakh Entities respectfully request the Court accept this opposition and cross-motion for filing under seal.

      The Kazakh Entities' opposition and cross-motion attaches documents that appear to have been stolen from Kazakh government officials by computer hackers, and are attached as examples of the stolen materials the Khrapunovs are now attempting to use in this action. While the Khrapunovs did not designate these documents as confidential when produced, other documents stolen in the same hacking campaign have been the subject of a preliminary injunction in other proceedings and found to be "sensitive, proprietary, and confidential, including privileged communications." Ex. A, ¶ 23, *Republic of Kazakhstan v. Does 1-100*, 15-cv-1900 (ER) (S.D.N.Y.).

      As Judge Ramos found in that litigation, based on the declaration of the Minister of Justice of the Republic of Kazakhstan, "[t]here is good cause to believe that any further disclosure of the Stolen Materials will inevitably result in *additional* irreparable harm to Plaintiff." *Id.* at ¶ 19.  In addition to the preliminary injunction issued there, Judge Ramos also granted permission to file details of certain of the stolen materials at issue there under seal, finding that the materials "reflect[ed] sensitive information about governmental investigative practices, and that the need for secrecy outweighs any interest in public disclosure of the information." Ex. B (March 24, 2015 Sealing Order). The stolen documents attached to the Kazakh Entities' opposition and cross-motion, while not identical to those before Judge Ramos,



are in part the fruits of the same cyber-attack against the same government officials, and meet this same standard.

Judge Ramos' orders in that litigation helpfully inform the issues here, with one significant distinction: while the Khrapunovs are attempting to use similarly-stolen documents to their advantage here, unlike in the case before Judge Ramos, the Khrapunovs have not established that the documents at issue here were ever publicly-available. If anything, the potential for irreparable injury here is greater than it was before Judge Ramos, as there is currently no evidence that these stolen documents were ever in the public sphere.

The Kazakh Entities should not be forced to make these same materials public in order to adequately oppose the Khrapunovs' request – which would effectively deny the Kazakh Entities the value of the protective order they are seeking. While there is a presumption of public access to judicial documents, "[t]he entry of a protective order for documents produced in discovery does not affect the assumption of non-access which attaches to those documents." *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 413 (E.D.N.Y. 2007); *S.E.C. v. TheStreet.com*, 273 F.3d 222, 223 (2d Cir. 2001) (rejecting argument that "the very exercise by the District Court of its power to enter a protective order and to seal the Confidential Testimony transformed the Confidential Testimony into a 'judicial document' presumptively open to the public").

In addition, both the Kazakh Entities' opposition and cross-motion and the Khrapunovs' letter motion also attach portions of the deposition testimony of BTA Bank's representative, Nurlan Nurgabylov, which has been designated confidential under the protective order. ECF No. 253. Portions of this testimony discuss, among other topics, BTA Bank's internal operations and nonpublic information on the Bank's financial arrangements with third parties. As the Court has ordered with respect to the deposition testimony of Triadou SPV S.A.'s corporate representative, *see, e.g.,* ECF No. 314 (April 27, 2017 Order granting motion to file testimony under seal), the Kazakh Entities respectfully request that they be permitted to publicly file this testimony in the accompanying redacted form.[1]

Respectfully,

 /s/  Matthew L. Schwartz
Matthew L. Schwartz

---

[1] Exhibit 5 to the Kazakh Entities' opposition and cross-motion contains several pages of testimony from a transcript that has been designated as "Confidential," but the Kazakh Entities have identified numerous portions of testimony to file publicly.  The Khrapunovs did not mark any portion of Exhibit A to their letter-motion for redaction. In an effort to comply with the Court's instruction to minimize sealing, the Kazakh Entities have included a version of the Khrapunovs' Exhibit A reflecting redactions for public filing, allowing the remainder of the document to be filed publicly.