

10 East 40th Street
New York, New York 10016

Tel  212.689.8808
Fax 212.689.5101
www.hnrklaw.com

jkenney@hnrklaw.com

July 12, 2017

**VIA E-MAIL**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
      Case No. 15-CV-5345 (AJN) (KHP)

Dear Judge Parker,

Our firm represents crossclaim defendants Viktor Khrapunov and Ilyas Khrapunov (the "Khrapunovs") in the above-referenced matter. We write in response to BTA Bank JSC and the City of Almaty's ("BTA/Almaty") July 5, 2017 opposition to the Khrapunovs' letter motion seeking the continued deposition of BTA Bank's Rule 30(b)(6) witness, Nurlan Nurgabylov. BTA/Almaty's submission included a cross-motion for a protective order, and we also respond to that request here.

In brief, BTA/Almaty's arguments are largely two-fold: they claim the Khrapunovs have not established the Kazaword documents were publicly available, and they argue that Ilyas Khrapunov hacked these materials. BTA/Almaty Ltr. at 4. These arguments are meritless. As discussed more below, the Khrapunovs can show the documents were downloaded from Kazaword, a website that could be accessed by anyone with an internet connection. Moreover, it is not the Khrapunovs' burden to show they did not hack the documents; it is BTA/Almaty's burden to show that they did, and their argument on this point misstates a key fact and relies on unsubstantiated hearsay allegations from dubious sources.

**The Kazaword Documents Were Obtained Through a Publicly-Available Website**

As an initial matter, BTA/Almaty presumes that the Khrapunovs have the burden of showing that the documents were publicly-available. That is incorrect; as a court in this District addressing the same issue has recognized, anyone other than those directly involved in the alleged theft can publish Kazaword documents. *Republic of Kazakhstan v. Does 1-100*, 2015 WL 6473016, at *2 (S.D.N.Y. Oct. 27, 2015); Khrapunov Ltr. at 2. As discussed more below, there is no credible evidence that the Khrapunovs were, directly or indirectly, involved in any theft.



In any event, the documents were in fact publicly available and they were downloaded during several visits to the Kazaword website. On three of these occasions, a bailiff (a Swiss professional position) was engaged to create a contemporaneous record that the documents were available on the web and of the steps taken to download the documents from the website. The Bailiff's affidavit describes the process by which someone with an internet connection could access documents. *See, e.g.*, Ex. A, Process Server Affidavit, dated February 16, 2015; Ex. B, Process Server Affidavit Copy, dated October 6, 2016.[1]

BTA/Almaty claim that the Khrapunovs could not have obtained one of the documents at issue, ███████████████████████ That is plainly wrong: the Kazaword site was active at least as late as fall 2016. *See* Ex. B (reflecting an October 2016 visit); *see also* Ex. C (screenshot showing a November 2016 post to Kazaword).

**BTA/Almaty Have No Credible Evidence that the Khrapunovs Hacked the Documents**

BTA/Almaty are also wrong that the Khrapunovs had any involvement in the alleged hacking. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. E, Bourg Settlement Agreement.

And, even if Mr. Bourg or Ms. Tyschenko could provide testimony to support BTA/Almaty's accusations, that testimony would hardly be credible. As we mentioned in our opening letter, Mr. Bourg is a former business associate of Ilyas Khrapunov with a motive to lie. Khrapunov Ltr. at 2. For example, in a recorded conversation, Mr. Bourg described his resentment of Mr. Khrapunov: "I mean that's just a lack of respect….[W]hen you treat someone like they treated me when I gave everything for him, it's not good." Ex. F at 21, ECF No. 142-9. Later, he made plain that "I'm in a situation where I've got nothing to lose." Ex. G at 15, ECF 142-10.

Additionally, it appears that Mr. Bourg has a financial incentive to help BTA/Almaty any way that he can. ███████████████████████████████████████████████████████████████████████

---

[1] These exhibits are accompanied by translations of the French language portions of the documents.

The Honorable Katharine H. Parker
July 12, 2017
Page 3



[REDACTED]

BTA/Almaty downplay questions concerning Mr. Bourg's truthfulness by noting that Judge Nathan found him to be credible during a May 2016 hearing in this case, but the Khrapunovs were not parties to the matter at that time and had no opportunity to cross-examine Mr. Bourg, and in any event the testimony that Judge Nathan credited had nothing at all do with hacking allegations.

Ms. Tyschenko is also an unreliable witness. The information Ms. Tyschenko, Mukhtar Abylazov's former lawyer, provided in connection with the Worldwide Freezing Order sought by BTA in the United Kingdom has been challenged on the grounds that it was provided as a result of coercion. Ms. Tyschenko was arrested, detained and mistreated, which led to her providing information about Ilyas Khrapunov and others. [REDACTED][2]

**Mr. Nurgabylov's Deposition Should Be Re-Opened**

Mr. Nurgabylov's deposition should be re-opened to permit Defendants to ask about the Kazaword documents. BTA/Almaty argue that this relief is not warranted because the Khrapunovs were not prevented from asking questions "informed" by the documents or from using the documents to refresh the witness's recollection. These arguments gloss over counsel's conduct at the deposition, during which he stated that the witness would not be permitted to answer any questions based on the documents and refused even to let the witness look at an exhibit. Ex. D, Nurgabylov Tr. 39:21-23 ("we will not permit *any questions* based on those documents" (emphasis added)); *id.* at 53:5-17 (MR. CURLEY: He doesn't have the document in front of him." MR. SCHWARTZ: "What's the question?" MR. CURLEY: "Can you show the document to the witness?" MR. KENNEY: "May the record reflect Mr. Schwartz is shaking his head side to side.").

BTA/Almaty also try to excuse their tactics by arguing that Mr. Nurgabylov's testimony was not inconsistent with the documents that the Khrapunovs would have confronted him with at the deposition, but this misses the point: the Khrapunovs are entitled to question Mr. Nurgabylov as to any non-privileged, relevant matter without interference from BTA/Almaty's counsel. *See* Fed. R. Civ. P. 26(b).

For the above reasons, and the reasons outlined in our June 27th letter, we respectfully request that the Court grant the Khrapunovs' request for a pre-motion conference to discuss the

---

[2] [REDACTED]

The Honorable Katharine H. Parker
July 12, 2017
Page 4



proposed motion to compel the continued deposition of Nurlan Nurgabylov at plaintiffs' expense and deny BTA/Almaty's cross-motion for a protective order prohibiting the use of the documents at issue.

                                                Respectfully submitted,

                                                John J. Kenney

cc:      All Counsel of Record (*by ECF*)