

                                                      MATTHEW L. SCHWARTZ
                                                      Tel.: (212) 303-3646
                                                      E-mail: mlschwartz@bsfllp.com

                                                      July 25, 2017

**BY ECF AND HAND DELIVERY**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

        Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
                  **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Nathan:

       We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"). Pursuant to 28 U.S.C. § 1781(b) and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231, we respectfully submit this application requesting that the Court issue the enclosed Hague Convention Requests for International Judicial Assistance to the Central Authorities of Switzerland, the United Kingdom, and France, in the forms attached hereto as Exhibits 1 & 2 (Switzerland), 3 (the United Kingdom), and 4 (France).[1] The Kazakh Entities have conferred with all parties and shared with them copies of these letters of request, and none of the parties have opposed the issuance of the enclosed Letters of Request in the attached forms.[2] Some of the Defendants have expressed a desire to participate in questioning in any deposition resulting from these requests,

---

    [1]    The Kazakh Entities are transmitting this letter to the Court by both ECF and hand delivery. The hand-delivered version will have attached two copies of each proposed Letter of Request, to comply with the U.S. Department of State's recommendation that Hague Convention requests be prepared in duplicate. Both copies will be labeled Exhibits 1 & 2 (Switzerland), 3 (United Kingdom), and 4 (France).

    [2]    Counsel for Defendant Mukhtar Ablyazov has recently moved to withdraw from their representation of Defendant Ablyazov [ECF No. 351], and accordingly, declined to take a position on the draft Hague Requests. The Kazakh Entities agreed to postpone the filing of these requests until after counsel for Ablyazov had moved to withdraw, but were not aware at the time we reached that agreement that Ablyazov did not intend to retain new counsel to defend himself in this action going forward. [ECF No. 352, ¶ 6]. In light of Ablyazov's representation that he will not be retaining new counsel [ECF No. 352, ¶ 6], the Kazakh Entities' current inability to contact Ablyazov directly, and the time delay involved in the Hague process, the Kazakh Entities respectfully request that the Court issue the enclosed letters of request at this time.



and the Kazakh Entities do not oppose sharing time for questioning. We therefore respectfully request that the Court issue the attached letters of request.

Enclosed are three Letters of Request, to Switzerland, the United Kingdom, and France, respectively:

<u>Switzerland (Exs. 1 & 2)</u>: On June 7, 2017, Magistrate Judge Parker issued a memorandum and order directing that the Kazakh Entities take Defendant Ilyas Khrapunov's deposition pursuant to the Hague process in the first instance. [ECF No. 330].[3] Pursuant to the Conditions for a Commissioner or Diplomatic or Consular Officer to Obtain Evidence in Switzerland, as set forth by the Swiss Federal Office of Justice as of May 2013 (the "Conditions"), this Court may appoint a commissioner or commissioners to collect evidence in Switzerland, and such a court-appointed commissioner may be authorized by the Swiss Central Authority to take the depositions of voluntary witnesses located in Switzerland. In accordance with the Conditions, the Kazakh Entities have prepared the attached Letter of Request (Ex. 1) and Commission (Ex. 2), which designate the parties' counsel and accompanying Swiss co-counsel as commissioners for the purpose of taking the testimony of Defendants Ilyas & Viktor Khrapunov, and identify the proposed topics for examination.

<u>The United Kingdom (Ex. 3)</u>: The proposed Amended Letter of Request to the United Kingdom responds to the concerns expressed in the letter to Your Honor from Senior Master B.J. Fontaine of the Queen's Bench Division, dated May 16, 2017 [ECF No. 327], instructing the parties to file an amended Hague Request conforming to certain requirements under United Kingdom law. This Amended Letter of Request seeks documents and testimony related to Eesh Aggarwal and companies controlled by him relating to his provision of financial services for the benefit of the Defendants, including the shell company Telford International Limited. The Court has preliminarily found that Telford was "an Ablyazov investment entity used to move Ablyazov's funds," ECF No. 175, at 6, and the Kazakh Entities are seeking the assistance of the Central Authority of the United Kingdom in securing documentary evidence and testimony from Aggarwal regarding the sources of the funds transferred for the Defendants' benefit.

<u>France (Ex. 4)</u>: Similar to the position taken by Defendants Ilyas & Viktor Khrapunov, prior to his counsel's motion to withdraw, Ablyazov expressed (through counsel) that he could only be deposed in France pursuant to the Hague Convention.[4] The attached proposed Letter of

---

[3] In that order, Magistrate Judge Parker noted that while the Kazakh Entities were required to seek Ilyas Khrapunov's testimony through the Hague process in the first instance, "in light of the materiality of Khrapunov's testimony to this action, should the Hague procedures ultimately prove ineffective, the Kazakh Entities may apply for permission to seek additional testimony from Khrapunov outside of Switzerland." [ECF No. 330, at 13].

[4] While Ablyazov was previously incarcerated, he has now been released and news reports indicate that the Interpol red notice against him has been withdrawn. Interpol's website likewise does not indicate that he is the subject of any pending red notice for his detention (*see* https://www.interpol.int/notice/search/wanted), and a July 20, 2017 post on Ablyazov's public Facebook page indicates the same (*available at* http://bit.ly/2tUeIeZ, *last visited* July 24, 2017). The Kazakh Entities therefore no longer believe that the logic of Judge Parker's order with

Request to France seeks the permission of the French Ministry of Justice in deposing Ablyazov in that country, and identifies the topics for the proposed deposition.

If the attached proposed Letters of Request are acceptable to the Court, we respectfully request that Your Honor endorse these letter applications, and take the following actions:

1. The Kazakh Entities respectfully request that Your Honor sign both of the duplicates for each Letter of Request (including the Commission to take the Depositions of Ilyas & Viktor Khrapunov in Switzerland) attached to the hand-delivered copy of this application.

2. The Kazakh Entities respectfully request that Your Honor then direct the Clerk of the Court to:

    a. apply the seal of the Court to both signed copies of each Letter of Request;

    b. file a copy of each signed Letter of Request in the docket of this action; and

    c. return the two signed copies of each Letter of Request and Commission to undersigned counsel to be transmitted to the designated Hague Convention Central Authorities, at the below addresses.

    <u>Switzerland</u>:
    Tribunal civil - Tribunal de première instance
    Place du Bourg-de-Four 1
    Case postale 3736
    CH-1211 Genève 3, Switzerland
    tpi.securise@justice.ge.ch

    With a copy to:

    Federal Office of Justice FOJ
    Private International Law Unit
    CH-3003 Bern, Switzerland

    <u>The United Kingdom:</u>
    The Senior Master
    For the attention of the Foreign Process Section

---

respect to Ilyas Khrapunov's deposition [ECF No. 330] would control here. As such, the Kazakh Entities intend to move to compel Ablyazov's deposition in the United States, but are continuing to pursue the Hague process as an alternative to ensure the timely completion of necessary discovery. *See generally* ECF No. 362 (7/13/2017 Hearing Tr.) at 50 (Judge Parker suggesting that the parties may wish to pursue Hague Convention and party discovery "in tandem" to promote efficiency).



Room E16
Royal Courts of Justice
Strand
LONDON WC2A 2LL

<u>France</u>:
Ministère de la Justice
Direction des Affaires Civiles et du Sceau
Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP)
13, Place Vendôme
75042 Paris Cedex 01

 In keeping with the Court's practice in other Hague requests in this action, we will send a messenger to the Courthouse to pick up all originals from the Clerk's Office once executed.

 Thank you for your consideration of this request.

             Respectfully submitted,

             /s/ Matthew L. Schwartz
             Matthew L. Schwartz
             BOIES SCHILLER FLEXNER LLP
             575 Lexington Avenue
             New York, New York 10022