# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK, JSC., <br><br> Crossclaim Plaintiffs, <br><br> - against - <br><br> MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV, S.A., <br><br> Crossclaim Defendants. | ECF Case <br><br> No. 15 CV 05345 (AJN) |

**TRIADOU'S RESPONSES AND OBJECTIONS TO
ALMATY/BTA'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), Crossclaim-Defendant Triadou SPV, S.A. ("Triadou") hereby responds and objects as follows to the Second Set of Interrogatories to Triadou SPV S.A. (the "Second Interrogatories") of Crossclaim-Plaintiffs City of Almaty, Kazakhstan ("Almaty") and BTA Bank, JSC ("BTA") (together, "Almaty/BTA"):

**GENERAL OBJECTIONS**

1. Triadou's Responses are based on information known at this time and are provided without prejudice to Triadou's right to supplement its Responses prior to trial or to produce evidence based on subsequently discovered information. Triadou's Responses are based on and limited by Triadou's present knowledge and recollection; Triadou therefore reserves the right to alter or amend these Responses at any time if it appears that inadvertent errors or omissions have been made.

2. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent they purport to impose any obligations on Triadou beyond those required by the Federal Rules of Civil Procedure and the Local Civil Rules.

3. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent they seek information protected from discovery or disclosure by any applicable privilege or immunity, including the attorney-client privilege, the attorney work product doctrine, and/or any other rule or privilege, immunity from discovery, or confidentiality protected by law. By responding to the Second Interrogatories, Triadou does not waive, intentionally or otherwise, any such privilege, immunity, or other applicable protection, and accordingly, any discovery response or disclosure of information inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such protections.

4. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent they seek information containing, referring to, or constituting personal, confidential, proprietary, competitive, or sensitive financial, business, or commercial information. Triadou will provide such responsive, non-privileged information pursuant to the parties' Stipulated Protective Order (ECF No. 253).

5. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent they are overbroad and/or unduly burdensome.

6. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent they are vague or ambiguous, or require Triadou to speculate as to the information sought.

7. Triadou objects to the Second Interrogatories, including Instructions and Definitions, to the extent that they are redundant, vexatious, or oppressive.

8. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent the information requested is not relevant to any party's claim or defense, and therefore not proportional to the needs of the case.

9. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent they seek disclosure of information not within Triadou's possession, custody, or control, or require Triadou to prepare any document or compilation based on information that does not already exist.

10. Triadou objects to the Second Interrogatories, including the Instructions and Definitions, to the extent they seek production of information within the possession, custody, or control of, or that is equally available to, Almaty and/or BTA, or of publicly available information such that the information is obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will impose undue burden, inconvenience, or expense upon Triadou.

11. Triadou reserves all objections as to competency, relevance, materiality, privilege, or admissibility of its Responses as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

12. No incidental or implied admissions are intended in these Responses. Triadou's responses to all or any part of any Second Interrogatories should not be taken as an admission that: (a) Triadou accepts or admits the existence of any fact(s) set forth or assumed by the Second Interrogatories; or (b) Triadou has in its possession, custody or control documents or information responsive to the Second Interrogatories; or (c) documents or information responsive to the Second Interrogatories exist. Triadou's responses to all or any part of an Interrogatory

also is not intended to be, and shall not be, a waiver by Triadou of all or any part of its objection(s) to that Interrogatory.

## OBJECTIONS TO DEFINITIONS

1. Triadou objects to Definition Nos. 1-6 and 19 as overbroad and beyond the scope of Local Civil Rule 26.3(c)(5).

2. Triadou objects to the definition of "communication" as overbroad and beyond the scope of Local Civil Rule 26.3(c)(1).

3. Triadou objects to the definition of "concerning" as overbroad and beyond the scope of Local Civil Rule 26.3(c)(7).

## OBJECTIONS TO INSTRUCTIONS

1. Triadou objects to Instruction No. 4 to the extent it purports to impose any obligations on Triadou beyond those required by the Federal Rules of Civil Procedure or the Local Civil Rules.

2. Triadou objects to Instruction No. 6 to the extent it purports to impose any obligations on Triadou beyond those required by the Federal Rules of Civil Procedure or the Local Civil Rules, including Local Civil Rule 26.3(c)(3).

## SPECIFIC OBJECTIONS AND RESPONSES

Triadou incorporates each of the foregoing General Objections into its Specific Objections to each Interrogatory. No Specific Objection is intended to waive any General Objection.

**INTERROGATORY NO. 4:**

*For each e-mail account used by Ilyas Khrapunov concerning Triadou or its parent, SDG, including the accounts "ikhrapunov@sdg.ch" and "ik@sdg.ch," identify:*
- *Whether the account remains active;*
- *All locations at which the server(s) hosting the account has been stored;*

4

- *The date of the last known use of the account;*
- *Whether the account and accompanying communications have been deleted;*
- *The person or persons who were responsible for any deletion, including the person or persons who (a) ordered the deletion, and (b) executed the deletion;*
- *The date the account and/or accompanying communications were deleted;*
- *The circumstances under which the account and/or accompanying communications were deleted; and*
- *Whether any backup copies remain of the account and accompanying communications and, if so, where they are stored and in what format they are maintained.*

**RESPONSE:**

Triadou objects to the Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is not within the possession, custody, or control of Triadou. By its terms, this Interrogatory seeks information regarding the existence of email addresses used by SDG Capital S.A. ("SDG"), which is not a party to this case, and therefore, Triadou objects to this Interrogatory to the extent it seeks to impose obligations on Triadou to collect information from individuals or entities whom it does not control. Triadou further objects to the extent the Interrogatory purports to impose any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Civil Rules.

Triadou further objects to this Interrogatory as overbroad, vague, and ambiguous to the extent it seeks information concerning "each e-mail account . . . concerning Triadou or its parent, SDG" and "[t]he circumstances under which the account and/or accompanying communications were deleted." Triadou further objects to the extent Almaty/BTA seek to characterize deletion as improper in light of the timing and absence of contemporaneous document retention obligations.

Subject to the foregoing general and specific objections, Triadou responds that in August or September of 2014, SDG undertook an office move. In connection with that move, Jerome Point, SDG's IT consultant from 2011 to May 2015, performed routine maintenance on SDG's servers. That maintenance was not performed at any specific instruction, but rather was done as

5

part of Mr. Point's regular duties to avoid server-space issues. The maintenance in August/September 2014 included deletion of empty email archives and email archives of former SDG employees. The email archives of at least five individuals were deleted at the time, including Mr. Khrapunov's email archives (ikhrapunov@sdg.ch and ik@sdg.ch).[1] Subsequently, based on his lessening role with SDG, Mr. Khrapunov's email accounts were switched to POP3 mode, as a result of which no data was stored on SDG's server after the August/September 2014 maintenance. Mr. Khrapunov's email accounts were deactivated in early to mid-2015. Triadou does not know of any other accounts used by Mr. Khrapunov.

At the time of the deletion, Mr. Khrapunov was neither an officer nor director of SDG, which had been sold to Philippe Glatz's company, Greencos S.A., more than a year prior. And while SDG retained Mr. Khrapunov as an advisor after the sale, his tenure was drawing to a close in late 2014. At the time of the deletion, neither Triadou nor SDG was a party to any legal actions concerning the allegations here, and the subsequent deactivation of Mr. Khrapunov's email accounts in 2015 did not involve the deletion of any emails from SDG's server.

Prior to SDG's office move, its server was physically located at 20 rue Philippe-Plantamour, after which it was moved to 3 rue du Mont-Blanc, in Geneva, Switzerland. SDG's server currently resides at Mr. Cerrito's office. To the best of Triadou's knowledge, there are no back-up copies of the information on SDG's server, including any deleted email accounts.

---

[1] The other four individuals were Nicolas Bourg, Kevin Meyer, Mylene Oquidan and Giliane Geissmann. As to Messrs. Bourg and Meyer, Mr. Point found upon inspection that their email archives had been emptied prior to August/September 2014, so Mr. Point simply deactivated their accounts. Ms. Oquidan and Ms. Geissmann were former employees, and thus, Mr. Point also deactivated their accounts.

6

| | |
|---|---|
| Dated: April 24, 2017 | BLANK ROME LLP |
| | By: */s/ Deborah A. Skakel* |
| | Deborah A. Skakel |
| | dskakel@blankrome.com |
| | Alex Hassid |
| | ahassid@blankrome.com |
| | Robyn L. Michaelson |
| | rmichaelson@blankrome.com |
| | The Chrysler Building |
| | 405 Lexington Avenue |
| | New York, NY 10174-0208 |
| | Telephone: (212) 885-5000 |
| | Facsimile: (212) 885-5001 |
| | |
| | *Counsel for Crossclaim Defendant Triadou SPV S.A.* |

## VERIFICATION

I, Cesare Cerrito, hereby state that I am the Director of Triadou SPV, S.A. ("Triadou"), and I am authorized to make this verification on its behalf. I have read the foregoing **Responses and Objections to Almaty/BTA's Second Set of Interrogatories**, including the Responses to the Interrogatories posed. I verify under penalty of perjury under the laws of the United States of America that the foregoing information set forth in Triadou's Responses to the Interrogatories is true and correct to the best of my present knowledge and belief.

_____
Cesare Cerrito

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017, a true and correct copy of **Triadou's Responses and Objections to Almaty/BTA's Second Set of Interrogatories**, was served by electronic mail on all of the following:

Matthew L. Schwartz
Peter Skinner
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
mlschwartz@BSFLLP.com
pskinner@BSFLLP.com

*Counsel for Almaty/BTA*

John J. Kenney
John P. Curley
Katelyn K. Brooks
HOGUET NEWMAN REGAL & KENNEDY LLP
10 East 40th Street
New York, NY 10016
jkenney@hnrklaw.com
jcurley@hnrklaw.com
kbrooks@hnrklaw.com

*Counsel for Viktor and Ilyas Khrapunov*

Jonathan D. Cogan
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
jonathan.cogan@kobrekim.com

*Counsel for Mukhtar Ablyazov*

    s/ *Deborah A. Skakel*
    Deborah A. Skakel