

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

August 29, 2017

**BY ECF**

Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
       **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

  We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities" or "Plaintiffs") in the above captioned matter. We write requesting an order compelling defendant Mukhtar Ablyazov ("Ablyazov") to answer the Plaintiffs' first set of interrogatories and to sit for a deposition in New York, Spain, or the United Kingdom.

    I. <u>Ablyazov Should be Compelled to Answer Plaintiffs' First Interrogatories:</u>

  On June 29, 2017, Plaintiffs served their first set of Interrogatories on Ablyazov. Ex. 1. These Interrogatories sought information regarding Ablyazov's affiliation with an individual named Peter Sztyk and his spouse, Bota Dzhardemali, who are of unquestionable relevance to this case.

  Under the Federal Rules, Ablyazov's responses to the Interrogatories were due on July 29, 2017. When Ablyazov's former counsel moved to withdraw, he also requested that Ablyazov be given 30 additional days to respond to the Interrogatories. [ECF No. 351]. This request was not granted when the Court permitted counsel's withdrawal [ECF No. 393], but in an abundance of caution, Plaintiffs waited to file this letter until the requested additional time had also run – still with no response from Ablyazov. Ablyazov's time to respond to these Interrogatories has now long since run. Considering the importance of this information and its plain relevance, Ablyazov has no justification for failing to respond, and he should be compelled to answer the Interrogatories in full, or face sanctions for failing to do so.[1]

---

[1] Even if Ablyazov had served objections, he would still have no basis for failing to respond. Under Local Rule 33.3(b), interrogatories are appropriate when "they are a more practical method of obtaining the information sought than a request for production or a deposition." Ablyazov has not produced a single document in discovery, and while the Plaintiffs have sent a Hague Request to France for his deposition, Ablyazov has indicated that he may not consent to be deposed in France (as discussed further herein). Moreover, the Court has already indicated that this case has reached the point at which contention interrogatories are appropriate. *See* 7/13/17 Hr'g Tr. at 38:13-17.

BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue, New York, NY 10022 | (t) 212 446 2300 | (f) 212 446 2350 | www.bsfllp.com



##### II.   *Ablyazov Should Be Compelled to Sit for a Deposition Under the Federal Rules:*

On December 30, 2016, the Kazakh Entities noticed Ablyazov's deposition. His then-counsel responded that Ablyazov would not travel for a deposition, and Plaintiffs would need to depose him in France pursuant to the Hague Convention. The Kazakh Entities moved Judge Nathan to issue a Hague Request to France requesting Ablyazov's deposition, and once granted [ECF No. 391], the Kazakh Entities translated and transmitted it to the French central authority. At this time, however, the Kazakh Entities have no way of anticipating how long this process might take, or if it will be successful.

In the meanwhile, a substantial barrier to Ablyazov's deposition outside of France has been removed. On or about July 19, 2017, the Interpol Red Notice against Ablyazov was withdrawn. *See* "Interpol Removes Ex-Banker Ablyazov from Wanted List," KAZINFORM NEWS AGENCY, July 19, 2017, *available at* http://bit.ly/2tDulMJ. Interpol's website does not indicate that he is the subject of any pending Red Notice, and a July 20, 2017 post on Ablyazov's public Facebook page indicates the same (*available at* http://bit.ly/2tUeIeZ, *last visited* August 28, 2017). It was the existence of such a Red Notice that led the Court to order that attempting a Hague deposition of Ilyas Khrapunov in Switzerland should precede requiring him to travel to the United States or London [ECF No. 330], and the Kazakh Entities therefore presumed that the Court's reasoning would apply equally to Ablyazov. Now that the Red Notice has been lifted, however, the logic of the Court's Order does not apply to Ablyazov and he should be compelled to appear as would any other party to litigation. *See* ECF No. 284 (ordering Triadou's Rule 30(b)(6) representative to travel to New York to be deposed).

In light of Your Honor's guidance that the parties be practical and work in tandem on "inevitable" discovery (7/13/17 Hr'g Tr. at 50:15-21), however, the Kazakh Entities wrote to Ablyazov on August 21, 2017 requesting his availability to sit for a deposition in New York, or alternately, in Spain or the U.K. – both jurisdictions geographically close to Ablyazov that permit depositions without prior approval through the Hague process. Ex. 2.[2] On August 23, 2017, Ablyazov's longtime lawyer, Peter Sahlas, responded, stating that Ablyazov was applying for permanent residency in France and was "legally obliged" to remain there, and thus would not leave France to be deposed. Ex.3. Plaintiffs received the letter on August 24 and responded the same day, requesting that Ablyazov (or Mr. Sahlas) provide the legal basis for this purposed inability to travel. Ex.4. On August 28, 2017, Mr. Sahlas responded, stating again that Ablayzov was unable to travel, even inside of Europe. Ex. 5.

At the same time that Ablyazov is claiming he cannot even travel within Europe for a deposition, he is also refusing to consent to be deposed in France – a requirement for taking testimony there under the Hague Convention. In a recent letter, Ablyazov's then-counsel admitted that despite demanding a deposition in France under the Hague Convention, their client had not decided if he would actually consent to be deposed there, conceding that "if he ultimately does not consent to a deposition, Plaintiffs are free to make whatever arguments to this Court they wish." [ECF No. 386, at 1-2]. Former counsel similarly admitted that they were unable to provide Ablyazov's written consent to be deposed in France. *Id*. ("We recognize that Plaintiffs urged the Court to make our withdrawal contingent on securing Mr. Ablyazov's unqualified consent to such a deposition, but obviously we cannot force him to consent."). By

---

[2]   Plaintiffs served this letter on Ablyazov's former counsel, pursuant to Your Honor's order of August 8, 2017 [ECF No. 393], and included a Russian translation.

...



now, Ablyazov has had more than a month to find his promised new counsel, but no one has entered an appearance, nor has Ablyazov consented.[3] In short, Ablyazov is delaying. Sitting back and waiting for Ablyazov – a litigant who has already been found in criminal contempt and sentenced to prison for frustrating discovery and disobeying court orders in the U.K., *see, e.g., JSC BTA Bank v. Ablyazov,* [2012] EWCA Civ 1411, ¶ 202 – to scuttle the Hague process through noncompliance will only delay discovery further.

Contrary to Ablayzov's arguments, there is no reason to believe that he cannot travel for a deposition. Although Ablyazov was previously incarcerated pending extradition to Russia, he was released more than eight months ago, and as set forth above, news reports and Ablyazov's own statements indicate that the Red Notice against him has been withdrawn. Ablyazov has admitted that he has a "temporary residency permit," (*see* Ex. 3) and despite his suggestion otherwise, public sources indicate that asylum seekers with such a permit are able to travel. *See* Ex. 6, "Guide for Asylum Seekers in France," French Ministry of Interior, Section 7.5 (describing how stateless asylum seekers holding a temporary residence permit may obtain temporary travel documents, so long as they do not travel to their country of origin). The Kazakh Entities have offered the U.K. and Spain as alternatives, so even if Ablyazov is seeking asylum, he should be able to attend a deposition in Europe in compliance with local law.

Other than filing a motion to dismiss, Ablyazov has yet to participate in this case in any meaningful way. He has not produced a single document in discovery, has not responded to the Kazakh Entities' interrogatories, and has refused to consent to a deposition in France. In the event the Court declines to order Ablyazov to travel for a deposition, he should at a minimum be compelled to (1) formally consent in writing to be deposed in France, including as to the pending Hague request, and (2) produce his purported application for asylum, including all supporting documentation. His failure to obey an order to travel for his deposition, or whatever other orders the Court deems appropriate (including an order requiring him to respond to the Kazakh Entities' interrogatories) should result in immediate and significant sanctions.[4]

For these reasons, the Kazakh Entities respectfully request that the Court compel Ablyazov to answer the Interrogatories in full, and to sit for a deposition in New York, the U.K., or Spain before the current close of fact discovery, on October 13, 2017.

Thank you for your consideration.

Respectfully,

 /s/ Matthew L. Schwartz
Matthew L. Schwartz

---

[3]   Mr. Sahlas has been clear that he is merely "serving as an intermediary as a courtesy" to Ablyazov, and is not representing Ablyazov in this action. *See* Ex. 3.

[4]   If Ablyazov fails to participate in discovery, the Kazakh Entities will be entitled to much more than an order simply compelling him to testify. *See, e.g., Urbont v. Sony Music Entm't*, No. 11 Civ. 4516 (NRB), 2014 WL 6433347, at *1 (S.D.N.Y. Nov. 6, 2014) (granting a motion for sanctions, costs, and default judgment against a defendant who failed to participate in discovery); *see also* Fed. R. Civ. P. 37(d) (permitting an order that designated facts be taken as established for purposes of the action where party fails to respond interrogatories or attend a deposition, and that the "court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure").