UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

    Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

    Defendants.

**ORDER**

1:15-CV-05345 (AJN) (KHP)

KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

    On August 29, 2017, Plaintiffs the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") moved to compel Defendant Mukhtar Ablyazov to answer Plaintiffs' first set of interrogatories and to sit for a deposition in New York, Spain, or the United Kingdom or, at the very least, to consent to sit for a deposition in France. (Doc. No. 399.) Ablyazov, who is no longer represented by counsel, is currently residing in France and in the process of seeking asylum. He was previously being held in French custody but was released some months ago. Additionally, he was previously the subject of an Interpol Red Notice indicating that he was wanted by authorities in Kazakhstan and Russia, but that Red Notice was withdrawn in July 2017.

    In their motion, Plaintiffs noted that they have requested permission to depose Ablyazov in France pursuant to the Hague Convention, but that Ablyazov had not yet consented to process – a necessary prerequisite to conducting a deposition there. They argue that Ablyazov is delaying discovery and, because he is no longer incarcerated or the subject of an Interpol Red Notice, should be ordered to sit for a deposition in a jurisdiction where the Federal

Rules of Civil Procedure apply. They argue that notwithstanding his asylum-seeker status, he can nevertheless request permission to travel outside of France, pointing to a section of the Guide for Asylum Seekers in France pertaining to refugees.

In a letter dated September 5, 2017, Ablyazov responded to Plaintiff's motion through an intermediary. (Doc. No. 413.) As part of his letter, he attached responses to Plaintiffs' interrogatories. Thus, Plaintiffs' motion to compel Ablyazov to answer their first set of interrogatories is denied as moot. Additionally, Ablyazov submitted a declaration providing his consent to sit for a deposition in France pursuant to the Hague Convention. With respect to traveling outside of France, Ablyazov states that he surrendered his travel documents to France, he cannot obtain permission to travel outside France as an asylum seeker, and that only individuals granted refugee status can obtain such permission. Therefore, he opposes Plaintiffs' motion on the grounds that complying with Plaintiffs' request will jeopardize his asylum application.

The Court has reviewed the Guide for Asylum Seekers in France submitted by Plaintiffs in connection with their motion and agrees with Ablyazov's reading of the Guide. Nothing in the Guide suggests that asylum seekers can obtain permission to travel outside of France while their asylum application is pending. The Guide makes clear that asylum seekers cannot travel freely to other European Union countries while they are seeking refugee status. Therefore, at the present time, Ablyazov cannot travel outside of France. Further, since he has now consented to sitting for a deposition in France, there appears to be no impediment to Plaintiffs proceeding with a deposition in France under the Hague Convention. Accordingly, Plaintiffs'

motion to compel Ablyazov to travel to New York, the United Kingdom, or Spain to be deposed also is denied.

The Clerk is respectfully directed to terminate the motion pending at Docket No. 399.

SO ORDERED.

Dated: September 21, 2017
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge