# EXHIBIT A



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Swiss Confederation

Federal Department of Justice and Police FDJP

**Federal Office of Justice FOJ**

3rd edition 2003 (latest update January 2013)

# International Judicial Assistance in Civil Matters

# Guidelines

host country, invite Swiss and foreign nationals to appear for questioning or may question those individuals in their homes. The diplomatic and consular officers of Switzerland must not, however, use coercive measures.

### 3. Obtaining evidence in the absence of an agreement

In the absence of an agreement, the Swiss authorities apply the 1954 Hague Convention to foreign requests and to Swiss requests to other countries (see Art. 11*a* para. 4 PILA and also Art. 11*a* paras. 1 - 3 PILA).

As a general rule, requests must be translated.

For costs relating to foreign requests, see Article 16 of the 1954 Hague Convention. In relation to Swiss requests to other countries, for the countries where there is no agreement in relation to this matter the FOJ will request a guarantee from the Swiss authority that any costs that are charged will be reimbursed.[34]

In the absence of contrary practices or agreements, Swiss requests made to foreign countries follow diplomatic channels (see II.D.2.2, p. 10). For information on the position in specific countries, reference is made to the Guide on Judicial Assistance.

Switzerland does not generally permit diplomatic officers and consular agents to obtain evidence on its territory (ACLFA 1968-1969 [34/15], p. 31; see III.C.2.7.2, p. 32.

As reciprocity is usually required between countries without a mutual agreement, neither is it generally possible for Swiss diplomatic officers and consular agents to obtain evidence in another state.

### III.D. Special Issues

### 1. Hearing by video conference

The conduct of a hearing by a foreign authority or foreign lawyers by video conference of witnesses or parties who are physically[35] located in Switzerland constitutes an act by a public authority on Swiss territory, and as such is therefore illegal unless authorised.

Under the Hague Evidence Convention, several case scenarios can be envisaged.

First, the authorities and the agents for the parties may participate at a hearing of the party and/or third parties that is conducted by a Swiss judge (Art. 7 and 8 Hague Evidence Convention). Such participation is possible under the same conditions as when the authority and/or the agents for the parties are physically present in Switzerland (see III.C.1.1.4d, p. 25). In particular, the Swiss judge remains master of the proceedings and is the only person with the authority to order coercive measures.

---

[34] The entry "Kostengutsprache nötig" in the Guide indicates that such a guarantee will need to be obtained.

[35] Unlike the case where the parties are required to fill in a questionnaire, a hearing by video conference is interactive. The questions asked and the answers given are therefore to be regarded as a whole and consideration should be given to the location of the persons concerned (see Alexander R. Markus, Neue Entwicklungen bei der internationalen Rechtshilfe in Zivil- und Handelssachen, RSDA 2002, p. 65 et seq., who deals with the problem of hearings by video conference and by telephone).

One can equally imagine recourse to video conference techniques in terms of Chapter II of the Hague Evidence Convention. Authorisation is in this case subject to the same conditions as in the "traditional" cases of authorisation (see III.C.1.2, p. 28). However, the fact that the persons are not in the same location suggests that an identification procedure is required.

The costs related to a hearing by video conference can be charged to the requesting state (Art. 9 para. 2, Art. 14 para. 2 Hague Evidence Convention).

Outside of the framework of the Hague Evidence Convention, i.e. if the procedure takes place in a state that is not a party to that Convention, the FOJ is of the opinion that a hearing by video conference is not possible other than in exceptional circumstances. Firstly, the 1954 Hague Convention – which Switzerland not only applies in its relations with contracting states but also as automonous law in the absence of an agreement (see Art. 11*a* para. 4 PILA) – neither provides for the possibility of a foreign judge participating in the hearing nor for the possibility of consular or diplomatic agents or of a commissioner carrying out a hearing. Secondly, as authorisation in terms of Article 271 of the Swiss Penal Code is granted only in the event that the ordinary channels do not allow satisfactory results to be achieved, it is only possible to grant authorisation on this basis in cases that are highly exceptional.

### 2.   Hearing by Telephone

Under the Hague Evidence Convention, a hearing by telephone is conceivable under the same conditions as a hearing by video conference. However, the problem of identifying the parties is even more pronounced in the case of a telephone hearing than in the case of a video conference hearing. In addition, the formal aspect of a normal hearing, which encourages the witness to respond carefully to the questions asked, is lacking in the case of a telephone hearing.