UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

                    Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

                    Defendants.

15 Civ. 5345 (AJN) (KHP)

---

### DECLARATION OF SOPHIE ROYTBLAT

SOPHIE ROYTBLAT, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1. I am a paralegal in the law firm of Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs BTA Bank and the City of Almaty, Kazakhstan (the "Kazakh Entities") in the above-referenced action.

2. On October 11, 2017, defendants Ilyas and Viktor Khrapunov (the "Khrapunovs") and Triadou SPV S.A. took the deposition of Kenges Rakishev ("The Deposition").

3. On October 20, 2017, I received a copy of Mr. Rakishev's entire deposition transcript (the "Transcript") by e-mail from Mike Cline of Magna Legal Services. I have also had access to the Transcript in a restricted folder on BSF's servers.

4. I have not sent, transferred, or provided access to the Transcript to anyone outside of BSF. To the best of my knowledge, no one at BSF has distributed the Transcript to anyone outside of BSF, including to our clients.

1

5. Attached as Exhibit 1 is a true and correct copy of the November 30, 2016 Stipulated Protective Order in this action [ECF No. 253].

6. Attached as Exhibit 2 is a true and correct copy of a post on the personal Facebook page of Viktor Khrapunov, dated September 15, 2017, which posted the notice of Mr. Rakishev's deposition and additional comments (the "Facebook Post"). A certified translation of the Facebook Post is attached as Exhibits 2-T. Attached as Exhibit 3 is a true and correct copy a post from Ilyas Khrapunov's personal Facebook page from that same day sharing the Facebook Post.

7. To the best of my knowledge, the Facebook Post is still publicly available as of the date of this Declaration.

8. Attached as Exhibit 4 is a true and correct copy of a protective order issued by Magistrate Judge Katharine H. Parker, dated October 10, 2017 [ECF No. 439].

9. The Deposition was recorded by stenography and videography by Magna Legal Services ("Magna"). The court reporter transcribing the deposition was Leslie Fagin, of Magna.

10. Attached as Exhibits 5 and 6 are true and correct copies of a page from a file-sharing website named Fex.Net (the "File-Sharing Website") hosting a copy of the Transcript, which indicate that the Transcript was uploaded to the File-Sharing Website on "October 26, 2017 6:30 AM."

11. The copy of the Transcript uploaded to the File-Sharing Website was titled "Материалы по делу," translated from Russian-to-English as "Case materials."

12. I have reviewed a copy of the Transcript uploaded to the File-Sharing Website, and to the best of my knowledge it is identical in content to that distributed by Magna.

2

13. Attached as Exhibit 7 is a true and correct copy of a screenshot displaying metadata associated with the copy of the Transcript posted on the File-Sharing Website, indicating that that it was created on October 24, 2017.

14. Attached as Exhibit 8 is a true and correct copy of an article posted on a Russian-language website "URA-Inform," titled "Судебный процесс об отмывании якобы похищенных в Казахстане денег принял неожиданный поворот," translated from Russian-to-English as "Trial on Laundering of Money Allegedly Stolen in Kazakhstan Takes Unexpected Turn" and with a time stamp "13:48 26.10.2017" (the "URA-Inform Post"). A certified translation of the URA-Inform Post is attached as Exhibit 8-T.

15. To the best of my knowledge, URA-Inform Post is still publicly available as of the date of this Declaration.

16. The URA-Inform Post stated, in Russian, that "[w]e obtained this confidential document from a person representing a BTA Bank employee. He is familiar with the course of the case through his work."

17. The URA-Inform Post included screenshots of certain pages of the Transcript, including the page on which counsel for BTA/Almaty designated the Transcript confidential. The URA-Inform Post also linked to and directed readers to the File-Sharing Website hosting the Transcript.

18. Attached as Exhibit 9 is a true and correct copy of an e-mail sent by counsel for the Khrapunovs at approximately 9:56 p.m. ET on October 26, 2017, attaching a letter motion to remove the confidentiality designation over portions of the Transcript [ECF No. 452].

19. To the best of my knowledge, the Transcript is no longer available on the File-Sharing Website, and was removed no later than November 6, 2017. A true and correct copy of

a screenshot of the redirected webpage indicating the deletion as of November 6, 2017, is attached as Exhibit 10. Attached as Exhibit 11 is a true and correct copy of a screenshot from November 15, 2017, of the same web address immediately before the webpage is redirected.

20. Attached as Exhibit 12 is a true and correct copy of a webpage titled "CryptoHeaven Zero-Knowledge Secure Online Storage", available at: http://www.cryptoheaven.com/online-storage.htm

21. Attached as Exhibit 13 is a true and correct copy of a webpage titled "CryptoVault - Secure Online File & Document Storage", available at: http://www.cryptoheaven.com/UserGuide/Secure-File-Storage-CryptoVault.htm

22. Attached as Exhibit 14 is a true and correct copy of a September 25, 2017 letter from John Kenney to Hon. Katharine H. Parker [ECF No. 422].

23. Attached as Exhibit 15 is a true and correct copy of the July 12, 2017 sworn interrogatory responses of Ilyas Khrapunov.

24. Attached as Exhibit 16 is a true and correct copy of an August 8, 2017 email from Martin Dowd to Daniel Boyle, previously produced in this action, Bates stamped Almaty-BTA0231771.

25. Attached as Exhibit 17 is a true and correct copy of pages 81-85 of the September 11, 2017 deposition testimony of Nicolas Bourg.

26. Attached as Exhibit 18 is a true and correct copy of a privilege log produced by Hoguet, Newman, Regal & Kenny, LLP, in response to a subpoena dated November 7, 2017.

27. Attached as Exhibit 19 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0166281.

28. Attached as Exhibit 20 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0231539.

29. Attached as Exhibit 21 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0231587.

30. Attached as Exhibit 22 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0231592.

31. Attached as Exhibit 23 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0231601.

32. Attached as Exhibit 24 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0231611.

33. Attached as Exhibit 25 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0231778.

34. Attached as Exhibit 26 is a true and correct copy of a document previously produced in this action, Bates stamped Almaty-BTA0236195.

35. Attached as Exhibit 27 is a true and correct copy of a document previously produced in this action, Bates stamped KHRAPUNOV0001196.

36. Attached as Exhibit 28 is a true and correct copy of a document previously produced in this action, Bates stamped KHRAPUNOV0001206.

37. Attached as Exhibit 29 is a true and correct copy of the May 20, 2015 Fourth Witness Statement of Matthew George Jenkins, in U.K. High Court of Justice action number 2015 CL 549.

Dated:   New York, New York
         November 16, 2017

_____
Sophie Roytblat