

Phone:   (212) 885-5148
Fax:     (917) 591-7897
Email:   dskakel@blankrome.com

December 7, 2017

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

  **Re:** *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,*
     <u>Case No. 15-CV-5345 (AJN)(KHP)</u>

Dear Judge Parker:

  We represent Triadou SPV S.A. ("Triadou") and submit this letter-motion to compel the City of Almaty and BTA Bank JSC (together, "Almaty/BTA") to produce documents identified during Nicolas Bourg's deposition that Almaty/BTA claim are not within their control. Almaty/BTA have already produced hundreds of documents from the Republic of Kazakhstan ("ROK") Financial Police – including unsigned versions of the specific documents Triadou seeks here – and therefore cannot reasonably argue that the documents are not within their control. Triadou respectfully requests that the Court compel Almaty/BTA to produce the documents in question or hold a pre-motion conference on the issue.

  <u>**Background**</u>. On September 4, 2017, one week before Nicolas Bourg was deposed, Almaty/BTA made a production of 300 documents, more than half of which were from the custodial files of the ROK Financial Police. Among those ROK Financial Police files were hundreds of pages of minutes of their interrogations of Bourg conducted over eight days. ███████████████[1] ███████████████████████████████████████████████████████ Bourg cagily used this lack of signature to claim uncertainty as to whether the unsigned minutes – which contain significant inconsistent statements – were correct. (*See, e.g.*, Ex. 3 at 145:17-146:2; Ex. 4 at 40:12-24, 106:15-107:10). Nevertheless, Bourg did admit that he had signed minutes of the interrogations, (Ex. 3 at 118:10-19; 120:11-14), and that the interrogations were video-recorded, (Ex. 4 at 206:25-207:18). Similarly, the interpreter from Bourg's deposition – who had acted as an interpreter during part of Bourg's interrogations, (Ex. 3 at 119:15-23) – stated that he also had acted as an interpreter during part of the interrogation of Bourg's business partner, Laurent Foucher, an individual identified in Almaty/BTA's initial disclosures, (Ex. 5 at 6).

---

[1] Almaty/BTA produced the interrogation minutes in both English and Russian, though only the English versions are attached here to minimize the need for sealing.



The Honorable Katherine H. Parker
December 7, 2017
Page 2

At Bourg's deposition, Triadou requested production of these (and other) documents, though Almaty/BTA asked that any requests be made in writing.  (Ex. 3 at 120:21-121:5).  On September 14, 2017, Triadou sent its letter request for several documents germane to this letter-motion, including "signed versions of the minutes from both" Bourg's June and August 2016 interrogations, "as well as the video recordings" of those interrogations.  (Ex. 6 at 1).[2]  As to Mr. Foucher, Triadou requested "signed versions of [his] interrogation minutes along with any recordings of [his] interrogations."  (*Id.* at 2).  The signed versions of Bourg's interrogation minutes and the videotape of his interrogations – both of which are unquestionably relevant – would eliminate Bourg's claimed uncertainty and clarify the record.  Similarly, Triadou expects that Foucher's interrogation will contain critical evidence concerning Almaty/BTA's allegations.

On October 13, 2017, Almaty/BTA responded by refusing to produce these documents, claiming that they "have no documents responsive to this Request in their possession, custody, or control."  (Ex. 7 at 5-6).  Counsel for the parties met and conferred on November 30, 2017, at which time Almaty/BTA asserted that they do not have the requested documents in their control, because the ROK and its agencies are distinct from Almaty/BTA and therefore are non-parties to this action.  They claim that, as a result, they are "not obliged to ask" the ROK's agencies for the requested documents, and therefore have not asked—notwithstanding that Almaty/BTA indicated during the conference that, as claimed "victims" of the conduct under criminal investigation in the ROK, they have already received hundreds of documents from the ROK Financial Police.[3]  Because no resolution was reached, Triadou filed this letter-motion.[4]

**Argument**.  Relevant documents must be produced "if they are within the 'possession, custody, or control' of the party from whom discovery is sought."  *Greater N.Y. Taxi Ass'n v. City of N.Y.*, No. 13-Civ.-3089 (VSB) (JCF), 2017 WL 4012051, at *2 (S.D.N.Y. Sept. 11, 2017) (quoting Fed. R. Civ. P. 34(a)(1)).  "[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action."  *Id.* (citations and internal quotation marks omitted).  Because Almaty/BTA have contested control of the documents sought, Triadou bears the burden of establishing control—a concept that is to be construed broadly.  *Id.* (quoting *S.E.C. v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009)).  Neither legal ownership nor actual physical possession is necessary for a finding of control.  *Mazzei v. Money Store*, No. 01cv5694 (JGK) (RLE), 2014 WL 3610894, at *3 (S.D.N.Y. July 18, 2014).  Here, Triadou seeks signed versions of minutes and video recordings of Bourg's interrogations (and the same for Foucher).  That Almaty/BTA have already

---

[2] Triadou's letter to Almaty/BTA cited Bourg's rough transcript, while this letter cites to the final transcript.

[3] To date, Almaty/BTA have produced 694 documents from the ROK Financial Police's custodial files.

[4] During the conference, counsel for Almaty/BTA "offered" to pass Triadou's requests on to ROK agencies if Triadou would provide a comprehensive list of its requests in writing.  This offer is disingenuous. Almaty/BTA should not be permitted to avoid their obligations under the Federal Rules, particularly where Triadou has already submitted written requests for these documents to Almaty/BTA.



The Honorable Katherine H. Parker
December 7, 2017
Page 3

produced from the ROK Financial Police these same documents in unsigned form confirms that Almaty/BTA have the right or practical ability to obtain the documents Triadou seeks.

The record also contains further evidence demonstrating Almaty/BTA's practical ability to obtain the requested documents. To assess this ability, courts look to whether cooperative agreements between the party and alleged non-party exist, the non-party has a stake in the litigation's outcome, and the non-party has cooperated in the past with document requests. *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608 (PKC)(JCF), 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014). As to the first factor, there are agreements in place involving the ROK and Almaty/BTA and the subject matter of this lawsuit; not surprisingly, those same agreements involve Bourg and Foucher. (*See* Exs. 8, 9).[5] Specifically, Almaty/BTA and the ROK entered into Release agreements with Bourg and Foucher in exchange for "assistance" in asset recovery. (*See* Ex. 8 ¶ III; Ex. 9 ¶ III). As to the second factor, the Releases show that Almaty/BTA and the ROK are seeking recovery of the same assets, (*see* Ex. 8 ¶¶ I-II; Ex. 9 ¶¶ I-II), thereby confirming that the ROK has a stake in this action. As to the third factor, Almaty/BTA have produced nearly 700 documents from the ROK Financial Police's files, which shows past cooperation in providing documents. Similarly, given their counsel's representation, Almaty/BTA also appear to possess the right or authority, as alleged "victims," to request and obtain documents from the ROK's agencies.[6]

███████████████████████████████████

███████████████████████████████████

██████████████████████. This is consistent with the public record, which is replete with evidence that Almaty, like most local governments in Kazakhstan, is controlled by the ROK's president, Nursultan Nazarbayev. In its 2016 Human Rights Report on Kazakhstan, the U.S. Department of State noted that the ROK "has a government system dominated by" President Nazarbayev and that he "controls the legislature and judiciary as well as regional and local governments." (Ex. 11 at 1). Further, a 2016 report by the well-respected NGO Freedom House found that "Kazakhstan's entire system of governance rests on the executive branch," and that the president controls "all institutions of power at the national and local levels." (Ex. 12 at 4). Lastly, President Nazarbayev appointed Almaty's current mayor. (Ex. 13). This evidence independently confirms that Almaty is an instrumentality of the ROK, and that the requested documents are therefore within its control.

---

[5] The Release agreements also collectively define Almaty and the ROK as the "Kazakhstan Governmental Authorities." (Ex. 8 ¶ I; Ex. 9 ¶ I).

[6] Almaty/BTA did not explain in their response to Triadou's request (Ex. 7), or during the parties' meet-and-confer, why they were able to obtain unsigned minutes of Bourg's interrogations, but cannot obtain the signed versions or video recordings of the same.



The Honorable Katherine H. Parker
December 7, 2017
Page 4

     Accordingly, Triadou respectfully requests that the Court compel Almaty/BTA to produce the requested documents or, alternatively, hold a pre-motion conference.

Respectfully submitted,

  s/ Deborah A. Skakel
Deborah A. Skakel

cc:    All Counsel of Record (*via* E-Mail & ECF)