

*Phone: (212) 885-5148*
*Fax:   (917) 591-7897*
*Email: dskakel@blankrome.com*

December 15, 2017

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

   Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
     **Case No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

  We represent Triadou SPV S.A. ("Triadou") and submit this letter in opposition to the City of Almaty's and BTA Bank's (together, "Almaty/BTA") "renewed" motion to compel Triadou to produce documents from the files of Marc Gillieron. (ECF 494). Despite Almaty/BTA's outrageous claims, Gillieron's documents have been, and remain, outside of Triadou's control.

  **Background**. Many of the facts relevant to this letter-motion are set forth in Triadou's opposition to Almaty/BTA's original motion to compel the production of Gillieron's documents, incorporated by reference herein. (*See* ECF 424). That motion specifically sought to compel production of Gillieron's ***email files***, which belong to his law firm, Chabrier Avocats ("Chabrier"), and were therefore outside of Triadou's control. (*See id.*). Further, Gillieron had refused to produce his Chabrier email files in response to Triadou's request, which he explained during his deposition on October 3, 2017 (taken while Almaty/BTA's motion was pending). ███████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████.

  During the October 4 hearing on that motion, Almaty/BTA acknowledged that Gillieron had testified "that he was unwilling to produce documents from his Chabrier email account because he had a duty of professional secrecy," and said they would provide a list to the Khrapunovs' counsel of those documents Gillieron testified that he could provide. (Ex. 2 at 24:7-19, 28:7-17). Following this exchange, Triadou noted that Almaty/BTA appeared to have "abandon[ed] their motion to compel Triadou to produce Mr. Gillieron's documents," and the Court agreed it was a "nonissue" in light of the list Almaty/BTA would provide to Khrapunovs' counsel. (*Id.* at 30:2-11). Almaty/BTA did not dispute Triadou's position, but stated they would "also copy Triadou" on the letter. (*Id.* at 30:12-16). Almaty/BTA did more than merely "copy Triadou" on their letter; they demanded from Triadou documents beyond the KYC files that Gillieron could provide (with consent), and which related to companies for which Triadou (and SDG) could not provide consent. (ECF No. 494-2). Triadou's response objecting to these demands explained as much. (Ex. 3).



December 15, 2017
Page 2

**Argument**. As was the case when Triadou opposed Almaty/BTA's original motion to compel, the central question here is whether Triadou has "control" over the documents sought. *See Greater N.Y. Taxi Ass'n v. City of N.Y.*, No. 13-Civ.-3089 (VSB)(JCF), 2017 WL 4012051, at *2 (S.D.N.Y. Sept. 11, 2017) (quoting Fed. R. Civ. P. 34(a)(1)). Documents are "considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.* (citations and internal quotation marks omitted). And while "control" is to be construed broadly, where it is contested, the "discovering party bears the burden of establishing control.'" *Id.* (quoting *S.E.C. v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009)).

Almaty/BTA do not even attempt to establish that Triadou has control over Chabrier's files. Nor could they, as shown in Triadou's opposition to Almaty/BTA's original motion. (ECF 424 at 2-3). Instead, Almaty/BTA ignore the law and invoke the Court's finding that Triadou and SDG are alter-egos, mischaracterizing the finding as being "for discovery purposes," (ECF 494 at 1), when it was actually limited "for purposes" of the motion to compel Gillieron's deposition, (ECF 330 at 16-17; ECF 398 at 4 (again, noting the limitation)). And while the Court later discussed its limited alter-ego finding at a hearing (on an unrelated motion), it acknowledged uncertainty as to whether the issue "is before me right now," and focused on Almaty/BTA's interest in obtaining documents *from SDG*. (*See* Ex. 4 at 47:18-48:18).[1] Because the relevant question here is whether *Chabrier's* files are within Triadou's control, the limited alter-ego finding is immaterial.

Next, Almaty/BTA complain that Triadou has not cited any specific Swiss law in support of its point, (ECF 494 at 3), but Triadou's representation merely conveyed its understanding of Gillerion's refusal to produce documents, (ECF 424 at 2 n.4). Almaty/BTA could have probed this during Gillieron's deposition; instead they chose to conduct only a limited examination on the subject, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).[2] Nevertheless, Gillieron's testimony is uncontroverted record evidence from a witness and Swiss lawyer, (*see id.* at 202:20-203:7), which Almaty/BTA acknowledged during the October 4 hearing, (Ex. 2 at 24:7-19).[3]

Because they cannot establish control, Almaty/BTA resort to baseless conjecture by alleging that "the defendants" improperly withheld documents based on the existence of a so-called "Demand Letter." (ECF 494 at 3; ECF 494-3). The Demand Letter is not in Triadou's files, however, and was not included in the thousands of documents that Almaty/BTA produced from the files of Nicolas

---

[1] Almaty/BTA appear to claim that SDG was "Triadou's parent" and that Gillieron was SDG's Chairman, as of the time Almaty/BTA moved to compel Gillieron's deposition on April 21, 2017, (ECF 494 at 1), though both assertions are demonstrably incorrect. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

[2] *S.E.C. v. Euro Security Fund* is distinguishable. There, a foreign investment fund and its principal, *both defendants*, refused to participate in discovery under the Federal Rules of Civil Procedure, flouted multiple court orders, and demanded that discovery proceed under the Hague Convention. *Euro Sec. Fund*, No. 98 CIV 7347 (DLC), 1999 WL 182598, at *1-2 (S.D.N.Y. Apr. 2, 1999). In contrast, Chabrier and Gillieron are not parties, and Almaty/BTA have not shown that Chabrier's documents are within Triadou's control.

[3] Almaty/BTA imply that Gillieron agreed to produce documents related to his "atypical" activities, (*see* ECF 494 at 2-3), but that is not the case. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.



December 15, 2017
Page 3

Bourg (███████████████████████████████████████████████████████
████████████████████████). The record thus suggests that Triadou never received the letter. ██████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████.[4]  There is simply no evidence to support Almaty/BTA's outrageous claim that Triadou has been hiding "damning evidence."  (*See* ECF 494 at 3).

It is also overblown to describe the Demand Letter as "damning evidence." (ECF 494 at 3). ████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████. Given these circumstances, even assuming the letter was sent and received, it is hardly "indisputabl[e] support[]" for anything. (ECF 494 at 2).

What is most troubling here is Almaty/BTA's cooperation with two individuals subject to subpoenas issued by Triadou. Those individuals – Felix Sater (██████████████████████████), and Bourg's former assistant Kevin Meyer (the unnamed "former SDG employee" in Almaty/BTA's letter), (ECF 494 at 2) – have been subject to document and deposition subpoenas from Triadou for months, and have produced nothing. (Ex. 9; Ex. 10). Sater, who was subpoenaed on October 25 to produce documents by November 13, has not objected or produced documents. News reports indicate that Sater is cooperating with Almaty/BTA, and "is being paid handsomely for his assistance." (*See e.g.*, Ex. 11 at 2, 9-10).[5] Similarly, Meyer objected to Triadou's April 2017 document subpoena on burden grounds, and continued to negotiate with Triadou into December 2017 regarding production, even after providing documents to Almaty/BTA. ██████████████
████████████████████████. Subpoenas to both individuals sought documents related to the Tri-County investment, and thus, ██████████████████████████████████████████████.

Accordingly, Triadou respectfully requests that the Court deny Almaty/BTA's "renewed" letter-motion to compel, or alternatively, hold a pre-motion conference.

---

[4] Gillieron's testimony also debunked Almaty/BTA's baseless conspiracy theory that he resigned to avoid deposition. ██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████. This testimony stands unrefuted.

[5] Triadou has requested documents from Almaty/BTA regarding any agreement they may have with Sater, and asked about such an agreement during meet-and-confers, but Almaty/BTA have refused to admit or deny the existence of such an agreement.



December 15, 2017
Page 4

                                  Respectfully submitted,

                                  s/ Deborah A. Skakel
                                Deborah A. Skakel

cc:      All Counsel of Record (*via* E-Mail & ECF)