# Exhibit 2

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                 :
                                             Docket #15cv5345
CITY OF ALMATY, KAZAKHSTAN, et al.,    : 1:15-cv-05345-AJN-KHP

                    Plaintiffs,        :

   - against -                         :

MUKHTAR ABLYAZOV, et al.,              :
                                             New York, New York
                    Defendants.        :     October 4, 2017

---------------------------------------:

                      PROCEEDINGS BEFORE
                THE HONORABLE KATHARINE H. PARKER,
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs:      BOISE, SCHILLER & FLEXNER LLP
                     BY:  MATTHEW SCHWARTZ, ESQ.
                          DAN BOYLE, ESQ.
                     575 Lexington Avenue
                     New York, New York 10022

For Defendant -      BLANK ROME LLP
Triadou SPV S.A.:    BY:  ALEX HASSID, ESQ.
                          DEBORAH SKAKEL, ESQ.
                     405 Lexington Avenue
                     New York, New York 10174

For Defendant -      HOGUET NEWMAN REGAL & KENNEY LLP
Khrapunov:           JOHN KENNEY, ESQ.
                     JOHN CURLEY, ESQ.
                     ALLISON ANGEL, ESQ.
                     10 East 40th Street
                     New York, New York 10016


Transcription Service: Carole Ludwig, Transcription Services
                       141 East Third Street #3E
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Fax:    (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

```
 1                                                           24
 2   which could be run against his email, not simply documents
 3   which, and again, I think counsel reference that certain
 4   documents were produced by Mr. Glass selectively in response
 5   to allegations against him. While we appreciate any evidence
 6   we get, we obviously want that to be fulsome evidence.
 7             And finally, I believe we skipped over the issue
 8   of Mr. Gillieron, that would be the mg@chabrier.ch email?
 9             THE COURT:  Oh, yes, I apologize, thank you for
10   raising that.
11             MR. BOYLE:  With respect to that, I think there is
12   one new issue or one new element that has come out since the
13   deposition yesterday. When we deposed Mr. Gillieron
14   yesterday, he stated that he was unwilling to produce
15   documents from his Chabrier email account because he had a
16   duty of professional secrecy. In response to further
17   questioning, however, he stated numerous times that he would
18   be willing to produce documents if directed by Ilyas
19   Khrapunov.  And while I understand Your Honor can't order a
20   Swiss lawyer to produce documents where he's a nonparty,
21   Your Honor is certainly able to order Mr. Khrapunov to
22   direct Mr. Gillieron to produce documents in response to our
23   request as Mr. Khrapunov is a party. And in the situation
24   where a party, or a nonparty, is willing to produce
25   documents at the direction of a party, I think we would
```

```
 1                                                              28
 2              THE COURT:  Well there may not be documents. If
 3   they don't have the emails or they destroyed the emails, I
 4   mean the fact that there's a hundred documents that were
 5   produced, I understand you're frustrated, but there may not
 6   be documents.
 7              MR. BOYLE:  Your Honor, I understand and I should
 8   have clarified earlier, Mr. Gillieron did testify that under
 9   Swiss law he was required to keep KYC due diligence files
10   and other regulated records for ten years, so he testified
11   that the documents definitely exist. And I apologize for not
12   putting that in front of Your Honor immediately.
13              THE COURT:  All right, so provide the list to Mr.
14   Curley and then he can respond. And it seems that you
15   learned something from the deposition and you learned about
16   the existence of documents. So send that list, can you send
17   that in the next week?
18              MR. BOYLE:  We'll certainly do that, Your Honor.
19              THE COURT:  All right, and then I imagine it will
20   take a couple of weeks for Mr. Curley to talk with Mr.
21   Gillieron about these documents.
22              MR. CURLEY:  Yes, Your Honor, thank you.
23              THE COURT:  Okay.
24              MR. HASSID:  Your Honor, this is Alex Hassid for
25   Triadou, I'd like to just respond to a point Mr. Boyle
```

```
                                                            30
 1
 2  just to note, just to raise the issue, and I don't want to
 3  mischaracterize plaintiffs' counsels' position, but it seems
 4  to me that perhaps they're abandoning their motion to compel
 5  Triadou to produce Mr. Gillieron's documents.  If that's not
 6  the case then I'm happy to speak about why his email files,
 7  in particular, are out of Triadou's control, but I don't
 8  want to waste the Court's time if it is a nonissue now.
 9            THE COURT:  Well I think it's a nonissue now
10  because plaintiffs are going to provide the list to Mr.
11  Curley.
12            MR. BOYLE:  Your Honor, Mr. Boyle, we will provide
13  that to Mr. Curley.  We will, of course, also copy Triadou.
14  We don't want to reach a situation where one defendant is
15  saying the other has it and going back and forth. So we'll
16  work with all defendants on that request.
17            THE COURT:  Okay, that's fine.
18            MR. CURLEY:  Your Honor, this is John Curley
19  again, just very briefly, I want to be, maybe I
20  misunderstood but I don't think Mr. Boyle is asking Mr.
21  Khrapunov to consent to the release of Mr. Gillieron's
22  emails, I think that he was asking only for sort of the due
23  diligence files, or know your customer files, that Mr.
24  Gillieron testified that he keeps in the normal course of
25  his business. If I'm mistaken about that, maybe Mr. Boyle
```