# Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>        Crossclaim Plaintiffs,<br><br>- against -<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>        Crossclaim Defendants. | ECF Case<br>No. 15 CV 05345 (AJN) (KHP) |

## TRIADOU'S NOTICE OF THIRD-PARTY SUBPOENAS

Please take notice that pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Crossclaim-Defendant Triadou SPV S.A. will serve the attached subpoenas on Felix Sater.

Dated: New York, New York
       October 25, 2017

BLANK ROME LLP

By:     s/Deborah A. Skakel
       Deborah A. Skakel
       Alex Hassid
       Robyn L. Michaelson
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: (212) 885-5000
Facsimile: (212) 885-5001
dskakel@blankrome.com
ahassid@blankrome.com
rmichaelson@blankrome.com

*Counsel for Crossclaim Defendant Triadou SPV S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2017, true and correct copies of **Triadou's Notice of Third Party Subpoenas, and the attached Rule 45 subpoenas to Felix Sater**, were served by electronic mail on all of the following:

Matthew L. Schwartz
Peter M. Skinner
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
mlschwartz@BSFLLP.com
pskinner@BSFLLP.com

*Counsel for Almaty/BTA*

John J. Kenney
John P. Curley
HOGUET NEWMAN REGAL &
KENNEDY LLP
10 East 40th Street
New York, NY 10016
jkenney@hnrklaw.com
jcurley@hnrklaw.com

*Counsel for Viktor and Ilyas Khrapunov*

Jonathan D. Cogan
Beau Barnes
Rebecca Mangold
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
jonathan.cogan@kobrekim.com
beau.barnes@kobrekim.com
rebeccamangold@kobrekim.com

*Authorized Service Recipients for Defendant Mukhtar Ablyazov*

                                                      s/Deborah A. Skakel
                                                       Deborah A. Skakel



Phone: (212) 885-5148
Fax:   (917) 591-7897
Email: dskakel@blankrome.com

October 25, 2017

**VIA E-MAIL**

Robert S. Wolf
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Re: *City of Almaty, Kazakhstan, et al. v. Mukhtar Ablyazov, et al.,*
No. 15-cv-5345 (AJN)

Dear Robert:

Per your email response to my colleague Alex Hassid on October 13, 2017 that you would accept service of subpoenas on behalf of your client Felix Sater, please find enclosed subpoenas issued by crossclaim-defendant Triadou SPV S.A. to Mr. Sater. One subpoena seeks the production of documents (described in Schedule A to that subpoena) by November 13, 2017. The other subpoena notices the deposition of your client in the above-referenced action.

Please contact me if you have any questions.

Very truly yours,

Deborah A. Skakel

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| City of Almaty, Kazakhstan, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 15-cv-05345 |
| Mukhtar Ablyazov, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Felix Sater
c/o Robert S. Wolf

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Blank Rome LLP<br>405 Lexington Avenue<br>New York, NY 10174 | Date and Time:<br>11/13/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/25/2017

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Triadou SPV S.A.                              , who issues or requests this subpoena, are:
Deborah A. Skakel, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174
DSkakel@blankrome.com, (212)885-5000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  15-cv-05345

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>                Crossclaim Plaintiffs,<br><br>- against -<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>                Crossclaim Defendants. | ECF Case<br>No. 15 CV 05345 (AJN) (KHP) |

## SCHEDULE A TO RULE 45 SUBPOENA TO FELIX SATER

## DEFINITIONS AND INSTRUCTIONS

As used in these requests, the following terms shall have the meanings set forth below unless otherwise indicated:

1. "Almaty" means the City of Almaty, Kazakhstan, and its elected or appointed officials or employees.

2. The "Assignment Agreement" means the agreement dated August 4, 2014, by and between CF 135 Flat LLC and Triadou SPV S.A., and the guaranty dated August 4, 2014 made by CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group, LLC, which are attached as Exhibit 1.

3. "BTA" means BTA Bank JSC, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4. "SDG" means SDG Capital, S.A., and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

5. "Triadou" means Triadou SPV S.A. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6. "You" or "Your" means the persons or entities responding to these Requests.

7. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. "Document" means any documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

9. "Including" shall mean "including, but not limited to."

10. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11. "Concerning" means relating to, referring to, describing, evidencing or constituting.

12. "Individuals" shall mean any of the following persons:

    a.    Ilyas Khrapunov
    b.    Viktor Khrapunov
    c.    Elvira Kudryashova
    d.    Mukhtar Ablyazov
    e.    Gennady Petelin
    f.    Elena Petelina
    g.    Nicolas Bourg
    h.    Laurent Foucher
    i.    Kevin Meyer
    j.    Eesh Aggarwal
    k.    Joseph Chetrit
    l.    Meyer Chetrit
    m.    Eric Elkain
    n.    Daniel Ridloff
    o.    Philippe Glatz

13. "Entities" shall mean any of the following entities:

    a.    Triadou;
    b.    SDG;
    c.    Element One or the Element One Fund;
    d.    SDG Investment Fund;
    e.    Argon Holdings Corp.;
    f.    Syracuse Center LLC;
    g.    Tri-County Mall Investors LLC;
    h.    Niel Natural Resources Investments S.A.;
    i.    Niel Finance & Services S.A.;
    j.    Niel Petroleum S.A.;
    k.    Niel Telecom S.A.;
    l.    Niel China S.A.;
    m.    Niel Infrastructures S.A.;

    n.  CF 135 Flat LLC;
    o.  CF 135 West Member LLC;
    p.  The Chetrit Group, LLC;
    q.  227 East 19th Holder LLC;
    r.  Telford International Limited;
    s.  Telford Trust;
    t.  Telford Financiers Corp.;
    u.  John Howell & Company Ltd.;
    v.  Arcanum Global;
    w.  Arcanum AG;
    x.  Azure Consultants DMCC;

Unless otherwise specified, each of the below requests refers to the time period from January 1, 2007, up to and including the date upon which you comply with these requests.

## REQUESTS FOR PRODUCTION

1. All Documents Concerning the Individuals or Entities, including Your Communications with or Concerning the Individuals or Entities.

2. All Documents Concerning Almaty, BTA, and/or their agents or representatives, including Your Communications with Almaty, BTA, and/or their agents or representatives.

3. All Documents You provided to or received from Almaty, BTA, and/or any Arcanum entity.

4. All Documents Concerning any settlement or release agreement you may have discussed with or actually obtained from Almaty, BTA, and/or their agents or representatives.

5. All Documents Concerning Triadou, including but not limited to Documents Concerning any investments Triadou made in the United States.

6. All Documents Concerning the Tri-County Mall, including but not limited to Documents Concerning Tri-County Mall Investors LLC, the acquisition and sale of Tri-County Mall, the disposition of any assets or proceeds from the sale thereof, and any settlement or release agreements related thereto.

Dated: New York, New York
October 25, 2017

        BLANK ROME LLP

        By:     s/Deborah A. Skakel
            Deborah A. Skakel
            Alex Hassid
            Robyn L. Michaelson
        The Chrysler Building
        405 Lexington Avenue
        New York, New York 10174-0208
        Telephone: (212) 885-5000
        Facsimile: (212) 885-5001
        dskakel@blankrome.com
        ahassid@blankrome.com
        rmichaelson@blankrome.com

*Counsel for Crossclaim Defendant Triadou SPV S.A.*

4

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| City of Almaty, Kazakhstan, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15-cv-05345 |
| | ) |
| Mukhtar Ablyazov, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Felix Sater
c/o Robert S. Wolf

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Blank Rome LLP<br>405 Lexington Avenue<br>New York, NY 10174 | Date and Time:<br>12/15/2017 9:00 am |
|---|---|---|

The deposition will be recorded by this method: Videography and stenography

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/25/2017

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Triadou SPV S.A. , who issues or requests this subpoena, are:
Deborah A. Skakel, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174
DSkakel@blankrome.com, (212)885-5000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15-cv-05345

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                *Server's signature*

                            _____
                                                *Printed name and title*

                            _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

Case 1:15-cv-05345-AJN-KHP   Document 500-9   Filed 12/15/17   Page 14 of 14

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).