# Exhibit 10

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, | ECF Case |
|         Crossclaim Plaintiffs, | No. 15 CV 05345 (AJN) |
|     - against - | |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
|         Crossclaim Defendants. | |

### TRIADOU'S NOTICE OF THIRD-PARTY SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 45 of the Federal Rules of Civil

Procedure, Crossclaim-Defendant Triadou SPV S.A. will serve the attached subpoena on Kevin

Meyer.


Dated: New York, New York
      April 28, 2017

BLANK ROME LLP

By:_____s/Deborah A. Skakel_____
     Deborah A. Skakel
     Alex Hassid
     Robyn L. Michaelson
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: (212) 885-5000
Facsimile: (212) 885-5001
dskakel@blankrome.com
ahassid@blankrome.com
rmichaelson@blankrome.com

*Counsel for Crossclaim Defendant
Triadou SPV S.A.*

105584424v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2017, true and correct copies of **Triadou's Notice of Third Party Subpoena, and the attached Rule 45 subpoena to Kevin Meyer**, were served by electronic mail on all of the following:

Matthew L. Schwartz
Peter M. Skinner
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
mlschwartz@BSFLLP.com
pskinner@BSFLLP.com

*Counsel for Almaty/BTA*

John J. Kenney
John P. Curley
Katelyn K. Brooks
HOGUET NEWMAN REGAL &
KENNEDY LLP
10 East 40th Street
New York, NY 10016
jkenney@hnrklaw.com
jcurley@hnrklaw.com
kbrooks@hnrklaw.com

*Counsel for Viktor and Ilyas Khrapunov*

Jonathan D. Cogan
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
jonathan.cogan@kobrekim.com

*Counsel for Mukhtar Ablyazov*

/s/ Deborah A. Skakel
Deborah A. Skakel

105584424v.1



BLANK ROME LLP
COUNSELORS AT LAW

Phone:   (212) 885-5148
Fax:     (917) 591-7897
Email:   dskakel@blankrome.com

April 28, 2017

**VIA HAND DELIVERY**

Kevin Meyer
2116 Chestnut Street
Unit 3110
Philadelphia, PA 19103

Re:    *City of Almaty, Kazakhstan, et al. v. Mukhtar Ablyazov, et al.,*
       **No. 15-cv-5345 (AJN)**

Dear Mr. Meyer:

Enclosed on behalf of crossclaim-defendant Triadou SPV S.A. is a subpoena pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure for the production of documents and deposition in the above-referenced action. The documents referenced in Schedule A are to be produced at your deposition on May 25, 2017.

Please contact me if you have any questions regarding this subpoena.

Very truly yours,

*Deborah A. Skakel*

Deborah A. Skakel

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| City of Almaty, Kazakhstan, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   15-cv-05345 |
| | ) | |
| Mukhtar Ablyazov, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
                                   Kevin Meyer
                *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A

| Place:  Blank Rome LLP | Date and Time: |
|---|---|
| One Logan Square, 130 North 18th Street Philadelphia, PA 19103 | 05/25/2017 9:00 am |

The deposition will be recorded by this method:   Videography and stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Schedule A**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/28/2017

         CLERK OF COURT

                                        OR

_____          _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Triadou SPV S.A.
_____ , who issues or requests this subpoena, are:
Deborah A. Skakel, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174
DSkakel@blankrome.com, (212)885-5000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  15-cv-05345

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                          _____
                                              *Printed name and title*


                                          _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, | ECF Case |
| Crossclaim Plaintiffs, | No. 15 CV 05345 (AJN) |
| - against - | |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
| Crossclaim Defendants. | |

## SCHEDULE A TO RULE 45 SUBPOENA TO KEVIN MEYER

## DEFINITIONS AND INSTRUCTIONS

As used in these requests, the following terms shall have the meanings set forth below, unless otherwise indicated:

1.      "Almaty" means the City of Almaty, Kazakhstan, and its elected or appointed officials or employees.

2.      The "Assignment Agreement" means the agreement dated August 4, 2014, by and between CF 135 Flat LLC and Triadou SPV S.A., and the guaranty dated August 4, 2014 made by CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group, LLC, which are attached as Exhibit 1.

3.      "BTA" means BTA Bank JSC, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4.      The "Chetrit Entities" means Joseph Chetrit, Meyer Chetrit, CF 135 Flat LLC, CF 135 West Member LLC, The Chetrit Group, LLC, and 227 East 19th Holder LLC, and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

5.      The "Niel Group" means Niel Natural Resources Investments S.A., Niel Finance & Services S.A., Niel Petroleum S.A., Niel Telecom S.A., Niel China S.A., and Niel Infrastructures S.A., and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6.     "SDG" means SDG Capital, S.A., and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

7.     "Triadou" means Triadou SPV S.A. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

8.     "You" or "Your" means the persons or entities responding to these Requests.

9.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.    "Document" means any documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

11.     "Including" shall mean "including, but not limited to."

12.    "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

Unless otherwise specified, each of the below requests refers to the time period from January 1, 2011, up to and including the date upon which you comply with these requests.

## REQUESTS FOR PRODUCTION

1.     All Documents Concerning Triadou.

2.     All Documents Concerning SDG.

3.     All Documents Concerning Element One.

4.     All Documents Concerning Nicolas Bourg, Laurent Foucher, or any entity in the Niel Group, including all Communications between or among You and any of these Persons or entities.

5.     All Documents Concerning the Chetrit Entities or Erik Elkain, including but not limited to:

   a.     All Communications between You and one or more of the Chetrit Entities or Erik Elkain;

   b.     All Documents Concerning any payments you or Nicolas Bourg received, believed you or Nicolas Bourg were entitled to receive, or expected to receive from the Chetrit Entities, whether directly or indirectly;

      c.      All Documents Concerning actual, contemplated, or potential investments or other transfer of capital or assets of any kind, by the Chetrit Entities into the Niel Group.

6.      All Documents You produced or provided to Almaty, BTA, and/or Arcanum, or received from Almaty, BTA, and/or Arcanum.

7.      All Documents Concerning Almaty/BTA, including Documents and Communications Concerning any settlement or release you may have or actually obtained from Almaty, BTA and/or any Arcanum entity.

8.      All Documents Concerning Telford International Limited, Telford Trust, Gennady Petelin, or Elena Petelina.

9.      All Documents Concerning Telford Financiers.

10.      All Documents Concerning Argon Holdings Corp., Argon OPCO, SDG-US Holdings Corp., Syracuse Center, LLC, and Tri-County Mall Investors LLC.

11.      All Documents Concerning the following Persons, including Communications between or among You and any of these Persons: Philippe Glatz, Ilyas Khrapunov, Viktor Khrapunov, or Mukhtar Ablyazov.

12.      All Documents Concerning any investments made by or through Triadou in the United States, including the Flatotel or Cabrini projects, and including but not limited to any valuations of those projects.

13.      All Documents Concerning the Assignment Agreement, including the negotiation thereof and Your Communications with any Person Concerning the Assignment Agreement.

14.      All Documents Concerning the Happy Family or Landscape investments or transactions, including but not limited to Your Communications with any Person regarding those investments or transactions, Documents Concerning any payments or wire transfers or transfer of assets made in connection with those investments or transactions, and information concerning the current status of those investments or transactions.

15.      All Documents Concerning John Howell & Company Ltd.

16.      All Documents Concerning Arcanum Global, Arcanum AG, or any other Arcanum company, including Your Communications with those companies.

17.      All Documents Concerning Eesh Aggarwal or Azure Consultants DMCC, including Your Communications with Mr. Aggarwal or Azure Consultants DMCC.

Dated: New York, New York
      April 28, 2017

                                     BLANK ROME LLP

                                     By:_____s/Deborah A. Skakel_____
                                          Deborah A. Skakel
                                        Alex Hassid
                                        Robyn L. Michaelson
                                   The Chrysler Building
                                   405 Lexington Avenue
                                   New York, New York 10174-0208
                                   Telephone: (212) 885-5000
                                   Facsimile: (212) 885-5001
                                   dskakel@blankrome.com
                                   ahassid@blankrome.com
                                   rmichaelson@blankrome.com

                                   *Counsel for Crossclaim Defendant*
                                   *Triadou SPV S.A.*

# Exhibit 1

EXHIBIT A

## AGREEMENT

**AGREEMENT** entered into as of this 4th day of August, 2014 (the "Effective Date") by and between CF 135 FLAT LLC ("Assignee") a Delaware limited liability company, with an office c/o The Chetrit Group, LLC, 512 Seventh Avenue, 15th Floor, New York, New York 10018 and TRIADOU SPV S.A. ("Assignor"), a Luxembourgish company, with an address c/o Rosabianca & Associates, PLLC, 40 Wall Street, 30th Floor, New York, NY, 10005.

### WITNESSETH

**WHEREAS** the parties did cause to be organized CF 135 WEST MEMBER LLC, a Delaware limited liability company (the "Company");

**WHEREAS**, the parties did enter into an operating agreement of the Company (the "Company LLC Agreement");

**WHEREAS**, the Company owns 75% of the membership interests in 135 West 52nd Street Holder LLC, which is the sole member of 135 West 52nd Street Mezz LLC, which is the sole member of 135 West 52nd Street Owner LLC which is the owner of premises located at 135 West 52nd Street, New York, New York (the "Premises"); and

**WHEREAS**, Assignor wishes to transfer and assign to Assignee, and Assignee wishes to acquire from Assignor, all of the Interests, as hereinafter defined, on the terms herein set forth.

**NOW, THEREFORE**, in consideration of the sum of Ten ($10) Dollars, together with the payments and credit set forth in Section 1 herein, and the covenants, promises and undertakings set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee agree as follows:

1.     Assignor agrees to transfer and assign to Assignee, and Assignee agrees to acquire from Assignor, all of the Interests, as hereinafter defined. The Purchase Price for the Interests is the sum of Twenty Eight Million ($28,000,000.00) Dollars (the "Price") and Assignee shall pay the Price as follows:

(a) The sum of Six Million ($6,000,000.00) Dollars heretofore paid by The Chetrit Group in connection with the "Happy Family" and "Landscape" transactions, to be applied as a credit to the Price as of the Effective Date. The Chetrit Group shall execute all documents, including an acknowledgment of receipt relating to the sum credited as mentioned hereinabove, and shall do any and all acts as shall be reasonably necessary to evidence the aforesaid credit;

(b) The sum of One Million ($1,000,000.00) Dollars (the "Initial Payment") heretofore paid by Assignee on May 9, 2014;

(c) The sum of Five Million Two Hundred Fifty Thousand ($5,250,000.00) Dollars on or before ninety (90) days after the Effective Date;

(d) The sum of Five Million Two Hundred Fifty Thousand ($5,250,000.00) Dollars on or before one hundred fifty (150) days after the Effective Date;

(e) The sum of Five Million Two Hundred Fifty Thousand ($5,250,000.00) Dollars on or before two hundred forty (240) days after the Effective Date;

(f) The sum of Five Million Two Hundred Fifty Thousand ($5,250,000.00) Dollars on or before three hundred thirty (330) days after the Effective Date;

(g) In addition to the Price, after Assignee shall have received a return of all Capital Contributions, as defined in the Company LLC Agreement in full force and effect on the date hereof, heretofore and hereafter made by Assignee in connection with the Premises inclusive of the Price (i.e. the amounts set forth in subparagraphs (a) through (f) above) and a return of Seven (7%) percent per annum on all such amounts computed from the date such amounts were either contributed or made by Assignee or its affiliates until all such sums are returned to Assignee (the "Return on Investment"), then Assignor shall be entitled to receive an amount equal to Twelve (12%) percent of the profit generated from the sale or transfer of ownership of the entire Premises to any unrelated third-party, but in no event less than Four Million ($4,000,000.00) Dollars in the aggregate (the "Profit Participation"). The Assignee hereby represents that it shall not modify the purpose of the Company as set forth in the Company LLC Agreement in full force and effect on the date hereof. Assignee shall pay the Profit Participation to Assignor within six (6) months after the Return on Investment has occurred, whether or not all the units of the Premises are sold. The Return on Investment is deemed to occur as soon as the Company has the available cash to pay the Return on Investment, whether or not the Return on Investment is distributed to the Assignee, after payment of any and all ordinary and necessary expenses of the Company and establishment of necessary reserves. In the event that unnecessary loans are made to the Company by Assignee or other members of the Company, the interests on any such loan shall be paid after the full Profit Participation is paid to Assignor. For the purpose of this Agreement, the sale or transfer of ownership of the Premises shall include, without limitation, the sale of any part of the Premises or all of the direct or indirect membership interests in the fee owner or its sole member or master leases with an unrelated third party.

Assignee shall cause 135 West 52nd Street Holder LLC, 135 West 52nd Street Mezz LLC, and 135 West 52nd Street Owner LLC (all entities collectively referred to as "Assignee and its Affiliates") to keep and maintain, for their respective entity, complete and accurate books, records, reports and accounts, in accordance with sound accounting practices, in which shall be entered all transactions of each respective entity. In connection with its Profit Participation, Assignor shall be entitled to conduct an audit and inspection of the books and records of Assignee and its Affiliates every eighteen (18) months from the Effective Date until payment in full of the Profit Participation by Assignee to Assignor (the "Audit"), by using its accountant or other qualified representative, during regular business hours, upon reasonable prior written notice to Assignee. The last audit shall be ordered three (3) months after Assignee's notice to Assignor of the last sale of units in the Premises. In the event the Audit shows that Assignor's Profit Participation shall be greater than what was represented by Assignee, Assignee shall pay the difference to Assignor forthwith. The fees and expenses relating to the Audit shall be at

Assignor's sole expense, unless the audit report discloses that Assignor has been underpaid in excess of five percent (5%), and/or the audit report discloses that Assignor has not been timely paid within six (6) months after the Return on Investment occurred as defined hereinabove, in which events Assignee and its Affiliates shall reimburse Assignor the reasonable costs of the Audit thereof in addition to any other amount due.

In addition, Assignee shall provide Assignor with a complete report on the progress of the construction and sales of the Premises, every eighteen (18) months from the Effective Date until payment in full of the Profit Participation by Assignee to Assignor, the latest report being due eighteen (18) months after Assignee's notice of the last sale of units in the Premises.

2.     (A)     The closing of the transfer of the Interests (the "Closing") shall occur simultaneously with the execution of this Agreement, at which time all of the following shall take place:

    (i)     Assignor shall execute and deliver to Assignee or any designee of Assignee (the party receiving the assignment sometimes referred to herein as "Transferee") an assignment (the "Assignment") in the form attached hereto as Schedule A to effectuate the transfer of the Interests. At Assignee's request, the Assignment shall be delivered in blank and Assignee may insert the name of the assignee of the Interests at a later date.

    (ii)     Assignee, the Company and The Chetrit Group, LLC shall execute and deliver to Assignor a Guaranty of Payment for the amounts listed in Section 1 (c) through (g) herein (the "Guaranty"), in the form attached hereto as Schedule B. It is specifically understood and agreed that the Assignment shall be effective as of the Closing and that Assignor's sole recourse in the event Assignee shall fail to pay the Price to Assignor shall be to enforce this Agreement and the Guaranty referred to in this Section 2(ii).

    (iii)     Upon execution of this Agreement, the parties shall execute and deliver mutual releases in the forms attached hereto as Schedule C.

    (B)     The foregoing documents will be delivered at the Closing.

3.     As used in this Agreement, the term "Interest" or "Interests" shall include all of the Assignor's right, title and interest in and to the Company and the Premises, including, without limitation, all of Assignor's interest as a member in the Company, and all voting rights, Assignor's capital account in the Company, any sums that may be reflected on the Company's books or otherwise as a loan made by Assignor or any Affiliate of Assignor, the right to receive distributions of cash, property or otherwise and the right to participate in and receive profits, losses and/or income from the Company, together with any and all other rights which Assignor ever had or to which Assignor may now or hereafter be entitled as a member of the Company as set forth in the Company LLC Agreement or pursuant to applicable law or otherwise. Notwithstanding the foregoing, Assignor is deemed entitled to its Profit Participation as set forth in Section 1(g) of this Agreement.

3

4.     Assignor represents covenants and warrants that the following are true as of the date hereof and will be true as of the date of Closing and hereby acknowledges that Assignee is relying upon same in connection with the execution, delivery and performance of this Agreement:

(a)     Assignor is the owner of a fifty (50%) percent Membership Interest as set forth in the Company LLC Agreement and the direct record and beneficial owner of the Interests free and clear of any liens, including any lien which could in any way affect Assignor's ability to convey or Assignee's accepting a sale, transfer, conveyance or assignment of all or any portion of the Interests, and Assignor has the right, power and authority to sell, transfer, convey and assign good, valid and indefeasible title to the Interests, free and clear of any liens.

(b)     There is no order of any court, governmental agency or decision making body that prohibits the Assignor from making the assignment contemplated hereunder.  To the best knowledge of Assignor, there does not exist any filed action, suit, claim or proceeding whether in law or in equity or any government investigation against Assignor which could affect all or any portion of the Interests or Assignor's rights therein or which question or challenge the validity of this Agreement or any action taken or to be taken pursuant to this Agreement.  Assignor shall execute, deliver and perform this Agreement and consummate the transactions contemplated hereby without the necessity of obtaining any consent, approval or authorization or giving any notice or any other party.

(c)     Assignor has not given to anyone or authorized any (i) lien with respect to the Interests; (ii) securities convertible into or exchangeable for any portion of the Interests; (iii) options, warrants or other rights to purchase or subscribe for all or any portion of the Interests or to receive or participate in any profits or distributions from the Company; (iv) any right to vote, control or otherwise participate in or direct the management or control of the Company; (v) other agreements of any kind with respect to the Interests; (vi) nor has Assignor entered into any agreements or contracts obligating the Company to pay any money to anyone or to bind the Company or affect the Premises or other assets of the Company in any manner not consented to by Assignee;

(d)     Assignor is not insolvent; has not made an assignment for the benefit of creditors; has not filed a voluntary petition in bankruptcy or been adjudged a bankrupt or insolvent nor had entered against it an order for relief in any bankruptcy or insolvency proceeding; has not filed a petition or answer seeking reorganization, arrangement or similar relief under any statute, law or regulation; is not the subject of any involuntary proceeding of like nature; has not sought, consented to or acquiesced in the appointment of a trustee, receiver or liquidator of all or any substantial part of its assets; and no such proceedings are contemplated by Assignor;

4

(e)     Neither the Company nor any of the subsidiaries of the Company are indebted to Assignor;

(f)     No consent of or approval or permission by any third party is required as a condition to the entering into this Agreement by Assignor and consummating the transactions contemplated hereby;

(g)     Neither the execution and delivery of this Agreement nor the completion of the transactions contemplated thereby will result in any breach or violation of the terms, conditions, or provisions of or conflict with or constitute a default under, or result in the creation of any lien upon any property or assets of Assignor pursuant to the terms of any agreement or document; nor will it violate any provision of law or any applicable order, writ or decree of any court or of any bureau or agency of government;

(h)     Assignor is a Luxembourgish company organized and existing and in good standing under the laws of Luxemburg and has full right to enter into this Agreement and to complete the transactions contemplated thereby; and that the party executing this Agreement on behalf of Assignor has full right and authority to do so and no further consent or authority is required from anyone in order to permit the person executing this Agreement on behalf of Assignor to execute and deliver this Agreement and to complete the transactions contemplated thereby;

(i)     This Agreement has been duly executed and delivered by Assignor and constitutes the legal, valid and binding obligation of Assignor enforceable in accordance with its terms, except as such enforceability may be limited by (i) bankruptcy, insolvency, reorganization, moratorium or other similar laws now or hereafter in effect relating to or limiting creditor's rights generally, and (ii) general principals of equity.

5.     Assignee represents covenants and warrants that the following is true as of the date hereof and will be true as of the date of the Closing and acknowledges that Assignor is relying upon same in connection with the execution, delivery and performance of this Agreement:

(a)     No consent of or approval or permission by any third party is required as a condition to the entering into this Agreement by Assignee and consummating the transactions contemplated hereby.

(b)     The execution and delivery of this Agreement is the valid and binding obligation of Assignee and is enforceable against it in accordance with its terms.

(c)     Neither the execution and delivery of this Agreement nor the completion of the transactions contemplated thereby will result in any breach or violation of the terms, conditions, or provisions of or conflict with or constitute a default under, or result in the creation of any lien upon any property or assets of the Assignee

5

pursuant to the terms of any agreement or document; nor will it violate any provision of law or any applicable order, writ or decree of any court or of any bureau or agency of government.

(d)     Assignee is duly organized and a validly existing limited liability company organized under the laws of the State of Delaware, is in good standing under the laws of the State of Delaware and has the full right and authority to execute this Agreement and consummate all of the transactions hereby contemplated.

(e)     There is no order of any court, governmental agency or decision making body that prohibits the Assignee from entering into this Agreement and completing the transactions contemplated hereunder.  To the best of knowledge of Assignee, there does not exist any filed action, suit, claim or proceeding whether in law or in equity or any government investigation against Assignee which could affect, question or challenge the validity of this Agreement or any action taken to be taken by either pursuant to this Agreement.  Assignee shall execute, deliver and perform this Agreement and consummate the transactions contemplated hereby without the necessity of obtaining any consent, approval or authorization or giving any notice to any other party.

(f)     Assignee is not insolvent; has not made an assignment for the benefit of creditors; has not filed a voluntary petition in bankruptcy or been adjudged a bankrupt or insolvent nor had entered against it an order for relief in any bankruptcy or insolvency proceeding; has not filed a petition or answer seeking reorganization, arrangement or similar relief under any statute, law or regulation; is not the subject of any involuntary proceeding of like nature; has not sought, consented to or acquiesced in the appointment of a trustee, receiver or liquidator of all or any substantial part of its assets; and no such proceedings are contemplated by Assignee.

6.     Except as set forth herein and in any of the documents executed and/or delivered in connection with the Closing, neither the Assignee, nor the Company, nor their respective affiliates or principals have made any representations or warranties with respect to the Company or its assets or the value of the Interests or the value or net worth of the Company and its assets or projected revenues or proceeds or any other matter or thing with respect to the Company or the Premises for the purpose of inducing Assignor to transfer the Interests; and in deciding to enter into this Agreement and to consummate the transactions contemplated hereby, Assignor has not placed any reliance on any statements, representations, opinions or warranties made by any person outside of this Agreement and any of the documents executed and/or delivered in connection with the Closing; and Assignor has conducted to its own satisfaction such due diligence as it has deemed necessary with respect to the value of the Interests, the net worth of the Company, and all matters and things respecting the Company and its assets and the Premises and such other matters as deemed appropriate by Assignor; and Assignor has determined to its full and complete satisfaction that the sale of the Interests by Assignor is in the best interests of Assignor.  Assignor further acknowledges that from and after the date hereof, Assignor and its members, its successors and assigns shall be barred, prohibited and estopped from raising,

6

interposing, alleging or otherwise asserting any claims or taking any actions which are inconsistent with the foregoing statements.

7.    All of the representations, warranties, covenants and agreements contained herein shall survive the Closing for a period of one (1) year.

8.    Assignor shall have the right to sell, transfer, assign, use as a collateral or otherwise dispose of all, or any portion, of its rights under this Agreement, the Assignment and the Guaranty, including the right to receive payment of the amounts listed in Section 1 (b) through (g) herein, with accrued interest thereon if any, without the consent of the Assignee, the Company or The Chetrit Group, LLC (the "Transfer Right"). Assignee, the Company and The Chetrit Group, LLC hereby acknowledge the reasonableness of the Transfer Right. Assignee shall not assign this Agreement or any right or obligation of this Agreement, by operation of law or otherwise, without prior written consent of Assignor (Assignor and Assignee's assigns collectively referred to as "Permitted Assigns").

9.    The Parties hereby waive any objections they may have by alleging that this Agreement does not satisfy the formalities required by the Company LLC Agreement.

10.    This Agreement, along with the Assignment and the Guaranty, (a) shall constitute the entire agreement among the parties pertaining to its subject matter and supersedes any prior agreement or understanding among the parties with respect to its subject matter; (b) may not be amended or supplemented or waived except by a written instrument signed by the parties to be charged; and (c) shall be binding upon and inure to the benefit of the parties and their respective successors and Permitted Assigns.

10.    This Agreement and the rights of the parties hereto shall be governed by, interpreted and enforced in accordance with the internal laws of the State of New York without any regard to principles of conflict of laws. The Parties hereby agree to the exclusive jurisdiction of the State and Federal courts located in the State of New York, County of New York.

11.    The parties shall execute all certificates and other documents and shall do any and all other acts as shall be reasonably necessary to complete the transactions contemplated hereunder and agree that upon the written request of the other party hereto, each shall execute and deliver such further documents and do such further acts and things as the requesting party may reasonably request in order to effectuate the intent and purposes of this Agreement, including, but not limited to delivery by Assignor of resignations of its representatives or designees as officers and directors of the Company and any and all documents and forms necessary to change the signatories on the Company's bank accounts so as to delete Assignor's representatives as signatories to any Company bank account, if applicable.

12.    Each party shall be responsible for its own costs and expenses (including fees and disbursement of counsel) arising in connection with the drafting and execution of this Agreement, the Assignment and Guaranty.

13.   The parties hereto shall have all rights and remedies set forth in this Agreement and all rights and remedies available under the applicable law.  The parties hereby acknowledge that money may not be an adequate remedy for any breach of the provisions of this Agreement and that any party may, in its sole discretion, apply to any court of law or equity of competent jurisdiction for specific performance or injunctive relief in order to enforce or prevent any violations of the provisions of this Agreement.

14.   This Agreement may be executed in two or more counterparts each of which shall be deemed an original and all of which when taken together shall constitute one and the same document.  The signature of any party to any counterpart shall be deemed a signature to and may be appended to any other counterpart.  Facsimile or electronically transmitted signatures shall be acceptable and given the same effect as original signatures.

[The rest of this page was intentionally left blank; signature page to follow.]

8

IN WITNESS WHEREOF, the parties have executed this instrument as of the day and year first above written.

ASSIGNOR:

TRIADOU SPV S.A.

By: _____
        Authorized Signatory

ASSIGNEE:

CF 135 FLAT LLC
a Delaware Limited Liability Company

By: _____
        Authorized Signatory

Acknowledgments by:

CF 135 WEST MEMBER LLC

By:_____
        Authorized Signatory

The CHETRIT GROUP

By:_____
        Authorized Signatory

9

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ꓩ<sup>th</sup> day of August, 2014, before me, the undersigned notary public, personally appeared Diane Artal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

DAVID C. Van LEEUWEN
Notary Public, State of New York
No. 02VAd163263
Qualified in ~~Bronx County~~ NY County
Commission Expires March 19, 20~~14~~ 15

_____
Notary Public
My commission expires on

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ___<sup>th</sup> day of August, 2014, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on           .

10

IN WITNESS WHEREOF, the parties have executed this instrument as of the day and year first above written.

ASSIGNOR:

TRIADOU SPV S.A.

By: _____
        Authorized Signatory

ASSIGNEE:

CF 135 FLAT LLC
a Delaware Limited Liability Company

By: _____
        Authorized Signatory

Acknowledgments by:

CF 135 WEST MEMBER LLC
By:_____
        Authorized Signatory

The CHETRIT GROUP
By:_____
        Authorized Signatory

9

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ___th day of August, 2014, before me, the undersigned notary public, personally appeared Diane Artal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on


STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 4th day of August, 2014, before me, the undersigned notary public, personally appeared Meslor Chetrit, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on          LOIS HUTTER SANCHEZ
                                  Notary Public, State of New York
                                  No. 01HU5042516
                                  Qualified in Queens County
                                  Commission Expires April 24, 20 15

10

**Schedule A**
**Assignment**

## ASSIGNMENT

**KNOW THAT** TRIADOU SPV S.A., a Luxembourgish company, with an address c/o Rosabianca & Associates, PLLC, 40 Wall Street, 30th floor, New York, NY, 10005 ("Assignor"), in consideration of the sums set forth in Section 1 of a certain Agreement to Assign Membership Interests executed simultaneously with this Assignment by and between the parties hereto, and the sum of Ten ($10.00) Dollars and other good and valuable consideration to it in hand paid by CF 135 FLAT LLC, a Delaware limited liability company, with an address c/o The Chetrit Group, LLC, 512 Seventh Avenue, 15th floor, New York, New York ("Assignee"), the receipt and sufficiency of which are acknowledged, hereby sells, assigns and transfers unto Assignee all of its membership interests (the "Interests") in, to and under CF 135 WEST MEMBER LLC (the "Company"), which Interests represent all of the interests owned by Assignor in and to the Company, all of Assignor's rights contained in the Operating Agreement of the Company, any and all rights and interests of Assignor in and to any assets owned by or to which the Company has or may have any claim and any and all sums that may be reflected on the Company's books or otherwise as a loan made by Assignor or by an affiliate of Assignor to the Company, the rights to receive distributions of cash, property or otherwise as a member of the Company and the right to participate in and to receive profits, losses and/or income from the Company as member of the Company, together with any and all other rights which Assignor ever had or to which Assignor may now or hereafter be entitled as a member of the Company, as set forth in the limited liability company agreement of the Company or pursuant to applicable law or otherwise.

**TO HAVE AND TO HOLD** same unto the Assignee and to Assignee's heirs, executors, administrators and assigns, absolutely and forever.

Assignor represents, covenants and warrants that the following are true and acknowledges that Assignee is relying upon same: (a) Assignor (i) is the record and beneficial owner of the Interests free and clear of any liens and has the right, power and authority to transfer, good, valid and indefeasible title to the Interests, free and clear of any liens; (ii) Assignor may execute and deliver this Assignment without the necessity of obtaining any consent, approval or authorization or giving any notice; (iii) has not given to anyone or authorized any agreements or rights with respect to the Interests; and (iv) is not insolvent and is not the subject of any proceedings seeking relief from any creditors; and (b) This instrument has been duly executed and delivered by Assignor and constitutes the legal, valid and binding obligation of Assignor enforceable in accordance with its terms. The party executing this instrument on behalf of Assignor is fully authorized to execute and deliver same to Assignee.

Assignee accepts this Assignment of Interests.

Upon the written request of either party hereto, the other shall execute and deliver such further documents and do such further acts and things as the requesting party may reasonably request in order to effectuate the intent and purposes of this Assignment.

This Assignment may be executed in two or more counterparts each of which shall be deemed an original and all of which when taken together shall constitute one and the same document. The signature of any party to any counterpart shall be deemed a signature to and may

1

be appended to any other counterpart. Facsimile or electronically transmitted signatures shall be acceptable and given the same effect as original signatures.

IN WITNESS WHEREOF, the parties have executed this Assignment as of the 4th day of August, 2014.

ASSIGNOR:

TRIADOU SPV S.A.

By: _____
          Authorized signatory

ASSIGNEE:

CF 135 FLAT LLC
a Delaware limited liability company

By: _____
          Authorized signatory

2

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ___ th day of August, 2014, before me, the undersigned notary public, personally appeared Diane Artal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public
My commission expires on


STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 4 th day of August, 2014, before me, the undersigned notary public, personally appeared Meyer Chetrit , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public
My commission expires on                    LOIS HUTTER SANCHEZ
                                            Notary Public, State of New York
                                            No. 01HU5042516
                                            Qualified in Queens County
                                            Commission Expires April 24, 201

3

be appended to any other counterpart. Facsimile or electronically transmitted signatures shall be acceptable and given the same effect as original signatures.

**IN WITNESS WHEREOF**, the parties have executed this Assignment as of the 4th day of August, 2014.

**ASSIGNOR:**

**TRIADOU SPV S.A.**

By: _____
            Authorized signatory

**ASSIGNEE:**

**CF 135 FLAT LLC**
a Delaware limited liability company

By: _____
            Authorized signatory

2

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ⅃ᵗʰ day of August, 2014, before me, the undersigned notary public, personally appeared Diane Artal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

DAVID G. Van LEEUWEN
Notary Public. State of New York
No. 02VA6163283
Qualified in Bronx County NY County
Commission Expires March 19, 2014 15

Notary Public
My commission expires on


STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ___ᵗʰ day of August, 2014, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public
My commission expires on

3

**Schedule B**
**Guaranty**

# GUARANTY

made by

**CF 135 FLAT LLC, CF 135 WEST MEMBER LLC
and THE CHETRIT GROUP, LLC,**
collectively as "Guarantor",

in favor of

**TRIADOU SPV S.A.**

Dated as of August 4, 2014

GUARANTY

This **GUARANTY** (this "**Guaranty**"), dated as of August 4, 2014, made by **CF 135 FLAT LLC, CF 135 WEST MEMBER LLC** and **THE CHETRIT GROUP, LLC** (collectively, "**Guarantor**"), in favor of **TRIADOU SPV S.A.**, a Luxembourgish company (together with its successors and assigns, "**Assignor**").

R E C I T A L S:

A.    Pursuant to that certain Agreement to Assign Membership Interests dated as of the date hereof (the "**Agreement**") between TRIADOU SPV S.A., a Luxembourgish company ("**Assignor**") and CF 135 FLAT LLC, a Delaware limited liability company ("**Assignee**"), Assignor has agreed to assign its membership interests (the "**Interests**") in CF 135 West Member LLC to Assignee on the terms and conditions set forth in the Agreement;

B.    As a condition to Assignor assigning the Interests to Assignee, Assignor is requiring that Guarantor execute and deliver to Assignor this Guaranty;

**NOW, THEREFORE,** in consideration of the premises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Guarantor, Guarantor hereby agrees, covenants, represents and warrants to Assignor as follows:

**1.    Definitions.**

(a)    All capitalized terms used and not defined herein shall have the respective meanings given to such terms in the Agreement.

(b)    The term "**Guaranteed Obligations**" means individually and collectively as and whenever the same may arise, any and all loss, damage, cost, expense, liability, claim or other obligation incurred by Assignor (including attorney's fees and costs reasonably incurred) relating to payment and collection of the amounts listed in Section 1 (c) through (g) of the Agreement, including the Profit Participation.

**2.    Guaranty.**

(a)    Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Assignor the full, prompt and complete payment when due of the Guaranteed Obligations.

(b)    All sums payable to Assignor under this Guaranty shall be payable on demand and without reduction for any offset, claim, counterclaim or defense.

(c)     Guarantor hereby agrees to indemnify, defend and save harmless Assignor from and against any and all costs, losses, liabilities, claims, causes of action, expenses and actual damages, excluding any consequential or punitive damages, including reasonable attorneys' fees and disbursements, which Assignor may actually suffer or incur by reason of Guarantor's failure to pay any of the Guaranteed Obligations when due.

(d)     Guarantor's liability hereunder shall be primary, and in any right of action which may accrue to Assignor pursuant to the Agreement or any other documents relating to the Guaranteed Obligations, the Assignor may, at Assignor's option, proceed against the Guarantor without having commenced any action or having obtained any judgment against the Assignee.

(e)     This Guaranty may be enforced by any person or entity who acquires, in any way whatsoever, Assignor's interest in the Guaranteed Obligations or who holds such obligations as collateral.

3.     **Waiver.**   This Guaranty sets forth the entire agreement and understanding of Assignor and Guarantor, and Guarantor absolutely, unconditionally and irrevocably waives any and all right to assert any defense, set-off, counterclaim or cross-claim of any nature whatsoever with respect to this Guaranty or the obligations of any other person or party relating to this Guaranty or the obligations of Guarantor under this Guaranty or otherwise with respect to the Agreement in any action or proceeding brought by Assignor with respect to the Agreement or the obligations of Guarantor under this Guaranty. Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations of Guarantor under this Guaranty except as specifically set forth in this Guaranty. All of Assignor's rights and remedies under the Agreement or under this Guaranty are intended to be distinct, separate and cumulative and no such right or remedy therein or herein mentioned is intended to be in exclusion of or a waiver of any of the others.

4.     **Events and Circumstances Not Reducing or Discharging Guarantor's Obligations.**   Guarantor hereby consents and agrees to each of the following and agrees that Guarantor's obligations under this Guaranty shall not be released, diminished, impaired, reduced or adversely affected in any way by any of the following, although without notice to or the further consent of Guarantor, and waives any common law, equitable, statutory or other rights (including rights to notice) or defenses that Guarantor might otherwise have as a result of or in connection with any of the following:

(a)     **Release of Obligors.**   Any compromise or full or partial release of the liability of Assignee or any other Person now or hereafter liable, whether directly or indirectly, jointly, severally, or jointly and severally, to pay the Guaranteed Obligations.

2

5.    **Representations and Warranties.**   Guarantor hereby represents and warrants to Assignor as follows (which representations and warranties shall be given as of the date hereof and shall survive the execution and delivery of this Guaranty):

(a)    **Execution.**   This Guaranty has been duly executed and delivered by Guarantor.

(b)    **Enforceability.**   This Guaranty constitutes a legal, valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the enforcement of creditors' rights generally.

(c)    **No Violation.**   The execution, delivery and performance by Guarantor of its obligations under this Guaranty does not and will not violate any law, regulation, order, writ, injunction or decree of any court or governmental body, agency or other instrumentality applicable to Guarantor, or result in a breach of any of the terms, conditions or provisions of, or constitute a default under, or result in the creation or imposition of, any mortgage, lien, charge or encumbrance of any nature whatsoever upon any of the assets of Guarantor pursuant to the terms of any mortgage, indenture, agreement or instrument to which Guarantor is a party or by which it or any of its properties is bound.

(d)    **No Litigation.**   There are no actions, suits or proceedings at law or in equity, pending or, to Guarantor's knowledge, threatened against or affecting Guarantor or which involve or might involve the validity or enforceability of this Guaranty or which might materially adversely affect the financial condition of Guarantor or the ability of Guarantor to perform any of its obligations under this Guaranty.   Guarantor is not in default beyond any applicable grace or cure period with respect to any order, writ, injunction, decree or demand of any Governmental Authority which might materially adversely affect the financial condition of Guarantor or the ability of Guarantor to perform any of its obligations under this Guaranty.

6.    **Entire Agreement/Amendments.**   This instrument represents the entire agreement between the parties with respect to the subject matter hereof.   The terms of this Guaranty shall not be waived, altered, modified, amended, supplemented or terminated in any manner whatsoever except by written instrument signed by Assignor and Guarantor.

7.    **Successors and Assigns.**   This Guaranty shall be binding upon Guarantor and its successors and assigns (including, without limitation, Guarantor's estate, executors, administrators, legal representatives, nominees, heirs and beneficiaries) and shall inure to the benefit of Assignor and its successors and assigns.

8.    **Applicable Law and Consent to Jurisdiction.**   This Guaranty shall be governed by, and construed and enforced in accordance with, the substantive laws of the State of New York pursuant to §5-1401 of the New York General Obligations Law.   Guarantor

3

irrevocably (a) agrees that any suit, action or other legal proceeding arising out of or relating to this Guaranty may be brought in a court of record in the City and County of New York or in the Courts of the United States of America located in the Southern District of New York, (b) consents to the non-exclusive jurisdiction of each such court in any such suit, action or proceeding and (c) waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts and any claim that any such suit, action or proceeding has been brought in an inconvenient forum. Guarantor irrevocably consents to the service of any and all process in any such suit, action or proceeding by service of copies of such process to Guarantor at its address at 512 Seventh Avenue, 15th floor, New York, New York, 10018. Nothing in this Section 8, however, shall affect the right of Assignor to serve legal process in any other manner permitted by law.

9.   **Section Headings.** The headings of the sections and paragraphs of this Guaranty have been inserted for convenience of reference only and shall in no way define, modify, limit or amplify any of the terms or provisions hereof.

10.   **Severability.** Any provision of this Guaranty which may be determined by any competent authority to be prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. To the extent permitted by applicable law, Guarantor hereby waives any provision of law which renders any provision hereof prohibited or unenforceable in any respect.

11.   **WAIVER OF TRIAL BY JURY.** GUARANTOR AND ASSIGNOR HEREBY WAIVE THE RIGHT OF TRIAL BY JURY IN ANY LITIGATION, ACTION OR PROCEEDING ARISING HEREUNDER OR IN CONNECTION HEREWITH.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND ASSIGNOR, AND IS INTENDED TO ENCOMPASS EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. ASSIGNOR AND GUARANTOR ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER OF TRIAL BY JURY BY GUARANTOR AND ASSIGNOR.

12.   **Joint and Several Obligations.** If Guarantor consists of more than one Person, each such Person shall have joint and several liability for the obligations of Guarantor hereunder.

4

**13.     Further Assurances.**  Guarantor shall execute and acknowledge (or cause to be executed and acknowledged) and deliver to Assignor all documents, and take all actions, reasonably required by Assignor from time to time to confirm the rights created or now, or hereafter, intended to be created under this Guaranty, to protect and further the validity and enforceability of this Guaranty or otherwise carry out the purposes of this Guaranty.

**14.     Counterparts.**  This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument.  Facsimile and pdf signatures shall be deemed originals for all purposes.

[NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the date first above written.

CF 135 FLAT LLC

By: _____
      Authorized Signatory


CF 135 WEST MEMBER LLC

By: _____
      Authorized Signatory


THE CHETRIT GROUP, LLC

By: _____
      Authorized Signatory

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 4 th day of August, 2014, before me, the undersigned notary public, personally appeared Meyer Chetvrt, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

My commission expires on

LOIS HUTTER SANCHEZ
Notary Public, State of New York
No. 01HU5042516
Qualified in Queens County
Commission Expires April 24, 20__

## Schedule C
## Mutual Releases

## RELEASE

**KNOW THAT** TRIADOU SPV S.A., a Luxembourgish company, having an address c/o Rosabianca & Associates, PLLC, 40 Wall Street, 30th floor, New York, NY, 10005, as Releasor, in consideration of the sum of Ten ($10) Dollars and other good and valuable consideration received from CF 135 FLAT LLC, a Delaware limited liability company, with an address c/o The Chetrit Group, LLC, 512 Seventh Avenue, 15th floor, New York, New York, the receipt and sufficiency of which is acknowledged, hereby releases and discharges CF 135 Flat LLC, CF 135 West Member LLC, The Chetrit Group, LLC, 135 West 52nd Street Holder LLC, 135 West 52nd Street Mezz LLC and 135 West 52nd Street Owner LLC (collectively, "Releasee") and Releasee's members, officers, directors, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, sums of money, accounts, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Releasee, the Releasor or Releasor's members, officers, directors heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may have for, upon or by reason of any matter cause or thing whatsoever relating to or arising out of its assigned membership interests in CF 135 WEST MEMBER LLC (the "Company"), and any of its past interests in the properties owned by the Company and its subsidiaries, from the beginning of the world to the day on which this release is delivered to Releasee; excepting from this release the covenants, representations and agreements contained in a certain Agreement to Assign, dated as of August 4, 2014, executed between Releasor and CF 135 Flat LLC with respect to the assignment of Releasor's interests in the Company.

This Release shall not be changed orally.

Simultaneously with the execution of this Release, the Releasee shall execute a release in favor of the Releasor, which shall contain the same terms and conditions as herein.

This instrument may be executed in counterparts which taken together shall constitute one instrument. Facsimile and electronically transmitted signatures shall be deemed originals for the purposes of this instrument.

**IN WITNESS WHEREOF**, the Releasor has executed this Release as of this 4th day of August, 2014.

TRIADOU SPV S.A.

By: _____
Authorized Signatory

1

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 4th day of August, 2014, before me, the undersigned notary public, personally appeared Diane Artal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

DAVID C. Van LEEUWEN
Notary Public, State of New York
No. 02VA5163283
Qualified in Bronx County NY County
Commission Expires March 19, 2014 15

Notary Public
My commission expires on

2

## RELEASE

**KNOW THAT** (i) CF 135 Flat LLC, a Delaware limited liability company, (ii) CF 135 West Member LLC, a Delaware limited liability company, (iii) 135 West 52nd Street Holder LLC, a Delaware limited liability company, (iv) 135 West 52nd Street Mezz LLC, a Delaware limited liability company, (v) 135 West 52nd Street Owner LLC, a Delaware limited liability company, and (vi) The Chetrit Group, LLC, a domestic limited liability company, all having an address c/o The Chetrit Group, LLC, 512 Seventh Avenue, 15th floor, New York, New York (collectively, "Releasor"), in consideration of the sum of Ten ($10) Dollars and other good and valuable consideration received from TRIADOU SPV S.A., a Luxembourgish company, having an address c/o Rosabianca & Associates, PLLC, 40 Wall Street, 30th floor, New York, NY, 10005 ("Releasee"), the receipt and sufficiency of which is acknowledged, hereby releases and discharges Releasee and Releasee's members, officers, directors, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, sums of money, accounts, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Releasee, the Releasor or Releasor's members, officers, directors heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may have for, upon or by reason of any matter cause or thing whatsoever relating to or arising out of its assigned membership interests in CF 135 WEST MEMBER LLC (the "Company"), and any of its past interests in the properties owned by the Company and its subsidiaries, from the beginning of the world to the day on which this release is delivered to Releasee; excepting from this release the covenants, representations and agreements contained in a certain Agreement to Assign, dated as of August 4, 2014, executed between Releasor and Releasee with respect to the assignment of Releasee's interests in the Company.

This Release shall not be changed orally.

Simultaneously with the execution of this Release, the Releasee shall execute a release in favor of the Releasor, which shall contain the same terms and conditions as herein.

This instrument may be executed in counterparts which taken together shall constitute one instrument. Facsimile and electronically transmitted signatures shall be deemed originals for the purposes of this instrument.

**IN WITNESS WHEREOF**, the Releasor has executed this Release as of this 4th day of August, 2014.

CF 135 Flat LLC

By: _____
    Authorized Signatory

3

CF 135 West Member LLC

By: _____
        Authorized Signatory

135 West 52nd Street Holder LLC

By: _____
        Authorized Signatory

135 West 52nd Street Mezz LLC

By: _____
        Authorized Signatory

135 West 52nd Street Owner LLC

By: _____
        Authorized Signatory

The Chetrit Group, LLC

By: _____
        Authorized Signatory

4

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 4 th day of August, 2014, before me, the undersigned notary public, personally appeared Meyer Muhut, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                            _____
                                            Notary Public
                              My commission expires on    LOIS HUTTER SANCHEZ
                                            Notary Public, State of New York
                                            No. 01HU5042516
                                            Qualified in Queens County
                                            Commission Expires April 24, 20_15

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ___ th day of August, 2014, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                            _____
                                            Notary Public
                                            My commission expires on

                                                                    5

## ASSIGNMENT

**KNOW THAT** TRIADOU SPV S.A., a Luxembourgish company, with an address c/o Rosabianca & Associates, PLLC, 40 Wall Street, 30th floor, New York, NY, 10005 ("Assignor"), in consideration of the sums set forth in Section 1 of a certain Agreement to Assign Membership Interests executed simultaneously with this Assignment by and between the parties hereto, and the sum of Ten ($10.00) Dollars and other good and valuable consideration to it in hand paid by CF 135 FLAT LLC, a Delaware limited liability company, with an address c/o The Chetrit Group, LLC, 512 Seventh Avenue, 15th floor, New York, New York ("Assignee"), the receipt and sufficiency of which are acknowledged, hereby sells, assigns and transfers unto Assignee all of its membership interests (the "Interests") in, to and under CF 135 WEST MEMBER LLC (the "Company"), which Interests represent all of the interests owned by Assignor in and to the Company, all of Assignor's rights contained in the Operating Agreement of the Company, any and all rights and interests of Assignor in and to any assets owned by or to which the Company has or may have any claim and any and all sums that may be reflected on the Company's books or otherwise as a loan made by Assignor or by an affiliate of Assignor to the Company, the rights to receive distributions of cash, property or otherwise as a member of the Company and the right to participate in and to receive profits, losses and/or income from the Company as member of the Company, together with any and all other rights which Assignor ever had or to which Assignor may now or hereafter be entitled as a member of the Company, as set forth in the limited liability company agreement of the Company or pursuant to applicable law or otherwise.

**TO HAVE AND TO HOLD** same unto the Assignee and to Assignee's heirs, executors, administrators and assigns, absolutely and forever.

Assignor represents, covenants and warrants that the following are true and acknowledges that Assignee is relying upon same: (a) Assignor (i) is the record and beneficial owner of the Interests free and clear of any liens and has the right, power and authority to transfer, good, valid and indefeasible title to the Interests, free and clear of any liens; (ii) Assignor may execute and deliver this Assignment without the necessity of obtaining any consent, approval or authorization or giving any notice; (iii) has not given to anyone or authorized any agreements or rights with respect to the Interests; and (iv) is not insolvent and is not the subject of any proceedings seeking relief from any creditors; and (b) This instrument has been duly executed and delivered by Assignor and constitutes the legal, valid and binding obligation of Assignor enforceable in accordance with its terms.   The party executing this instrument on behalf of Assignor is fully authorized to execute and deliver same to Assignee.

Assignee accepts this Assignment of Interests.

Upon the written request of either party hereto, the other shall execute and deliver such further documents and do such further acts and things as the requesting party may reasonably request in order to effectuate the intent and purposes of this Assignment.

This Assignment may be executed in two or more counterparts each of which shall be deemed an original and all of which when taken together shall constitute one and the same document. The signature of any party to any counterpart shall be deemed a signature to and may

1

be appended to any other counterpart. Facsimile or electronically transmitted signatures shall be acceptable and given the same effect as original signatures.

IN WITNESS WHEREOF, the parties have executed this Assignment as of the 4th day of August, 2014.

ASSIGNOR:

TRIADOU SPV S.A.

By: _____
        Authorized signatory

ASSIGNEE:

CF 135 FLAT LLC
a Delaware limited liability company

By: _____
        Authorized signatory

2

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the __ th day of August, 2014, before me, the undersigned notary public, personally appeared Diane Artal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 4 th day of August, 2014, before me, the undersigned notary public, personally appeared Meyer Chetout, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on                    LOIS HUTTER SANCHEZ
                                            Notary Public, State of New York
                                            No. 01HU5042516
                                            Qualified in Queens County
                                            Commission Expires April 24, 201__

3

be appended to any other counterpart. Facsimile or electronically transmitted signatures shall be acceptable and given the same effect as original signatures.

**IN WITNESS WHEREOF**, the parties have executed this Assignment as of the 4th day of August, 2014.

**ASSIGNOR:**

**TRIADOU SPV S.A.**

By: _____
         Authorized signatory

**ASSIGNEE:**

**CF 135 FLAT LLC**
a Delaware limited liability company

By: _____
         Authorized signatory

2

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the �温 th day of August, 2014, before me, the undersigned notary public, personally appeared Diane Artal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

DAVID C. Van LEEUWEN
Notary Public, State of New York
No. 02VA5163283
Qualified in Bronx County NY County
Commission Expires March 19, 2014 15

Notary Public
My commission expires on

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the ___ th day of August, 2014, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public
My commission expires on

3