UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>              Plaintiffs,<br><br>              -against-<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>              Defendants. | No. 15-CV-05345(AJN) |

**THE KHRAPUNOVS' RESPONSES AND OBJECTIONS TO
BTA/ALMATY'S PROPOSED FINDINGS OF FACT**

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed. However, this does not affect BTA/Almaty's burden of establishing "good cause" to maintain confidential treatment of documents once the confidentiality designation has been challenged.

9. Undisputed to the extent that other deposition transcripts have been designated confidential under the Confidentiality Order.

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Disputed. Nothing in any of the Khrapunovs' Facebook posts indicates intent to "harass" Mr. Rakishev at his deposition. The Khrapunovs refer the Court to the Facebook Posts and the contents thereof.

14. Undisputed to the extent that BTA/Almaty moved the Court for a protective order limiting questioning of Mr. Rakishev at his deposition; disputed as to BTA/Almaty's motive for making such motion. Ilyas Khrapunov had no motive to leak the Transcript. Any such efforts would have undermined the legitimacy of his request for de-designation and prove wholly counterproductive.

15. Undisputed.

16. Undisputed.

17. Disputed as to whether BTA/Almaty were "forced" to invoke the Protective Order. All questions asked of Mr. Rakishev were relevant, appropriate and directly to the related to the Khrapunovs' defense in this action. Undisputed that BTA/Almaty invoked the Protective Order on numerous occasions during Mr. Rakishev's deposition.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. Undisputed.

23. The Khrapunovs have not seen the copy of the Transcript that was uploaded to the file sharing website and cannot attest to its similarities or differences from the content distributed by Magna Legal Services.

24. Undisputed to the extent that the Khrapunovs are not in possession of the file that was uploaded to the file sharing website nor its metadata.

25. Undisputed.

26. The URA-Inform Article remains publicly available.

27. Undisputed.

28. Disputed as to whether the article's explanation was "false or misleading;" undisputed that the quoted language accurately reflects the text of the URA Inform Article.

29. Undisputed.

30. Undisputed.

31. Undisputed.

32. Undisputed.

33. Undisputed.

34. Undisputed.

35. The Khrapunovs refer the Court to the Declaration of Mike Cline for the full and accurate text.

36. Undisputed.

37. The Khrapunovs refer the Court to the BSF Staff declarations for the contents thereof.

38. Undisputed.

39. The Khrapunovs refer the Court to the Declaration of Ernesto Castillo for the contents thereof.

40. Disputed, as this calls for a conclusion unsupported by any fact in evidence.

41. Undisputed.

42. Undisputed.

43. Undisputed.

44. Undisputed.

45. Undisputed.

46. Undisputed.

47. Undisputed.

48. Undisputed.

49. Disputed, as this calls for a conclusion unsupported by any fact in evidence. The Khrapunovs refer the Court to its post-evidentiary hearing brief for the contents thereof.

50. Undisputed.

51. Undisputed.

52. Undisputed.

53. Undisputed to the extent that none of the HNRK Staff have ever personally logged into Ilyas Khrapunov's email accounts. Subsequent to the evidentiary hearing, however, HNRK retained Swiss Forensic Technology Solutions to cull, collect, ingest and analyze electronically stored information from yodamaster@cryptoheaven.com. *See* Exhibit A, Decl. of Mattias Aggeler.

54. Undisputed to the extent that none of the HNRK Staff have ever personally logged into Ilyas Khrapunov's email accounts. Subsequent to the evidentiary hearing, however, HNRK retained Swiss Forensic Technology Solutions to cull, collect, ingest and analyze electronically stored information from yodamaster@cryptoheaven.com. *See* Exhibit A, Decl. of Mattias Aggeler.

55. Undisputed to the extent that none of the HNRK Staff have ever personally logged into Ilyas Khrapunov's email accounts. Subsequent to the evidentiary hearing, however, HNRK retained Swiss Forensic Technology Solutions to cull, collect, ingest and/or analyze electronically stored information from yodamaster@cryptoheaven.com, khrapunov@hotmail.com, and obiwankonobi@tutanota.com. *See* Exhibit A, Decl. of Mattias Aggeler.

56. Disputed. Subsequent to the evidentiary hearing, however, HNRK retained Swiss Forensic Technology Solutions to ascertain what actions, if any, that Ilyas Khrapunov took with respect to the Transcript. *See* Exhibit A, Decl. of Mattias Aggeler. Counsel for the Khrapunovs

also reached out to the URA Inform website directly, via email, twitter, phone and Facebook messenger, to inquire as to whether Ilyas Khrapunov provided them with the Transcript.

57.  Disputed that the Khrapunovs intended for anyone other than the parties to the Confidentiality Order to ever see or have access to the Transcript.

58.  Disputed as to the characterization of any motive on the part of Ilyas Khrapunov. Undisputed to the extent that the Khrapunovs are requesting de-designation of the Transcript so that it may be used in the UK Proceeding between BTA Bank and Mr. Khrapunov.

59.  Disputed as to the characterization of the Khrapunovs' Facebook Posts as "threatening;" undisputed to the extent that the URA Inform Article appears to quote the Khrapunovs Facebook Posts.

60.  Disputed as this calls for a conclusion unsupported by any fact in evidence. There has never been any finding, by any court, in any jurisdiction, linking Ilyas Khrapunov to the posting of illicitly obtained information online.

61.  Disputed. Nicolas Bourg is a biased witness whose credibility is strongly contested. Ilyas Khrapunov denies the substance of the entire alleged conversation described in Paragraph 61.

62.  Undisputed to the extent that the Republic of Kazakhstan claims to have been the victim of a massive cyber-attack. Ilyas Khrapunov has no knowledge of whether the Republic of Kazakhstan was in fact hacked, but does not dispute that communications appearing to originate from the Minister of Justice of Kazakhstan appeared on the internet. Ilyas Khrapunov disputes this paragraph to the extent that BTA/Almaty is insinuating that the Khrapunovs had any involvement in the alleged cyber-attack.

63.  Undisputed.

64. Disputed as to BTA/Almaty's description of the process by which Ilyas Khrapunov obtained the Kazaword documents. The documents in question were publicly available and were downloaded by Ilyas Khrapunov during several visits to the Kazaword website. On three of these occasions, a bailiff (a Swiss professional position) was engaged to create a contemporaneous record that the documents were available on the web and of the steps taken to download the documents from the website. The Bailiff's affidavit, previously submitted into evidence by the Khrapunovs, describes the process by which someone with an internet connection could access documents. *See* ECF No. 358-3.

65. Undisputed.

66. Undisputed.

67. Undisputed.

68. Disputed to the extent that Ilyas Khrapunov sought out advice to achieve a particular end; undisputed to the extent that Ilyas Khrapunov's Swiss counsel advised him that the Swiss Criminal Code forbade him from giving testimony remotely. The Khrapunovs refer the Court to Article 271 of the Swiss Criminal Code for the full and accurate text.

69. Disputed to the extent that this paragraph implies that Ilyas Khrapunov intentionally delayed making any representation to the Court. It is undisputed that Ilyas Khrapunov's Swiss counsel advised him that Swiss Criminal Code forbade him from giving testimony remotely. The Khrapunovs refer the Court to Article 271 of the Swiss Criminal Code for the full and accurate text.

70. Disputed as to the characterization of Ilyas Khrapunov's conduct. Undisputed that Ilyas Khrapunov acted in accordance with Swiss law and thereby declined to participate in a hearing by foreign authorities absent authorization from the Federal Office of Justice in Switzerland.

71. The Khrapunovs refer the Court to relevant UK court filings for the contents thereof.

7

72. The Khrapunovs refer the Court to relevant UK court filings for the contents thereof.

73. The Khrapunovs refer the Court to relevant UK court filings for the contents thereof.

74. Undisputed.

75. Undisputed.

76. Disputed. Ilyas Khrapunov requested that this firm move to lift the Transcript's confidentiality designation after he reviewed a rough draft of the Transcript, which he received on October 12, 2017. [ECF No. 482-20, HNRK Privilege Log]. As used in Mr. Khrapunov's declaration, the capitalized "Transcript" is meant to include both the rough and final versions of the deposition transcript. *See* ECF No. 487-6, Ilyas Khrapunov Decl. at ¶ 7 ("I did not send any version of the Transcript (rough or final) to anyone….").

77. Undisputed.

78. Undisputed that the request to lift the Transcript's confidentiality designation was communicated to the parties on October 17, 2017.

79. Disputed. Ilyas Khrapunov requested that this firm move to lift the Transcript's confidentiality designation after he reviewed a rough draft of the Transcript, which he received on October 12, 2017. [ECF No. 482-20, HNRK Privilege Log]. As used in Mr. Khrapunov's declaration, the capitalized "Transcript" is meant to include both the rough and final versions of the deposition transcript. *See* ECF No. 487-6, Ilyas Khrapunov Decl. at ¶ 7 ("I did not send any version of the Transcript (rough or final) to anyone….").

80. Disputed. Mr. Khrapunov testified that he did not provide the Transcript to anyone. *See* ECF No. 487-6, Ilyas Khrapunov Decl. at ¶ 6.

81. Undisputed.

82. Disputed. Mr. Khrapunov has indicated in sworn interrogatory responses that he does not recall using an email address called "jabba@cryptoheaven.com." *See* Exhibit C, Ilyas Khrapunov's Responses and Objections to BTA/Almaty's First Interrogatories at p.3-4.

83. Disputed. Mr. Khrapunov has indicated in sworn interrogatory responses that he does not recall using an email address called "jabba@cryptoheaven.com." *See* Exhibit C, Ilyas Khrapunov's Responses and Objections to BTA/Almaty's First Interrogatories at p.3-4.

84. Disputed. Ilyas Khrapunov has never stated that he allowed any associates to access his Cryptoheaven accounts and, in any event, this is irrelevant to the instant motion because Mr. Khrapunov testified that he did not provide the Transcript to anyone. *See* ECF No. 487-6, Ilyas Khrapunov Decl. at ¶ 6.

85. Undisputed that Cryptoheaven advertises its secure file sharing capabilities on its website, but this is irrelevant to the instant motion because Mr. Khrapunov stated in his Declaration that he did not provide the Transcript to anyone. *See* ECF No. 487-6, Ilyas Khrapunov Decl. at ¶ 6.

86. Disputed. Ilyas Khrapunov has never stated that he utilizes Cryptoheaven's file sharing services and, in any event, Mr. Khrapunov testified that he did not provide the Transcript to anyone. *See* ECF No. 487-6, Ilyas Khrapunov Decl. at ¶ 6.

87. Disputed and, in any event, this is irrelevant to the instant motion because Mr. Khrapunov testified that he did not provide the Transcript to anyone. *See* ECF No. 487-6, Ilyas Khrapunov Decl. at ¶ 6.

88. Disputed. *See* Ilyas Khrapunov's declaration and the Khrapunovs' post-hearing brief.