

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

January 8, 2018

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            **Case No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

     We represent Triadou SPV S.A. ("Triadou") and submit this letter-motion to compel third-party witness Felix Sater to produce documents and sit for deposition pursuant to valid and properly-served subpoenas under Federal Rules of Civil Procedure 26 and 45. Mr. Sater has not objected to the subpoenas, and despite assurance from his counsel, Triadou has not received any substantive responses or documents to date. Further, while Mr. Sater's counsel informed Triadou that Mr. Sater could not sit for deposition on the subpoenaed date (December 15, 2017), he has failed to provide any alternate dates. Accordingly, Triadou respectfully moves this Court for an order compelling Mr. Sater to produce the subpoenaed documents within 14 days of the Court's order, and to appear for a deposition within a reasonable time after producing those documents.

     **Background**. On October 25, 2017, Triadou served two subpoenas on Robert Wolf, counsel for Felix Sater, via email and via hard copy delivery to his office. (Ex. 1).[1] One subpoena requested the production of documents relevant to the instant litigation by November 13, 2017; the other subpoena requested that Mr. Sater sit for deposition on December 15, 2017. (Ex. 1 at 4, 11). Triadou did not receive any responses or objections within 14 days of serving its subpoenas, and had not received any response at all as of November 16, 2017 (three days past the subpoena compliance deadline to produce documents). (Ex. 2 at 2). That day, counsel for Triadou followed-up with Mr. Sater's counsel, (*see id.*), although Triadou did not receive a written response until five days later, on November 21, 2017. At that time—just before Thanksgiving—Mr. Sater's counsel informed Triadou that he had undergone a medical procedure two weeks prior (but two weeks after the service of Triadou's subpoenas), and expressed willingness to speak by phone. (*See* Ex. 2 at 1).

---

[1] On October 13, 2017, eight days before Triadou served its subpoenas, Mr. Wolf confirmed to Triadou's counsel that he represented Mr. Sater and would accept service on Mr. Sater's behalf. (*See* Ex. 2 at 2).



The Honorable Katherine H. Parker
January 8, 2018
Page 2

Triadou's counsel subsequently placed multiple calls to Mr. Sater's counsel, but was unable to achieve any resolution or obtain any substantive information, until December 4. During a phone call that evening, Mr. Wolf stated that he would speak to his client about Triadou's document requests, but that his client could not sit for deposition on December 15. (Ex. 2 at 1). Triadou's counsel stated that Triadou did not waive Mr. Sater's failure to timely object to its subpoenas, but would otherwise await a response, which Triadou requested by December 11. (*Id.*). Triadou also sought alternative deposition dates. (*Id.*). Now, more than a month later, Triadou has not received any response from Mr. Sater or his attorney. As a result, Triadou has filed this letter-motion.

**Argument**. A recipient of a valid and properly-served subpoena who fails to obey without an adequate excuse may face contempt of court. *See* Fed. R. Civ. P. 45(g). Subpoenas served upon non-parties are subject to Rule 26. *Citizens Union of City of N.Y. v. Attorney Gen. of N.Y.*, No. 16-cv-09592 (RMB)(KHP), 2017 WL 3836057, at \*6 (S.D.N.Y. Sept. 1, 2017). Under Rule 26(b), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "In general, the relevance standard that applies when seeking discovery from a party also applies to non-parties." *Citizens Union*, 2017 WL 3836057, at \*6. "The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive." *Id.*

Here, there is no reasonable dispute that Mr. Sater possesses relevant information and likely relevant documents. He was identified in Almaty/BTA's First Amended Rule 26 Disclosures as a witness who they expect has discoverable information such as the "[f]inancing of Triadou and SDG[,]" and the defendants' "investments in the United States and sources of funds." (*See* Ex. 3 at 5). Mr. Sater also has been the subject of several document requests issued by Almaty/BTA and Triadou.[2] Even media coverage surrounding Mr. Sater appears to show his connection to this action,

---

[2] *See* Ex. 4 at 8 (Almaty/BTA Second Request for Production to Triadou seeking "[a]ll documents concerning any settlement with Felix Sater, or his agents or employees, relating to the proceeds of Triadou's investment in the Tri-County Mall."); Ex. 5 at 4, 9-12 (Almaty/BTA Third Request for Production to Triadou defining Mr. Sater as one of many "Individuals," and seeking documents related to communications between those Individuals and Marc Gillieron and Philippe Glatz); Ex. 6 at 9, 11 (Almaty/BTA Fourth Request for Production to Triadou requesting documents from a particular email address that discuss settlement with Felix Sater relating to the Tri-County Mall); Ex. 7 at 4 (Triadou Third Requests for Production to Almaty/BTA seeking "Documents Concerning Felix Sater, including but not limited to Communications between or among Almaty, BTA, and/or their attorneys or agents on the one hand, and Felix Sater and/or his attorneys or agents on the other hand, any settlement agreements or releases involving Felix Sater, and any written statements (sworn or unsworn) of Felix Sater.").



The Honorable Katherine H. Parker
January 8, 2018
Page 3

including an indication that Mr. Sater is cooperating with Almaty/BTA.  (*See, e.g.*, ECF 500-11 at 2, 9-10 (discussing Sater's cooperation with the pursuit of the Individual Defendants).

Rule 45 permits the recipient of a subpoena to provide written objections that "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  Failure to serve written objections to a subpoena within the specified time "typically constitutes a waiver of such objections," though "such failure may be forgiven in unusual circumstances and for good cause."  *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12-cv-5067 (JFK)(JLC), 2017 WL 4676806, at *17 (S.D.N.Y. Oct. 17, 2017).

Here, Rule 45 required Mr. Sater to serve written objections on November 8, 2017, 14 days after he was served with Triadou's subpoenas.  At no point before or after the November 8 deadline did Mr. Sater or his attorney express any objection, written or otherwise, regarding compliance with Triadou's subpoenas.[3]  There has been no assertion of privilege or undue burden; nor has there been any indication of any "special circumstances" that would establish good cause for Mr. Sater's failure to comply with Triadou's subpoenas.[4]  Triadou is therefore forced to submit this letter-motion to obtain relevant discovery from a validly subpoenaed individual who has blown through deadlines and subsequently gone radio-silent.  The Court may enter an order compelling compliance with Triadou's valid and properly-served subpoenas where, as here, the recipient has ignored the subpoenas without adequate excuse.  *See e.g.*, *Cruz v. Green Tree Mortg. Servicing, LLC*, No. 3:15-cv-00714 (AWT), 2017 WL 658054, at *1-2 (D. Conn. Feb. 17, 2017) (granting motion to compel compliance with a subpoena where recipient failed to object or file a motion to quash).

Accordingly, Triadou respectfully requests that the Court compel Mr. Sater to produce the requested documents within 14 days of the Court's order, and to make himself available for a deposition within a reasonable time after such production.

Respectfully submitted,

   s/ Deborah A. Skakel   
Deborah A. Skakel

cc:   All Counsel of Record (*via* ECF)
      Robert S. Wolf, Esq. (*via Email*)

---

[3] In stating that Mr. Sater could not sit for deposition on December 15, 2017, his counsel did not indicate an overall refusal to sit for deposition, just an inability to sit on the noticed date.

[4] Certainly Mr. Sater's repeated failures to provide timely responses, particularly in light of efforts by Triadou's counsel to establish contact, should be viewed as an aggravating factor if Mr. Sater ultimately asserts "special circumstances."

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2018, a true and correct copy of **Triadou's Letter-Motion to Compel Felix Sater to Produce Documents and Appear for Deposition**, was served by electronic filing on all Counsel of Record and by electronic mail on the following:

    Robert S. Wolf, Esq.
    Moses & Singer LLP
    The Chrysler Building
    405 Lexington Avenue
    New York, NY 10174
    rwolf@mosessinger.com

    *Counsel for Felix Sater*

                                  s/ Deborah A. Skakel
                                  Deborah A. Skakel