# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, | |
| Crossclaim Plaintiffs, | 15 Civ. 5345 (AJN) (KHP) |
| -against- | |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
| Crossclaim Defendants. | |

## CROSSCLAIM- PLAINTIFFS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO TRIADOU SPV S.A.

Crossclaim-Plaintiffs City of Almaty, Kazakhstan and BTA Bank, through their attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, request that Crossclaim Defendant Triadou SPV S.A. produce all responsive documents at the office of Boies, Schiller & Flexner LLP, 575 Lexington Ave., 7th Floor, New York, New York 10022, or such other place as agreed upon, within 30 days of service of these requests:

## DEFINITIONS

1.      "Triadou" means Defendant Triadou SPV S.A. and includes current and former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, operating units, partners, directors, members, employees, shareholders, officers, agents (whether as employees, independent contractors, or otherwise), officials, representatives, associates, consultants, brokers,

1

attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

2.     "Ilyas Khrapunov" means Defendant Ilyas Khrapunov and any other names or identities under which he has traveled, and includes his employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

3.     "You" or "Your" means Crossclaim Defendants Triadou and/or Ilyas Khrapunov, in any combination as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the request's scope.

4.     "SDG" refers to SDG Capital S.A., and includes current and former subsidiaries, special purpose vehicles, affiliates, parents, predecessors, successors, divisions, departments, operating units, partners, directors, members, shareholders, employees, officers, agents (whether as employees, independent contractors, or otherwise), officials, representatives, associates, consultants, brokers, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

5.     "BTA" means Crossclaim Plaintiff BTA Bank, and its employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

6.     "Almaty" means Crossclaim Plaintiff City of Almaty Kazakhstan, and its employees, officials, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

7.     "Action" refers to this action, captioned *CF 135 Flat LLC, et al v. Triadou SPV S.A., et al*, 15-cv-5345 (AJN) (SN) (S.D.N.Y.).

2

8.      The terms "All" and "Each" is synonymous with the definition contained in Local Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

9.      The term "document" has the broadest meaning accorded it under the FRCP, and includes all written, printed, typed, reported, recorded, pictorial, or graphic matter, however produced or reproduced, now or at the time of possession, custody, or control, including all letters, telegrams, telexes, e-mail transmissions, cables, telephone records, notations, invoices, ledgers, Communications (defined below), journals, formal and informal books of record and account, logs, studies, summaries, minutes, agendas, bulletins, notices, announcements, charts, manuals, models, graphs, instructions, financial statements, photographs, videotapes, microfilm, other film or tapes, reports, brochures, publications, books, memoranda, notes, notebooks, drafts, worksheets, contracts, agreements, proposed contracts or agreements (whether or not actually consummated), computer data, computer printouts, interoffice memos, computer programs, computer software, tape recordings, transcriptions, drafts of the foregoing items, articles of newspapers, magazines, and other publications, purchase orders, lists, proposals, invoices, plans, specifications, addenda, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, Day Timers, time records, bills of lading, canceled checks (both sides), audiotapes, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals.

10.     "Communication" means, without limitation, every manner of transmitting, transferring, exchanging, or sharing information, facts, or thoughts in any form, whether orally, in writing, or otherwise, by any means whatsoever, including by oral communication, face-to-face meeting, memorandum, letter, note, mail, telephone, facsimile transmission, telecopy, e-mail, text, SMS or any form of instant messaging available on any electronic device through any

3

including through WhatsApp or any other messaging software or application,  or any other means, consistent with the definition contained in Local Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

11.     The term "concerning" shall be given the broadest meaning possible, including relating to, referring to, reflecting, demonstrating, proving, and disproving.

12.     The term "person" means, without limitation, any natural person, corporation, partnership, proprietorship, group, association, organization, firm, enterprise, contractor, business entity, governmental body, or agency, as well as any division, subdivision, bureau, office, or other unit thereof, or any representative of the foregoing.

13.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the request's scope.

## INSTRUCTIONS

1.     This request calls for the production of all responsive documents in Your possession, custody, or control, or in the possession, custody, or control of Your employees, accountants, attorneys, representatives, agents, or other persons acting on Your behalf, without regard to the physical location of such documents. Without limiting the term "control," a document is deemed to be within one's control if that person or entity has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof.

2.     In responding to this request, produce all responsive documents prepared, forwarded, considered, or reviewed.

3.     In responding to this request, include documents obtained on Your behalf by Your counsel, employees, experts, agents, or any other persons acting on Your behalf.

4

4.    If Your response is that the documents are not within Your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document.

5.    If Your response is that the documents are not under Your control, identify who has control and the location of the documents.

6.    All requested documents shall be produced as they are kept in the regular course of business or shall be organized and labeled to correspond to the categories in this request.

7.    All requested documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

8.    Computer-stored data including e-mail, database files, word processing files, spreadsheets, presentations, and accounting data shall be produced electronically on hard disks, compact discs, or DVDs.  The data should contain all metadata associated with the files.  Where data was created and stored by a software application that is available to the general public, it should be produced in that same native format.  All e-mails should be produced as separate, plain text files in RFC2822 format for each e-mail, with all original header fields intact and all attachments embedded as described by MIME. Where possible, documents must be produced from original data.  All corresponding directory information (*e.g.,* ActiveDirectory) must be included as well.  If data is in a system that is not available to the general public, such as legacy or proprietary software applications, it should be provided in a format where it can be accessed

5

by software applications generally available to the public.  For any data that is password locked or encrypted, the password or key associated with the data shall be provided.

9.    Each page of the documents produced in response to this request should be marked with a unique document identification Bates number.

10.    If any document is withheld, in whole or in part, for any reason, including a claim of privilege, whether work-product or attorney-client or other, set forth separately with respect to each such document:

- the nature of the privilege claimed;

- the type of document;

- the general subject matter of the document;

- the date of the document;

- the authors of the document;

- all persons who received or otherwise have seen copies of the document; and

- such other information as is sufficient to enable an assessment of the applicability of the privilege or protection claimed.

11.    Any reference to a person that is not an individual (including a corporation, limited liability company, proprietorship, group, association, organization, business entity, partnership, trust, limited partnership ,or any other artificial or non-natural entity) shall also include a reference to such person's current and former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, operating units, partners, managers, principals, directors, officers, members, shareholders, employees, agents, officials, trustees, beneficiaries, administrators, representatives, associates, consultants, contractors, subcontractors, brokers,

attorneys, advisors, accountants, consulting actuaries, and all persons and entities acting or purporting to act on such person's behalf, unless the context provides otherwise.

12.     Any documents or other items requested concerning a certain subject matter shall also include documents or other items tending to support, contradict, rebut, or relate to statements made and conclusions drawn concerning such subject matter.

13.     To the extent a document subject to an assertion of privilege, a work product claim, or other objection contains any responsive information not subject to such assertion or objection, the information must be produced. Claimed irrelevance is not a lawful basis for redacting or failing to produce part of a document the balance of which contains responsive material.

14.     For each document responsive to this request withheld in part for any reason, including the assertion of privilege, a work product claim, or other objection, indicate the portion of the document so withheld by stamping the words "MATERIAL REDACTED" on the document at an appropriate location on the document that does not obscure the remaining text.

15.     To the extent that there are no documents responsive to a particular request, You shall state so in writing.

16.     This request is continuing, and Your response to this request must be promptly supplemented when appropriate or necessary.

## <u>REQUESTS</u>

1.     All documents concerning the destruction of any e-mail accounts and associated communications, whether active, inactive, or archived, belonging to or used by Ilyas Khrapunov, including but not limited to the accounts "ikhrapunov@sdg.ch"; "ik@sdg.ch"; and/or "theuraniumguy@gmail.com".

7

2.      All documents concerning the destruction of any e-mail accounts and associated

communications, whether active, inactive, or archived, belonging to or used by Nicolas Bourg,

including but not limited to the account "nb@sdg.ch."

3.      All documents concerning the destruction of any e-mail accounts and associated

communications, whether active, inactive, or archived, belonging to or used by Kevin Meyer,

including but not limited to the account "k.meyer@sdg.ch."

4.      All documents concerning the May 23, 2013 meeting involving Peter Sztyk and

representatives of Triadou and SDG.

5.      All documents concerning the contemplated or potential sale of Triadou, in whole

or part, to Peter Sztyk or an entity owned or controlled by him, including but not limited to any

loans or debt held by Mr. Sztyk relating to Triadou, and any due diligence conducted by Mr.

Sztyk or his counsel relating to the contemplated sale.

6.      All documents concerning any settlement with Felix Sater, or his agents or

employees, relating to the proceeds of Triadou's investment in the Tri-County Mall.

Dated:        New York, New York
              March 31, 2017


                              Respectfully Submitted,


                                    /s/ Matthew L. Schwartz
                              MATTHEW L. SCHWARTZ

                              Matthew L. Schwartz
                              BOIES, SCHILLER & FLEXNER LLP
                              575 Lexington Avenue
                              New York, NY  10022
                              Telephone: 212-446-2320
                              Facsimile: 212-446-2350

                              ATTORNEYS FOR CROSSCLAIM-PLAINTIFFS

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2017, copies of Crossclaim Plaintiffs' Second Interrogatories of Triadou SPV S.A. were served on counsel of record for Mukhtar Ablyazov, Viktor Khrapunov, Ilyas Khrapunov and Triadou SPV S.A., as follows:

**BY E-MAIL:**

Deborah A. Skakel
Alex E. Hassid
Robyn L. Michaelson
BLANK ROME LLP
405 Lexington Avenue
New York, NY 10174
dskakel@blankrome.com
ahassid@blankrome.com
rmichaelson@blankrome.com
*Counsel for Triadou SPV S.A.*

Jonathan D. Cogan
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
jonathan.cogan@kobrekim.com
*Counsel for Mukhtar Ablyazov*

John J. Kenney
John P. Curley
HOGUE NEWMAN REGAL & KENNEDY LLP
10 East 40th Street
New York, NY 10016
jkenney@hnrklaw.com
jcurley@hnrklaw.com
*Counsel for Viktor and Ilyas Khrapunov*

        /s/ Daniel G. Boyle
        Daniel G. Boyle

Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY  10022
Telephone: 212-446-2300
Facsimile: 212-446-2350

9