```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC, <br><br> Plaintiffs, <br><br> -against- <br><br> MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., <br><br> Defendants. | **ORDER** <br><br> 1:15-cv-05345 (KHP) (AJN) |

KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

  Defendant Triadou SPV S.A. ("Triadou") has moved to compel Plaintiffs, the City of Almaty and BTA Bank JSC, to produce certain documents identified during the deposition of Nicolas Bourg. All of the documents sought by Triadou are in the possession of the Republic of Kazakhstan ("ROK") Financial Police. They include: signed minutes from Bourg's interrogation by the ROK Financial Police; unsigned versions of which were previously produced by Plaintiffs; videotapes of the Bourg interrogation; signed minutes of the ROK Financial Police's interrogation of Bourg's business partner, Laurent Foucher; unsigned versions of which were previously produced by Plaintiffs; as well as videotapes of the Foucher interrogation.

  Triadou asserts that Plaintiffs have "control" over the documents and can obtain them because Plaintiffs previously obtained the unsigned minutes from the ROK Financial Police. Both parties agree that Kazakh law vests the ROK Financial Police with discretion as to whether to provide particular documents relating to a crime to the crime victim. Pursuant to that law, Plaintiffs, who are victims of financial crimes, requested and received the unsigned minutes and produced them to Triadou. Triadou thus assumes that Plaintiffs can easily obtain the signed

1

minutes and videotapes through a similar request. Triadou also contends that ROK's interests are aligned with Plaintiffs, as evidenced by certain cooperation agreements in place between and among Plaintiffs, the two witnesses and ROK, such that ROK, though not a party to this action, would have an incentive to provide the information. Based on the above, Triadou argues that Plaintiffs are an "instrumentality" of the ROK and can therefore be compelled by this Court to compel the ROK Financial Police to turn over the final signed minutes and videotapes.

Plaintiffs dispute that they have control over the documents but have offered to request copies of the signed minutes and videotapes from the ROK Financial Police, as is their right as crime victims. This offer may obviate the need for Triadou to follow a more detailed process of obtaining documents through Hague Requests and Letters Rogatory. Rather than request further briefing on Kazakh law and the purported ability of Plaintiffs to compel the ROK Financial Police to turn over the documents, this Court believes the most practical and potentially cost effective resolution is the one Plaintiffs propose. Therefore, Triadou's motion to compel is DENIED.

It is further ORDERED that Plaintiffs shall immediately invoke their rights as crime victims under Kazakh law to request the signed minutes from the interrogations of Bourg and Foucher, as well as the videotapes of same. Plaintiffs shall provide a copy of the written request made to the ROK Financial Police to counsel for Triadou by no later than January 19, 2018. The parties shall file a joint letter with this Court by no later than February 2, 2018, informing the Court as to the ROK Financial Police's response to the request or otherwise updating the Court on the status of the request.

SO ORDERED.

Dated:   January 9, 2018
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

3