UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, | No. 15-CV-05345(AJN) |
| Plaintiffs, | |
| -against- | |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
| Defendants. | |

**THE KHRAPUNOVS' OPPOSITION TO BTA/ALMATY'S MOTION TO STRIKE**

John J. Kenney
John P. Curley
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street, 35th Floor
New York, NY 10016
Phone:  212-689-8808

*Counsel for Defendants Viktor Khrapunov
and Ilyas Khrapunov*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

PRELIMINARY STATEMENT ......................................................................................... 5

ARGUMENT ..................................................................................................................... 6

I. STRIKING RELEVANT EVIDENCE IS INAPPROPRIATE AND DISFAVORED. .............. 6

    A. Motions to Strike May Not Be Applied to Post-Hearing Briefs. ..................................... 6

    B. The Cases Cited by BTA/Almaty are Inapposite. ............................................................ 9

II. THE CONTESTED EVIDENCE IS RELEVANT AND NOT PREJUDICIAL. .................... 11

    A. Most of the Contested Evidence is not "New" and Cannot be Deemed Prejudicial. ....... 11

    B. The "New" Evidence (aka the Aggeler Declaration) is Responsive to a New Argument Raised in BTA/Almaty's Post-Hearing Brief. .................................................................... 12

    C. Introduction of the Contested Evidence Does Not Violate Any Court Order. ................. 14

CONCLUSION ................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*,
  301 F.R.D. 31 (S.D.N.Y.) ........................................................................... 9

*Bayway Refining Co. v. Oxygenated Mktg. & Trading*,
  215 F.3d 219, 226–27 (2d Cir.2000) ......................................................... 11

*Correction Officers Benv. Ass'n of Rockland County v. Kralik*,
  226 F.R.D. 175, 177 (S.D.N.Y. 2005) ....................................................... 11

*Croons v. New York State Off. of Mental Health*,
  304 F.R.D. 98, 104 (N.D.N.Y. 2015) ......................................................... 11

*Dekom v. New York*,
  No. 12-cv-1318, 2013 WL 3095010, at *6 (E.D.N.Y. June 18, 2013) ........ 7

*Fifth Ave. of Long Island Realty Associates v. Caruso Mgt. Co., Ltd.*,
  CV-08-384, 2009 WL 412126, at *8 (E.D.N.Y. Feb. 17, 2009) ................ 15

*Goins v. JBC & Assoc., P.C.*,
  352 F. Supp. 2d 262, 270 n. 3 (D. Conn.2005) ......................................... 12

*Holtz v. Rockefeller & Co.*,
  258 F.3d 62, 73 (2d Cir.2001) .................................................................... 15

*Hous. Works, Inc. v. Turner*,
  362 F. Supp. 2d 434 (S.D.N.Y. 2005) ....................................................... 10

*John v. Sotheby's, Inc.*,
  858 F. Supp. 1283 (S.D.N.Y. 1994) ............................................................ 9

*Korea First Bank v. Lee*,
  14 F. Supp. 2d 530, 532 (S.D.N.Y. 1998) ................................................... 9

*New World Sols., Inc. v. NameMedia Inc.*,
  150 F. Supp. 3d 287 (S.D.N.Y. 2015) ......................................................... 9

*Ortho Diagnostic Sys., Inc. v. Abbott Labs., Inc.*,
  926 F. Supp. 371, 372 (S.D.N.Y. 1996) .................................................... 10

*Playboy Enterprises, Inc. v. Duma*s,
  960 F.Supp. 710, 723 (S.D.N.Y. 1997) ..................................................... 10

*Ricci v. Destefano*,
   No. 3:04 CV 1109(JBA), 2006 WL 2666081, at *1 (D.Conn. Sept. 15, 2006)........................... 6

*Shred-It USA, Inc. v. Mobile Data Shred, Inc.*,
   238 F. Supp. 2d 604 (S.D.N.Y. 2002)................................................................................. 10

*Slue v. New York Univ. Med. Ctr.,*
   409 F. Supp .2d 349 (S.D.N.Y.2006)................................................................................. 15

*Travelers Indem. Co. v. Excalibur Reinsurance Corp.*,
   No. 3:11–CV–1209 (CSH), 2013 WL 4012795, at *2 (D.Conn. Aug. 5, 2013) ...................... 11

*Trinidad v. Pret a Manger (USA) Ltd.*,
   962 F.Supp.2d 545, 552 (S.D.N.Y.2012 ............................................................................... 8

*Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*,
   726 F.Supp.2d 339, 348 (S.D.N.Y.2010)............................................................................... 8

*Williams v. County of Orange*,
   03 CIV. 5182 (LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005)............................... 8

## Statutes

*Fed. R. Civ. P. 12(f)*…………………………………………………………………………... 6, 7

*Fed. R. Civ. P. 26(a)*…………………………………………………………………………...7, 8

*Fed. R. Civ. P. 26(e)*…………………………………………………………………………...7, 8

*Fed. R. Civ. P. 37(c)*…………………………………………………………………………...7

*Moore's Federal Practice* § 12.37[2]................................................................................. 6

Defendants Viktor and Ilyas Khrapunov (the "Khrapunovs") respectfully submit this memorandum of law in opposition to BTA/Almaty's Motion to Strike their post-hearing brief.

## PRELIMINARY STATEMENT

On November 1, 2017, after a copy of the Kenges Rakishev deposition transcript ("the Transcript") appeared online, BTA/Almaty requested an evidentiary hearing on "the factual question of who leaked the Transcript." [ECF No. 453 at 4].  The evidentiary hearing was held on November 17, 2017.  On November 21, 2017, this Court scheduled post-hearing briefing and oral argument on the issues discussed in the hearing.  Both during and after the hearing, Boies Schiller Flexner ("BSF") acknowledged that additional evidence on the alleged leak would be forthcoming, as BTA/Almaty intends to question the Khrapunovs about this issue during their upcoming depositions on January 30 through February 1, 2018. *See* Hearing Tr. at 75:22-23, Mr. Schwartz: "I understand that there is an open question of Viktor and Ilyas' testimony"; *See also*, Exhibit A, Dec. 21, 2017 email from Daniel Boyle to the counsel group requesting confirmation that BSF will be able to question Ilyas about the leak of the Rakishev deposition transcript.

In their post-hearing brief, BTA/Almaty criticized the Khrapunovs and their counsel for failing to personally search the email accounts and electronic devices used by Ilyas Khrapunov. This was the first time the Khrapunovs heard of such an argument. Though no such physical search by counsel for a party is required by the Federal Rules, counsel for the Khrapunovs undertook a good faith effort to provide the movant with exactly what they asked for, and retained an IT forensics and eDiscovery firm in Switzerland to conduct a forensic review.  Now, because the results of this search undermine their ongoing efforts to paint the Khrapunovs as uncooperative and defeats the argument that Ilyas was the source of the leak, BTA/Almaty seeks to have this declaration and other "new evidence" stricken from the record.

Among what BTA/Almaty considers "new evidence" are excerpts from the depositions of Nurlan Nurgabylov, BTA's 30(b)(6) witness, deposed on May 3, 2017; Kenges Rakishev, owner and majority shareholder of BTA Bank, deposed on October 11, 2017; and Nicolas Bourg, an individual currently under a settlement and release agreement with BTA Bank, the Republic of Kazakhstan and the City of Almaty, deposed on September 11-12, 2017.   Counsel for BTA/Almaty was present at all three depositions, and in fact, represented Messers Nurgabylov and Rakishev at their depositions.   To claim now that they are prejudiced by an inability to examine their own witnesses is both odd and disingenuous. Further, it is unclear what any such examination would actually achieve.

In addition to contested exhibits, BTA/Almaty also, without any authority or grounds for doing so, seeks to strike the Khrapunovs post-hearing brief in its entirety.   This request is absurd. The Court cannot overlook the fact that BTA Bank has still failed to provide any explanation for their inconsistent statements in the US and UK litigations.   By seeking to strike the Khrapunovs' whole post-hearing brief, it appears that BTA is simply trying to use this motion as a means to avoid the consequences of having their fraud on the UK Court exposed.

## ARGUMENT

### I.   STRIKING RELEVANT EVIDENCE IS INAPPROPRIATE AND DISFAVORED.

#### A.   Motions to Strike May Not Be Applied to Post-Hearing Briefs.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. However, "Rule 12(f) allows a court to strike pleadings only. Declarations and affidavits are not pleadings." *Ricci v. Destefano*, No. 3:04 CV 1109(JBA), 2006 WL 2666081, at *1 (D.Conn. Sept. 15, 2006) (internal quotations and citations omitted). It is therefore inappropriate for a

court to strike material contained in exhibits to motions. *Ricci*, 2006 WL 2666081, at *1. "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 *Moore's Federal Practice* § 12.37[2], at p. 12-128 (3d Ed. Matthew Bender); *See, also, Dekom v. New York*, No. 12-cv-1318, 2013 WL 3095010, at *6 (E.D.N.Y. June 18, 2013)("As Plaintiffs are not seeking to strike pleadings, but rather briefs, Plaintiff's motions must be DENIED."). Because a motion to strike pursuant to Fed. R. Civ. P. 12(f) may only be directed at a pleading, and the contested material is contained in a memorandum of law, which is not a pleading, BTA/Almaty's motion to strike must be denied.

BTA/Almaty did not cite to any rule or other authority permitting the relief requested by the instant motion.  Even if this Court were to construe the Khrapunovs' opposition brief and exhibits as "pleadings," which it should not, a motion to strike remains improper with respect to evidentiary hearings; the Federal Rules of Civil Procedure do not provide a motion to strike as a tool in the evidentiary hearing process.  The Court should therefore deny BTA/Almaty's request to strike the Khrapunovs' post-hearing brief,

Fed. R. Civ. P. 37(c) permits *preclusion* of certain evidence if the offering party failed to provide information or identify a witness as required by Rule 26(a) or (e). The remedy of preclusion could only apply to the Declaration of Mattias Aggeler, but not to the deposition transcript excerpts as the latter do not implicate Rule 26 in any way.

Moreover, the Aggeler Declaration does not violate any disclosure obligations under FRCP 26 (a) or (e) because the identity of the newly retained witness, Mattias Aggeler was not known at the time that Rule 26(a) disclosures were drafted.  Retention of Mr. Aggeler and his firm, Swiss FTS only became necessary after the criticism was raised by BTA/Almaty in their post-hearing brief (see Point II.B., infra). The introduction of his declaration is substantially

justified because the Khrapunovs must be permitted to respond to BTA/Almaty's new attack; to deprive them the opportunity to do so would result in the very prejudice about which BTA/Almaty complains in their motion papers. It is therefore within the Court's discretion to evaluate the reliability of the evidence contained in the Aggeler Declaration. *Trinidad v. Pret a Manger (USA) Ltd.*, 962 F.Supp.2d 545, 552 (S.D.N.Y.2012) ("it is in the Court's discretion to determine the weight to assign to the various declarations.").

Even if this Court agrees with BTA/Almaty's interpretation of Rule 26, the Aggeler Declaration should still be admitted because Khrapunovs' alleged violation of Rule 26(a) is substantially justified and does not result in prejudice to the movant. *See Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.,* 726 F.Supp.2d 339, 348 (S.D.N.Y.2010) ("if a party fails to provide Rule 26(a) or (e) information, the party generally is not permitted to use that information at trial "unless the failure was substantially justified or is harmless."). "A failure to comply with Rule 26(a)(2) is considered to be harmless when the party entitled to the expert disclosure has not been prejudiced." *Williams v. County of Orange*, 03 CIV. 5182 (LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005).

BTA/Almaty will not suffer prejudice if this Court declines to sanction Ilyas Khrapunov. Although BTA/Almaty frames the issue differently, claiming that prejudice results from their inability to cross-examine Mr. Aggeler, this argument loses sight of the forest for the trees.  The purpose of the evidentiary hearing was to determine who leaked the Rakishev Transcript. [ECF No. 453 at 4: "Because the factual question of who leaked the Transcript is in dispute, an evidentiary hearing is warranted here."] Mr. Aggeler's search of Ilyas' email accounts provides valuable input on that question and should be made available for this Court's consideration.  If this Court deems the Aggeler Declaration credible and denies BTA/Almaty's motion for

sanctions, the movant is in no worse of a position than before the evidentiary hearing was held. On the other hand, if the Aggeler Declaration is excluded and BTA/Almaty's newly lobbied criticisms are considered without allowing the Khrapunovs an opportunity to respond, the resulting prejudice to Ilyas Khrapunov would be severe.

BTA's objection to the Aggeler Declaration reveals their ultimate disinterest in determining the source of the leak, which was the purported rationale for the evidentiary hearing. If this aim were genuine, any further investigation and/or information on this factual dispute would be welcomed. However, by moving to strike the relevant and compelling evidence contained in the Aggeler Declaration, BTA confirms what the Khrapunovs argued all along: that the point of this hearing was to harass their adversaries and taint this Court's impression of the Khrapunovs. Introduction of evidence that interferes with this litigation tactic cannot reasonably be considered prejudicial to BTA/Almaty.

### B.   The Cases Cited by BTA/Almaty are Inapposite.

Every single case cited in BTA/Almaty's brief deal with attempts to re-open the record after completion of discovery or, in most cases, after the conclusion of a trial on the merits. *See John v. Sotheby's, Inc*., 858 F. Supp. 1283 (S.D.N.Y. 1994) (denying plaintiffs' motion to reopen the record two weeks after the conclusion of trial); *Korea First Bank v. Lee*, 14 F. Supp. 2d 530, 532 (S.D.N.Y. 1998) (denying movants request to "reopen the trial record simply because he wants another bite at the apple now that his trial strategy has resulted in defeat."); *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 31 (S.D.N.Y.) (precluding use of new witness declaration first introduced with plaintiffs' opposition to defendants' summary judgment motion on the ground that such evidence violates the scheduling order and expert disclosure requirements of FRCP Rule 26); *New World Sols., Inc. v.*

9

*NameMedia Inc.*, 150 F. Supp. 3d 287 (S.D.N.Y. 2015) (striking declaration first introduced in with summary judgment opposition, after discovery had been closed for nearly a year); *Shred-It USA, Inc. v. Mobile Data Shred, Inc.*, 238 F. Supp. 2d 604 (S.D.N.Y. 2002) (denying motion to reopen the record and admit new expert evidence after a bench trial concluded and judgment against the party was entered).

Many of these decisions were based upon the fact that the proposed evidence lacked sufficient relevance or probative value to alter the Court's decision and/or outcome of the trial. *See, Korea First Bank v. Lee*, 14 F. Supp. 2d at 532 ("having reviewed Mr. Bae's affidavit, the Court is persuaded that it would reach exactly the same result even if Mr. Bae were permitted to testify); *Ortho Diagnostic Sys., Inc. v. Abbott Labs., Inc.*, 926 F. Supp. 371, 372 (S.D.N.Y. 1996)(declining plaintiff's motion to reopen the record after summary judgment was granted in favor of the defendants because the newly proposed "would be insufficient to raise a genuine issue of fact" and would not change the Court's decision on the merits); *Playboy Enterprises, Inc. v. Duma*s, 960 F.Supp. 710, 723 (S.D.N.Y. 1997) (denying request to supplement the record after trial because the proposed supplemental evidence was "basically cumulative and would shed substantially no light on the issues before [the Court].")

Lastly, in *Hous. Works, Inc. v. Turner*, a summary judgment motion was referred to a magistrate judge for a report and recommendation. 362 F. Supp. 2d 434 (S.D.N.Y. 2005). The motion was decided against the Defendants, who later produced new evidence to the district court in support of their motion to overturn the magistrate judge's recommendation.  The district court kept the new evidence out, stating that "litigants cannot be permitted to use litigation before a magistrate judge as something akin to a spring training exhibition game, holding back evidence for use once the regular season begins before the district judge." *Id*. at 438.

The lack of relevant authority on this issue is unsurprising, as fact and expert discovery remain open through February 2, 2018 and April 6, 2018[1], respectively. [ECF No. 443]. Because of this, a motion to strike is not appropriate an appropriate remedy. Rather, BTA/Almaty should have petitioned this Court for an opportunity to address the Aggeler Declaration. *See*, *Bayway Refining Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226–27 (2d Cir.2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party."); *Croons v. New York State Off. of Mental Health*, 304 F.R.D. 98, 104 (N.D.N.Y. 2015)(citing *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11–CV–1209 (CSH), 2013 WL 4012795, at \*2 (D.Conn. Aug. 5, 2013): "When new evidence appears in opposition papers, the non-moving party should seek leave, or may receive the Court's sua sponte permission, to file a sur-reply to address those new issues.")

## II.     THE CONTESTED EVIDENCE IS RELEVANT AND NOT PREJUDICIAL.

Motions to strike will not be granted unless the matter asserted clearly has no bearing on an issue in dispute and that its inclusion will unfairly prejudice the movant. *Correction Officers Benv. Ass'n of Rockland County v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005).

### A.     Most of the Contested Evidence is not "New" and Cannot be Deemed Prejudicial.

BTA/Almaty's characterization of Exhibits B, D and E as "new evidence" is misleading and disingenuous. Exhibit B contains excerpts from the deposition of Nurlan Nurgabylov, BTA's 30(b)(6) witness. Exhibit D contains excerpts from the deposition of Kenges Rakishev, BTA's owner and majority shareholder. Exhibit E contains excerpts from the deposition of

---

[1] On January 12, 2018, the parties agreed in substance to extend fact and discovery deadlines, but new dates have not yet been set.

Nicolas Bourg, a former business associate of Ilyas Khrapunov who is currently cooperating with BTA Bank, the Republic of Kazakhstan and the City of Almaty in their asset retrieval efforts against the Khrapunovs.  Counsel for BTA/Almaty were present at all three of these depositions, and had ample opportunity to object to and/or "cross examine" the witnesses about the quoted testimony. That they chose not to do so was their own choice.  Moreover, two of the three individuals (Nurgabylov and Rakishev) were produced by BTA/Almaty and the third is cooperating pursuant to a signed agreement, so there is nothing stopping the movant from speaking with *their own witnesses*.

### B.   The "New" Evidence (aka the Aggeler Declaration) is Responsive to a New Argument Raised in BTA/Almaty's Post-Hearing Brief.

The only evidence submitted with the Khrapunovs' brief that can fairly be characterized as "new" is the Aggeler Declaration, which was introduced in response to arguments first raised by BTA/Almaty in their post-hearing brief.  All other evidence was long available to the parties and should not be considered "new," nor should its use be deemed prejudicial.  *See, Goins v. JBC & Assoc., P.C.*, 352 F. Supp. 2d 262, 270 n. 3 (D. Conn.2005) (Court "finds it appropriate" to consider additional documentary evidence submitted with plaintiff's reply brief where defendants were not surprised by the filings and did not seek leave to respond to them).

In the initial letter motion seeking this evidentiary hearing, BTA/Almaty requested that the defendants "disclose any communications they have had, directly or indirectly, with any representative of the URA-Inform website, and all communications in which the Transcript was forwarded or otherwise transmitted." [ECF No. 453 at 4].  This request was later reiterated in a subpoena served by Boies Schiller on counsel for the Khrapunovs.  The Khrapunovs thus prepared a privilege log setting forth all communications in which counsel "forwarded and

otherwise transmitted" the Transcript [*See* ECF No. 482-20, HNRK Privilege Log] and obtained Affidavits from Viktor and Ilyas Khrapunov addressing the same.

Yet in their post-hearing brief, BTA/Almaty argued, for the first time, that this firm's investigation to ascertain the source of the leak was insufficient because we had not ourselves obtained access to and/or personally searched Ilyas' email accounts.  See ECF 490 at p. 4-5, 490-1 at ¶¶ 54-55.  This inquiry was never requested by BTA/Almaty before the hearing, nor is there any indication that BSF conducted this type of search in the email accounts of their clients. The argument was not raised in in any of BTA/Almaty's pre-hearing submissions or exhibits and did not appear in the direct testimony of any other witness.  None of the parties ever requested that the lawyers in this case personally access and search their clients' devices to obtain discovery, yet BTA/Almaty feigned incredulity when it was not done.  Moreover, there is no evidence that anyone at Boies Schiller ever conducted such a search on their clients' accounts or devices.

Nonetheless, when counsel for BTA/Almaty attacked defendants' counsel in their post hearing brief for failing to physically search the email accounts of Ilyas Khrapunov, we, along with our client, undertook a good faith effort to alleviate this concern and provided exactly what they asked for.  This firm retained a forensic expert[2], who searched Ilyas' email accounts and devices.  Now, because the results of this search diminish BTA/Almaty's chance to obtain sanctions against the Khapunovs, BSF seeks to strike it from the record and deprive the Court of relevant, compelling evidence. The Khrapunovs should not be prevented from addressing new arguments raised in BTA/Almaty's post hearing brief, nor should this Court be precluded from

---

[2] Mattias Aggeler is an independent computer forensics and eDiscovery expert and a partner at Swiss FTS. *See* Exhibit B. A Swiss company was retained because Ilyas Khrapunov is unable to leave Switzerland.

evaluating relevant and reliable evidence that relates directly to the operative issue of evidentiary hearing.

### C.    Introduction of the Contested Evidence Does Not Violate Any Court Order.

BTA/Almaty's counsel itself admits that the record did not "close" upon completion of the evidentiary hearing but, for reasons not addressed, limits introduction of additional evidence to their questioning of the Khrapunovs.   *See* Hearing Tr. at 75:22-23, Mr. Schwartz: "I understand that there is an open question of Viktor and Ilyas' testimony".   BTA/Almaty intends to raise this issue at the depositions of Viktor and Ilyas Khrapunov, which will occur in Switzerland from January 30 through February 1, 2018. Counsel for all parties have agreed this is permissible under the Hague Convention procedures in place. Clearly, the Transcript leak remains an open question of fact subject to further discovery.

Moreover, there is nothing in the November 21, 2017 post-hearing order [ECF No. 470] indicating that the Court considered the evidentiary hearing record "closed" or that it required an exhaustive list of exhibits "for clarity of record."  Instead, the Order simply directs the parties to "email "electronic copies of all exhibits introduced during the conference" to Judge Parker's chambers and file redacted versions via ECF.   *Id.*   Because the Order does not preclude introduction of additional arguments or evidence in the post-hearing brief, the contested evidence should be considered by the Court.  Allowing BTA/Almaty to lobby new attacks in their motion papers without permitting the Khrapunovs an opportunity to respond would result in the very situation of which BTA/Almaty cautions against in their motion to strike.

Even if this Court gives weight to BTA/Almaty's interpretation of the November 21, 2017 Order, it may still consider the Aggeler Declaration in the interest of fairness and based on its strong probative value. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules" when considering a motion to strike.

14

*Holtz v. Rockefeller & Co.,* 258 F.3d 62, 73 (2d Cir.2001) (citations omitted); see also *Slue v. New York Univ. Med. Ctr.,* 409 F. Supp .2d 349 (S.D.N.Y.2006) (denying motion to strike because "defendants establish no prejudice from any technical violations of the Federal Rules with respect to the... affidavits submitted by Plaintiff"); and *Fifth Ave. of Long Island Realty Associates v. Caruso Mgt. Co., Ltd.*, CV-08-384, 2009 WL 412126, at *8 (E.D.N.Y. Feb. 17, 2009) (denying Defendant's motion to strike certain declarations, even where Plaintiff did not seek prior approval before filing the declarations, "because Defendant had the opportunity to refute the statements contained therein and can claim no undue prejudice from my consideration of this additional evidence.").

## **CONCLUSION**

For the foregoing reasons, the Court should deny BTA/Almaty's Motion to Strike the Khrapunovs' post-hearing brief and their request for attorneys' fees.

Dated: January 12, 2018
    New York, New York

HOGUET NEWMAN REGAL & KENNEY, LLP


_____/s/ John J. Kenney_____
John J. Kenney
John P. Curley
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street, 35th Floor
New York, NY 10016
Phone:  212-689-8808

*Counsel for Viktor Khrapunov and
Ilyas Khrapunov*