# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, <br><br>       Crossclaim Plaintiffs, <br><br>       -against- <br><br> MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., <br><br>       Crossclaim Defendants. | 15 Civ. 5345 (AJN) (SN) |

**CROSSCLAIM- PLAINTIFFS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS TO CROSSCLAIM-DEFENDANT ILYAS KHRAPUNOV**

Crossclaim-Plaintiffs City of Almaty, Kazakhstan and BTA Bank, through their attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, request that Crossclaim Defendant Ilyas Khrapunov, produce all responsive documents at the office of Boies Schiller Flexner LLP, 575 Lexington Ave., 7th Floor, New York, New York 10022, or such other place as agreed upon, within 30 days of service of these requests:

**DEFINITIONS**

1.   "Ilyas Khrapunov" means Defendant Ilyas Khrapunov and any other names or identities under which he has traveled or transacted, and includes his employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

1

2. "You" or "Your" means Ilyas Khrapunov, in any formulation necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the request's scope.

3. "Triadou" means Defendant Triadou SPV S.A. and includes current and former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, operating units, partners, directors, members, employees, shareholders, officers, agents (whether as employees, independent contractors, or otherwise), officials, representatives, associates, consultants, brokers, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

4. "Viktor Khrapunov" means Defendant Viktor Khrapunov and any other names or identities under which he has traveled or transacted, and includes his employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

5. "Ablyazov" means Defendant Mukhtar Ablyazov and any other names or identities under which he has traveled or transacted, and includes his employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

6. The "Petelins" means Gennady Petelin and Elena Petelina and any other names or identities under which they have traveled or transacted, and includes their employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

7. "BTA" means Crossclaim Plaintiff BTA Bank, and its employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

8. "Almaty" means Crossclaim Plaintiff City of Almaty Kazakhstan, and its employees, officials, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing.

9. "Telford" refers to Telford International Ltd., and includes current and former subsidiaries, affiliates (such as Telford Financiers and Telford Trust), parents, predecessors, successors, divisions, departments, operating units, partners, directors, members, employees, officers, agents (whether as employees, independent contractors, or otherwise), officials, representatives, associates, consultants, brokers, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

10. "Chetrit Entities" refers to CF 135 Flat LLC, CF 135 West Member LLC, and The Chetrit Group LLC, and their owners, officers, employees, agents, representatives, predecessors, attorneys, consultants, and any persons acting or purporting to act on behalf of the foregoing, in any combination as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the request's scope.

11. "Action" refers to this action, captioned *CF 135 Flat LLC, et al v. Triadou SPV S.A., et al*, 15-cv-5345 (AJN) (SN) (S.D.N.Y).

12. "E-Mail Accounts" means any of the following e-mail accounts:
   a. ik@sdg.ch
   b. ikhrapunov@sdg.ch
   c. khrapunov@rambler.ru
   d. khrapunov@hotmail.com
   e. yodamaster@cryptoheaven.com

3

      f. obiwankonobi@tutanota.com
      g. theuraniumguy@gmail.com

13. The terms "All" and "Each" is synonymous with the definition contained in Local Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

14. The term "document" has the broadest meaning accorded it under the FRCP, and includes all written, printed, typed, reported, recorded, pictorial, or graphic matter, however produced or reproduced, now or at the time of possession, custody, or control, including all letters, telegrams, telexes, e-mail transmissions, cables, telephone records, notations, invoices, ledgers, Communications (defined below), journals, formal and informal books of record and account, logs, studies, summaries, minutes, agendas, bulletins, notices, announcements, charts, manuals, models, graphs, instructions, financial statements, photographs, videotapes, microfilm, other film or tapes, reports, brochures, publications, books, memoranda, notes, notebooks, drafts, worksheets, contracts, agreements, proposed contracts or agreements (whether or not actually consummated), computer data, computer printouts, interoffice memos, computer programs, computer software, tape recordings, transcriptions, drafts of the foregoing items, articles of newspapers, magazines, and other publications, purchase orders, lists, proposals, invoices, plans, specifications, addenda, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, Day Timers, time records, bills of lading, canceled checks (both sides), audiotapes, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals.

15. "Communication" means, without limitation, every manner of transmitting, transferring, exchanging, or sharing information, facts, or thoughts in any form, whether orally, in writing, or otherwise, by any means whatsoever, including by oral communication, face-to

face meeting, memorandum, letter, note, mail, telephone, facsimile transmission, telecopy, e-mail, text, SMS or any form of instant messaging available on any electronic device through any including through WhatsApp or any other messaging software or application, or any other means, consistent with the definition contained in Local Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

16. The term "concerning" shall be given the broadest meaning possible, including relating to, referring to, reflecting, demonstrating, proving, and disproving.

17. The term "person" means, without limitation, any natural person, corporation, partnership, proprietorship, group, association, organization, firm, enterprise, contractor, business entity, governmental body, or agency, as well as any division, subdivision, bureau, office, or other unit thereof, or any representative of the foregoing.

18. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the request's scope.

## INSTRUCTIONS

1. This request calls for the production of all responsive documents in Your possession, custody, or control, or in the possession, custody, or control of Your employees, accountants, attorneys, representatives, agents, or other persons acting on Your behalf, without regard to the physical location of such documents. Without limiting the term "control," a document is deemed to be within one's control if that person or entity has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof.

2. In responding to this request, produce all responsive documents prepared, forwarded, considered, or reviewed.

5

3. In responding to this request, include documents obtained on Your behalf by Your counsel, employees, experts, agents, or any other persons acting on Your behalf.

4. If Your response is that the documents are not within Your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document.

5. If Your response is that the documents are not under Your control, identify who has control and the location of the documents.

6. All requested documents shall be produced as they are kept in the regular course of business or shall be organized and labeled to correspond to the categories in this request.

7. All requested documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

8. Computer-stored data including e-mail, database files, word processing files, spreadsheets, presentations, and accounting data shall be produced electronically on hard disks, compact discs, or DVDs. The data should contain all metadata associated with the files. Where data was created and stored by a software application that is available to the general public, it should be produced in that same native format. All e-mails should be produced as separate, plain text files in RFC2822 format for each e-mail, with all original header fields intact and all attachments embedded as described by MIME. Where possible, documents must be produced from original data. All corresponding directory information (*e.g.,* ActiveDirectory) must be

included as well. If data is in a system that is not available to the general public, such as legacy or proprietary software applications, it should be provided in a format where it can be accessed by software applications generally available to the public. For any data that is password locked or encrypted, the password or key associated with the data shall be provided.

9. Each page of the documents produced in response to this request should be marked with a unique document identification Bates number.

10. If any document is withheld, in whole or in part, for any reason, including a claim of privilege, whether work-product or attorney-client or other, set forth separately with respect to each such document:

- the nature of the privilege claimed;
- the type of document;
- the general subject matter of the document;
- the date of the document;
- the authors of the document;
- all persons who received or otherwise have seen copies of the document; and
- such other information as is sufficient to enable an assessment of the applicability of the privilege or protection claimed.

11. Any reference to a person that is not an individual (including a corporation, limited liability company, proprietorship, group, association, organization, business entity, partnership, trust, limited partnership ,or any other artificial or non-natural entity) shall also include a reference to such person's current and former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, operating units, partners, managers, principals, directors, officers, members, shareholders, employees, agents, officials, trustees, beneficiaries, administrators, representatives, associates, consultants, contractors, subcontractors, brokers,

attorneys, advisors, accountants, consulting actuaries, and all persons and entities acting or purporting to act on such person's behalf, unless the context provides otherwise.

12. Any documents or other items requested concerning a certain subject matter shall also include documents or other items tending to support, contradict, rebut, or relate to statements made and conclusions drawn concerning such subject matter.

13. To the extent a document subject to an assertion of privilege, a work product claim, or other objection contains any responsive information not subject to such assertion or objection, the information must be produced. Claimed irrelevance is not a lawful basis for redacting or failing to produce part of a document the balance of which contains responsive material.

14. For each document responsive to this request withheld in part for any reason, including the assertion of privilege, a work product claim, or other objection, indicate the portion of the document so withheld by stamping the words "MATERIAL REDACTED" on the document at an appropriate location on the document that does not obscure the remaining text.

15. To the extent that there are no documents responsive to a particular request, you shall state so in writing.

16. This request is continuing, and Your response to this request must be promptly supplemented when appropriate or necessary.

17. Unless otherwise stated, the responsive time period for the requests below is January 1, 2011, to the commencement of this Action.

## **REQUESTS**

1. All documents downloaded or otherwise obtained by You or your agents from "Kazaword.wordpress.com";

2. All communications from the E-Mail Accounts concerning any of the following:

   a. the formation or establishment of Triadou;

   b. any source of funding, assets, or capital for Triadou, including but not limited to any debt, loans, joint-ventures, equity, or any other source of financial support for Triadou's operations and/or investments;

   c. any source of funding, assets, or capital for SDG, including but not limited to any debt, loans, joint-ventures, equity, or any other source of financial support for SDG's operations and/or investments;

   d. the sale or purchase of any interest in SDG, including but not limited to the purported sale of SDG to Phillipe Glatz in 2013;

   e. any valuation of Triadou or its parent, SDG, including but not limited to any valuation of SDG related to the purported sale of SDG to Phillipe Glatz in 2013;

   f. Triadou's investments with or other transfer of capital or assets to the Chetrit Entities, including but not limited to the 2013 assignment agreement between the Chetrit Entities and Triadou;

   g. Triadou's investment in the Tri-County Mall, including but not limited to the disposition or use of any funds or other assets received from the sale of the same;

   h. the Petelins' funding of SDG's or Triadou's investments;

   i. Telford, including but not limited to any debt financing provided by Telford, any assets or securities purchased by or for the benefit of Telford, any and all due diligence of Telford, and the sources of funds held or transferred by or for Telford;

   j. the destruction of any e-mail accounts and associated communications belonging to or used by You, whether active, inactive, or archived, including but not limited to the E-Mail Accounts;

   k. SDG's document preservation policies or instructions, including but not limited to any specific "litigation holds" or other instructions to preserve documents related to the Action or any other legal proceedings;

   l. the May 23, 2013 meeting involving Peter Sztyk and representatives of Triadou, SDG and You;

   m. the contemplated or potential sale of Triadou, in whole or part, to Peter Sztyk or an entity owned or controlled by him, including but not limited to any loans or debt held by Mr. Sztyk relating to Triadou, and any due diligence conducted by Mr. Sztyk or his counsel relating to the contemplated sale;

9

n. any communications with the Petelins;

o. any communications with Nicolas Bourg, or his agents or employees;

p. any communications with Felix Sater, or his agents or employees;

q. any communications with Eesh Aggarwal, or his agents or employees;

r. any communications with Joseph Chetrit, or his agents or employees;

s. any communications with Elena Tyschenko (a/k/a Elena Tischenko), or her agents or employees;

t. Your control of, management of, or relationship with Triadou, whether formal or informal;

u. Your control of, management of, or relationship with SDG, whether formal or informal

v. Ablyazov's investment in, management of, or relationship with SDG, whether formal or informal;

w. Ablyazov's investment in, management of, or relationship with Triadou, whether formal or informal;

x. any payment of legal fees or expenses of Ablyazov, including but not limited to any payments or transfers for Ablyazov's benefit by any parties to this Action, third parties, or third party entities;

y. Acts of hacking or unauthorized access to the electronic communications of any current or former government officials, including the employment of or payments to any their-party computer hackers or receipt of electronic communications obtained without authorization;

z. FBME Bank, including but not limited to any documents relating to any transfers of funds to or from accounts held at FBME Bank;

aa. denial of loans, credit, or any of other form of financing to SDG and/or Triadou, including any accompanying due diligence or investigations;

bb. Almaty and BTA's request to depose, or motion to compel the deposition of, Marc Gillieron.

cc. Marc Gillieron's resignation in or about late May 2017 from the SDG board of directors;

dd. The allegations in the Amended Crossclaims.

3. All passports or diplomatic papers issued to You or held by You within the period of January 1, 2012, to the present, including but not limited to any passports or diplomatic documents issued to you by the Central African Republic or St. Vincent and the Grenadines;

4. All documents concerning Vilder Company S.A., including but not limited to Vilder Company S.A.'s accounts held at FBME Bank Ltd.

Dated:   New York, New York
         July 17, 2017

Respectfully Submitted,

   /s/ Matthew L. Schwartz
   MATTHEW L. SCHWARTZ

Matthew L. Schwartz
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY  10022
Telephone: 212-446-2320
Facsimile: 212-446-2350

ATTORNEYS FOR CROSSCLAIM-PLAINTIFFS

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2017, copies of Crossclaim Plaintiffs' Third Request for the Production of Documents to Ilyas Khrapunov were served on counsel of record for Mukhtar Ablyazov, Viktor Khrapunov, Ilyas Khrapunov and Triadou SPV S.A., as follows:

**BY E-MAIL:**

Deborah A. Skakel
Alex E. Hassid
Robyn L. Michaelson
BLANK ROME LLP
405 Lexington Avenue
New York, NY 10174
dskakel@blankrome.com
ahassid@blankrome.com
rmichaelson@blankrome.com
*Counsel for Triadou SPV S.A.*

Jonathan D. Cogan
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
jonathan.cogan@kobrekim.com
*Counsel for Mukhtar Ablyazov*

John J. Kenney
John P. Curley
HOGUE NEWMAN REGAL & KENNEDY LLP
10 East 40th Street
New York, NY 10016
jkenney@hnrklaw.com
jcurley@hnrklaw.com
*Counsel for Viktor and Ilyas Khrapunov*

                                      /s/ Daniel G. Boyle
                                      Daniel G. Boyle

                                      Boies, Schiller & Flexner LLP
                                      575 Lexington Avenue
                                      New York, NY  10022
                                      Telephone: 212-446-2300
                                      Facsimile: 212-446-2350