# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, | |
|        Crossclaim Plaintiffs, | No. 15-CV-05345(AJN) |
|        -against- | |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
|        Crossclaim Defendants. | **CROSSCLAIM DEFENDANTS VIKTOR AND ILYAS KHRAPUNOV'S RESPONSES TO CROSSCLAIM PLAINTIFFS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Crossclaim Defendants Viktor and Ilyas Khrapunov (the "Khrapunovs"), by and through their attorneys in this matter, Hoguet Newman Regal & Kenney, LLP, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure hereby respond and object to Crossclaim Plaintiffs City of Almaty, Kazakhstan and BTA Bank JSC ("BTA/Almaty") Third Requests for the Production of Documents (the "Requests") as follows:

## GENERAL OBJECTIONS AND RESPONSES

The following General Objections are incorporated into each specific objection and response as if fully set forth in such objection and response:

1.    The Khrapunovs object to the Requests to the extent they are overly broad and burdensome, seek discovery that is unreasonably cumulative or duplicative, are not reasonably tailored to the issues of the case, are not reasonably calculated to lead to the discovery of admissible evidence or are not permitted by the Federal Rules of Civil Procedure or any other applicable rules.

2.      The Khrapunovs object to the Requests to the extent they seek the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege, protection or exemption, including materials prepared in anticipation of litigation and/or trial, or are otherwise immune from discovery.  The disclosure of documents in response to the Requests will be without waiver of any privilege, protection or exemption, and inadvertent production of any privileged, protected or exempted document will not constitute a waiver of any such privilege, protection or exemption as to any document.

3.      To the extent that any Instruction, Definition or Request seeks to increase or otherwise modify the Khrapunovs' obligations under the Federal Rules of Civil Procedure, any local rules or other applicable law, the Khrapunovs object on the grounds that such Instruction, Definition or Request is overbroad and unduly burdensome.

4.      The Khrapunovs object to the Requests to the extent they purport to require the production of documents not in the Khrapunovs' possession, custody or control on the grounds that such requests are inconsistent with, and seek to impose burdens beyond those imposed by the Federal Rules of Civil Procedure or other applicable rules. To the extent that any Request seeks documents more appropriately sought from third parties to whom subpoenas or requests could have been directed, the Khrapunovs object to that Request as overbroad and unduly burdensome.

5.      The Khrapunovs object to the Requests to the extent they seek documents that are publicly available or within the possession, custody or control of BTA/Almaty, as such documents are equally accessible to the Crossclaim Plaintiffs as to the Khrapunovs.

2

6.      The Khrapunovs object to the Requests to the extent they seek documents or information that are protected by confidentiality agreements or orders in other jurisdictions and will only produce documents to the extent permitted by law.

7.      The Khrapunovs object to the Requests' definitions that are broader than the definitions set forth in Local Civil Rule 26.3.  The Khrapunovs will construe the Requests in accordance with the definitions set forth in Local Civil Rule 26.3.

8.      The Khrapunovs object to each Request to the extent that it purports to require the Khrapunovs to search for, collect and provide information or documents from other ongoing or prior litigations.

9.      In responding to the Requests, the Khrapunovs do not concede that any of the information sought is relevant, material or necessary to the prosecution or defense of this action, or is admissible in evidence.  Whenever, in response to a Request, the Khrapunovs agree to produce documents, this does not represent that such documents exist, but only that such documents will be produced if they exist, can be located with reasonable diligence, are within the possession, custody or control of the Khrapunovs, are relevant and proportional to the needs of this case and are not otherwise protected from disclosure.

10.     The Khrapunovs reserve their right to supplement, alter or amend these Responses and Objections with additional information, documents or objections if necessary or appropriate, and to rely upon such information, documents or objections in any hearing, trial, or other proceeding in this action.

Subject to the foregoing General Objections and to the additional specific objections stated below, the Khrapunovs respond to the Requests as follows:

## SPECIFIC OBJECTIONS

1.  Definition 1:  The Khrapunovs object to Crossclaim Plaintiffs' definition of "Ilyas Khrapunov" for the reasons set forth in General Objections 2, 3 and 4.  Specifically, inclusion of "agents," "representatives," "predecessors," and "consultants" in the definition of "Ilyas Khrapunov" would render the Khrapunovs responsible for producing documents beyond their possession, custody, or control.  The Khrapunovs also object to this Definition to the extent it includes legal counsel for Ilyas Khrapunov and documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

2.  Definition 2: The Khrapunovs object to Crossclaim Plaintiffs' definition of the terms "You" and "Your" to the extent those definitions are expressly designed "to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the request's scope."  The definition, as provided, is overbroad and seeks information that is neither relevant nor proportionate to the needs of this case.

3.  Definition 4:  The Khrapunovs object to Crossclaim Plaintiffs' definition of "Viktor Khrapunov" for the reasons set forth in General Objections 2, 3 and 4.  Specifically, inclusion of "agents," "representatives," "predecessors," and "consultants" in the definition of "Viktor Khrapunov" would render the Khrapunovs responsible for producing documents beyond their possession, custody, or control.  The Khrapunovs also object to this Definition to the extent it includes legal counsel for Viktor Khrapunov and documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

4

4.   Definition 12:   The Khrapunovs object to Crossclaim Plaintiffs' definition of "E-Mail Accounts" to the extent that it renders the Khrapunovs responsible for providing documents relating to email accounts beyond their custody or control.

5.   Instructions 1 and 3: These instructions, as written, would render the Khrapunovs responsible for providing discovery on behalf of separate and distinct entities that have not been served in this action and whose conduct is not at issue in this litigation.   The Khrapunovs therefore object to Instructions 1 and 3 to the extent that they purport to require the Khrapunovs to produce documents other than those in their possession, custody or control, as set forth in General Objection 4.   The Khrapunovs further object to the extent that both Instructions 1 and 3 purport to include legal counsel for the Khrapunovs, which invades the attorney client privilege and work product protection.

## REQUESTS FOR PRODUCTION

**Request No. 1:**   All documents downloaded or otherwise obtained by You or your agents from "Kazaword.wordpress.com";

**Response to Request No. 1:**   The Khrapunovs object that this Request calls for material protected by the attorney work product doctrine.   On this basis, the Khrapunovs will not produce documents responsive to this Request.

**Request No. 2(a):**   All communications from the E-Mail Accounts concerning any of the following: (a) the formation or establishment of Triadou;

**Response to Request No. 2(a):**   The Khrapunovs object to Request 2(a) as overbroad and unduly burdensome to the extent it requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.   Subject to and without waiving these objections or the General Objections, the

Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

> **Request No. 2(b):** All communications from the E-Mail Accounts concerning any of the following: (b) Any source of funding, assets, or capital for Triadou, including but not limited to any debt, loans, joint ventures, equity, or any other source of financial support for Triadou's operations and/or investments;

> **Response to Request No. 2(b):** The Khrapunovs object to the extent that Request 2(b)

requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12. Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

> **Request No. 2(c):** All communications from the E-Mail Accounts concerning any of the following: (c) any source of funding, assets, or capital for SDG, including but not limited to any debt, loans, joint ventures;

> **Response to Request No. 2(c):** The Khrapunovs object to the extent that Request 2(c)

requires the production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12. Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

> **Request No. 2(d):** All communications from the E-Mail Accounts concerning any of the following: (d) the sale or purchase of any interest in SDG, including but not limited to the purported sale of SDG to Phillipe Glatz in 2013;

**Response to Request No. 2(d):**  The Khrapunovs object to the extent that Request 2(d) requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

> **Request No. 2(e):**  All communications from the E-Mail Accounts concerning any of the following: (e) any valuation of Triadou or its parent, SDG, including but not limited to any valuation of SDG related to the purported sale of SDG to Phillipe Glatz in 2013;

> **Response to Request No. 2(e):** The Khrapunovs object to the extent that Request 2(e)

requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

> **Request No. 2(f):**     All communications from the E-Mail Accounts concerning any of the following: (f) Triadou's investments with or other transfer of capital or assets to the Chetrit Entities, including but not limited to the 2013 assignment agreement between the Chetrit Entities and Triadou;

> **Response to Request No. 2(f):**  The Khrapunovs object to the extent that Request 2(f)

requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(g):**     All communications from the E-Mail Accounts concerning any of the following: (g) Triadou's investment in the Tri-County Mall, including but not limited to the disposition or use of any funds or other assets received from the sale of the same;

**Response to Request No. 2(g):** The Khrapunovs object to the extent that Request 2(g) requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.   Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(h):**  All communications from the E-Mail Accounts concerning any of the following: (h) the Petelins' funding of SDG's or Triadou's investments;

**Response to Request No. 2(h):**  The Khrapunovs object to the extent that Request 2(h) requires the production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.   Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(i):**  All communications from the E-Mail Accounts concerning any of the following: (i) Telford, including but not limited to any debt financing provided by Telford, any assets or securities purchased by or for the benefit of Telford, any and all due diligence of Telford, and the sources of funds held or transferred by or for Telford;

**Response to Request No. 2(i):**  The Khrapunovs object to the language of Request 2(i) insofar as the terms "for the benefit of Telford" and "all due diligence of Telford" are vague and undefined.  The Khrapunovs further object to the extent that this Request requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General

Objection 4 and the Objection to Definition 12.  Subject to and without waiving these objections or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(j):**  All communications from the E-Mail Accounts concerning any of the following: (j) the destruction of any e-mail accounts and associated communications belonging to or used by You, whether active, inactive, or archived, including but not limited to the E-Mail Accounts;

**Response to Request No. 2(j):** The Khrapunovs object to the language of this Request insofar as the phrase "associated communications" as undefined, overbroad and vague.  The Khrapunovs also incorporate their Objections to Definitions 2 and 12, insofar as Request 2(j) purports to require production of documents beyond the Khrapunovs' possession, custody or control.  Accordingly, the Khrapunovs interpret the term "You" as a reference to Ilyas Khrapunov, and will provide non-privileged documents from reasonably accessible sources in the possession, custody or control of Ilyas Khrapunov responsive to this Request.

**Request No. 2(k):**  All communications from the E-Mail Accounts concerning any of the following: (k) SDG's document preservation policies or instructions, including but not limited to any specific "litigation holds" or other instructions to preserve documents related to the Action or any other legal proceedings;

**Response to Request No. 2(k):**  The Khrapunovs object to Request 2(k) for the reasons set forth in General Objections 5 and 8.   The Khrapunovs further object insofar as this Request seeks information protected from disclosure by, among other things, the attorney-client privilege and work product documents, as outlined in General Objection 2.  Notwithstanding and without waiving these objections, the Khrapunovs will search for and produce documents responsive to this Request, to the extent that any such documents do not constitute attorney work product and are not protected under attorney-client privilege.

**Request No. 2(l):** All communications from the E-Mail Accounts concerning any of the following: (l) the May 23, 2013 meeting involving Peter Sztyk and representatives of Triadou, SDG and You;

**Response to Request No. 2(l):** The Khrapunovs object to the extent that Request 2(l) requires the production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4. The Khrapunovs also incorporate their Objections to Definition 2 and interpret the term "You" as a reference to Ilyas Khrapunov. Subject to and without waiving these objections, the Khrapunovs will search for and produce non-privileged documents from reasonably accessible sources in the possession, custody or control of Ilyas Khrapunov relevant to the May 23, 2013 meeting referenced in this Request.

**Request No. 2(m):** All communications from the E-Mail Accounts concerning any of the following: (m) the contemplated or potential sale of Triadou, in whole or part, to Peter Sztyk or an entity owned or controlled by him, including but not limited to any loans or debt held by Mr. Sztyk relating to Triadou, and any due diligence conducted by Mr. Sztyk or his counsel relating to the contemplated sale;

**Response to Request No. 2(m):** The Khrapunovs object to the language of this Request insofar as the phrase "contemplated or potential sale" is vague and undefined. The Khrapunovs also incorporate General Objection 4, to the extent that Request 2(m) requires production of documents not in the Khrapunovs' possession, custody or control. Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(n):** All communications from the E-Mail Accounts concerning any of the following: (n) any communications with the Petelins;

**Response to Request No. 2(n):** The Khrapunovs refer to and incorporate the Objection to Definition 12. The Khrapunovs, who are related by marriage to the Petelins, further object to

10

this Request as overbroad, unduly burdensome, and not proportionate to the needs of this case insofar as it seeks disclosure of communications about any topic other than the source of funding for the relevant real estate investments.  Subject to and without waiving these objections, the Khrapanovs will search for and produce non-privileged communications, if any, with the Petelins about the sources of funding for the real estate investments at issue in this case.

**Request No. 2(o):**  All communications from the E-Mail Accounts concerning any of the following: (o) any communications with Nicolas Bourg, or his agents or employees;

**Response to Request No. 2(o):**  The Khrapunovs object to this Request as overbroad because the documents and information sought are neither relevant nor proportional to the needs of this case. The Khrapunovs further object to the language of this Request insofar as the phrase "his agents or employees" is vague and undefined.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(p):** All communications from the E-Mail Accounts concerning any of the following: (p) any communications with Felix Sater, or his agents or employees;

**Response to Request No. 2(p):** The Khrapunovs object to the extent that Request 2(p) requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(q):**  All communications from the E-Mail Accounts concerning any of the following: (q) any communications with Eesh Aggarwal, or his agents or employees;

11

**Response to Request No. 2(q):** The Khrapunovs object to the extent that Request 2(q) requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(r):**  All communications from the E-Mail Accounts concerning any of the following: (r) any communications with Joseph Chetrit, or his agents or employees;

**Response to Request No. 2(r):** The Khrapunovs object to the extent that Request 2(r) requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(s):**  All communications from the E-Mail Accounts concerning any of the following: (s) any communications with Elena Tyschenko (a/k/a Elena Tischenko), or her agents or employees;

**Response to Request No. 2(s):** The Khrapunovs object to the extent that Request 2(s) requires production of documents not in the Khrapunovs' possession, custody or control, as outlined in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(t):**  All communications from the E-Mail Accounts concerning any of the following: (t) Your control of, management of, or relationship with Triadou, whether formal or informal;

**Response to Request No. 2(t):** The Khrapunovs object to the language of Request 2(t) insofar as the "relationship with Triadou, whether formal or informal" is overbroad and undefined.  The Khrapunovs further object to the extent that it requires production of documents not in the Khrapunovs' possession, custody or control, as set forth in General Objection 4 and the Objection to Definition 12.   Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(u):**  All communications from the E-Mail Accounts concerning any of the following: (u) Your control of, management of, or relationship with SDG, whether formal or informal;

**Response to Request No. 2(u):**  The Khrapunovs object to the language of Request 2(u) insofar as the "relationship with SDG, whether formal or informal" is overbroad and undefined. The Khrapunovs further object to the extent that it requires the production of documents not in the Khrapunovs' possession, custody or control, as set forth in General Objection 4 and the Objection to Definition 12.   Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(v):**  All communications from the E-Mail Accounts concerning any of the following: (v) Ablyazov's investment in, management of, or relationship with SDG, whether formal or informal;

**Response to Request No. 2(v):**  The Khrapunovs object to the language of Request 2(v) insofar as the "relationship with SDG, whether formal or informal" is overbroad and undefined.

The Khrapunovs further object to the extent it requires the production of documents not in the Khrapunovs' possession, custody or control, as set forth in General Objection 4 and the Objection to Definition 12.   Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(w):**  All communications from the E-Mail Accounts concerning any of the following: (w) Ablyazov's investment in, management of, or relationship with Triadou, whether formal or informal;

**Response to Request No. 2(w):** The Khrapunovs object to the language of Request 2(w) insofar as the "relationship with Triadou, whether formal or informal" is overbroad, vague and undefined.   The Khrapunovs object to the extent it requires the production of documents not in the Khrapunovs' possession, custody or control, as set forth in General Objection 4 and the Objection to Definition 12.   Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 2(x):**  All communications from the E-Mail Accounts concerning any of the following: (x) any payment of legal fees or expenses of Ablyazov, including but not limited to any payments or transfers for Ablyazov's benefit by any parties to this Action, third parties, or third party entities;

**Response to Request No. 2(x):** The Khrapunovs object to this Request as overbroad and unduly burdensome, because the documents and information sought are neither relevant nor proportional to the needs of this case.   The Khrapunovs further object to the language of this Request insofar as "payments or transfers for Ablyazov's benefit by any parties to this Action, third parties, or third party entities" is vague, overbroad, and undefined.   On these bases, the Khrapunovs will not produce documents responsive to this Request.

**Request No. 2(y):**    All communications from the E-Mail Accounts concerning any of the following: (y) Acts of hacking or unauthorized access to the electronic communications of any current or former government officials, including the employment of or payments to any their-party computer hackers or receipt of electronic communications obtained without authorization;

**Response to Request No. 2(y):** The Khrapunovs object to Request 2(y) to the extent that

it requires production of documents not in the Khrapunovs' possession, custody or control, as set

forth in General Objection 4 and the Objection to Definition 12.  Subject to and without waiving

this objection or the General Objections, the Khrapunovs will search for and produce non-

privileged documents in their possession, custody or control, if any, that are responsive to this

Request.

**Request No. 2(z):** All communications from the E-Mail Accounts concerning any of the following: (z) FBME Bank, including but not limited to any documents relating to any transfers of funds to or from accounts held at FBME Bank;

**Response to Request No. 2(z):** The Khrapunovs object to Request 2(z) to the extent that

it requires the production of documents not in the Khrapunovs' possession, custody or control, as

set forth in General Objection 4 and the Objection to Definition 12.  Subject to and without

waiving this objection or the General Objections, the Khrapunovs will search for and produce

non-privileged documents in their possession, custody or control, if any, that are responsive to

this Request.

**Request No. 2(aa):** All communications from the E-Mail Accounts concerning any of the following: (aa) denial of loans, credit, or any of other form of financing to SDG and/or Triadou, including any accompanying due diligence or investigations;

**Response to Request No. 2(aa):** The Khrapunovs object to Request 2(aa) to the extent

that it requires the production of documents not in the Khrapunovs' possession, custody or

control, as set forth in General Objection 4 and the Objection to Definition 12.  Subject to and

without waiving this objection or the General Objections, the Khrapunovs will search for and

produce non-privileged documents in their possession, custody or control, if any, that are

responsive to this Request.


      **Request No. 2(bb):** All communications from the E-Mail Accounts concerning any of
the following: (bb) Almaty and BTA's request to depose, or motion to compel the deposition
of, Marc Gillieron.

      **Response to Request No. 2(bb):** The Khrapunovs object to this Request as overbroad

and because the documents and information sought are neither relevant nor proportional to the

needs of this case.  The Khrapunovs further object for the reasons set forth in General Objections

2, 3 and 4.  The Khrapunovs will not produce documents responsive to this Request.


      **Request No. 2(cc):** All communications from the E-Mail Accounts concerning any of the
following: (cc) Marc Gillieron's resignation in or about late May 2017 from the SDG
board of directors;

      **Response to Request No.2(cc):**  The Khrapunovs object to Request 2(cc) to the extent

that it requires the production of documents not in the Khrapunovs' possession, custody or

control, as set forth in General Objection 4 and the Objection to Definition 12.  Subject to and

without waiving this objection or the General Objections, the Khrapunovs will search for and

produce non-privileged documents in their possession, custody or control, if any, that are

responsive to this Request.


      **Request No. 2(dd):**   All communications from the E-Mail Accounts concerning any of
the following: The allegations in the Amended Crossclaims.

      **Response to Request No. 2(dd):** The Khrapunovs object to Request 2(dd) as vague,

ambiguous, and duplicative of other requests for production.  On these bases, the Khrapunovs

will not produce documents to this Request except to the extent a particular document is responsive to another Request.

**Request No. 3:**  All passports or diplomatic papers issued to You or held by You within the period of January 1, 2012, to the present, including but not limited to any passports or diplomatic documents issued to you by the Central African Republic or St. Vincent and the Grenadines;

**Response to Request No. 3:**  The Khrapunovs object to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible or relevant evidence because the Court has already ruled that Mr. Khrapunov does not have to leave Switzerland for a deposition. On this basis, the Khrapunovs will not produce documents responsive to this Request.

**Request No. 4:**  All documents concerning the May 23, 2013 meeting involving Peter Sztyk and representatives of Triadou and SDG.

**Response to Request No. 4:**  The Khrapunovs object that this request is overbroad and unduly burdensome to the extent it requires the production of documents not in the Khrapunovs' possession, custody or control, as set forth in General Objection 4.  Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 5:**  All documents concerning the contemplated or potential sale of Triadou, in whole or part, to Peter Sztyk or an entity owned or controlled by him, including but not limited to any loans or debt held by Mr. Sztyk relating to Triadou, and any due diligence conducted by Mr. Sztyk or his counsel relating to the contemplated sale.

**Response to Request No. 5:**  The Khrapunovs object to the language of Request 5 insofar as "the contemplated or potential sale of Triadou" is vague and undefined.  The Khrapunovs further object to this request as overbroad and unduly burdensome to the extent it requires the production of documents not in the Khrapunovs' possession, custody or control.

Subject to and without waiving this objection or the General Objections, the Khrapunovs will search for and produce non-privileged documents in their possession, custody or control, if any, that are responsive to this Request.

**Request No. 6:** All documents concerning any settlement with Felix Sater, or his agents or employees, relating to the proceeds of Triadou's investment in the Tri-County Mall.

**Response to Request No. 6:** The Khrapunovs object that this request is overbroad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of this case.  On these bases, the Khrapunovs will not produce documents responsive to this request.

Dated: New York, New York
       August 16, 2017

                              HOGUET NEWMAN
                              REGAL & KENNEY, LLP


                              /s/ John J. Kenney
                              John J. Kenney
                              John P. Curley

                              10 East 40th Street, 35th Floor
                              New York, NY 10016
                              Phone: 212-689-8808

                              *Counsel for Crossclaim Defendants Viktor
                              Khrapunov and Ilyas Khrapunov*


TO:   Matthew L. Schwartz, Esq.
      Boies, Schiller & Flexner LLP
      575 Lexington Avenue
      New York, NY 10022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2017, a true and correct copy of the Khrapunovs'

Responses to Crossclaim Plaintiffs' Third Request for the Production of Documents was served

by electronic mail on all of the following:

> Matthew L. Schwartz
> Peter M. Skinner
> Daniel Boyle
> Craig Wenner
> BOIES, SCHILLER & FLEXNER LLP
> 575 Lexington Avenue
> New York, NY 10022
> mlschwartz@BSFLLP.com
> pskinner@BSFLLP.com
> dboyle@BSFLLP.com
> cwenner@BSFLLP.com
> *Counsel for BTA/Almaty*
>
> Deborah A. Skakel
> Alex E. Hassid
> Robyn L. Michaelson
> BLANK ROME LLP
> 405 Lexington Avenue
> New York, NY 10174
> dskakel@blankrome.com
> ahassid@blankrome.com
> rmichaelson@blankrome.com
> *Counsel for Triadou SPV S.A.*
>
> Jonathan D. Cogan
> KOBRE & KIM LLP
> 800 Third Avenue
> New York, NY 10022
> jonathan.cogan@kobrekim.com
> *Agents for Service for Mukhtar Ablyazov*

Dated: New York, New York
      August 16, 2017

                                 /s/ Allison Angel_____

                                  ALLISON ANGEL