

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

January 16, 2018

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

   Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
     **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

   We represent the City of Almaty, Kazakhstan and BTA Bank ("the Kazakh Entities"). We write to provide an update to the Court regarding the depositions of the individual defendants, and to make certain applications with respect to the discovery schedule in this case.

   By order dated November 20, 2017, the Court ordered counsel for the Khrapunovs to "update the Court by letter filed on ECF as to when the depositions of Ilyas and Viktor Khrapunov will take place, and whether the Swiss authorities will permit an expansion of topics to be covered such that the Khrapunovs may be questioned during their depositions on the subjects raised during the November 17, 2017 evidentiary hearing."  [ECF No. 470].  The Court's November 20, 2018 Order also scheduled oral argument on the Kazakh Entities' sanctions motion for this Thursday, January 18, 2018.  *Id.*

   The depositions of Viktor and Ilyas Khrapunov have now been scheduled to take place in Switzerland during the week of January 29, 2018.  Moreover, all parties and their U.S. and Swiss counsel are in agreement that the topics raised at the November 17 hearing fall within the scope of the original Hague Convention request, so that no additional process should be necessary to question the defendants on those subjects.  Barring unforeseen events, therefore, it seems that the Khrapunovs will be deposed in the next several weeks, and their testimony on the sanctions motion completed.  That being so, while the Kazakh Entities are more than prepared to go forward with the oral argument this week, and the Kazakh Entities believe that the Court can decide the motion without reference to the Khrapunovs' cross-examination, we would have no objection to postponing the argument until after the depositions, if the Court deemed it appropriate.

   With respect to Mukhtar Ablyazov, the Kazakh Entities were informed this past week that the Hague Convention request to take Mr. Ablyazov's deposition has been transmitted from the French Central Authority to the tribunal de grande instance d'Aix-en-Provence, based upon the address for service of process provided by Mr. Ablyazov.  The TGI d'Aix-en-Provence (as we are told it is called) will then summon Mr. Ablyazov to give testimony.  Thus, while we do



not yet have a date for Mr. Ablyazov's deposition, it does appear to be with the local court and progress is being made.[1]

In light of these developments, the parties agree that an extension of the discovery schedule is necessary, although there is not agreement about the appropriate contours of the extension.  The Kazakh Entities believe that a discovery extension of 60-90 days is appropriate to ensure that the individual defendants may be deposed and that any remaining discovery can be conducted.  The Kazakh Entities believe that any limitation on the scope of a discovery extension (as we expect Triadou to urge) is inappropriate at this point, as the depositions of the individual defendants – the three most important witnesses in this case – are sure to reveal information that will require the Kazakh Entities to follow up, either by pursuing leads generated from the deposition or by securing evidence that will impeach or put a lie to their testimony.   Likewise, the Kazakh Entities learned at a recent deposition[2] that Gennady Petalin – whom the defendants contend provided the source of funds for Triadou's U.S. investments in this case – is in the United States, and has now been served with a deposition subpoena.  Mr. Petalin, who was represented by the Khrapunovs' lawyers at the time he was served, has recently retained his own lawyer and his deposition has yet to be scheduled.  He is a critical witness for obvious reasons, and the Kazakh Entities are likely to need to take additional discovery following his deposition.

All parties are in agreement on two additional items.

*First*, whatever discovery extension the Court orders, the parties agree that the Court should set the deadline for the issuance of request to admit and contention interrogatories on the last day of fact discovery.  Right now, those things are due 30 days prior to the end of discovery.

*Second*, the parties have agreed to request that the Court postpone the settlement conference presently scheduled for January 24, 2018, to a date shortly after the new discovery cut-off.

In sum, therefore, the Kazakh Entities respectfully request that the Court (1) extend the current fact discovery deadline, (2) set the due date for RFAs and contention interrogatories as the last day of fact discovery, (3) reschedule the settlement conference to a date shortly after the last day of fact discovery, and (4) if the Court wishes, reschedule the oral argument on the Kazakh Entities' sanctions motions to a date shortly after the Khrapunovs' depositions.

Thank you for your consideration of these requests.

Respectfully,

 /s/  Matthew L. Schwartz
Matthew L. Schwartz

---

[1]     The Kazakh Entities are also aware that the French Code of Civil Procedure has recently been amended with respect to the taking of foreign discovery, and the Kazakh Entities are exploring whether there may be ways to further expedite Mr. Ablyazov's testimony.

[2]     This is just one example of the sort of follow-up that may be necessary after a critical deposition.