

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

January 16, 2018

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

      Re:    ***City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,**
             **Case No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

      We represent Triadou SPV S.A. ("Triadou") and submit this letter in response to the January 16, 2018 letter filed by the City of Almaty and BTA Bank (together, "Almaty/BTA") in connection with the parties' joint request to extend the fact discovery deadline. (ECF 531). While Triadou agrees in principle that an extension of the fact discovery deadline is warranted, Triadou also believes that (a) the extension should be limited to 60 days; (b) this should be the final extension of the fact discovery deadline; and (c) the scope of this extension should be limited to permitting the parties to conduct the depositions of the Individual Defendants and to complete outstanding document collection and production from, and the depositions of, third-parties who are already subject to subpoenas.[1] Accordingly, Triadou proposes that the fact discovery deadline should be extended 60 days, from February 9, 2018 to April 10, 2018, and that the scope of the extension should be limited as described below.

      Fact discovery has already been extended three times for a total of ten (10) additional months. Thus, fact discovery, which originally opened in August 2016 and was originally scheduled to close after nine (9) months on April 3, 2017, (ECF 205), has actually persisted for 19 months, (*see* ECF 293, 329, 443). Further, if the Court grants the parties' latest request, the deadline for the close of fact discovery will have been extended for a full year.

      Next, there can be no dispute that thus far, substantial discovery has been conducted or is pending completion shortly. The parties have conducted ten (10) depositions to this point, and nine (9) more depositions have already been noticed, including the depositions of the Khrapunov defendants (at the end of January), Luigi Rosabianca (January 17), Mr. Ablyazov, Gennady Petelin,

---

[1] Triadou also confirms that it has joined in the request in Almaty/BTA's letter to extend the deadlines for serving requests for admission and contention interrogatories to the new fact-discovery cut-off date. (ECF 531).



The Honorable Katherine H. Parker
January 16, 2018
Page 2

Kevin Meyer, Felix Sater, Jody Hudson, and Aleksandr Udovenko. (*See* ECF 519 at 1-2; ECF 520). As to Mr. Ablyazov's deposition in particular, Almaty/BTA have represented that their Hague request was transmitted to the appropriate local province. (ECF 531 at 1-2). Additionally, the parties have issued several requests for production to each other (at least 15), as well as 18 notices of third-party discovery (14 from Almaty/BTA alone) that covered multiple entities and individuals seeking both documents and depositions. The parties' document requests and subpoenas have led to the production of thousands of documents, as well as several of the noticed (but pending) depositions referenced above.

In light of the sheer volume of discovery already conducted or which has been noticed and remains pending, Triadou requests that any extension of the fact discovery period be limited to those depositions and document collections/productions already pending from the list identified above. Almaty/BTA oppose this limitation for two reasons. First, they assert that the "depositions of the individual defendants – the three most important witnesses in this case – are sure to reveal information that will require the Kazakh Entities to follow up." (ECF 531 at 2). Second, they have raised concerns about scheduling the deposition of Gennady Petelin (a non-party) and follow-up after his deposition. Neither assertion presents a basis to extend discovery without any limitation.

First, as Almaty/BTA acknowledge, the Khrapunovs' depositions are due to go forward at the end of January, *within the current fact-discovery period*. Likewise, circumstances appear to be moving toward the scheduling of Mr. Ablyazov's deposition, though to the extent there is any concern about it being scheduled within the remaining fact discovery period (assuming a 60-day extension), Triadou has repeatedly agreed that the deposition can be conducted after the close of fact discovery (before summary judgment). Accordingly, Almaty/BTA will not be prejudiced if the Court agrees that this fact-discovery extension will be the last, and limits the extension to 60 days.

Second, Almaty/BTA's concerns regarding follow-up discovery are not well-founded. Depositions are often conducted at the end of discovery with no opportunity for follow-up, so there is no unfair or unusual prejudice to Almaty/BTA, especially where they have already had 19 months of fact discovery. That said, the Individual Defendants have been the subject of (and subject to)[2] voluminous discovery thus far, and it is not clear that their depositions will reveal information of such import to require burdening the parties with further discovery expense. Indeed, much of what Almaty/BTA have sought through subpoenas concerns a wide range of entities and people that purportedly relate to the Individual Defendants (though most of which are not relevant to the claims or defenses in this case).[3] Finally, as noted above, Triadou's proposed limitation still allows for the

---

[2] Almaty/BTA have already directed four requests for production to Ilyas Khrapunov, one request for production to Viktor Khrapunov, two sets of interrogatories each to the Khrapunov defendants, and a set of requests for admission to Ilyas Khrapunov.

[3] As this Court noted, "the key information needed in this case is information concerning the allegedly stolen funds that were used for the New York real estate investments." (ECF 337 at 6). Triadou's proposed limitations to an extension of fact discovery will not preclude Almaty/BTA from obtaining this information).



The Honorable Katherine H. Parker
January 16, 2018
Page 3

conduct of nine (9) more depositions and the information uncovered therein (*including the usual follow-up with the deponents concerning documents identified <u>during</u> their depositions*).

Furthermore, any uncertainty surrounding the conduct of follow-up discovery after the depositions of the Individual Defendants is of Almaty/BTA's own creation. Rather than file Hague Requests early in the original fact discovery period, Almaty/BTA chose to move to compel the Khrapunovs to sit for deposition in the United States, knowing full well the Khrapunovs' position that they could not travel to the United States. Similarly, after initially noticing Mr. Ablyazov's deposition on December 30, *2016*, and preparing and circulating a draft Hague request for his deposition in March 2017, Almaty/BTA waited until July 2017 to file their Hague request with Judge Nathan, (ECF 364), and did so only after Mr. Ablyazov's counsel sought to withdraw, (ECF 351). Almaty/BTA could easily have pursued these other avenues of scheduling contemporaneous with their motion practice, but did not. Triadou (and the other defendants) should not be forced to pay for (quite literally) Almaty/BTA's tactical choices.

Finally, with respect to Gennady Petelin's deposition, Triadou learned that Mr. Petelin resides in the United States at the same time as Almaty/BTA. Prior to that point, however, the parties had conducted discovery as though Mr. Petelin would not be available. Consequently, the discovery record is replete with documents regarding Mr. Petelin, and further, Triadou's proposed limitation on the scope of discovery includes Mr. Petelin's already-noticed deposition.

Accordingly, Triadou respectfully requests that the Court grant the parties' request for a final fact discovery extension; that the Court extend fact discovery for 60 days, from February 9 to April 10, 2018; and that the Court limit the scope of the extension to the depositions of the Individual Defendants and the third-party discovery that is already noticed and in process (both with respect to depositions and document collection/production).[4]

Respectfully submitted,

  s/ Deborah A. Skakel  
Deborah A. Skakel

cc:    All Counsel of Record (*via* ECF)

---

Rather, it will prevent further discovery related to Almaty/BTA's other asset recovery efforts that are not relevant here.

[4] While Triadou does not expect to participate in the oral argument scheduled for January 18, 2018, it has no objection to Almaty/BTA's request to postpone the argument.