


MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

January 19, 2018

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

**Re:** ***City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*****,**
**Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

We represent the City of Almaty, Kazakhstan and BTA Bank ("the Kazakh Entities"). We write in brief reply in further support of our clients' motion to compel the Khrapunovs to produce the Kazaword Archives. [ECF No. 538].

*First*, the Khrapunovs' opposition seriously misstates the state of play. In attempting to argue that the Kazakh Entities have not been prejudiced, they say:

> because the Khrapunovs are precluded from introducing the Kazaword documents with dispositive motions or at trial (ECF No. 369 at 10), they cannot be seen as attempting to "influence the decisionmaker" on any contested issue in this case. There is thus no prejudice to BTA/Almaty warranting subject matter waiver of the remaining Kazaword archives.

ECF No. 538, at 2. This assertion is almost directly opposite what the Court actually held in its July 28, 2017 Order. The Court in fact stated:

> To the extent certain hacked documents are needed in this action as trial exhibits or exhibits to a dispositive motion *and* the California suit has not been resolved, the Khrapunovs shall write to this Court or Judge Nathan, as appropriate, to seek further direction.

ECF No. 369, at 10 (emphasis added). The Court therefore <u>*did not*</u> preclude the Khrapunovs from using hacked documents at trial or summary judgment, but expressly reserved decision on the issue, in the event the California hacking suit was still pending. If the California suit is not re-filed or the dismissal appealed,[1] nothing in the Court's July 28 Order would restrict the Khrapunovs at all.[2] Moreover, the July 28, 2017 Order already permits the Defendants to use the

---

[1] The Kazakh Entities understand that the California suit was recently dismissed without prejudice on jurisdictional grounds, with leave to file an amended pleading within 30 days. At the time of this writing, the Republic of Kazakhstan's time to appeal or re-plead has not yet run.

[2] Subsequent to that Order, as the Court is aware, the Kazakh Entities obtained non-hearsay evidence linking Ilyas Khrapunov to the hacking in question, so further briefing would likely be necessary.





hacked documents to frame questions and refresh recollections. The Khrapunov's argument that they have been "precluded" from using the Kazaword Archives for all purposes is thus totally wrong. Indeed, because the Court's July 28 Order leaves open avenues for the Defendants to use the hacked documents, the Kazaword Archives must be produced, otherwise their contents may be used to ambush the Kazakh Entities in the future – as the Khrapunovs already tried to do once before. In doing so, they have put the contents of the Kazaword Archives at issue, and thus waived any work product protection.

*Second*, for similar reasons, even if the Khrapunovs have not waived any work product protection, the Kazakh Entities have substantial need for the Kazaword Archives so that they can adequately prepare to defend themselves against any documents the Khrapunovs may seek to introduce at trial or summary judgment. In addition, should the Court have any questions about whether the Kazakh Entities have a substantial need for the Kazaword Archives, the Kazakh Entities are prepared to make a compelling and detailed showing of substantial need to the Court *in camera*, so as not to tip the defendants about the Kazakh Entities' trial strategy. *See generally In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 184 (2d Cir. 2007) (*in camera* review appropriate where material would "reveal[] counsel's legal strategies"); *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984) (same, *as to* "work product, trial tactics, or legal theories").

For these reasons, and those stated in their motion to compel, the Kazakh Entities respectfully request that the Court order the Khrapunovs to produce the Kazaword Archives.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz