**BLANKROME**

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

*Phone:*   (212) 885-5148
*Fax:*     (917) 591-7897
*Email:*   dskakel@blankrome.com

February 20, 2018

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            **No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

      We represent Triadou SPV S.A. ("Triadou") and submit this letter in response to the letter-motion of the City of Almaty, Kazakhstan and BTA Bank (together, "Almaty/BTA") to compel the production of documents from non-parties Wells Fargo and Gennady Petelin. (ECF 546). While Triadou takes no position as to the relief requested, it submits this letter to correct serious mischaracterizations of the record contained in Almaty/BTA's letter-motion.

      First, Almaty/BTA obstinately continue to treat the four Crossclaim Defendants as indistinguishable and interchangeable. (*See, e.g.*, ECF 546 at 1 ("the defendants have been doing everything possible to prevent the Kazakh Entities" from gathering proof related to Petelin); *id.* ("[A]t the May 2016 evidentiary hearing before Judge Nathan, the defendants first articulated what has become their theory of this case"); *id.* at 3 (referring to a "systematic effort by the Defendants to prevent the plaintiffs from testing the truth" of Petelin's involvement). Triadou has objected to this improper aggregation on several occasions, given the resulting lack of clarity in Almaty/BTA's arguments that often leads to inaccuracies. For example, here, Almaty/BTA argue that "defendants first articulated" Mr. Petelin's involvement at the May 2016 evidentiary hearing, but neither the Khrapunovs nor Mr. Ablyazov participated in that hearing or had even appeared in the case at that time. (*See* ECF 546 at 1).

      Second, Almaty/BTA accuse Triadou of seeking to conceal Mr. Petelin's whereabouts, pointing to Triadou's Rule 26 Initial Disclosures in which it identified a Russian address for Mr. Petelin. (ECF 546 at 2). Such rank conjecture has become commonplace in Almaty/BTA's filings, and the Court should ignore it here, particularly where Almaty/BTA conveniently omit that their own Initial Disclosures served on the same day listed the same address. (Ex. 1 at 4). In any event, that address was the best information available to Triadou at the time, and by providing the information, Triadou fully complied with both the letter and spirit of its discovery obligations. (*See* ECF 156-2 at 2 (the Telford Trust Nominee Services Agreement, identifying Elena Petelina's

BLANKROME

The Honorable Katherine H. Parker
February 20, 2018
Page 2

address in Russia, and which was filed and used in connection with the May 2016 evidentiary hearing)). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Third, the Court should take Almaty/BTA's description of the evidentiary record with a grain (or perhaps a full shaker) of salt.[1] For example, Almaty/BTA claim that Marc Gillieron testified that ████████████████████████████████████████████████████████████████████████ (ECF 546 at 2 n.3 (emphasis added)). This description is absurd. ████████████████████████████████████████████████████████████████████████████████████████████. Almaty/BTA offer no factual or legal support for the proposition that ████████████████████████████████████████████████████████████████████████████████████, where this Court explicitly *rejected Almaty/BTA's motion to compel such production*. (ECF 536 at 3 ("To the extent Plaintiffs seek Gillieron's personal notes of a meeting he attended with an entity named FBME, he shall not be required to produce these notes.")).[2]

Fourth, Almaty/BTA again rely heavily on Judge Nathan's pre-discovery, preliminary findings that resulted from the May 2016 attachment hearing in which neither the Khrapunovs nor Mr. Ablyazov participated. Judge Nathan herself acknowledged that her findings were "not conclusive," (*see* ECF 175 at 3), and the law is clear that decisions relating to preliminary injunctive relief "[do] not preclude the parties in any way from litigating the merits of the case," *DiLaura v. Power Authority of State of N.Y.*, 982 F.2d 73, 77 (2d Cir. 1992) (describing the nature of such findings as "preliminary and summary"). Nonetheless, it is no surprise that Almaty/BTA continue to rely on those findings since, after 18 months of fact discovery, they have little else to show beyond the testimony and documents of individuals with clear bias against Triadou and Ilyas Khrapunov – bias that was not revealed to Judge Nathan at the time of the hearing.

Finally, Almaty/BTA's letter neglects to mention that they scheduled Mr. Petelin's deposition for February 26, 2018, and alerted Triadou and the other defendants of that date on February 6, 2018, while waiting nine days to file their letter-motion to compel. Further, in response

---

[1] To avoid burdening the Court, Triadou has not provided detailed corrections of all of Almaty/BTA's mischaracterizations of the record. Instead, Triadou has identified a clear example of the inaccuracy that is undermined by the very testimony Almaty/BTA cite.

[2] Almaty/BTA also refer to ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

BLANKROME

The Honorable Katherine H. Parker
February 20, 2018
Page 3

to Triadou's request to conduct some examination of Mr. Petelin – whom Almaty/BTA spend six pages arguing is an essential witness – Almaty/BTA replied that "they do not agree that Triadou is entitled to question Petelin at the deposition or use Petelin's deposition testimony in this case." Almaty/BTA have offered no basis for either position, (Ex. 2),[3] and their effort to prevent Triadou from participating in this important discovery is strikingly inconsistent with the complaints in Almaty/BTA's letter-motion.

                                        Respectfully submitted,

                                        *s/ Deborah A. Skakel*
                                        Deborah A. Skakel

---

[3] Counsel for Triadou has followed up to request the basis, but as of the filing of this letter, has not received a response from counsel for Almaty/BTA.