

10 East 40th Street  
New York, New York 10016

Tel  212.689.8808  
Fax  212.689.5101  
www.hnrklaw.com

jkenney@hnrklaw.com

February 21, 2018

**VIA ECF**

The Honorable Katharine H. Parker  
United States Magistrate Judge  
Southern District of New York  
500 Pearl Street, Room 1950  
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,*  
Case No. 15-CV-5345 (AJN)

Dear Judge Parker:

We represent Viktor and Ilyas Khrapunov (the "Khrapunovs") in the above-referenced matter. We do not represent either Elena or Gennady Petelin in this case and thus take no position on the relief requested in BTA/Almaty's February 15, 2018 letter motion to compel (ECF No. 546). However, we write to correct inaccuracies and misstatements made by BTA/Almaty's counsel.

BTA/Almaty incorrectly suggests that our firm represented and remained in contact with the Petelins throughout this litigation. Our firm represented Elena and Gennady Petelin for the limited purpose of quashing/modifying the Wells Fargo subpoena served by BTA/Almaty on February 24, 2017. Following the Court's decision on the motion, our representation of the Petelins ceased. We thereafter represented Elena Petelina at her December 18, 2017 deposition, after she had been served by counsel for BTA/Almaty with a subpoena in October 2017. Our only subsequent interaction with Mr. Petelin has been to accept service of the subpoenas served on him by BTA/Almaty on December 21, 2017, as a convenience to opposing counsel. Following acceptance of service of the subpoenas, Mr. Petelin retained local counsel to represent him. Mr. Petelin's counsel is Eugene Illovsky of the Illovsky Law Office. He practices in Oakland, California.

Neither our firm nor Khrapunovs are aware of any attempt to prevent or otherwise interfere with BTA/Almaty's ability to seek discovery from the Petelins. BTA/Almaty's letter suggests discovery was inhibited by our refusing to disclose the Petelins' location (ECF No. 546 at 3). We disclosed the Petelins on our Rule 26 disclosures as witnesses who potentially had information related to the case, but because we did not know the Petelins' address, we noted "address unknown." In mid-September of 2017, BTA/Almaty advised the counsel group of their intention to depose Ms. Petelina. We did not know her current address at that time, as we had not been in contact with either of the Petelins since resolution of the initial Wells Fargo subpoena over six months earlier, and thus were unable to provide this information when BTA/Almaty inquired. ████████████████████████████████████████████████████████████████ We learned of Ms. Petelina's current address from the subpoena that BTA/Almaty ultimately served



on her in October 2017. *See, Exhibit B,* Oct. 31, 2017 email from Daniel Boyle enclosing subpoena and affidavit of service. That BTA/Almaty was able to locate and serve Ms. Petelina at her current home within weeks of her moving there strongly undermines the "months of dogged investigation" they claim to have endured in procuring her deposition. In total, less than three months elapsed between BTA/Almaty's initial request for Ms. Petelina's address and the date on which her ████████ deposition actually occurred. This is hardly the foot dragging, prejudicial scenario complained of in their letter.

Our firm became aware that Gennady Petelin was also living in ████████ while meeting with Ms. Petelina to prepare for her December 18, 2017 deposition. BTA/Almaty emailed subpoenas for Gennady Petelin to the counsel group on December 21, 2017, and our firm accepted service on his behalf. Shortly thereafter, Mr. Petelin retained outside counsel.

BTA/Almaty's assertion that there is no evidence showing ████████ to be the source of funding for Triadou's US investments is incorrect. Documents exchanged during discovery establish that Elena and/or Gennady Petelin are owners of ████████████████████████ ████████████████████████████████████ at issue in this case. These documents were produced to BTA/Almaty by the General Directorate of the United Arab Emirates Police, the City of Almaty Mayor's Office, the Republic of Kazakhstan Financial Police and the Republic of Cyprus Ministry of Justice, and provided to the parties by Plaintiffs' counsel. As counsel for the Khrapunovs, we are confident that this evidence will establish that fact at trial.

Counsel for the plaintiffs cites comments by Judge Nathan regarding the credibility of certain witnesses at a hearing on May 19, 2016. The Khrapunovs were not present at this proceeding and were not parties in this action at that time. For this reason, counsel's argument is both inappropriate and unfair to the Khrapunovs.

There is additional third party evidence in discovery establishing ████████ ████████████. For example, Plaintiffs deposed Marc Gillieron, Esq., a partner at Chabrier Avocats, an established Swiss law firm in Geneva and counsel to Triadou, on October 3, 2017. Mr. Gillieron testified ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████

In addition, BTA/Almaty's motion misstates Elena Petelina's deposition testimony. In their brief, counsel for BTA/Almaty claim Ms. Petelina "████████████████████████ ████████████████████████████████████████████████████████████ In reality, Ms. Petelina testified that ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ I prepared Ms.

The Honorable Katharine H. Parker
February 21, 2018
Page 3



Petelina for her deposition, in person, in California, with the assistance of a professional translator. Ilyas Khrapunov was not present or involved in this meeting.

BTA/Almaty overstates the level of funding that ▓▓▓ connection with the real estate transactions at issue in this case. ▓▓▓ Documents produced during discovery establish that ▓▓▓. This number is far from the $▓▓▓ in BTA/Almaty's letter.

Finally, Plaintiffs' counsel repeatedly claims that it has not received sufficient documents from defendant Ilyas Khrapunov. Counsel does not mention that Ilyas Khrapunov's principal company, Swiss Development Group (or "SDG"), which is not a party to this case, was sold in March of 2013. Ilyas Khrapunov was not brought into this case until June of 2016, more than three years after he relinquished ownership of SDG. Accordingly, he is no longer in possession of many of the documents sought by Plaintiffs' counsel.

Respectfully submitted,

John J. Kenney

cc: Counsel of Record (*by email*)