

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

February 22, 2018

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank ("the Kazakh Entities"). We write in brief reply to the oppositions filed by Elena & Gennady Petelin [ECF No. 553], and Viktor & Ilyas Khrapunov [ECF No. 554] to the Kazakh Entities' motions to compel documents related to non-party Gennady Petelin. [ECF No. 546].[1]

      *First*, we note that both the Khrapunovs' and the Petelins' oppositions were filed within fifteen minutes of each other late on February 21st. This timing is simply more proof that the Khrapunovs and Mr. Petelin are continuing to coordinate here, even though they no longer share counsel. In any event, nowhere in their opposition do the Khrapunovs deny that Ilyas and Viktor Khrapunov knew of Mr. Petelin's residence in the United States long before this case began – nor could they, as they admitted as much in their depositions. Rather, the Khrapunovs' response argues that *their counsel* did not know where the Petelins resided when they served their clients' plainly-misleading Rule 26 disclosures. *See, e.g.*, ECF No. 554, at 2 ("*Our firm* became aware that Gennady Petelin was also living in California while meeting with Ms. Petelina to prepare for her December 18, 2017 deposition." (emphasis added)). But Rule 26 disclosures concern a party's knowledge, not that of its counsel, and this is ultimately more proof that Ilyas Khrapunov has been keeping information from his counsel in order to obstruct discovery. *See generally* Fed. R. Civ. P. 26(a)(1)(A).

      *Second*, the Khrapunovs' counsels' acknowledgment that they "accept[ed] service of the subpoenas served on [Mr. Petelin] by BTA/Almaty on December 21, 2017" provides yet another reason to grant the Kazakh Entities' motion to compel. [ECF No. 554, at 1]. Under Rule 45(d)(2)(B), Mr. Petelin's objections were due on January 4, 2018 (14 days after the subpoena was served). Mr. Petelin did not respond until January 19, thereby waiving any objections he might have had; he should therefore be compelled to respond. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("failure to serve written objections to a

---

[1]     Defendant Triadou SPV S.A. also submitted a response to the Kazakh Entities' motion, in which it took no position on the relief requested. [ECF No. 549]. Instead, the primary purpose of Triadou's letter was to make various arguments about the evidentiary record. The Kazakh Entities will not burden the Court with responding to Triadou's arguments that are not relevant to the motion to compel, except to say that we are confident that the Kazakh Entities' version of events will be borne out at trial.



subpoena within the time specified by [Rule 45] typically constitutes a waiver of such objections."); *Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, No. 09 Civ. 0121(SJF)(ARL), 2016 WL 3080807, at *7 (E.D.N.Y. May 27, 2016) ("Since Amodeo did not raise any timely objections to plaintiffs' September Subpoena, or timely move to quash it, he waived his right to object to the September Subpoena."); *see also* ECF No. 546 at 6 n.8.

*Third*, because Mr. Petelin appeared in this case, submitted sworn testimony [ECF No. 299-1], and moved to quash discovery previously, he is without a doubt subject to the jurisdiction of this Court, and should be compelled to comply with the subpoena served on him. Mr. Petelin's argument that a miscellaneous proceeding should first be brought in California is simply more delay, as any motion to compel brought in California would inevitably be transferred back to this Court, where he is already litigating the Wells Fargo subpoena. *See Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-CV-01277-JAD-NJ, 2015 WL 4918065, at *4 (D. Nev. Aug. 18, 2015) (observing that "[t]here is some force to [the] argument" that non-party impliedly waived transfer arguments by filing a motion to quash before the issuing court). There is simply no reason to waste judicial resources by litigating these issues in two federal courts at once, particularly where Mr. Petelin has already appeared here, this Court is already familiar with this complex matter, and this Court has already made rulings directly relevant to the subpoenas. Mr. Petelin's demand to split the dispute concerning his discovery between two courts suggests that he has signed on to the Khrapunovs' strategy of obstruction and delay.[2]

*Finally*, the Kazakh Entities write to update the Court with respect to the timing of Mr. Petelin's deposition. Mr. Petelin's deposition is currently scheduled to take place no earlier than March 5, 2018, but that date is almost certainly contingent on the Court's decision on the pending motions to compel, as the parties will need sufficient time to review any records Mr. Petelin is ordered to produce in advance of his deposition. Accordingly, the Kazakh Entities respectfully request expedited treatment of these motions, which are now fully-submitted. If the Court is inclined to hear argument, the Kazakh Entities respectfully suggest that it may be appropriate to convene a teleconference, as the Petelins' lawyer is based in Oakland, California.

Thank you for your consideration.

Respectfully,

  /s/ Matthew L. Schwartz
Matthew L. Schwartz

---

[2] If the Court were to nevertheless find that the dispute concerning the document subpoena to Mr. Petelin must first be heard in the Central District of California, the Kazakh Entities respectfully request that the Court transfer their motion to compel a response from Mr. Petelin to California under 28 U.S.C. § 1631. Transfer of the motion is preferable to dismissal. *See, e.g.*, *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *5 (D. Nev. Aug. 15, 2014) (transferring "subpoena-related motions to the Northern District of California to the extent they relate to the Individual Respondents to avoid further delay in resolving the underlying discovery dispute"). The Kazakh Entities will then file a motion to transfer the matter back to this Court under Rule 45. In any case, the Wells Fargo subpoena is undisputedly properly before Your Honor.