ILLOVSKY LAW OFFICE

1611 TELEGRAPH AVENUE
SUITE 806
OAKLAND, CALIFORNIA 94612

t 510.394.5885
m 925.699.2826

eugene@illovskylaw.com
www.illovskylaw.com

February 23, 2018

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007
Parker_NYSDChambers@nysd.uscourts.gov

      Re: <u>City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.</u>
           Case No. 15-Civ. 5345 KHP

Dear Judge Parker:

I represent non-party Gennady Petelin, the subject of a motion by the Kazakh Entities to compel compliance with a non-party subpoena duces tecum. (ECF No. 546). This letter is filed as a brief response to a point raised in a reply the Kazakh Entities filed with the Court yesterday. (ECF No. 555).

Mr. Petelin has pointed the Court to the clear rule protecting non-parties, which requires the motion to compel to be heard in the Central District of California (and not in this District) because that is where compliance with the subpoena is required. Rule 45(d)(2)(B)(i).[1] (ECF No. 553).

The Kazakh Entities argue that Mr. Petelin waived his objections under Rule 45 because of when his responses and objections to the subpoena were served. First, while there is good cause to allow his responses and objections to be deemed as timely, the question of waiver is in any event an issue of subpoena enforcement and should be decided by "the court for the district where compliance is required." Rule 45(d)(2)(B)(i). The Kazakh Entities should not be able to circumvent Rule 45's protections by raising a waiver argument in the wrong venue. Second, it should be noted that Mr. Petelin has been diligent and in good faith and that good cause exists to excuse this non-party's

---

[1] Since the Kazakh Entities' letter raises new arguments, I respectfully seek leave to file this letter in response. This letter brief should not considered as consent to this venue.

ILLOVSKY LAW OFFICE

Hon. Katharine H. Parker
February 23, 2018
Page 2 of 2

delay in responding to the overbroad subpoena. See, e.g., *Homeward Residential, Inc. v. Sand Canyon Corp.*, 2017 U.S. Dist. LEXIS 171685 at *49, 2017 WL 4676806 (S.D.N.Y. 2017). The Kazakh Entities say Mr. Petelin's prior counsel was served on December 21, 2017 and that the responses and objections were due on January 4, 2018. Mr. Petelin was, however, in the process during that period of obtaining new counsel. The undersigned learned of the case on January 11 and phoned Mr. Wenner, counsel for the Kazakh Entities on January 12. I told him I would move quickly and get him Mr. Petelin's responses and objections in a week. Mr. Wenner also provided me with the protective order, which I returned to him on January 16. The responses and objections were provided on January 19.

Finally, the Kazakh Entities say that even if the Court does find that this motion "must first be heard in the Central District of California," they ask the Court to transfer their motion under 28 U.S.C. § 1631 rather than dismiss it. The Court should reject this request, which is supposedly meant to "avoid further delay." (ECF No. 555, n.2). The Kazakh Entities' motion should not have been filed in this District. Any claimed urgency here comes from their having disregarded Rule 45 in the first place.[2]

The Kazakh Entities' citation to *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 U.S. Dist. LEXIS 114348, 2014 WL 4079555 (D. Nev. 2014) is pertinent here only to the extent that the case notes a transfer under Section 1631 may be made when such transfer is "generally in the interest of justice." 2014 U.S. Dist LEXIS 114348 at *13. They have made no such showing. They should have to file their motion as a miscellaneous action in the Central District, as Rule 45 clearly mandates.

I respectfully ask the Court to deny and dismiss the motion to compel so that its attendant issues may be heard in the proper venue.

Respectfully Submitted,

Eugene Illovsky

---

[2] Although Mr. Petelin's deposition is now set for March 5, that should not create an urgency. Mr. Petelin is amenable to moving the deposition date to suit any motion schedule set in the Central District of California.