USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

                               Plaintiffs,

                       -against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

                               Defendants.

**OPINION AND ORDER**

1:15-cv-05345 (AJN) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs City Of Almaty, Kazakhstan and BTA Bank JSC ("Plaintiffs") move to compel Wells Fargo Bank, N.A. ("Wells Fargo") to produce unredacted bank records for Gennady Petelin ("Petelin"), a non-party to this action, and his wife, Elena Petelin (together with Petelin, the "Petelins"). (Doc. No. 546.) Plaintiffs also request an order compelling Petelin to produce records in response to a subpoena served upon him by Plaintiffs. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

      The Court assumes the readers' familiarity with the facts of this case and sets forth only those facts relevant to this motion. In this action, Plaintiffs contend that Defendants Viktor Khrapunov and Mukhtar Ablyazov embezzled billions of dollars from Plaintiffs and laundered some of those stolen funds into New York real estate through a company named Triadou. Defendant Triadou maintains that its investments were not funded by stolen funds, but rather by loans from a shell company named Telford International Limited ("Telford"), which is owned and funded by the Petelins. In light of this assertion by Triadou, Plaintiffs served a subpoena on

1

Wells Fargo, where the Petelins maintain bank accounts, seeking evidence concerning the source of the Petelins' and Triadou's funding for the New York real estate investments. In April 2017, the Petelins moved to quash the subpoena as overly broad and an invasion of their privacy interests. (Doc. No. 299.)

On May 5, 2017, this Court held that the Petelins' finances are directly relevant to the Defendants' defenses in this action. (Doc. No. 325.) The Court narrowed the scope of the subpoena, however, and ordered Wells Fargo to produce, among other things, wire transfers and account activity for specifically identified accounts between, on one hand, the Petelins' accounts and, on the other hand, Telford, Triadou, and the named entities whose accounts have been frozen by U.K. Courts in other proceedings related to the allegedly embezzled funds. The Court also directed Plaintiffs to provide a list to Wells Fargo of the entities whose accounts have been frozen by U.K. Courts. The Court further directed Wells Fargo to redact banking transactions outside the scope of its Order.

Plaintiffs now argue that the Court should order Wells Fargo to produce the Petelins' unredacted bank records because subsequent discovery has shown that the original redacted production was insufficient and because Defendants have somehow put the Petelins' entire net worth at issue. Plaintiffs also served a subpoena on Petelin on December 21, 2017 seeking documents related to numerous individuals, including Defendants, and several companies purportedly owned by or connected to the Petelins. The subpoena identifies Petelin at a California address and commands him to produce documents at Plaintiffs' counsel's Santa Monica, California office. Plaintiffs argue that Petelin has not yet responded to the subpoena and they therefore move to compel a response.

**DISCUSSION**

Turning first to Plaintiffs' motion to compel Wells Fargo to produce the Petelins' unredacted bank records, the Court finds that for the same reasons discussed in the Court's May 5, 2017 Order, the Petelins' finances are relevant to this action but Plaintiffs' request for unredacted bank records is overly broad and, at this point, an unwarranted intrusion of the Petelins' privacy. Accordingly, Plaintiffs shall identify specific additional entities they believe are connected to the Petelins' funds allegedly used to pay for the New York real estate investments at issue in this matter. Wells Fargo shall then unredact bank records, if any, concerning those entities as it similarly did in response to the Courts May 5, 2017 Order. Plaintiffs shall identify those additional entities within one week of this Order, and Wells Fargo shall have fourteen business days to provide an updated response.

With respect to the subpoena served on Petelin, Rule 45 of the Federal Rules of Civil Procedure directs Plaintiffs, as the serving party, to file any motion for compliance with the subpoena in the district where compliance is required—in this case, the Central District of California. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district where compliance is required for an order compelling production or inspection"). Thus, Plaintiffs' motion to compel a response to the subpoena is denied without prejudice to refiling it in the proper venue. *See JMC Rest. Holdings, LLC v. Pevida*, No. 14-cv-6157 (WFK) (VMS), 2015 WL 2240492, at *5 (E.D.N.Y. May 12, 2015).

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART. Plaintiffs are directed to provide Wells Fargo with an updated list of entities in

accordance with this Order within one week, and Wells Fargo is directed to lift redactions of information relevant to those additional entities within fourteen days thereafter.

SO ORDERED.

Dated: February 28, 2018
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge