# HOGUET NEWMAN
# REGAL & KENNEY, LLP

10 East 40th Street          Tel   212.689.8808
New York, New York 10016     Fax   212.689.5101
                             www.hnrklaw.com

jkenney@hnrklaw.com

March 16, 2018

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:    City of Almaty, Kazahkstan, et al. v. Mukhtar Ablyazov, et al., Case No. 1:15-cv-05345-AJN-KHP**

Dear Judge Parker,

Our firm represents Viktor Khrapunov and Ilyas Khrapunov, defendants in the above-referenced matter. This letter motion is made pursuant to Local Civil Rule 6.3 for partial reconsideration of a part of the Court's opinion on Plaintiffs' motion for sanctions, dated March 5, 2018 (ECF No. 564).

We refer to the opinion at page 12 which reads as follows:

> "Ilyas Khrapunov has played games with this Court in the past, and his violation of the Confidentiality Order here is simply another example of this behavior. For example, after Plaintiffs filed a motion requesting the evidentiary hearing, the Khrapunovs submitted an affidavit and volunteered to appear by phone during any such hearing, presumably to bolster their credibility while the Court was deciding whether to hold an evidentiary hearing. But days before the scheduled hearing, the Khrapunovs retracted their offer to appear via telephone, citing a provision of Swiss law preventing them from being cross-examined by phone—a law about which they likely were already aware given past disputes about their leaving Switzerland to be deposed."

We respectfully submit that this paragraph is not correct. Our understanding of the relevant facts is as follows:

Judge Parker
March 16, 2018
Page 2

HOGUET NEWMAN
REGAL & KENNEY,LLP

On October 30, 2017, Plaintiffs asked the Court for an evidentiary hearing to determine who was responsible for an alleged lead of the Rakishev transcript. We opposed that request on November 2. Because the Khrapunovs reside in Switzerland and cannot travel internationally, we asked that, in the alternative, Mr. Khrapunov be permitted to testify by phone at any hearing.

On Monday, November 6, 2017, the Court issued an order scheduling the evidentiary hearing requested by the Plaintiffs' counsel, for Friday, November 17 at 10am (ECF No. 458) (the "November 6 Order"), annexed hereto as Exhibit 1. The order contained the following direction, "To the extent the parties wish to present witnesses by telephone and/or video, they must make the application no later than November 8, 2017."

On Wednesday, November 8, in accordance with the Court's November 6 Order, our firm wrote to the Court requesting "permission for our clients to appear at the November 17, 2017 evidentiary hearing by telephone." ECF No. 459, annexed hereto as Exhibit 2. At that time, we had not yet been in touch about this issue either with the Khrapunovs or with the Swiss counsel upon whom we rely for advice on Swiss law. The request was nonetheless filed to preserve our clients' right to appear and contest the Plaintiffs' allegations, should Swiss law so permit.

On Tuesday, November 14, we were advised by Swiss counsel that Swiss law did not permit Ilyas and Viktor Khrapunov to participate in the hearing by telephone. Counsel's advice was quite clear: whether the Khrapunovs consented to participate was not relevant because the conduct of a hearing by a foreign authority or foreign lawyer by video conference of witnesses or parties who are physically located in Switzerland constitute an act by a public authority on Swiss territory, and as such is illegal unless authorized. We were further advised that, for this purpose, there is no distinction between a hearing by videoconference and a hearing by telephone.

Upon receiving this advice on November 14, we immediately filed a letter with the Court advising that the Khrapunovs were not legally permitted to participate in the upcoming evidentiary hearing. ECF No. 463 at 1, annexed hereto as Exhibit 3. In that letter, we proposed several alternatives for obtaining the Khrapunovs' testimony on the subject of the Rakishev Transcript leak, including adding the issue to the list of approved topics that could be raised in



the then-planned Hague Convention depositions in Geneva, Switzerland in early 2018. We reiterated this request at the evidentiary hearing and, with the consent of our clients and the assistance of Swiss counsel, permitted questioning of both Ilyas and Viktor Khrapunov on the issues related to the sanctions hearing. Portions of this testimony were introduced by Plaintiffs' counsel during oral argument on the sanctions motion.

In short, the request to appear by telephone at the evidentiary hearing was not the sort of gamesmanship suggested by Plaintiffs. The Khrapunovs themselves were not included in the decision to request a telephonic appearance; rather, the request was a good faith attempt on counsel's part to preserve the Khrapunovs' ability to answer the Plaintiffs' accusations and, when we were advised that telephone testimony would not be permissible under Swiss law, we promptly advised the Court and then facilitated testimony on this issue during the Khrapunovs' previously-scheduled Hague depositions. We respectfully submit that there are no facts in the record or elsewhere to support the paragraph at page 12 and request that the quoted language be removed in an amended version of the Court's opinion of March 5, 2018.

Very truly yours,

John J. Kenney