# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| STEVEN W. GOLD<br>STEVEN G. MINTZ*<br>ALAN KATZ<br>JEFFREY D. POLLACK*<br>ELLIOT G. SAGOR<br>IRA LEE SORKIN<br>STEVEN A. SAMIDE<br>SCOTT A. KLEIN<br>TERENCE W. MCCORMICK<br>ROBERT B. LACHENAUER<br>KEVIN M. BROWN<br>ALEXANDER H. GARDNER<br>HEATH LORING<br>PETER GUIRGUIS<br>AMIT SONDHI*<br>TIMOTHY H. WOLF<br>ROBIN C. FRIED<br>RYAN W. LAWLER*<br>TIMOTHY J. QUILL, JR.<br>JULIA B. MILNE<br>ADAM D. FRIEDLAND<br>MARIA EVA GARCIA*<br>GABRIEL ALTMAN<br>PETER G. CAPACCHIONE | 600 THIRD AVENUE<br>25TH FLOOR<br>NEW YORK, NEW YORK 10016<br><br>TELEPHONE (212) 696-4848<br>FACSIMILE (212) 696-1231<br>www.mintzandgold.com | *SENIOR COUNSEL*<br>JACK A. HORN<br>NOREEN E. COSGROVE<br>MELANIE M. KOTLER<br><br>*OF COUNSEL*<br>HONORABLE VITO J. TITONE *(dec.)*<br>(NY State Court of Appeals 1985-1998)<br>HONORABLE HOWARD MILLER<br>(NY Appellate Div. 1999-2010 [ret.])<br>HARVEY J. HOROWITZ<br>NEAL M. GOLDMAN<br>ERIC M. KUTNER<br>ANDREW P. NAPOLITANO*<br><br>*ADMITTED TO PRACTICE ONLY BEFORE ALL<br>COURTS IN NEW JERSEY AND ALL FEDERAL COURTS<br>IN NEW YORK CITY |

*ALSO ADMITTED IN NEW JERSEY

March 23, 2018

<u>Via ECF</u>

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *City of Almaty, et al. v. Mukhtar Ablyazov, et al.*,
           <u>Case No. 1:15-cv-05345 (AJN) (KHP)</u>

Dear Judge Parker:

      This firm represents non-party Kevin Meyer, who was subpoenaed in the above-referenced action by Triadou SPV S.A. ("Triadou"). We write in response to the sealed March 20, 2016 letter-motion, submitted on behalf of Triadou, pursuant to Federal Rules of Civil Procedure 26(b)(5)(B) and 45(e)(2)(B), and Paragraph 16 of the Stipulated Protective Order (Dkt. No. 253, ¶ 16). By its motion, Triadou seeks to compel Mr. Meyer to produce a document Mr. Meyer inadvertently produced and subsequently clawed back. Triadou seeks this document despite an agreement amongst counsel to narrow the production to exclude emails from other

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Hon. Katharine H. Parker
March 23, 2018
Page 2 of 3

individuals' accounts,[1] and despite the fact it appears privileged. The clawed back document at issue is between other individuals and an attorney, Robert Wolf of the law firm Moses & Singer. As a non-party, Mr. Meyer has endeavored to cooperate with Triadou's subpoena, but he has limited resources and interest in the underlying matter and will not attempt to address each point in Triadou's overlength letter-motion.

As a preliminary matter, we are uncertain why this motion is even being submitted to the Court. Triadou cites to Rule 45(e)(2)(B), but apparently did not read the rule completely. The Rule states, in relevant part:

> (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and . . . may promptly present the information under seal *to the court for the district where compliance is required for a determination of the claim.*

Fed. R. Civ. P 45(e)(2)(B) (emphasis added).

The subpoena Triadou served on Mr. Meyer identifies the place of compliance as "Blank Rome LLP, One Logan Square, 130 North 18th Street Philadelphia, PA 19103." (*See* Dkt. No. 578-1.) Philadelphia is located in the Eastern District of Pennsylvania, making the United States District Court for the Eastern District of Pennsylvania the "court for the district where compliance is required" under Rule 45(e)(2)(B). For the reasons stated in Your Honor's Order of February 28, 2018, Triadou's motion must be denied. (*See* Dkt. No.560 at 3 ("Rule 45 of the Federal Rules of Civil Procedure directs Plaintiffs, as the serving party, to file any motion for compliance with the subpoena in the district where compliance is required").)[2]

---

[1] There is no dispute that counsel agreed that Mr. Meyer would not produce e-mails that Mr. Meyer could access in the e-mail accounts or .PST files of other individuals, specifically including Mr. Bourg and Mr. Foucher. (*See* Dkt. No. 578 at fn. 5.) I am informed that the metadata for the single e-mail at issue indicates that it came from a .PST file attributed to Mr. Meyer, but also does not indicate that Mr. Meyer was a sender or recipient. When asked, Triadou's vendor was unable to identify the source of that discrepancy.

[2] The Protective Order in this case does not supersede Rule 45 and save Triadou's motion. Rule 45 requires the "serving party" to file *"any motion* for compliance with the subpoena in the district where compliance is required...." (Dkt. No. 560, at 3 (emphasis added).) Paragraphs 16 and 17 of the Protective Order simply recognize that the Protective Order

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Hon. Katharine H. Parker
March 23, 2018
Page 3 of 3

  Substantively, the document appears privileged on its face. The communication is between counsel and clients, or potential clients, in connection with representation in this case, and also may be part of a joint defense communication. It appears to contain legal advice as well as suggestions that the non-attorney recipients were coordinating compliance with agreements and related litigation. Mr. Wolf has been alerted to this issue and can more knowledgeably address the privileged nature of the document.

  Mr. Meyer respectfully requests that Triadou's motion be dismissed or denied in its entirety.

            Respectfully submitted,

            *s/ Peter Guirguis*
            Peter Guirguis