# HOGUET NEWMAN REGAL & KENNEY, LLP

10 East 40th Street
New York, New York 10016

Tel 212.689.8808
Fax 212.689.5101
www.hnrklaw.com

jkenney@hnrklaw.com

March 23, 2018

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: City of Almaty, Kazahkstan, et al. v. Mukhtar Ablyazov, et al., Case No. 1:15-cv-05345-AJN-KHP

Dear Judge Parker:

Our firm represents Viktor and Ilyas Khrapunov in the above litigation. We write to raise our objections to BTA/Almaty's March 20, 2018 letter regarding production of documents from the Wells Fargo Bank account of non-party witness Gennady Petelin (ECF No. 579) in so far as it may affect our clients.

*First*, the Khrapunovs object to the repeated arguments by BTA/Almaty, "Petelin (and by extension, the defendants)." This firm does not represent Gennady Petelin. Mr. Petelin retained Eugene Illovsky, a California lawyer, to represent his interests in this matter. Mr. Illovsky is not associated with this firm and his decisions with respect to the representation of Mr. Petelin are his own and Mr.Petelin's.

*Second*, the Khrapunovs object to BTA/Almaty's request to make an *in camera* submission regarding the 170+ entities for which Wells Fargo records are sought; to the extent such production would involve allegations against either Viktor or Ilyas Khrapunov. Counsel for

HOGUET NEWMAN REGAL & KENNEY, LLP

the Khrapunovs should be included in such a disclosure and argument. The party seeking discovery bears the initial burden of proving the discovery is relevant in the present case. *Citizens Union of City of New York v. Atty. Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). The Khrapunovs, parties in this action, are entitled to be represented during BTA/Almaty's argument on relevance in order to evaluate and, if necessary, object to Plaintiffs' representations. This is necessary here in light of BTA/Almaty's propensity to make unfounded allegations as facts, on display in the March 20, 2018 letter. *See*, ECF No. 579 at 3, wherein Plaintiffs cite unproven allegations of fraud as evidence of "Ilyas's *modus operandi* of falsely identifying the ultimate beneficial owners of entities to serve his purposes."

*Third*, the Khrapunovs object to the Plaintiffs' requests as they appear to violate the Court's rulings against using discovery in this case to be used in other matters. On February 28, 2018, Plaintiffs were directed to "identify specific additional entities they believe are connected to the Petelins' funds allegedly used to pay for the New York real estate investments at issue in this matter." (ECF No. 560 at 3). The three examples cited in Plaintiff's March 20, 2018 letter relate to Telford's Apple shares, an airport health-care kiosk company, and the Trump SoHo[1]. None of these entities have anything to do with the real estate transactions at issue in this case. Instead, the tenuous claims of relevance reflect BTA/Almaty's ongoing effort to compile as much information about Ilyas Khrapunov and anyone connected to him as possible, for use against him in other litigations in which BTA Bank, the City of Almaty or related entities are

---

[1] This Court already found that many of the entities contained in the list provided by BTA/Almaty to Wells Fargo are not relevant to this action. *See*, ECF No. 337 at 3, denying Triadou's motion to compel documents concerning companies (including World Health Networks, Bespoke, Greencos SA, Argon Holding, Adlux, Bayrock, Niel Infrastructures SA, Niel Telecom SA, Niel Natural Resources Investments, Niel Finance & Services, and Vilder Capital) whose relevance to this case was not apparent.

Case 1:15-cv-05345-AJN-KHP   Document 586   Filed 03/23/18   Page 3 of 3

Judge Parker
March 23, 2018
Page 3

HOGUET NEWMAN
REGAL & KENNEY,LLP

involved. This tactic disregards recent directives of the Court (see, ECF No. 564 at 10) and should not be tolerated.

Very truly yours,

John J. Kenney