# BLANKROME

The Chrysler Building
405 Lexington Avenue │New York, NY 10174-0208
blankrome.com

*Phone:   (212) 885-5148*
*Fax:      (917) 591-7897*
*Email:   dskakel@blankrome.com*

March 26, 2018

**VIA ELECTRONIC MAIL & ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

> **Re:**   ***City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.***,
> **No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

    We represent Triadou SPV S.A. ("Triadou") and submit this letter in response to non-party Kevin Meyer's opposition to Triadou's motion to compel the production of a clawed-back document. (ECF 584). Meyer's opposition is an attempt to deflect from the central issue – whether the document he clawed back is in fact privileged – but that effort is inconsistent with Meyer's prior conduct in responding to the subpoena. Having made the claim of privilege over a document he produced in response to a valid subpoena, which by admission of his own counsel was a document found ***within his email files***, Meyer cannot carry his burden to substantiate the claim.

    **Argument**. Preliminarily, Meyer is incorrect in arguing that Triadou's motion should be before a different court. (ECF 584 at 2). The Protective Order in this case requires a party challenging a claim of privilege as to a document produced pursuant to that order to "move the Court for an Order compelling production of Inadvertently Disclosed Information." (ECF 253, ¶ 16). The Protective Order's reference to "the Court" plainly refers to ***this Court***, a fact that is confirmed by the Protective Order's "Non-Disclosure Agreement," which provides that signatories submit themselves "to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder." (ECF 253 at 12).

    Here, Meyer unquestionably produced the document pursuant to the Protective Order, as it, like every other document he produced, bore the endorsement "Confidential Information Governed by Protective Order." Likewise, when Triadou sought permission to sequester rather than destroy the document in question – as is permitted under Federal Civil Rule of Procedure 45 – Meyer's counsel flatly refused and stated that ███████████████████████████████ ████████████████████████████████████████████ (ECF 578-6 at 2 (emphasis added)). Having availed himself of the Protective Order's protections, and having demanded that Triadou follow its terms, so too should Meyer be required to follow those terms and be subject to this Court's jurisdiction.

BLANKROME

The Honorable Katherine H. Parker
March 26, 2018
Page 2

The Court's recent Order involving a motion to compel production from a different non-party (Gennady Petelin) is distinguishable. There, the motion to compel was filed because Mr. Petelin had objected to producing, and did not produce, any documents in response to a subpoena. (ECF 560 at 2 ("Plaintiffs argue that Petelin has not yet responded to the subpoena and they therefore move to compel a response.")). In contrast, here, Meyer responded to Triadou's subpoena by producing documents, and explicitly invoked the Protective Order in doing so.

Next, Meyer argues that Triadou has brought this motion despite some agreement to the contrary. As reflected in the exhibits to Triadou's opening letter-motion, Triadou agreed only that Meyer did not need to provide for processing the .PST email archives in his possession for Bourg's and Foucher's email accounts. (ECF 578-3 at 11 ("We agree to limit the files to Kevin's @niel PST and the set of documents compiled from searching Kevin's computer.")). Meyer admits, however, that the document came from his own .PST email archive, which is part of the dataset that he agreed would be collected, reviewed, and produced. (ECF 584 at 2 n.1 ("I am informed that the metadata for the single e-mail at issue indicates that it came from a .PST file attributed to Mr. Meyer")).

As to the real issue here, Meyer fails to carry his burden to establish that the document in question is privileged. The law requires that Meyer present "competent evidence" supporting the claim of privilege; "'mere conclusory or ipse dixit assertions'" are insufficient. *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-04394 (AJN)(BCM), 2016 WL 2977175, at *4 (S.D.N.Y. May 20, 2016). Meyer offers none of the former (competent evidence), and only the latter (conclusory assertions). In fact, he effectively concedes that he cannot establish his privilege claim by offering only possibilities that the document is a privileged communication "between counsel and clients, *or* potential clients," or that the document "*may* be part of a joint defense communication." (ECF 584 at 3 (emphasis added)). If Meyer does not have this information, it is unclear on what basis he has claimed privilege beyond the fact that Mr. Wolf is an attorney. That fact alone is insufficient, however, because, as Triadou noted in its opening letter-motion, "not all communications to an attorney are privileged." (ECF 578 at 4 (quoting *Royal Park Invs.*, 2016 WL 2977175, at *5 (quoting *Matter of Priest v. Hennessy*, 51 N.Y.2d 62, 69 (1980))).

Similarly, Meyer's claim that the document was created "in connection with representation in this case" is not supported by the text of the document. The email was created at the end of September 2016, four months *after* Nicolas Bourg testified at the attachment hearing in this case and at the outset of discovery before the parties made any effort to depose Bourg. In any event, Bourg is only a "cc" on the email; ███████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████

BLANKROME

The Honorable Katherine H. Parker
March 26, 2018
Page 3

██████████████████████████████  An *in camera* review would make these facts plain to the Court, though Meyer elected not to provide the document in connection with his opposition.

Ultimately, Meyer fails to address several issues raised by Triadou.  For example, Meyer does not contest the document's relevance.  ████████████████████████████████
███████████████████████████████████  Nor does Meyer refute Triadou's argument that his possession of the document breaks any privilege.  By his attorney's admission (and his own admission through his LinkedIn profile), Meyer "was no longer active at Niel at the time" the email was sent, (ECF 578-6 at 2), and consequently, the fact that the email was shared with him vitiates the privilege.[2]

For these reasons and those stated in Triadou's opening letter-motion (ECF 578), Triadou respectfully requests that the Court review the document *in camera* and compel Mr. Meyer to produce it.  In the alternative, Triadou requests a pre-motion conference.

Respectfully submitted,

  *s/ Deborah A. Skakel*
Deborah A. Skakel

Cc:     All Counsel of Record (via ECF)
        Peter Guirguis, Counsel for Non-Party Kevin Meyer (via email)
        Maria Garcia, Counsel for Non-Party Kevin Meyer (via email)

---

[1] ███████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████

[2] Meyer also admits that he has "limited . . . interest in the underlying matter," which undermines any potential joint defense privilege claim, in particular because the document is in Meyer's possession.  (ECF 584 at 2).