USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

        Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

        Defendants.

**ORDER**

1:15-CV-05345 (AJN) (KHP)

KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

    Currently before the Court is Defendants Viktor and Ilyas Khrapunov's (the "Khrapunovs") motion for partial reconsideration (Doc. No. 573) of this Court's Order dated March 5, 2018 (Doc. No. 564) granting the City of Almaty, Kazakhstan's and BTA Bank JSC's (the "Plaintiffs") motion for sanctions against the Khrapunovs. For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

    As more fully described in the Court's March 5, 2018 Order, on November 1, 2017, Plaintiffs moved for sanctions against the Khrapunovs (Doc. No. 453), asserting that the Khrapunovs noticed the deposition of Kenges Rakishev, the Chairman of BTA Bank JSC, and then leaked the deposition transcript by publicly posting it on the Internet in violation of the Stipulated Protective Order issued in this matter. The Khrapunovs denied leaking the transcript and opposed the motion for sanctions. The Court scheduled an evidentiary hearing on the motion for sanctions, and the Khrapunovs initially indicated they would testify at the hearing by

1

telephone. However, a few days before the hearing, the Khrapunovs claimed they could no longer appear because Swiss law prevented them from doing so.

After the evidentiary hearing and the submission of post-hearing briefing, this Court issued a written Opinion and Order finding, for various reasons, that the Khrapunovs were responsible for leaking the transcript in violation of the Stipulated Protective Order. In so holding, the Court noted that Ilyas Khrapunov has played games with the Court in the past and cited, as one example, the fact that the Khrapunovs requested to appear at the evidentiary hearing by phone but later retracted that offer, claiming that it would violate Swiss law to testify at the hearing while residing in Switzerland.

The Khrapunovs now ask that the Court reconsider this portion of its ruling. They maintain that the Khrapunovs themselves were not included in the decision to request a telephonic appearance at the hearing; rather, the request was a good faith attempt on counsel's part to preserve the Khrapunovs' ability to testify at the hearing. They argue, therefore, that the Khrapunovs were not engaged in gamesmanship. Plaintiffs oppose the motion, arguing that the Khrapunovs have, in fact, played games with this Court and that the Khrapunovs fail to point to overlooked law, new evidence, or manifest injustice that would warrant reconsideration of this Court's Order. Plaintiffs also seek to recover fees from the Khrapunovs related to the Khrapunovs' instant motion for partial reconsideration.

## DISCUSSION

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration under Local Rule 6.3 and Rule 59(e) rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

Here, the Khrapunovs point to no change in controlling law or the availability of new evidence that warrants this Court's reconsideration of its March 5, 2018 Order. In their post-hearing briefing, Plaintiffs argued that the Khrapunovs' withdrawal of their offer to testify at the evidentiary hearing was evidence of Ilyas Khrapunov's "deceptive and contumacious behavior." (Doc. No. 490 at 15.) In response, the Khrapunovs could have, but failed to, present evidence or argument that they were personally unaware of the offer to testify remotely during the evidentiary hearing. Accordingly, the Khrapunovs are not entitled to now offer new arguments and evidence on reconsideration that they failed to raise when they had the chance. *See Richard Feiner & Co., Inc. v. BMG Music Spain*, No. 01-cv-0937 (JSR), 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003). Further, the Khrapunovs point to no clear error made by this Court because the March 5, 2018 ruling was correctly made based on the evidence submitted by the Khrapunovs and before the Court at that time. Nor can the Khrapunovs point to any manifest injustice resulting from denial of their motion for reconsideration. Indeed, the Khrapunovs do not challenge the Court's ultimate finding that they leaked the transcript.

## CONCLUSION

For the above mentioned reasons, the Khrapunovs' motion for reconsideration is DENIED. Plaintiffs' request for attorneys' fees related to this motion is DENIED.

SO ORDERED.

Dated:   March 23, 2018
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge