UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



City of Almaty, Kazakhstan and BTA
Bank JSC,

                  Plaintiffs,

—v—

Mukhtar Ablyazov, Viktor Khrapunov, Ilyas
Khrapunov, and Triadou SPV S.A.,

                  Defendants.

15-CV-5345 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On September 26, 2017, the Court issued an Amended Memorandum & Order that, in part, denied the motion Crossclaim Defendants Mukhtar Ablyazov, Viktor Khrapunov, and Ilyas Khrapunov (together, the "Individual Defendants") brought to dismiss claims asserted against them for conversion, unjust enrichment, and constructive trust, based on the sufficiency of the pleadings. *See* Dkt. No. 426. However, the Court indicated that it would consider supplemental briefing on the applicable statutes of limitation, and potentially grant the Individual Defendants' motion to dismiss the three claims as time-barred. *Id.* at 45, 53.

With the benefit of this supplemental briefing, the Court now reconsiders the arguments made with respect to the statute of limitations. For the reasons set forth below, the Individual Defendants' motion to dismiss is GRANTED.

**I. Background**

The Court has recounted the factually and procedurally complex background of this case in several prior substantive decisions, including in the Memorandum & Order under

1

reconsideration here. *See* Dkt. No. 426 at 2-8. It does so here only to the extent necessary to contextualize the present issues.

## A. Factual Allegations

Almaty, the largest city in Kazakhstan, claims that its former mayor, Viktor Khrapunov, along with certain associates and family members including his son Ilyas Khrapunov, embezzled approximately $300 Million from Almaty between approximately 1997 and 2004. *See* First Amended Crossclaims ("FAC"), Dkt. No. 219, ¶¶ 45-55. BTA Bank claims that its former chairman Mukhtar Ablyazov siphoned more than $6 Billion out of BTA between approximately 2005 and 2009. *Id.* ¶¶ 28-35. The Crossclaim Plaintiffs City of Almaty and BTA Bank JSC (together, the "Kazakh Entities") further allege that, in order to evade law enforcement, the Individual Defendants – who were related by marriage – joined together to launder the stolen funds through a series of shell companies, sham transactions, and outwardly-legitimate investments. *See, e.g., id.* ¶¶ 56-59, 68-72, 77-97. As part of this effort, the Individual Defendants purportedly facilitated the creation of several entities for the purpose of investing stolen funds in United States-based real estate projects. *Id.* ¶¶ 86-87. In 2012 and 2013, one of these entities, Triadou, acting at the direction of the Individual Defendants, invested funds allegedly embezzled from the Kazakh Entities in several New York City real estate projects. *Id.* ¶¶ 88-97, 111-13.

Among other claims, the Kazakh Entities brought suit against the Individual Defendants for unjust enrichment, conversion, and constructive trust based on their alleged embezzlement and investments. *See id.* ¶¶ 174-86.

### B. The Court's Previous Discussion

In September 2016, the Individual Defendants moved to dismiss the Kazakh Entities' unjust enrichment, conversion, and constructive trust claims. Dkt. Nos. 227-29, 231-33. In their motion, they advanced two separate arguments for dismissal. First, the Individual Defendants asserted that the Kazakh Entities did not plead sufficient allegations to state a claim upon which relief could be granted. Dkt. No. 228 at 15-17; Dkt. No. 232 at 20-21. Second, the Individual Defendants argued that these three claims were time-barred by the applicable statutes of limitations. Dkt. No. 228 at 15-18; Dkt. No. 232 at 17-20.

In its September 26, 2017 Amended Memorandum & Order, the Court denied the Individual Defendants' motion to dismiss these three counts on grounds of insufficiency, but reserved judgment on the statute of limitations argument pending supplemental briefing. *See* Dkt. No. 426 at 34-38, 41-45. The Court tentatively concluded that New York's "borrowing statute" governed the applicable statutes of limitations. *Id.* at 44-45. The provision states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202.

In other words, when a nonresident sues on a cause of action accruing outside New York, the borrowing statute "requires the cause of action to be timely under the limitations periods of both New York and the jurisdiction where the cause of action accrued." *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999).

Because the Individual Defendants had first raised the application of the borrowing statute and made representations regarding the applicable Kazakh statute of limitations in their

3

reply, the Court noted that the Kazakh Entities had not had the chance to rebut these assertions or offer their own understanding of the applicable statute of limitations.[1] Dkt. No. 426 at 45.

On October 6, 2017, the Kazakh Entities submitted their supplemental reply memorandum of law, maintaining their opposition to the Individual Defendants' motion to dismiss. Dkt. No. 434. On October 11, 2017, the Individual Defendants submitted their supplemental reply memorandum of law. Dkt. No. 441.

### C. The Parties' Respective Positions

Given another opportunity to rebut the Individual Defendants' arguments, the Kazakh Entities make three main arguments.

First, with respect to the unjust enrichment claim, the Kazakh Entities assert that it is timely because the cause of action is predicated in part on the Individual Defendants' more recent domestic conduct. Dkt. No. 434 at 3. They argue that while the Individual Defendants were "*also* unjustly enriched when they stole the Kazakh Entities' money abroad," that conduct is encompassed in the conversion claim while the unjust enrichment claim is based on the conspirators' domestic investments. *Id.* at 4 (citing the Court's Memorandum & Order, Dkt. No. 426, at 35) (emphasis in original). The Kazakh Entities, operating under the assumption that the statute of limitations began to run from the date of the first wire transfer of stolen funds for the domestic investments (November 9, 2012), contend that under New York's statute of limitations the unjust enrichment claims would be timely. *Id.* at 5.

The Individual Defendants counter that the Kazakh Entities' arguments rest on the incorrect assumption that their unjust enrichment claim accrued in New York. Dkt. No. 441 at 3.

---

[1] As the Kazakh Entities note in their supplemental brief, *see* Dkt. No. 434 at n.1, the Court mistakenly transposed the parties' names in making this point on page 45. For clarity of record, the above formulation – that the Kazakh Entities had not had the chance to respond to the Individual Defendants' claims in their reply – is correct. *See also* Dkt. No. 426 at 42, 53.

4

To the contrary, they assert that the Individual Defendants' claim has always been pleaded more broadly, encompassing actions outside of the real estate investments as well. *Id.*

Second, the Kazakh Entities assert that their conversion and constructive trust claims – which relate to the Individual Defendants' original embezzlement in Kazakhstan – are timely under Article 167 of the Kazakhstan Criminal Procedure Code as civil claims related to criminal conduct. Dkt. No. 434 at 2-3. Based on the Declaration of Kazakh lawyer Assem Baimakhanova, they assert that so long as criminal investigations in Kazakhstan were ongoing when the Kazakh Entities filed their crossclaims, their claims are timely under the laws of Kazakhstan and not barred under N.Y. C.P.L.R. § 202. *Id.* at 3 (citing Ex. 1, Baimakhanova Decl. ¶¶ 7-9).

The Individual Defendants offer their own expert declaration from Professor Peter B. Maggs. Dkt. No. 441 at 1-2 (citing Ex. 1, Maggs Decl. ¶¶ 8-14). Professor Maggs purports to rebut Ms. Baimakhanova's portrayal of "civil claims in a criminal proceeding" and argues that the Kazakh Entities' crossclaims are better characterized as a civil lawsuit under Article 178 of the Criminal Code. Maggs Decl. ¶¶ 6-15.

Third and finally, the Kazakh Entities argue in the alternative that *Ilyas* Khrapunov waived any statute of limitations argument because the Individual Defendants asserted those arguments with respect to *Viktor* Khrapunov alone. *Id.* at 2.

The Court now considers these arguments.

## II. Discussion

### A. The Kazakh Entities' Conversion and Constructive Trust Claims Are Time-Barred

Unlike with the unjust enrichment claim, for which the relevant conduct and time and place of accrual are disputed as discussed below, there is no dispute that the conversion and

constructive trust claims accrued in Kazakhstan at the time of the initial alleged embezzlement. Dkt. No. 426 at 42 (quoting *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (statute of limitations begins running "when the alleged conversion takes place")); *id.* at 43 (quoting *Reiner v. Jaeger*, 855 N.Y.S.2d 613, 614 (N.Y. App. Div. 2008) (constructive trust statute of limitations begins to accrue "upon the occurrence of the wrongful act giving rise to a duty of restitution") (internal citation and quotation marks omitted)). Accordingly, under New York's "borrowing statute," each claim would have to be timely under Kazakh law to be timely under New York law as well.

Each side offers its own understanding of the applicable provision in Kazakh law, buttressed by its own expert. The Kazakh Entities, relying on Ms. Baimakhanova's declaration, assert that both claims would be timely under Kazakh law as civil claims based on criminal conduct and subject to the provisions of Article 167 of the Criminal Procedure Code. *See* Dkt. No. 434 at 3, Ex. 1 (Baimakhanova Decl.). Under Article 167, a crime victim's civil claims are timely if brought before the end of the judicial investigation. Baimakhanova Decl. ¶ 9. This type of civil claim, brought within a criminal prosecution, does not exist in American law. The Individual Defendants, through their expert, Professor Peter Maggs, contend that this type of claim is not analogous to what the Kazakh Entities seek here. *See* Dkt. No. 441 at 1-2, Ex. 1 (Maggs Decl. ¶¶ 8, 14). Professor Maggs notes that a civil claim – as distinct from a civil lawsuit – can only be brought to recover damages caused by the criminal acts, cannot be filed absent an existing prosecution, and cannot prevail if the prosecution is dropped or unsuccessful. Maggs Decl. ¶¶ 9-12. Additionally, the civil claimant has no control of the prosecution of the case. *Id.* ¶ 12.

While the conversion and constructive trust claims do arise from facts underlying the prosecution of the Individual Defendants in Kazakhstan, the Court finds that the claims are more closely analogous to the plenary civil lawsuit governed by Article 178 of the Civil Code of the Republic of Kazakhstan, which provides a three-year statute of limitations. The Kazakh Entities' claims amount to more than a victim simply making himself or herself known to prosecuting authorities so as to have a claim to any money recovered by the Government. Here, they have full control over the prosecution of their own case, seek equitable remedies (in the form of a constructive trust) to prevent "further dissipation of the funds," FAC ¶ 184, and could potentially obtain relief irrespective of the results of the criminal proceeding in Kazakhstan. Accordingly, the Court finds that the default three-year statute of limitations would apply in Kazakhstan, and that it applies in the present litigation as well per New York's borrowing statute, N.Y. C.P.L.R. § 202. As these claims accrued no later than 2009 in the case of Ablyazov, and no later than 2007 in the case of Viktor Khrapunov, they are time-barred.

### B. The Kazakh Entities' Unjust Enrichment Claim Is Time-Barred

Under New York law, the limitations period for unjust enrichment accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution." *Golden Pac. Bancorp v. Fed. Deposit Ins. Corp.*, 273 F.3d 509, 520 (2d Cir. 2001) (quoting *Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.*, 596 N.Y.S.2d 435, 437 (N.Y. App. Div. 1993)).

As the Court stated previously, the unjust enrichment claim "accrued when the allegedly wrongful acts of embezzlement occurred, no later than 2009 in the case of Ablyazov, and no later than 2007 in the case of Victor Khrapunov." Dkt. No. 426 at 44. The Kazakh Entities agree that the unjust enrichment claim accrued when the Individual Defendants allegedly "stole the Kazakh Entities' money abroad," but argue that the conduct in Kazakhstan is encompassed in the

conversion claim and that the unjust enrichment claim *also* relies upon "the conspirators' domestic investments aimed at increasing and laundering those converted funds." *See* Dkt. No. 434 at 4. This is all true – in fact, the Court has previously noted how the unjust enrichment claim is pleaded to incorporate these domestic investments. *See* Dkt. No. 426 at 35. However, the mere fact that the Crossclaim Plaintiffs include later conduct in New York in pleading their unjust enrichment claim does not resolve the statute of limitations issue before the Court. The additional post-embezzlement conduct included in the Amended Crossclaims does not alter the fact that the cause of action accrued when the alleged embezzlement first occurred.

The Kazakh Entities offer no legal authority for their contention that the statute of limitations "began to run from the date of the first wire transfer of stolen funds for the domestic investments on November 9, 2012," *see* Dkt. No. 434 at 5 (emphasis removed), and the Court can find none. As stated above, under New York law, the limitations period for unjust enrichment accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution," which is undoubtedly at the moment of alleged embezzlement, not when those embezzled funds were transferred for domestic investment. *Golden Pac. Bancorp*, 273 F.3d at 520.[2]

The Kazakh Entities' argument attempts to import rules that may have purchase in other contexts, but that have not been recognized to apply to unjust enrichment claims under New York law. In the civil RICO context, the Second Circuit has established the so-called "separate accrual" rule, finding that "in some instances a continuing series of fraudulent transactions undertaken within a common scheme can produce multiple injuries which each have separate limitations periods." *In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 59 (2d Cir. 1998)

---

[2] As the Individual Defendants argued in moving to dismiss the claim, if the unjust enrichment claim were based on the embezzlement alone, it may be duplicative of Crossclaim Plaintiffs' conversion claim. The Court previously declined to reach this argument as it was unnecessary to the prior disposition, *see* Dkt. No. 426 at 42, n.6, and still does not reach the question, as it remains unnecessary to the disposition here.

(citation omitted).³ And the "continuing tort doctrine" allows that "in certain tort cases involving continuous or repeated injuries, the statute of limitations accrues upon the date of the last injury." *Mix v. Delaware & Hudson Ry. Co., Inc.*, 345 F.3d 82, 88 (2d Cir. 2003).⁴ Crossclaim Plaintiffs provide no authority for extending these doctrines to the unjust enrichment context.

Accordingly, because the unjust enrichment claim initially accrues at the point of the alleged embezzlement, the Court finds that the same three-year statute of limitations applied in Kazakhstan applies here per New York's borrowing statute. The unjust enrichment claim is time-barred as to Viktor Khrapunov and Ablyazov.⁵

### C. The Claims against Ilyas Khrapunov Are Also Time-Barred

Finally, the Kazakh Entities argue that because the Individual Defendants' moved to dismiss the common law claims as time-barred as to *Viktor* Khrapunov, and not *Ilyas* Khrapunov, Ilyas Khrapunov therefore forfeited this argument. *See* Dkt. No. 434 at 1-2 (citing Dkt. No. 232 at 17). However, the argument has been presented on behalf of the plural "Khrapunovs" in other motion papers, *see* Dkt. No. 246 at 7, and to consider the argument only with respect to Viktor would be to sanction an illogical discrepancy. Moreover, the Crossclaim Plaintiffs pleaded these three claims against the Individual Defendants as collective unit, *see* FAC ¶¶ 174-80, or as the "Ablyazov-Khrapunov Group," *see* FAC ¶¶ 183, 185-86, not specifying how it applied to each defendant separately.

---

³ Importantly, however, even in the civil RICO context, the Second Circuit held that the separate accrual rule did not apply where acts "were continuing efforts to conceal the initial fraud, and not separate and distinct fraudulent acts resulting in new and independent injuries." *Id.* at 59-60.

⁴ This doctrine is applied narrowly in this Circuit, and "[a]s a general rule, courts in the Second Circuit have viewed continuing violation arguments with disfavor." *Curtis v. Airborne Freight Corp.*, 87 F. Supp. 2d 234, 244 (S.D.N.Y. 2000).

⁵ Even if the New York statute of limitations were to apply, the claim would be governed by a three-year or six-year statute of limitations, *see* Dkt. No. 426 at 43 (citing *Grynberg v. Eni S.p.A.*, No. 06-CV-6495 (RLC), 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007)), and so would still be time-barred.

The question then is when the unjust enrichment claim accrued as to Ilyas Khrapunov individually. In the Amended Crossclaims, which the Court must accept as true for the purposes of this motion, the Kazakh Entities pleaded that Ilyas Khrapunov formed and controlled Swiss Development Group (or "SDG") for the benefit of the Ablyazov-Khrapunov Group, and add that "[b]etween 2008 and 2012, the Ablyazov-Khrapunov Group and sham companies they controlled funneled at least $115 million into SDG derived from the Ablyazov-Khrapunov Group's self-dealing and fraud." FAC ¶ 58. As a result, the Court finds that the unjust enrichment claim first accrued against Ilyas Khrapunov at some time in 2008 when his entity, SDG, received the allegedly illicit funds. Based on the applicable statute of limitations as held above, the claims against Ilyas Khrapunov are also time-barred.

### III. Conclusion

For the foregoing reasons, the Crossclaim Plaintiffs' claims for unjust enrichment (Count Eight), conversion (Count Nine) and constructive trust (Count Ten) are dismissed as time-barred.

SO ORDERED.

Dated: March 27, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge