```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC, | |
| Plaintiffs, | **ORDER** |
| -against- | 1:15-CV-05345 (AJN) (KHP) |
| MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., | |
| Defendants. | |

KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

Currently before the Court is Defendant Triadou SPV S.A.'s ("Triadou") motion to compel the production of a document from non-party Kevin Meyer. (Doc. No. 578.) For the reasons stated below, Triadou's motion is DENIED.

On April 28, 2017, Triadou served non-party Kevin Meyer with a subpoena for documents and a deposition. The subpoena identifies the place of compliance as Philadelphia, Pennsylvania. On January 11, 2018, Meyer produced documents in response to the subpoena, and on March 6, 2018, he produced a privilege log. Thereafter, on March 14, 2018, Meyer contacted Triadou to claw back a document, which was inadvertently produced, on relevance and privilege grounds. Triadou disputes Meyer's privilege and relevance claims.

On March 20, 2018, Triadou filed the instant motion requesting that the Court review, *in camera*, the clawed-back document and issue an order compelling Meyer to produce the document. Meyer opposes the motion and argues that the document "appears privileged" and, in any event, the motion should be denied pursuant to Federal Rule of Civil Procedure 45 ("Rule 45") because this is not the proper venue for Triadou's motion. The Court agrees.

1

Rule 45 states that

> [i]f information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it . . . . A party must promptly return, sequester, or destroy the specified information . . . [and] may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim.

Fed. R. Civ. P. 45(e)(2)(B). In this instance, the district of compliance and proper venue for Triadou's motion is the Eastern District of Pennsylvania.

Despite Rule 45's mandate, Triadou argues that the Protective Order entered in this matter, which states that "the receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information . . . ," requires a party challenging a privilege claim to file such a motion before this Court. (Doc. No. 253 ¶ 16.) Triadou further argues that, because Meyer produced documents in this matter pursuant to the Protective Order and availed himself of the Protective Order's protections, he is therefore bound by the terms of the Protective Order. However, the Protective Order does not *require* a motion challenging a claim of privilege to be filed in this district. Nor does the Protective Order supersede the Federal Rules of Civil Procedure. While requiring Meyer to litigate Triadou's privilege challenge in the Southern District of New York is likely more convenient for the parties in this action, this convenience must be "balanced by safeguards against undue burden on the non-parties subject to such subpoenas." *JMC Rest. Holdings, LLC v. Pevida*, No. 14-cv-6157 (WFK) (VMS), 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) (quotation marks omitted). The nonparty's interests are protected by having the court in which compliance is required—in this case, the Eastern District of Pennsylvania—handle disputes over compliance. *See* Fed. R. Civ. P.

2

45 advisory committee's note to 2013 amendments) ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c).").

Accordingly, Triadou's motion to compel is DENIED without prejudice to refiling in the district where compliance with the subpoena is required.

SO ORDERED.

Dated:   March 23, 2018
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge