UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>                Plaintiffs,<br><br>                -against-<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>                Defendants. | No. 15-CV-05345(AJN) |

**MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO BTA/ALMATY'S APPLICATION FOR FEES**

            John J. Kenney
            John P. Curley
            Kathleen Lowden
            Hoguet Newman Regal & Kenney, LLP
            10 East 40th Street, 35th Floor
            New York, NY 10016
            Phone: 212-689-8808

            *Counsel for Defendants Viktor Khrapunov and Ilyas Khrapunov*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................. ii

**ARGUMENT** ............................................................................................................................1

    **I.**    **The Sanctions Order Did Not Authorize Fees Arising from Preparation or Defense of the Rakishev Deposition.** ............................................................................2

    **II.**   **The BTA/Almaty's Counsel's Hourly Rates Are Not Reasonable in the Context of a Fee Application.** .........................................................................................3

    **III.**  **The Number of Hours is Excessive.** ................................................................................7

    **IV.**  **The Court Should Set a Reasonable Fee of $61,749.** ...............................................10

**CONCLUSION** .......................................................................................................................12

# **TABLE OF AUTHORITIES**

*Alicea v. City of New York*,
    272 F. Supp. 3d 603 (S.D.N.Y. 2017) ............................................................... 4, 5-6, 6-7, 7, 8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*,
    522 F.3d 182 (2d Cir. 2008) ................................................................................................ 1

*Au New Haven, LLC v. YKK Corp.*,
    2018 WL 333828 (S.D.N.Y. Jan. 5, 2018) ................................................................ 2-3, 5, 7

*Benihana, Inc. v. Benihana of Tokyo, LLC*,
    2017 WL 6551198 (S.D.N.Y. Dec. 22, 2017) .............................................................2, 5, 6, 9

*Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*,
    652 F.3d 277 (2d Cir. 2011) ......................................................................................... 3, 3-4

*Bldg. Serv. 32BJ Health Fund v. Hughes Contracting Indus. Ltd.*,
    2017 WL 2169302 (S.D.N.Y. May 17, 2017) ................................................................... 8, 9

*Blum v. Stenson*,
    465 U.S. 886, n. 11 ............................................................................................................ 1, 4

*Bond v. Welpak Corp.*,
    2017 WL 4325819 (E.D.N.Y. Sept. 26, 2017) ................................................................ 8, 8-9

*Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Research*,
    2018 WL 259803 (S.D.N.Y. Jan. 2, 2018) ............................................................................ 5

*Euro Pac. Capital, Inc. v. Bohai Pharm. Grp., Inc.*,
    2018 WL 1229842 (S.D.N.Y. Mar. 9, 2018) ............................................................... 4-5, 5, 6

*Farbotko v. Clinton Cty. of New York*,
    433 F.3d 204 (2d Cir. 2005) ................................................................................................ 4

*Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*,
    2017 WL 1294557 (S.D.N.Y. Apr. 4, 2017) ..................................................................... 5, 6

*Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co.*,
    2018 WL 1305186 (S.D.N.Y. Mar. 12, 2018) ................................................................5, 6, 9

*In re Relativity Fashion, LLC*,
    565 B.R. 50 (Bankr. S.D.N.Y. 2017) .................................................................................... 5

*Kirsch v. Fleet St., Ltd.*,
    148 F.3d 149 (2d Cir. 1998) ............................................................................................. 7, 8

*Long v. HSBC USA Inc.*,
    2016 WL 4764939 (S.D.N.Y. Sept. 13, 2016) .................................................................. 5, 6

*Lunday v. City of Albany*,
    42 F.3d 131 (2d Cir. 1994) ...................................................................................................7

*LV v. New York City Dep't of Educ*,
    700 F. Supp. 2d 510 (S.D.N.Y. 2010) ................................................................................. 9

*Mahoney v. Yamaha Motor Corp. U.S.A.*,
    290 F.R.D. 363 (E.D.N.Y. 2013) ........................................................................................ 2

*Millea v. Metro-N. R. Co.*,
    658 F.3d 154 (2d Cir. 2011) ............................................................................................1, 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. S. Coal Corp.*,
    2017 WL 6507123 (S.D.N.Y. Dec. 19, 2017) .....................................................................5

*New York Ass'n for Retarded Children, Inc. v. Carey*,
    711 F.2d 1136 (2d Cir. 1983) ............................................................................................. 7

*Reiter v. Metro. Transp. Auth. of State of New York*,
    2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007) .................................................................... 4

*Soler v. G & U, Inc.*,
    658 F. Supp. 1093 (S.D.N.Y.1987) .................................................................................... 9

*TufAmerica Inc. v. Diamond*,
    2016 WL 1029553 (S.D.N.Y. Mar. 9, 2016) ................................................. 1, 3, 4, 5, 6, 7, 8

*Uretsky v. Acme Am. Repairs*,
    2011 WL 1131326 (E.D.N.Y. Mar. 28, 2011) ...........................................................2, 6, 8

Defendants Viktor and Ilyas Khrapunov (the "Khrapunovs") respectfully submit this memorandum of law in partial opposition to BTA/Almaty's application for attorneys' fees.

## ARGUMENT

BTA/Almaty's fee application—in which they seek more than a quarter of a million dollars—is vastly excessive and should be reduced to no greater than $61,749, plus costs. On March 5, 2018, this Court entered an Order sanctioning the Khrapunovs for leaking the transcript of the deposition of Kenges Rakishev. The Order set forth the scope of attorneys' fees and costs:

> The Khrapunovs' leaking of the Transcript has led to significant expenses to the parties and unnecessary expenditure of Court resources. In order to make Plaintiffs whole, the Khrapunovs shall be prohibited from using the Transcript in this action or any other action. . . . Additionally, they shall pay Plaintiffs' attorneys' fees and costs incurred in connection with the sanctions motion, evidentiary hearing, and subsequent briefing (including, without limitation, the motion to strike).

Opinion and Order, ECF. No. 564, at 14-15.

A district court exercises "considerable discretion" in awarding attorneys' fees. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *accord Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable. *TufAmerica Inc. v. Diamond*, No. 12-CV-3529, 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016), *reconsideration granted in part*, No. 12-CV-3529 (AJN), 2016 WL 3866578 (S.D.N.Y. July 12, 2016), *and on reconsideration in part*, No. 12-CV-3529 (AJN), 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) (Nathan, J.) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

BTA/Almaty seek attorneys' fees of $278,009 and costs of $3,060.30.[1] The attorneys' fees should be substantially reduced because some of the requested fees relate to work that was

---

[1] The Khrapunovs do not oppose the application insofar as it seeks $3,060.30 in costs.

1

not included in the Court's order and because the fee request is unreasonable and unjustified under precedent in this Circuit.

**I.      The Sanctions Order Did Not Authorize Fees Arising from Preparation or Defense of the Rakishev Deposition.**

Movants are not entitled to recover fees of $39,671 expended for obtaining the protective order in advance of the Rakishev deposition, or for preparing and defending the Rakishev deposition.

This Court's March 5, 2018 Order awards BTA/Almaty "attorneys' fees and costs incurred in connection with the sanctions motion, evidentiary hearing, and subsequent briefing (including, without limitation, the motion to strike)." ECF. No. 564, at 14-15.  The Court did not order the Khrapunovs to pay attorneys' fees and costs for obtaining the protective order, or for preparing and defending the deposition of Mr. Rakishev.  Movants are thus overreaching when they seek fees for these tasks, totaling $39,671.  *See* Schwartz Dec. at 5-8.

The Rakishev deposition was properly noticed.  Movants did not move for a protective order prohibiting the deposition, but only for an order limiting the scope of questions to be asked, which this Court granted. ECF Nos. 435 and 439.  Counsel for the Khrapunovs complied with the protective order.  It was not until after the deposition took place that the deposition transcript was leaked, and that is the conduct which this Court has found sanctionable.  Movants would still have sought a limited protective order, and still have had to prepare for and defend the Rakishev deposition, regardless of any subsequent leak.  Therefore they are not entitled to fees for these activities.  *See Au New Haven, LLC v. YKK Corp.*, No. 15-CV-03411, 2018 WL 333828, at *8 (S.D.N.Y. Jan. 5, 2018) (court refused to grant fees for review of documents that were produced late because movants "still would have incurred the expense of reviewing" them had they been produced earlier); *Benihana, Inc. v. Benihana of Tokyo, LLC*, No. 15 CIV. 7428, 2017 WL

6551198, at *5 (S.D.N.Y. Dec. 22, 2017) (fees awarded only for efforts to bring about compliance with injunction; pre-injunction efforts not compensable); *Uretsky v. Acme Am. Repairs,* No. CV-07-4688, 2011 WL 1131326, at *3 (E.D.N.Y. Mar. 28, 2011) (on sanctions motion, court won't award fees for legal research that will "prove to be of value as [the] case proceeds"); *Mahoney v. Yamaha Motor Corp. U.S.A.,* 290 F.R.D. 363, 372 (E.D.N.Y. 2013) (movant is only entitled to the fees it sustained as a result of opposing counsel's failure to obey various court orders).

Because fees for seeking the protective order, and for preparing and defending the Rakishev deposition are not encompassed by the sanctions order, and because these activities were necessary regardless of any sanctionable conduct, $39,671 should be stricken from the fee application.

## II.     The BTA/Almaty's Counsel's Hourly Rates Are Not Reasonable in the Context of a Fee Application.

Attorneys' fees are awarded by determining a presumptively reasonable fee, or "lodestar," reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. *TufAmerica*, 2016 WL 1029553, at *3 (citing *Millea)*; *accord*, *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011).

The hourly rates that BTA/Almaty are seeking are not reasonable. A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson,* 652 F.3d at 290. The Second Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson*, 652 F.3d at 290; *see also TufAmerica*, 2016 WL 1029553, at *5 (rate must be "in line

with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

BTA/Almaty bear the burden of demonstrating that its rates are reasonable. *Blum v. Stenson*, 465 U.S. 886, 896, n. 11. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*.; *see also Reiter v. Metro. Transp. Auth. of State of New York*, No. 01CIV2762GWG, 2007 WL 2775144, at *8 (S.D.N.Y. Sept. 25, 2007). But BTA/Almaty have presented no evidence that the rates they are claiming are in line with rates prevailing in the community. In the absence of evidence by the movants of the prevailing market rate, this Court is justified in relying exclusively on an hourly rate set in prior case law in fixing a fee award. *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 210 (2d Cir. 2005)

A survey of recent cases in the Southern District demonstrates that the rates claimed by movants are excessive. BTA/Almaty request an hourly rate of $1,180 for Matthew Schwartz, a partner with 16 years' experience, and $1,150 for Peter Skinner, a partner with 14 years' experience. But case law shows that reasonable rates for these partners would range from $375 to $765. For example, in *Alicea v. City of New York,* 272 F. Supp. 3d 603, 609 (S.D.N.Y. 2017) the court held that rates of $625 for a partner with 35 years of experience, $550 for a partner with 27 years' experience, and $500 for a lawyer with 14 years' experience were "at the outer limits of what is reasonable." *See also Euro Pac. Capital, Inc. v. Bohai Pharm. Grp., Inc*., No. 15CV4410VMJLC, 2018 WL 1229842, at *8 (S.D.N.Y. Mar. 9, 2018) (approving rate of $375 for attorneys with 30 to 40 years' experience; collecting cases); *Hollander Glass Texas, Inc. v.*

*Rosen-Paramount Glass Co.*, No. 17-CIV-2105, 2018 WL 1305186, at *5 (S.D.N.Y. Mar. 12, 2018) (approving rate of $575 for partners with 40-43 years' experience); *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 CIV. 8414, 2017 WL 1294557, at *5 (S.D.N.Y. Apr. 4, 2017) (in "complex" case, partner rate of $650 reasonable); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. S. Coal Corp.*, No. 17 CIV. 1329 (PAC), 2017 WL 6507123, at *1 (S.D.N.Y. Dec. 19, 2017) ($425 for partner reasonable); *Benihana*, 2017 WL 6551198, at *4 ($495 to $550 for partner with 18 years' experience; $350 to $450 for partner with 12 years' experience); *Au New Haven*, 2018 WL 333828, at *7 (partner rates of $530 to $650); *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Research,* No. 115CV02044, 2018 WL 259803, at *2 (S.D.N.Y. Jan. 2, 2018) (approving partner rate of $765); *Long v. HSBC USA INC.*, No. 14 CIV. 6233, 2016 WL 4764939, at *10 (S.D.N.Y. Sept. 13, 2016) (reasonable rates for partners with 15 to 19 years' experience ranged from $425 to $550, which was less than movant sought); *TufAmerica*, 2016 WL 1029553, at *5-6 (partner rates ranging from $572 to $715 were reasonable). While there are cases in which higher rates have been used, such cases are outliers. *See, In re Relativity Fashion, LLC*, 565 B.R. 50, 71 (Bankr. S.D.N.Y. 2017) (approving partner rates of over $1000 for a "bet-the-company" litigation).

The rates BTA/Almaty are requesting for associates Milne, Boyle and Wenner—from $540 to $700—are also too high. A reasonable range for associates in this district would be from $250 to $560. *See Euro Pac. Capital,* 2018 WL 1229842, at *8 (approving rate of $250 for attorneys with up to eight years' experience; collecting cases); *Au New Haven*, 2018 WL 333828, at *7 (associate rates between $250 and $350); *Errant Gene Therapeutic,* 2018 WL 259803, at *2 (approving associates' rates of $325 to $450); *Alicea,* 272 F. Supp. 3d at 611 (reasonable rate for sixth year associate is $300); *Gulino*, 2017 WL 1294557, at *4 ($250-350 for associates);

*Long,* 2016 WL 4764939, at *9 (reasonable rates for associates range from $270 to $360); *TufAmerica*, 2016 WL 1029553, at *6 (reasonable rate for senior associates was $476 to $560, for junior associates it was $375 to $425); *Benihana*, 2017 WL 6551198, at *4 ($375 for sixth year associate).

Finally, the rate for paralegal Roytblat should be reduced from the $280 sought to $150. *See Hollander*, 2018 WL 1305186, at *5 (reducing paralegal rate to $75); *Euro Pac. Capital, Inc. v. Bohai Pharm. Grp., Inc.*, No. 15-CV-4410, 2018 WL 1229842, at *9 (S.D.N.Y. Mar. 9, 2018) (reducing paralegal rate to $150); *Long v. HSBC USA INC.*, No. 14 CIV. 6233 (HBP), 2016 WL 4764939, at *9 (S.D.N.Y. Sept. 13, 2016) ($100 to $150 for paralegals); *TufAmerica,* 2016 WL 1029553, at *6 (reducing the requested rate for paralegals to $150-$175); *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 CIV. 8414, 2017 WL 1294557, at *5 ($150-$175 for paralegals).

Movants here have presented no evidence that the rates they seek are the rates prevailing in this district. *See Long,* 2016 WL 4764939, at *9 (reducing requested rates where movant failed to cite cases in support thereof); *Uretsky*, 2011 WL 1131326, at *2 (reducing fee where movant failed to provide information regarding prevailing rates in the community). They have merely set forth the qualifications of the individual attorneys and stated that the claimed rates are "the actual rates charged by the Firm to the Kazakh Entities in this matter." Schwartz Dec. ¶11. But the fact that the claimed rates are those "actually charged" to the movant does not make them reasonable. *See Long*, 2016 WL 4764939, at *9 (reducing requested rates despite the fact that movant averred that clients "regularly pa[id]" these rates). Firms often discount their bills heavily when it comes time for clients to actually pay. *See Alicea*, 272 F. Supp. 3d at 611 (court

6

asserts that a client would not pay suggested rates but would "negotiate some sort of fee reduction").

The Khrapunovs submit that this Court should exercise its discretion to use a reasonable hourly rate of between $690 for Schwartz, $575 for Skinner, $350 for Wenner, $330 for Boyle, $270 for Milne and $150 for paralegal Roytblat, based on prevailing rates in this district.

### III. The Number of Hours is Excessive.

A party seeking fees "must document [its] application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *TufAmerica*, 2016 WL 1029553, at *3 (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). From this, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Id.* (citing *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.* "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *accord Alicea*, 272 F. Supp. 3d at 608–09; *TufAmerica*, 2016 WL 1029553, at *3.

For example, in *Au New Haven*, 2018 WL 333828, at *7, a case involving sanctions for discovery abuses, the court found that the hours the movants spent were "vastly excessive," and that movants had not "explained why they spent so much time on these issues." Accordingly, the court reduced the movants' claimed hours by 70% across the board. *Id*. at *8. Similarly, in *Alicea*, the court cut the hours for which fees were requested by 50%. 272 F. Supp. 3d at 612. It

7

held that "No reasonable attorney would have billed a paying client in this type of case the hours for which the Firm seeks compensation, especially at the rates charged—a client would not pay and would negotiate some sort of fee reduction." *Id*. at 611.

This is exactly what took place here. For example, the evidentiary hearing on November 17, 2017 lasted approximately four hours, as this Court is aware. Yet movants' time entries show that a total of 6 people spent over 144 hours preparing for the hearing, at a claimed cost of $108,058. Schwartz Dec. at 11-16. That is more hours than are spent litigating entire cases. *See Bldg. Serv. 32BJ Health Fund v. Hughes Contracting Indus. Ltd.*, No. 14-CV-09581, 2017 WL 2169302, at *3 (S.D.N.Y. May 17, 2017) (111 hours for litigating ERISA case through summary judgment); *Bond v. Welpak Corp.,* No. 15-CV-2403, 2017 WL 4325819, at *6 (E.D.N.Y. Sept. 26, 2017) (141 hours for taking FLSA case through jury trial). It represents over 30 hours of preparation for every hour spent in court. *See Uretsky*, 2011 WL 1131326, at *2 (39 hours spent by three lawyers preparing for three hour conference not reasonable). There is no way that a reasonable attorney would have billed a paying client for this many hours; clearly, as the *Alicea* court held, the client would have negotiated a fee reduction. Therefore, as in *Alicea*, this Court should reduce the hours for which fees are recoverable by 50%.

Courts also often reduce requested hours due to the practice of "block billing," which can "make it exceedingly difficult for courts to assess the reasonableness of the hours billed." *TufAmerica*, 2016 WL 1029553, at *4. Block billing, combined with vague descriptions in the "sparest of terms," can justify the deduction of "a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (citing *Kirsch*, 148 F.3d at 173) (deducting 5% from one firm and 10% from other firm based on block billing); *See also*, *Bond,* 2017 WL 4325819, at *8 (applying 35% across the board reduction to account for

block billing and other inefficiencies); *Benihana*, 2017 WL 6551198, at *5-6 (reducing by 30% time of partner who engaged in block billing); *Hollander*, 2018 WL 1305186, at *7 (15% reduction due to block billing); *Bldg. Serv. 32BJ Health*, 2017 WL 2169302, at *3 (5% reduction for block billing); *LV v. New York City Dep't of Educ*, 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010) (reducing hours by 12% for vague block billing entries like "meeting" and "conference"); *Soler v. G & U, Inc.*, 658 F. Supp. 1093, 1098-99 (S.D.N.Y.1987) (reducing hours by 15% for vague block billing entries like "outline," "writing," and "research").

Many of the time entries submitted by movants in this case are textbook examples of block billing or are too vague to even make a determination as to whether the time was necessary or excessive. See, for example:

| **Biller** | **Date** | **Description** | **Hrs.** | **Cite** |
|---|---|---|---|---|
| **C. Wenner** | 10/27/2017 | Investigation into control of transcript and researching and drafting motion for sanctions for violation of the protective order and opposition to motion to de-designate confidentiality of Rakishev deposition | 3.9 | Schwartz Dec. at 9 |
| **C. Wenner** | 10/29/2017 | Collecting evidence and drafting declaration in opposition to Khrapunov motion to de-designate confidentiality of Rakishev deposition (3.4) | 3.4 | Schwartz Dec. at 9 |
| **C. Wenner** | 10/30/2017 | Further investigation and revising letter and declaration in opposition to Khrapunov motion to de-designate confidentiality of Rakishev deposition, preparing exhibits (3.2) | 3.2 | Schwartz Dec. at 9 |
| **S. Roytblat** | 10/27/2017 | Assisted C. Wenner and D. Boyle in investigation related to leaked transcript of K. Rakishev deposition. | 7.4 | Schwartz Dec. at 10 |
| **S. Roytblat** | 10/28/2017 | Assisted D. Boyle in preparing letter motion regarding leaked transcript of K. Rakishev deposition. | 2 | Schwartz Dec. at 10 |
| **S. Roytblat** | 10/30/2017 | Assisted C. Wenner and D. Boyle in preparing letter motion regarding leaked transcript of K. Rakishev deposition. | 2.9 | Schwartz Dec. at 10 |

| C. Wenner | 11/10/2017 | Preparations for hearing on violation of confidentiality order, including revisions to letter to [REDACTED], teleconf w/ opposing counsel re stipulation, email to Magna re witness affidavits, reviewing Hoguet Newman production, drafting proposed stipulation of facts | 2.2 | Schwartz Dec. at 13 |
|---|---|---|---|---|
| C. Wenner | 11/14/2017 | Research re Ilyas Khrapunov's ability to testify by phone at U.S. hearing without violating Swiss law (0.4); Hearing preparations, including correspondence w/ team and re work streams and strategy for sanctions hearing, drafting and negotiating stipulations of testimony and fact with opposing counsel, preparing for argument (7.9) | 8.3 | Schwartz Dec. at 13 |
| C. Wenner | 11/16/2017 | Preparation for sanctions hearing, teleconfs w/ A. Hassid and M. Schwartz re Blank Rome testimony and appearance of Triadou witnesses at sanctions hearing, email opposing counsel re testimony from Hoguet Newman witnesses, review background on CryptoHeaven accounts and prepare anticipated exhibits, draft and submit motion to court for technology order on | 10.8 | Schwartz Dec. at 13-14 |
| E. Milne | 11/16/2017 | Collecting evidence for evidentiary hearing on possible sanctions related to leak of Rakishev transcript including revising and updating draft BSF affidavits, revising draft cross-outline, and preparing exhibits to evidentiary submission with Roytblat aff. | 5.8 | Schwartz Dec. at 15-16 |

The prevalence of block billing in this case provides further support for cutting the requested hours.

**IV. The Court Should Set a Reasonable Fee of $61,749.**

The Court, in the exercise of its discretion, should award attorneys' fees of no more than $61,749.

First, the Court should strike the request for fees in the amount of $39,671 allegedly incurred in seeking a protective order and preparing for and defending the Rakishev deposition.

Second, the court should apply the following hourly rates to the remaining hours as follows:

10

|  | Category | Hours | Reasonable Rate | Fees |
|---|---|---|---|---|
| **Schwartz** | Motion for Sanctions/Investigation | 5.2 | $690 | $3,588 |
|  | Preparation for Hearing | 17.9 | $690 | $12,351 |
|  | Briefing Sanctions Motion | 11.4 | $690 | $7,866 |
|  | Motion to Strike | 4.1 | $690 | $2,829 |
|  | Oral Argument Sanctions | 9.4 | $690 | $6,486 |
| **Skinner** | Motion for Sanctions/Investigation | 0.7 | $575 | $403 |
|  | Preparation for Hearing | 23.0 | $575 | $13,225 |
|  | Briefing Sanctions Motion | 1.9 | $575 | $1,093 |
|  | Motion to Strike | 0.5 | $575 | $288 |
|  | Oral Argument Sanctions | 12.3 | $575 | $7,073 |
| **Wenner** | Motion for Sanctions/Investigation | 10.5 | $350 | $3,675 |
|  | Preparation for Hearing | 29.2 | $350 | $10,220 |
|  | Briefing Sanctions Motion | 5.9 | $350 | $2,065 |
|  | Motion to Strike | 1.1 | $350 | $385 |
| **Boyle** | Motion for Sanctions/Investigation | 18.0 | $330 | $5,940 |
|  | Preparation for Hearing | 41.3 | $330 | $13,629 |
|  | Briefing Sanctions Motion | 23.7 | $330 | $7,821 |
|  | Motion to Strike | 23.7 | $330 | $7,821 |
|  | Oral Argument Sanctions | 11.9 | $330 | $3,927 |
| **Milne** | Motion for Sanctions/Investigation | 0.5 | $270 | $135 |
|  | Preparation for Hearing | 11.7 | $270 | $3,159 |
|  | Briefing Sanctions Motion | 2.4 | $270 | $648 |
|  | Motion to Strike | 5.3 | $270 | $1,431 |
| **Roytblat** | Motion for Sanctions/Investigation | 13.0 | $150 | $1,950 |

|  | Preparation for Hearing | 21.2 | $150 | $3,180 |
|---|---|---|---|---|
|  | Briefing Sanctions Motion | 1.1 | $150 | $165 |
|  | Motion to Strike | 0.5 | $150 | $75 |
|  | Oral Argument Sanctions | 13.8 | $150 | $2,070 |
| **TOTAL** |  |  |  | **$123,498** |

Third, based on the excessive and unreasonable amount of time requested, as well as the block billing, the Court should reduce these fees by 50%, resulting in a total fee award of $61,749. The Khrapunovs are not challenging the additional $3,060.30 in costs.

## CONCLUSION

For the foregoing reasons, the Khrapunovs respectfully request that this Court award attorneys' fees to BTA/Almaty, pursuant to its March 5, 2018 Order, in an amount no greater than $61,749 plus costs of $3,060.30.

Dated: March 30, 2018
      New York, New York

HOGUET NEWMAN REGAL & KENNEY, LLP

/s/ John J. Kenney
John J. Kenney
John P. Curley
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street, 35th Floor
New York, NY 10016
Phone: 212-689-8808

*Counsel for Viktor Khrapunov and Ilyas Khrapunov*
