

PETER M. SKINNER
Tel.: (212) 303-3654
E-mail: PSkinner@bsfllp.com

April 4, 2018

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
          **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Nathan:

    We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"). We write in response to the April 2, 2018 letter of defendant Triadou SPV S.A. [ECF No. 602] seeking "clarification" of the Court's March 27, 2018 Order dismissing as time-barred certain common law claims against the Individual Defendants (*i.e.,* Mukhtar Ablyazov and Viktor & Ilyas Khrapunov). [ECF No. 592]. Triadou's motion for "clarification" is in reality Triadou's *fourth* motion to dismiss, *see* ECF No. 84 (Triadou Mot. to Dismiss); ECF No. 188 (Triadou Supp. Mot. to Dismiss RICO claims); ECF No. 268 (Triadou Supp. Mot. to Dismiss on jurisdictional grounds). Like all the others before it, Triadou's request should be denied.

    As even Triadou acknowledges, the Court's March 27 Order addressed only a statute of limitations issue left unresolved in the Court's September 26, 2017 Order granting in part, and denying in part, motions to dismiss brought by the *Individual Defendants*. [ECF No. 426]. The March 27 Order did not address *Triadou*, nor did *Triadou* seek to join the Individual Defendants' motions. The Kazakh Entities, not surprisingly, therefore never addressed any statute of limitations issues with respect to Triadou in the briefing leading to the Court's decision, nor did they have any reason to so. Triadou's application for "clarification" should be denied for the simple reason that Triadou was not a part of the underlying motion.

    Putting aside that obvious procedural defect, Triadou's application also fails on the merits. As the Court already recognized, the temporal limits for the Kazakh Entities' claim differ for each defendant. *See* March 27 Order, at 10 ("The question then is when the unjust enrichment claim accrued as to Ilyas Khrapunov individually."). For example, in the March 27 Order, the Court found that because Ilyas Khrapunov first touched (allegedly) illicit funds in 2008, the claims against him accrued at that time. *Id.* ("[T]he Court finds that the unjust enrichment claim first accrued against Ilyas Khrapunov at some time in 2008 when his entity, SDG, received the allegedly illicit funds.").The question here is thus when Triadou – not the Individual Defendants – first received the illicit funds at issue.

    Triadou first received illicit funds on November 9, 2012, when the first wire transfer was made into New York for its benefit. *See* ECF No. 219, ¶ 133(i). The statute of limitations with respect to Triadou therefore expired, at the earliest, on November 9, 2015 – that is, one month *after* the original crossclaims were filed. *See* ECF No. 49 (Answer, Cross- and Counterclaims, filed October 12, 2015). There is no need for "clarification" here because, under the Court's

reasoning, the Kazakh Entities' claims against Triadou are timely.

Let there be no mistake, Triadou's application for "clarification" asks the Court to find that the Kazakh Entities' claims against Triadou ran before Triadou *received any illicit funds* and *before Triadou even existed*. This is absurd. Triadou cannot claim to be wholly separate from the Individual Defendants, as it has done repeatedly in this litigation, while also claiming to inherit their statute of limitations defenses.

Triadou seems to predicate its ridiculous position on the Court's observation that "the Crossclaim Plaintiffs pleaded these three claims against the Individual Defendants as [a] collective unit . . . the 'Ablyazov-Khrapunov Group.'" *See* ECF No. 602 (*citing* March 27 Order, at 9). But the Court made this observation in the course of determining whether Ilyas Khrapunov had moved for dismissal despite the fact that only Viktor Khrapunov had been mentioned in the relevant section of the Khrapunovs' brief. *Id.* ("[T]he argument has been presented on behalf of the plural 'Khrapunovs' in other motion papers . . . and to consider the argument only with respect to Viktor would be to sanction an illogical discrepancy."). Here, there is no question that *Triadou* was not part of the Individual Defendants' motions to dismiss; the Court's reasoning therefore provides no support for Triadou's request.[1]

For all of these reasons, Triadou's application for "clarification" should be denied.

Respectfully,

/s/ Peter M. Skinner
Peter M. Skinner
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, New York 10022

---

[1] If Triadou were truly indistinct from the Individual Defendants, it would be subject to the the Kazakh Entities' U.K. judgments against Ablyazov [ECF No. 219, ¶ 192-199], the global freezing and receivership orders against Ablyazov and Ilyas Khrapunov [ECF Nos. 149-09, -10, -11], and the recent monetary sanctions imposed against the Khrapunovs by Judge Parker for contempt of court and violating the stipulated protective order in this case. [ECF No. 564].