# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

Phone:   (212) 885-5148
Fax:      (917) 591-7897
Email:   dskakel@blankrome.com

April 4, 2018

**VIA ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court – S.D.N.Y.
40 Foley Square, Room 2102
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
              No. 15-CV-5345 (AJN)(KHP)

Dear Judge Nathan:

      We represent Triadou SPV S.A. ("Triadou") and submit this letter to alert the Court to recent supplemental authority that is germane to Triadou's opposition to the motion filed by the City of Almaty and BTA Bank (together, "Almaty/BTA") seeking reconsideration of the Court's December 23, 2016 Order dismissing the RICO Crossclaims (ECF 517-18, 557). Specifically, the United States Court of Appeals for the Seventh Circuit issued a decision in *Armada (Singapore) PTE Ltd. v. Amcol International Corp.*, No. 17-2324, --- F.3d ----, 2018 WL 1464556 (7th Cir. Mar. 26, 2018), that addresses the domestic injury requirement for civil RICO claims imposed by the Supreme Court in *RJR Nabisco, Inc. v. European Community*, as well as the Second Circuit's decision in *Bascuñán v. Elsaca*, 874 F.3d 806 (2d Cir. 2017) (*Bascuñán II*), evaluating the domestic injury requirement.[1]

      In *Armada (Singapore) PTE*, the Seventh Circuit evaluated a trial court's dismissal of a plaintiff Singaporean shipping company's failure to allege a domestic injury based on claimed "harm to its ability to collect on its judgment [entered in New York] and other claims." 2018 WL 1464556, at *2. In affirming dismissal, the Seventh Circuit distinguished between "tangible" and "intangible" property, noting that the Second Circuit's reasoning in *Bascuñán II* "focused on how to address situations involving tangible property." *Id.* at *3-4. The Seventh Circuit then rejected plaintiff Armada's argument that "its judgment and claims are tangible properties," finding that those property interests lack "a 'physical existence.'" *Id.* at *3-4. The Seventh Circuit went on to hold that

> It is well understood that a party experiences or sustains injuries to
> its intangible property at its residence, which for a corporation like
> Armada is its principal place of business. . . . Here, Armada's

---

[1] A copy of the Seventh Circuit's decision in *Armada (Singapore) PTE* is attached hereto as Exhibit A.

BLANKROME

April 4, 2018
Page 2

> principal place of business is Singapore, so any harm to Armada's intangible bundle of litigation rights was suffered in Singapore. Thus, the injury is not domestic, and Armada has failed to plead a plausible claim under civil RICO.

*Id.* at *4 (internal citations omitted).

Applying *Armada (Singapore) PTE*'s holding to the instant case would yield the same result. At best, Almaty/BTA assert harm to an "intangible bundle of litigation rights," any injury to which would thus be suffered in Kazakhstan. *See id.* For the same reason, *Armada (Singapore) PTE* also forecloses Almaty/BTA's assertion that their purportedly injured property interests in the form of unproven legal claims are domestic simply because they were filed in New York. *Compare id.* ("any harm to Armada's intangible bundle of litigation rights was suffered in Singapore" even though claims were filed in U.S.) *with* ECF 518 at 17 (noting that constructive trust claim, "pending in this Court, is plainly domestic").[2]

Consequently, the Seventh Circuit's decision in *Armada (Singapore) PTE* is persuasive authority that supports the Court's prior dismissal of Almaty/BTA's RICO Crossclaims in the December 23, 2016 Order as well as denial of Almaty/BTA's pending motion for reconsideration of that Order.

Thank you for your consideration.

Respectfully submitted,

  *s/ Deborah A. Skakel*
Deborah A. Skakel

---

[2] Triadou has not overlooked that *Armada (Singapore) PTE* involved RICO claims based on purported injuries to an arbitral award and legal claims arising therefrom. But that fact does not undermine Triadou's arguments in its reconsideration motion opposition that Almaty/BTA's purportedly injured property interests – related to their pending constructive trust and conversion claims – are not sufficiently definite to sustain the RICO Crossclaims. (ECF 557 at 19-20). Indeed, Almaty/BTA's claims are distinguishable from *Armada (Singapore) PTE*, in which the plaintiff premised its RICO claims on harm to an already-obtained arbitral award and to legal claims relating to the defendant's conduct that occurred after obtaining that award. 2018 WL 1464556, at *1-2 (describing claims as arising out of alleged efforts to obstruct attempts to collect on existing arbitration award and state-registered judgments recognizing same).