# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

Phone:  (212) 885-5148
Fax:    (917) 591-7897
Email:  dskakel@blankrome.com

FILED APR 0 5 2018

VIA ECF

> As Triadou notes below, the March 27 Order was issued in response to motions submitted by the Individual Defendants. The Order does not address Triadou, nor did Triadou seek to join the Individual Defendants' motions. Accordingly, to the extent Triadou needs "clarification" as to the scope of the Order, it dismisses the claims against the Individual Defendants only.
> SO ORDERED.

April 2, 2018

SO ORDERED: 4/5/18

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

The Honorable Alison J. Nathan
United States District Judge
United States District Court – S.D.N.Y.
40 Foley Square, Room 2102
New York, New York 10007

Re:  *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
     No. 15-CV-5345 (AJN)(KHP)

Dear Judge Nathan:

We represent Triadou SPV S.A. ("Triadou") and respectfully submit this letter seeking clarification of the Court's March 27, 2018 Memorandum Opinion and Order dismissing the claims of the City of Almaty and BTA Bank (together, "Almaty/BTA") for unjust enrichment, conversion, and constructive trust. (ECF 592) (the "March 27 Order"). Specifically, Triadou seeks clarification as to the language of the March 27 Order's conclusion section and docket text, which state: "Crossclaim Plaintiffs' claims for unjust enrichment (Count Eight), conversion (Count Nine) and constructive trust (Count Ten) are dismissed as time-barred." (ECF 592 at 10; ECF 592 docket text). Triadou is unclear whether the Court dismissed those claims only as to the Individual Defendants, or as to all defendants, and seeks clarification on that limited issue.

While Triadou recognizes that the Court issued the March 27 Order in response to motions submitted by the Individual Defendants, and that the text of the Order analyzes the statute of limitations issue with respect to each Individual Defendant, the reasoning underlying the Court's holding appears to apply to all defendants. (*See* ECF 592 at 9 ("the Crossclaim Plaintiffs pleaded these three claims [for unjust enrichment, conversion, and constructive trust] against the Individual Defendants as a collective unit," "or as the 'Ablyazov-Khrapunov Group,' not specifying how it applied to each defendant separately"); *see also id.* at 10 (finding statute of limitations for unjust enrichment claim "first accrued against Ilyas Khrapunov some time in 2008 when his entity, SDG, received the allegedly illicit funds"). Further, to interpret the dismissal as applying to all defendants is consistent with the Court's prior dismissal of other claims, including Almaty/BTA's alter ego and replevin claims. (ECF 174 at 32 (dismissing Counts 9 and 12 of ECF 49); *see also* ECF 219 (removing those claims)).

Accordingly, Triadou respectfully seeks clarification as to whether the Court's dismissal of Almaty/BTA's conversion, constructive trust, and unjust enrichment claims was ordered as to all defendants.

# BLANKROME

April 2, 2018
Page 2

    Thank you for your consideration.

                                            Respectfully submitted,

                                            *s/ Deborah A. Skakel*
                                            Deborah A. Skakel