UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and BTA
BANK JSC,

            Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR
KHRAPUNOV, ILYAS KHRAPUNOV, and
TRIADOU SPV S.A.,

           Defendants.

No. 15-CV-05345(AJN)(KHP)

### DECLARATION OF JOHN J. KENNEY
### IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to 28 U.S.C. § 1746, John J. Kenney makes the following declaration under penalty of perjury:

1.     I am an attorney licensed to practice law in the State of New York and before the United States District Court for the Southern District of New York. I am a member of the law firm Hoguet Newman Regal & Kenney, LLP ("HNRK"), counsel for defendants Viktor and Ilyas Khrapunov ("the Khrapunovs"). I make this declaration based on my personal knowledge of the facts set forth herein, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, in support of the accompanying proposed order to Withdraw as Counsel to the Khrapunovs.

2.     HNRK is moving to withdraw from this case because we have not been paid for our work in many months.

3.     HNRK was retained by the Khrapunovs in or about June 2016 to represent them in this litigation. From the beginning of this engagement until the present we have

communicated with Ilyas Khrapunov, who resides in Geneva, Switzerland, by telephone and email.

4. Although HNRK has received some of its fees, there is a significant unpaid balance. The Khrapunovs have never disputed that we are owed money for the work reflected on our invoices.

5. I have repeatedly asked the Khrapunovs to bring their account current but they have not done so.[1]

## ARGUMENT

6. Local Civil Rule 1.4 provides:

An attorney who has appeared as an attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

7. When considering whether to grant a motion to withdraw under Rule 1.4, "courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-cv-7424(JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). Both factors weigh in favor of permitting HNRK to withdraw here.

8. First, it is "well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw" under Local Civil Rule 1.4. *SEC v. Pentagon Capital Mgmt. PLC*, No. 08-cv-3324 (RWS), 2012 WL 3065981, at *2 (S.D.N.Y. July 25, 2012) (citation

---

[1] We have omitted further details to preserve confidentiality, but will provide further details and supporting documentation for *in camera* review if requested by the Court.

omitted). "The New York Rules of Professional Conduct permit a lawyer to withdraw if the client 'deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 266 (S.D.N.Y. 2010) (citing N.Y. Rules of Professional Conduct, Rule 1.16(c)(5)). As described above, although the Khrapunovs have never disputed our invoices, they have has failed to pay a significant amount of the legal fees they owe HNRK in connection with our representation in this matter for many months.

9. Second, our withdrawal from this case at this stage will not impact the timing of the litigation's resolution. Although fact discovery is nearly complete, a trial date has not yet been set. Therefore, our withdrawal can be accomplished without any adverse effect on the litigation. *See, e.g., Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (finding that counsel's withdrawal "may impact the timing of prospective motion practice but will not disrupt the proceedings to the point where denial would be warranted" because "[a]lthough the discovery period is nearly over, no trial date has been set yet"); *Thekkek v. LaserSculpt, Inc.*, No. 11-cv-4426(HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (finding no disruption to the proceedings sufficient to deny counsel's motion to withdraw where a withdrawal "will impact both the timing of the pending motion practice and potentially the discovery schedule," but trial was scheduled for nine months later).

10. HNRK is not asserting a retaining or charging lien in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
April 20, 2018

_____
John J. Kenney