# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

May 4, 2018

**VIA ELECTRONIC MAIL & ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court – S.D.N.Y.
40 Foley Square, Room 2102
New York, New York 10007

Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
No. 15-CV-5345 (AJN)(KHP)

Dear Judge Nathan:

We represent Triadou SPV S.A. ("Triadou") and respectfully submit this letter to advise the Court of recent events affecting certain real property owned by Syracuse Center LLC, a New York limited liability company in which Triadou has only an indirect interest through its Delaware-incorporated subsidiary Argon Holding, Corp. The real property is ▮▮▮▮▮.

**Relevant Background**. ▮▮▮▮▮. Ultimately, Syracuse Center LLC purchased the referenced property. Triadou does not have a direct interest in Syracuse Center LLC or the property. Rather, Triadou has only an equity interest in Argon Holding, Corp., which is a Delaware incorporated entity, (*see, e.g.*, ECF 142-6 at 6; Ex. 3), and Argon is the sole member of Syracuse Center LLC, (*see, e.g.*, Exs. 3-6).

▮▮▮▮▮

BLANKROME

May 4, 2018
Page 2

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████.

Separately, in August 2017, counsel for Almaty/BTA first contacted Triadou to ask whether it would "consent to the attachment [of] its interest in, and the assets of, its subsidiaries Syracuse Center LLC and Argon Holding Corp." As Your Honor may recall, more than a year earlier, on July 18, 2016, this Court issued a Memorandum and Order of Attachment covering Triadou's assets in the State of New York. (ECF 192). That order permitted counsel for Almaty/BTA to levy on "property in the State of New York, whether real or personal, tangible or intangible, presently existing or hereafter arising, which could be assigned or transferred as provided by CPLR § 5201, in which Triadou has an interest, to the extent [of] such interest, and upon any debts in which Triadou claims a right . . . ." (*Id.* at 7). Because the property is not subject, and should not be subjected, to the Attachment Order, Triadou did not consent to the August 2017 request. But, at that time, Triadou did express a willingness to discuss potential disposition of the Syracuse property due to the mounting liabilities against the property. The parties last discussed this subject on September 19, 2017, during a meet-and-confer in which Triadou's counsel raised the possible sale of the property subject to certain conditions. While Almaty/BTA's counsel represented that they would convey the proposal to their clients and revert, to date, Triadou has received no response.

Relatedly, Triadou understands that in or around June 2016, bankruptcy proceedings involving Adlux began in Switzerland.[1] █████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████.

████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████.

**Legal Basis**. In light of Almaty/BTA's prior inquiry regarding the Syracuse property, ████████████████████████████████████████████████████████████████████

---

[1] Triadou understands that the bankruptcy proceedings against Adlux were publicly announced and a call for creditors to declare themselves was published in official Swiss press.

[2] ████████████████████████████████████████████
████████████████  █████████████████████████
███████████████████████████████████████████.

BLANKROME

May 4, 2018
Page 3

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████.

      First, to be subject to the Attachment Order, Triadou's property must be located "in the State of New York." (ECF 192 at 7). Here, while the Syracuse property is unquestionably in New York, Triadou does not own that property. Rather, Triadou owns 100 percent of the stock in Delaware-incorporated Argon, and, in turn, Argon is the sole member of Syracuse Center LLC. Thus, the relevant inquiry is where Triadou's ownership of Argon is "located." In New York, the situs of ownership evidenced by "certificates or negotiable instruments . . . would be where the written instruments were physically present." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 314 (N.Y. Ct. App. 2010). Because Triadou's sole director (Cesare Cerrito) holds a copy of Argon's stock certificate ("Argon Stock Certificate") in Switzerland, (Ex. 3),[3] Triadou's ownership interest in Argon is not subject to the Attachment Order, (ECF 192 at 7).

      Second, putting aside location, the Attachment Order applies only "to the extent" of Triadou's interest. (ECF 192 at 7). Here, Triadou has only an indirect equity interest in the property,

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
█████████████████████████████████.

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████.

---

[3] ████████████████████████████████████████████████████████████████████; that entity was officially renamed "Argon Holdings, Corp." on October 16, 2013, (Ex. 5). Triadou searched for but could not find an original version of the Argon Stock Certificate, and counsel confirmed with Argon's former attorneys in New York that none possess the original version.

[4] ███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████.

BLANKROME

May 4, 2018
Page 4

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████.  Thank you for your consideration.

                                                            Respectfully submitted,

                                                          *s/ Deborah A. Skakel*
                                                        Deborah A. Skakel