

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

May 8, 2018

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

    Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
           **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

    We represent the City of Almaty, Kazakhstan and BTA Bank ("the Kazakh Entities"). We write in brief response to Triadou SPV S.A.'s May 8, 2018 opposition to Plaintiffs' motion to extend fact discovery [ECF No. 640], in order to address four points.

    *First*, Triadou's proposed 30-day, limited extension of discovery is unworkable, and will almost certainly result in the parties returning to the Court in early June to request yet another extension of discovery. For example, Plaintiffs are certainly hopeful that the California court will rule promptly following (or at) the May 15 hearing; that if the California court transfers the motion to compel to this Court, no further briefing will be needed; that Mr. Petelin will immediately produce the responsive documents he has been withholding after the California court rules; and that Mr. Petelin will promptly make himself available for deposition after producing those documents. But the prospect of all of these things happening by June 8th is remote. Similarly, Triadou says that it "is hopeful that [Felix Sater] can be deposed within the next 30 days," but gives no indication that this hope has any connection with reality. Triadou seems to accept that none of the outstanding depositions are likely to occur within 30 days, suggesting that depositions may extend into expert discovery, but expert discovery will itself be disrupted and delayed if the parties are still conducting critical fact discovery. In short, the suggestion that the parties can complete multiple depositions (at least one of which is predicated on the outcome of a pending motion to compel), motion practice with respect to at least three non-parties (two of which involve miscellaneous actions in other District Courts), further document productions, supplementation of discovery responses, and requests for admission and contention interrogatories within the next 30 days – all while one of the defendants is *pro se* and counsel to two others is seeking to withdraw, <u>and</u> the parties are expected to be in settlement mediation – is unrealistic.

    *Second*, Triadou complains that Plaintiffs "ambushed the defendants with a purportedly confidential witness . . . and fail[ed] to offer a shred of evidence to substantiate the need to preclude defendants' counsel from sharing the witness's identity with their clients." (Triadou Ltr. at 3). As noted the Kazakh Entities' initial letter, Plaintiffs offered to provide an Attorneys-Eyes Only submission describing the Confidential Witness to opposing counsel last week, but received no response. [ECF No. 639, at 2, n.3]. Since Triadou has now disputed the importance of this witness, concurrent with this filing, Plaintiffs are sending to opposing counsel, designated Attorneys-Eyes Only under the Protective Order in this action, a letter identifying the Confidential Witness and the



reasons for his or her identification at this time.[1] While the Confidential Witness's importance and availability only recently became apparent, the witness has been identified in the Kazakh Entities' Rule 26 disclosures for some time, and thus he or she is not a "surprise witness" previously unknown to the defendants.[2]

*Third*, Triadou's complaints about the length of discovery ring hollow. From the beginning, Triadou has claimed to know virtually nothing about its own investments and business history, forcing Plaintiffs to reconstruct this information through discovery from third parties located around the world. Discovery would certainly have moved faster had all defendants participated in a meaningful way. They have not: Ablyazov has producing nothing; the Khrapunovs did not even collect documents until more than a year into discovery, and their productions are still incomplete; Triadou has admitted that it destroyed or lacks access to the e-mail accounts of virtually all of its key personnel during the time period in question, including Ilyas Khrapunov, Nicolas Bourg, and Marc Gillieron (while claiming these deletions were mere coincidence); and all of the defendants' Rule 26 disclosures were incomplete. If Triadou did not know the details of its own investments when this case began, it should not be surprised that it has taken some time for the Plaintiffs to learn the details of those transactions from other sources.

*Finally*, the notion that Plaintiffs have "slow-played discovery to their benefit" is laughable. In this case, withdrawal of counsel has had nothing to do with the length of discovery and everything to do with the individual defendants' approach towards this litigation. Plaintiffs certainly have not benefited from the length of discovery, and to the contrary, as explained in the Plaintiffs' forthcoming opposition to the pending motion to withdraw, losing counsel in this case has harmed and will harm the Plaintiffs. The only ones who benefit from extended discovery are the defendants, who will seek to make the most of fading memories and disappearing documents.

For the above reasons, and those stated in Plaintiffs' motion to extend discovery, the Kazakh Entities respectfully request that the Court extend the current fact discovery deadline from May 9, 2018 to at least August 13, 2018, and adjust the current case schedule accordingly.

Thank you for your consideration of this request.

Respectfully,

  /s/  Matthew L. Schwartz
Matthew L. Schwartz

---

[1] The Plaintiffs have not attached this AEO submission to this filing in order to avoid creating any dispute over sealing, but are prepared to provide a copy of this same AEO submission to the Court if requested, subject to any confidentiality protections the Court orders.

[2] In a footnote, Triadou argues that "pursuing the testimony of a confidential witness is contrary to Almaty/BTA's representations to this Court in opposing Triadou's motion to compel documents and a deposition from Arcanum" that "to the extent Arcanum or other investigators may have identified witnesses . . . relevant to the claims and defenses in this action . . . the witnesses have been disclosed." (Triadou Ltr. at 3 n.7).  As noted above, however, the identity of the Confidential Witness has been previously disclosed to the defendants. Moreover, Triadou's introduction of "Arcanum or other investigators" is a non sequitur; Arcanum had nothing to do with identifying or securing the availability of the Confidential Witness.