

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

May 9, 2018

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

> Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
>        **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Nathan:

We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities" or "Plaintiffs"), and write in response to the May 4, 2018 letter from defendant Triadou SPV S.A., [ECF No. 634], seeking to encumber property owned by Triadou's subsidiary located in Syracuse, New York. Triadou's request should be denied at this time, because, among other reasons, those same subsidiaries have already taken the position before the New York Supreme Court that they are bound by this Court's Order attaching Triadou's assets. [ECF No. 175] (the "Attachment Order"). The Kazakh Entities respectfully request that this Court confirm that these subsidiaries' assets fall within the scope of the Attachment Order, and require Triadou to obtain Plaintiffs' consent before permitting any encumbrance of the property in question.

### Background

On May 11, 2016, the Kazakh Entities moved for an order attaching Triadou's assets in New York.  [ECF No. 140]. Following an evidentiary hearing, Your Honor granted that motion, based in part on a finding that "[f]unds to meet Triadou's capital obligations to the Flatotel project were wired from Telford International Ltd" and that "Telford is an Ablyazov investment entity used to move Ablyazov's funds." [ECF No. 175, at 5-6].

As seen in the accompanying Exhibit A (copied from record evidence from the attachment proceedings [ECF No. 142-6, at 6]), Triadou was structured so that most of its investments were held in wholly-owned and controlled subsidiaries, rather than by Triadou itself. These subsidiaries include Argon Holding, Corp and Syracuse Center, LLC (the "Wholly-Owned Subsidiaries"). The Wholly-Owned Subsidiaries' assets include debt owed to them by other related companies, and as specifically relevant to the instant motion, a multi-use complex in Syracuse, New York (the "Syracuse Property"), owned by Syracuse Center LLC.

On May 4, 2018, without notice to the Kazakh Entities, Triadou wrote to this Court, stating that it intended to execute a mortgage on the Syracuse Property within one week. [ECF No. 634, at 4]. Triadou also revealed, for the first time, that a debt purportedly owed to Adlux Sarl, a company co-owned and controlled by Ilyas Khrapunov, had been sold to a shell company ("Acquisition SPV LLC") which was now demanding that Triadou encumber the Syracuse Property.



## Argument

1. *Triadou and the Wholly-Owned Subsidiaries are Judicially Estopped from Encumbering or Opposing Attachment of the Syracuse Property*

On January 17, 2017, an unpaid security contractor filed an action in the New York Supreme Court, Onondaga County, against Syracuse Center LLC, seeking a lien and notice of pendency on the Syracuse Property. The complaint alleged that the contractor was owed hundreds of thousands of dollars in back fees, as well as an agreed-upon portion of a planned sale of the Syracuse Property. Syracuse Center LLC moved to dismiss the contractor's claims, represented by the same lawyer who represents Triadou in its pending state court litigation involving the Chetrit Group. Triadou's state court counsel presented the Supreme Court with a copy of Your Honor's Attachment Order, taking the position that Syracuse Center was bound by that Order, and that the sale of the Syracuse Property was blocked because of the attachment of *Triadou's* assets:

> [O]n May 11, 2016 a party in a Federal Action in the Southern District of New York moved for an order of attachment as against Defendant's affiliate company. Defendant's affiliate entity opposed the application, but the Judge granted an order of attachment on June 24, 2016. Exhibit C [the Attachment Order]. Defendant's affiliate has opposed and continues to oppose the attachment by way of motion and otherwise, but the order of attachment remains in effect. ***As such, Defendant cannot sell the [Syracuse] property until the aforesaid order is lifted***.

Ex. B, at 4, Reply Memorandum of Law in *Blackhawk Tactical Security Services, LLC v. Syracuse Center, LLC* (No. 2017EF254) (emphasis added). Notably, Triadou's state court counsel did not argue that the Attachment Order had complicated or delayed the planned sale, but rather, that the Attachment Order *prohibited* any sale of the Syracuse Property. This argument was persuasive to the Supreme Court, which dismissed a number of the unpaid contractor's claims, finding:

> [THE COURT]: The agreement quite clearly states that the property was to be sold, and it was not sold. And according to the responding papers, it is not even listed for sale ***and it has been withdrawn from the market due to some attachment problems pending down in the Southern District of New York that they are attempting to resolve***.

Ex. C, at 3:7-13 (June 29, 2017 Hr'g Tr. before Hon. G. Gilbert (emphasis added)).

"[J]udicial estoppel precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed." *Henkel v. Wagner* No. 12-CIV-4098 (AJN), 2013 WL 12084503, at *5 (S.D.N.Y. Mar. 18, 2013). The standard Your Honor identified in *Henkel* has been met here: Triadou's wholly-owned subsidiary (represented by Triadou's state court counsel) took the position before Justice Gilbert that the Attachment Order prevented it from selling the Syracuse Property, and Justice Gilbert granted relief based on that argument. Neither Triadou nor the Subsidiaries can change positions now and resist attachment of the Subsidiaries' assets, or claim that the Attachment Order does not preclude encumbrance of the Syracuse Property with a new mortgage.

2. *The Subsidiaries Are Alter Egos of Triadou*

Plaintiffs expect that Triadou will argue that, notwithstanding the positions successfully taken before Justice Gilbert, Triadou itself should not be judicially estopped, even if the Subsidiaries might be. This argument is meritless, as the Subsidiaries are simply alter egos of Triadou, with no corporate



separateness; indeed, that is precisely why Syracuse Center LLC represented itself to be bound by this Court's Attachment Order. Discovery has unearthed ample evidence that the Wholly-Owned Subsidiaries have no corporate substance, and that Plaintiffs will be able to enforce against their assets when they prevail at trial. "Alter egos own a pool of common assets, and creditors may look to the assets of one to satisfy claims against the other. Hence, the creditor of one alter ego can attach the assets held in the name of the other alter ego." *Helicon Partners, LLC v. Kim's Provision Co*., No. ADV 12-01602, 2013 WL1881744, at *7 (Bankr. S.D.N.Y. May 6, 2013) (internal citation omitted).

Judge Parker has already found that Triadou itself is merely an alter ego of its corporate parent, SDG, for discovery purposes. [ECF No. 330, at 16]. Much like that relationship, Triadou is the 100% beneficial owner of the Wholly-Owned Subsidiaries, directly or indirectly (*see* Ex. A), and all share the same sole director, Cesare Cerrito. The Wholly-Owned Subsidiaries do not keep their own records or have their own office space or communications – which Triadou admitted after the Plaintiffs served subpoenas on them. Most importantly, the Wholly-Owned Subsidiaries are simply being used as a dumping ground for Triadou and SDG to hide debt and manipulate their financial appearance. For example, not long after assuming control of Triadou and the Wholly-Owned Subsidiaries, Mr. Cerrito (whom Your Honor has already heard and found not to be credible, [ECF No 175, at 7, n.6]), ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████

Setting aside the propriety of such a transaction, the disregard for the corporate form is obvious.

### 3. *The Court Should Enjoin Triadou From Alienating or Encumbering the Syracuse Property Without Plaintiffs' Consent*

As detailed above, Syracuse Center LLC has already taken the position that it "cannot sell the [Syracuse] property until the [attachment] order is lifted," Ex. B, at 4, so it should be beyond dispute that it cannot mortgage the very same property while the Attachment Order remains in place. There is no substantive or legal difference between selling the property outright and mortgaging it to a shell company, which could immediately foreclose on a property Triadou admits "is under water." (Ltr. at 3).

Nonetheless, Plaintiffs recognize that the Syracuse Property is in a difficult financial situation, and are willing to negotiate with Triadou in good faith to allow Triadou to sell or otherwise encumber the property – so long as the resulting funds are kept in escrow pending the resolution of this lawsuit. Triadou admits that there was an all-cash offer of $3.5 million for the property as recently as last year, but omits that this offer was inexplicably rejected, leading the brokers involved to suspect that any future transfer of the Syracuse Property would be a front to launder money. *See* Ex. F ("My gut tells me that the buyer will be laundering money and likely this will be a sale of the LLC, not a transfer of title. . . . They are clearly scum."). These are the very same concerns Plaintiffs have now, as an unknown LLC is seeking to take control of this asset. Plaintiffs are willing to work with Triadou and the Wholly-Owned Subsidiaries to execute a transparent sale, so long as the resulting funds are held by a neutral monitor or with the Court, and not moved offshore – which Triadou has threatened to do in the past. [ECF No. 156, ¶ 18].[1]

---

[1]     Triadou correctly notes in its letter that this option was discussed between the parties in meet-and-confer sessions last year, but omits key details, including that one of Triadou's demands was that Plaintiffs assume responsibility for upkeep costs and arrears on the Syracuse Property pending any sale



<u>**Conclusion**</u>

For the above reasons, the Kazakh Entities respectfully request that the Court confirm that Triadou's Wholly-Owned Subsidiaries are bound by the Attachment Order, and enjoin Triadou from executing any mortgage on the Syracuse Property without Plaintiffs' consent.

Respectfully submitted,

 /s/ Matthew L. Schwartz
Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, New York 10022

---

– essentially demanding that Plaintiffs commingle their funds with an asset Triadou purchased with money stolen from the Plaintiffs. This condition was plainly unacceptable.