# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
-----------------------------------------------------------------X
BLACKHAWK TACTICAL SECURITY            Index No.: 2017-EF-254
SERVICES, LLC,

                Plaintiff,

     -against-

SYRACUSE CENTER, LLC,

                Defendant.
-----------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION

David C. Van Leeuwen, Esq.
Natasa Colovic, Esq.
PEYROT & ASSOCIATES, PC
*Attorneys for Defendant*
62 William Street, 8th Floor
New York, New York 10005
(646) 250-2785

## PROCEDURAL HISTORY

Defendant filed the instant motion to dismiss on or about February 24, 2017. Plaintiff requested an adjournment of the return date to May 18, 2017, which was accepted by the court. Thereafter, Plaintiff again requested an adjournment to June 29, 2017 on the condition that opposition papers would be filed by June 13, 2017. The court granted Plaintiff's request by correspondence dated May 12, 2017. Exhibit A.

Now, despite the fact that Plaintiff had over **three (3) months** to submit opposition papers, Plaintiff files the opposition papers on June 22, 2017. As such, we respectfully request that same not be considered by the court.

Even if the court decides to consider the opposition papers, as more completely set forth herein, Platinff does not raise any legal or factual issues that would provide any basis to deny the pending application to dismiss.

As such, based on the foregoing together with the initial moving papers, the Defendant's motion to dismiss must be granted in its entirety.

# ARGUMENT

## I. THERE IS NO BASIS FOR PLAINTIFF TO MAINTAIN THE NOTICE OF PENDENCY OR THE MECHANICS LIEN AND BOTH MUST BE DISMISSED FORTHWITH

As set forth in the initial moving papers, claims are for money damages and are not properly secured by a Notice of Pendency. Shkolnik v. Krutoy, 32 AD3d (2nd Dept. 2006); Alternate Energy Management Corp. v. Fontana, 141 AD2d 482 (2nd Dept. 1988); In re Basso v. LO Electric et al., 2015 NY Slip Op 50324(U), Sup. Ct. Putnam Co. 2015).

Plaintiff does not dispute that its claim is for money damage or cite any contrary legal authority on the issue. Plaintiff's counsel improperly tries to claim that Plaintiff has a 1% interest in the property, but that is untrue. The agreement clearly states that the Plaintiff is entitled to "1% of the gross sale price" upon a sale, which would be a monetary figure. Exhibit B.

As such, the Notice of Pendency must be dismissed.

Similarly, the mechanic's lien must also be dismissed as the services performed are not permanent and as such a mechanic's lien is improper. Chase Lincoln First Bank v New York State Elec. & Gas Corp., 182 AD2d 906, 907 (3d Dept 1992); 270 Greenwich St. Assoc. LLC v Patrol & Guard Enters., Inc., 2010 NY Slip Op 31667[U], [Sup Ct, NY County 2010]).

Plaintiff does not submit any opposition in this regard whatsoever and any mechanics lien's filed must be discharged of record.

## II. THE DEFENDANT HAS COMPLIED WITH THE AGREEMENT AND PLAINTIFF HAS BREACHED THE AGREEMENT AND OTHERWISE ACTED IMPROPERLY AND UNLAWFULLY

Plaintiff does not controvert that the payments were not made or that the the validity of the Modification is an issue in its opposition papers. In accordance with the clear terms of the Modification dated March 9, 2016, Defendant was required to make and did make two (2) separate payments in the amounts of $28,000.00 and $2,000.00 respectively. Plaintiff's claim to 1% of the sale of the property is not yet ripe, as the property has not yet been sold. It should be noted that Plaintiff's counsel drafted the Modification at issue.

Plaintiff attempts to raise two (2) arguments in opposition, that is, (i) the property listing was taken down, (ii) Defendant allegedly made additional payments to Plaintiff. However, neither of these claims provide a basis to deny Defendant's motion to dismiss.

As stated above, the Modification was signed on March 9, 2016. Exhibit B. Subsequently, on May 11, 2016 a party in a Federal Action in the Southern District of New York moved for an order of attachment as against Defendant's affiliate company. Defendant's affiliate entity opposed the application, but the Judge granted an order of attachment on June 24, 2016. Exhibit C. Defendant's affiliate has opposed and continues to oppose the attachment by way of motion and otherwise, but the order of attachment remains in effect. As such, Defendant cannot sell the property until the aforesaid order is lifted.

4

As to the additional payments allegedly made, this is completely irrelevant to the matter at hand. Defendant was only obligated to comply with the Modification, and if it decided to make any additional payments voluntarily, that does not change the legal arrangement. Plaintiff cites no legal authority whatsoever as to how such payments would be relevant.

Merely two (2) months after signing the March 9, 2016 Modification agreement and receiving the $30,000.00, Plaintiff already began to violate the Modification agreement by making more and more frequent demands for additional payments, despite this being quite contrary to the agreement. More specifically, Plaintiff took a dual approach, both appealing for pity of "how hard thing were on him" and repeatedly threatening to stop service. See Cerrito Affd. ¶ 4.

Defendant did make some $4,000.00 payments, but such payments were voluntary and in response to threats by Plaintiff to breach the Modification, including but not limited to, improperly threatening to stop services at the subject property, sending inflated invoices, and misrepresentations and promises that additional security staff would be placed at premises, which upon information and belief are untrue. Id. ¶ 5.

It should also be noted that none of the $4,000.000 payments were applied to reduce the balance owed by Defendant and upon information and belief a representative of Plaintiff, Mr. Ciarmella has retained the sums for himself. Id. ¶ 6.

Plaintiff also claims that it commenced this proceeding only after it was made aware that the property was no longer to be sold. Id. ¶ 7. This is untrue. Id. The Plaintiff filed its complaint on January 9, 2017. However, at the time the property was still listed for sale with CBRE, with whom the Plaintiff claims to have been in touch. Indeed, the Plaintiff himself admits that he was told by CBRE that the property was only taken off the market on 15 May 2017, i.e. over 4 months *after* the Plaintiff filed the complaint, supposedly on the basis of the property not being for sale. In fact, as late as 1st of March 2017, the Defendant was still receiving offers on the property, demonstrating that the sale search was still ongoing. Id.

As stated above, Plaintiff's claim to 1% of the sale of the property is not yet ripe, as the property has not yet been sold.

Since Defendant complied with the clear terms of the Modification, the Summons and Complaint must be dismissed and the Notice of Pendency must be cancelled and dismissed of record.

### III. CONCLUSION

Defendant's motion must be granted in its entirety, together with other such further relief the court may deem just and proper.

No prior application has been made for the relief requested herein.

Dated: New York, New York
June 27, 2017

    Respectfully submitted,

    PEYROT & ASSOCIATES, PC

By:   */s/ David Van Leeuwen*
    David C. Van Leeuwen, Esq.
    Natasa Colovic, Esq.
    *Attorneys for Defendant*
    62 William Street, 8th Floor
    New York, New York 10005
    (646) 650-2785