**BLANKROME**

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

Phone:  (212) 885-5148
Fax:    (917) 591-7897
Email:  dskakel@blankrome.com

May 10, 2018

**VIA ELECTRONIC MAIL & ECF**
The Honorable Alison J. Nathan
United States District Judge
United States District Court – S.D.N.Y.
40 Foley Square, Room 2102
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            No. 15-CV-5345 (AJN)(KHP)

Dear Judge Nathan:

      We represent Triadou SPV S.A. ("Triadou") and respectfully submit this letter in response to the request of the City of Almaty, Kazakhstan and BTA Bank (together, "Almaty/BTA") to enjoin ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (ECF 647). This Court should deny Almaty/BTA's half-hearted injunction "request" because (i) they have already conceded that the Syracuse property owned by Syracuse Center LLC (the "LLC") is not subject to this Court's Attachment Order, (ECF 636); (ii) while they offer to negotiate with Triadou now, (ECF 647 at 3), they had ample opportunity to do so in the past, but chose to take no action – a choice that confirms Almaty/BTA would not be prejudiced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (iii) their judicial estoppel and alter ego theories are not tenable; and (iv) their "request" for an injunction lacks any probative evidentiary support.

      Initially, Almaty/BTA invoke judicial estoppel, but the doctrine is inapplicable here. Even assuming that Triadou and the LLC should be treated as alter egos (as described below, they should not), the LLC never represented that its property was *subject to* the attachment; Triadou has not taken a contrary position here. (*See* ECF 647 at 2). Rather, in its reply brief (on a motion to dismiss in state court), the LLC stated only that it could not sell its property until the attachment was lifted, (ECF 647, Ex. D at 4); it did not state the basis for its contention or that the property was in fact attached. Nor did Justice Gilbert find that the LLC made such a representation, as he referenced only "attachment issues" in his order. (ECF 647, Ex. C at 3).[1] And notwithstanding Almaty/BTA's erroneous assertion to the contrary, (ECF 647 at 2), the LLC never "secured a judgment in [its] favor" based on its attachment arguments. *See Henkel v. Wagner*, No. 12 Civ. 4098 (AJN), 2013 WL 12084503, at *5 (S.D.N.Y. Mar. 18, 2013). Instead, Justice Gilbert *denied* the LLC's motion

---

[1] Counsel for Triadou discussed the Attachment Order with the LLC's counsel before filings were made in the state court action; during that discussion, Triadou's counsel stated its view that the Syracuse property was not subject to the Order, but anticipated that Almaty/BTA would argue otherwise. Notably, Almaty/BTA telegraphed their position in February 2017, when they sought to have Triadou stipulate (it did not) that Triadou and its subsidiaries were "indistinct in Triadou's course of business." (*See* Ex. 14 at 1).

to dismiss the claim to which the attachment argument was addressed. (*See* ECF 647, Ex. C at 3). Nor did Justice Gilbert adopt the LLC's argument related to the attachment. Absent a judgment in its favor based on the purportedly inconsistent argument, and absent adoption of the position by the judge, judicial estoppel does not apply. *Henkel*, 2013 WL 12084503, at *5 (where judge does not adopt parties' allegedly inconsistent position, and where party did not obtain favorable result, "there is no basis to apply judicial estoppel").

In contrast to Triadou and the LLC, Almaty/BTA have taken inconsistent positions by asking the Court to "confirm that [Triadou's] subsidiaries' assets fall within the scope of the Attachment Order," (ECF 647 at 1), despite acknowledging just days ago that the Order does not cover such property, (ECF 636 at 1 (conceding the need "to move to extend" the order to reach those assets)). Almaty/BTA's request for Triadou's consent to attach its subsidiaries' assets is also an implicit admission that they have long understood those assets to be beyond the Order's scope. (ECF 634 at 2; Ex. 15 at 1).

Nor should the Court extend the Attachment Order based on Almaty/BTA's cavalier assertions that Triadou and its subsidiaries are alter egos. Attachment is a "harsh and extraordinary" remedy, *Bank of China, N.Y. Branch v. NBM LLC*, 192 F. Supp. 2d 183, 186 (S.D.N.Y. 2002), and Almaty/BTA bear a "heavy burden" to establish it is proper here. *See Nat'l Audubon Soc., Inc. v. Sonopia Corp.*, No. 09 Civ. 975 (PPG), 2009 WL 636952, at *2 (S.D.N.Y. Mar. 6, 2009). While Triadou owns 100% of Argon Holdings, Corp., which in turn is the sole member of the LLC, the nature of that relationship alone does not establish an alter ego relationship. Judge Parker's alter-ego finding offers no aid, as it was explicitly limited to discovery, and involved only Triadou and SDG. (ECF 330 at 16). Judge Parker did not consider Triadou's subsidiaries or the subject of attachment. ▮

▮ As to Triadou and the LLC, Almaty/BTA offer no evidence at all.[3] Conversely, Triadou's May 4 Letter attached several documents reflecting the observance of corporate formalities by Triadou and its subsidiaries, (ECF 634, Exs. 1, 3, 4, 7, 8), and other documents produced in discovery confirm that the LLC's operations were distinct from those of Triadou, (*see, e.g.*, Ex. 16) (resolution permitting site manager to open bank account); (▮). Given the harshness of the attachment

---

[2] ▮ Further, as of the attachment hearing on May 19, 2016, Mr. Cerrito had already repaid half of the loan. (*See* ECF 163 at 85:4-14). Regarding Mr. Cerrito's credibility, the Court made its finding on a very limited record. With all due respect, Triadou believes the Court would reach a different conclusion on the greatly expanded record.

[3] Almaty/BTA's argument that "Triadou was structured so that most of its investments were held in wholly-owned and controlled subsidiaries," (ECF 647 at 1), is refuted by Almaty/BTA's own evidence, (*see* ECF 647, Ex. A (showing projects held by entities that Triadou did not wholly own or control)), and does not automatically render Triadou's relationship with those entities to be alter egos. Nor did Triadou make any admissions regarding its subsidiaries in response to Almaty/BTA's subpoenas, (*see* ECF 647 at 3), although Almaty/BTA sought such concessions. Triadou merely sought to facilitate document production.

BLANKROME

May 10, 2018
Page 3

remedy, Almaty/BTA have not met their heavy burden to extend the attachment to Triadou's subsidiaries or their assets.

Similarly lacking from Almaty/BTA's "request" that the Court "enjoin" Triadou ▮▮▮ from encumbering or selling the property, (ECF 647), is even a single case in support of their position. Almaty/BTA cannot demonstrate the requisite irreparable harm to obtain an injunction, particularly given their failure to respond to Triadou for the past eight months regarding the status of the Syracuse property, and despite knowing about the tax lien on the property as of September 2017, (Ex. 18 at 1). And contrary to Almaty/BTA's assertions, ▮▮▮

▮▮▮. Worse, Almaty/BTA make this request notwithstanding their prior opportunity to engage in discussions regarding a potential disposition of the Syracuse property and their decision to remain silent for the past eight months.[4]

▮▮▮.

▮▮▮ Almaty/BTA have conceded that the Court's Attachment Order does not reach the LLC's real property, which alone is dispositive here. Accordingly, Triadou respectfully requests that the Court deny Almaty/BTA's "request" "to enjoin."

---

[4] Even assuming Triadou demanded the maintenance costs condition described in Almaty/BTA's footnote, (ECF 647 at 3 n.1)—it did not—that condition would not have precluded further discussion regarding the property. Almaty/BTA have never informed Triadou that such supposed condition was objectionable and offer no explanation why they did not respond to Triadou for the past eight months. ▮▮▮

BLANKROME

May 10, 2018
Page 4

    Thank you for your consideration.

                                                    Respectfully submitted,

                                                    _s/ Deborah A. Skakel_
                                                    Deborah A. Skakel