UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC, <br><br> Plaintiffs, <br><br> -against- <br><br> MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A., <br><br> Defendants. | No. 15-CV-05345(AJN)(KHP) |

**REPLY IN FURTHER SUPPORT OF MOTION TO WITHDRAW**

Hoguet Newman Regal & Kenney, LLP ("HNRK") respectfully submits this reply in further support of its Motion to Withdraw as Counsel to Defendants Ilyas and Viktor Khrapunov [ECF No. 619].

## I. NONPAYMENT OF LEGAL FEES PROVIDES SATISFACTORY GROUNDS TO WITHDRAW AS COUNSEL.

Courts have long recognized that a client's continued refusal to pay legal fees constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4. *See, e.g., Cower v. Albany Law School of Union Univ.,* No. 04 Civ. 0643(DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw."); *Kolacek v. Gemexco Trading, Inc.,* No. 90–cv–5760, 1992 WL 14991, at *1 (S.D.N.Y. Jan. 23, 1992) ("A client's refusal to pay his attorney is also a sufficient reason for permitting the attorney to withdraw."); *Hallmark Capital Corp. v. Red Rose Collection, Inc.,* No. 96–cv–2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (Peck, Mag.) ("It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw ...." (citation omitted)). Moreover, the New York Code of Professional Responsibility permits an attorney to withdraw from representation in situations where, inter alia, the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees," or where "[t]he lawyer's client knowingly and freely assents to termination of the employment." Disciplinary Rule 2–110, 22 N.Y.C.R.R. § 1200.15(C)(1)(f), (5).

## II. IN CAMERA SUBMISSIONS ARE APPROPRIATE IN THE CONTEXT OF WITHDRAWAL MOTIONS.

The first reason offered by BTA/Almaty in opposition to our withdrawal motion, that HNRK has not made a sufficient evidentiary showing as to the details of nonpayment, is belied by our offer to provide the Court for *in camera* review whatever financial information or supporting documentation it may need to evaluate our withdrawal request. *See* Kenney Decl. at

2, n.1.  Case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts.  *See, e.g., Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97–cv–9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); *Ficom Int'l, Inc. v. Israeli Export Inst.*, 87 Civ. 7461, 1989 WL 13741, at *3 n. 1 (S.D.N.Y. Feb. 10, 1989) ("the proper practice for an attorney in applying for an order relieving him of responsibility in a case is to serve opposing counsel with a 'bare bones' notice of motion, but being careful to submit the supporting documents to the trial court for inspection in camera").  An *in camera* submission is especially appropriate here because the Plaintiffs routinely disregard the relevance and proportionality limits on discovery in an attempt to gather financial information about the Khrapunovs that has no relation on the remaining causes of action in this case.

The same offer of an *in camera* submission was made by Kobre Kim, LLP in its motion to withdraw as counsel to Defendant Mukhtar Ablyazov (ECF No. 352 at 3, n.1) and accepted by the Court (*see* ECF No. 393, Order granting motion to withdraw) over BTA/Almaty's objections (ECF No. 361).  Like Mr. Ablyazov, the Khrapunovs are aware of this litigation and our motion to withdraw as counsel and have not objected to our withdrawal.  Ilyas Khrapunov informed us that he wishes to retain new counsel but during in any lapse of representation, he consents to have HNRK serve as his agent solely for the purpose of being served with court documents in this litigation.

### III. DELAY IS INSUFFICIENT GROUNDS FOR DENIAL OF THIS MOTION.

A review of case law reveals that Courts in this district routinely grant motions to withdraw as counsel for nonpayment of legal fees, despite concerns of delay such as those raised by BTA/Almaty. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 CIV. 6469 DAB JCF, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) ("Although the plaintiff argues here that the motion to withdraw here is only a pretext for stalling the proceedings… there is no evidence suggesting that defendant's counsel is engaged in such a strategy.); *Statute of Liberty v. International United Industries*, 110 F.R.D. 395 (S.D.N.Y.1986) (the Court "sympathize[d]" with plaintiff's concerns that withdrawal would result in delay and frustrate its ability to recover a judgment, but nonetheless granted attorney's motion to withdraw); *eMaharaj v. Red Shirt Entm't, LLC*, No. 14-CV -3486 ALC KNF, 2015 WL 5730116 (S.D.N.Y. Sept. 17, 2015). Moreover, such concerns can be alleviated by requiring counsel to forward all communications and legal documents to their former clients until new representation is retained, as we have already offered to do. *See Baltic Star Trading House, Ltd. v. B.M. Equities Corp.,* No. 93 CIV. 2584 (SWK), 1993 WL 404158, at *1 (S.D.N.Y. Oct. 7, 1993).

### IV. THE REMAINING REASONS FOR OPPOSING WITHDRAWAL ARE UNPERSUASIVE.

BTA/Almaty next presents a list of additional reasons for opposing our withdrawal, which we address here in turn. BTA/Almaty's comments about ██████████ ██████████ ██████████ does not change the fact that no such payments have been made, either by Ilyas or Leila, to this firm in several months. Moreover, when ██████████ ██████████. *See* Exhibit A, Deposition

3

of Ilyas Khrapunov 24:22-25:5 (Feb. 1. 2018). ▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

BTA/Almaty's comments that Ilyas Khrapunov is paying other lawyers is irrelevant speculation. BTA/Almaty has no idea about the financial arrangements between the Khrapunovs and their attorneys in other states/countries, or whether/at what frequency those bills are being paid. Yet even if Plaintiffs are correct and the Khrapunovs are paying other counsel, that would not change the fact that our firm has months of unpaid legal bills. This argument is therefore not relevant to this motion.

BTA/Almaty's comments about Ilyas Khrapunov's sanctions payments are also wrong. On May 8, 2018, this firm sent a letter to Peter Skinner *requesting* that Ilyas Khrapunov be permitted to pay the $225,013.30 owed under ECF No. 628 in four separate installments. Nowhere in this letter, attached as Exhibit B, does Ilyas state he is "only willing to pay these sanctions if he can do so in quarterly installments," as BTA/Almaty states on page 5, footnote 1 of its opposition brief. Mr. Khrapunov's request for a payment plan was objectively reasonable. To date, we have received no response.

### V.  OTHER STATEMENTS REQUIRING CORRECTION.

On pages 1-2 of their brief, BTA/Almaty states that the instant motion to withdraw was filed just after the Khrapunovs were "ordered to meet-and-confer in connection with their apparent violation of another court order." This is inaccurate on several fronts. The meet and confer in question was ordered by the Court to address potential discovery issues surrounding Kazaword documents, *not* because of a violation by the Khrapunovs of a Court order. See ECF

4

No. 621, directing the parties to provide a joint letter "advising the Court on whether issues remain with respect to the Kazaword documents that require resolution by the Court." On May 7, 2018 the Khrapunovs sent a letter to BTA/Almaty addressing each and every document that the Plaintiffs identified as requiring further discussion following the Court's denial of their motion to compel (ECF No. 621). Dan Boyle then responded by email dated May 9, 2018, writing: "I believe this narrow the issues significantly, but we still have a few points of discussion. If you're available, let's plan to speak at 4pm today." This email chain is attached as Exhibit C. In the ensuing meet and confer phone call, Mr. Boyle identified only *one single document* requiring further discussion, which the Khrapunovs addressed in full. There are no outstanding issues pertaining to the Kazaword documents. In addition, we disagree with Plaintiffs' assertion that purported "Attorneys-Eyes Only" discovery is a valid reason to deny our withdrawal motion. The Khrapunovs object to BTA/Almaty's request to depose a confidential witness because it is untimely, in excess of the default number of depositions permitted under the Federal Rules, and designated Attorneys-Eyes Only without a proper basis. The Khrapunovs will continue to object to Attorneys-Eyes Only discovery going forward.

On page 6, BTA/Almaty recommends that we be forced to remain as counsel "[i]f the Khrapunovs have chosen to no longer participate in this action." This is a punitive solution to a problem that does not exist. The Khrapunovs intend to retain new counsel and consent to have HNRK act as their agents solely for the purpose of receiving service of court documents until new counsel is retained.

On pages 6-7, BTA/Almaty argues that the Khrapunovs' document productions have been incomplete and that Ilyas Khrapunov is withholding communications between himself and Mr. Petelin. This is not true. HNRK obtained access to and searched Ilyas Khrapunovs' email

5

accounts and produced all responsive, non-privileged documents. On page 7 of their brief, BTA/Almaty refers to 3,000 hits from our forensic search of Ilyas Khrapunov's emails in an attempt to establish that our prior document productions were incomplete. This is a red herring because an overwhelming majority of these 3,000 hits were attorney communications or documents that post-dated early discovery requests. Denial of our motion to withdraw will not result in production of communications between Ilyas and Mr. Petelin because the search was already completed and no such documents exist.

On page 7 of their brief, BTA/Almaty states that HNRK "must provide Leila Khrapunova for a deposition, as their clients have offered to do." This again is not correct. HNRK does not represent Ms. Khrapunova, nor do we exercise control over her. Counsel for the Plaintiffs has been so advised. When BTA/Almaty expressed its intent to depose Ms. Khrapunova, we relayed their request to her counsel in Switzerland. We were then advised by her Swiss counsel that Ms. Khrapunova would consent to providing pre-trial discovery under certain conditions set forth in the Hague Convention, and communicated this response to the parties by letter dated March 15, 2018. Counsel for BTA/Almaty met and spent several days with Ms. Khrapunova's same Swiss counsel during the depositions of Viktor and Ilyas Khrapunov that took place in Geneva earlier this year. Any further arrangements needed to procure such pre-trial evidence from Ms. Khrapunova must be made by and through her own attorneys, whose contact information has been provided to BTA/Almaty.

None of the above reasons provide justification for forcing HNRK to continue as counsel to the Khrapunovs without compensation. In sum, BTA/Almaty's current position is that our firm must stay in this case until the close of discovery, implying that they would consent to our withdrawal at that time. However, it does not require a crystal ball to predict that when

discovery ends, BTA/Almaty will again object to our withdrawal based on the temporal proximity of trial.

## CONCLUSION

The Court should grant HNRK's motion to withdraw as counsel to Viktor and Ilyas Khrapunov.

Dated: May 15, 2018
New York, New York

HOGUET NEWMAN REGAL & KENNEY, LLP

_____
John J. Kenney
John P. Curley
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street, 35th Floor
New York, NY 10016
Phone: 212-689-8808

*Counsel for Viktor Khrapunov and Ilyas Khrapunov*

To: Viktor Khrapunov
Ilyas Khrapunov
All Counsel of Record (via ECF)