

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

May 22, 2018

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

>   Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
>          Case No. 15 Civ. 5345 (AJN) (KHP)

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank ("the Kazakh Entities"), and write regarding the deposition transcripts of Ilyas and Viktor Khrapunov, which the Khrapunovs have designated as Confidential under the Protective Order in this case. The Khrapunovs have now put those transcripts at issue in litigation in California, but have refused to agree to limited relief from the Protective Order that would permit the Kazakh Entities to share these transcripts with the lawyers representing the City of Almaty in that action.[1] The Kazakh Entities respectfully request an order permitting them to share the transcripts with Almaty's lawyers in the California case for the limited purpose of discovery in that action. The Kazakh Entities further request expedited consideration because the transcripts are relevant to a hearing scheduled for May 30, 2018.

## BACKGROUND

      From January 30 - February 2, 2018, the Kazakh Entities took the depositions of Ilyas and Viktor Khrapunov in Geneva, Switzerland. The transcripts were designated confidential by the Khrapunovs, including all accompanying exhibits and video (the "Deposition Transcripts"). As the Court will recall, the Khrapunovs claim to be unable to leave Switzerland, and thus they were deposed under the Hague Convention, with the parties' U.S. and Swiss counsel acting as commissioners and questioning the Khrapunovs under oath.

      This action is only one of several against the Khrapunovs resulting from their various crimes, including a lawsuit in the Central District of California between the City of Almaty and Ilyas and Viktor Khrapunov, among other defendants (the "California Action"). In the California Action, Almaty and the Khrapunovs have been negotiating over the form of the Khrapunovs' depositions there. Almaty's California counsel requested that the "commissioner" procedure described above be used in the California Action, in light of its success and expediency in this case.

      In response, the Khrapunovs' counsel in the California Action refused to permit depositions of their clients under the same Hague process that was used in this case. The Khrapunovs offered no reason for this change of heart other than halfhearted complaints about the conduct of counsel here:

> [O]ur clients will agree to be deposed only by a Swiss judge, rather than by commissioners designated by the City of Almaty, i.e., lawyers from Latham.  This is based on Almaty's counsel's repeated failure to abide by Swiss law and the Hague

---

[1]   The City of Almaty is the sole plaintiff in the California Action; BTA Bank is not a party.



convention during Viktor's and Iliyas's depositions taken pursuant to the parallel matter pending in the Southern District of New York. Conduct contrary to Swiss law and the Hague Convention include (i) seizing a document from Viktor during the deposition against his will and against the instruction of Swiss counsel (this is a criminal offense under Swiss law, as well as the Hague Convention), (ii) harassing Viktor, who is 69 years-old, to continue answering questions after 5:30, when he was physically weak and losing his voice, and coming back to be deposed the following day; and (iii) repeatedly asking questions outside the scope of the topics identified in the approved Letter of Request for both Viktor and Iliyas.

Ex. 1 (May 7, 2018 E-mail from L. Kollios to K. Howes).

These untrue accusations, which are refuted in detail below, are fundamentally unfair. At this time, Almaty's California counsel cannot view the Deposition Transcripts because the Khrapunovs have designated them confidential and the Protective Order limits their distribution to counsel in this action. [ECF No. 253, ¶1-2]. As a result, Almaty's California counsel cannot assess the accuracy of the Khrapunovs' accusations (or rather, their inaccuracy) or respond to the accusations in a substantive way.

On May 15, 2018, the Kazakh Entities asked the Khrapunovs to consent to disclosure of the Deposition Transcripts to Almaty's California counsel solely for discovery purposes. The Khrapunovs have not consented. The Court in the California Action has scheduled a conference regarding the Khrapunovs' depositions for May 30, 2018.

## ARGUMENT

The Khrapunovs would use the Protective Order here as a sword and a shield, preventing Almaty's California counsel from seeing the Deposition Transcripts, while making allegations about the conduct at those depositions to avoid being fully deposed (and smearing Plaintiffs' counsel here in in the process). The Khrapunovs put the Deposition Transcripts at issue; fairness requires that they be shared with Almaty's counsel in the California action for discovery purposes. *See HTC Corp. v. IPCOM GMBH & Co., KG*, No. CIV.A. 08-1897(RMC), 2009 WL 5908010, at *2 (D.D.C. Dec. 18, 2009) (defendant "may not use the protective order as both a sword and a shield" to hide testimony from foreign counsel after putting it at issue).

To be clear, the allegations by the Khrapunovs are not true, and the Deposition Transcripts will prove as much if the Kazakh Entities are permitted to share them:

First, the Khrapunovs claim that counsel "seiz[ed] a document from Viktor during the deposition against his will." This is simply false.



Similarly, the Khrapunovs' assertion that counsel "harass[ed] Viktor, who is 69 years-old, to continue answering questions after 5:30, when he was physically weak and losing his voice" is



disproved by the Deposition Transcripts, 

    Finally, the Khrapunovs' complaint that Plaintiffs "ask[ed] questions outside the scope of the topics identified in the approved Letter of Request" is difficult to credit when the Khrapunovs agreed to broad topics such as "[t]he net worth of Viktor Khrapunov and his immediate family" and "[t]he allegations in the Amended Crossclaims." [ECF No. 364-02, at 6-7]. At no point did the Khrapunovs' counsel object to any questioning of Ilyas Khrapunov on the grounds that it exceeded the agreed-upon topics. The only topic that the Khrapunovs Swiss or U.S. lawyers objected to as outside the scope of the Hague Requests were questions about the Khrapunov family's assets – a line of questioning plainly within the scope of the Hague Requests, which the Khrapunovs presumably objected to in order to avoid judgment collection. Indeed, when the Hague Requests were negotiated, the Khrapunovs never once questioned the Plaintiffs' proposed topics, showing an apparent disregard for the scope of their depositions right up until they were placed under oath.

    The reality is that the Khrapunovs have taken to heart Your Honor's recent sanctions Order observing Ilyas Khrapunov's deposition testimony and demeanor and "find[ing] him to be not credible." [ECF No. 564, at 12-13]. They are desperate to avoid another disastrous performance, and as such, are making unsupported allegations and attempting to discredit Plaintiff's counsel.

    Putting these mistaken and unfair allegations aside, the issue is whether the Khrapunovs should be allowed to resist being deposed by the Almaty's California counsel, based on conduct described in deposition transcripts that they will not share with those same lawyers. Clearly this is wrong. The Khrapunovs put their depositions here at issue in the California Action, and fairness requires that the Kazakh Entities' California lawyers be allowed to respond with the benefit of reviewing those same transcripts.



## CONCLUSION

    For the above reasons, the Kazakh Entities respectfully request that the Court lift in part the confidential designation on the Deposition Transcripts, including all accompanying exhibits and video, so that they may be disclosed to counsel for the City of Almaty in the California Action, solely for discovery purposes and subject to any applicable protective order in that action.

    Respectfully,

    /s/ Matthew L. Schwartz
    Matthew L. Schwartz