# Exhibit 1

# Howes, Kendall (LA)

| | |
|---|---|
| **From:** | Lara Kollios <LKollios@boerschshapiro.com> |
| **Sent:** | Monday, May 7, 2018 11:20 AM |
| **To:** | Howes, Kendall (LA) |
| **Cc:** | Jackson, Jonathan (LA) |
| **Subject:** | RE: Almaty v Khrapunov - Depositions |

Kendall,

Yes, May 18 at 1:30 works for us.

As discussed, our clients will agree to be deposed only by a Swiss judge, rather than by commissioners designated by the City of Almaty, i.e., lawyers from Latham.  This is based on Almaty's counsel's repeated failure to abide by Swiss law and the Hague convention during Viktor's and Iliyas's depositions taken pursuant to the parallel matter pending in the Southern District of New York.  Conduct contrary to Swiss law and the Hague Convention include (i) seizing a document from Viktor during the deposition against his will and against the instruction of Swiss counsel (this is a criminal offense under Swiss law, as well as the Hague Convention), (ii) harassing Viktor, who is 69 years-old, to continue answering questions after 5:30, when he was physically weak and losing his voice, and coming back to be deposed the following day; and (iii) repeatedly asking questions outside the scope of the topics identified in the approved Letter of Request for both Viktor and Iliyas.  Also, as discussed, this is not contrary to representations we made to the Court because briefing regarding the depositions occurred well before Viktor and Iliyas were deposed in the in the parallel SDNY matter, and thus before Almaty violated Swiss law and the Hague Convention.

I have discussed your objections regarding the format of a deposition by a Swiss judge and understand that they are unfounded.  First, Almaty controls the direct questioning, as all questions are drafted by Almaty's counsel in advance.  Second, Almaty's counsel may be present and will be able to propose cross examination questions to the Swiss judge.  The Swiss judge will ask the proposed cross examination questions at his or her discretion.  Our clients will not object to the presence of Almaty's counsel at the deposition.  Third, if the parties agree, and our clients will do so, there may be a verbatim transcript of the proceeding.  Fourth, our understanding is that the length of time for the approval process is no different when seeking a deposition by commissioner versus a deposition by a Swiss Judge.  I will also remind you that our clients have made clear since September 2017 that they would only agree to be deposed in Switzerland through the Hague process.  It is Almaty that has chosen to delay seeking the depositions through that process until now.

Thanks - Lara


**Lara Kollios**
**Boersch Shapiro LLP**
1611 Telegraph Ave Ste 806
Oakland, CA 94612
T: 415-500-6643 | F: 415-967-3062
www.boerschshapiro.com

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then receipt does not waive any privilege or confidential treatment. Please notify the sender and delete this email.

**From:** Kendall.Howes@lw.com <Kendall.Howes@lw.com>
**Sent:** Friday, May 4, 2018 8:08 AM

**To:** Lara Kollios <LKollios@boerschshapiro.com>
**Cc:** jonathan.jackson@lw.com
**Subject:** RE: Almaty v Khrapunov - Depositions

Hi Lara,

Have you been able to confirm with Swiss counsel your concerns with Viktor's deposition in Switzerland earlier this year? Please let us know if our understanding set out below is correct.

Additionally, we spoke with Judge Mumm's clerk regarding scheduling a discovery conference. The Judge would like to have the conference on May 18 at 1:30. He is fine with any non-local counsel participating telephonically. Please let me know if that does not work for you.

Thanks,
Kendall

---

**From:** Lara Kollios [mailto:LKollios@boerschshapiro.com]
**Sent:** Friday, April 27, 2018 3:11 PM
**To:** Howes, Kendall (LA) <Kendall.Howes@lw.com>
**Cc:** Jackson, Jonathan (LA) <jonathan.jackson@lw.com>
**Subject:** RE: Almaty v Khrapunov - Depositions

Thanks for further describing your concerns. I am discussing your additional concerns with Swiss counsel Monday morning.

Martha and I are not available next week due to travel, various court appearances, and client meetings. If you intend to attempt to schedule something with the Court prior to the first date I am available (Monday, May 7 in the afternoon), please let the court know that May 7 is the first date of our availability.

Have a nice weekend - Lara

**Lara Kollios**
**Boersch Shapiro LLP**
1611 Telegraph Ave Ste 806
Oakland, CA 94612
T: 415-500-6643 | F: 415-967-3062
www.boerschshapiro.com

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then receipt does not waive any privilege or confidential treatment. Please notify the sender and delete this email.

---

**From:** Kendall.Howes@lw.com <Kendall.Howes@lw.com>
**Sent:** Thursday, April 26, 2018 10:03 AM
**To:** Lara Kollios <LKollios@boerschshapiro.com>
**Cc:** jonathan.jackson@lw.com
**Subject:** RE: Almaty v Khrapunov - Depositions

Lara,

As stated on our call, our objections to the magistrate process include (1) not being able to ask and control the direct questioning; (2) not being able to conduct cross examination; (3) not having a verbatim transcript of the proceeding; and of course (4) your explicit representations to the court that the Swiss deposition process would be adequate precisely

2

because defendants were willing to participate in the commission process, a representation that you have now abandoned without any legitimate basis.  In addition, it appears based on the memorandum defendants submitted to the Court from Swiss counsel that the magistrate process takes longer than obtaining a deposition via commission (usually four months instead of two).  This is problematic as well.  We are still looking into the magistrate process since we did not anticipate there would be any issue with appointing commissioners.  We will let you know if we identify other areas of concern.

Regarding the discovery conference, we cannot delay sorting out this issue until May 7 - particularly in light of the substantial delay that your new proposal would entail. If you cannot give us a date that works for you or Martha next week (whether in person or by phone, which appears to be what the Magistrate Judge's order contemplates), we will ask the Magistrate to schedule it for the next available date that works for the Court.

Best,
Kendall

**From:** Lara Kollios [mailto:LKollios@boerschshapiro.com]
**Sent:** Wednesday, April 25, 2018 12:38 PM
**To:** Howes, Kendall (LA) <Kendall.Howes@lw.com>
**Cc:** Jackson, Jonathan (LA) <jonathan.jackson@lw.com>
**Subject:** Re: Almaty v Khrapunov - Depositions

Kendall,

I am discussing the matter with Swiss counsel tomorrow and will get back to you.  Let me know if you have any issues with the proposed deposition format, other than the two you addressed on the call yesterday, namely whether follow-up questions may be asked and whether there is a verbatim transcript.

As for a hearing, as discussed yesterday, I do not believe scheduling a discovery conference before an adequate meet and confer has occurred is compliant with the Court's direction or an efficient use of the Court's or the parties' resources.  Thus, I object to scheduling any discovery conference until that has occurred.  I offered to set up another call this week after I had an opportunity to address your questions with Swiss counsel, but you refused to do so and said you wanted to schedule a conference with the Court instead.  If you insist on going forward under these circumstances, please inform the Court of our objection and the reasons therefore.

The first time I am available for a court appearance is Monday, May 7 in the afternoon.  I am also available Tuesday, May 8, which I believe is Judge Mumm's law and motion day.

Thanks - Lara

**Lara Kollios**

**Boersch Shapiro LLP**
1611 Telegraph Ave Ste 806
Oakland, CA 94612
T: 415-500-6643 | F: 415-967-3062
www.boerschshapiro.com

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then receipt does not waive any privilege or confidential treatment. Please notify the sender and delete this email.

**From:** Kendall.Howes@lw.com <Kendall.Howes@lw.com>
**Sent:** Tuesday, April 24, 2018 7:27:29 PM
**To:** Lara Kollios
**Cc:** jonathan.jackson@lw.com
**Subject:** Almaty v Khrapunov - Depositions

Lara,

Thanks for the call today. As we understand it, defendants are no longer willing to be deposed by an appointed commissioner as is permitted in Switzerland under the Hague Convention because of certain alleged conduct that occurred during Viktor's deposition in the case pending in the SDNY, including not permitting Viktor to take breaks and straying from the deposition topics. Please confirm that we have accurately described your position and let us know if there was any other conduct that defendants believe warrants refusing to allow the depositions to go forward as previously agreed (and pursuant to the method defendants represented to the Court would be adequate).

Per the Court's order (Dkt. 242), we intend to contact the Courtroom Deputy Clerk to schedule a discovery conference regarding this issue prior to filing a motion. Please let us know if you are available Monday or Tuesday of next week.

Thanks,
Kendall

**Kendall M. Howes**

**LATHAM & WATKINS LLP**
355 South Grand Avenue
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8902
Fax: +1.213.891.8763
Email: kendall.howes@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is

strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.
Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at [www.lw.com](http://www.lw.com).