

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

May 24, 2018

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

    Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            Case No. 15 Civ. 5345 (AJN) (KHP)

Dear Judge Parker:

    We represent the City of Almaty, Kazakhstan and BTA Bank ("the Kazakh Entities" or "Plaintiffs"), and write pursuant to the Court's Order of May 10, 2018 [ECF No. 649] to provide additional information about three witnesses that the Kazakh Entities intend to depose, as set forth in Plaintiffs' recent motion to extend fact discovery. [ECF No. 639].

## RELEVANT BACKGROUND

    As presently constituted, this case currently involves claims of actual and constructive fraudulent transfer of assets against Triadou, Mukhtar Ablyazov, and Viktor and Ilyas Khrapunov; a claim for enforcement of a foreign judgment under New York C.P.L.R. 5303 against Ablyazov; and claims of unjust enrichment, conversion, constructive trust, and under C.P.L.R. 5239 against Triadou.[1]

    As the Court is well aware, discovery in this case has been ongoing for some time, and has been contentious. Still, and contrary to Triadou's assertion that the Plaintiffs have already taken their allotted number of depositions, the Plaintiffs have noticed and taken only eight depositions: five party depositions (Triadou's 30(b)(6), Philippe Glatz, Marc Gillieron, Viktor Khrapunov, and Ilyas Khrapunov) and three non-party depositions (Mission Capital's 30(b)(6), Elena Petelina, and Luigi Rosabianca) – and of these, several were exceedingly brief. Triadou's count appears to include certain individuals that the Plaintiffs have noticed, but not yet deposed, or questioned at depositions noticed by the defendants. The Kazakh Entities are therefore entitled to take two more depositions before requiring leave of the Court or consent of the defendants, under the Federal Rules of Civil Procedure.

## THE WITNESSES

    As set forth below, there are only a handful of witnesses that the Kazakh Entities still seek to depose, all of whom are of central relevance to this case. Moreover, two of the witnesses described below may not actually need to be deposed at all. Nonetheless, in an effort to bring discovery to a close,

---

[1]     The Court's May 10 Order mistakenly observed that "the only claims that remain are claims for actual and constructive fraudulent transfer of assets . . . and a claim for enforcement of a foreign judgment under New York CPLR § 5303 against Defendant Ablyazov." May 10 Order, at 1. As is clear from Judge Nathan's recent order confirming that the common law claims remain pending against Triadou [ECF No. 602], and from Triadou's subsequent motion for reargument [ECF No. 666], Plaintiffs' unjust enrichment, conversion, constructive trust, and C.P.L.R. 5239 claims remain pending against Triadou.



the Kazakh Entities respectfully request an order pursuant to Rule 30 authorizing the deposition of the following individuals.[2]

### 1. Mukhtar Ablyazov, Leila Khrapunova, and Gennady Petelin

The Court has already held that the depositions of these witnesses are "necessary and reasonable." [ECF No. 649, at 4-5]. It is not at all clear, however, that the Kazakh Entities will actually be able to take these depositions. Only one of these witnesses, Petelin, resides in the United States and is within the jurisdiction of the courts of the United States.

With respect to Khrapunova, the Kazakh Entities have not yet received Khrapunova's consent to be deposed pursuant to the Hague process, a prerequisite in Switzerland – despite the fact that the Khrapunovs' former counsel promised that it was forthcoming months ago. It is thus far from clear whether, and in what form, the Kazakh Entities will actually be able to take her deposition.

With respect to Ablyazov, Judge Nathan authorized a Hague Request to France for his deposition long ago. [ECF No. 391]. There is no dispute that Ablyazov should be deposed, if and when the French authorities permit it. Nonetheless, the Kazakh Entities cannot know when or whether that will happen.

### 2. ████████



---

[2]     To state the obvious, regardless of whether the Kazakh Entities are permitted to take the depositions of these witnesses, Plaintiffs reserve the right to call them as trial witnesses. Each of these witnesses has been properly disclosed under Rule 26 to the defendants, and there is of course no rule against calling a trial witness who has not been deposed.

[3]     ████████████████████████████████████████████ In light of the Court's prior guidance [ECF No. 649, at 6] and the information set forth in this letter, the Kazakh Entities ask to designate information about ████ confidential, but are not seeking Attorneys-Eyes Only protection. Plaintiffs trust this good faith disclosure will not be abused by the Individual Defendants.



4



[REDACTED]

### 3. Aleksandr Udovenko

Udovenko was one of Ablyazov's principle lieutenants while Ablyazov controlled and defrauded BTA Bank. Udovenko was a key subject in the U.K. proceedings between BTA and Ablyazov until he fled and went into hiding. As Justice Teare held in those proceedings:

> Mr. Alexander Udovenko was one of Mr. Ablyazov's most trusted associates until sometime in late 2009 (when, it seems, he disappeared) . . . He was the nominee UBO of at least some of Mr. Ablyazov's companies and as such made use of corporate service providers in off-shore jurisdictions, in particular in Cyprus and the BVI.

JSC BTA Bank v. Ablyazov, et al, [2012] EWHC 237 (Comm), ¶ 18.

Plaintiffs ultimately located Udovenko in the United States, and served him with deposition and document subpoenas on November 30, 2017. Udovenko produced a limited set of documents and his counsel represented that Udovenko had no knowledge of the events at issue in this litigation, which occurred after he fled London. For this reason, Plaintiffs held the deposition subpoena for Udovenko in abeyance while awaiting discovery from Ablyazov, which would confirm or deny Udovenko's representations. [REDACTED]

### 4. Jody Hudson

Jody Hudson is the long-time boyfriend of Gaukhar Kussainova – Ablyazov's sister – and lives with her in Virginia, making Hudson effectively Ablyazov's brother-in-law. As described below,



documents Hudson recently produced indicate that he acted as an intermediary for Ablyazov in connection with various transactions, including in facilitating Ablyazov's evasion of law enforcement in Europe.

The Kazakh Entities served Hudson with document and deposition subpoenas on December 2, 2017. Since then, Plaintiffs have been in communication with Hudson's counsel regarding his production of documents, including the possible need for a motion to compel. Plaintiffs agreed to limit their subpoenas in certain respects, and Hudson finally produced documents on April 30, 2018 – nine days before the previous discovery deadline.

Hudson's document production revealed a number of key issues that can only be resolved through his testimony. Most importantly, Hudson's documents include numerous communications between Hudson and property brokers in France, where Hudson rented property that Ablyazov used to hide out in while he was a fugitive. Hudson paid for these rental villas with funds from an offshore company named San Vito Investments, which Hudson repeatedly represented belonged to him. *See* Ex. 5 ("[T]he contract and invoice should be in the name of my company. . . The name and address of my company is as follows: San Vito Invest"). The defendants, however, have testified that San Vito belonged to Gennady Petelin, while claiming to know nothing else about it. *See* Ex. 6, ███████████████████████████████████████████

This inconsistency is critically important, in no small part because San Vito received funds from the same source as for the defendant's U.S. investments. *See* Ex. 1 (showing "1.25m" to "San Vito"). The defendants' entire case rests on the assertion that Petelin was behind all of the funds at issue, and yet Ablyazov's brother-in-law was using funds from a company purportedly owned by Petelin to fund Ablyazov's flight, while representing it to be his own. This goes to a core question: is Petelin a front used to launder Ablyazov's money, or an arms-length investor who trusted Ilyas Khrapunov to manage hundreds of millions of dollars? Hudson's recent document production demonstrates that he has relevant evidence on this key question.

As Plaintiffs noted in their motion to extend discovery, it is possible that testimony from Hudson will not be necessary. If Ablyazov admits in his deposition that San Vito was his company, being used for his purposes, then Hudson's testimony might be redundant. But until Ablyazov is deposed, this critical inconsistency is outstanding.

## CONCLUSION

For the above reasons, pursuant to Federal Rules 26 and 30, Plaintiffs respectfully request the Court's permission to depose ███████████, Aleksandr Udovenko, and Jody Hudson.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz