# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

Phone:  (212) 885-5148
Fax:    (917) 591-7897
Email:  dskakel@blankrome.com

June 11, 2018

**VIA ECF & EMAIL**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 750
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

      We represent Triadou SPV S.A. ("Triadou") and submit this letter in opposition to the May 24, 2018 letter of the City of Almaty, Kazakhstan and BTA Bank JSC (together, "Almaty/BTA") seeking additional depositions. (ECF 693). Almaty/BTA have failed to demonstrate that permitting the depositions of ▇▇▇▇▇▇▇, Aleksandr Udovenko, or Jody Hudson would be proportional to the needs of the case, nor did they provide a credible justification for their failure to timely seek these depositions. Triadou therefore respectfully requests that the Court maintain its current deposition limits and deny Almaty/BTA's request for these three depositions.

      **Almaty/BTA's Deposition Count Is Wrong**. Almaty/BTA's deposition count erroneously omits Nicolas Bourg, for whom they rejected Triadou's deposition notice, forced the parties to engage in motion practice to compel Mr. Bourg's deposition, (ECF 400, 401, 402), and then demanded half of the deposition time, (ECF 411; *see also* ECF 414 and 415 (defendants' letter-responses)), causing the Court to schedule a telephonic conference to resolve the dispute, (ECF 412). Having been allocated an equal amount of time as each defendant, Almaty/BTA cannot now claim the deposition does not "count" towards their limit. (ECF 416 (denying Almaty/BTA's request and granting each party one-third of the allotted time)).[1] Nor should the Court credit Almaty/BTA's reliance on the supposed brevity of the depositions of irrelevant non-parties, such as Mission Capital LLC and Luigi Rosabianca—whom Almaty/BTA chose to notice and depose despite the limits imposed by the Federal Rules of Civil Procedure—as a basis for seeking additional depositions. For example, Mr. Rosabianca's deposition lasted five hours and required travel to a state penitentiary near the Canadian border; it was not "exceedingly brief" and required burdensome travel. (ECF 693 at 1). Nevertheless, even depositions that are short in length impose costs on the parties; and the limitations set forth in Rule 30 are designed to "'enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery' . . . ." *Atkinson v. Goord*, No. 01 CIV. 0761 LAKHBP, 2009 WL 890682, at *1 (S.D.N.Y. Apr. 2, 2009) (internal citations omitted)

---

[1] Triadou also objects to Almaty/BTA characterizing Messrs. Glatz's and Gillieron's depositions as "party depositions." (ECF 693 at 1).

BLANKROME

June 11, 2018
Page 2

(quoting *Sigala v. Spikouris*, 00 CV 0983 (ILG), 2002 WL 721078, at *3 (E.D.N.Y. Mar. 7, 2002)); *see also Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12CV5067JFKJLC, 2017 WL 4676806, at *7 (S.D.N.Y. Oct. 17, 2017) ("The 2015 amendments were intended, at least in part, to encourage judges to be more aggressive in policing discovery overreaching."); Fed. R. Civ. P. 30 advisory committee's note ("One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions").[2]  Likewise, the limitations in Rule 26 (which are incorporated into Rule 30 as well) are "intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CIV10067KPFSN, 2017 WL 3610511, at *6 (S.D.N.Y. Aug. 21, 2017) (citations and internal quotation marks omitted).  Thus, whether Almaty/BTA are entitled to one versus two more depositions under the Federal Rules, they are not entitled to the three additional depositions they seek in their May 24 letter.

**Mukhtar Ablyazov, Leila Khrapunova, and Gennady Petelin**.  Almaty/BTA's contention that "[i]t is not at all clear" whether they will be able to depose Gennady Petelin and Mukhtar Ablyazov is curious.  (ECF 693 at 2).  Mr. Petelin's deposition has already been scheduled and rescheduled by the parties, and was postponed by Almaty/BTA pending resolution of their motions seeking documents that Mr. Petelin may possess (at least one of which appears to be resolved, (ECF 711)).  Similarly, the May 24 letter is the first instance in which Almaty/BTA have suggested that Mr. Ablyazov's deposition may not proceed.  (*See* ECF 532 at 1-2 ("while we do not yet have a date for Mr. Ablyazov's deposition, it does appear to be with the local court and progress is being made."); ECF 639 at 1 (noting "the French Ministry of Justice" would attempt to expedite the request for Mr. Ablyazov's deposition)).  Almaty/BTA cannot use the *likelihood* of Mr. Ablyazov's deposition to seek extended discovery and then rely on the *unlikelihood* of that same deposition to seek even more discovery.  Thus, there is no reason to doubt that Almaty/BTA will take at least these two depositions.[3]

[REDACTED]

---

[2] In evaluating whether to allow a party to conduct depositions beyond the ten permitted by Rule 30, courts consider: (1) whether the discovery sought is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive"; (2) whether the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action"; and (3) whether the burden outweighs the likely benefit, considering the needs of the case, importance of the issues at stake, and the importance of the discovery in resolving those issues.  *Atkinson*, 2009 WL 890682, at *1 (citations omitted).  The third consideration in particular incorporates the factors courts use to assess whether additional discovery is proportional to the needs of a given case.  *See Sibley v. Choice Hotels Int'l*, No. CV 14-634 (JS)(AYS), 2015 WL 9413101, at *3 (E.D.N.Y. Dec. 22, 2015) (citing Fed. R. Civ. P. 26(b)).  Under either set of considerations, Almaty/BTA are not entitled to the three additional depositions they seek here.

[3] With respect to Leila Khrapunova's deposition, the Khrapunovs' former counsel indicated during a meet-and-confer that Almaty/BTA should negotiate the logistics of that deposition directly with Ms. Khrapunova's Swiss counsel, given the restrictions of deposing her under the Hague Convention.  In any event, for the reasons stated in Triadou's opposition to extending discovery, (ECF 640 at 2), and for those same reasons recognized by this Court, (ECF 649 at 5-6), there will be no prejudice if Ms. Khrapunova is not ultimately deposed in this matter.



June 11, 2018
Page 3

# BLANKROME

June 11, 2018
Page 4



**Aleksandr Udovenko**.  As Almaty/BTA admit, Mr. Udovenko has not been involved with Mr. Ablyazov since 2009, (ECF 693 at 4), and thus had no role in or knowledge regarding Triadou's investments—the focus of this litigation.  Mr. Udovenko's testimony is therefore of limited, if any, relevance to the critical issues here, rendering the value of his deposition disproportionate to the burden it would impose.

Almaty/BTA effectively concede that Mr. Udovenko's testimony would be duplicative of that given by Mr. Ablyazov, while also acknowledging that the scope of his testimony would not include the critical issues in this litigation.  *See* Fed. R. Civ. P. 26(b)(2)(C) ("the court must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative").  Moreover, Almaty/BTA have known of Mr. Udovenko's prior involvement for years, having filed claims against him in the U.K. no later than November 12, 2009. (Ex. 8).  *See Fingerhut ex rel. Fingerhut v. Chautauqua Inst. Corp.*, No. 07-CV-502-JTC, 2014 WL 1572387, at *6 (W.D.N.Y. Apr. 18, 2014) ("In any event, the court is unable to overlook plaintiffs' failure to notice the depositions of these witnesses until now, at a point well beyond the anticipated deadline for fact discovery, and more than five

7

# BLANKROME

June 11, 2018
Page 5

years after their identities were made known to plaintiffs' counsel."). The Court should deny Almaty/BTA's request to depose Mr. Udovenko because his testimony would be at worst irrelevant or at best duplicative.

**Jody Hudson**. Almaty/BTA's request to depose Mr. Hudson is a fishing expedition into wholly irrelevant issues. The totality of Mr. Hudson's April 30, 2018 production was nine documents totaling 569 pages: a compilation of emails forwarding news articles or concerning French vacation rentals, Wikileaks print-outs concerning Kazakhstan, and two publicly-available corporate documents.[8] Indeed, Almaty/BTA's May 24 letter betrays the utter lack of relevance of these documents, focusing on a purported "inconsistency" regarding the ownership of San Vito Investments—a company that is completely irrelevant here. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Simply put, the true ownership of San Vito Investments and the identity of who paid for vacation rentals in France in 2013 shed no light on the source of Triadou's investments in New York in 2012-2013. Triadou should not be required to bear the expense of yet another deposition of an immaterial third party.[9]

In sum, "[t]he plaintiffs have not demonstrated that each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others, to justify the additional burden on the defendants of defending" the depositions of ▇▇▇▇▇▇▇▇, Udovenko, and Hudson. *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646 LAK JCF, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) (granting leave to depose only the uncontested number of additional depositions).

Accordingly, Triadou respectfully requests that the Court deny Almaty/BTA's motion for additional depositions in its entirety.

Respectfully submitted,

*s/ Deborah A. Skakel*
Deborah A. Skakel

---

[8] It is unclear from Almaty/BTA's letter whether this is the universe of responsive documents Mr. Hudson possesses, or if Almaty/BTA intend to engage in further motion practice for additional, similarly irrelevant discovery—followed by a petition to the Court in August for yet another extension of discovery. Triadou would, of course, object.

[9] Additionally, and once again, Almaty/BTA provide no evidence to support their claim that Mr. Hudson "acted as an intermediary for Ablyazov . . . in facilitating Ablyazov's evasion of law enforcement in Europe." (ECF 693 at 5). Mr. Hudson serves as the Chief Human Capital Officer at the U.S. Department of Energy, apparently having been promoted from his prior roles at the U.S. Nuclear Regulatory Commission. (Ex. 9). This case is not about Mr. Ablyazov's purported "evasion" of law enforcement in Europe, and if Almaty/BTA have serious concerns about Mr. Hudson's supposed facilitation of that conduct, this is not the proper venue to address them.