# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

June 29, 2018

**VIA EMAIL & ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 750
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*, No. 15-CV-5345 (AJN)(KHP), and *Triadou SPV S.A. v. Kevin Meyer*, No. 18-MC-275

Dear Judge Parker:

      We represent Triadou SPV S.A. ("Triadou") and write regarding the Court's June 21, 2018 Order in the two above-captioned actions compelling Kevin Meyer to produce the clawed back document at issue in the Miscellaneous Action for *in camera* review. Specifically, the Court directed Triadou "to serve a copy of [its June 21] Order on Mr. Meyer and Mr. Meyer's counsel, Mintz & Gold LLP." (ECF 741). Triadou served the order on Meyer's counsel on June 21, and received confirmation of receipt on June 26, 2018. At the same time we served Meyer's counsel, Triadou requested ████████████████████████████████████████████████████████████████████████████████████████████ Accordingly, for the reasons set forth below, Triadou respectfully requests that the Court relieve Triadou of the obligation to serve Meyer with the June 21 Order, because he is and has been represented by counsel who was properly served, and because Meyer was properly served with the subpoena underlying Triadou's pending motion to compel.

      **Relevant Background**. Triadou's letter-request arises out of its motion to compel the production of a document that Respondent Kevin Meyer produced in response to a validly served subpoena and subsequently clawed back. Triadou originally filed its motion in this Court, but based on objections by Meyer's counsel, this Court denied Triadou's motion without prejudice to refiling in the district where compliance with the subpoena was required. (ECF 597). Triadou then re-filed its motion to compel in the Eastern District of Pennsylvania, along with a request in the alternative for that court to transfer the dispute back to this Court. On June 4, 2018, Judge John R. Padova of the Eastern District of Pennsylvania granted Triadou's motion to transfer.

**BLANKROME**

June 29, 2018
Page 2

Subsequently, on or about June 20, 2018, this Court opened a Miscellaneous Action, No. 18-Misc-275, reflecting Triadou's transferred motion to compel. Shortly thereafter, on June 21, this Court issued an Order directing Meyer "to produce the document to the Court for *in camera* review by **Wednesday, July 11, 2018**." (ECF 741 at 1). The Order also directed Triadou "to serve a copy of this Order on Mr. Meyer and on Mr. Meyer's counsel, Mintz & Gold LLP." *Id.* Upon receiving the Court's June 21 Order, Triadou promptly transmitted it via email to Meyer's counsel, and requested confirmation of receipt. (Ex. 1 at 1). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Separately, on June 21, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**Argument**. At this stage, Triadou has attempted to comply in good faith with the Court's June 21 Order, but due to logistical difficulties and a lack of cooperation from Meyer's counsel, Triadou does not believe it can personally serve Meyer with the June 21 Order in a reasonable timeframe (or potentially at all). In any event, Triadou believes such service is not necessary here for several reasons. **_First_**, Meyer is represented by counsel, and has been throughout Triadou's effort to obtain compliance with its subpoena and compel the reproduction of the document in question. Because Triadou served Meyer's counsel with the June 21 Order via email and hard-copy mail, that should be sufficient to notify Meyer. **_Second_**, █████████████████████████████████████████████████████████████████████████████████████████████ Consequently, the burden of serving Meyer personally—which would be duplicative of serving his counsel—would be substantial and likely to result in unnecessary delay.

---

[1] Meyer's objections to Triadou's subpoena did not include an objection based on ineffective service. (Ex. 5).

[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████

BLANKROME

June 29, 2018
Page 3

**Third**, Triadou has already properly served Meyer with the subpoena underlying Triadou's pending motion to compel, a point that has never been in dispute.  In sum, there is no prejudice in deeming Triadou's service of the June 21 Order on Meyer's counsel sufficient.

      Accordingly, Triadou respectfully requests that the Court deem Triadou's service of the June 21 Order on Meyer's counsel as sufficient under that Order.

      Respectfully submitted,

      *s/ Deborah A. Skakel*
      Deborah A. Skakel


cc:    Peter Guirguis, Esq. (*via email*)
       Maria Garcia, Esq. (*via email*)