UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 15-cv-05345 (AJN) (KHP) |
| MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV, VIKTOR KHRAPUNOV and TRIADOU SPV S.A., | ) ) ) ) |  |
| Defendants. | ) ) |  |

---

**THE KAZAKH ENTITIES' REPLY IN FURTHER SUPPORT OF THEIR CROSS MOTION TO COMPEL VIKTOR KHRAPUNOV [ECF NO. 768]**

BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Crossclaim Plaintiffs City of Almaty, Kazakhstan and BTA Bank*

1

The City of Almaty and BTA Bank (together, the "Kazakh Entities" or "Plaintiffs") respectfully submit this reply memorandum of law in further support of their Cross-Motion to Compel defendant Viktor Khrapunov to produce evidence in discovery. [ECF No. 768].

## INTRODUCTION

Viktor Khrapunov has ignored this Court's September 26, 2017 Order compelling him to participate in jurisdictional discovery to explore his "knowledge of and control of the conspiracy's activities in New York." [ECF No. 426, at 50]. He has produced none of his documents, and didn't even search for responsive documents before he was deposed more than 18 months into discovery. Nonetheless, without offering any justification for his blatant failure to participate in discovery, Viktor now opposes producing any proof that he actually complied with this Court's September 26, 2017 Order.

As a whole, Viktor's opposition to the Cross-Motion is more notable for what it concedes than the arguments it makes in opposition. For example:

- Viktor does not dispute that this Court contemplated in its September 26, 2017 Order that he would produce his communications as part of jurisdictional discovery [ECF No. 426];

- He does not dispute that he has not produced a single one of his documents or communications in this action;

- He does not dispute that his documents were neither collected nor reviewed in the year and a half of discovery before his deposition;

- He does not dispute that, as of his deposition, no one had even asked him to collect or review his documents;

- He does not dispute that his son and co-defendant, Ilyas Khrapunov's documents had not been collected more than a year into discovery, and were only collected and produced after his counsel admitted as much during a sanctions hearing;

- He does not dispute that his deposition testimony contradicted his own public statements and representations in numerous instances;

- He does not dispute that he asserted privilege to avoid answering questions as

- to his communications with Ilyas and any documents shared between them; and most importantly for the purposes of this Cross-Motion,

- He does not dispute that the only evidence (such as it is) as to whether or not he actually collected and reviewed his documents is a one sentence representation passed through his former counsel. *See* V. Khrapunov Opp. to Cross-Motion to Compel ("MTC Opp.") [ECF No. 781], at 2 ("Viktor responded on April 11, 2018 that "[a]fter a reasonable investigation into his personal files, Viktor . . . is not in possession, custody, or control of any documents").

Considering all of the points in the Cross-Motion that Viktor does not dispute, there is really only one question remaining: should this Court trust Viktor's unsworn, one-line denial that he has any responsive discovery, or compel him to provide the proof Plaintiffs seek in the Cross-Motion? In light of Viktor's utter lack of credibility and inappropriate conduct in discovery thus far, the Court cannot simply take Viktor's word for it.

## ARGUMENT

### I. Victor Is Not Credible, And His Representations That He Has No Responsive Documents Must be Tested

While admitting that he had done no document collection as of the date he was deposed earlier this year, Viktor now represents that, at some point after his deposition, his files were collected and his documents were reviewed, but that not a single responsive document or communication was found. If this representation is accurate (and Plaintiffs are certainly skeptical of this), then it should then be a simple matter for Viktor to produce a sworn statement from whichever third party conducted that collection and review, identifying basic information such as accounts collected, search terms run, and resulting hit counts. Of course, if this third-party verification suggests that Viktor has been withholding potentially responsive discovery, or shows that Viktor has not collected documents or run reasonable search terms through any collected documents, then the parties will have a starting point for resolving any subsequent dispute – and

3

there is good reason to believe that a third-party review of Viktor's documents, applying reasonable search terms, would indicate that he has failed to produce responsive discovery.

As detailed in the Cross-Motion, Viktor has admitted to using a numerous electronic accounts, including for e-mail and messaging, and that he has long used these accounts to communicate with his co-defendants and key witnesses. *See* Cross-Motion, at 4. When pressed on the substance of these communications, and in particular his communications with Ilyas, he asserted privilege and refused to answer Plaintiffs' questions. *Id.*, at 4-5. When Plaintiffs then asked him during his deposition to check his phone for any responsive information, he refused to do so, saying he would only produce such information after his deposition – but he never has. *Id*. When a defendant admits that he regularly communicates with his alleged coconspirators through electronic means, the Court should be exceedingly skeptical of an after-the-fact assertion that he does not have a single responsive document to produce – yet this is all Viktor has offered to explain his failure to engage in document discovery. The only question is whether the Court should trust Viktor's blanket denial when evidence points the other direction.

The Court should be particularly skeptical of Viktor's denials when Viktor himself all but concedes that his credibility cannot be defended. Despite the fact that his opposition to the Cross-Motion substantively relies on nothing more than his own unsworn representation, he does not argue that the identified inconsistencies in his testimony should be believed or can be reconciled, but instead, argues that his credibility is simply not important here. *See* MTC Opp. at 8 ("Even if the Court were to consider Plaintiffs' purported attacks on Viktor's credibility, it would not affect the outcome"). Viktor then resorts to a series of hypotheticals to muddy the waters, ultimately arguing that it simply does not matter whether he has been telling the truth. *Id*. ("Does it matter that Viktor once boasted about his son's success in real estate, but later expressed some

confusion in response to a question about whether Ilyas "is a real estate entrepreneur" . . . ? Does jurisdiction turn on whether Viktor's appointment as governor of Eastern Kazakhstan was a promotion or demotion?").[1] But of course it does matter whether Viktor can be relied on to tell the truth. Other than his say-so, there is simply no proof of any kind that he has engaged in jurisdictional discovery as ordered.[2] And if Viktor himself is not willing to stand up for his own credibility, there is certainly no reason the Court should trust his claims that he has nothing to produce.

This is doubly so when the record in this case is littered with instances of the Khrapunovs breaching court orders, defying basic discovery obligations, and generally "play[ing] games with this Court." [ECF No. 564, at 12]. Viktor does not deny that at the time of his deposition, nearly 18 months into discovery in this case, he had not even attempted to comply with his discovery obligations by searching his files. Neither does he deny that nearly a year into discovery, Ilyas

---

[1] Viktor's suggestion that Plaintiffs' questioning was irrelevant is wrong for more reasons than one. Not only did this questioning show Viktor's lack of credibility, but it also speaks directly to the Khrapunovs' defenses in this action. Each of the defendants has argued vigorously that this entire case is an act of political persecution by the Republic of Kazakhstan ("RoK") against Viktor and the other individual defendants, who purport to be political reformers opposed to the current RoK government. As detailed in the Cross-Motion, however, Viktor's responses to Plaintiffs' questioning make it clear that this persecution narrative is simply a smokescreen; Viktor is nothing more than a corrupt and disaffected former government official who was more than ready to rejoin the RoK government and improve his position. *See* Cross-Motion, at 9-10.

[2] In trying to evade this conclusion, Viktor resorts to misdirection, but none of this should be credited. For example, the Court contemplated that Viktor would produce his communications with Ilyas. [ECF No. 426, at 50-51]. Yet Viktor claims that the Court should accept his representation that he has no documents, because "[i]t is no surprise that he would have no emails or other documents from more than a decade ago. And text messages, which Plaintiffs also requested, did not even exist then." MTD Opp. at 3. But text messages and emails certainly existed in 2012 and 2013, when the Defendants were investing in the New York real estate projects at issue. Viktor does not, and cannot, argue that he lacked e-mail or texting capacity during that period in time. To the contrary, he admits to using it to communicate with his coconspirators.

Khrapunov was revealed not to have done any document collection. To borrow a phrase from Judge Parker's Order sanctioning the Khrapunovs (which Viktor's Opposition studiously ignores), this is the Khrapunovs' "catch me if you can" approach to litigation. [ECF No. 564, at 13]. They simply ignore any obligations until the Plaintiffs are forced to drag the truth out of them through repeated motion practice and court orders.

In light of the above issues, the relief requested by Plaintiffs in the Cross-Motion is exceedingly modest: the Court should compel Viktor to produce a sworn statement from a reputable third-party vendor (1) identifying Viktor's electronic accounts and devices, including those identified in his deposition, (2) affirming that those accounts and devices have been collected, (3) disclosing the search terms run through the data collected, and (4) identifying hit counts for responsive documents, as well as producing any responsive documents identified during this process.

## II. The Cross-Motion is Procedurally Proper

As described above, Viktor makes little attempt to excuse his conduct in discovery here. Instead, he grasps for a series of procedural arguments to oppose the Cross-Motion while ignoring his own conduct. None of these procedural arguments have any merit.

### A. The Cross-Motion is Timely

Viktor's primary attack on the Cross-Motion is a claim that it is untimely. *See* MTC Opp. at 3-4. This is because, he argues, fact discovery has effectively been closed by Judge Parker's May 10, 2018. [ECF No. 649]. Viktor's argument both misreads Judge Parker's May 10, 2018 Order extending fact discovery through August, and ignores Judge Parker's other recent orders compelling him to produce documents without any reference to the May 10 Order.

Judge Parker's May 10 Order specifically identified the discovery which was outstanding at the time of that Order, including "document production from Triadou and the Khrapunovs that

Plaintiffs anticipate will be the subject of a motion to compel." [ECF No. 649, at 4]. She then found that "all of the outstanding discovery listed above is necessary and reasonable," and explicitly noted "the fact that the Defendants have produced little-to-no documents concerning the source of funds used to purchase the real estate that has been attached in connection with this action." *Id*., at 5-6. Judge Parker then held that "the remaining discovery bulleted above" – including document production from the Khrapunovs – "is proportional to the needs of the case," and extended discovery accordingly. *Id*., at 7-8. In sum, Judge Parker's May 10 Order specifically contemplated there would be further motion practice regarding the Khrapunovs' document production, and included this in her Order extending discovery. Whether or not Judge Parker used the specific phrase "jurisdictional discovery" in the May 10 Order when she envisioned motions to compel further document productions from the Khrapunovs is beside the point, and certainly no grounds to deny the Cross-Motion.

But even if further document discovery from Viktor were specifically excluded from the May 10 Order, the Court should still compel Viktor to produce the discovery requested, because his motion has opened the door to this discovery. As Plaintiffs pointed out in their Cross-Motion, [ECF No. 768, at 18], since the most recent discovery extension, Plaintiffs have sought discovery from the Khrapunovs in response to motions the Khrapunovs themselves have made, and Judge Parker has compelled the Khrapunovs to provide that discovery – which is exactly the case here.

For example, on June 25, 2018, the Khrapunovs moved Judge Parker by letter motion seeking to modify the sanctions she had ordered against them for breaching the protective order in this action by leaking confidential deposition testimony on the internet to attack and harass a witness. [ECF No. 744]. In a response filed on June 26th – more than a month after the May 10 Order's limited discovery extension – Plaintiffs detailed how the Khrapunovs had failed to abide

7

by their discovery obligations, and requested that the Court order further financial disclosures by the Khrapunovs before considering their motion to modify the sanctions. [ECF No. 746, at 2 (noting that "neither of the Khrapunovs has produced a single bank record at any point in this case. Nor has either defendant even disclosed the institutions at which they bank")]. Judge Parker granted Plaintiffs' request and compelled the Khrapunovs to produce a range of financial records, denying without prejudice the Khrapunovs' request to modify the sanctions pending these disclosures. [ECF No. 747].

It makes no difference that these financial disclosures were requested in a letter-opposition to Judge Parker (which was granted), and here Plaintiffs' request is styled as a cross motion to compel. In both instances, the Khrapunovs sought relief from the court which was not justified by the evidentiary record, the Plaintiffs identified the Khrapunovs' severe failures in discovery, and then explained how further discovery was required before the Khrapunovs' motion could be resolved.

### B.  *The Cross-Motion Does Not Violate L.R.37*

Second, Viktor faults the Plaintiffs for purportedly failing to meet-and-confer prior to filing their Cross-Motion, citing L.R. 37.2. *See* MTC Opp. at 4. As an initial matter, Viktor's suggestion that the Khrapunovs' failure to produce documents has not been the subject of discussions between their counsel and Plaintiffs' counsel is simply incorrect – their failure to honor discovery obligations has repeatedly been raised by Plaintiffs' counsel in communications with the Khrapunovs' former counsel (who have now withdrawn due to non-payment). Indeed, these discussions were one reason Plaintiffs were forced to send a supplemental request demanding that Viktor actually collect and produce documents in response to Plaintiffs' document requests he had received more than a year prior. [*See* ECF No. 769-03].

To the extent Viktor is faulting the Plaintiffs for not meeting and conferring in the time between his unannounced motion to dismiss and the filing of the Cross-Motion, he cites no law holding that a party cross-moving in response to an opposing party's motion must independently meet-and-confer, and Plaintiffs are aware of none. This is almost certainly because the purpose of a meet-and-confer is to alert an opposing party to a discovery dispute and explore whether that dispute can be resolved without intervention by the court. Viktor was certainly on notice that his conduct in discovery would be at issue when he moved to dismiss based on a purported absence of jurisdictional discovery, and can hardly claim shock that his failure to produce (or even search for) documents would be an issue.

In any event, a meet-and-confer is not required under L.R.37 where it would be futile, and it would certainly be futile here. *See Excess Ins. Co. v. Rochdale Ins. Co.*, No. 05 CIV. 10174, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4, 2007) ("Courts have excused a failure to meet and confer in situations where to do so would be clearly futile"); *see also Matsushita Electric Corporation v. 212 Copiers Corp.*, 1996 WL 87245 at *1-3 (S.D.N.Y. Feb. 29, 1996) (holding that meet and confer would have been futile in bitter litigation which included contempt citations directing the jailing of some defendants for noncompliance with court orders). Viktor's position is that he simply has no responsive documents whatsoever and, despite the fact he did not collect documents throughout years of discovery in this action, the Court should trust his unsworn, one-sentence denial. In contrast, Plaintiffs have identified numerous reasons for the Court to not trust a naked representation from Viktor, and have asked for confirmation from a reputable third-party that Viktor's documents were actually collected and searched, including sufficient information for those representations to be tested. Whether the Court should trust Viktor's representation is not a dispute subject to resolution through a meet-and-confer.

### *C. The Cross-Motion is Appropriately Before Your Honor, But Can be Referred to Judge Parker For Resolution As Appropriate*

Finally, Viktor argues that the Plaintiffs' Cross-Motion is improper because it was "addressed. . . to this Court, rather than Judge Parker." MTC Opp. at 9. This argument is simply more distraction. Viktor moved this Court to be dismissed from this action based on an argument that no discovery had been unearthed to establish jurisdiction over him, and Plaintiffs opposed that motion, pointing out that Viktor had not produced some of the very discovery that this Court contemplated when ordering jurisdictional discovery (namely, Viktor's communications), and cross moved to compel the same. It would simply have added to an already-overflowing docket for Plaintiffs to have filed a separate motion to compel before Judge Parker regarding the very same dispute, and then filed still another motion before this Court seeking a stay of the motion to dismiss pending resolution of the motion to compel before Judge Parker. If this Court believes the Cross-Motion is better heard by Judge Parker, who certainly has deep familiarity with the details of this case and Khrapunov's conduct throughout discovery, it is well within this Court's discretion and power to refer the Cross-Motion to Judge Parker and reserve decision on Viktor's motion to dismiss, pending a recommendation from the Magistrate Judge overseeing discovery.

**CONCLUSION**

For the above reasons, and those stated in the cross-motion to compel, the Court should order Viktor Khrapunov to produce a sworn statement from a reputable third-party (1) identifying Viktor's electronic accounts and devices, including those identified in his deposition, (2) affirming that those accounts and devices have been collected, (3) disclosing the search terms run through the data collected, and (4) identifying hit counts for responsive documents, as well as producing responsive documents identified during this process.

Dated: New York, New York
July 19, 2018

                                          Respectfully,

                                        /s/ Matthew L. Schwartz
                                        Matthew L. Schwartz
                                        Peter M. Skinner

                                        BOIES SCHILLER FLEXNER LLP
                                        575 Lexington Avenue
                                        New York, New York 10022
                                        Telephone: (212) 446-2300
                                        Facsimile: (212) 446-2350
                                        E-mail: mlschwartz@bsfllp.com