**Solomon & Cramer LLP**
1441 Broadway, Suite 6026
New York, New York 10018
(t) 212-884-9102
(f) 516-368-3896
----------
Andrew T. Solomon
Jennifer G. Cramer

July 23, 2018

**VIA ECF**

Hon. Alison J. Nathan, USDJ
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:     <u>City of Almaty v. Albyazov</u>, 15 CV 05345(AJN)(KHP)

Dear Judge Nathan:

This firm represents defendants Ilyas Khrapunov and Viktor Khrapunov.  This letter, submitted pursuant to Local Rules 5.2(b) and 7.1(d), seeks to strike Plaintiffs' "Reply in Further Support of Cross-Motion to Compel" [ECF No. 768] based on Plaintiff's violation of three separate rules of this Court:  Local Rules 7.1(b) and 37.2, and this Court's individual practices.

**Procedural History**

On June 20, 2018, Viktor Khrapunov moved to dismiss the Second Amended Complaint because Plaintiffs have not and cannot allege, much less prove, a *prima facie* case for personal jurisdiction.  Dkt. Nos. 736-738.  In response, on July 5, 2018, Plaintiffs filed their "Memorandum of Law in Opposition re. Motion to Dismiss Plaintiff's Second Amended Crossclaims and Cross-Motion to Compel."  Dkt. No. 768.  Plaintiffs did not, however, file a notice of cross-motion.  On July 12, 2018, Viktor Khrapunov replied, specifically objecting to Plaintiffs' failure to follow the rules regarding the cross-motion.  Dkt. No. 781.  Despite that warning and objection, on July 19, 2018, Plaintiffs filed a "Reply in Further Support of Cross-Motion to Compel" [Dkt. No. 793], which is nothing more than a thinly disguised sur-reply on the motion in chief.

**Relevant Rules**

Under L.R. 7.1(b), "an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1) above."  L.R. 7.1(a)(1) provides that "[a]ll motions shall include the following motion papers: (1) A *notice of motion*, or order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought and shall specify the relief sought by the motion."  (Emphasis added).

When the motion involves a discovery matter, L.R. 37.2 also applies.  It provides:

Hon. Alison J. Nathan
July 23, 2018
Page 2

> No motion under Rules 26 through 37 of the Federal Rules of Civil
> Procedure shall be heard unless counsel for the moving party has
> first requested an informal conference with the Court by letter-
> motion for pre-motion discovery conference … and such request
> has either been denied or the discovery dispute has not been
> resolved as a consequence of such a conference.

This discovery motion requirement is incorporated in this Court's individual practices, which not only require compliance with the Rule, but add a precondition that the party that wishes to raise a discovery dispute "first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute."

### Plaintiffs' Violation

In filing their cross-motion to compel, Plaintiffs willfully violated all of these provisions. They did not file a notice of cross-motion. *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 349 (E.D.N.Y. 2013). They did not request a discovery conference. *Williams v. Rosenblatt Sec. Inc.*, No. 14-CV-4390 (JGK), 2016 U.S. Dist. LEXIS 19752, at *7 (S.D.N.Y. Feb. 16, 2016). And they made no effort to "meet and confer." On top of that, the Court has referred all discovery matters to Judge Parker, yet Plaintiffs did not first raise their "issues" with Judge Parker.

### Remedy

Plaintiffs have used this faux "cross-motion" as an avenue to file an unauthorized sur-reply. Their violations were not inadvertent, but willful as evidenced by their filing of the "Reply" after Viktor objected. Nor was the violation compelled by necessity. Plaintiffs had two weeks to "meet and confer" and then write to the Court to request a conference. But rather than asking and risking denial, Plaintiffs helped themselves. The Court should not condone this. Not only should the sur-reply be stricken, *see, e.g., Endo Pharm., Inc. v. Amneal Pharm., LLC*, 2016 U.S. Dist. LEXIS 57420, at *39 (S.D.N.Y. Apr. 29, 2016), and the "cross motion" denied, but Plaintiffs should be precluded from making another motion against Viktor until the motion to dismiss is decided.

### Liberty is at Stake

Plaintiffs are using every effort, fair and foul, to keep Viktor in this case. In doing so, they are violating Viktor's constitutionally protected liberty interest in being free from litigation in a U.S. Court absent a showing of minimum contacts. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Despite this due process protection, Viktor has been forced to defend this case since 2016, Dkt. No. 219, and over *five extensions of fact discovery*. We sincerely doubt that, in ordering limited jurisdictional discovery, the Court expected that Viktor would be in this case for so long without a showing by Plaintiffs that they can prove jurisdiction. Yet he remains. We respectfully request that until the Court decides Viktor's renewed jurisdictional motion, he should be protected from further impositions by Plaintiffs.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon