```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CITY OF ALMATY, KAZAKHSTAN, and
BTA BANK JSC,
                                Plaintiffs,                              ORDER

                -against-                                         15-CV-05345 (AJN)(KHP)

MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV,
VIKTOR KHRAPUNOV and TRIADOU SPV S.A.,

                                Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
TRIADOU SPV S.A.,
                                Plaintiff,                               ORDER
                -against-
KEVIN MEYER,                                                      18-MC-275 (AJN)(KHP)
                                Defendant.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Defendant Triadou SPV S.A. ("Triadou") has moved to compel production of a document produced by non-party witness Kevin Meyer pursuant to a subpoena and then later clawed-back on the grounds that it was inadvertently produced and is in actuality protected from disclosure pursuant to the attorney-client privilege (the "Motion"). (Doc. No. 721.)

This Court ordered Meyer to produce the document in question for *in camera* review. (Doc. No. 741.) Having reviewed the document, the Court finds that the document is not an attorney-client communication and therefore not protected from disclosure. Accordingly, Triadou's Motion to compel is GRANTED.

**DISCUSSION**

Triadou served a subpoena on Meyer pursuant to Federal Rule of Civil Procedure 45 ("Rule 45") on April 28, 2017. The subpoena, issued from this District, called for the deposition

1

of Meyer and the return of documents in Philadelphia because Meyer is located in Pennsylvania.  Triadou initially sought to file its Motion in this Court, but this Court directed Triadou to file its Motion in the Eastern District of Pennsylvania, consistent with Rule 45.  (Doc. No. 597.)  The Eastern District of Pennsylvania then transferred the Motion to this District pursuant to Rule 45(f).  (Doc. No. 721.)  The Motion is therefore properly before this Court for resolution.

Because the Motion was brought in Pennsylvania, that state's choice of law rules apply. *See, e.g.*, *Allied World Assur. Co. (U.S.) v.Lincoln Gen. Ins. Co.*, 280 F.R.D. 197, 201 n.3 (M.D. Pa. 2012) (applying Pennsylvania choice-of-law rules in context of assessing Rule 45).  Pennsylvania applies the law "with the 'most interest in the problem'" when addressing choice-of-law issues. *Id.* at 227.  Here, New York has the greatest interest in this dispute because the underlying action that was the impetus for the subpoena is pending in New York, the underlying action involves tort claims arising out of the investment in and transfer of real property in New York, and the subpoena was issued out of New York.  Additionally, the document that is the subject of the claw-back is a communication between a New York-based attorney and individuals located outside of the United States who are potential trial witnesses in the underlying action. The only connection to Pennsylvania is that Meyer is currently residing in that state while attending graduate school.  Accordingly, this Court evaluates the claim of privilege under New York law.

Under New York law, the moving party bears the initial burden of proving the relevance of the requested information.  *See Winfield v. City of New York*, No. 15-cv-05236 (LTS ) (KHP), 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018); *see also Kerwin v. Cage Fury Fighting*

*Championships*, No. 14-cv-5159 (LFS), 2015 WL 5092976, at *1 (E.D. Pa. Aug. 28, 2015). Once relevance has been demonstrated, the burden shifts to the party asserting privilege to prove that the withheld material is in fact privileged. *See Winfield*, 2018 WL 716013, at *4; *Michael v. Concern- Prof'l Servs. for Children, Youth & Families*, No. 5:16-cv-05689 (JFL), 2017 WL 2779590, at *3 (E.D. Pa. June 27, 2017); *see also* (Declaration of Deborah A. Skakel in Support of Triadou's Motion to Transfer or, in the Alternative, to Compel, Ex. 23 ¶ 17.) To establish that the document is protected by the attorney-client privilege, Meyer must produce "competent evidence" to satisfy his burden; he cannot discharge his burden "by mere conclusory or ipse dixit assertions." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-04394 (AJN) (BCM), 2016 WL 2977175, at *4 (S.D.N.Y. May 20, 2016) (internal citations omitted). Triadou has satisfactorily demonstrated the relevance of the clawed-back document because the document contains information that this Court finds bears on the credibility, biases and motives of one of Plaintiffs' key witnesses, Nicolas Bourg.

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. For Justice v. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012) (quoting *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]" *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

Meyer has not demonstrated that the document is privileged. As an initial matter, the communications are between Wolf, a New York lawyer, and an individual who is not his client.

In fact, Wolf expressly states that he is not representing the individual in the body of the document. And, although Meyer stated in his privilege log that the document reflected communications between Niel employees and counsel for purposes of obtaining legal advice, Meyer was not employed by Niel at the time of the communication but nevertheless had a copy of the email within his possession. In any event, it is clear that the document in question does not concern legal advice or relay legal advice.

## CONCLUSION

Triadou's Motion to compel is GRANTED. Meyer shall re-produce the document by Friday July 27, 2018.

**SO ORDERED.**

Dated: July 23, 2018
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge