

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

July 23, 2018

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,*
              **Case No. 15 Civ. 5345 (AJN) (KHP)**

             *City of Almaty, Kazakhstan, et ano. v. Gennady Petelin,*
              **Case No. 18 Misc. 227 (AJN) (KHP)**

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"). Consistent with the Court's instruction at today's conference, we write to request expedited consideration of a motion to compel non-party Gennady Petelin to complete his document production and appear for his deposition on July 26 and 27.

      Despite having been on the calendar for several weeks—on dates chosen by Mr. Petelin—Mr. Petelin informed the Kazakh Entities late Friday night (July 20) that he would not sit for his deposition on July 26 and 27 on the advice of a doctor due to "chest pains and fatigue." The Kazakh Entities asked Mr. Petelin for written verification of his doctor's advice but have so far received nothing. And rather than provide a date certain for a rescheduled deposition, Mr. Petelin simply states that he "believes he will be able to sit for deposition by the third week of August." Because Mr. Petelin has delayed now for over seven months and has not supported his eleventh-hour request for yet another adjournment with evidence of his medical condition, the Kazakh Entities respectfully request that the Court order Mr. Petelin to appear for his deposition on July 26 and 27.

      As to his document subpoena, Mr. Petelin's response is deficient in two ways. First, both he and Ilyas Khrapunov produced communications only through May 7, 2018, not through "the present" as the Court ordered. Mr. Petelin should be required to bring his production current to his deposition date. Second, Mr. Petelin failed to meet the July 12 deadline, and, accordingly, the Kazakh Entities request that the Court order Mr. Petelin to complete his production no later than 9:00 a.m. on July 26.

### Background

      The Kazakh Entities served Mr. Petelin with document and deposition subpoenas in December 2017, immediately following his wife's deposition, where the Kazakh Entities first learned that Mr. Petelin was in the United States. Since then, Mr. Petelin has engaged in a protracted campaign, led by Ilyas Khrapunov, to delay (and avoid) participating in discovery. On June 21, 2018, the Court ordered Mr. Petelin to produce documents by July 12, 2018. [*See* Civil Action ECF No. 749 (the "June 21 Order").] The Kazakh Entities asked Mr. Petelin to propose

deposition dates to follow his production deadline. At his eventual suggestion, the Kazakh Entities agreed that Mr. Petelin be deposed July 26 and 27.

Meanwhile, Mr. Petelin filed two motions seeking to delay or limit his subpoena response. The Court denied both. [*See* ECF No. 758 (denying extension request based on representation that certain documents were in Russia); ECF No. 767 (denying motion for a protective order limiting the scope of the subpoena)].

Mr. Petelin made two productions by the July 12 deadline. The first consisted of 19 documents (some of which were originally produced by the Kazakh Entities) concerning the events at issue in the case. The second production consisted of communications between counsel to Mr. Petelin and Ilyas Khrapunov concerning this litigation. Mr. Petelin did not produce documents through to the present, as ordered in the June 21 Order, but only through May 7, 2018.

The Kazakh Entities followed up with Mr. Petelin on July 13 to determine whether Mr. Petelin's production was complete. On July 16, Mr. Petelin stated that his production would be complete after he obtained and produced documents from overseas. The Kazakh Entities have pressed Mr. Petelin for information concerning those documents, but so far, Mr. Petelin has been willing to disclose only that they include: "(1) incorporation and beneficiary documents for companies through which funds moved from Northern Seas Waterage to Telford; (b) documents relating to the origin of funds received by Northern Seas Waterage and to the flow of funds from Northern Seas Waterage." The Kazakh Entities again asked for more detail in order to determine what action should be taken in response, and Mr. Petelin stated that the overseas documents "would show when and why Northern Seas Waterage received funds from investments Mr. Petelin had made between 2006 and 2009, and will show funds flowing from Northern Seas Waterage. Mr. Petelin indicates the documents do not show his sale of any interest in Gazprom." Additionally, Mr. Petelin claimed that "the person from whom he is getting the documents is acting only as a messenger to get the documents from a particular location." Mr. Petelin has refused to describe the documents with any particularity, who is retrieving the documents, where the documents are located, or why they cannot be simply scanned and delivered electronically.

Meanwhile, on July 17, the parties took the deposition of Frank Monstrey, whose testimony contradicted the defendants' claim that Mr. Petelin provided Ilyas Khrapunov with $450 million from the sale of his Gazprom stock. Mr. Monstrey testified instead that the money was a repayment of a loan that had been transferred from Mukhtar Ablyazov to Northern Seas Waterage, a company allegedly owned by Mr. Petelin.

## **Argument**

It appears that Mr. Petelin expected that the Kazakh Entities to agree to adjourn his deposition while everyone waits for a mysterious set of overseas documents that must be physically transported from Russia. After the Kazakh Entities declined to do so, and knowing that he risked holding his deposition open while he finishes his production, Mr. Petelin emailed the Kazakh Entities on Friday night to say he must adjourn the deposition due to health reasons.[1]

Mr. Petelin has delayed long enough. Absent some credible confirmation of his condition, the Court cannot rely on Ilyas Khrapunov's and Gennady Petelin's too-convenient claim that Mr.

---

1 This was just hours after the Kazakh Entities confirmed to defendant Triadou SPV S.A. that the Kazakh Entities did not intend to adjourn the deposition.

Petelin's health prevents his appearance. This is nothing more than a last-minute attempt to avoid Mr. Petelin's deposition by rescheduling to a date Mr. Petelin "believes" he can attend. There is every reason to believe that as that date approaches, some other obstacle will surface, necessitating yet another adjournment, possibly requiring another motion to the Court.

What is happening should be apparent: Ilyas Khrapunov continues to play games with the Court, this time through Gennady Petelin. As reflected in prior correspondence that the Kazakh Entities submitted to the Court [*see, e.g.*, ECF No. 749 at 10 ("It is troubling that Petelin's counsel would elect to use Khrapunov as a translator rather than a certified legal translator to avoid the appearance of impropriety and accusations by Plaintiffs of bad faith.")] and in Mr. Petelin's document production, Ilyas Khrapunov is intimately involved in Mr. Petelin's response to the subpoenas. Mr. Petelin communicates with his counsel through Ilyas Khrapunov, and Ilyas Khrapunov curates the documents from this litigation that he thinks Mr. Petelin should review in anticipation of his deposition.

The Kazakh Entities respectfully submit that absent an order from the Court, Ilyas Khrapunov and Mr. Petelin will continue to drag out his document production and continue to find reasons to delay his deposition. Indeed, he has already violated the terms and deadline of the June 21 Order. Accordingly, the Kazakh Entities respectfully request that the Court:

1. Order Mr. Petelin to appear for his deposition on July 26 and 27;

2. Order Mr. Petelin to complete his document production by 9:00 a.m. on July 26 or, in the alternative, to describe with particularity what the documents are, where they are located, who is retrieving them, and a date certain by when they will be produced; and

3. Order Mr. Petelin to pay the Kazakh Entities' costs and attorneys' fees associated with this motion to compel (including any costs associated with rescheduling flight and hotel reservations, if necessary) and their opposition to Mr. Petelin's motion to adjourn his document production deadline.

Should Mr. Petelin provides evidence to the Court demonstrating that his requested adjournment is brought in good faith (evidence that he has failed to date to provide to Plaintiffs' counsel), then the Kazakh Entities respectfully request that the Court order Mr. Petelin to appear for his deposition over two full days in the third week of August, when Mr. Petelin "believes" he will be available. After speaking with counsel to Mr. Petelin today, Mr. Petelin specified that he would ask for August 21 and 22. If his deposition is adjourned, then the Kazakh Entities would also ask that Mr. Petelin be ordered to complete his document production by August 10, 2018.

The Kazakh Entities are available if the Court requires additional information, and they respectfully request expedited consideration of this motion in light of the currently scheduled July 26 and 27 deposition.

                                        Respectfully,

                                          /s/ Matthew L. Schwartz
                                        Matthew L. Schwartz