UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CITY OF ALMATY, KAZAHKSTAN, and
BTA BANK JSC,

                              Plaintiffs,

            -against-

MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV,
VIKTOR KHRAPUNOV and TRIADOU SPV S.A.,

                             Defendants.
-----------------------------------------------------------------X

**ORDER**

15-CV-05345 (AJN)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       In response to Defendant Viktor Khrapunov's Renewed Motion to Dismiss (doc. no. 736), Plaintiffs, the City of Almaty, Khazakhstan and BTA Bank JSC (the "Kazakh Entities"), cross-moved to compel Khrapunov to produce documents verifying that he has searched for certain documents requested by Plaintiffs prior to the Court ruling on the Renewed Motion to Dismiss (the "Cross-Motion to Compel").  For the reasons set forth below, Plaintiffs' Cross-Motion to Compel is **GRANTED** in part and **DENIED** in part.

       The Court assumes familiarity with the facts asserted in this action and does not repeat them here.  Khrapunov, who currently resides in Geneva, Switzerland, contends that this Court lacks personal jurisdiction over him.  On September 26, 2017, the Court ordered Khrapunov to participate in jurisdictional discovery to explore his "knowledge of and control of the conspiracy's activities in New York." (Doc. No. 426 at 50.)  However, Khrapunov has not produced any documents and testified during his deposition that he had not searched his files for documents responsive to this Court's Order.

Over the course of managing discovery in this action, the Court is aware that Khrapunov has communicated with his son, Defendant Ilyas Khrapunov, about the facts underlying this lawsuit and this lawsuit via phone, email and Facebook.  Viktor Khrapunov testified in his deposition that he also uses What's App and text messaging to communicate with his son and Defendant Mukhtar Ablyazov.  Plaintiffs also believe that Viktor Khrapunov may have communicated with Gennaty Petelin on these subjects.

The Honorable Alison J. Nathan already stated in a prior order that communications between the Khrapunovs about Ilyas Khrapunov's dealings with the Chetrit Group would be evidence that Viktor Khrapunov was aware of the money investments made in New York real estate and possibly that the investments were conducted at his behest.  (Doc. No. 426 at 50-51.)  Likewise, communications between Viktor Khrapunov and Defendant Ablyazov and Gennaty Petelin on these subjects would similarly demonstrate that Khrapunov was aware of and possibly directing the investments in New York that are the subjects of this lawsuit.

Yet, Khrapunov has merely represented through prior counsel that "[a]fter reasonable investigation into his personal files, Viktor Khrapunov is not in possession, custody, or control of any documents responsive to [Plaintiffs' document requests]."  This is insufficient given the various means of communication utilized by Khrapunov and his indication in his deposition that he failed to look for documents.  Additionally, in a prior hearing, Khrapunov's prior counsel indicated to this Court that counsel had not personally inspected any documents and communicated with Khrapunov only through his son.

At a conference before this Court today, Khrapunov's new counsel represented that he had not yet spoken directly to Khrapunov or laid eyes on any documents.  Accordingly, this Court orders the following:

- Khrapunov's new counsel shall engage a translator (other than Ilyas Khrapunov) and speak directly to Khrapunov regarding the search he must undertake in response to Plaintiffs' jurisdictional discovery demands.

- By August 31, 2018, Khrapunov must search for <u>and provide to his counsel</u> via secure electronic means (such as a secure FTP site) his own emails, text messages, Facebook messages and What's App communications with his son, Petelin and Ablyazov for the period 2010 to the present concerning:  (1) the creation of Triadou SPV S.A. ("Triadou"); (2) any money invested in or loaned to SDG Capital S.A. ("SDG") or Triadou for purposes of investing in real estate in the United States, (3) the creation of, transfer or loan of money to any of the following entities: Claremont, Sartfield, Northern Seas Waterage, Fairlean, Alkune, Crownway, Speville, Darwin, and Triadou; (4) the Chetrit Group or Felix Satir; (5) any of the U.S. properties in which Triadou invested; and (6) other communications reflecting a knowledge of, or participation in the conspiracy alleged in the Complaint in this action.

- In connection with this search, Khrapunov must download his own Facebook data.  He may do so by utilizing this link:

  https://www.facebook.com/help/1701730696756992?helpref=hc_global_nav

- In connection with this search, Khrapunov must request and download information from What's App.  He may do so by utilizing this link:

    https://faq.whatsapp.com/general/26000110

- By **August 31, 2018**, Khapunov's counsel shall verbally inform counsel for the other parties in this action whether any documents were recovered from the search.

- By **September 14, 2018**, Khrapunov must produce an affidavit that identifies the specific email, phone and social media accounts searched (which shall include those identified in his deposition); disclose the search terms or parameters used to search; and identify the number of document hits resulting from the search(es).

- Khrapunov shall produce responsive documents, if any, by **September 14, 2018**; provided, however, if the documents are voluminous, Khrapunov may apply for a reasonable extension of time to complete production.  If no responsive documents exist, then Khrapunov must attest to such in the above-referenced affidavit.

**SO ORDERED.**

Dated: July 23, 2018
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

4