

Matthew L. Schwartz
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

August 15, 2018

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            Case No. 15 Civ. 5345 (AJN) (KHP)

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities" or "Plaintiffs").  We write in response to the August 13, 2018 letter-motion of defendant Mukhtar Ablyazov [ECF No. 814], requesting reconsideration of this Court's August 10, 2018 order compelling him to be deposed in France or appear for a deposition in the United States or the United Kingdom. [ECF No. 813]. Ablyazov's motion for reconsideration should be denied.

*Background*

      On July 16, 2018, this Court ordered the parties to attend a July 23, 2018 status conference, and provided a call-in number for Ablyazov to participate remotely. [ECF No. 792].[1] Ablyazov has been ordered to appear at court hearings, through a translator, and notify the Court in advance if he could not do so:

> Defendant Ablyazov is expected to participate in future Court proceedings as scheduled by the Court. . . . If Defendant Ablyazov is unable to participate in a Court proceeding, he shall inform the Court in advance of the scheduled proceeding in a writing signed by him, translated into English, and submitted via the pro se intake unit.

[ECF No. 469]. The conference went forward on July 23, 2018, but Ablyazov neither appeared, nor provided notice that he would not participate. *See* 7/23/17 Hr'g Tr. at 4:12-14. At the conference, the Kazakh Entities raised Ablyazov's failure to produce documents, and requested an order compelling him to cooperate in scheduling his deposition in France. *Id*., at 38:14-25. The Court directed the Kazakh Entities to file a letter specifying the relief they sought, which they did on August 1, 2018. [ECF No. 811].[2] Ablyazov did not respond, and nine days later, on August 10th, the Court granted the request, compelling Ablyazov to coordinate his deposition, and if he could not be deposed in France by September 14, 2018, to appear in New York or the United Kingdom to be deposed on the week of September 17, 2018 (the "Order"). The Order was docketed on August 13, 2018. [ECF No. 813]. The same day the Order was docketed, Ablyazov made the instant motion seeking reconsideration, which was received by the Court on August 14, 2018.

---

[1]     Counsel for Triadou provided notice of the conference to Ablyazov through his agents for service.

[2]     A copy of this letter was forwarded by the Kazakh Entities' counsel to Ablyazov's designated agents for service on the same day it was filed.

*Legal Standard*

Reconsideration "is an extraordinary remedy to be employed sparingly" and only appropriate where the moving party identifies an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).

*Argument*

Ablyazov is delaying. He ignored the July 23rd discovery conference, failed to respond to the Kazakh Entities' August 1st letter motion, and yet somehow – while claiming an inability to communicate with his lawyers – learned of the Order almost immediately and responded in English on the very same day it was docketed. Now he is seeking weeks of additional time to reargue the Order (thus delaying any deposition indefinitely) without raising any grounds for reconsideration.

Ablyazov is doing exactly what the Kazakh Entities warned of when they opposed his former counsel's motion to withdraw: claiming that he did not receive process in order to argue that any order against him is not valid. [ECF No. 361, at 1]. This concern was reason the Court ordered that Ablyazov have a designated agent for service in this action, so that there would be no arguments over what Ablyazov was served with and when. Ablyazov's excuse for failing to respond to the August 1 letter is that he has been "hacked" and "under surveillance" and thus was "forced to change [his] location a few times and had to get new modes of communication." Ltr. at 1. Ablyazov offers no support for this story other than two blurry, undated photos. Even taking these allegations as true – and the Court should be very skeptical – Ablyazov does not explain why he failed to inform his designated agent for service of his "new modes of communication" as he is obligated to do under this Court's prior orders. [ECF No. 393]. Nor does he explain how he somehow learned of the Order almost instantly and responded the same day. Presumably, he is being kept abreast of developments in this case by his co-defendants, who have admitted to remaining in contact with him (although none of these communications have been produced).

Even if Ablyazov was actually ignorant of the Kazakh Entities' letter motion, his attempt to delay should be denied. This Court explicitly ordered Ablyazov to appear at conferences and notify the Court if he could not do so, even making this point directly to Ablyazov when he appeared at a prior hearing, and confirming his understanding:

> THE COURT: You will be expected to appear for proceedings by telephone going forward and the Court will provide you with a phone number to dial-in so that you can participate by telephone. Do you understand?
>
> MR. ABLYAZOV: I understand.

*See* 11/17/17 Hr'g Tr. at 5:4-8. Ablyazov was informed of the July 23rd conference and given the means to participate, but failed to appear without providing any explanation – he simply ignored the hearing.[3] Had he participated as ordered, he would have been aware of the Kazakh Entities' request regarding his deposition and could have responded during the conference, potentially eliminating the need to consume this Court's time with more motion practice. Instead, he skipped the conference and now claims he was unaware of the issue, and seeks an extension until some date in September to confer with his counsel (who he claims is now on a two-week vacation) in order to

---

[3]   Even accepting Ablyazov's story as true, he would still have received notice of the July 23rd conference: he asserts that he became aware of the purported surveillance on "29 July 2018" (Ltr. at 1) – more than a week *after* the conference and two weeks after he was given notice by counsel.

reargue the Order – thus ensuring that a deposition in September would be all but impossible.

Finally, even if Ablyazov's story was credible, his motion for reconsideration should still be denied. He offers no new evidence, new law, or "clear error [or] manifest injustice" that would justify reconsideration even if he were permitted weeks more time to respond and reargue the issue. His opposition to the Order is a retread of his prior arguments that he cannot leave France, and he attaches a previously-filed letter from his counsel, Peter Sahlas, making this same argument. This Court already struck the very same letter when compelling Ablyazov to appear and participate in this action [ECF No. 469], and in any event, his argument that he cannot leave France is neither new evidence nor clear error. These arguments were explicitly identified in the Kazakh Entities' letter [ECF No. 811, at 2], and the Court noted in the Order that "it appears that certain impediments to Ablyazov's travel are now gone (*e.g.,* he is no longer subject to an Interpol Red Notice or incarcerated." Order, at 1-2. The Court overlooked nothing here, and Ablyazov has not identified any error at all. He is simply trying to delay any deposition by re-briefing old arguments.

### *Conclusion*

For the above reasons, the Kazakh Entities respectfully request that the Court deny Ablyazov's letter-motion seeking reconsideration of this Court's August 10, 2018 Order.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz