```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CITY OF ALMATY, KAZAHKSTAN, and
BTA BANK JSC,
                                            Plaintiffs,

                -against-

MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV,
VIKTOR KHRAPUNOV, and TRIADOU SPV S.A.,

                                            Defendants.
-----------------------------------------------------------------X
```

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:_____ DATE FILED: 8-16-2018**

**ORDER**

**15-CV-05345 (AJN) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The Court is in receipt of Defendant Mukhtar Ablyazov's request that the Court reconsider its Order from August 10, 2018 (the "Order," Doc. No. 813) granting Plaintiffs City of Almaty, Kazakhstan, and BTA Bank JSC's (the "Kazakh Entities") motion to compel Ablyazov to produce documents responsive to their document requests and cooperate in scheduling his deposition in France for a date certain prior to the close of discovery or, alternatively, to travel to the United Kingdom or New York to complete his deposition. (Doc. No. 814.) For the reasons set forth below, Ablyazov's request for reconsideration is DENIED.

Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conversion of scarce judicial resources." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. Mar. 14, 2014) (internal citation omitted). Accordingly, the standard of review applicable to such a motion is "strict" and reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Schoolcraft*,

298 F.R.D. at 136 (reconsideration is only appropriate where the moving party identifies an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice").

Ablyazov's letter request does not meet the strict standard required for a motion for reconsideration. He does not offer new evidence, new law, clear error, or manifest injustice that would justify reconsideration. His letter merely restates his prior argument that he cannot leave France. However, the Court's Order directs Ablyazov to cooperate in scheduling his deposition in France prior to September 14, 2018, thus alleviating any concerns Ablyazov may have regarding his ability to leave France. Ablyazov has known that the Kazakh Entities seek to take his deposition, and the Court presumes he is being kept abreast of developments in this case by the other Defendants. Further, Ablyazov's request for reconsideration was filed one day after the Court filed its Order, despite his allegations that he has been unable to communicate with his lawyers. Ablyazov can no longer avoid or further delay his deposition.

Accordingly, Ablyazov's request for reconsideration is denied and he is directed to comply with the Court's August 10, 2018 Order and make himself available for a deposition in France. Ablyazov's deadline to file a letter with the Tribunal de Grande Instance per the Court's instructions in the Order is extended to **August 20, 2018**. All other deadlines in the August 10, 2018 Order remain the same.

Counsel for Triadou is directed to serve a copy of this Order on pro se Defendant Ablyazov.

**SO ORDERED.**

Dated: August 16, 2018
    New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge