UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

                    Plaintiffs,

        v.

MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV, VIKTOR KHRAPUNOV and TRIRDOU SPV S.A.,

                    Defendants.

---------------------------------------------------------------

No. 15-cv-05345(AJN)(KHP)

**DECLARATION OF
VIKTOR KHRAPUNOV**

I, Viktor Khrapunov, hereby declares as follows:

    1.    I am a defendant in this action.  I submit this declaration to certify my compliance with the Court's order of July 23, 2018 (the "Order").  A certified translated copy of the Order is attached hereto as Exhibit A.

    2.    In summary, the Order required me to personally search my files and produce to my attorney, Andrew Solomon, communications or documents involving Ilyas Khrapunov, Gennady Petelin, or Mukhtar Ablyazov (the "Persons"), during the relevant period of 2010 to the present (the "Relevant Period"), concerning the matters identified in the Order:  (1) the creation of Triadou SPV S.A. ("Triadou"); (2) any money invested in or loaned to SDG Capital S.A. ("SDG") or Triadou for purposes of investing in real estate in the United States, including, specifically, the Flatotel and the Cabrini Medical Center (the "Properties"), or anything having to do with the list of persons and entities in the Order relating to the allegations in the Complaint (the "Matters").

3.      The Order required me to search for and produce paper documents and electronic documents (specifically emails, text messages, Facebook messages and WhatsApp messages).

4.      Pursuant to the Order, I personally undertook to search the following means of electronic communications for the period of 2010 to the present:

a.      Facebook messages (account name "Viktor Khraphunov") via a link provided to me in the Order:

https://www.facebook.com/help/1701730696756992?helpref=hc%20global%20nav

b.      WhatsApp messages (account name "Viktor Khrapunov") via a link provided to me in the Order: https://faq.whatsapp.com/general/26000110

c.      Email addresses 555khv@gmail.com, v.khrapunov@bluewin.ch, and 555kh@mail.ru.

d.      Any other email or text messaging account (I have none).

5.      I utilized the following search terms (the "Terms") in my searches:

a.      SDG Capital

b.      Claremont

c.      Sartfield

d.      Northern Seas Waterage

e.      Fairlean

f.      Alkune

g.      Crownway

h.      Speville

i.      Darwin

j.      Triadou

2

    k.      Chetrit Group

    l.      Felix Sater

    m.    Calibri Medical Center

    n.     Flatotel

6.      I also undertook to search my personal papers for documents related to those Terms and, especially, the investments relating to the Cabrini Medical Center and the Flatotel.

7.      The results of my efforts are as follows:

    a.   Upon completing the searches set out in paragraphs 4-6, I determined that I had no paper or electronic communications with the Persons relating to any of the Properties or the Matters.

    b.   The email address 555kh@mail.ru is closed and I have no access to its contents.

    c.   I have no communications with Gannady Petelin or Mr. Ablyazov.

    d.   My only electronic communications with Ilyas Khrapunov through Facebook and WhatsApp relate to family celebrations, holiday greetings, and other personal matters.

8.      As required by the Order, I personally met with my attorney Andrew T. Solomon via videoconference. He was assisted by a Russian-to-English translator, who was with Mr. Solomon in his office. During that call we reviewed every aspect of the Order and we discussed my obligations. From that call and my review of the Order, I understand my obligations.

9.      Based on my efforts described above, all personally undertaken by me, I confirm that I possess no documents that are responsive to the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August  31, 2018.

___/s/ Viktor Khrapunov_____
Viktor Khrapunov

Executed Declaration in Russian Language

ОКРУЖНОЙ СУД СОЕДИНЕННЫХ ШТАТОВ
ЮЖНЫЙ ОКРУГ НЬЮ-ЙОРКА
-------------------------------------------------------------

ГОРОД АЛМАТЫ, КАЗАХСТАН, и АО «БТА БАНК»,

        Истцы,

        против

МУХТАРА АБЛЯЗОВА, ИЛЬЯСА ХРАПУНОВА, ВИКТОРА ХРАПУНОВА и TRIRDOU SPV S.A.,

        Ответчики.
-------------------------------------------------------------

Я, Виктор Храпунов, настоящим заявляю следующее:

    1.    В этом иске я являюсь ответчиком. Я делаю настоящее заявление, чтобы подтвердить выполнение мной постановления суда от 23 июля 2018 года («Постановление»). Заверенный перевод Постановления содержится в Приложении «А» к настоящему документу.

    2.    Вкратце, в соответствии с Постановлением я обязан лично найти и предоставить своему адвокату Эндрю Соломону сообщения или документы, в которых упомянуты Ильяс Храпунов, Геннадий Петелин или Мухтар Аблязов («Лица»), за соответствующий период с 2010 года по настоящее время («Соответствующий период»). Эти сообщения или документы относятся к вопросам, указанным в Постановлении, а именно: (1) создание компании Triadou SPV S.A. («Triadou»); (2) инвестирование денежных средств в компании SDG Capital SA («SDG») или Triadou для инвестиций в недвижимость в Соединенных Штатах, включая, в частности, Flatotel и Медицинский центр «Cabrini» («Имущество»), или любые другие сведения, касающиеся списка лиц и организаций в Постановлении, которые связаны с утверждениями в Исковом заявлении («Вопросы»).

3.      В соответствии с Постановлением я обязан найти и подготовить бумажные и электронные документы (в частности, электронные письма, текстовые сообщения, сообщения в Facebook и WhatsApp).

4.      В соответствии с Постановлением я лично выполнил их поиск в следующих электронных средствах связи за период с 2010 года по сегодняшний день:

a.      Facebook (имя учетной записи — «Виктор Храпунов») по ссылке, указанной в Постановлении: https://www.facebook.com/help/1701730696756992?helpref=hc%20global%20nav

b.      WhatsApp (имя учетной записи — «Виктор Храпунов») по ссылке, указанной в Постановлении: https://faq.whatsapp.com/general/26000110

c.      Эл. почта: 555khv@gmail.com, v.khrapunov@bluewin.ch, и 555kh@mail.ru.

d.      Другие учетные записи электронной почты или текстовые сообщения (у меня их нет).

5.      Во время поиска я использовал следующие ключевые слова («Ключевые слова»):

a.      SDG Capital

b.      Claremont

c.      Sartfield

d.      Northern Seas Waterage

e.      Fairlean

f.      Alkune

g.      Crownway

h.      Speville

i.      Darwin

j.      Triadou

2

k.     Chetrit Group

l.     Felix Sater

m.     Calibri Medical Center

n.     Flatotel

6.     Я также выполнил поиск в моих личных документах с использованием этих Ключевых слов и, в частности, в отношении инвестиций, связанных с Медицинским центром «Cabrini» и Flatotel.

7.     Результаты моих усилий следующие:

a.     По завершении поиска, описанного в пунктах 4-6, я обнаружил, что у меня нет ни бумажных, ни электронных сообщений с упоминанием Лиц, связанных с Имуществом или Вопросами.

b.     Почтовый ящик 555kh@mail.ru закрыт, поэтому у меня нет доступа к его содержимому.

c.     Я не поддерживаю связь с Геннадием Петелиным или г-ном Аблязовым.

d.     Мой обмен электронными сообщениями с Ильясом Храпуновым в Facebook и WhatsApp связан исключительно с семейными праздниками, праздничными поздравлениями и другими личными делами.

8.     В соответствии с Постановлением я лично встретился с моим адвокатом Эндрю Т. Соломоном посредством видеоконференции. Г-ну Соломону помогал русско-английский переводчик, который присутствовал в его офисе. Во время этого разговора мы рассмотрели каждый аспект Постановления и обсудили мои обязательства. После этого разговора и рассмотрения Постановления я понял свои обязательства.

9.     После выполнения описанных выше действий, предпринятых мной лично, я подтверждаю, что у меня нет документов, которые соответствуют требованиям Постановления.

3

Я заявляю под страхом наказания за лжесвидетельство в
соответствии с законодательством Соединенных Штатов
Америки, что вышеизложенное заявление является верным.
Подписано «31» августа 2018 года.

_____
Виктор Храпунов

### Подтверждение устного перевода

Я, _____, настоящим заявляю, что я могу свободно переводить с

русского на английский язык и с английского на русский язык. Я подтверждаю, что

перевод вышеуказанного Заявления и Приложения «А» на русский язык является точным.

Также прилагаю свое резюме.


Подпись_____        Дата_____
Ф.И.О.:

Exhibit A – Court's Order of July 23, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN, and
BTA BANK JSC,

         Plaintiffs,

   -against-

MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV,
VIKTOR KHRAPUNOV and TRIADOU SPV S.A.,

         Defendants.

-------------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 7-23-2018            │
└─────────────────────────────────┘
```

**ORDER**

**15-CV-05345 (AJN)(KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

   In response to Defendant Viktor Khrapunov's Renewed Motion to Dismiss (doc. no. 736), Plaintiffs, the City of Almaty, Khazakhstan and BTA Bank JSC (the "Kazakh Entities"), cross-moved to compel Khrapunov to produce documents verifying that he has searched for certain documents requested by Plaintiffs prior to the Court ruling on the Renewed Motion to Dismiss (the "Cross-Motion to Compel"). For the reasons set forth below, Plaintiffs' Cross-Motion to Compel is **GRANTED** in part and **DENIED** in part.

   The Court assumes familiarity with the facts asserted in this action and does not repeat them here. Khrapunov, who currently resides in Geneva, Switzerland, contends that this Court lacks personal jurisdiction over him. On September 26, 2017, the Court ordered Khrapunov to participate in jurisdictional discovery to explore his "knowledge of and control of the conspiracy's activities in New York." (Doc. No. 426 at 50.) However, Khrapunov has not produced any documents and testified during his deposition that he had not searched his files for documents responsive to this Court's Order.

Over the course of managing discovery in this action, the Court is aware that Khrapunov has communicated with his son, Defendant Ilyas Khrapunov, about the facts underlying this lawsuit and this lawsuit via phone, email and Facebook. Viktor Khrapunov testified in his deposition that he also uses What's App and text messaging to communicate with his son and Defendant Mukhtar Ablyazov. Plaintiffs also believe that Viktor Khrapunov may have communicated with Gennaty Petelin on these subjects.

The Honorable Alison J. Nathan already stated in a prior order that communications between the Khrapunovs about Ilyas Khrapunov's dealings with the Chetrit Group would be evidence that Viktor Khrapunov was aware of the money investments made in New York real estate and possibly that the investments were conducted at his behest. (Doc. No. 426 at 50-51.) Likewise, communications between Viktor Khrapunov and Defendant Ablyazov and Gennaty Petelin on these subjects would similarly demonstrate that Khrapunov was aware of and possibly directing the investments in New York that are the subjects of this lawsuit.

Yet, Khrapunov has merely represented through prior counsel that "[a]fter reasonable investigation into his personal files, Viktor Khrapunov is not in possession, custody, or control of any documents responsive to [Plaintiffs' document requests]." This is insufficient given the various means of communication utilized by Khrapunov and his indication in his deposition that he failed to look for documents. Additionally, in a prior hearing, Khrapunov's prior counsel indicated to this Court that counsel had not personally inspected any documents and communicated with Khrapunov only through his son.

2

At a conference before this Court today, Khrapunov's new counsel represented that he had not yet spoken directly to Khrapunov or laid eyes on any documents. Accordingly, this Court orders the following:

- Khrapunov's new counsel shall engage a translator (other than Ilyas Khrapunov) and speak directly to Khrapunov regarding the search he must undertake in response to Plaintiffs' jurisdictional discovery demands.

- By August 31, 2018, Khrapunov must search for <u>and provide to his counsel</u> via secure electronic means (such as a secure FTP site) his own emails, text messages, Facebook messages and What's App communications with his son, Petelin and Ablyazov for the period 2010 to the present concerning: (1) the creation of Triadou SPV S.A. ("Triadou"); (2) any money invested in or loaned to SDG Capital S.A. ("SDG") or Triadou for purposes of investing in real estate in the United States, (3) the creation of, transfer or loan of money to any of the following entities: Claremont, Sartfield, Northern Seas Waterage, Fairlean, Alkune, Crownway, Speville, Darwin, and Triadou; (4) the Chetrit Group or Felix Satir; (5) any of the U.S. properties in which Triadou invested; and (6) other communications reflecting a knowledge of, or participation in the conspiracy alleged in the Complaint in this action.

- In connection with this search, Khrapunov must download his own Facebook data. He may do so by utilizing this link:
  <u>https://www.facebook.com/help/1701730696756992?helpref=hc_global_nav</u>

3

- In connection with this search, Khrapunov must request and download information from What's App.  He may do so by utilizing this link:

  https://faq.whatsapp.com/general/26000110

- By **August 31, 2018**, Khapunov's counsel shall verbally inform counsel for the other parties in this action whether any documents were recovered from the search.

- By **September 14, 2018**, Khrapunov must produce an affidavit that identifies the specific email, phone and social media accounts searched (which shall include those identified in his deposition); disclose the search terms or parameters used to search; and identify the number of document hits resulting from the search(es).

- Khrapunov shall produce responsive documents, if any, by **September 14, 2018**; provided, however, if the documents are voluminous, Khrapunov may apply for a reasonable extension of time to complete production.  If no responsive documents exist, then Khrapunov must attest to such in the above-referenced affidavit.

**SO ORDERED.**

Dated: July 23, 2018
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

Exhibit A – Russian Translation of Court's Order of July 23, 2018

ОКРУЖНОЙ СУД СОЕДИНЕННЫХ ШТАТОВ
ЮЖНЫЙ ОКРУГ НЬЮ-ЙОРКА
------------------------------------------------------------------X
ГОРОД АЛМАТЫ, КАЗАХСТАН и
АО «БТА БАНК»,

                                            Истцы,

                  -против-

МУХТАРА АБЛЯЗОВА, ИЛЬЯСА ХРАПУНОВА,
ВИКТОРА ХРАПУНОВА и TRIADOU SPV S.A.,

                                Ответчики.
------------------------------------------------------------------X

[штамп:] **ОС США, ЮОНЙ**
**ДОКУМЕНТ**
**ПОДАН В ЭЛЕКТРОННОМ**
**ВИДЕ**
**ДОК-Т №:** _____
**ДАТА ПОДАЧИ:** 23.07.2018

**ПОСТАНОВЛЕНИЕ**
**15-CV-05345 (AJN)(KHP)**

**КЭТРИН Х. ПАРКЕР, МИРОВОЙ СУДЬЯ СОЕДИНЕННЫХ ШТАТОВ АМЕРИКИ**

      После рассмотрения Возобновленного ходатайства ответчика Виктора Храпунова об оставлении иска без рассмотрения (док. № 736) истцы, город Алматы, Казахстан, и АО «БТА Банк» («Казахские субъекты»), выдвинули встречное ходатайство с требованием обязать г-на Храпунова представить документы, подтверждающие тот факт, что он осуществлял поиск определенных документов, запрошенных истцами, до вынесения судом решения по Возобновленному ходатайству об оставлении иска судом без рассмотрения («Встречное ходатайство»). Встречное ходатайство частично **УДОВЛЕТВОРЕНО**, а частично **ОТКЛОНЕНО** по изложенным ниже причинам.

      Суд предполагает, что стороны знакомы с фактами в рамках этого иска, поэтому в настоящем документе они не повторяются. Г-н Храпунов, который в настоящее время проживает в Женеве, Швейцария, утверждает, что в его отношении у данного суда отсутствует субъектная юрисдикция. 26 сентября 2017 года в рамках рассмотрения вопроса о подсудности суд обязал г-на Храпунова предоставить информацию и документацию для изучения вопроса о том, «знал ли он о действиях сообщников в Нью-Йорке и контролировал ли он их». (док-т № 426, стр. 50). Однако г-н Храпунов не представил никаких документов, а во время дачи показаний сообщил, что он не искал документов в ответ на постановление суда.

Суд знал, что в ходе представления доказательств в рамках этого дела г-н Храпунов переговаривался со своим сыном, ответчиком Ильясом Храпуновым, в отношении фактов, лежащих в основе этого иска, и в отношении самого иска по телефону, электронной почте и в Facebook. В ходе дачи показаний Виктор Храпунов заявил, что он общается со своим сыном и ответчиком Мухтаром Аблязовым посредством приложения WhatsApp и текстовых сообщений. Истцы также полагают, что Виктор Храпунов, возможно, общался с Геннадием Петелиным по этим вопросам.

Достопочтенная судья Элисон Дж. Натан уже заявляла в предыдущем постановлении, что общение г-на Храпунова с Chetrit Group о сделках Ильяса Храпунова является свидетельством того, что Виктор Храпунов знал об инвестициях в нью-йоркскую недвижимость, и, возможно, что инвестиции совершались по его указанию. (док-т № 426, стр. 50-51). Аналогичным образом, общение Виктора Храпунова с ответчиком Аблязовым и Геннадием Петелиным по этим вопросам также свидетельствует о том, что г-н Храпунов знал и, возможно, руководил инвестициями в Нью-Йорке, которые являются предметом этого иска.

В то же время через предыдущего адвоката г-н Храпунов заверил, что «[п]осле разумного рассмотрения своего личного архива он установил, что у Виктора Храпунова нет никаких документов, которые соответствуют [запросам истцов]». Этого недостаточно, учитывая различные способы общения, используемые г-н Храпуновым и его заявление в ходе дачи показаний, что он не искал документов. Кроме того, в ходе предварительного слушания предыдущий адвокат г-на Храпунова сообщил суду, что он лично не проверял никаких документов и что он общался с г-ном Храпуновым только через его сына.

2

Сегодня на заседании суда новый адвокат г-на Храпунова заявил, что еще не говорил непосредственно с г-ном Храпуновым и не видел никаких документов. Поэтому суд постановил:

- Новый адвокат г-на Храпунова обязан привлечь переводчика (не Ильяса Храпунова) и переговорить непосредственно с г-ном Храпуновым относительно документов, которые тот должен предоставить в ответ на требования истца в рамках рассмотрения вопроса о подсудности.

- До 31 августа 2018 года г-н Храпунов должен найти и предоставить своему адвокату посредством безопасных электронных средств (таких как безопасный FTP-сайт) свою переписку с г-ном Петелиным и г-ном Аблязовым по электронной почте, с помощью текстовых сообщений, сообщении в Facebook и WhatsApp за период с 2010 года по сегодняшний день относительно: (1) создания компании Triadou SPV SA («Triadou»); (2) денежных средств, инвестированных в компании SDG Capital SA («SDG») или Triadou для целей инвестирования в недвижимость в Соединенных Штатах; (3) создания, передачи или займа денежных средств следующим юридическим лицам: Claremont, Sarfield, Northern Seas Waterage, Fairlead, Alkune, Stcowway, Sreville, Darwin и Triadou; (4) Chetrit Group или Felix Sarir; (5) любой недвижимости в США, в которую компания Triadou инвестировала средства; и (6) другие сообщения, отражающие знание или участие в предполагаемом сговоре, который описан в исковом заявлении в данном деле.

- В связи с этим требованием г-н Храпунов должен скачать свои данные из Facebook. Это можно сделать с помощью данной ссылки:
https://www.facebook.com/help/1701730696756992?helpref=hc_global_nav

- В связи с данным требованием г-н Храпунов должен запросить и скачать информацию из приложения WhatsApp. Это можно сделать с помощью данной ссылки:

  https://faq.whatsapp.com/general/26000110

- До **31 августа 2018 года** адвокат г-на Храпунова должен устно уведомить адвоката других сторон по этому делу о том, были ли выявлены какие-либо документы в процессе поиска.

- До **14 сентября 2018 года** г-н Храпунов должен представить заявление под присягой, в котором будут указаны следующие данные: конкретная электронная почта, номер телефона и учетная запись в социальных сетях, задействованные при поиске (в том числе те, которые указаны в его показаниях); сообщить об использованных условиях или параметрах поиска; указать количество документов, полученных в результате поиска.

- Г-н Храпунов должен представить соответствующие требованиям документы, если таковые имеются, до **14 сентября 2018 года**. При этом, если документы являются объемными, г-н Храпунов может подать заявление о разумном продлении срока для представления всех документов и информации. При отсутствии соответствующих документов г-н Храпунов должен подтвердить соответствующий факт в вышеупомянутом заявлении.

## ПОСТАНОВЛЕНИЕ.

Дата: 23 июля 2018 года
    Нью-Йорк, штат Нью-Йорк

[подпись]
КЭТРИН Х. ПАРКЕР
Мировой судья Соединенных Штатов Америки

## Certificate of Interpretation

I, ___Evgeny Terekhin_____ hereby declare that I am fluent in translating from Russian to

English and English to Russian.  I confirm that the Russian translations of the foregoing

Declaration and Exhibit A are accurate.   My CV is attached.

Signature_____        Date_____Sept 06, 2018_____
Name:      Evgeny Terekhin

5



## LINGUIST PROFILE

| Linguist ID: | EVGE0013 |
| --- | --- |
| **Language specializations:** | |
| *-Pairs* | *English into Russian* |
| *-Field* | **Legal** |
| **Native Language:** | **Russian** |
| **Formal Education:** | *1995* <br> **Omsk State Pedagogical University**, Russia <br> *M.A., English and German* |
| **Work/Linguistic Experience:** | |
| *-Details and Description* | *2006 – Present* <br> **VARIOUS CLIENTS**, Global <br> *Freelance Translator* <br> Numerous translations done in various fields including, but not limited to: <br> ▪ Contracts <br> ▪ General Legal <br> ▪ Lease Agreements <br> ▪ Terms and Conditions <br> ▪ Court Papers <br> ▪ Personal Documents <br> ▪ Federal Court <br> ▪ State Court <br> ▪ Government/NGO |
| *-Partial Client List* | **Canon; Vodafone; ScanDisk;  IBM; Microsoft; Sony; Philips;  X-Fi; Google; AstraZeneca** |
| **Technical Tools/Skills:** | Wordfast, Microsoft Office |
| **Additional Qualifications:** | |
| *-Accreditations* | TransPerfect certified for English into Russian translations in the field of Contracts |

The information provided herein is intended for the sole purpose of providing relevant information as to the background of one specific linguist. The content of the linguist profile may result from direct or indirect engagements, may be current or historical, and the work described may or may not have been performed on behalf of TransPerfect Translations.