# Exhibit 7

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5-10-2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CITY OF ALMATY, KAZAHKSTAN, and
BTA BANK JSC,

                        Plaintiffs,

            -against-

MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV,
VIKTOR KHRAPUNOV, and TRIADOU SPV S.A.,

                        Defendants.

-----------------------------------------------------------------X

**DISCOVERY ORDER**

**15-CV-05345 (AJN) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      This case has been pending for nearly three years. It commenced in New York Supreme Court and was removed to this Court on July 9, 2015. (Doc. No. 1.) After extensive motion practice before the Honorable Alison J. Nathan, the only claims that remain are claims for actual and constructive fraudulent transfer of assets against Defendants Triadou SPV S.A. ("Triadou"), Mukhtar Ablyazov, Ilyas and Viktor Khrapunov (Counts 6 and 7 of the Second Amended Crossclaims) and a claim for enforcement of a foreign judgment under New York CPLR § 5303 against Defendant Ablyazov (Count 12 of the Second Amended Crossclaims). (Doc. No. 433.) All other claims have been dismissed.

      Plaintiffs have now moved for a fifth extension of the discovery schedule by "at least" 90 days. (Doc. No. 639). Defendant Triadou agrees only to a 30-day extension for limited purposes and otherwise objects to Plaintiffs' application. (Doc. No. 640.) Currently, fact discovery ended May 9, 2018, which was also the last day to serve requests to admit and

1

contention interrogatories, and expert discovery ends July 6, 2018. (Doc. No. 535.) As discussed below, Plaintiffs' motion is **GRANTED IN PART.**

## DISCUSSION

Rule 1 of the Federal Rules of Civil Procedure requires the Court and the parties to construe, administer, and employ the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. What is just, speedy and inexpensive varies by case. It goes without saying that complex civil litigation, such as this action, involves extensive discovery and thus requires a longer period of time to complete discovery with greater litigation costs than the typical civil case. Trial courts have broad authority to oversee and fashion discovery as appropriate for each case. *See United States v. Williams*, No. 02-CR-01372 (ALC), 2017 WL 3613661, at \*2 (S.D.N.Y. Aug. 21, 2017) (internal citation and quotation marks omitted); *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (recognizing broad discretion of magistrate judges in resolving discovery disputes); Manual for Complex Litigation (Fourth) § 11.422 (2004) (court's broad authority to oversee and control discovery includes authority to impose time limitations, restrict the scope and quantity of discovery, and order sequencing of discovery). Rule 26(b)(2)(C) also authorizes the court to limit the frequency or extent of discovery "if the party seeking discovery has had ample time to obtain information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

When considering an extension of discovery, the Court must "balance efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial." Manual for Complex Litigation (Fourth) § 11.422. The Court is unaware of any decision in

this Circuit setting out factors to balance when considering an extension of discovery under the recently amended Rules 1 and 26 of the Federal Rules of Civil Procedure. In this Court's view, the factors that should be considered are: (1) the discovery already conducted in the case; (2) the specific additional discovery sought by the parties; (3) unavoidable obstacles faced by the parties in obtaining discovery that may necessitate a longer discovery schedule, such as the need for extensive non-party discovery, the complexity and volume of electronically stored information (ESI) to be retrieved, processed, reviewed and produced, the need for extraterritorial discovery, which may involve cumbersome or slow procedures, and the volume of documents withheld based on privilege and disputes over same; (4) avoidable obstacles that have caused delays, such as a failure of the parties to cooperate in discovery in conformance with their obligations under Rule 1 of the Federal Rules of Civil Procedure; and (5) the need for the Court to ensure that disputes are resolved fairly and efficiently, while minimizing costs to the parties to the greatest extent possible.

Factors 1 and 2 require the Court to assess whether the parties have an adequate record to present their claims and defenses for determination on the merits. The Court should consider the claims that remain in the action, as well as the discovery conducted and proposed. Factor 2 also entails an analysis pursuant to Federal Rule of Civil Procedure 26(b)(1) – whether the additional discovery sought is both relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). As discussed below, both Factors 1 and 2 weigh in favor of extending the discovery deadline, though the Court has some concerns about the scope of the anticipated discovery.

The discovery in this case has included independent investigations by the parties, exchange of documents between the parties, 14 depositions (9 taken by Plaintiffs), and at least 15 non-party subpoenas.  In other words, it has been extensive.  Plaintiffs and Defendants have had an opportunity to develop their theories of the case and defenses and, from what this Court has seen while overseeing discovery in this case, Plaintiffs' counsel conducted an extensive investigation of the facts.  At the same time, this Court appreciates that most of the outstanding discovery has been contemplated by all parties and is necessary to ensure a fair resolution of the remaining claims.  Based on the parties' submissions in connection with the present motion, the following discovery is outstanding:

- The deposition of Defendant Ablyazov, which has been noticed and will take place in France pursuant to Hague Convention procedures, though a date has not yet been provided by French authorities;
- The resolution of a subpoena issued to non-party Gennady Petelin and Petelin's subsequent deposition;[1]
- The resolution of a subpoena issued to non-party Wells Fargo Bank;
- The deposition of Leila Khrapunova, to be conducted in Switzerland pursuant to Hague Convention procedures;[2]
- The deposition of an unnamed "Confidential Witness;"
- The depositions of Aleksander Udovenko and Jody Hudson pursuant to Plaintiffs' subpoenas;
- Triadou's deposition subpoena to non-party Felix Sater, its former business partner;
- Additional document production from Triadou and the Khrapunovs that Plaintiffs anticipate will be the subject of a motion to compel;
- Triadou's anticipated motion to compel non-party Kevin Meyer to produce documents in response to its subpoena;[3]
- Production of privilege logs;
- Amendment and supplementation of existing discovery responses as needed; and
- Service of requests to admit and contention interrogatories.

---

[1] The dispute is currently pending in the Central District of California where the subpoena was returnable.
[2] Triadou objects to the deposition of Ms. Khrapunova, especially to the extent Plaintiffs seek information that would constitute post-judgment discovery.  This Court agrees that post-judgment discovery is premature and not warranted at this time, especially to the extent it is sought from a non-party.
[3] This motion will be filed in the Eastern District of Pennsylvania where the subpoena is returnable.

Based on this Court's knowledge of the case, all of the outstanding discovery listed above is necessary and reasonable, except perhaps the depositions of the unnamed "Confidential Witness," Udovenko and Hudson. Triadou points out that Federal Rule of Civil Procedure 30(a)(2) limits Plaintiffs to 10 depositions absent agreement of the parties or a court order. Plaintiffs will exceed the 10 deposition limit with the consent of Defendants with their depositions of Ablyazov, Petelin and Khrapunova. This Court deems 12 depositions reasonable given the number of Defendants, complexity and scope of this case, subject to the limitations on Khrapunova's deposition discussed below.

Plaintiffs seek to question Khrapunova, the mother of Ilyas and ex-wife of Viktor Khrapunov as to her alleged role and/or knowledge of Defendants' receipt and fraudulent transfer of funds stolen from Plaintiffs. Plaintiffs also seek to question Khrapunova on her ability to pay, or knowledge of the Khrapunovs' ability to pay, the sanctions award recently issued by this Court. Triadou contends that questions on the latter subjects are inappropriate and do not justify a delay in discovery necessarily attendant to taking Khrapunova's deposition. This Court agrees with Triadou that questions of Khrapunova should be limited to her alleged role and/or knowledge of Defendants' receipt and fraudulent transfer of funds stolen from Plaintiffs. Although this Court notes that certain information sought from Khrapunova appears relevant to the remaining claims, it agrees with Triadou that Plaintiffs should have pursued her deposition earlier in the case given that she is located in Switzerland, such that Hague Convention procedures must be followed to obtain her testimony. However, because this Court is granting an extension of discovery to take Ablyazov's deposition and the other discovery listed above that this Court deems reasonable, it will permit Plaintiffs to take

5

Khrapunova's deposition so long as it is conducted by October 31, 2018. This decision takes into account the likelihood that Khrapunova has relevant information, the many millions of dollars at stake in this matter, the difficulty Plaintiffs have had accessing information in light of the fact that the Defendants have produced little-to-no documents concerning the source of funds used to purchase the real estate that has been attached in connection with this action, the fact that the individual Defendants already are in Europe where the deposition will be held, and that Khrapunova's deposition, if taken by October 31, 2018, will not delay resolution of the case given the extension of time this Court is granting for the remaining discovery.

As for the three remaining depositions, Plaintiffs have failed to explain what information these individuals have that is relevant to the remaining claims and why the taking of their depositions is proportional to the needs of this case. Furthermore, this Court is troubled that Plaintiffs have stated that they have a "Confidential Witness" who they refuse to name except on an Attorneys' Eyes Only basis. Under Federal Rule of Civil Procedure 26(a)(1), parties must provide the name and contact information of each person it may use to support their claims or defenses, unless the individual will be called for impeachment purposes only. Fed. R. Civ. P. 26(a)(1). Absent good cause for a protective order pursuant to Federal Rule of Civil Procedure 26(c), a party may not refuse to provide the name of a witness on an Attorneys' Eyes Only basis. In sum, these three remaining depositions are not warranted because this Court has no facts to determine their relevance, or why permitting them would be proportional to the needs of the case considering all of the factors set forth in Rule 26(b)(1).

Factor 3 also weighs in favor of extending the discovery deadline. Plaintiffs (and Defendants) faced certain unavoidable obstacles in obtaining discovery because of the

6

complexity of the case, the quantity of non-party discovery and the fact that a number of witnesses and the three individual Defendants are located outside of the United States in jurisdictions that require compliance with Hague Convention procedures. Moreover, Defendant Ablyazov was incarcerated in France and in hiding during the pendency of this case. Additionally, the Khrapunovs have been in exile in Switzerland and thus unable to travel to participate in discovery because they are (or have been) the subjects of Interpol Red Notices. These obstacles cannot be attributed to any fault of Plaintiffs.

Factor 4 is a neutral factor in the analysis here. Plaintiffs have complained vigorously about Defendants' failure to cooperate in discovery. Defendants too have complained vigorously about Plaintiffs' aggressive discovery tactics. There is finger-pointing all around. This Court has had to resolve multiple discovery disputes and even issue sanctions against the Khrapunovs concerning non-compliance with the Protective Order governing discovery in this case. However, this Court does not ascribe blame to any single party for delays caused by all of the discovery disputes in this matter.

Factor 5 weighs in favor of extending the discovery deadline for a reasonable period of time to ensure that the remaining discovery, subject to the limitations set forth above, can be completed. The Court finds that the discovery is needed to fairly resolve the claims so they can be presented on their merits. The Court also finds that the remaining discovery bulleted above, with the exception of the depositions of the unnamed witness, Udovenko and Hudson, is proportional to the needs of the case given all of the factors set forth in Rule 26(b)(1).

## **CONCLUSION**

For the reasons set forth above, the Court extends the discovery schedule as follows:

- Fact discovery is extended to August 31, 2018; however, the depositions of Ablyazov and Khrapunova may be taken anytime up to October 31, 2018.
- Expert discovery is extended to October 31, 2018.
- Requests to admit and contention interrogatories, if any, shall be due by August 31, 2018.

The parties are limited to the specific discovery approved in this Order; provided, however, the Court will permit Plaintiffs to file a letter explaining why the depositions of the unnamed witness, Udovenko and Hudson are relevant and proportional to the needs of the case considering the factors set forth in Rule 26(b)(1).  Such letter must be filed by **May 24, 2018**.  To the extent Defendants or the non-parties object to such depositions, they may file a responsive letter setting forth the legal and factual grounds for their objections by **June 7, 2018**.

The Court will hold a case management conference on **July 23, 2018 at 11:30 a.m.** in Courtroom 17-D.  Pro se Defendant Ablyazov may participate by phone by calling 212-805-0234 at 11:30 a.m.

**SO ORDERED.**

Dated: May 10, 2018
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge