

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

September 20, 2018

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Nathan:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"). We write pursuant to Judge Katharine Parker's Orders of September 14th and 18th [ECF Nos. 832 & 835] directing the Kazakh Entities to file an Amended Hague Request to the French Republic for the deposition of defendant Mukhtar Ablyazov.

*Background*

      On December 30, 2016, the Kazakh Entities noticed Ablyazov's deposition. His then-counsel responded that Ablyazov refused to be deposed in the United States or London because he was then subject to an INTERPOL red notice, and that Ablyazov would only agree to be deposed in France pursuant to the Hague Convention. (The red notice has subsequently been lifted). The parties then agreed on a Hague request for Ablyazov's deposition in France, which this Court issued on July 25, 2017 [ECF No. 391], and which the Kazakh Entities translated and transmitted to the French Central Authority. Having received no response from the relevant tribunal in France for some months (the Tribunal Grand Instance, Aix-en-Provence or "TGI"), on August 10, 2018, Judge Parker issued an Order compelling Ablyazov to contact the TGI and schedule his deposition, or travel to New York or London to be deposed. [ECF No. 813]. On August 29, 2018, Ablyazov informed Judge Parker and the parties that his deposition had been scheduled by the TGI for September 20, 2018. [ECF No. 825].

      Once Ablyazov's deposition had been scheduled however, the TGI communicated that there would be no questioning of Ablyazov by the parties, no use of documents or exhibits, and most problematically, there would be no transcript or video of Ablyazov's deposition unless the Hague request was amended and those provisions were specifically added. During a status conference before Judge Parker on September 14th, all parties – including Ablyazov, who participated telephonically – agreed to reschedule the deposition and seek an amended Hague request from Your Honor which would allow for transcription of Ablyazov's deposition and questioning by the parties. Judge Parker entered an order that day rescheduling Ablyazov's deposition [ECF No. 823], and on September 18, 2018, ordered the Kazakh Entities to "promptly submit an amended Hague Request to Judge Nathan, so that a new date for Defendant Ablyazov's deposition can be scheduled between October 12, 2018 and October 31, 2018." [ECF No. 835].

### *The Amended Letter of Request*

In accordance with Judge Parker's above-referenced Orders, and pursuant to 28 U.S.C. § 1781(b) and the Hague Convention on the Taking of Evidence Abroad, the Kazakh Entities therefore respectfully submit this application requesting that the Court issue an Amended Hague Convention Request for International Judicial Assistance to the Central Authority of the French Republic, in the form attached hereto as Exhibit 1.[1]

If the attached proposed Amended Letter of Request is acceptable to the Court,[2] we respectfully request that Your Honor endorse this application, and take the following actions:

1. The Kazakh Entities respectfully request that Your Honor sign both of the duplicates of the Amended Letter of Request that are attached to the hand-delivered copy of this letter application.

2. The Kazakh Entities respectfully request that Your Honor then direct the Clerk of the Court to:

---

[1] The Kazakh Entities have conferred with all parties and shared copies of the proposed Amended Letter of Request in the attached form. Defendant Ablyazov now disputes the relevance of previously agreed-upon topics 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 & 22, and requests that these topics be deleted or limited, but otherwise all parties agree on the form of the amended request. The Kazakh Entities oppose altering any previously agreed-upon topics based on these new relevance arguments; these topics were agreed to by all parties in the first instance, and relevance is no basis for opposing questioning at a deposition under the Federal Rules.

If the Hague request topics were altered, however, Ablyazov could potentially refuse to answer relevant questions on the basis that they are outside of the topics in the request. Ablyazov should not be permitted to use the procedural formality of a Hague request to limit questioning in ways not permitted under the Federal Rules, and considering the time difference between France (where the deposition will occur) and New York, it would be extremely onerous for Judge Parker to be available to resolve relevance disputes during the deposition. When Ablyazov raised this issue at the September 14 status hearing, Judge Parker declined to limit any of the previously agreed-upon topics. *See* 9/14/18 Hr'g Tr. at 40:16-41:4. As a compromise, however, the Kazakh Entities have agreed that these topics shall not constitute an admission by any defendant that a topic or related questioning is relevant. Defendant Triadou initially raised similar relevance objections, but has indicated that this compromise is acceptable, and does not oppose the current form of the amended request.

[2] The Kazakh Entities are transmitting this Amended Letter of Request to the Court by both ECF and hand delivery. The hand-delivered version will have attached two copies of the proposed Amended Letter of Request, to comply with the U.S. Department of State's recommendation that Hague Convention requests be prepared in duplicate. Both copies are labeled Exhibit 1.

    a. apply the seal of the Court to both signed copies of the Amended Letter of Request;
    b. file a copy of the signed Amended Letter of Request in the docket of this action; and
    c. return the signed copies of the Amended Letter of Request to the undersigned counsel for translation and transmission to the Central Authority of the French Republic, at the below address:

> Ministère de la Justice
> Direction des Affaires Civiles et du Sceau
> Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP)
> 13, Place Vendôme
> 75042 Paris Cedex 01

Thank you for your consideration of this request.

        Respectfully,

        /s/ Matthew L. Schwartz
        Matthew L. Schwartz
        BOIES SCHILLER FLEXNER LLP
        575 Lexington Avenue
        New York, New York 10022