**Solomon & Cramer LLP**
1441 Broadway, Suite 6026
New York, New York 10018
(t) 212-884-9102
(f) 516-368-3896

----------

Andrew T. Solomon
Jennifer G. Cramer

October 9, 2018

**By ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

Re: *City of Almaty v. Ablyazov*, 15 Civ. 5345 (AJN)(KHP)

Dear Judge Parker:

This firm represents Viktor and Ilyas Khrapunov. This letter is further to our letter motion of September 20, 2018 (Dkt. 837) and in reply to Plaintiffs' letter of October 3, 2018 (Dkt. 856).

*First,* the Khrapunovs' motion is essentially unopposed. To evade the issues, Plaintiffs try to pigeonhole the motion as merely a request "to produce an agreement with an entity called Litco LLC" as well as payments to that entity. But the "core" (Plaintiffs' term) of the Khrapunovs' motion is far broader and requires documents and testimony necessary

- to evaluate the real possibility that BTA and Almaty violated U.S. law (the Anti-Gratuity Statute, 18 U.S.C. § 201(c)) in their extraordinary transactions with material witnesses;

- to uncover evidence of bias; and

- to ascertain whether information provided by Mr. Sater violated his contractual duty of confidentiality.

*Second*, the Court should reject Plaintiffs' proposed Rule 502 order. Plaintiffs have made no threshold showing that such an order is necessary or that the materials in question—transactions with third parties—are privileged or otherwise protected. Moreover, Rule 502 is inapposite; its purpose is to address inadvertent disclosure and subject matter waiver (*see* F.R. Evid. 502 advisory committee's notes), not to validate a litigant's failure to produce plainly relevant documents in a timely manner.

Hon. Katherine H. Parker, U.S.M.J.
October 9, 2018
Page 2

*Third*, Plaintiffs' announced intention to file another response "within 48 hours" after entering the 502 order (which we oppose) to address "the remainder of defendants' motion" was not presented to Defendants beforehand, not agreed to, and not provided for in the Court's briefing schedule.  This appears to be a delaying tactic.

Respectfully submitted,

 /s/ Andrew T. Solomon

Andrew T. Solomon
asolomon@solomoncramer.com
(dd) 917-664-5575