

PETER M. SKINNER
Tel.: (212) 303-3645
E-mail: pskinner@bsfllp.com

October 10, 2018

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,*
              **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

      We represent Plaintiffs City of Almaty, Kazakhstan and BTA Bank (the "Plaintiffs" or the "Kazakh Entities") and write in response to Viktor and Ilyas Khrapunov's and Triadou SPV S.A.'s applications to strike the Kazakh Entities' opposition [ECF No. 861] to defendants' motion to compel [ECF Nos. 863, 864]. The defendants' accusations of bad faith and gamesmanship are unwarranted, and the application to strike should be denied.

      On October 3, the Kazakh Entities wrote to the Court proposing to moot or narrow the instant dispute by producing the primary document in contention, an agreement involving Litco LLC, subject to an appropriate F.R.E. 502 order. *See* Fed. R. Evid. 502 (d) ("A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding."); *cf. Winfield v. City of New York*, No. 15-Cv.-05236 (LTS)(KHP), 2018 WL 2148435, at *4 (S.D.N.Y. May 10, 2018) (noting that Rule 502(d) "incentivizes parties to voluntarily agree to procedures that will alleviate the burdens of pre-production privilege reviews by offering protection from waiver of privilege to the producing party.").

      This offer was in line with what the defendants had proposed at the September 14 conference setting a briefing schedule for this dispute, where they requested that the Kazakh Entities produce the requested documents in lieu of further briefing. *See* 9/14/ 18 Hr'g Tr. at 38:18-19 (MR. SOLOMON: "I'm hoping that, you know, we don't get a response, but a production."). Because the agreement had been withheld under a claim of work product under Rule 26, however, the Kazakh Entities attached a proposed F.R.E. 502(d) order to eliminate any potential waiver issues, and proposed to meet and confer with the defendants to determine if further briefing would be necessary. [ECF No. 856 ("In the meanwhile, we will meet and confer with the defendants to determine which aspects of their motions, if any, they are pressing in light of the production of the agreement")]. This work product assertion was valid for the reasons explained in the Kazakh Entities' October 9, 2018 letter. [ECF No. 861, at 6-7].

      The defendants were not available to meet and confer with respect to the Rule 502 Order until the afternoon of October 8, 2018. During that meet and confer, the defendants indicated that they were not only pressing the entirety of their motions to compel, but also that they intended to

Page 2

oppose production of the agreement under the Rule 502 order — in effect, refusing to accept the primary document they were seeking unless they could claim its disclosure constituted a broader waiver of the work product protection.  Counsel for the Kazakh Entities stated, in sum and substance, that further briefing would likely be necessary if no compromise was possible.

Within 24 hours of the meet and confer, the defendants filed brief replies — a full day before they were due — arguing that the motions to compel were "essentially unopposed" [ECF No. 858, at 1] and should be granted in full.  Neither defendant mentioned that the Kazakh Entities contemplated further briefing in light of the defendants' unexpected rejection of their compromise offer to produce the agreement subject to a Rule 502 order.  In fact, reading the defendants' relies and applications to strike, one would have little hint that the parties had met and conferred at all — the Khrapunovs fail to mention the parties' meet and confer discussion at all, and Triadou makes only an oblique reference in its last footnote, without further explication of what was discussed.

While it was certainly the defendants' prerogative to file their replies early, they can hardly claim surprise or prejudice now.  It must have been clear to the defendants from the meet and confer that their motions *were not* unopposed, and that further briefing was forthcoming given their rejection of Plaintiffs' compromise offer.  Indeed, there was no reason to file their "replies" early other than to preempt Plaintiffs from weighing in substantively.

But Plaintiffs will put that aside.  To do otherwise would be to respond to claims of gamesmanship with counterclaims of the same, and the Court is surely growing weary of the serial allegations of foul play in this case.

The motions to strike should be denied.  Plaintiffs filed their opposition after trying unsuccessfully and in good faith to negotiate a resolution to the underlying discovery dispute.  That these negotiations also resulted in an effective extension of the briefing schedule is beside the point, as Defendants were not prejudiced by the additional time that passed while those negotiations proceeded, and the motion may have been mooted had those negotiations been successful.  Nor were Defendants prejudiced by filing replies before the opposition was filed — their premature replies could have been avoided had they not rushed to get them in, and Plaintiffs consent in any event to a sur-reply on or before October 16, as defendants request. [ECF No. 864, at n.2].

        Respectfully,

          /s/ Peter M. Skinner
        Peter M. Skinner