

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com
October 22, 2018

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

    Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,*
            **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

    We represent Plaintiffs City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities"), and write in connection with defendants' pending motions to compel [ECF Nos. 837, 884].  The Kazakh Entities do not write to submit further argument, but only to clarify what is *not* in dispute.

- Information about "fees, expenses, and payments" to Felix Sater and several other witnesses has already been disclosed in interrogatory responses [*see* ECF No. 861, at 2, 4-5, Ex. 11].

- The Kazakh Entities have no objection to the defendants seeking information about the date, place, attendees, and subject matter of meetings between the Kazakh Entities and Sater and Frank Monstrey [*see* ECF No. 870, at 3], in their continued depositions, so long as they do not probe into the Kazakh Entities' broader asset recovery efforts.  Indeed, the Kazakh Entities did not prevent the defendants from inquiring on these topics at Sater and Monstrey's first depositions.[1]

- Likewise, the Kazakh Entities have no objection to the Khrapunovs seeking information about "Sater's confidentiality duties," including under a consulting agreement between Sater and an entity controlled by the Khrapunovs [ECF No. 870, at 3], in Sater's continued deposition.  Again, the Kazakh Entities did not prevent the Khrapunovs from inquiring on this topic at Sater's first deposition.

- And of course the Kazakh Entities remain willing to disclose the Litco agreement subject to Rule 502(d) order.

                            Respectfully,

                              /s/ Matthew L. Schwartz
                              Matthew L. Schwartz

---

[1] For the reasons stated in the Kazakh Entities' opposition [ECF No. 861, at 6,7] – and contrary to Triadou's continued argument otherwise – disclosure of such information in a continued deposition would not be a waiver of Rule 26 work product, which explicitly applies to "Documents and Tangible Things." Fed. R. Civ. P. 26 (b)(3)(A).