**Solomon & Cramer LLP**
1441 Broadway, Suite 6026
New York, NY 10018
Main Tel: (212) 884-9102
E-Fax: (516) 368-3896

-----------
Andrew T. Solomon
Jennifer G. Cramer

November 15, 2018

**By ECF**

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   City of Almaty v. Ablyazov, No. 1:15-cv-05345-AJN-KHP

Dear Judge Nathan:

This firm represents defendants Ilyas Khrapunov and Viktor Khrapunov. This responds to Plaintiffs' letter to the Court of November 13, 2018 (ECF No. 882), in which BTA Bank ("BTA") seeks leave to amend its pleadings or a pre-motion conference to discuss it.

As a threshold matter, were this letter to be treated as a motion, it would have to be denied, as neither the Federal Rules of Civil Procedure nor the Local Rules authorize a party to move for leave to amend by letter. As for a pre-motion conference, BTA ought to explain its position on subject matter jurisdiction before the parties brief the other factors under Rule 15 of the Federal Rules of Civil Procedure.[1]

In its letter, BTA seeks leave to add a new Thirteenth Cause of Action entitled "Pursuant to CPLR § 5303 for Recognition and Enforcement of a Foreign Judgment Under New York Law" against Ilyas Khrapunov based on a judgment issued by a U.K. court (the "Khrapunov Judgment"). The Khrapunov Judgment, *issued on default*, is based on BTA's allegation that

---

[1] A motion for leave to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. Even though leave to amend should be freely granted when justice so requires, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Were plaintiff to file a motion, the Khrapunovs would object on a number of the grounds identified in *McCarthy*.

Hon. Alison J. Nathan
November 15, 2018
Page 2

"Ilyas Khrapunov had conspired with Ablyazov to violate receivership and freezing orders against Ablyazov in [the UK Courts]."

In seeking leave to add this claim, BTA fails to address the threshold issue of subject matter jurisdiction.[2]  Federal question and diversity are clearly unavailable.  No federal law is involved and BTA cannot establish diversity because its claim involves citizens or subject of foreign states on both sides.  *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980).  Only supplemental jurisdiction remains.

To establish supplemental jurisdiction, a plaintiff must satisfy the threshold requirement of 28 U.S.C. § 1367(a), which provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are *so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.*  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

To meet this burden, BTA would have to show that its judgment enforcement claim is "so related to the claims in the action *within such original jurisdiction* that they form part of the same case or controversy".  Original jurisdiction "depends on the state of things at the time of the action brought." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007) (*quoting Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 6 L. Ed. 154 (1824)).  So the relevant date is July 9, 2015, when the City of Almaty ("Almaty") removed the interpleader action filed by CF 135 Flat LLC, CF 135 West Member LLC, and the Chetrit Group (collectively, the "Chetrit Group") against Almaty and Triadou.  The basis for removal and the Court's original jurisdiction was 28 U.S.C. § 1330 and 28 U.S.C. § 1441(d).[3]

It is easy to see that the proposed judgment recognition claim is not "part of the same case or controversy" as the Chetrit Group's interpleader claim.  As described by the Court, the interpleader complaint concerns transactions that occurred in 2014-2015 and asks the Court to adjudicate whether the $21 million proceeds from the Flatotel project should be paid to Triadou

---

[2] Subject matte jurisdiction must be established for each claim.  *Coakley v. Kingsbrook Jewish Med. Ctr.*, 2017 U.S. Dist. LEXIS 13060, at *3 (E.D.N.Y. Jan. 28, 2017).

[3] To be precise, Almaty's original notice sought removal under 28 U.S.C. § 1452 [sic] and alleged subject matter jurisdiction under 28 U.S.C. § 1332(a) because, it claimed, the citizenship between Plaintiffs (United States) and Defendants (foreign states) was diverse.  (ECF No. 1).  The Court later held that jurisdiction was established under 28 U.S.C. § 1441(d) and 28 U.S.C. § 1330(a) (ECF No. 423 at 9).  Were diversity the basis for original jurisdiction, BTA would also have to show that the exceptions under 28 U.S.C. § 1367(b) do not apply.

Hon. Alison J. Nathan
November 15, 2018
Page 3

or to the City of Almaty.  (ECF No. 103).  The proposed judgment enforcement claim concerns whether the Khrapunov Judgment, rendered by the UK court in 2018, meets the qualifications for recognition under New York law.

Even if BTA could show that supplemental jurisdiction exists under 28 U.S.C. § 1367(a), the Court should decline to exercise it under § 1367(c)(2) and (3).  This is because the original claim that predicated subject matter jurisdiction (the Chetrit Group's interpleader claim) has been dismissed and no other federal claim remains in the case.

Because the Court lacks subject matter jurisdiction over BTA's proposed claim against Ilyas Khrapunov, the other discretionary factors for granting leave to amend need not be considered.  But, if BTA pursues this motion, the Khrapunov defendants reserve their right to respond on all points.

Very truly yours,

 ANDREW T. SOLOMON

Andrew T. Solomon
asolomon@solomoncramer.com
(m) 917.664.5575