**Solomon & Cramer LLP**
1441 Broadway, Suite 6026
New York, NY 10018
Main Tel: (212) 884-9102
E-Fax: (516) 368-3896

-----------
Andrew T. Solomon
Jennifer G. Cramer

November 18, 2018

**By ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   City of Almaty v. Ablyazov, No. 1:15-cv-05345-AJN-KHP

Dear Judge Parker:

This firm represents Ilyas and Viktor Khrapunov.  I am writing to address one issue that was raised by the Court during oral argument.

The issue presented was whether the information that BTA illegally obtained from Mr. Sater could provide a predicate for excluding that evidence at trial.  In response to the issue, I referred to the Court's prior holding regarding the Kazaword documents.  Specifically, I was relying on the following passage:

> The Court next addresses Plaintiffs' request for a protective order precluding use of the hacked documents in this litigation. A protective order is appropriate where a movant has shown good cause.  Fed. R. Civ. P. 26(c)(1).  Courts in this district have consistently prohibited parties from using stolen materials to their advantage in litigation.  See *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 571 (S.D.N.Y. 2008) ("In the end, the one thing that should remain unsullied is the integrity of the judicial process.  In this Court's view, that integrity is threatened by admitting evidence wrongfully, if not unlawfully, secured."); *Fayemi v. Hambrecht & Quist, Inc.*, 174 F.R.D. 319, 325 (S.D.N.Y. 1997) (pursuant to "inherent equitable powers to sanction a party that seeks to use in litigation evidence that was wrongfully obtained," courts may preclude the use of stolen evidence in litigation, even if it could otherwise have been discoverable).

Hon. Katharine H. Parker
November 17, 2018
Page 2

*City of Almaty v. Ablyazov*, No. 1:15-CV-05345 (AJN) (KHP), 2017 U.S. Dist. LEXIS 221981, at *13-14 (S.D.N.Y. July 19, 2017). The Court's holding was in accord with another recent federal court decision, *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. MDL No. 2669, 2016 U.S. Dist. LEXIS 57619, at *18-19 (E.D. Mo. Apr. 29, 2016):

> The question of whether a party may use, for any purpose, documents and information wrongfully obtained from an opposing party in prosecuting a civil action has arisen in other contexts, such as in cases where a current or former employee of a corporate defendant has surreptitiously provided documents to counsel for the plaintiff. *U.S. ex rel. Rector v. Bon Secours Richmond Health Corp.*, No. 3:11-CV-38, 2014 U.S. Dist. LEXIS 1031, 2014 WL 66714, at *6 (E.D. Va. Jan. 6, 2014) (citing cases). In such cases, courts have precluded use of documents and information obtained outside the normal discovery process. For example, in *Shell Oil [Refinery]*, 143 F.R.D. 105 [(E.D. La. 1992)], the plaintiffs' attorney surreptitiously obtained proprietary Shell documents from a disaffected Shell employee. The defendant moved for a protective order to prevent the plaintiffs from using the documents. Finding that the plaintiffs' attorney's receipt of the documents was "inappropriate and contrary to fair play," the court observed that plaintiffs "effectively circumvented the discovery process and prevented Shell from being able to argue against production." *Id.* at 108. The court in *Shell Oil* precluded the plaintiffs' use of the documents obtained from the Shell employee source or the information contained therein. *Id.* at 109.

We are not here taking a position as to what remedy, if any, is appropriate. But information literally procured from a witness in violation of contractual obligations of secrecy equates to hacked information, and implicates the same principles of fair play and deterrence. BTA's argument that claims relating to this breach are limited to Mr. Sater cannot be right—a party who knowingly pays another to breach a confidentiality obligation is liable for tortious interference with contract. *See, e.g., Nostrum Pharm., LLC v. Dixit,* No. 13-cv-8718 (CM), 2016 U.S. Dist. LEXIS 133844 (S.D.N.Y. Sep. 23, 2016); *Zeno Grp., Inc. v. Charlotte Wray*, 2008 NY Slip Op 32653(U) (Sup. Ct.).

At the moment, we are seeking the facts (time, place, participants, and substance) concerning BTA's acquisition of my client's confidential information and its knowledge of Mr. Sater's confidentiality obligations. Whether those facts (which are relevant in any event) provide grounds for further relief is a question for another day.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon
asolomon@solomoncramer.com
(m) 917.664.5575