# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

*Phone:* (212) 885-5148
*Fax:* (917) 591-7897
*Email:* dskakel@blankrome.com

November 20, 2018

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 750
New York, New York 10007

Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

    We represent Triadou SPV S.A. ("Triadou") and submit this letter in brief response to the letter filed by the City of Almaty, Kazakhstan and BTA Bank JSC (together, "Almaty/BTA") that effectively seeks yet another bite at the parties' dispute relating to discovery from Litco. (ECF 888). Almaty/BTA's latest letter raises old proposals that are covered in the parties' existing briefing, and other items that easily could have been raised at the November 14, 2018 case management conference, but were not. Almaty/BTA's "proposal" also will not enhance judicial economy—rather, it increases the likelihood that the parties will engage in additional, unnecessary motion practice, and further delay the completion of the parties' remaining fact discovery items.

    First, Almaty/BTA's proposed "path forward" suggests only two alternatives for dealing with the Litco Agreement: entering an order under Federal Rule of Evidence 502(d) or finding that defendants have substantial need for the document sufficient to overcome work product protection. *See id.* at 1. Neither is acceptable where the underlying document is not protected work product, as we noted in Triadou's briefing and at the November 14 case management conference. Indeed, both Triadou and the Khrapunovs urged the Court at the November 14 conference to decide the threshold issue of whether the Litco Agreement is work product (it is not). To adopt Almaty/BTA's proposal would permit them to sidestep their burden to establish work product protection, which they have not carried.[1]

    Second, Almaty/BTA suggest that the Court should order Triadou and the Khrapunovs to prepare and serve formal discovery requests, after which Almaty/BTA would issue formal objections and responses. (*Id.* at 1-2). Almaty/BTA suggest this "do-over" despite the lengthy discussion the Court had with counsel for Triadou and then counsel for the Khrapunovs at the case management conference, questioning in great detail the nature of the documents each of them have moved to compel. This is not a moving target—it is on record in connection with the pending motion to compel. Almaty/BTA's proposal would not enhance judicial economy, but instead

---

[1] Whatever their claim of protection regarding the Litco Agreement, Almaty/BTA have not carried their burden to show any applies.

BLANKROME

The Honorable Katharine H. Parker
November 20, 2018
Page 2

would create unnecessary delay—delay associated with preparing and serving new discovery requests, issuing formal objections, meeting and conferring on any disputes, and then repetitive motions practice to resolve disputes that are already before the Court.  Neither the parties nor the Court need to go through this exercise a second time.[2]

Finally, Almaty/BTA's apparent concern regarding the proportionality requirements of the Federal Rules of Civil Procedure is unfounded.  Putting aside Almaty/BTA's failure to even identify what proportionality issues are present here, they also could have raised these "concerns" in earlier briefing or at the November 14 conference.  In any event, given their existing privilege log and the already-filed motions on this topic, there is no question that Almaty/BTA know exactly what documents Triadou has moved to compel, and that there is little burden associated with producing them.[3]

Triadou therefore respectfully requests that the Court reject Almaty/BTA's effort to delay further the resolution of the Litco dispute and pending motions to compel.

Respectfully submitted,

*s/ Deborah A. Skakel*
Deborah A. Skakel

---

[2] Almaty/BTA's offer to prepare "an itemized, rather than categorical" privilege log is effectively an admission that their existing categorical log is insufficient (a point Triadou has already raised with them).  Further, Almaty/BTA have known for more than two months of Triadou's requests for Litco-related documents, and thus had ample time to prepare an itemized log already (and should have done so).

[3] Almaty/BTA's letter is also a picture-perfect example of why Triadou has objected to an omnibus briefing structure for Almaty/BTA's contemplated spoliation motion.  In their letter, Almaty/BTA assert that "***defendants'*** pending motions to compel . . . have been a consistently moving target," and that Almaty/BTA lack "clarity on what [documents] ***defendants*** are seeking," (*id.* at 1 (emphasis added)), but they cite only to letters filed by the Khrapunov defendants in support of their position (*id.* (citing ECF 837 & 887)).  The reason for that is obvious—Triadou has not presented a moving target.  Almaty/BTA appear to be constitutionally incapable of treating the defendants as separate parties.