# BLANKROME

The Chrysler Building
405 Lexington Avenue │New York, NY 10174-0208
blankrome.com

Phone:  (212) 885-5148
Fax:    (917) 591-7897
Email:  dskakel@blankrome.com

November 28, 2018

**VIA ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 750
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
      **No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

We represent Triadou SPV S.A. ("Triadou") and submit this letter pursuant to the Court's instruction to Triadou during the November 14, 2018 case management conference to memorialize its oral request to preclude the City of Almaty, Kazakhstan and BTA Bank JSC (together, "Almaty/BTA") from conducting the deposition of non-party Leila Khrapunova. (Ex. 1 at 77:25-78:22 (Nov. 14, 2018) (requiring Triadou to submit a letter stating its position by November 28 and requiring Almaty/BTA to submit a response by December 5, 2018)). As stated during the November 14 conference, Triadou's position was that because the Court set October 31, 2018 as the outside date for Ms. Khrapunova's deposition, because that deposition did not occur, and because Almaty/BTA failed to diligently pursue the scheduling of that deposition, their opportunity to depose Ms. Khrapunova should be deemed forfeited. After setting that briefing schedule at the November 14 conference, the Court issued an order finding that "Plaintiffs failed to depose Ms. Leila Khrapunova within the discovery deadline set by this Court. Absent a showing of good cause and need, her deposition has been forfeited." (Nov. 26, 2018 Order, at 23). Based on that Order, Triadou understands that the Court has accepted Triadou's position based on timing, and that the sole issue outstanding is whether Almaty/BTA can show good cause and need to depose Ms. Khrapunova. Given their failure to diligently pursue her deposition, Almaty/BTA cannot show either.[1]

**Relevant Background**. On May 7, 2018 (almost 7 months ago), Almaty/BTA moved to extend fact discovery for a fifth time (ECF 639, 640) for the professed purpose of, among other things, taking Leila Khrapunova's deposition. Triadou opposed this due to Almaty/BTA's failure to timely seek her deposition, which could be obtained only via a Hague Request. (ECF 640 at 2).

---

[1] While Triadou understood the Court's holding in its November 26 Order pertaining to Ms. Khrapunova's deposition, Triadou was uncertain as to whether a letter under the November 14 directive was still required. Triadou therefore submits this letter out of an abundance of caution, though we note that where the Court has required a showing of good cause and need—a showing Almaty/BTA must make—it is difficult for Triadou to preemptively respond to those arguments.

The Honorable Katharine H. Parker
November 28, 2018
Page 2

In extending discovery, this Court agreed with Triadou that Almaty/BTA should have pursued Ms. Khrapuonva's deposition earlier "given that she is located in Switzerland, such that Hague Convention procedures must be followed to obtain her testimony." (ECF 649 at 5). Nonetheless, the Court granted Almaty/BTA permission to depose Ms. Khrapunova "so long as [her deposition] is conducted by October 31, 2018." (*Id.* at 5-6).

Four months ago, Almaty/BTA again raised Ms. Khrapunova's deposition during the parties' case management conference with the Court on July 23. Almaty/BTA represented that they were preparing written questions for Ms. Khrapunova pursuant to her Swiss counsel's request. In response, Triadou noted that it should be given the chance to review those questions and assert objections or interpose additional questions, a position with which the Court agreed. (Ex. 2 at 44:10-45:8 (July 23, 2018)). Triadou received Almaty/BTA's proposed questions on August 7, and as required by Federal Rule of Civil Procedure 31, Triadou served its objections and questions on August 19.

Then, at the September 14 case management conference, counsel for Almaty/BTA acknowledged the parties' disputes regarding the proposed Khrapunova deposition questions, and represented that the parties could confer "in the next week" to resolve their disputes. (Ex. 3 at 14:12-24 (Sept. 14, 2018)). But Almaty/BTA did not seek a meet-and-confer that week, or at any point thereafter. Instead, at the November 14 conference with the Court, Almaty/BTA raised Ms. Khrapunova's deposition for the first time in several weeks as an outstanding discovery item. (Ex. 1 at 6:2-7:6 (Nov. 14, 2018)). Counsel for Triadou then objected, explained that Almaty/BTA failed to depose Ms. Khrapunova by the October 31 court-ordered deadline and did not pursue her deposition with the requisite diligence, and asked the Court to deem Ms. Khrapunova's deposition forfeited. (*Id.* at 17:13-18:9). The Court subsequently ordered a letter-briefing schedule, as described above.

**Argument**. There is no dispute that Almaty/BTA failed to depose Ms. Khrapunova by the October 31, 2018 deadline mandated in the Court's May 2018 Order. (Nov. 26 Order, at 23). Thus, Almaty/BTA may not depose Ms. Khrapunova "[a]bsent a showing of good cause and need." (*Id.*). Given their dilatory approach to scheduling her deposition, Almaty/BTA cannot make this showing.

First, Almaty/BTA cannot show good cause because they had the opportunity to finalize proposed questions for Ms. Khrapunova in August 2018, but failed to follow up with defendants regarding objections. This failure is particularly glaring where Almaty/BTA's counsel represented to the Court that they would be able to confer with defendants' counsel within a week of the September 14 case management conference to resolve the parties' disputes regarding those proposed questions, but where Almaty/BTA made no effort to schedule such a conference.[2]

---

[2] Notably, counsel for Almaty/BTA also represented at the September 14 conference that if the parties were unable to resolve their disputes, that they would "promptly" bring any such issues to the Court. (Ex. 3 at 14:20-24 (Sept. 14, 2018)). More than two months later, Almaty/BTA still are not in a position to bring any such disputes to the Court.

**BLANKROME**

The Honorable Katharine H. Parker
November 28, 2018
Page 3

  Second, Almaty/BTA cannot show need.  During the November 14 conference, counsel for Almaty/BTA stated, "Your Honor may recall that through her Swiss counsel and through her counsel in proceedings in California, she had raised a number of objections to the scope of the questioning here as being duplicative or overlapping of the questionings there in California."  (Ex. 1 at 6:7-11 (Nov. 14, 2018)).[3]  The apparently duplicative nature of the questioning directed to Ms. Khrapunova only confirms that Almaty/BTA were (and are) seeking her deposition in this case to obtain discovery regarding their other actions. Almaty/BTA's interest in obtaining discovery for other actions is not a sufficient basis to permit Ms. Khrapunova's deposition here.

  Finally, to the extent Almaty/BTA intend to argue that allowing Ms. Khrapunova's deposition would not prejudice defendants, this argument should be rejected.  As noted above, the parties still must confer regarding their objections and the proposed questions.  These disputes may well lead to costly and unnecessary motions practice.  And even if the parties can resolve their disputes without motions practice, Ms. Khrapunova's deposition may require foreign travel to, at the very least, observe the conduct of the deposition.

  Accordingly, Almaty/BTA cannot show good cause or the need to depose Ms. Khrapunova in this action, and the deposition should remain forfeited.

                Respectfully submitted,

                *s/ Deborah A. Skakel*
                Deborah A. Skakel

---

[3] It seems unlikely that the Court would recall the objections raised by Ms. Khrapunova's Swiss counsel, as not even Triadou was informed of these objections, and we can find nothing submitted to the Court by Almaty/BTA providing that information.