

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

December 5, 2018

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,*
             **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Parker:

      We represent plaintiffs City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") and write in response to defendant Triadou SPV S.A.'s letter of November 28, 2018, regarding the Kazakh Entities' efforts to depose non-party Leila Khrapunova in Switzerland pursuant to the Hague Convention.

      Triadou's accusations of bad faith and gamesmanship are unwarranted. The Kazakh Entities' interest in deposing Khrapunova is entirely defensive: the Kazakh Entities' overarching concern is that the defendants – each of whom identified Khrapunova on their initial disclosures – will seek to call Khrapunova at trial, when the Kazakh Entities have not had a fair opportunity to depose her beforehand, despite having diligently pursued Khrapunova's deposition in the face of significant obstacles interposed by Swiss law and Krapunova herself.  In these circumstances, good cause exists to permit the Kazakh Entities to secure her testimony.  In the alternative, if the Court is inclined to preclude a deposition of Khrapunova, then it should also preclude the defendants from calling her as a witness at trial:  she should be unavailable to all parties.  An order barring any party from offering testimony of Khrapunova at trial would ensure that the Kazakh Entities are not ambushed at trial, while closing out one of the few remaining deposition discovery disputes in this action.  If, however, the defendants persist in seeking to potentially call Khrapunova as a trial witness, then in fairness the Kazakh Entities should be permitted to take her deposition.

### Background

      In January of 2018, the Kazakh Entities took the depositions of defendants Viktor and Ilyas Khrapunov in Switzerland, pursuant to the Hague Convention. During their depositions, both Khrapunov defendants referred numerous questions about their substantial wealth to Khrapunova – Viktor's wife[1] and Ilyas's mother – generally denying knowledge of where their money came from, while claiming that Khrapunova paid all of their expenses.[2]  Viktor also denied knowledge of any of

---

[1]    Viktor testified that he and Khrapunova are technically divorced – for legal strategic reasons that Viktor was unwilling or unable to fully articulate – but that they continue to live together and otherwise be a part of a family as before.  Indeed, Viktor referred to Khrapunova as his "spouse" throughout his testimony.

[2]    The Khrapunovs have continued to point the finger to Ms. Khrapunova whenever their wealth has been at issue in this case, even after their depositions ended. After this Court sanctioned

the lands deals in which he was involved as mayor of Almaty, referring all such questions to Khrapunova.

In light of this testimony, and the fact that all defendants identified Khrapunova in their Rule 26 initial disclosures [*see* Exs. A (Ablyazov), B (Khrapunovs), C (Triadou)], the Kazakh Entities indicated their intention to obtain Khrapunova's testimony pursuant to the Hague convention. Because Khrapunova resides in Switzerland, under the relevant local law, the Kazakh Entities were obligated to obtain her consent to both the form and substance of any deposition pursuant to the Hague Convention. And because she is not a party, this Court had no ability to compel her to cooperate in the taking of her deposition, as Your Honor did with the other individual defendants. In effect, Khrapunova had a veto right over whether, when, and how her deposition would occur.

The Kazakh Entities proposed to obtain Khrapunova's testimony using the same commissioner process the parties had used for the depositions of Ilyas and Viktor Khrapunov. Khrapunova (represented by the same counsel as Viktor) refused to consent to this process. After extended negotiation, Khrapunova indicated that she might consent to be questioned by a Swiss magistrate, but that the Kazakh Entities would first have obtain her prior consent to all questions they wished the magistrate to ask of her. Having no alternative, the Kazakh Entities began the extended process of preparing a Hague Request which would enumerate not only all topics for Khrapunova's testimony, but stating each and every question which the Kazakh Entities wished a Swiss magistrate to put to her, and then a series of objections by both Khrapunova and the defendants.

At the same time the parties here were negotiating the Hague Request, Khrapunova was also a defendant in a separate lawsuit in the Central District of California brought by the City of Almaty (but to which BTA Bank is not a party). Shortly after indicating her possible consent to a deposition in this action on pre-approved questions, Khrapunova's counsel in the California action took the position that any topics addressed in the Kazakh Entities' deposition of her in this case would then be off-limits in any deposition in the California case. *See, e.g.*, Ex D, at 3 (email from L. Kollios, counsel to Khrapunova stating that "[f]or Viktor and Leila . . . the topics and questions must be limited to topics/questions not covered in their first depositions from SDNY"); *id.* at 2 ("For Leila, we do not agree that you can repeat areas covered in her SDNY deposition . . ."). The Kazakh Entities were reasonably concerned that Khrapunova would provide evasive or misleading answers in this action – where she would know all the questions in advance, and where the Kazakh Entities would be unable to follow-up on her answers or confront her with inconsistencies – and then refuse to be deposed on what she considered to be the same topics in the California action, in which she is a party and therefore would have presumably have had to submit to a more traditional deposition format. As such, the Kazakh Entities' attempts to negotiate topics for Khrapunova's possible deposition necessarily proceeded slowly and contentiously on two fronts – both here and between counsel in California.

On September 27, 2018, Almaty's RICO claims in the California action were dismissed for lack of a "domestic injury" pursuant to the Supreme Court's decision in *RJR Nabisco, Inc. vs. European Community*, 136 S. Ct. 2090 (2016). When the Kazakh Entities requested clarification

---

the Khrapunovs for leaking confidential information and ordered them to disclose their assets, each of the Khrapunov defendants served sworn statements claiming that substantially all of their wealth came from Ms. Khrapunova and that she paid for their living expenses and legal fees. [ECF No. 771, Exs. 2, 8.]

Case 1:15-cv-05345-AJN-KHP   Document 904   Filed 12/05/18   Page 3 of 4

Page 3

from Khrapunova on her position in light of the dismissal, her Swiss counsel claimed to have no knowledge of the positions and objections taken by her California counsel regarding her deposition.

### The Court Should Permit Khrapunova's Deposition, Or In The Alternative, Preclude Any Party From Calling Her

Contrary to Triadou's accusations, the Kazakh Entities are not seeking to use discovery from Khrapunova here to benefit them in any other action. *See, e.g.*, Triadou Ltr. at 3. The sole reason the Kazakh Entities have sought to depose Khrapunova in this action is because both Khrapunov defendants have held her up as the explanation for their enormous and inexplicable wealth, because Viktor Khrapunov referred all questions about his fraudulent land transactions as mayor of Almaty to his wife, and because all defendants – including Triadou and Ablyazov – have identified Khrapunova in their Rule 26 disclosures as a witness they may call at trial in their defense. In light of the Khrapunovs' practice of pointing to Khrapunova in response to hard questions about their ill-defined wealth and underlying crimes, and the defendants' apparent intent to call Khrapunova at trial, the Kazakh Entities logically and reasonably wished to ensure she was deposed before testifying at trial. Indeed, this is why the Kazakh Entities only sought Khrapunova's deposition *after* the Khrapunov defendants' depositions.

The Kazakh Entities are not seeking to unfairly burden a nonparty or to extend discovery unnecessarily. Discovery is nearing its end, and the record is well developed for trial. At the same time, however, permitting the defendants at trial to call Khrapunova – whom they say is the source of their wealth and pays for their expenses and legal fees, and who alone has any knowledge of Viktor's actions as mayor of Almaty – would be highly prejudicial. The Kazakh Entities worked diligently to obtain her consent, working through a process that required her approval of each and every proposed question in advance, even as Khrapunova sought to use this process to frustrate discovery in parallel litigation.  With her effective veto right in hand, Khrapunova was able to filibuster until the Court's deadline to take her deposition passed.  In these circumstances, especially given the defendants' stated intention to potentially call her as a witness, the Kazakh Entities respectfully submit that they have demonstrated good cause to take her deposition.

In the alternative, the Kazakh Entities request an order precluding any defendant from calling Khrapunova as a witness.  The Kazakh Entities presume that the defendants do not oppose such an order, as they are now seeking to preclude Khrapunova's deposition. Such an order would obviate the Kazakh Entities' need to take Khrapunova's testimony, would prevent any party from being prejudiced at trial, and would close out the final anticipated deposition in this action.  If, however, the defendants persist in wanting to call Khrapunova at trial, the Kazakh Entities submit that that fact alone will constitute good cause to permit her deposition.

Thank you for your consideration.

                                                     Respectfully,

                                                     /s/ Matthew L. Schwartz
                                                    Matthew L. Schwartz