UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC<br><br>Plaintiffs,<br><br>v.<br><br>MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV, VIKTOR KHRAPUNOV and TRIADOU SPV S.A.,<br><br>Defendants. | No. 15-cv-05345 (AJN) (KHP) |

## DECLARATION OF MATTHEW L. SCHWARTZ

MATTHEW L. SCHWARTZ, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1. I am a Partner in the law firm of Boies Schiller Flexner ("BSF"), counsel for Plaintiffs BTA Bank and the City of Almaty, Kazakhstan (the "Kazakh Entities") in the above-referenced action. I make this declaration in support of the Kazakh Entities' motion for discovery sanctions against defendants Mukhtar Ablyazov, Viktor Khrapunov, Ilyas Khrapunov, and Triadou SPV S.A.

2. The Kazakh Entities have moved to compel discovery from the defendants on nine occasions in this action and have sought protective orders three times. The efforts the Kazakh Entities have gone to in order to obtain discovery in this action are detailed below.

    a. On April 19, 2017, the Kazakh Entities moved to compel the deposition of Ilyas Khrapunov. [ECF No. 303.]

1

b. On April 28, 2017, the Kazakh Entities moved to compel Triadou to produce two witnesses for depositions, Marc Gillieron and Petr Krasnov. [ECF No. 317.]

c. After the Court granted the Kazakh Entities' motion to compel Gillieron's deposition [ECF No. 330], Triadou moved for reconsideration of that order, admitting for the first time that Gillieron had resigned from his position at SDG while under subpoena. [ECF Nos. 334, 336]. Plaintiffs were forced to oppose reconsideration, which the Court denied [ECF No. 398], noting that "the Court [was] troubled by the timing of Gillieron's resignation" and that "Gillieron tendered his resignation on May 30, 2017, after his deposition was noticed on March 20, 2017 and after the motion to compel his deposition was fully briefed on April 26, 2017" and the possible fact that Traidou failed to inform Gillieron about the noticed deposition suggested a "tactical decision by Triadou to hinder discovery . . . ." [ECF No. 398 at 6-7.]

d. On July 19, 2017, the Kazakh Entities were forced to cross-move for a protective order barring the use of documents stolen by computer hackers. [ECF No. 356.] The Khrapunovs had produced these hacked documents less than 24 hours before the Rule 30(b)(6) deposition of BTA Bank's corporate witness. The Khrapunovs' attempted to use these documents stolen from Republic of Kazakhstan officials and their legal counsel during the deposition, as described in detail in the Kazakh Entities' motion for a protective order. [*Id.* at 1-3.] That motion for a protective order was granted on July 28, 2017. [ECF No. 369.]

e. The Khrapunovs then sought reconsideration of the Court's decision on the hacked documents [ECF No. 389], which the Kazakh Entities were forced to

    oppose. [ECF No. 396]. The court denied the Khrapunovs' motion for reconsideration. [ECF No. 418].

f. On August 29, 2017, the Kazakh Entities filed their first of two motions to compel against Mukhtar Ablyazov seeking his deposition and his responses to the Kazakh Entities' first set of interrogatories. [ECF No. 399.]

g. On September 21, 2017, the Kazakh Entities filed a motion to compel against Triadou and Ilyas Khrapunov for documents contained in Triadou's corporate email accounts and email accounts used by Ilyas Khrapunov related to the investment at issue here. [ECF No. 419.] This motion became necessary after Triadou admitted that its parent company, SDG, deleted all of Ilyas's internal email accounts in mid-2014. [*Id.* at 1.] In addition, Triadou failed to search identified email accounts used to conduct Triadou's business. [*Id.* at 2.]

h. On October 6, 2017, the Kazakh Entities filed an emergency motion for a protective order related to the Khrapunovs' improper motivation behind the deposition of Kenes Rakishev, the Chairman of the Board of Directors of BTA Bank. [ECF No. 435.] Specifically, in the days before Rakishev's scheduled deposition, the Kazakh Entities learned that the Khrapunovs were posting on social media about their intention to use the deposition as an opportunity to embarrass Rakishev, including telling their followers to "Stock up on popcorn, dear friends!" [*Id.* at 2.] The protective order relating to Rakishev's deposition was granted on October 10, 2017. [ECF No. 439.]

i. The Khrapunovs' posts about Rakishev's deposition and the Court's subsequent protective order came after the Khrapunovs noticed the deposition of Karim

    Masimov – the former Prime Minster of Kazakhstan – even though they had no basis for thinking that they could secure his deposition by notice. [*Id.*] The Kazakh Entities immediately commenced a meet and confer with the Khrapunovs over Masimov's deposition notice and threatened to file a motion for sanctions if the Khrapunovs proceeded with the deposition. After the noticed deposition day came and went, the Khrapunovs made no effort to compel Masimov's deposition. [*Id.*]

j. On December 12, 2017, the Kazakh Entities filed a motion to compel against Triadou and Ilyas Khrapunov seeking documents relating to Marc Gillieron, whom the Court had previously ordered to appear for a deposition in this action. [ECF No. 494.] Triadou had refused to produce Gillieron's documents, claiming that he used an outside email address to conduct his business as a director of the company. That motion was granted in part and denied in part on January 16, 2018. [ECF No. 536 at 2-3.]

k. On January 12, 2018, the Kazakh Entities filed a motion to compel against Ilyas and Viktor Khrapunov to produce archives from which they claimed to have produced the above-mentioned hacked documents, so as to identify all of the hacked documents they had produced. [ECF No. 530.]. The Khrapunovs had asserted attorney-client privilege over these archives, an assertion the court overruled, and the motion was granted on January 24, 2018. [ECF No. 541.]

l. On October 30, 2018, the Kazakh Entities were forced to move for an evidentiary hearing and sanctions after Ilyas Khrapunov leaked the confidential deposition transcript of Kenes Rakishev in this action. [ECF No. 453]. The Court held an

evidentiary hearing on November 17, 2017, and on March 5, 2018, the Court sanctioned Ilyas Khrapunov for leaking a confidential deposition transcript, and the Court granted the Kazakh Entities fees and costs. [ECF No. 564, 628].

m. On January 2, 2018, the Kazakh Entitles were forced to move to strike new evidence that the Khrapunovs had offered after the November 17, 2017 evidentiary hearing in opposition to the motion for sanctions, including a declaration from an undisclosed expert witness. [ECF No. 511]. The Court granted the motion to strike on March 5, 2018. [ECF No. 564].

n. On April 18, 2018, the Kazakh Entities were forced to file another motion to compel against the Khrapunovs relating to the "Kazaword" hacked documents. [ECF No. 616.] This motion to compel was necessary because, as explained in the Kazakh Entities' letter-motion, certain of the documents the Khrapunovs represented to be obtained from Kazaword were not present in the collection of Kazaword documents produced by the Khrapunovs in response to the Court's previous Kazaword order. [*Id.* at 2.] The Khrapunovs were ordered to produce all documents that they originally claimed had come from Kazaword but which had in fact been obtained from other sources, and all other documents obtained from those sources. [ECF No. 748.]

o. On July 5, 2018, the Kazakh Entities filed a motion to compel against Viktor Khrapunov seeking certain unproduced documents, a sworn statement affirming that Viktor had collected documents from his devices and accounts, and the production of a privilege log. [ECF No. 768.] This motion followed Viktor's years-long failure to produce documents or participate in discovery and admission

in his deposition that he had not collected or reviewed any documents as of January 2018. [*Id.* at 6.] The Kazakh Entities' motion was granted in part on July 23, 2018. [ECF No. 800.]

p. On August 1, 2018, the Kazakh Entities filed their second motion to compel against Mukhtar Ablyazov seeking his cooperation in scheduling his deposition and his production of documents. [ECF No. 811.] Ablyazov had refused to provide his consent to be deposed in France until after the Kazakh Entities' first motion to compel. [*Id.* at 1.] Even after agreeing to be deposed in France, Ablyazov obstructed the Kazakh Entities' efforts to communicate with the French tribunal to schedule his deposition, necessitating the second motion to compel. [*Id.* at 2.] Further, Ablyazov had failed to produce any documents in his possession in response to the Kazakh Entities' document requests. [*Id.* at 3.] This motion was granted on August 10, 2018. [ECF No. 813.]

q. Most recently, on December 31, 2018, the Kazakh Entities filed a letter-motion seeking a protective order regarding untimely fact discovery subpoenas served on third parties by Triadou. [ECF No. 910.]

3. Separate from forcing the Kazakh Entities to move to compel and for protective orders on many occasions, the defendants' conduct has delayed discovery in ways not detailed in the above motions practice.

a. The Khrapunovs had not collected any of their email accounts for production in this action, including those specifically identified in the Kazakh Entities' document requests, as of the November 17, 2017 evidentiary hearing on

6

sanctions, which the Khrapunovs then-counsel admitted under questioning. 11/17/17 Hr'g Tr. at 48:13-21, 64:24 65:24, 67:15-2.

b. As of the date of his deposition, January 31, 2018, Viktor Khrapunov had not been asked to collect any of his documents of e-mail accounts. *See* V. Khrapunov Dep. Tr., Day 2, 122:18-123:1.

c. Ilyas Khrapunov's interrogatory responses failed to disclose numerous email accounts that third-party discovery revealed that he used: "theuraniumguy@gmail.com," "thenickelguy@gmail.com" "oilman2030@hotmail.com, and "jabba@cryptoheaven.com." Ilyas's failure to disclose these accounts frustrated the Kazakh Entities' efforts to obtain discovery from Ilyas and others.

d. Ilyas's Rule 26 disclosures failed to disclose Frank Monstrey and listed Gennady Petelin's address as "unknown." Both Viktor and Ilyas Khrapunov testified in their depositions to knowing for years that Petelin was living in California. Their failure to truthfully disclose Petelin's location led the Kazakh Entities to spend considerable time and effort searching for Petelin, including by retaining third parties to ascertain their location so they could be served.

e. The Khrapunovs made numerous, unwarranted assertions of privilege in order to withhold non-privileged documents, which they only produced under threat of motion to compel. As explained in a letter to the Hon. Katharine H. Parker on June 1, 2018, on April 4, 2018 Ilyas Khrapunov unwittingly replied-all to an email he was blind-copied on by Gennady Petelin's counsel. [ECF No. 703.] The inadvertent reply-all revealed that Ilyas had been receiving sealed filings in the

      miscellaneous subpoena proceeding in California, to which Ilyas was not a party, at the same time that Petelin was representing that he was entirely separate from the Khrapunovs. [*Id.* at 2.] The Kazakh Entities were then forced to threaten and to prepare a motion to compel production of communications between Khrapunov and Petelin and his counsel, which had not been previously produced despite being responsive to the Kazakh Entitles' discovery requests. The Khrapunovs offered no explanation for failing to produce these documents before they were threatened with motion practice.

   f. Ilyas failed to produce documents relating to his dealings with Frank Monstrey, and the Kazakh Entities were forced to locate Monstrey and obtain documents from him.

   g. The Kazakh Entities noticed Ablyazov's deposition at the end of 2016, but he refused to be deposed in the United States or London because he was subject to an INTERPOL red notice (which was subsequently lifted), notwithstanding the fact that Kazakhstan does not have an extradition treaty with the United States. Instead, Ablyazov would only agree to be deposed in France pursuant to the Hague Convention.

4. Attached hereto are true and correct copies of the following documents:

   a. Exhibit 1 is a copy of excerpts of the deposition of Cesare Cerrito, conducted on March 9, 2017.

   b. Exhibit 2 is a copy of excerpts of the deposition of Nicolas Bourg, conducted on September 11, 2017.

c. Exhibit 3 is a copy of excerpts of the deposition of Philippe Glatz, conducted on September 27, 2017.

d. Exhibit 4 is a copy of excerpts of the deposition of Elena Petelina, conducted on December 18, 2017.

e. Exhibit 5 is a copy of excerpts of the deposition of Viktor Khrapunov, conducted on January 30 and 31, 2018.

f. Exhibit 6 is a copy of excerpts of the deposition of Ilyas Khrapunov, conducted on February 1 and 2, 2018.

g. Exhibit 7 is a copy of excerpts of the deposition of Frank Monstrey, conducted on July 17, 2018.

h. Exhibit 8 is a copy of excerpts of the deposition of Gennady Petelin, conducted on August 21, 2018.

i. Exhibit 9 is a copy of excerpts of the deposition of Felix Sater, conducted on September 13, 2018.

j. Exhibit 10 is a copy of excerpts of the deposition of Mukhtar Ablyazov, conducted on October 30 and 31, 2018.

k. Exhibit 11 is a copy of excerpts of the transcript from a hearing held before Hon. Alison J. Nathan, on May 15, 2016.

l. Exhibit 12 is a copy of excerpts of the transcript from a hearing before Hon. Katharine H. Parker, on October 4, 2017.

m. Exhibit 13 is a copy of excerpts of the transcript from a hearing before Hon. Katharine H. Parker, on November 17, 2017.

n. Exhibit 14 is a copy of excerpts of the transcript from a hearing before Hon. Katharine H. Parker, on February 12, 2018

o. Exhibit 15 is a copy of excerpts of the transcript from a hearing before Hon. Katharine H. Parker, on July 23, 2018

p. Exhibit 16 is a copy of excerpts of the transcript from a hearing before Hon. Katharine H. Parker, on November 14, 2018.

q. Exhibit 17 is a copy of excerpts of a document previously produced in this action by Frank Monstrey, identified as FM 01 in the deposition of Frank Monstrey.

r. Exhibit 18 is a copy of ECF No. 143-09.

s. Exhibit 19 is a copy of ECF No. 143-10.

t. Exhibit 20 is a copy of ECF No. 882-01.

u. Exhibit 21 is a copy of an entry in the Federal Register dated July 22, 2014, titled "Notice of Finding That FBME Bank Ltd., Formerly Known as Federal Bank of the Middle East, Ltd., Is a Financial Institution of Primary Money Laundering Concern."

v. Exhibit 22 is a copy of document previously produced in this action and identified at depositions in this action as PX 199.

w. Exhibit 23 is a copy of a document previously produced in this action, Bates stamped TRIA0011420.

x. Exhibit 24 is a copy of a document previously produced in this action, Bates stamped TRIA0008981.

y. Exhibit 25 is a copy of a document previously produced in this action and identified at depositions in this action as PX 29.

z. Exhibit 26 is a copy of a document previously produced in this action and identified at depositions in this action as PX 145.

aa. Exhibit 27 is a copy of a document previously produced in this action and identified at depositions in this action as PX 81.

bb. Exhibit 28 is a copy of ECF No. 419-04.

cc. Exhibit 29 is a copy of ECF No. 419-05.

dd. Exhibit 30 is a copy of ECF No. 431-04.

ee. Exhibit 31 is a copy of Triadou's responses and objections to the Kazakh Entities' Second Set of Interrogatories, dated April 24, 2017.

ff. Exhibit 32 is a copy of a document previously produced in this action, Bates stamped Almaty-BTA00221575.

gg. Exhibit 33 is a copy of a document previously filed in this action as ECF No. 142, and identified in depositions in this action as Bourg 09.

hh. Exhibit 34 is a copy of a filing in a related state-court action.

ii. Exhibit 35 is a copy of ECF No. 482-16.

jj. Exhibit 36 is a copy of ECF No. 482-17.

kk. Exhibit 37 is a copy of a document previously produced in this action, Bates stamped Almaty-BTA0232864.

ll. Exhibit 38 is a copy of a document previously produced in this action, Bates stamped Almaty-BTA0191560.

mm. Exhibit 39 is a copy of ECF No. 419-6.

nn. Exhibit 40 is a copy of ECF No. 419-7.

oo. Exhibit 41 is a copy of a document previously produced in this action, Bates stamped MEYER0003093.

pp. Exhibit 42 is a copy of a document previously produced in this action, Bates stamped MEYER0003221.

qq. Exhibit 43 is a copy of a document previously produced in this action and identified in depositions in this action as PX 190.

rr. Exhibit 44 is a copy of a document previously produced in this action and identified in depositions in this action as PX 191.

ss. Exhibit 45 is a copy of a document previously produced in this action and identified in depositions in this action as PX 192.

tt. Exhibit 46 is a copy of a document previously produced in this action and identified in depositions in this action as PX 193.

uu. Exhibit 47 is a copy of a document previously produced in this action and identified in depositions in this action as PX 194.

vv. Exhibit 48 is a copy of a document previously produced in this action and identified in depositions in this action as PX 67.

ww. Exhibit 49 is a copy of a document previously produced in this action and identified in depositions in this action as PX 189.

xx. Exhibit 50 is a copy of a document previously produced in this action, Bates stamped Almaty-BTA0243659.

yy. Exhibit 51 is a copy of a document previously produced in this action, Bates stamped Almaty-BTA0243661.

zz. Exhibit 52 is a copy of the Kazakh Entities' fourth request for the production of documents to Ilyas Khrapunov, dated August 14, 2017.

aaa. Exhibit 53 is a copy of the Kazakh Entities' third request for the production of documents to Ilyas Khrapunov, dated July 17, 2017.

bbb. Exhibit 54 is a copy of the Kazakh Entities' first request for the production of documents in this action, dated August 26, 2016.

ccc. Exhibit 55 is a copy of the Khrapunovs' Rule 26 Initial Disclosures, dated August 12, 2016.

ddd. Exhibit 56 is a copy of a privilege log produced by the Khrapunovs on December 7, 2018.

eee. Exhibit 57 is a copy of the Kazakh Entities' Second Set of Interrogatories to Defendant Mukhtar Ablyazov in this action.

fff. Exhibit 58 is a copy of a document previously produced in this action, Bates stamped Almaty-BTA0231539.

ggg. Exhibit 59 is a copy of a document previously produced in this action by Frank Monstrey.

hhh. Exhibit 60 is a copy of a document previously produced in this action and identified as FM 8 at the deposition of Frank Monstrey.

iii. Exhibit 61 is a copy of a document previously produced in this action and identified as FM 6 at the deposition of Frank Monstrey.

jjj. Exhibit 62 is a copy of a document previously produced in this action, Bates stamped Almaty-BTA0238847 and identified as PX 188 at depositions in this action.

Dated:   New York, New York
         January 8, 2019

                                             Respectfully,

                                             /s/ Matthew L. Schwartz
                                             Matthew L. Schwartz