USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

    Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

    Defendants.

**OPINION AND ORDER**

1:15-cv-05345 (KHP) (AJN)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    This action has been pending since 2015, when it was removed from the Supreme Court of New York. (Doc. No. 1.) During the pendency of this action, this Court extended the deadlines for the close of fact and expert discovery several times. On May 10, 2018, this Court ordered that fact discovery conclude on August 31, 2018, except as to specific limited categories. (Doc. Nos. 649 and 901.) The deadline for the close of expert discovery is May 15, 2019. (Doc. No. 927.)

    On December 6, 2018, Defendant Triadou SPV S.A. ("Triadou") served subpoenas on Metropolitan Valuation Services, Inc. and Miller Cicero, LLC seeking non-party valuations of one of its real estate investments at issue in this case – the Flatotel. (Doc. No. 910 Exs. A and B.) By way of background, the value of the Flatotel is pertinent to certain claims remaining in this action – the constructive and fraudulent conveyance claims. (Doc. No. 649 at 1.) Plaintiffs City of Almaty, Kazakhstan, and BTA Bank JSC (collectively the "Kazakh Entities") contend that Triadou fraudulently transferred the Flatotel to the Chetrit Group (formerly a party in this case) at an artificially deflated price in furtherance of an alleged money laundering scheme carried

out by the individual Defendants, Mukhtar Ablyazov, Viktor Khrapunov, and Ilyas Khrapunov, to hide monies stolen from Plaintiffs.[1]

In response to the subpoenas, Plaintiffs moved for a protective order pursuant to Federal Rules of Civil Procedure ("Rules") 26(c) and 37(c) barring all Defendants from using the subpoenaed documents on the grounds that fact discovery is complete and that Triadou has not shown good cause for reopening fact discovery at this point. (Doc. No. 910.) Plaintiffs request that the Court bar all Defendants from using the documents obtained through the subpoenas or, alternatively, reopen discovery to permit depositions of the subpoenaed entities.

For its part, Triadou claims that it did not anticipate needing such documents during fact discovery, but that its recently retained expert requested third-party valuations of the Flatotel to use in connection with preparation of his expert report. Triadou believes the subpoenas are appropriately part of expert discovery and not untimely. In the alternative, Triadou argues that even if deemed part of fact discovery, there is good cause for permitting the discovery and that barring use of the documents is unduly harsh and prejudicial. Triadou maintains that if its expert is not allowed to rely on the non-party valuations to prepare his report, either he will need to undertake a costly review of the Flatotel or Triadou will be forced to hire another, less expensive expert to conduct the valuation analysis. (*Id*. at 1-2.)

There are several procedural issues raised by the parties: (1) whether Plaintiffs have standing to obtain a protective order; (2) whether the subpoenas are properly characterized as

---

[1] The Court assumes the reader's knowledge of the factual background and claims in this case and does not repeat them here. For reference see Doc. No. 103 (deciding motion to dismiss and to intervene); *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776 (S.D.N.Y. 2017) (deciding motions for joinder and to dismiss (Doc. No. 423)); *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345 (AJN), 2018 WL 1583293 (S.D.N.Y. Mar. 27, 2018) (deciding motion to dismiss (Doc. No. 592)); *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345 (AJN), 2018 WL 3579100 (S.D.N.Y. July 25, 2018) (denying motion to dismiss (Doc. No. 807)).

fact or expert discovery; and (3) if the subpoenas are fact discovery, whether Triadou has shown good cause to serve the subpoenas after the close of fact discovery. Each of these issues is addressed below.

## DISCUSSION

**1. The Kazakh Entities' Request for a Protective Order**

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). In this circuit, it is well established that "[a] party ordinarily lacks standing to challenge a non-party subpoena with a motion for a protective order or to quash unless the party is seeking to protect a personal privilege or right." *Malmberg v. United States*, No. 06-cv-1042 (FJS) (GHL), 2010 WL 1186573, at *1 (N.D.N.Y. Mar. 24, 2010) (citing *Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir. 1975)) (denying personal injury plaintiff's motion for a protective order and to quash subpoenas *duces tecum* addressed to hospitals where plaintiff's expert witness, a surgeon, had performed surgeries); *see also US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-cv-6811 (CM) (JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("A party's general desire to thwart disclosure of information by a non-party is simply not an interest sufficient to create standing."). In addition, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The Kazakh Entities have not identified any personal privileges or rights that would be infringed if Triadou is permitted to obtain and use the subpoenaed valuation. Accordingly, the Kazakh Entities lack standing under Rule 26(c) to seek a protective order to prevent the discovery of the valuation documents. This Court also finds that Triadou did not violate Rule 37(c)(1) because it promptly supplemented the disclosures it made pursuant to Rule 26(a) by serving the third-party subpoenas shortly after its expert advised that he would need the valuation documents to draft the expert report. To the extent Triadou may have run afoul of Rule 37(c)(1), for the reasons explained below, such failure was substantially justified and harmless. Accordingly, the Kazakh Entities' motion for a protective order pursuant to Rules 26(c) and 37(c)(1) is denied. This does not end the inquiry, however, because Triadou has requested that the discovery schedule be modified *nunc pro tunc* to permit it to issue the subpoenas after the close of fact discovery.

2. **Whether the Subpoenas Constitute Expert Discovery**

Expert discovery is narrowly construed to include the disclosure of experts and their reports, rather than the documents that could form the basis of an expert's report in the future. *See Henry v. Quicken Loans Inc.*, No. 04-40346, 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15, 2008) ("[B]ased on the design of the Federal Rules of Civil Procedure, there is an apparent presumption that data for an expert report should be gathered during fact discovery and that the extended deadline for the expert report is provided to give the expert time to thoroughly analyze the collected data."); *Sparton Corp. v. United States*, 77 Fed. Cl. 10, 14 (2007) ("[E]xpert opinions are to be distinguished from the facts upon which they rely."). Triadou did not cite any case law to the contrary to support its proposed classification of the subpoenaed valuation

4

documents as expert discovery. Accordingly, this Court finds Triadou's argument that its third-party subpoenas were properly issued in connection with expert discovery unpersuasive. Indeed, if Triadou's assertion were to be believed, it would mean that fact discovery could continue long after the close of fact discovery, so long as such discovery were made for purposes of developing expert reports. Accordingly, Triadou has the burden of showing good cause to justify why fact discovery should be reopened.

### 3. Whether the Subpoenas Should Be Permitted

Rule 16(b) requires the trial court to issue a scheduling order as soon as practicable to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Trial courts have broad authority to oversee and set a discovery schedule as appropriate for each case. *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (recognizing broad discretion of magistrate judges in resolving discovery disputes). This broad discretion includes the setting of deadlines for both fact and expert discovery.

A court-ordered discovery schedule may be modified with the court's consent, for good cause shown. *See* Fed. R. Civ. P. 16(b)(4). Rule 16 does not set forth a definition of "good cause." However, any interpretation and application of Rule 16 must be consistent with Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action" and Rule 26's mandate to limit the extent of discovery when "the party seeking discovery has had ample opportunity to obtain the information" within the schedule set by the court. Fed. R. Civ. P. 1, 26(b)(2)(C). In the context of a motion to file an untimely amended pleading, the Second Circuit has emphasized that the primary consideration in determining good cause is whether

the moving party can demonstrate diligence. *Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229, 244 (2d Cir. 2007) (explaining that diligence is the primary but not only consideration); *see also High Point Design LLC v. Buyer's Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) ("[N]otice of the asserted claim and prejudice to the non-moving party remain factors to consider in addition to the movant's diligence.").

This consideration has also been applied in the context of motions to reopen discovery or permit certain discovery after expiration of a court-established deadline. *E.g.*, *Moroughan v. Cty. of Suffolk*, 320 F. Supp. 3d 511, 516–525 (E.D.N.Y. 2018). When determining whether to reopen discovery, courts in this circuit undertake a fact-intensive analysis and consider a wide variety of factors, including:

> (1) [W]hether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (declining to hear additional discovery on remand); *see also Moroughan*, 320 F. Supp. 3d at 526 (permitting reopening of discovery after applying six-factor test); *see generally Rubik's Brand Ltd. v. Flameau, Inc.*, No. 17-cv-6559 (PGG) (KHP), 2019 WL 257884 (S.D.N.Y. Jan. 14, 2019) (extending deadline to serve expert reports).

First, the Court notes that no trial date has been set and, thus, the additional proposed discovery will have no impact on the timing of the final resolution of this case. As to the second factor, there is no doubt that the Kazakh Entities vigorously oppose Triadou's request.

Third, the Kazakh Entities argue that they will be prejudiced if Triadou is permitted to use the subpoenaed valuation documents in this action because they will be forced to "spend time and resources obtaining full discovery of these valuations, including seeking disclosures like those under Rule 26(a)(2) and taking depositions to test whether these valuations were 'based on sufficient facts or data,' or were 'the product of reliable principles and methods' that were 'reliably applied.'" (Doc. No. 925 at 3 (quoting Fed. R. Evid. 702).) However, Plaintiffs' assertion that additional discovery will be needed is premature, as it was made before reviewing the subpoenaed documents (which have only recently been produced). It is conceivable that the documents may be helpful to Plaintiffs or are self-explanatory. Accordingly, the Court is unpersuaded by the Kazakh Entities' argument against reopening discovery for the limited purpose of permitting Triadou's expert to use the valuation documents because they will have a full and fair opportunity to attack those documents through rebuttal reports and depositions, and through motions *in limine* should this action proceed to trial.

As to the fourth factor, the Court is satisfied that Triadou exercised sufficient diligence to identify and obtain the valuation documents because it adequately explained that it did not know to seek discovery of the valuation documents until November of 2018, when its expert requested them. It also issued the subpoenas seeking discovery of those documents in early December of 2018. Thus, Triadou did not delay in seeking the discovery upon learning the need for it. While Plaintiffs are arguably correct that Triadou should have anticipated the need for the valuation reports because valuation goes to the heart of Plaintiffs' fraudulent conveyance claims, it also understands that Triadou's counsel are not real estate or valuation experts. Thus,

7

Triadou's failure to seek the valuation documents until now is attributable to its counsel's lack of knowledge, rather than lack of diligence. Triadou should not be prejudiced by virtue of its counsel's lack of knowledge.

As to the fifth factor, Triadou represented that it will not seek additional fact discovery apart from the valuation documents it has already received through the subpoenas. Plaintiffs, on the other hand, argue that they will need additional discovery if Triadou is permitted to use the subpoenaed documents. As noted above, the Court is not persuaded that depositions of the subpoenaed entities are necessary. *See supra.* Sixth, as mentioned above, the valuation documents are relevant to the Kazakh Entities' constructive and fraudulent transfer claims and Triadou's defenses because they go to the value of the Flatotel at the time Triadou sold its interest.

In addition to the six factors listed above, the Court considers the fact that the valuation documents were already produced to all parties and, thus, allowing their discovery will not further delay this action. The Court also notes that preclusion of discovery is a drastic remedy that should be used only in cases where a different remedy cannot be crafted to minimize any prejudice to the party opposing the discovery. *See, e.g., Torres v. Dematteo Salvage Co., Inc.,* No. 14-cv-774 (ADS) (AKT), 2016 WL 845326, at *6 (E.D.N.Y. Mar. 2, 2016) (reopening discovery for a limited purpose, despite defendants' delay in disclosing expert witness); *Sci. Components Corp.*, No. 03-cv-1851 (NGG) (RML), 2008 WL 4911440, at *4 (E.D.N.Y. Nov. 13, 2008) (finding that precluding expert testimony would have been unduly harsh under the circumstances); *see generally Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 525 (2018) (citing *Valentin v. Cty. of Suffolk*, 342 F. App'x 661, 662 (2d Cir. 2009) (summary order)). In light of the above, this

Court grants Triadou leave to reopen discovery for the sole and limited purpose of allowing the subpoenas *nunc pro tunc* and permitting all parties to use the valuation documents in connection with expert reports.

## CONCLUSION

For the reasons set forth above, the Kazakh Entities' motion for a protective order or, in the alternative, to reopen discovery is DENIED, and Triadou's motion seeking to reopen fact discovery is GRANTED for the sole and limited purpose of allowing the parties to use the valuation documents in this action.

SO ORDERED.

Dated: January 22, 2019
New York, New York

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge