# Exhibit 15

```
     J2Q7FLAC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   CITY OF ALMATY, et al,

 4               Plaintiffs,

 5          v.                              15 Civ. 5345 (AJN)(KHP)

 6   MUKHTAR ABLYAZOV, et al.,

 7               Defendants.

 8   ------------------------------x
                                             New York, N.Y.
 9                                           February 26, 2019
                                             12:00 p.m.
10
     Before:
11
                       HON. KATHARINE H. PARKER
12
                                             Magistrate Judge
13
                              APPEARANCES
14
     BOIES SCHILLER FLEXNER LLP
15        Attorneys for Plaintiffs City of Almaty and BTA Bank
     BY:  CRAIG WENNER
16        MATTHEW SCHWARTZ

17   BLANK ROME LLP
          Attorneys for Defendant Triadou SPV S.A.
18   BY:  ALEX HASSID
          DEBORAH SKAKEL
19        ROBYN MICHAELSON

20   SOLOMON & CRAMER LLP
          Attorneys for Defendants
21        Viktor Khrapunov and Ilyas Khrapunov
     BY:  ANDREW SOLOMON
22

23

24

25
```

J2Q7FLAC

1               So, our proposal is to let them subpoena Litco, to
2    allow us to turn over the unredacted billing records that show
3    meetings with Arcanum.  Again, we're not opposed to certain
4    limited discovery into who at Litco and Arcanum knew what and
5    when.  We would certainly object and try to protect core work
6    product about strategy and discovery into asset recovery
7    specifically.  We think we can do this limited discovery
8    subject to a ruling that we're not going to waive privilege.
9               Meanwhile, we think -- I expect the defendant to say
10   they still need to brief or have the common interest privilege
11   issue decided -- which we can proceed on and receive
12   briefing -- but this way at least we can do sanctions once at
13   the end rather than sanctions for what the Khrapunovs request,
14   Triadou gets discovery, and then sanctions again in response to
15   Triadou later.
16              THE COURT:  All right.  Thank you, Mr. Wenner.
17              I'd like to hear from Triadou and also the Khrapunovs
18   on this issue, and I am of the mind that we should try to
19   streamline this.  And I did briefly skim through the motions
20   filed by Triadou and the Khrapunovs, and I guess what I want to
21   clarify is one of the motions dealt with the two witnesses
22   recently identified by plaintiff on their Rule 26 disclosure,
23   and, as I understand what Mr. Wenner just said, is that
24   plaintiffs do not oppose their being deposed.
25              MR. WENNER:  That's correct, your Honor.  And we're

J2Q7FLAC

1   happy to try to facilitate those depositions.  I just want to
2   be clear that they are not currently employees, but we believe
3   that we can.
4              THE COURT:  Where are those two witnesses?
5              MR. WENNER:  They are in Kazakhstan, and we believe we
6   can facilitate the depositions by video conference in
7   Kazakhstan, and we would have to come back to your Honor to see
8   if it's possible for them to agree to fly here.  We don't have
9   an answer to that.
10             THE COURT:  All right.  So, let's first address that
11  issue, because maybe we can streamline some of the issues
12  raised in the defendant's motion.
13             MR. HASSID:  Sure, your Honor.  With respect to these
14  two witnesses, I won't rehash what is in the brief about why we
15  think there is an issue.
16             But just to begin, we were aiming for preclusion of
17  those witnesses because we think that runs afoul, and if
18  they're precluded, then the depositions don't need to happen.
19             Secondarily, our request for depositions wasn't we
20  should depose them.  It's we shouldn't be wasting our time or
21  plaintiff's time or anyone's time or money on such depositions
22  unless the witnesses are actually going to be called at trial.
23  So, forcing everyone to potentially even to have these
24  witnesses who when they were disclosed appeared to be current
25  BTA employees, they were listed with BTA as their address -- we

J2Q7FLAC

1           THE COURT:  OK.

2           OK.  So, that's one aspect of your motion, those two
3    witnesses.  Then the other aspect of your motion, as I glean
4    from my quick skim of it, was disclosure of certain information
5    listed on plaintiff's privilege log, on the grounds that that
6    information is not properly withheld on the basis of common
7    interest privilege.  Is that correct?

8           MR. HASSID:  That is correct.  And on that score your
9    Honor may recall from your Litco order, which was ECF 901, you
10   had indicated that it was premature to address communications
11   between Almaty and BTA, or Arcanum and Litco, because we didn't
12   have a log or identification of communications.  So, that was
13   sort of a natural outflow of getting that privilege log in
14   December.

15          To Mr. Wenner's point about whether Triadou would then
16   consider a second sanctions motion, to be frank, your Honor, I
17   don't think that's something we've considered.  I'm not saying
18   it wouldn't happen or that there might not be a motion in
19   limine down the road seeking an adverse inference of some kind,
20   but I do think that we expect that our current motion would
21   resolve the misconduct regarding the obfuscation of Litco.

22          In other words, if we win on common interest
23   privilege, I don't expect we would go back and do it again,
24   unless there was something truly egregious in there.  And we
25   don't know what we would find.

J2Q7FLAC

1    THE COURT:  And why have you not subpoenaed Litco
2    directly, as Mr. Wenner suggested you should have?
3        MR. HASSID:  Perhaps, your Honor, that was confusion
4    on our part for not doing so, but we had been arguing and
5    agreeing that fact discovery was closed and no new efforts to
6    take fact discovery could be conducted.
7        So, we perhaps should have sought leave to do it, but
8    I think we figured that in our sanctions motion there is
9    actually a request for a deposition of Litco in a 30(b)(6)
10   capacity or Arcanum if needed.  Again, we're trying to do it in
11   such a way that we're not forcing more depositions on the
12   parties if they can be avoided.
13       But, you know, on the 502 point, we said on the meet
14   and confer that we don't view it as taking a different
15   position.  The Khrapunovs had asked for reproduction of Litco
16   invoices without redactions, and had talked about doing it
17   under a 502(d) order.  Triadou took no position on that, but
18   there is certainly a difference in statements in an invoice
19   that might describe work that was performed versus the Litco
20   agreement, which is what we wouldn't accede to a 502(d) order
21   on, because that agreement we viewed as not privileged from the
22   outset.  In other words, I'm just clarifying that we don't view
23   it as taking an inconsistent position on 502.
24       THE COURT:  Right.  What I understand you to be saying
25   is that potentially invoices might contain work product that is

J2Q7FLAC

1    properly characterized as work product, whereas the agreement
2    itself you took the position was not privileged and, therefore,
3    not properly subject to a Rule 502 order.
4               MR. HASSID:  That's exactly right.
5               THE COURT:  OK, very good.
6               So, I'd like to hear from Mr. Solomon with regard
7    to -- you have a motion for sanctions also, and I would like to
8    hear from you regarding the timing of all of this and some of
9    the suggestions that plaintiffs have made regarding depositions
10   of individuals.
11              MR. SOLOMON:  So, thank you, your Honor.  I have not
12   sought any additional discovery.
13              THE COURT:  Right.
14              MR. SOLOMON:  Because my position has been for a long
15   time that discovery should be over and that we'd like to get
16   this case resolved.
17              And, you know, to that point I just would point out
18   that one of the aspects of our motion is Frank Monstray.  And,
19   you know, Einstein defines the definition of insanity as doing
20   the same thing over and over again, expecting different
21   results.  So, I have been complaining about Monstray a lot, but
22   the fact is BTA settled with Monstray in May of 2017 or the
23   beginning of June 2017.  They had him in their control for over
24   a year.  All this stuff about Trade Stock was available to them
25   during the fact discovery.  And had we gotten the materials, we

J2Q7FLAC

1    might have had a whole different fact discovery experience in
2    this case.  But now everything is being done in this sort of
3    post fact discovery, which is of great prejudice to the
4    defendants.
5            So, you know, I think that everything that should have
6    come out of Monstray, that didn't because they sat on Monstray
7    and didn't disclose him for a whole year -- just like Sater,
8    everything that should have come out from Sater and Litco that
9    they didn't disclose and their witnesses lied about -- none of
10   that stuff should be part of the case.  So, I don't need more
11   discovery; what I need is less evidence.
12           THE COURT:  You're seeking preclusion of Sater and
13   Monstray as witnesses and preclusion of these two additional
14   witnesses that were recently identified, although mentioned in
15   various documents, interrogatory responses and the like.
16           MR. SOLOMON:  Well, technically Triadou -- I didn't
17   duplicate what Triadou did, so that's Triadou's motion.
18           THE COURT:  Right.  But I think you joined in what
19   they were requesting; is that right?
20           MR. SOLOMON:  Yes.  And also sort of the fruit of the
21   poisonous Sater tree.
22           THE COURT:  Right.
23           MR. SOLOMON:  Unless your Honor has any other
24   questions, I'm not looking for more discovery; I'm looking for
25   a dismissal of my case on mootness grounds.