

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

March 28, 2019

**BY ECF**

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Honorable Alison J. Nathan
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

>       Re:    *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.*,
>              **Case No. 19 Civ. 2645 (VEC) (SN)**
>
>              *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
>              **Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judges Caproni and Nathan:

      We represent the City of Almaty, Kazakhstan and BTA Bank (the "Kazakh Entities") in the above referenced cases.  We write, pursuant to Local Civil Rule 1.6 and in response to Judge Caproni's order of last night, to bring to the attention of the Court facts relevant to a determination of whether these cases are related.  For the purpose of this letter, we will refer to the case before Judge Nathan as the "Ablyazov Case" and the case assigned to Judge Caproni as the "Sater Case."  In light of the substantial factual overlap between the two cases, as well as the significant judicial resources that have already been expended by Judge Nathan, the Kazakh Entities respectfully submit that the two cases should be deemed related.[1]

---

[1]     Judge Caproni's order also asks the Kazakh Entities to "explain[] why they neither filed a Related Case Statement pursuant to Southern District Local Business Rule 13(b)(1) nor clearly and conspicuously brought the possibility of this case's relatedness to 15-CV-5354 to the Court's attention pursuant to Local Civil Rule 1.6."  The Kazakh Entities did not file this letter simultaneously with the filing of their Complaint principally because (a) they had not finalized a view on whether the two cases are related, and (b) they had a substantial opposition brief due in the case before Judge Nathan on the same day.  The Kazakh Entities understood that they were required to file the letter "promptly" under Local Civil Rule 1.6, but not necessarily simultaneously with the filing of the Complaint.  The Kazakh Entities respectfully disagree, however, that the existence of the case before Judge Nathan was not "clearly and conspicuously" identified.  The complaint filed on Monday explicitly noted the existence of the case pending before Judge Nathan, and referred to it as a "related proceeding[]."  Complaint, at 17.

In determining whether cases are related, under Rule 13(a)(1) of the Rules for the Division of Business Among District Judges, the Court is to consider whether:

> (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

Notwithstanding those considerations, under Rule 13(a)(2), "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties[.]"

As Judge Nathan is aware, the Kazakh Entities have been seeking to recover billions of dollars stolen from them in Kazakhstan by Mukhtar Ablyazov and Viktor Khrapunov. The Kazakh Entities obtained judgments in the United Kingdom against Ablyazov and Ilyas Khrapunov – the son of Viktor Khrapunov and son-in-law of Ablyazov. Ablyazov and the Khrapunovs are defendants in the Ablyazov Case, where the Kazakh Entities are seeking to enforce their U.K. judgments and to recover on certain state law claims relating to U.S. investments used to launder a substantial part of the stolen money that is the subject of the U.K. judgments.

The Ablyazov Case had a complicated procedural background, beginning with a state court interpleader action filed by a third party concerning an investment in a New York condominium development known as the "Flatotel."  Beginning in or around 2012, a foreign shell company called "Triadou SPV S.A." invested in the Flatotel and certain other U.S. real estate projects. Triadou is a company controlled by Ilyas Khrapunov and is a subsidiary of a company called the Swiss Development Group. Triadou is a defendant in the Ablyazov Case. Triadou's investments were funded by other shell companies with money in accounts at FBME Bank in Cyprus. The accounts at FBME Bank – controlled by Ilyas Khrapunov – were funded with approximately $440 million in stolen proceeds.

When the defendants in the Ablyazov Case learned that the Kazakh Entities were attempting to recover assets in the United States, they promptly tried to sell Triadou's investments in New York. In one such deal – the Flatotel – the developer who bought back Triadou's investment learned of the Kazakh Entities' claim on the asset and refused to pay Triadou what it claimed it was owed in the rushed sale. Instead, the developer brought an interpleader suit in state court. The Kazakh Entities removed the interpleader to federal court and filed cross- and counter-claims against Ablayzov, the Khrapunovs, and Triadou.

The Ablyazov case has now been pending before Judge Nathan for almost four years. After a contested evidentiary hearing, Judge Nathan granted an order attaching approximately $70 million of Triadou's domestic assets, including the proceeds of the Flatotel deal. Judge Nathan has also resolved several motions to dismiss, several other contested motions, and issued numerous Hague requests.

  Magistrate Judge Parker has overseen discovery in the Ablyazov Case for almost three years. Discovery has involved the depositions of the Kazakh Entities, each of the defendants, and numerous of the defendants' co-conspirators – including Felix Sater, the lead defendant in the case before Judge Caproni. The parties produced electronic and paper records from multiple different sources, including third-party witnesses, co-conspirators, and foreign and domestic banks. The Kazakh Entities obtained information and documents from cooperating witnesses and through Hague Requests, third-party subpoenas, and Mutual Legal Assistance Treaty requests. Judge Parker has resolved many discovery disputes, including motions to compel and quash, with several still pending.  Judge Parker also held a contested evidentiary hearing, and granted sanctions against the Khrapunovs. The parties in the Ablyazov Case are in expert discovery now, with affirmative expert reports currently due next month. The Court has not yet set a schedule for dispositive motions or a trial date in the Ablyazov case.

  Felix Sater was a co-conspirator who helped Ablyazov and the Khrapunovs launder their stolen money in the United States. Sater dealt personally with Ilyas Khrapunov and Triadou's then-director and helped them identify potential investments and structure money laundering schemes. Sater was deposed over two days in late 2018 and early 2019 in the Ablyazov case. While Sater originally offered limited assistance to the Kazakh Entities in their investigation, the Kazakh Entities began investigating Sater directly in 2017 after learning details of his own theft of over $20 million of the Kazakh Entities assets.

  The Sater case concerns five specific schemes. Two schemes – the Syracuse Scheme and the Tri-County Mall Scheme – involve investments by subsidiaries of Triadou and have been the subject of discovery and, to some extent, claims by the Kazakh Entities in the Ablyazov Case. Three schemes in the Sater case concern the laundering of money through other entities controlled by Ilyas Khrapunov, including Swiss Development Group (Triadou's corporate parent) and Swiss Promotion Group. However, the money used to fund all five of these schemes is traceable, in substantial part, back to the same shell companies funded with the $440 million that was deposited in FBME Bank.

  In light of the allegations in the two cases and the extensive judicial resources already expended by Judge Nathan, the Kazakh Entities respectfully submit that all but one of the factors to be considered under Rule 13(a)(1) of the Rules for the Division of Business Among District Judges favor deeming the two cases related.  (There would not seem to be a substantial risk of conflicting orders.)  Should the Court require additional information, we are of course happy to provide it.

  Thank you for your consideration.

                Respectfully,

                /s/ Matthew L. Schwartz
                Matthew L. Schwartz
                BOIES SCHILLER FLEXNER LLP
                55 Hudson Yards
                New York, New York 10001