# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and BTA
BANK JSC,

        Crossclaim Plaintiffs,

    - against -

MUKHTAR ABLYAZOV, VIKTOR
KHRAPUNOV, ILYAS KHRAPUNOV, and
TRIADOU SPV S.A.,

        Crossclaim Defendants.

ECF Case

No. 15-cv-05345 (AJN) (KHP)

**TRIADOU SPV S.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
SECOND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
OR, ALTERNATIVELY, IN SUPPORT OF ITS MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S MARCH 29, 2019 ORDER**

Dated:  April 12, 2019

BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: (212) 885-5000
Facsimile: (212) 885-5001

*Counsel for Crossclaim Defendant
Triadou SPV S.A.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT BACKGROUND .............................................................................................. 2

I.     The SAC Alleges only that Triadou Is an Alter Ego of the Individual Defendants ............ 2

II.    Triadou's First Rule 12(c) Motion and the March 29 Order ................................................ 4

ARGUMENT ....................................................................................................................... 7

I.     The Legal Standard for Rule 12(c) Motions .................................................................. 8

II.    The SAC Does Not Support a Theory that Triadou Is Individually Liable ....................... 9

      A.    Almaty/BTA's Allegations Do Not Give Rise to a Reasonable Inference that they Intended to Plead in the Alternative ............................................................ 9

      B.    The SAC's Allegations Are Inconsistent with a Theory of Individual Liability .......... 14

III.   The Legal Standard for Reconsideration Motions ......................................................... 16

IV.   The March 29 Order Overlooked Triadou's Argument that the SAC Does Not Reflect Alternative Pleading ............................................................................................. 18

V.    The March 29 Order Misapplied the Law, Which Led to a Clearly Erroneous Finding that Almaty/BTA May Have Pled in the Alternative ............................................................ 20

VI.   The Court Overlooked Triadou's Argument that there Is an Independent Basis to Dismiss Almaty/BTA's Conversion and Constructive Trust Claims............................................. 22

CONCLUSION ................................................................................................................. 22

i

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Adler v. Pataki*,
  185 F.3d 35 (2d Cir. 1999)..................................................................................10

*Carter v. Verizon*,
  No. 13 Civ. 7579 (KPF), 2015 WL 247344 (S.D.N.Y. Jan. 20, 2015)....................................15

*Croft v. AXA Equitable Life Ins. Co.*,
  No. 17-CV-9355 (JMF), 2018 WL 4007646 (S.D.N.Y. Aug. 22, 2018).......................... 14-15

*G-I Holdings, Inc. v. Baron & Budd*,
  238 F. Supp. 2d 521 (S.D.N.Y. 2002)....................................................................21

*Gucwa v. Lawley*,
  731 F. App'x 408 (6th Cir. 2018) .................................................................12, 14

*In re Harbinger Cap. Partners Funds Inv'r Litig.*,
  No. 12 Civ. 1244 (AJN), 2013 WL 7121186 (S.D.N.Y. Dec. 16, 2013)................................17

*Holman v. Indiana*,
  211 F.3d 399 (7th Cir. 2000) ...........................................................10, 11, 13, 21

*J&J Sports Prods., Inc. v. Nacipucha*,
  No. 17-CV-1186-AMD-SJB, 2018 WL 2709222 (S.D.N.Y. May 18, 2018).........................12

*Jordan v. Chase Manhattan Bank*,
  91 F. Supp. 3d 491 (S.D.N.Y. 2015)......................................................................13

*Laurent v. PricewaterhouseCoopers LLP*,
  No. 06-cv-2280 (JPO), 2017 WL 3142067 (S.D.N.Y. July 24, 2017),
  *reconsideration denied,* No. 06-CV-2280 (JPO), 2018 WL 502239 (S.D.N.Y.
  Jan. 19, 2018)....................................................................................................9

*Lehman Bros. Commercial Corp. v. Minmetals Int'l Non-Ferrous
  Metals Trading Co.*, No. 94 Civ. 8301 (JFK),
  1995 WL 380119 (S.D.N.Y. June 26, 1995) .........................................................14

*Marketplace LaGuardia Ltd. P'ship v. Harkey Enters., Inc.*,
  No. 07-CV-1003 (CBA), 2008 WL 905188 (E.D.N.Y. Mar. 31, 2008)......................... *passim*

*MPM Silicones, LLC v. Union Carbide Corp.*,
  931 F. Supp. 2d 387 (N.D.N.Y. 2013)....................................................10, 12, 21

*Paul v. City of N.Y.*,
No. 16-CV-1952 (VSB), 2017 WL 4271648 (S.D.N.Y. Sept. 25, 2017) ..............................12

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995)..................................................................................................17

*Sun Life Assurance Co. of Canada v. Imperial Premium Fin. LLC*,
904 F.3d 1197 (11th Cir. 2018) ...................................................................................12, 14

*T.Z. v. City of N.Y.*,
634 F. Supp. 2d 263 (E.D.N.Y. 2009) ...............................................................................17

*U.S. Bank Nat'l Ass'n. v. Bank of Am., N.A.*,
No. 12 Civ. 4873 (CM), 2012 WL 6136017 (S.D.N.Y. Dec. 11, 2012)......................10, 12, 21

*UMB Bank, Nat'l Ass'n. v. Airplanes Ltd.*,
260 F. Supp. 3d 384 (S.D.N.Y. 2017)..................................................................................9

*Vail v. City of New York*,
68 F. Supp. 3d 412 (S.D.N.Y. 2014)....................................................................................9

*Walker v. Carter*,
No. 1:12-cv-05384 (ALC)(RLE), 2016 WL 6820554 (S.D.N.Y. Feb. 4, 2016) ...................17

*Wild Bunch, SA v. Vendian Entm't, LLC*,
No. 17 CIV. 1383, 2018 WL 1365690 (S.D.N.Y. Feb. 26, 2018)............................................8

## Other Authorities

S.D.N.Y. L. Civ. R. 6.3...........................................................................................................17

Fed. R. Civ. P. 12(c) ...........................................................................................................2, 9

Triadou SPV S.A. ("Triadou") respectfully submits this memorandum of law in support of its second motion for partial judgment on the pleadings seeking dismissal of the common law crossclaims of the City of Almaty, Kazakhstan and BTA Bank JSC (together, "Almaty/BTA") for unjust enrichment, conversion, and constructive trust for failure to plead those claims on a theory of individual liability or, in the alternative, in support of Triadou's motion for partial reconsideration of the Court's March 29, 2019 Order (the "March 29 Order"), (ECF 996).

## PRELIMINARY STATEMENT

In the March 29 Order, the Court granted in part Triadou's partial motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), dismissing Almaty/BTA's common law claims of unjust enrichment, conversion, and constructive trust (the "Common Law Claims") as time-barred to the extent they rely on a theory that Triadou is an alter ego of the Individual Defendants.  (ECF 996 at 20).  The Court also denied Triadou's motion to the extent that it could be inferred from Almaty/BTA's argument that they may have pled the Common Law Claims in the alternative under a theory that Triadou was individually liable.  (*Id.* at 12).  Given the language and structure of the March 29 Order, it appears that the Court may not have reached the question of whether Almaty/BTA had in fact sufficiently pled the Common Law Claims under a theory of individual liability, and may have based its denial on the perceived failure of Triadou to address that issue.  (*Id.* at 10-12).

Following up on what it believes the import of the March 29 Order to be, Triadou now addresses that issue—whether Almaty/BTA have sufficiently pled their Common Law Claims in the alternative under an individual liability theory—through the instant Rule 12(c) motion.  As shown below, Almaty/BTA have not so pled.  Their allegations do not support the argument that they have pled in the alternative, directly or indirectly, a theory of individual liability.  Further, it would be inconsistent with the allegations in the Second Amended Crossclaims ("SAC") to infer

that Almaty/BTA intended to plead such a theory.  Almaty/BTA's Common Law Claims must therefore be dismissed as time-barred.

Alternatively, to the extent that Triadou misunderstands the March 29 Order, and that Order does assess Triadou's arguments and the allegations of the SAC with respect to the alternative pleading of a theory of individual liability, Triadou respectfully seeks partial reconsideration of the March 29 Order (as to that holding only) under Local Civil Rule 6.3 because it appears that the Court overlooked Triadou's arguments on this point.  Almaty/BTA failed to cite even a single allegation supporting an alternatively pled theory of individual liability, and the law does not support finding alternative pleading when the allegations are susceptible of, and consistent with, only one interpretation.

Accordingly, under either Rule 12(c) or Local Civil Rule 6.3, Triadou respectfully requests that the Court dismiss Almaty/BTA's Common Law Claims.

## **RELEVANT BACKGROUND**[1]

## I.    **The SAC Alleges only that Triadou Is an Alter Ego of the Individual Defendants**

Almaty/BTA filed their original crossclaims in this matter on October 12, 2015.  (ECF 49). They allege that Defendant Mukhtar Ablyazov, during his role as chairman of BTA, stole, embezzled, or misappropriated more than $6 billion in assets from the bank, all between 2005 and 2009, (ECF 433 ¶¶ 2, 28-35); that Defendant Viktor Khrapunov and his family misappropriated an estimated $300 million in assets from the City of Almaty between 1997 and 2004 while Khrapunov served as mayor, (*id.* ¶¶ 3, 45-55); and that Defendant Ilyas Khrapunov—son of Viktor Khrapunov and son-in-law of Ablyazov—became involved in these activities in part by "using

---

[1] Triadou accepts the factual allegations it cites as true only for purposes of this motion, as required by the legal standard governing motions under Federal Rule of Civil Procedure 12(c).

accounts and sham entities owned or ultimately controlled by the Ablyazov-Khrapunov Group," the name given by Almaty/BTA to describe the alleged joint efforts of the families and the companies they supposedly control, (*see, e.g.*, *id.* ¶ 57).

As noted in Triadou's first Rule 12(c) motion, Almaty/BTA identified SDG as a purported "Ablyazov-Khrapunov Group" entity and alleged that SDG was one of "a series of entities [created] in Switzerland and overseas to launder" the purportedly stolen funds into outwardly legitimate investments, (*id.* ¶ 58); that SDG was formed and controlled by Ilyas Khrapunov, but later sold to Philippe Glatz in a "sham transaction" that allowed the Ablyazov-Khrapunov Group to maintain "beneficial ownership and control of SDG," (*id.* ¶¶ 58, 79); and that SDG's "structure, organization, management, and illicit purpose" remained the same after the sale to Mr. Glatz, "the Ablyazov-Khrapunov Group still profits from and manages SDG's operations," and Ilyas Khrapunov "continues to control SDG," (*id.* ¶ 84).

As to Triadou, Almaty/BTA allege that it was one of "a series of entities" formed for "the specific purpose of investing the Ablyazov-Khrapunov Group's funds in real estate in the United States," (*id.* ¶ 86); that it was a mere "investment vehicle that was wholly owned and controlled by SDG, which was itself a front for the Ablyazov-Khrapunov Group," (*id.*); and that Triadou was operated "at the direction of the Ablyazov-Khrapunov Group," which also continued to control SDG, "Triadou's sole shareholder," (*id.* ¶ 87).  Similarly, the SAC contains other allegations that describe Triadou as a "nominee entity owned, controlled, and funded by," and assert that Triadou's operations were controlled by, the Individual Defendants.  *Id.* ¶ 1; *see also id.* ¶ 91 ("Ilyas Khrapunov acted on behalf of SDG and Triadou, despite the Ablyazov-Khrapunov Group's purported sale of SDG a year prior"); *id.* ¶ 113 (transfer of funds for Triadou's investment in Cabrini Medical Center "was only executed after Ilyas Khrapunov received explicit direction from

Ablyazov"); *id.* ¶ 115 ("Ilyas Khrapunov told Bourg [Triadou's sole director] to liquidate Triadou's investments in Flatotel and the Cabrini Medical Center as quickly as possible").  All of these allegations describing Triadou as a shell and mere instrument of the Individual Defendants are "repeat[ed] and reallege[d]" in each specific "cause of action." (*Id.* ¶¶ 174, 177, 181).  The remainder of the allegations specific to each cause of action recite legal conclusions designed to address the elements of the relevant claims. (*Id.* ¶¶ 175-176, 178-180, 182-186).  As noted in Triadou's first Rule 12(c) motion, each cause of action is pled against all defendants, without distinction. (*Id.* at 45-46).

These allegations are also perfectly consistent with Almaty/BTA's opposition to Triadou's original motion to dismiss, in which they admitted to alleging that "Triadou was, and is, ***nothing more than an empty vessel*** used by the Ablyazov-Khrapunov Group to move illicit funds from offshore entities into the U.S." (ECF 88 at 4 (citing ECF 49 ¶¶ 94-95) (emphasis added)).[2] Almaty/BTA's opposition to the Individual Defendants' motions to dismiss sets forth a similar position. (*See* ECF 241 at 26 (arguing that their allegations "make clear that each entity that the stolen funds have passed through [including Triadou] has been controlled, either directly or indirectly, by Ablyazov and Viktor Khrapunov"); *id.* at 27 (arguing that the Individual Defendants "direct all activities of Triadou," and that Triadou was controlled and kept insolvent by them)).

## II.    Triadou's First Rule 12(c) Motion and the March 29 Order

Triadou's first Rule 12(c) motion described most of the relevant procedural background, which Triadou incorporates here by reference. (ECF 667 at 2-7).  Pertinent to the instant motion, on March 27, 2018, the Court issued a Memorandum Opinion and Order dismissing Almaty/BTA's

---

[2] While Almaty/BTA's opposition cited paragraphs from their original Crossclaims, those same allegations appear in the SAC. (*Compare* ECF 49 ¶¶ 94-95, *with* ECF 219 ¶¶ 86-87).

Common Law Claims as time-barred as to the Individual Defendants. (ECF 592). Subsequently, in May 2018, Triadou submitted its first Rule 12(c) motion seeking dismissal of the Common Law Claims as time-barred as to Triadou because those claims were based on allegations that Triadou was an alter ego of the Individual Defendants. (ECF 666-67). Triadou did not assert in its opening motion that Almaty/BTA's claims were time-barred based on a theory of individual liability because no such theory was pled in the SAC. (*See* ECF 667).

On May 25, 2018, Almaty/BTA filed their opposition to Triadou's first Rule 12(c) motion, in which they argued in part that Triadou's motion should be denied because "Plaintiffs are entitled to plead in the alternative, but Triadou is asking the Court to pick and choose among those legal conclusions and interpretations in the SAC to the harm of the non-movants." (ECF 696 at 7). Almaty/BTA did not cite any SAC allegations anywhere in their opposition to support the argument that they pled the Common Law Claims under alternative theories of liability, relying instead on their purported entitlement to so plead. (*See id.*).[3]

In its June 1, 2018 reply in support of its first Rule 12(c) motion, Triadou responded in a footnote to what appeared to be a throw-away point from Almaty/BTA. (ECF 702). Specifically, Triadou advanced two arguments against the single sentence in which Almaty/BTA posited its entitlement to plead in the alternative: first, that the theory was irrelevant because the SAC "do[es] not reflect such pleading, (*see* ECF 433)"; and second, that Almaty/BTA pled their allegations for the Common Law Claims "collectively against the Individual Defendants and Triadou, without differentiation," (ECF 702 at 5 n.6). Triadou's first argument cited the entire SAC to illustrate that

---

[3] Triadou can find no submission by Almaty/BTA, other than their opposition to Triadou's first Rule 12(c) motion, in which Almaty/BTA raise the notion of the SAC being pled in the alternative. In contrast, as noted above, Almaty/BTA's oppositions to the defendants' original motions to dismiss confirm that Almaty/BTA view their allegations as reflecting only an alter ego relationship between Triadou and the Individual Defendants. (*See, e.g.*, ECF 88 at 4; ECF 241 at 26-27).

none of the allegations therein supported a theory of alternative pleading (or any theory other than the alter ego theory on which Triadou moved for partial judgment on the pleadings). (*See id.*). As to its second argument, Triadou sought to reinforce this conclusion by noting a lack of pleading distinction among the defendants, which confirms that Almaty/BTA view them as a group and not separate. (*See id.*).

On March 29, 2019, this Court issued its order granting in part and denying in part Triadou's first Rule 12(c) motion. In doing so, the Court addressed whether judgment on the pleadings was warranted as to Almaty/BTA's alter ego theory. (ECF 996 at 8). In addressing what Almaty/BTA had pled, the Court acknowledged that they had alleged that Triadou "is liable as an alter ego" under the Common Law Claims, and then noted that Almaty/BTA "maintain that ***they are entitled to plead*** that Triadou is individually liable as an alternative theory." (*Id.* at 9 (emphasis added)). The Court titled the header of the first subsection "The Kazakh Entities State a Plausible Claim for Alter Ego Liability," and evaluated the law of alter ego and Almaty/BTA's allegations relevant to that assertion in that section. (*Id.* at 9-10).

In contrast, the Court titled the header of the next subsection, "The Kazakh Entities ***May Have Stated*** a Plausible Claim for Triadou's Individual Liability." (*Id.* at 10 (emphasis added)). Noting that Almaty/BTA's response "appears to be that they have pleaded a theory of individual liability in the alternative" but that it was not "spell[ed] … out in detail," (*id.* at 10), the Court then "inferred" from Almaty/BTA's briefing a "two-part argument" that involved not taking legal conclusions as true, and taking reasonable inferences only from their factual allegations, (*id.* at 11). The March 29 Order does not cite any SAC allegations on this issue (presumably because Almaty/BTA did not do so in their briefing); instead, the Court focused on one of Triadou's arguments that Almaty/BTA had not pled in the alternative. (*Id.*). Ultimately, the Court stated

that it "*will consider* the Kazakh Entities' well-pleaded factual allegations and reasonable inferences in favor of this alternative theory of liability," which suggests that this consideration would occur in the future. (*See id.* at 11-12). The Court concluded that Triadou "had made no argument" regarding the sufficiency of the SAC's allegations that Triadou is individually liable under the Common Law Claims, and on the ground that Triadou did not carry its burden, denied the Rule 12(c) motion on that point. (*Id.* at 12).[4]

The subsections of the March 29 Order following the Court's "individual liability" theory analysis addressed the parties' arguments for and against dismissal of the Common Law Claims as time-barred to the extent they were based on an alter ego theory of liability—which the Court agreed that Almaty/BTA had pled—and the Court ultimately granted Triadou's motion in that regard. (*Id.* at 12-20). In light of the March 29 Order, and consistent with Federal Rule of Civil Procedure 12(c) and Local Civil Rule 6.3, Triadou filed the instant motions in the alternative.

## ARGUMENT

Taken as true, the SAC's well-pleaded factual allegations do not reflect alternative pleading or a theory that Triadou is individually liable for the Common Law Claims. Even with the lenient standards for assessing pleading in the alternative, the SAC simply cannot be interpreted as having pled in the alternative. Nor can the well-pleaded allegations be construed as showing that Triadou is individually liable for the Common Law Claims where such a finding would be inconsistent with what has been alleged. The Common Law Claims should therefore be dismissed as time-barred pursuant to the March 29 Order.[5]

---

[4] Notably, the "Factual Allegations" section of the March 29 Order refers to SAC allegations that are all alter-ego related; many of those same allegations are in turn cited in Section III.C.1.a of the March 29 Order titled "The Kazakh Entities State a Plausible Claim for Alter Ego Liability." (*Id.* at 2-3, 9-10).

[5] Triadou's first Rule 12(c) motion did not seek dismissal of the Common Law Claims for failure to plead a theory of individual liability because no such theory was pled. (*See* ECF 667 at 9-15). Triadou responded in its reply only to Almaty/BTA's cursory suggestion that they were "entitled" to plead in the alternative.

Alternatively, Triadou seeks reconsideration of the Court's March 29 Order to the extent it found that Almaty/BTA "may have stated" a plausible claim for Triadou's individual liability. The Court appears to have overlooked Triadou's arguments that the SAC's allegations are not consistent with a theory of individual liability, and that the SAC reflects no intent to plead in the alternative. The Court also appears to have overlooked case law that is inconsistent with its finding that the SAC can be construed as having been pled in the alternative despite the absence of any indication of an intent to so plead. Respectfully, the Court should reconsider its March 29 Order to find that Triadou did carry its burden, that Almaty/BTA failed to state a plausible claim under an individual liability theory, and that the Common Law Claims should be dismissed.

Finally, Triadou seeks reconsideration of the March 29 Order to the extent it appears that the Court overlooked Triadou's argument that Almaty/BTA's conversion and constructive trust claims are time-barred for the independent reason of the Court's findings in its March 2018 Order dismissing those claims as time-barred against the Individual Defendants.

## I.    The Legal Standard for Rule 12(c) Motions

This Court has recently reviewed and confirmed the appropriate standard for evaluating motions for judgment on the pleadings—"the same standard as that applicable to a motion under Rule 12(b)(6)"—which requires the Court to accept as true all of the non-movant's well-pleaded factual allegations and draw all reasonable inferences in the non-movant's favor. (ECF 996 at 4 (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)); *see also Wild Bunch, SA v. Vendian Entm't, LLC*, No. 17 CIV. 1383, 2018 WL 1365690, at *4 (S.D.N.Y. Feb. 26, 2018);

---

(ECF 702 at 5 n.6). Thus, Triadou never affirmatively sought dismissal of the Common Law Claims on this theory, and the instant Rule 12(c) motion became necessary only after the March 29 Order found that Almaty/BTA "may have pleaded" a theory of individual liability as to Triadou. (ECF 996 at 10-12).

*UMB Bank, Nat'l Ass'n. v. Airplanes Ltd.*, 260 F. Supp. 3d 384, 392 (S.D.N.Y. 2017) (recognizing motions under 12(b)(6) and 12(c) are subject to the same standard).

Triadou's instant motion is timely under Rule 12(c), which requires that motions for judgment on the pleadings be filed after the pleadings have closed, but should not delay trial. Fed. R. Civ. P. 12(c); *Laurent v. PricewaterhouseCoopers LLP*, No. 06-cv-2280 (JPO), 2017 WL 3142067, at *3 (S.D.N.Y. July 24, 2017), *reconsideration denied,* No. 06-CV-2280 (JPO), 2018 WL 502239 (S.D.N.Y. Jan. 19, 2018). Because trial has not yet been scheduled—and expert discovery will remain ongoing through (at least) June 28, 2019, (ECF 980)—Triadou's motion will not cause delay. Rule 12(c) motions have been deemed timely in similar circumstances. *See, e.g.*, *Vail v. City of New York*, 68 F. Supp. 3d 412, 422-23 (S.D.N.Y. 2014) (finding Rule 12(c) motion timely where it was filed before trial date was set and collecting cases holding same). And, as with Triadou's first Rule 12(c) motion, if this motion is granted, it will enhance judicial economy by narrowing the scope of this action for summary judgment and trial.

## II.    **The SAC Does Not Support a Theory that Triadou Is Individually Liable**

The SAC's allegations do not reflect pleading in the alternative, or any intention to plead in the alternative. While Rule 8(d)(2) requires leniency in construing the pleadings, the law requires some evidence that the plaintiff intended to plead in the alternative. Here, the SAC contains no such evidence, and the allegations therein are inconsistent with any theory that Triadou is individually liable for the Common Law Claims. It would thus be unreasonable to infer from the SAC's allegations that Triadou could be individually liable for the Common Law Claims.

### A.    *Almaty/BTA's Allegations Do Not Give Rise to a Reasonable Inference that they Intended to Plead in the Alternative*

As the Court noted in the March 29 Order, "Rule 8(d)(2) makes 'lenient provision for alternative pleading.'" (ECF 996 at 11 (quoting *Washington v. Kellwood*, No. 05-CV-10034

9

(DAB), 2009 WL 855652, at * 10 (S.D.N.Y. Mar. 24, 2009)).  And while it is also true that the Second Circuit does not require "alternative pleadings to be made in technical form," (*id.* (citing *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999)), and that "Rule 8(d)(2) permits parties to plead in the alternative within a single count or defense, (*id.* (citing *Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95 (2d Cir. 1994)), the weight of the law still requires the complaint to present some basis from which it can be "reasonably inferred" that a party sought to plead in the alternative. *See, e.g.*, *U.S. Bank Nat'l Ass'n. v. Bank of Am., N.A.*, No. 12 Civ. 4873 (CM), 2012 WL 6136017, at *7-8 (S.D.N.Y. Dec. 11, 2012) (quoting *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 536 (S.D.N.Y. 2002)) (no particular words needed to plead in the alternative so "long as it can be reasonably inferred that this is what [Plaintiff] was doing"); *MPM Silicones, LLC v. Union Carbide Corp.*, 931 F. Supp. 2d 387, 395 n.11 (N.D.N.Y. 2013) (holding same).

Similarly, this Court cited *Holman v. Indiana*, 211 F.3d 399 (7th Cir. 2000), in apparent contrast to *Adler*, (ECF 996 at 11), although the two opinions are consistent. In *Holman*, the Seventh Circuit found that "even by generously reading the complaint," it could not read the plaintiff's sexual harassment claims in the alternative.  211 F.3d at 406-07.  The court went on to state that, while no particular words are needed to plead in the alternative, the "liberal construction accorded a pleading under Rule 8([e]) does not require the courts to fabricate a claim that a plaintiff has not spelled out in his pleadings." *Id.* at 407 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1286 at 558 (2d ed. 1990)).  In *Adler*, the plaintiff alleged "in separately numbered" paragraphs, that he was fired for political reasons and in retaliation for his wife's lawsuit.  185 F.3d at 41.  Based on these allegations (and plaintiff's counsel's statements at hearings contending plaintiff had pled in the alternative), the court determined that the plaintiff had done so.  *Id.*

The legal propositions from these cases are consistent, and have been so applied. For example, in *Marketplace LaGuardia Ltd. Partnership v. Harkey Enterprises, Inc.*, No. 07-CV-1003 (CBA), 2008 WL 905188, at *7 (E.D.N.Y. Mar. 31, 2008), the court granted a motion to dismiss a claim for prima facie tort in the face of the plaintiff's assertion that it had pled that claim in the alternative based on a single allegation in its complaint. The court considered the law of this Circuit concerning alternative pleading, including decisions relied on by this Court. *Compare id.* (quoting *Daytop Village*, 42 F.3d at 95 (plaintiff "may plead two or more statements of a claim, even within the same count, regardless of consistency")), *with* ECF 996 at 11 (citing *Daytop Village* for the same proposition). Judge Amon also found, however, that where a plaintiff "has alleged facts demonstrating that its claim is legally precluded," it may not "hide behind Rule 8(e)(2)" because pleadings are "binding judicial admissions." *Marketplace LaGuardia Ltd. Partnership v. Harkey Enterprises, Inc.*, 2008 WL 905188, at *7 (citing *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). As a result, "a 'plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.'" *Id.* (quoting same).

To reconcile this apparent inconsistency, Judge Amon pointed to the decisions of other courts (including *Holman*) requiring that plaintiffs seeking to plead in the alternative use "a formulation from which it can be reasonably inferred that this is what they were doing." *Id.* (citing *Holman*, 211 F.3d at 407 & *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co.*, 976 F.2d 58, 62 (1st Cir. 1992)). The court then rejected the plaintiff's argument that it had pled its prima facie tort claim in the alternative, finding the single inconsistent allegation was provided for "atmospheric purpose[s]," and not to support that inconsistent claim. *Id.* at *8. The court dismissed the prima facie tort claim based on the conclusion that "the only reasonable inference

11

that can be drawn from the complaint" was at odds with the inconsistent allegation through which the plaintiff argued it had pled the tort claim in the alternative.

Several other courts, including New York district courts and federal appellate courts, have reached similar conclusions. *See, e.g.*, *J&J Sports Prods., Inc. v. Nacipucha*, No. 17-CV-1186-AMD-SJB, 2018 WL 2709222, at * 8 (S.D.N.Y. May 18, 2018) (rejecting assertion of pleading in the alternative where plaintiff had not alleged predicate facts to support either alternative theory and stating that "[t]o actually plead in the alternative, J&J has to plead facts in the alternative"); *Paul v. City of N.Y.*, No. 16-CV-1952 (VSB), 2017 WL 4271648, at *7 (S.D.N.Y. Sept. 25, 2017) (rejecting alternative pleading argument in connection with negligent hiring, training, or supervision claim where plaintiff had alleged only that employees were acting within the scope of their employment and where such claim was premised on employees acting outside the scope); *MPM Silicones*, 931 F. Supp. 2d at 395 n.11 (rejecting alternative pleading argument involving two CERCLA claims where "nothing on the face of the Complaint … would permit the Court to infer that one claim is alleged in the alternative to the other"); *U.S. Bank Nat'l Ass'n*, 2012 WL 6136017, at *7-8 (rejecting argument that claim against Bank of America was pled in the alternative where Bank of America's liability was contingent on Barclays not being liable, but allegations supported only its joint liability with Barclays); *see also Sun Life Assurance Co. of Canada v. Imperial Premium Fin. LLC*, 904 F.3d 1197, 1213 n.16 (11th Cir. 2018) (rejecting Sun Life's contention "that it was free to plead a non-agency theory in the alternative" on the grounds that "it did not so plead," and finding that Sun Life seemed "to reaffirm its allegation that the producers were agents of Imperial" throughout the complaint); *Gucwa v. Lawley*, 731 F. App'x 408, 416 (6th Cir. 2018) (dismissing claim for tortious interference with business expectancy as

"irreconcilable with the complaint's allegations," and rejecting applicability of Rule 8(d)(3) where inconsistent allegations were "explicitly incorporate[d]" into that claim).

Here, it cannot be reasonably inferred from the SAC that Almaty/BTA intended to plead alternative theories of liability as to Triadou.  In its March 29 Order, the Court was forced to "infer[]" Almaty/BTA's argument that it had pled in the alternative from their briefing, (ECF 996 at 10), but the Court did not evaluate the SAC itself.  The SAC is devoid of overt statements or indications—such as "if-then" or "either-or" propositions—that Almaty/BTA intended to plead alternative theories of liability for Triadou; nor does it include any express claims of alternative pleading regarding legal theories with respect to Triadou's liability.  (*See* ECF 433).  In contrast, the SAC explicitly alleges in the alternative multiple means of securing subject matter jurisdiction, (*id.* ¶¶ 22-25), which confirms that the lack of such pleading elsewhere was intentional.

Likewise, Almaty/BTA's "briefing" fails to cite any SAC allegations from which it can be reasonably inferred that they intended to plead in the alternative as to Triadou's liability.[6]  And Almaty/BTA's contention that they are "entitled to plead in the alternative" is insufficient. (ECF 696 at 7).  Where the SAC contains no allegations from which it can be reasonably inferred that Almaty/BTA intended to plead in the alternative that Triadou was individually liable for the Common Law Claims, the Court should not find they have sufficiently pled that theory.  *See Marketplace LaGuardia Ltd.*, 2008 WL 905188 at *7-8.  The Court should also decline to "fabricate a claim"—or, in this instance, a theory of liability—that Almaty/BTA have not spelled out in the SAC, *Holman*, 211 F.3d at 407 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal*

---

[6] Where Almaty/BTA have not pled any theory of individual liability as to Triadou in the alternative, they cannot use their opposition to Triadou's first Rule 12(c) motion to amend the SAC.  *See Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

*Practice & Procedure*, § 1286 at 558 (2d ed. 1990)), or accept an assertion of alternative pleading where the SAC's allegations reaffirm and repeat only the theory that Triadou is liable as an alter ego, which is at odds with a theory of individual liability, *Sun Life Assurance*, 904 F.3d at 1213 n.16. The allegations specific to the Common Law Claims explicitly "repeat and reallege" the earlier well-pleaded factual allegations that Triadou is an alter ego of the Individual Defendants, (ECF 433 ¶¶ 174-186), which is reason enough to reject their claim of alternative pleading, *see Gucwa*, 731 F. App'x at 416.[7]

B.   *The SAC's Allegations Are Inconsistent with a Theory of Individual Liability*

The March 29 Order also inferred from Almaty/BTA's argument in their briefing that reasonable inferences from Almaty/BTA's allegations support a finding that they pled in the alternative that Triadou was individually liable for the Common Law Claims. (ECF 996 at 10-11). However, any such inferences would be not only unreasonable based on the SAC's allegations, but also inconsistent with those allegations, and therefore must be rejected.

It is well settled that "a party cannot urge inferences that are inconsistent with its own pleadings." *Lehman Bros. Commercial Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.*, No. 94 Civ. 8301 (JFK), 1995 WL 380119, at *3 (S.D.N.Y. June 26, 1995) (holding same and declining to draw an inference that individual who signed guaranty could bind defendant where it was alleged only that the individual was a general manager of a different entity); *see also Croft v. AXA Equitable Life Ins. Co.*, No. 17-CV-9355 (JMF), 2018 WL 4007646, at *3 n.2 (S.D.N.Y. Aug.

---

[7] For this reason, Almaty/BTA's "suggest[ion]" that they have pled in the alternative within a single count, (ECF 996 at 11), is unsupported by the SAC or the law. (*See* ECF 433 ¶¶ 174, 177, 181). As Triadou argued in its first Rule 12(c) motion, Almaty/BTA did not differentiate in the Common Law Claims as among the defendants. (ECF 702 at 5 n.6 (citing ECF 433 ¶¶ 174-180)). While the Court did not find this argument alone sufficient to defeat Almaty/BTA's claim that they are "entitled" to plead in the alternative (although, as described below, the argument was not presented alone), (ECF 996 at 10), in light of the SAC's allegations, this method of pleading tends to confirm that Almaty/BTA did not intend to plead an alternative theory of individual liability as to Triadou.

22, 2018) (holding same and declining to accept conclusory allegation in briefing to oppose motion to dismiss); *Carter v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 WL 247344, at *7 (S.D.N.Y. Jan. 20, 2015) ("the Court cannot draw unreasonable inferences that are not consistent with the actual allegations contained in the Second Amended Complaint"); *Marketplace LaGuardia*, 2008 WL 905188, at *7-8 (dismissing prima facie tort claim when "the only reasonable inference that can be drawn from the complaint" was the opposite of a supposedly inconsistent allegation to which the plaintiff pointed as a basis for claiming that it had pled in the alternative).

Here, inferring that Almaty/BTA pled in the alternative that Triadou is individually liable for the Common Law Claims would be inconsistent with the SAC's allegations. As noted above, Almaty/BTA allege that Triadou was a "nominee entity owned, controlled, and funded by" the Individual Defendants, and was formed for "the specific purpose of investing" the Individual Defendants' allegedly ill-gotten funds in U.S. real estate, (ECF 433 ¶¶ 1, 86). They also describe Triadou as a mere "investment vehicle that was wholly owned and controlled by SDG, which was itself a front for the Ablyazov-Khrapunov Group," and allege that it was operated "at the direction of the Ablyazov-Khrapunov Group," (*id.* ¶¶ 86-87). Consistent with these allegations, several others also reflect Almaty/BTA's theory that Triadou's operations were controlled by the Individual Defendants. (*Id.* ¶¶ 91, 113, 115).[8]

Most telling is Almaty/BTA's construction of its own allegations, which they described as stating that "Triadou was, and is, nothing more than an empty vessel used by the Ablyazov-Khrapunov Group to move illicit funds from offshore entities into the U.S." (ECF 88 at 4 (citing ECF 49 ¶¶ 94-95) (emphasis added)). Almaty/BTA made similar arguments in seeking to defend

---

[8] As Triadou noted in its first Rule 12(c) motion, (ECF 667 at 12 n.6), the SAC's allegations with respect to SDG also support only an alter ego theory of liability as to Triadou. (ECF 433 ¶¶ 86-87 (alleging that Triadou was wholly-owned by SDG, and that SDG was wholly-controlled by the Individual Defendants)).

against the Individual Defendants' motions to dismiss. (ECF 241 at 26 (arguing that their allegations "make clear that each entity that the stolen funds have passed through [including Triadou] has been controlled, either directly or indirectly, by Ablyazov and Viktor Khrapunov"); *id.* at 27 (arguing that the Individual Defendants "direct all activities of Triadou," and that Triadou was controlled and kept insolvent by them)).

In contrast, the SAC lacks any allegation—let alone a well-pleaded one—that Triadou acted independently or separately from the Individual Defendants. Even liberally construing the SAC, it would be inconsistent to infer from the allegations that Almaty/BTA see Triadou as independent from the Individual Defendants. For example, Almaty/BTA's constructive trust allegations explicitly claim that Triadou is an instrument of the Individual Defendants. (ECF 433 ¶ 186 (alleging that absent a constructive trust, "the Ablyazov-Khrapunov Group will continue to use Triadou and SDG to launder" supposedly ill-gotten gains)). The SAC's factual allegations are simply inconsistent with any inference that Almaty/BTA are seeking to hold Triadou liable for the Common Law Claims on a theory of individual liability.

Accordingly, where Almaty/BTA did not intend to plead alternative theories of liability, and the SAC's allegations are inconsistent with a theory that Triadou is individually liable for the Common Law Claims, those claims have been alleged only on an alter ego theory of liability, and must be dismissed in their entirety as time-barred.

## III.  **The Legal Standard for Reconsideration Motions**

Alternatively, if the Court believes that Triadou's first Rule 12(c) motion implicated and addressed, and the March 29 Order decided, the question of Almaty/BTA's theory of alternative pleading, then Triadou moves pursuant to Local Civil Rule 6.3 for the Court to reconsider its holding based on arguments and law that the Court appears to have overlooked.

16

Local Civil Rule 6.3 allows a party to move for reconsideration based on "matters or controlling decisions which counsel believes the Court has overlooked." L. Civ. R. 6.3. As this Court has held, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Harbinger Cap. Partners Funds Inv'r Litig.*, No. 12 Civ. 1244 (AJN), 2013 WL 7121186, at *2 (S.D.N.Y. Dec. 16, 2013) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (affirming lower court's order granting motion for reconsideration where the court reviewed further case law and legislative history). Reconsideration motions also may be granted "where a court misinterprets or misapplies relevant case law in its original decision." *T.Z. v. City of N.Y.*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (citing *Doe v. N.Y. City Dep't. of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) & *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001)). Finally, reconsideration motions should be granted where the movant identifies "the need to correct a clear error or prevent manifest injustice," although parties should not treat such motions "as an opportunity to take a second bite at the apple." *Walker v. Carter*, No. 1:12-cv-05384 (ALC)(RLE), 2016 WL 6820554, at *2 (S.D.N.Y. Feb. 4, 2016) (internal quotation marks and citations omitted).[9]

---

[9] Triadou is not making a new argument in support of its motion for reconsideration; rather it is merely clarifying its earlier argument to better identify what was apparently unclear (based on the Court's evaluation), and thus overlooked. (*Compare* ECF 667 at 5 n.6, *with* ECF 996 at 11). And even if Triadou were advancing a new argument, because Almaty/BTA's opposition argued only that they were "entitled to plead in the alternative" without any factual or legal support to show that they pled in the alternative, (ECF 696 at 7), the Court had to "infer[]" that argument from their briefing, (ECF 996 at 10). Triadou should not be penalized for having given that argument the same level of treatment as Almaty/BTA.

The March 29 Order overlooked one of Triadou's arguments concerning Almaty/BTA's contention that they were entitled to plead in the alternative—namely, that the SAC's allegations do not in fact plead in the alternative a theory that Triadou is individually liability for the Common Law Claims.  And given the substantial authority concerning alternative pleading, it appears that the Court may have misinterpreted and misapplied that law in finding that Almaty/BTA "May Have Stated a Plausible Claim for Triadou's Individual Liability."  (ECF 996 at 10-12).  The Court's March 29 Order is also clearly erroneous as to the contention that Almaty/BTA pleaded a theory that Triadou is individually liable for the Common Law Claims in the alternative, and reconsideration is also warranted on that basis.

## IV.     The March 29 Order Overlooked Triadou's Argument that the SAC Does Not Reflect Alternative Pleading

The Court appears to have overlooked at least one of Triadou's arguments regarding Almaty/BTA's failure to plead in the alternative.  Initially, Triadou's opening brief in support of its first Rule 12(c) motion did not address the notion that Almaty/BTA pled an alternative theory that Triadou was individually liable for the Common Law Claims.  (*See* ECF 667).  The reason for that is clear from the face of Triadou's arguments:  no such theory was pled in the SAC.  (*See id.*).  Rather, Almaty/BTA first raised alternative pleading—specifically, that they were "entitled to plead in the alternative"—in their opposition to Triadou's motion. (*See* ECF 696 at 7; ECF 996 at 10-11).  Tellingly, Almaty/BTA's argument was not accompanied by any citation to the SAC or the law.  (ECF 696 at 7).  That is, Almaty/BTA contended that they had an entitlement to plead in the alternative, but did not otherwise point to any SAC allegations showing that they had so pled.

In its reply, Triadou responded to Almaty/BTA's threadbare entitlement argument with two counter-arguments:  first, that the alternative pleading theory was irrelevant because the SAC "do[es] not reflect such pleading, (*see* ECF 433)"; and second, that Almaty/BTA pled their

allegations for the Common Law Claims "collectively against the Individual Defendants and Triadou, without differentiation," (ECF 702 at 5 n.6).  The first argument cited the entire SAC to show that read as a whole, its allegations do not support the contention that Almaty/BTA pled any theory of liability in the alternative.  (*See id.).*  Triadou's second argument pointed to specific allegations to bolster this conclusion—allegations which the Court had already acknowledged for a similar proposition when dismissing the Common Law Claims against Ilyas Khrapunov as time-barred.  (ECF 592 at 9).  Put more simply, Triadou pointed to those allegations as confirming that Almaty/BTA do not view Triadou as separate from the Individual Defendants.  These arguments underscored that the content of the SAC's allegations and the method of pleading therein refute the notion that Almaty/BTA pled an alternative theory of liability against Triadou.

In the March 29 Order, this Court denied Triadou's first Rule 12(c) motion to the extent Almaty/BTA argued that "they are entitled to plead that Triadou is individually liable as an alternative theory."  (ECF 996 at 9).  The Court noted what "appear[ed]" to be Almaty/BTA's argument, but acknowledged they did "not spell the argument out in detail."  (*Id.* at 10).  The Court then "inferred" a "two-part argument" from Almaty/BTA's briefing that involved not taking legal conclusions as true, and drawing reasonable inferences from their allegations.  (*Id.* at 11).

The Court noted Triadou's response, but pointed only to the argument that the Common Law Claims were pled without differentiation among the defendants; it did not address Triadou's first argument that the SAC does not reflect alternative pleading.  (*Compare id.* at 11, *with* ECF 702 at 5 n.6).  That the Court did not cite any allegations in support of Almaty/BTA's assertion of alternative pleading bolsters the conclusion that it overlooked Triadou's first argument.  (*See* ECF 996 at 10-12).[10]  And it appears that overlooking this argument led to the Court's conclusion that

---

[10] To the extent the Court's statement that it "will consider the Kazakh Entities' well-pleaded factual allegations and reasonable inferences in favor of this alternative theory of liability" was intended to reflect

Triadou "had made no argument" regarding the sufficiency of the SAC's allegations that Triadou is individually liable under the Common Law Claims, and the denial of Triadou's Rule 12(c) motion on that ground.  (*See id.* at 12).

Had the Court considered Triadou's first argument, it would have reached a different result. As shown above, (*see supra* Argument Section II.A-B), the SAC contains no allegations that directly or indirectly reflect Almaty/BTA's intention to plead alternative theories of liability; nor are there any allegations from which the Court could reasonably infer that intention (and, notably, Almaty/BTA pointed to none).  Because Almaty/BTA did not plead in the alternative, the only remaining conclusion is that the Common Law Claims are based only on a theory of alter ego liability and are therefore time-barred, and reconsideration is warranted.

## V.    The March 29 Order Misapplied the Law, Which Led to a Clearly Erroneous Finding that Almaty/BTA May Have Pled in the Alternative

The Court also appears to have misapplied the law regarding alternative pleading, which led to a clearly erroneous result.  While it is correct that "Rule 8(d)(2) makes 'lenient provision for alternative pleading,'" (ECF 996 at 11 (quoting *Washington v. Kellwood*, No. 05-CV-10034 (DAB), 2009 WL 855652, at * 10 (S.D.N.Y. Mar. 24, 2009)), and that the Second Circuit does not require "alternative pleadings to be made in technical form," (*id.* (citing *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999)), the weight of other authority addressing pleading in the alternative does not support the conclusion that Almaty/BTA may have pled in the alternative.  As shown in Argument Section II, that authority—from district courts in this Circuit and Circuit courts elsewhere— reflects that the SAC must contain some basis on which the Court can reasonably infer that

---

that the Court actually did consider those allegations, (ECF 996 at 11-12), Triadou has no indication as to which SAC allegations the Court did find or would find support that Almaty/BTA pled in the alternative, or that they pled Triadou could be individually liable for the Common Law Claims.

Almaty/BTA intended to plead in the alternative.  Where, as here, the SAC reflects no such basis, it was clearly erroneous for the Court to find that Almaty/BTA may have pled in the alternative.

The March 29 Order also appears to have misinterpreted the law to the extent it implies, based on comparing the Second Circuit's opinion in *Adler* with the Seventh Circuit's opinion in *Holman*, that the Second Circuit is more permissive on the issue of alternative pleading.  (*See* ECF 996 at 11).  That conclusion is not supported by decisions from other district courts in New York that have held that a party "need not use particular words to plead in the alternative" as long as "it can be reasonably inferred that this is what [it was] doing."  *See, e.g.*, *MPM Silicones*, 931 F. Supp. 2d at 395 n.11; *U.S. Bank Nat'l Ass'n*, 2012 WL 6136017, at *8; *Marketplace LaGuardia*, 2008 WL 905188, at *7.  Each of these cases relies on *G-I Holdings*, 238 F. Supp. 2d at 536, for the "reasonably inferred" proposition, which in turn quotes *Holman* as its source for the proposition.[11] In effect, *Holman*'s holding has been found to be consistent with Second Circuit precedent.

The holding that alternative pleading cannot be found without a basis from which the Court can reasonably infer such pleading confirms another point: that where Almaty/BTA pressed the argument that they were "entitled to plead in the alternative," it was incumbent on them to identify allegations that supported their theory.  Where Almaty/BTA failed to do so (and failed to cite any law in support of their argument), the burden should not be shifted to Triadou to fully dismantle the strawman "entitlement" argument or ferret out allegations or case law to oppose that argument.

Where it misapplied and misinterpreted the law, the March 29 Order does not support a finding that Almaty/BTA pled in the alternative an individual theory of liability against Triadou. Nothing in the SAC offers a reasonable inference that Almaty/BTA pled such a theory in the

---

[11] The court in *G-I Holdings* found the plaintiff had pled in the alternative based on the plaintiff's inclusion of two inconsistent causes of action that undermined each other.  238 F. Supp. 2d at 534-536.  In contrast, here, Almaty/BTA's allegations are consistent only with a theory of alter ego liability as to Triadou.

alternative.  Thus, to the extent the March 29 Order found that Almaty/BTA may have pled such

a theory in the alternative, it was clearly erroneous and should be reconsidered.

## VI.     The Court Overlooked Triadou's Argument that there Is an Independent Basis to Dismiss Almaty/BTA's Conversion and Constructive Trust Claims

Finally, the Court also appears to have overlooked Triadou's argument that Almaty/BTA's

conversion and constructive trust claims are time-barred independent from Almaty/BTA's alter

ego theory of liability.  As Triadou argued in its first Rule 12(c) motion,

> Separately, the March 2018 Order did not provide an explicit accrual date
> for Ilyas Khrapunov in connection with Almaty/BTA's conversion and
> constructive trust claims.  Rather, the Court looked to how Almaty/BTA
> pled those claims – collectively against all Individual Defendants – and
> noted that dismissing those claims as to Viktor Khrapunov but not Ilyas
> Khrapunov "would be to sanction an illogical discrepancy." (ECF 592 at
> 9).  Based on the Court's holding that "there is no dispute that the
> conversion and constructive trust claims accrued in Kazakhstan at the time
> of the initial alleged embezzlement," it appears the Court treated accrual
> with respect to Ilyas Khrapunov as occurring at the same time as for Viktor
> Khrapunov and Ablyazov. *See id.* at 9.  Accordingly, the Court should
> dismiss Almaty/BTA's conversion and constructive trust claims as to
> Triadou for the independent reason that those claims accrued when the
> initial embezzlement occurred, which was no later than 2009, more than
> three years before Almaty/BTA filed its original crossclaims.

(ECF 667 at 14-15).  In reviewing the March 29 Order, Triadou can find no indication that the

Court considered this argument.  Triadou therefore believes the Court overlooked this independent

basis to dismiss Almaty/BTA's conversion and constructive trust claims, and respectfully requests

that the Court reconsider its March 29 Order as to this argument.[12]

## CONCLUSION

For the reasons set forth above, the Court should grant Triadou's motion for partial

judgment on the pleadings and dismiss Almaty/BTA's claims for unjust enrichment, conversion,

---

[12] Notably, Almaty/BTA failed to address this argument in their opposition to Triadou's first Rule 12(c) motion, (*see* ECF 696), so any effort to oppose it on reconsideration should be deemed waived.

and constructive trust against Triadou where they have not pled in the alternative and where their allegations do not support an inference that Triadou was individually liable for those claims. In the alternative, the Court should reconsider the portion of its March 29 Order that Almaty/BTA may have pled a theory of individual liability in the alternative to the extent the Court overlooked Triadou's arguments and relevant case law on alternative pleading, and where it would be clearly erroneous not to reconsider that portion of the opinion in light of the weight of the case law. The Court should also consider Triadou's argument that Almaty/BTA's conversion and constructive trust claims are time-barred for reasons independent from alter ego liability, which it appears to have overlooked in the March 29 Order.

Dated: New York, New York
   April 12, 2019

Respectfully submitted,

**BLANK ROME LLP**

By:   *s/ Deborah A. Skakel*
   Deborah A. Skakel
   Alex E. Hassid
   Robyn L. Michaelson
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: (212) 885-5000
Facsimile: (212) 885-5001
dskakel@blankrome.com
ahassid@blankrome.com
rmichaelson@blankrome.com

*Counsel for Crossclaim Defendant*
*Triadou SPV S.A.*

23