# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174-0208
blankrome.com

*Phone:  (212) 885-5148*
*Fax:    (917) 591-7897*
*Email:  dskakel@blankrome.com*

April 19, 2019

**VIA EMAIL & ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 750
New York, New York 10007

   **Re:**  *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,*
      **No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

  We represent Triadou SPV S.A. ("Triadou") and submit this letter pursuant to Rule III.b of the Court's Individual Practices to respectfully request a pre-motion conference concerning a contemplated motion to preclude the City of Almaty, Kazakhstan and BTA Bank JSC (together, "Almaty/BTA") from using documents they produced *seven months* after the close of fact discovery. Despite knowing that Triadou had objections to this late production of more than 22,000 documents, Almaty/BTA filed on April 17, 2019 their own request for a pre-motion conference regarding a proposed motion for sanctions against non-party witness Gennady Petelin ("April 17 Letter"). The April 17 Letter makes clear that the linchpin of Almaty/BTA's proposed motion are the very documents Triadou will seek to preclude—which Almaty/BTA knew at the time they filed their letter. Because Triadou's and Almaty/BTA's expected motions are related, they can be addressed during the same pre-motion conference.

  On April 2, 2019, seven months after the close of fact discovery, Almaty/BTA's counsel transmitted to defendants' counsel a so-called "supplemental" production containing more than 22,000 documents, purportedly from a non-party foreign entity, SMP Partners Limited ("SMP"). After Triadou learned of the size, scope, and supposed provenance of these documents, it contacted Almaty/BTA to inform them that Triadou expected to have several objections to the production, and to request a meet-and-confer.

  Counsel for Triadou, the Khrapunov Defendants, and Almaty/BTA conferred on April 15, 2019. During the conference, counsel for Almaty/BTA represented that the production came from SMP, [REDACTED]

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Despite all of this activity concerning these SMP documents, Almaty/BTA never alerted the defendants—or this Court—to the existence of these documents or the possibility that Almaty/BTA might seek to produce them here.

The April 17 Letter perpetuates Almaty/BTA's gamesmanship, omitting critical details of their conduct on this subject. For example, the letter omits that BTA was aware in ***mid-2017***—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—that SMP Partners might possess relevant documents. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Almaty/BTA made no effort to formally request those documents in discovery in this case—not even after Triadou requested them while fact discovery was still ongoing in August 2018, in relation to Monstrey's second deposition.

Now, Almaty/BTA try to shift blame for their own dilatory behavior by pointing to their request to the defendants "to consent to a Hague request to SMP." (April 17 Letter at 2). However, they neglect to mention that their request came in ***February 2019***, months after fact discovery closed. Until that dilatory request, Almaty/BTA never raised the prospect of a Hague request to SMP or otherwise timely sought those documents.[1]

Equally as troubling is Almaty/BTA's misuse of the meet-and-confer process by stonewalling Triadou's requests for dates and related information as to how BTA just happened to learn of the SMP documents ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, then quickly filing their April 17 Letter that lays out the full chronology. That Almaty/BTA filed the April 17 Letter before responding to Triadou's information requests only confirms that Almaty/BTA wanted to rush their request for a pre-motion conference to tell their story before providing Triadou with complete information and, more egregious, to use the very documents that they knew Triadou was intending to seek to preclude.[2]

Triadou's upcoming motion will seek a protective order against Almaty/BTA's use of the documents as well as preclusion of the SMP documents, pursuant to Rules 26(c) and 37(c) of the Federal Rules of Civil Procedure. It is undisputed that Almaty/BTA produced the documents well after the close of fact discovery, and for reasons that Triadou will explain at the pre-motion conference and in its motion to preclude, the late production of more than 22,000 documents is highly prejudicial. Nor are Almaty/BTA's failures to formally seek or produce those documents in a timely fashion substantially justified or harmless, particularly given that they were aware that SMP could possess relevant documents as of mid-2017.

---

[1] Almaty/BTA cannot claim to have acted diligently by pointing to requests for cooperation from Ablyazov and Petelin where Almaty/BTA have repeatedly attacked both individuals for failing to cooperate in discovery. They could not have reasonably expected their request would suffice in lieu of seeking formal discovery. (*See* April 17 Letter at 2).

[2] Almaty/BTA's conduct is especially concerning given their counsel's assertion during the parties' conference that there was no urgency to addressing Triadou's concerns about the SMP documents, which would not be implicated until summary judgment or at trial. Almaty/BTA's counsel never even hinted that they would attempt to use these documents in a motion in the near future.

      Accordingly, Triadou respectfully requests a pre-motion conference to discuss its motion to preclude the exceedingly belated SMP production, which can be set at the same time as the conference Almaty/BTA requested in their April 17 Letter.[3]

                                          Respectfully submitted,

                                          *s/ Deborah A. Skakel*
                                          Deborah A. Skakel

---

[3] Triadou will also be prepared to provide argument regarding its pending motion for sanctions and to compel, as well as the pending motion regarding the mootness of the fraudulent transfer claims, should the Court wish us to address those pending motions.