**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 15-cv-05345 (AJN) (KHP) |
| MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV, VIKTOR KHRAPUNOV and TRIADOU SPV S.A., | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' OPPOSITION TO TRIADOU SPV S.A.'S SECOND MOTION FOR PARTIAL JUDGEMENT ON THE PLEADINGS OR, ALTERNATIVELY, PARTIAL RECONSIDERATION OF THE COURT'S MARCH 29, 2019 ORDER**

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Crossclaim Plaintiffs City of Almaty, Kazakhstan and BTA Bank*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ............................................................................................................... 2

ARGUMENT .................................................................................................................... 4

    I.    Triadou's Motion for Reconsideration Should Be Denied ................................. 4

        A.    The Reconsideration Standard ................................................................ 4

        B.    The Court Did Not "Overlook" Triadou's Argument that the Second
             Amended Crossclaims Do Not Reflect Alternative Pleading .................... 5

        C.    The Court Did Not Misapply the Law of Alternative Pleading in the
             March 29 Order ................................................................................... 7

        D.    The Court Did Not "Overlook" Triadou's Purported "Independent Basis"
             Argument ............................................................................................ 9

    II.    Triadou Cannot Challenge the Second Amended Crossclaims' Alternative
        Pleading in a Second, Successive Rule 12(c) Motion.............................................. 10

    III.    The Second Amended Crossclaims Allege Triadou's Individual Liability .......... 13

    IV.    If The Court Accepts Triadou's Arguments, the Kazakh Entities Should Be
        Allowed to Amend ............................................................................................ 18

CONCLUSION .................................................................................................. 19

## TABLE OF AUTHORITIES

**Cases**

*Adams v. United States*, 686 F. Supp. 417 (S.D.N.Y. 1988) ........................................................... 5

*Adler v. Pataki*, 185 F.3d 35 (2d Cir. 1999) ...................................................................... 9, 15

*Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895 (S.D.N.Y. 1997) ..................................... 11

*Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201(GEL), 2006 WL 587342 (S.D.N.Y. Mar. 9, 2006) ........................................................................................................................................ 12

*Carter v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 WL 247344 (S.D.N.Y. Jan. 20, 2015) ........... 17

*Croft v. AXA Equitable Life Ins. Co.*, No. 17-CV-9355 (JMF), 2018 WL 4007646 (S.D.N.Y. Aug. 22, 2018) ....................................................................................................................... 17

*CRST Expedited, Inc. v. TransAm Trucking, Inc.*, No. C16-52-LTS, 2018 WL 2016273 (N.D. Iowa Mar. 30, 2018) ............................................................................................................... 13

*De Sole v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 387 (S.D.N.Y. 2015) .................................. 15

*Division 1181 Amalgamated Transit Union v. R&C Transit, Inc.*, No. 16-cv-024841 (ADS)(ARL), 2018 WL 794572 (E.D.N.Y. Feb. 7, 2018) .......................................................... 11

*Fogel v. Chestnutt*, 668 F.2d 100 (2d Cir. 1981) ............................................................................ 8

*Hecklerco, LLC v. YuuZoo Corp. Ltd.*, 258 F. Supp. 3d 350 (S.D.N.Y. 2017) ....................... 5, 12

*Holman v. Indiana*, 211 F.3d 399 (7th Cir. 2000) ......................................................................... 9

*In re Campbell*, 539 B.R. 66 (S.D.N.Y. 2015) .......................................................................... 5, 7

*Johnson v. The Smithsonian Institution*, No. 97 Civ. 5190(VM), 2007 WL 3118866 (S.D.N.Y. Oct. 24, 2007) ....................................................................................................................... 10

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99 (2d Cir. 2013) ........................................................................................................................................... 5

*Lehman Bros. Commercial Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.*, No. 94 Civ. 8301 (JFK), 1995 WL 380119 (S.D.N.Y. June 26, 1995) ............................................... 17

*Marketplace LaGuardia Ltd. P'ship v. Harkey Enterprises, Inc.*, No. 07-CV-1003 (CBA), 2008 WL 905188 (E.D.N.Y. Mar. 31, 2008) ...................................................................................... 17

*Palmer v. N.Y. State Office of Court Admin.*, No. 00-CV-00110(HGM/GHL), 2007 WL 2362360 (N.D.N.Y. Aug. 13, 2007) ....................................................................................................... 12

*Sumner v. McCall*, 103 F. Supp. 2d 555 (N.D.N.Y. 2000) ............................................................ 8

The City of Almaty and BTA Bank (together, the "Kazakh Entities") respectfully submit this memorandum of law in opposition to Triadou's Second Motion for Partial Judgment on the Pleadings or, Alternatively, for Partial Reconsideration of the Court's March 29, 2019 Order (the "March 29 Order") [ECF No. 996].

## PRELIMINARY STATEMENT

Whatever Triadou may call it, its motion seeks reconsideration of the March 29 Order but fails to satisfy the stringent requirements for reconsideration in this District.  That is, there is no new evidence, intervening change in law, clear error by the Court, or manifest injustice warranting reconsideration.

Perhaps recognizing it could never clear the high bar for reconsideration, Triadou also purports to make new arguments in a new motion under Rule 12(c).  But this is nothing more than an end-run around Local Civil Rule 6.3's prohibition against presenting new arguments on a motion for reconsideration.  Triadou, as the Court correctly observed, simply "made no argument" regarding the sufficiency of the Second Amended Crossclaims' allegations that Triadou is individually liable for unjust enrichment, conversion, and constructive trust (the "Common Law Claims").  March 29 Order at 12.  It now purports to do just that — arguing that the Kazakh Entities' claims that Triadou was dominated by the Individual Defendants are inconsistent with Triadou being liable in its own right.

But it is too late. When a party fails to make an argument, that argument is waived – not material for seriatim motion practice.  Triadou failed to make this argument when it initially moved to dismiss the Common Law Claims, and when it sought judgment on the pleadings the first time around.  It cannot be resuscitated now by calling those intentionally passed-over arguments a new motion for judgment on the pleadings.   Were such a procedural gambit proper,

1

it would swallow Local Civil Rule 6.3.

And in any event, Triadou is simply wrong. The Second Amended Crossclaims alleged the Common Law Claims against Triadou both in its individual corporate capacity and as the alter ego of the Individual Defendants. There was nothing wrong with this; alternative pleading is proper and common. And companies can be liable in their corporate form while at the same time serving as alter egos of the individuals that control them. Nor was there some talismanic incantation that needed be recited for the Kazakh Entities to sue Triadou in multiple capacities. To the contrary, the liberal pleading standards in this Circuit permit an inference of alternative pleading and do not require that alternative pleadings be made in a technical form.

In short, even if Triadou's argument is considered (which it should not be), it must be rejected because it defies common sense and public policy. Triadou would have this Court find, in essence, that it is effectively immune from suit because although Triadou itself engaged in transactions within the relevant statute of limitations, it was so clearly dominated by criminals that were such good money launderers that they were able to hide their stolen funds long enough to outlast the statute of limitations – regardless of how many new acts of laundering and conversion they committed. Such a ruling would be contrary to law and would reward criminals for successfully orchestrating complex money laundering schemes to hide their stolen wealth.

## BACKGROUND

Although the Court is familiar with the background, *see* March 29 Order at 3-4, we briefly summarize the convoluted history leading to Triadou's most recent motion.

On October 12, 2015, the Kazakh Entities filed crossclaims against Triadou and the Individual Defendants. [ECF No. 49.] Triadou first moved to dismiss the Kazakh Entities' crossclaims on December 8, 2015. [ECF No. 84.] On June 21, 2016, the Court granted

2

Triadou's motion in part, dismissing the Kazakh Entities' alter ego and replevin claims, but leaving claims against the company for actual and constructive fraudulent transfer, unjust enrichment, conversion, constructive trust, and fraud and conversion under CPLR § 5239. [ECF No. 174.][1]  In that same order, the Court granted the Kazakh Entities' motion to join Mukhtar Ablyazov and Ilyas and Viktor Khrapunov (the "Individual Defendants") to the action.  [*Id.* at 3-6.][2]  At the same time, the Court granted the Kazakh Entities' motion to attach Triadou's assets in New York. [ECF No. 175.]

Almost immediately, the Individual Defendants appeared and moved to dismiss the crossclaims. [ECF Nos. 207, 210.]  In response to those motions, the Kazakh Entities gave notice on August 25, 2016 that they intended to amend their crossclaims.  [ECF No. 213.]  On August 26, 2016, the Court granted the Kazakh Entities leave to amend, limiting the amendment to allegations about the Individual Defendants. [ECF No. 214.]  On September 7, 2016, the Kazakh Entities filed the First Amended Crossclaims.  [ECF No. 219.]

On September 26, 2016, the Individual Defendants moved to dismiss the Kazakh Entities' First Amended Crossclaims on various grounds, including that the unjust enrichment, conversion, and constructive trust claims were barred by the applicable statutes of limitations. [ECF No. 227, 231.]  On September 26, 2017, the Court granted the Individual Defendants' motions to dismiss in part, denied the motions in part, and ordered further briefing on the statute of limitations question. [ECF No. 426.]  On October 5, 2017, the Kazakh Entities filed the

---

[1]     The fact that the Kazakh Entities originally brought a stand-alone alter ego claim is proof enough that the Common Law Claims were intended to be brought against Triadou in its individual capacity.

[2]     The Court also directed the parties to submit supplemental briefing on one of Triadou's arguments in support of its motion to dismiss the Kazakh Entities' RICO claims, which it granted on December 23, 2016. [ECF No. 257.]

Second Amended Crossclaims. [ECF No. 433.]  On March 27, 2018, after receiving supplemental briefing on the statute of limitations question, the Court dismissed the Common Law Claims against the Individual Defendants, finding that they were time-barred. [ECF No. 592].

On April 2, 2018, Triadou sought "clarification" of that order, arguing that the Common Law Claims against Triadou must also be dismissed because "the reasoning underlying the Court's holding appears to apply to all defendants." [ECF No. 602.]  On April 5, 2018, the Court denied Triadou's motion, confirming that its order dismissing the Common Law Claims against the Individual Defendants did not apply to Triadou.  [ECF No. 607.]

On May 11, 2018, Triadou moved for judgment on the pleadings under Rule 12(c), seeking some of the same relief it had previously sought in its motion for clarification.  [ECF No. 666.]  On March 29, 2019, the Court granted that motion in part, dismissing the Common Law Claims against Triadou to the extent that "Triadou is liable as an alter ego" of the Individual Defendants, but denying the motion "as to the Kazakh Entities' crossclaims that Triadou is individually liable for the same claims." [March 29 Order at 20.]

On April 12, 2019, Triadou filed the motion at issue here:  an application for reconsideration of the March 29 Order, or, alternatively, yet another motion for judgment on the pleadings under Rule 12(c).  [ECF No. 1023.]

## **ARGUMENT**

### I.   **Triadou's Motion for Reconsideration Should Be Denied**

Before turning to whether Triadou can bring another motion for judgment on the pleadings under Rule 12(c), which it cannot, we begin with its motion to reconsider the Court's denial of its previous Rule 12(c) motion, which fails.

### A.   The Reconsideration Standard

4

Local Rule 6.3 provides that reconsideration is proper where the moving party sets out "matters or controlling decisions which counsel believes the Court has overlooked." Local SDNY R. 6.3. A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple . . . ." *Hecklerco, LLC v. YuuZoo Corp. Ltd.*, 258 F. Supp. 3d 350, 356 (S.D.N.Y. 2017). A party may not "advance new facts or arguments" on a motion for reconsideration. *In re Campbell*, 539 B.R. 66, 76 (S.D.N.Y. 2015).

The standard for granting a motion for reconsideration is "'strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court.'" *Id.* (quoting *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). Taken together, these two aspects of the reconsideration standard limit what may form a proper basis of a motion for reconsideration: "'A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

Here, there was no intervening change in controlling law or discovery of new evidence that would support reconsideration of the Court's March 29 Order. Further, Triadou does not argue that reconsideration is needed to prevent "manifest injustice." Instead, Triadou argues that the Court committed "clear error" in overlooking two of Triadou's arguments from its first motion for judgment on the pleadings and by misapplying the law of alternative pleading. ECF No. 1094 ("Triadou Br.") at 18-22.

B. The Court Did Not "Overlook" Triadou's Argument that the Second Amended Crossclaims Do Not Reflect Alternative Pleading

5

Triadou claims the Court overlooked its argument that the Second Amended Crossclaims did not plead Triadou's individual liability in the alternative.  More specifically, Triadou claims the Court missed one of two arguments it allegedly raised in a single, two-sentence footnote in its reply brief.  Triadou Br. at 18; *see* ECF No. 702 at 5 n.6.  That footnote reads:

> Almaty/BTA's contention that they are entitled to plead in the alternative[] is of no moment, as the Crossclaims do not reflect such pleading. Almaty/BTA have pled their allegations, including for the common law claims at issue, collectively against the Individual Defendants and Triadou, without differentiation.

*Id.* (citations and quotation marks omitted).

The footnote was plainly making one argument: that the Second Amended Crossclaims did not reflect alternative pleading.  That argument was presented in the first sentence and then explained in the second sentence, where Triadou alleged (wrongly) that the Kazakh Entities pled their claims collectively against Triadou and the Individual Defendants, "without differentiation." *Id.*

The Court addressed this very argument.  The March 29 Order explained that Triadou's first response to the Kazakh Entities' alternative pleading argument was to "point[] out that the Second Amended Crossclaims do not reflect pleading in the alternative, since the Kazakh Entities pleaded their allegations collectively against the Individual Defendant[s] and Triadou without differentiation." March 29 Order at 11.  The Court considered both the general statement of Triadou's argument (there was no pleading in the alternative) *and* Triadou's justification for that argument (claims were pleaded against all the defendants "without differentiation").  It then rejected Triadou's argument.  March 29 Order at 11.

In an effort to escape the Court's consideration and rejection of the one argument presented, Triadou now attempts to split its argument into two, effectively arguing that the Court was required to separately address every sentence in its brief. *See* Triadou Br. at 18-19.  Triadou

claims that the Court "pointed only to the argument that the Common Law Claims were pled without differentiation among the defendants; it did not address Triadou's first argument that the [Second Amended Crossclaims do] not reflect alternative pleading." *Id.* at 19.  But the March 29 Order explicitly stated that Triadou had argued that "the Second Amended Crossclaims do not reflect pleading in the alternative."  March 29 Order at 11.  The Court then went on to explain that the Second Circuit has "no requirement that the alternative pleadings be made in a technical form," rejecting Triadou's argument that the structure of the Second Amended Crossclaims did not indicate alternative pleading. *Id.*

Triadou is conflating two different arguments, one that it *did* make (and that the Court rejected) and one that it *did not* make.  The argument Triadou made in its earlier briefing is that the Second Amended Crossclaims do not reflect the Kazakh Entities' intention to plead individual liability to Triadou in the alternative to the alter ego theory.  *See* ECF No. 702 at 5 n.6.  The argument Triadou did not make (as the Court correctly noted in the March 29 Order) is that the Second Amended Crossclaims failed to state a claim as to Triadou's liability under the Common Law Claims on an individual theory.  These are two different arguments, and Triadou cannot use reconsideration in an attempt to undo its failure to make an argument in the previous round of briefing. *See In re Campbell*, 539 B.R. at 76 (stating that a party may not "advance new facts or arguments" on a motion for reconsideration).[3]

C.  The Court Did Not Misapply the Law of Alternative Pleading in the March 29 Order

Triadou argues that the Court committed clear error because it misapplied the Second Circuit's law of alternative pleading in the March 29 Order.  First, Triadou argues that the

---

[3]   To the extent the Court is inclined to consider Triadou's argument regardless, the Kazakh Entities explain below in Point III how the Second Amended Crossclaims plead Triadou's individual liability for the Common Law Claims.

Court's finding that the Kazakh Entities pleaded individual liability in the alternative was "clearly erroneous." Triadou Br. at 21. As the Kazakh Entities explain in detail below, however, there was no error in this finding, much less clear error, because the Second Amended Crossclaims sufficiently alleged the Common Law Claims against Triadou individually.

The standard for a motion for reconsideration that seeks "to correct a clear error of law or prevent manifest injustice" is "demanding." *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000). "It is not enough . . . that defendants could now make a more persuasive argument . . . . [M]ere doubt on our part is not enough to open the point for full reconsideration. The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) (Friendly, *J.*) (internal quotation marks omitted). Triadou has pointed to no point of law that should give the Court "a clear conviction of error."

Besides arguing that the Second Amended Crossclaims did not, in fact, plead individual liability for Triadou in the alternative (an argument that the Court already considered and rejected, and is wrong in any event for the reasons explained below), Triadou advances just one argument in support of its motion for reconsideration: that the Court "misinterpreted the law to the extent" that the March 29 Order implies "that the Second Circuit is more permissive on the issue of alternative pleading" than the Seventh Circuit. *Id.*

Triadou's argument comparing the Second and Seventh Circuit's rules on alternative pleading is beside the point. The Court's comparison of the standards from the two circuits took the form of a single *compare* citation; there is no indication that the Court relied on any difference in the Second and Seventh Circuit rules. In fact, the opposite is true. The Court was clear that the basis of its decision that the Second Amended Crossclaims pleaded claims in the

alternative was the Second Circuit's lack of any "requirement that . . . alternative pleadings be made in a technical form." March 29 Order at 11. This conclusion relied on *Adler v. Pataki*, 185 F.3d 35 (2d Cir. 1999), a controlling Second Circuit case holding that allegations that are not explicitly pleaded "in the alternative" should nonetheless be so construed "when drawing all inferences in favor of the nonmoving party." *Id.* at 41. Regardless of whether the Seventh Circuit's decision in *Holman v. Indiana*, 211 F.3d 399 (7th Cir. 2000) is consistent with *Adler* or not, *Adler* is the law in this Circuit, and *Adler* alone supports the Court's decision.[4]

### D.   The Court Did Not "Overlook" Triadou's Purported "Independent Basis" Argument

Grasping for any potential error it can find, Triadou also claims it "can find no indication that the Court considered" its argument that the Kazakh Entities' conversion and constructive trust claims should be dismissed for the supposedly independent reason that those claims accrued when the initial embezzlement occurred, no later than 2009. Triadou Br. at 22. But Triadou did not explain in its first motion for judgment on the pleadings, and does not explain in this Motion, how this argument is independent of the argument the Court has addressed repeatedly — namely, that the Common Law Claims were time-barred against Triadou for the same reasons as against the Individual Defendants. [*See* ECF No. 592.]

In the March 29 Order, the Court noted Triadou's argument that "it should be awarded judgment on the pleadings on the [Common Law Claims] for the same reason the Court granted the Individual Defendants' motion to dismiss those claims." March 29 Order at 4. Later on, the Court stated that "Triadou's motion hinges on the simple question whether the argument the Court relied on in dismissing the [Common Law Claims] against the Individual Defendants

---

[4]    Nor would applying *Holman* help Triadou. The Seventh Circuit stated that plaintiffs "need not use particular words to plead in the alternative" but must instead "use a formulation from which it can be reasonably inferred that this what they were doing." *Holman*, 211 F.3d at 407. As explained below, The Kazakh Entities did just that.

warrants dismissal of the same claims against Triadou." *Id.* at 8.  Nothing in Triadou's one-paragraph "independent" argument, coming at the end of its first motion for judgment on the pleadings, provides an explanation for how the "independent reason" supports rejecting the Kazakh Entities' pleading of Triadou's individual liability on statute of limitations grounds. [*See* ECF No. 667 at 14-15.]  And nothing in Triadou's Motion identifies this as an issue that the Court "demonstrably did not consider" in the March 29 Order. *Johnson v. The Smithsonian Institution*, No. 97 Civ. 5190(VM), 2007 WL 3118866, at *1 (S.D.N.Y. Oct. 24, 2007).

In fact, it is clear that the "independent reason" only supports dismissing the alter ego theory of Triadou's liability for the constructive trust and conversion claims, which the Court already did in the March 29 Order.  In its first motion for judgment on the pleadings, Triadou noted that the "Court treated accrual with respect to Ilyas Khrapunov as occurring at the same time as for Viktor Khrapunov and Ablyazov." [ECF No. 667 at 14.]  Based on that fact, Triadou argued that the Court should find that the claims against Triadou accrued at the same time.  [*Id.*]  Triadou argued that the claims against it accrued at the same time because of its status as an alter ego of the Individual Defendants.  Triadou thus made no argument that any claims of Triadou's individual liability accrued at the same time, which is exactly what the Court concluded Triadou failed to argue.

* * *

For all of these reasons, Triadou has failed to establish any error, much less clear error, warranting reconsideration of the Court's March 29, 2019 Order.

## II.   Triadou Cannot Challenge the Second Amended Crossclaims' Alternative Pleading in a Second, Successive Rule 12(c) Motion

Triadou's first motion for judgment on the pleadings "made no argument that the Kazakh Entities' allegations are insufficient to state a plausible claim that Triadou is individually liable"

for the Common Law Claims.  March 29 Order at 12.  Triadou now attempts to remedy that

defect with a second, successive motion for judgment on the pleadings that raises the missing

argument.  This is impermissible for at least two reasons.  First, Triadou waived the argument by

failing to raise it in connection with its first motion for judgment on the pleadings.  Second,

Triadou cannot bring two motions for judgment on the pleadings on the same issue.

 The Kazakh Entities responded to Triadou's first motion for judgment on the pleadings

by, among other things, explaining that they were "entitled to plead in the alternative."  ECF No.

696 at 7.  As Triadou acknowledges, its first motion for judgment on the pleadings did not

address whether the Kazakh Entities' individual liability claims were sufficient to state a claim:

> In its June 1, 2018 reply in support of its first Rule 12(c) motion,
> Triadou responded in a footnote to what appeared to be a throw-
> away point from Almaty/BTA. (ECF 702). Specifically, Triadou
> advanced two arguments against the single sentence in which
> Almaty/BTA posited its entitlement to plead in the alternative: first,
> that the theory was irrelevant because the SAC "do[es] not reflect
> such pleading, (see ECF 433)"; and second, that Almaty/BTA pled
> their allegations for the Common Law Claims "collectively against
> the Individual Defendants and Triadou, without differentiation,"
> (ECF 702 at 5 n.6).

Triadou Br. at 5.  Triadou now seeks to make a new argument in opposition to the Kazakh

Entities' claim that they are entitled to plead in the alternative:  that the Second Amended

Crossclaims are "inconsistent" with a theory of Triadou's individual liability.  *See* Triadou Br. at

9-16.  But it waived any "inconsistency" argument by failing to raise it in its reply brief on its

first motion for judgment on the pleadings.  *Cf. Division 1181 Amalgamated Transit Union v.

R&C Transit, Inc.*, No. 16-cv-024841 (ADS) (ARL), 2018 WL 794572, at *4 (E.D.N.Y. Feb. 7,

2018) (collecting cases holding that the "'failure to provide argument on a point at issue

constitutes abandonment of the issue'" (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F.

Supp. 895, 907 n.11 (S.D.N.Y. 1997))); *Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201(GEL),

2006 WL 587342, at *5 n.6 (S.D.N.Y. Mar. 9, 2006) (finding that argument is abandoned if not raised in reply brief in response to argument made in opposition brief).

Even if the argument were not already waived, Triadou's successive Rule 12(c) motion is improper.  This District has adopted local rules and ample precedent disfavoring reconsideration motions because of the burdens they place on the Court and litigants.  A motion for reconsideration plainly cannot be used to "relitigat[e] old issues," present "new theories," or "otherwise tak[e] a second bite at the apple."  *Hecklerco*, 258 F. Supp. 3d at 356.  But Triadou seeks to do just that under the guise of a motion under Rule 12(c).  If Triadou's successive Rule 12(c) motion on the very same issue it already addressed in a Rule 12(c) motion were permitted, there would be no need for Local Rule 6.3, at least in the Rule 12 context.  Any defendant seeking to dismiss a claim could have as many bites at the apple as it wanted by filing successive motions under Rule 12(c).[5]

Moreover, while the Federal Rules make clear that a Rule 12(c) motion for judgment on the pleadings for failure to state a claim may follow a Rule 12(b)(6) motion to dismiss, *see* Fed. R. Civ. P. 12(h)(2)(B), it is not at all clear that successive Rule 12(c) motions are permissible, particularly where, as here, they address the same issues.  Indeed, the Rules are silent on the availability of successive Rule 12(c) motions.  *See generally* Fed. R. Civ. P. 12.

Research has revealed only one district court decision in the Second Circuit that addressed successive Rule 12(c) motions — *Palmer v. N.Y. State Office of Court Admin.*, No. 00-CV-00110(HGM/GHL), 2007 WL 2362360 (N.D.N.Y. Aug. 13, 2007).  There, the Northern

---

[5]     Triadou suggests that the only limit on its ability to file successive Rule 12(c) motions is timeliness, and then argues that its motion is timely because no trial date has been set.  As discussed above, that is incorrect.  But Triadou is correct that no trial date has been set.  As fact discovery is closed and the parties have exchanged affirmative expert reports, the Kazakh Entities respectfully request that the Court set a trial date in this matter.

District of New York rejected a defendant's argument that a plaintiff could not bring a third motion for judgment on the pleadings by relying on a provision of Rule 12 that "specifically permits a defense of failure to state a claim upon which relief can be granted to be made in a motion for judgment on the pleadings." *Id.* at *4; *see* Fed. R. Civ. P. 12(h)(2)(B). But the court did not explain its reasoning or address how the relevant language from Rule 12 applies to multiple motions under Rule 12(c).

At least one other court has rejected *Palmer* in a reasoned decision. In *CRST Expedited, Inc. v. TransAm Trucking, Inc.*, No. C16-52-LTS, 2018 WL 2016273 (N.D. Iowa Mar. 30, 2018), the Northern District of Iowa considered and rejected *Palmer* because the *Palmer* court failed to explain its reasoning. *Id.* at *5. The judge in *CRST Expedited* held instead that successive Rule 12(c) motions were impermissible because they were incompatible with the purpose of both Rule 12, which is to "prevent unnecessary delay," and with Rule 1, by inviting "abusive tactics designed to cause delay and increase the cost of litigation." *Id.* Successive motions for judgment on the pleadings undermine the Federal Rules' preference for streamlined, efficient, and fair litigation.

In this case, Triadou has moved to dismiss at least twice, moved for clarification, moved for judgment on the pleadings, and now moved for reconsideration and/or for judgment on the pleadings again. This is the opposite of streamlined and efficient litigation. The Court should bar Triadou from raising a new argument in a second Rule 12(c) motion that it could have raised in its first Rule 12(c) motion.

## III.   The Second Amended Crossclaims Allege Triadou's Individual Liability

Triadou's motion fails on the merits in any event because the Second Amended Crossclaims adequately plead claims against Triadou in its individual corporate capacity.

The three Common Law Claims at issue — unjust enrichment, conversion, and

constructive trust — were pleaded against Triadou and the Individual Defendants.  ECF No. 433

¶¶ 174-186.  Although the pleadings refer to the defendants collectively, the inference that they

are alleged in the alternative against each defendant individually is straightforward because they

incorporate sufficient allegations to sustain claims against both Triadou and the Individual

Defendants.

Looking at unjust enrichment, for example, the cause of action states that the "Crossclaim

Defendants" (meaning, as relevant here, Triadou and the Individual Defendants) "were unjustly

enriched at the expense of the City of Almaty and BTA Bank . . . ." *Id.* ¶ 175.[6]  This statement

clearly provides that Triadou, Ablyazov, and the Khrapunovs were all unjustly enriched at the

expense of the Kazakh Entities.  Triadou was a beneficiary of the unjust enrichment, just as

Ablyazov and the Khrapunovs were beneficiaries.  Had the Kazakh Entities intended to say that

only the criminal enterprise was enriched, they would have used the construction of that

enterprise used elsewhere in the Second Amended Crossclaims (including later in the same

paragraph):  the Ablyazov-Khrapunov Group.  *Id.* (referring to "wrongfully-taken assets held by

the Ablyazov-Khrapunov Group").

This conclusion is supported by looking at the specific allegations made about Triadou's

involvement. The Second Amended Crossclaims allege that the "Ablyazov-Khrapunov Group

sought to fund Triadou's investments with money from the Ablyazov-controlled entity Telford."

*Id.* ¶ 98.  The Crossclaims then go on to explain Triadou's role in the conspiracy with regard to

the Flatotel investment:

> Triadou attempted to transfer Telford's funds held in FBME for the
> Flatotel and Cabrini deals through banks in Luxembourg, but those
> banks refused to accept wire transfers from the Ablyazov-

---

[6]    The same construction is used for the conversion and constructive trust claims. *See id.* ¶¶
178-180, 185.

> Khrapunov Group's FBME accounts . . . . Bourg [Triadou and
> SDG's agent] then contacted Chetrit about alternative wire transfer
> arrangements. . . . Bourg then directed a series of wire transfers, *on
> behalf of Triadou*, from Telford's accounts at FBME directly to
> Chetrit's counsel.

*Id.* ¶¶ 103-104 (emphasis added).  The Crossclaims include similar allegations regarding the

Cabrini investment:

> Through Triadou, the Ablyazov-Khrapunov Group entered a second
> investment with the Chetrit Group shortly thereafter. In late 2012,
> Triadou agreed to invest $12 million in the Cabrini Medical Center
> conversion . . . . Due to increasing scrutiny on the Ablyazov-
> Khrapunov Group's finances, the contemplated $12 million
> investment become impossible. Bourg discussed this obstacle with
> Chetrit, who agreed that Triadou should invest $6 million . . . . In
> return for this $6 million investment, Triadou would receive a
> promissory note and the right to convert that note into equity . . . .

*Id.* ¶¶ 111-112.  Triadou's involvement in the assignment of the Flatotel and Cabrini interests

back to Chetrit is also detailed in the Crossclaims:

> Bourg, acting on behalf of Triadou and at the direction of the
> Ablyazov-Khrapunov Group, agreed to assign Triadou's interest in
> the Flatotel back to the Chetrit Group . . . . At the same time, Bourg
> executed a release of the promissory note that Triadou held entitling
> it to equity in the Cabrini Medical Center development.

*Id.* ¶ 118.  The fact that Triadou's actions were directed by the Individual Defendants and others

does not absolve Triadou of responsibility for its involvement in these schemes.  Indeed,

corporations always act through individuals and can be held responsible for those individuals'

actions.  *See, e.g.*, *De Sole v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 387, 416 (S.D.N.Y. 2015)

(summarizing New York law of respondeat superior, which provides that the actions of an

officer, employee or agent may impute liability on a corporation).  The Kazakh Entities thus

pleaded claims alleging that Triadou is liable for the Common Law Claims as both an alter ego

of the Individual Defendants *and* in its individual capacity.  *See Adler*, 185 F.3d at 41 (inferring

alternative pleading where plaintiff's attorney "declared—although not very clearly—that . . .

15

claims were pled in the alternative").

The Court should reject Triadou's argument that the Second Amended Crossclaims contain allegations that are "inconsistent" with alternative pleading.  Triadou Br. at 14.  Triadou argues that it cannot be a "nominee entity owned, controlled, and funded by the Ablyazov-Khrapunov Group" that was formed "for the purposes of converting the stolen funds into valuable New York City real estate," as alleged in the Second Amended Crossclaims, [ECF No. 433 ¶ 1], and also be individually liable.  *See* Triadou Br. at 15.

But whether it was a nominee entity created to further other transactions or whether it had its own independent business operations, the Second Amended Crossclaims allege that Triadou took actions with respect to the Flatotel and Cabrini investments that form the basis of the Common Law Claims.  If the purpose of a special purpose vehicle is to "insulate a parent entity from financial risk or liability," [ECF No. 433 ¶ 87], which Triadou does not dispute, plaintiffs must be able to plead claims against the SPV for conduct orchestrated by its parent or controlling parties, or there will be no entity to sue — the parent will be insulated from suit and the SPV will be immune from suit.  If there is no entity to sue, then a criminal enterprise could essentially render itself immune from suit by hiding all of their stolen money in shell companies that they totally dominate and control. Such an outcome both defies common sense and is against public policy.

And in any event, the Second Circuit's permissive rule for alternative pleading "permits pleadings that posit two inconsistent legal relationships between the parties."  *See* March 23 Order at 11.  So even if Triadou were right that the allegations of Triadou's status as a wholly-owned investment vehicle ultimately controlled by the Individual Defendants was inconsistent with Triadou's individual liability, the Kazakh Entities were free to (and did) include allegations

16

that establish an alternative theory of Triadou's individual liability.

Triadou's argument also is not supported by the cases it cites. Triadou relies heavily on *Marketplace LaGuardia Ltd. P'ship v. Harkey Enterprises, Inc.*, No. 07-CV-1003 (CBA), 2008 WL 905188 (E.D.N.Y. Mar. 31, 2008), including for its incorrect conclusion that a plaintiff cannot claim alternative pleading where the plaintiff "has alleged facts demonstrating that its [alternative] claim is legally precluded." *Id.* at *7; *see* Triadou Br. at 11. In *Marketplace LaGuardia*, the plaintiff included a conclusory allegation that the defendant gained no economic advantage from a breach in support of a prima facie tort claim (of which one element is action without excuse or justification). *Id.* But, notwithstanding the one conclusory allegation of "no economic advantage," the complaint included several allegations that the defendant had breached the contract to gain an economic advantage in negotiations. *Id.* Judge Amon sensibly concluded that the extensive allegations of economic interest directly contradicted the single, conclusory, allegation of no economic advantage and dismissed the prima facie tort claim. *Id.* at *8.[7]

There is no such contradictory pleading in the Second Amended Crossclaims. The Kazakh Entities have alleged that Triadou is a special purpose vehicle ultimately controlled by Ablyazov and the Khrapunovs. The Kazakh Entities have also alleged that Triadou was directly involved in the conduct that gives rise to the unjust enrichment, conversion, and constructive

---

[7]    The same argument applies to Triadou's other cases — they all involve clear factual contradictions. *See Croft v. AXA Equitable Life Ins. Co.*, No. 17-CV-9355 (JMF), 2018 WL 4007646, at *3 n.2 (S.D.N.Y. Aug. 22, 2018) (rejecting unsubstantiated claim made in opposition brief that event triggering statute of limitations occurred a year after the complaint alleged it did); *Carter v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 WL 247344, at *7 (S.D.N.Y. Jan. 20, 2015) (noting that complaint's allegation that favorable positions were awarded based on favoritism was inconsistent with plaintiff's claim of gender discrimination); *Lehman Bros. Commercial Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.*, No. 94 Civ. 8301 (JFK), 1995 WL 380119, at *3 (S.D.N.Y. June 26, 1995) (finding that allegation that individual was an employee of one defendant was inconsistent with separate allegation that the same individual had authority to bind a different defendant).

trust claims, through the actions of the Individual Defendants as well as other corporate officers, such as Bourg. *See* Part III.A-C above.  These allegations support Triadou's liability in its individual corporate capacity, while the allegations of Triadou's control by the Individual Defendants supports the Individual Defendants' liability for Triadou's conduct related to the Flatotel and Cabrini investments.

## IV.    If The Court Accepts Triadou's Arguments, the Kazakh Entities Should Be Allowed to Amend

In the unlikely event that Court were to grant Triadou's motion, the Kazakh Entities should be granted leave to amend their crossclaims to clarify the claims against Triadou in its individual corporate capacity.  Triadou has never argued, in support of any of its motions under Rules 12(b) or 12(c), that the Second Amended Crossclaims fail to state a claim upon which relief can be granted as to the Common Law Claims against Triadou.  Rather, it takes issue with the form of the pleadings.  With the benefit of discovery (and even before), there is ample evidence of Triadou's role that, when added to the counterclaims, will clarify that Triadou is individually liable for its actions.  Such an amendment would not alter the schedule or require additional discovery, and would be akin to amendment to conform pleadings to the facts, which are commonly permitted during or after summary judgment or trial.  *See Myers v. Moore*, 326 F.R.D. 50, 61 (S.D.N.Y. 2018) (describing Fed. R. Civ. P. 15(b)(2) amendments to conform the pleadings to the evidence).  Given that Triadou has, by its own admission, not raised this argument previously, fairness requires giving the Kazakh Entities an opportunity to cure any defect that the Court may identify in its pleadings.

## <u>CONCLUSION</u>

For the foregoing reasons, Triadou's motion should be denied.

Dated:   New York, New York
         April 26, 2019

                                        Respectfully,

                                         /s/ Matthew L. Schwartz
                                        Matthew L. Schwartz
                                        Peter M. Skinner

                                        BOIES SCHILLER FLEXNER LLP
                                        55 Hudson Yards
                                        New York, New York 10001
                                        Telephone: (212) 446-2300
                                        Facsimile: (212) 446-2350
                                        E-mail: mlschwartz@bsfllp.com