UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>    Crossclaim Plaintiffs,<br><br> - against -<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>    Crossclaim Defendants. | ECF Case<br><br>No. 1:15-cv-05345 (AJN) (KHP) |

**TRIADOU'S ANSWER AND AFFIRMATIVE DEFENSES
TO THE THIRD AMENDED CROSSCLAIMS OF ALMATY AND BTA BANK**

  Crossclaim Defendant Triadou SPV S.A. ("Triadou"), submits its Answer to the Third Amended Crossclaims (ECF 1094) of the City of Almaty, Kazahstan ("Almaty") and BTA Bank JSC ("BTA") (together, "Almaty/BTA"), and responds as follows:

**INTRODUCTION**

  1. Denied.

  2. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 2, and therefore denies those allegations.

  3. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 3, and therefore denies those allegations.

  4. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 4, and therefore denies those allegations.

  5. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 5, and therefore denies those allegations.

1

6. Triadou denies that its investments in the Flatotel and Cabrini Medical Center condominium conversion projects were part of the Ablyazov-Khrapunov Group's alleged efforts to hide stolen wealth. Triadou lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 6, and therefore denies those allegations.

7. Denied.

8. Triadou denies the allegations set forth in Paragraph 8, except that Triadou admits that funds it used to invest in New York real estate were transferred through FBME Bank Ltd. to the escrow account of the Chetrit Group's attorneys.

9. Triadou denies the allegations set forth in Paragraph 9 to the extent the allegations relate to real estate projects in which Triadou invested. To the extent the allegations reach other real estate projects, Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 9, and therefore denies those allegations.

10. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10, and therefore denies those allegations.

11. Denied.

12. Triadou admits that on May 13, 2014, the City of Almaty filed an action in federal court in California against several individuals, including Ilyas Khrapunov, but denies the remaining allegations set forth in Paragraph 12.

13. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in the first two sentences of Paragraph 13, and therefore denies those allegations. Triadou denies the remaining allegations set forth in Paragraph 13.

14. The statements set forth in Paragraph 14 constitute legal conclusions to which no response is required. To the extent any response is required, Triadou denies the allegations set forth in Paragraph 14.

## THE PARTIES

15. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 15.

16. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 16.

17. Triadou admits that it is a special purpose investment vehicle incorporated under the laws of Luxembourg, and that SDG Capital S.A. was Triadou's ultimate parent company, but denies the remaining allegations set forth in Paragraph 17.

18. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 18.

19. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 19.

20. Admitted.

21. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 21, and therefore denies those allegations.

## JURISDICTION AND VENUE

22. Triadou denies the allegations set forth in Paragraph 22, as there no longer exists a viable basis for subject matter jurisdiction in light of the Court's dismissal of Almaty/BTA's RICO Crossclaims. (*See* ECF No. 257).

23. Paragraph 23 states legal conclusions to which no response is required. Triadou nonetheless denies that the basis for jurisdiction set forth in Paragraph 23 exists due to the Court's dismissal of the Amended Interpleader Complaint. (*See* ECF No. 103).

24. Paragraph 24 states legal conclusions to which no response is required. Triadou nonetheless responds that the basis for jurisdiction set forth in Paragraph 24 does not apply to this action, as there are no claims brought against Almaty/BTA. (*See* ECF No. 103).

25. Paragraph 25 states legal conclusions to which no response is required. To the extent any response is required, Triadou denies that diversity jurisdiction exists in this action because all remaining parties are aliens.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Triadou denies that venue is proper in this Court because there is no longer a basis for jurisdiction here.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Triadou admits that this Court has personal jurisdiction over it for purposes of this matter, but lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 27, and therefore denies those allegations.

## FACTUAL BACKGROUND

28. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 28, and therefore denies those allegations.

29. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29, and therefore denies those allegations.

30. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30, and therefore denies those allegations.

31. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31, and therefore denies those allegations.

32. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 32, and therefore denies those allegations.

33. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33, and therefore denies those allegations.

34. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34, and therefore denies those allegations.

35. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35, and therefore denies those allegations.

36. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 36, and therefore denies those allegations.

37. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 37, and therefore denies those allegations.

38. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 38, and therefore denies those allegations.

39. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 39, and therefore denies those allegations.

40. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 40, and therefore denies those allegations.

41. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 41, and therefore denies those allegations.

42. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 42, and therefore denies those allegations.

43. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 43, and therefore denies those allegations.

44. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 44, and therefore denies those allegations.

45. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 45, and therefore denies those allegations.

46. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46, and therefore denies those allegations.

47. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 47, and therefore denies those allegations.

48. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 48, and therefore denies those allegations.

49. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 49, and therefore denies those allegations.

50. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 50, and therefore denies those allegations.

51. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 51, and therefore denies those allegations.

52. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 52, and therefore denies those allegations.

53. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 53, and therefore denies those allegations.

54. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 54, and therefore denies those allegations.

55. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 55, and therefore denies those allegations.

56. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 56, and therefore denies those allegations.

57. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 57, and therefore denies those allegations.

58. Triadou admits that SDG Capital S.A. was formed in part by Ilyas Khrapunov, but otherwise denies the allegations regarding SDG Capital S.A.  Triadou lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 58, and therefore denies those allegations.

59. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 59, and therefore denies those allegations.

60. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 60, and therefore denies those allegations.

61. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 61, and therefore denies those allegations.

62. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 62, and therefore denies those allegations.

63. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 63, and therefore denies those allegations.

64. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 64, and therefore denies those allegations, except Triadou responds that the Public Prosecutor of Geneva has not, at any time, seized or frozen assets belonging to SDG or Triadou.

65. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 65, and therefore denies those allegations.

66. Triadou denies the allegations set forth in Paragraph 66 to the extent they are directed at or intended to include Triadou. Triadou lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 66, and therefore denies those allegations.

67. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 67, and therefore denies those allegations.

68. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 68, and therefore denies those allegations.

69. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 69, and therefore denies those allegations.

70. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 70, and therefore denies those allegations.

71. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 71, and therefore denies those allegations.

72. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 72, and therefore denies those allegations.

73. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 73, and therefore denies those allegations.

74. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 74, and therefore denies those allegations.

75. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 75, and therefore denies those allegations.

76. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 76, and therefore denies those allegations.

77. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 77, and therefore denies those allegations.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 85, and therefore denies those allegations.

86. Triadou admits that it was formed under the laws of Luxembourg as a special purpose vehicle wholly-owned by SDG, but otherwise denies the allegations set forth in Paragraph 86.

87. Triadou admits that it was formed as a special purpose vehicle and that Nicolas Bourg was the director of Triadou at the time of its formation. Triadou denies the remaining allegations set forth in Paragraph 87.

88. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 88, and therefore denies those allegations.

89. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 89, and therefore denies those allegations.

90. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 90, and therefore denies those allegations.

91. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 91, and therefore denies those allegations.

92. Triadou admits that it invested with the Chetrit Group in the Flatotel and Cabrini Medical Center developments in New York, but denies the remaining allegations set forth in Paragraph 92.

93. Admitted.

94. Admitted.

95. Triadou admits that the Chetrit Group invested in the Flatotel and Cabrini properties. Triadou otherwise lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 95, and therefore denies those allegations.

96. Admitted.[1]

97. Triadou admits the first allegation in Paragraph 97, but otherwise denies the remaining allegations in Paragraph 97 as phrased.

98. Denied.

99. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 99, and therefore denies those allegations.

100. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 100, and therefore denies those allegations.

101. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 101, and therefore denies those allegations.

102. Triadou denies the allegations set forth in Paragraph 102 to the extent they are directed at, or intended to include, Triadou, or the funds from Telford invested by Triadou. Triadou lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 102, and therefore denies those allegations.

103. Denied.

104. Triadou admits that Telford International Limited wired funds directly to the Chetrit Group's counsel, and that those wire transfers routed through FBME. Triadou denies the remaining allegations set forth in Paragraph 104.

105. Denied.

106. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 106, and therefore denies those allegations.

---

[1] Triadou's admission is caveated by the fact that Paragraph 96 uses the term "Counterclaim Defendants," of which there are none in this action.

11

107. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 107, except states the July 2014 "FinCEN" document speaks for itself, and Triadou respectfully refers the Court to that document for a true and complete statement of its contents.

108. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 108, except states the referenced documents speak for themselves, and Triadou respectfully refers the Court to those documents for true and complete statements of their contents. Triadou also lacks sufficient knowledge or information to admit or deny the allegations set forth in Footnote 1 to Paragraph 108, and therefore denies the allegations in the Footnote. Triadou responds, however, that in September 2016, FBME won a second injunction against the FinCEN rule.

109. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 109, except states the document speaks for itself, and Triadou respectfully refers the Court to that document for a true and complete statement of its contents.

110. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 110, and therefore denies those allegations.

111. Triadou admits that it agreed to invest in the Cabrini Medical Center condominium development project, which was a joint venture between the Chetrit Group and another private developer, but denies the remaining allegations set forth in Paragraph 111.

112. Triadou admits that it agreed to invest $6 million in the Cabrini Medical Center project, and that it was to receive a promissory note and the right to convert that note into equity in the entity holding the Chetrit Group's interest in Cabrini, 227 East 19th Holder, LLC, but denies the remaining allegations set forth in Paragraph 112.

113. Triadou denies the allegations set forth in Paragraph 113, except admits that the funds it used to invest in the Cabrini project came from Telford International Limited, and that the funds were transferred through FBME to the Chetrit Group's attorneys' escrow account.

114. Triadou admits that on May 13, 2014, Almaty filed a lawsuit in California federal court against several individuals, including Ilyas Khrapunov, and that the caption, case number, and dismissal date set forth in Paragraph 114 are correct. Triadou lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 114, and therefore denies those allegations.

115. Denied.

116. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 116, and therefore denies those allegations.

117. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 117, and therefore denies those allegations.

118. Triadou admits that in August 2014, it assigned its interest in the Flatotel back to the Chetrit Group for substantial consideration, which has not yet been paid. Triadou denies the remaining allegations set forth in Paragraph 118.

119. Triadou lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 119, and therefore denies those allegations.

120. Triadou refers the Court to the cited recording for a complete and accurate recital of the information contained therein. Triadou otherwise states that it lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 120, and therefore denies those allegations.

121. Triadou refers the Court to the cited recording for a complete and accurate recital of the information contained therein.  Triadou otherwise states that it lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 121, and therefore denies those allegations.

122. Triadou refers the Court to the cited recording for a complete and accurate recital of the information contained therein.  Triadou otherwise states that it lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 122, and therefore denies those allegations.

123. Triadou refers the Court to the cited recording for a complete and accurate recital of the information contained therein.  Triadou otherwise states that it lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 123, and therefore denies those allegations.

124. Admitted.

125. Paragraph 125 states a legal conclusion to which no response is required.  To the extent a response is required, Triadou admits that each of the referenced state court actions seek money from the Chetrit Group owed to Triadou, but otherwise denies the allegations set forth in Paragraph 125.

126. Paragraph 126 states a legal conclusion to which no response is required.  To the extent a response is required, Triadou denies the allegations set forth in Paragraph 126.

**FIRST THROUGH FIFTH CAUSES OF ACTION (RICO) – DISMISSED**

127. In response to Paragraph 127, Triadou repeats and re-alleges its responses to Paragraphs 1 through 126 as if fully set forth herein.

128. Paragraphs 128 through 161 are allegations related to claimed violations of the RICO Act, which were dismissed by the Court's Order on December 23, 2016 (ECF No. 257).

Triadou therefore does not respond to those allegations. To the extent any response is required, Triadou denies the allegations set forth in Paragraphs 128 through 161.

### SIXTH CAUSE OF ACTION – ACTUAL FRAUDULENT TRANSFER

129. In response to Paragraph 162, Triadou repeats and re-alleges its responses to Paragraphs 1 through 161 as if fully set forth herein.

130. Paragraph 163 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 163.

131. Paragraph 164 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 164.

132. Paragraph 165 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 165.

133. Paragraph 166 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 166.

134. Paragraph 167 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 167.

### SEVENTH CAUSE OF ACTION – CONSTRUCTIVE FRAUDULENT TRANSFER

135. In response to Paragraph 168, Triadou repeats and re-alleges its responses to Paragraphs 1 through 167 as if fully set forth herein.

136. Paragraph 169 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 169.

137. Paragraph 170 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 170.

138. Paragraph 171 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 171.

139. Paragraph 172 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 172.

140. Paragraph 173 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 173.

### EIGHTH CAUSE OF ACTION – UNJUST ENRICHMENT

141. In response to Paragraph 174, Triadou repeats and re-alleges its responses to Paragraphs 1 through 173 as if fully set forth herein.

142. Paragraph 175 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 175.

143. Paragraph 176 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 176.

### NINTH CAUSE OF ACTION – CONVERSION

144. In response to Paragraph 177, Triadou repeats and re-alleges its responses to Paragraphs 1 through 176 as if fully set forth herein.

145. Paragraph 178 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 178.

146. Paragraph 179 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 179.

147. Paragraph 180 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 180.

### TENTH CAUSE OF ACTION – CONSTRUCTIVE TRUST

148. In response to Paragraph 181, Triadou repeats and re-alleges its responses to Paragraphs 1 through 180 as if fully set forth herein.

149. Paragraph 182 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 182.

150. Paragraph 183 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 183.

151. Paragraph 184 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 184.

152. Paragraph 185 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 185.

153. Paragraph 186 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 186.

## ELEVENTH CAUSE OF ACTION – CPLR § 5239

154. In response to Paragraph 187, Triadou repeats and re-alleges its responses to Paragraphs 1 through 186 as if fully set forth herein.

155. Paragraph 188 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 188.

156. Paragraph 189 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 189.

157. Paragraph 190 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 190.

158. Paragraph 191 states a legal conclusion to which no response is required. To the extent a response is required, Triadou denies the allegations set forth in Paragraph 191.

## TWELFTH CAUSE OF ACTION – CPLR § 5303

159. In response to Paragraph 192, Triadou repeats and re-alleges its responses to Paragraphs 1 through 191 as if fully set forth herein.

160. Triadou does not respond to the allegations in Paragraphs 193 through 198, which pertain to a claim against Defendant Ablyazov only (*see* ECF 426 at 53). Triadou further states that Paragraphs 193 through 198 state legal conclusions to which no response is required, but to the extent any response is required, Triadou denies those allegations.

### THIRTEENTH CAUSE OF ACTION – CPLR § 5303 FOR JUDGMENT RECOGNITION AGAINST ILYAS KHRAPUNOV

161. In response to Paragraph 199, Triadou repeats and re-alleges its responses to Paragraphs 1 through 198 as if fully set forth herein.

162. Triadou does not respond to the allegations in Paragraphs 200 through 208, which pertain to a claim against Defendant Ilyas Khrapunov only, (ECF 1094 at 49). Triadou further states that Paragraphs 200 through 208 state legal conclusions to which no response is required. To the extent any response is required, Triadou lacks sufficient knowledge and information to admit or deny the allegations in Paragraphs 200 through 208, and therefore denies those allegations.

### DEMAND FOR A JURY TRIAL

163. Triadou demands a jury trial on all claims for which trial by jury is available.

### AFFIRMATIVE DEFENSES

164. The Crossclaims are barred, in whole or in part, because the Court lacks subject matter jurisdiction.

165. The Crossclaims are barred, in whole or in part, because the allegations fail to state claims upon which relief may be granted.

166. The Crossclaims are barred, in whole or in part, by the doctrine of unclean hands.

167. Almaty/BTA's Crossclaims for Actual and Constructive Fraudulent Conveyance are barred, in whole or in part, because the transactions at issue involved bona fide purchasers.

168. Almaty/BTA's Crossclaims for Actual and Constructive Fraudulent Conveyance are barred, in whole or in part, because Almaty/BTA obtained possession of the property that is the subject of those claims.

169. Almaty/BTA's Crossclaims for Actual and Constructive Fraudulent Conveyance are barred, in whole or in part, because Triadou did not have the requisite intent.

170. Almaty/BTA's Crossclaim for Conversion is barred, in whole or in part, by the statute of limitations.

171. Almaty/BTA's Crossclaim for Unjust Enrichment is barred, in whole or in part, by the statute of limitations.

172. Almaty/BTA's Crossclaim for a Constructive Trust is barred, in whole or in part, by the statute of limitations.

173. The Crossclaims as against Triadou are barred, in whole or in part, because Almaty/BTA have suffered no injury or damages due to any act or omission by Triadou.

## RESERVATION OF RIGHTS

174. Triadou reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

WHEREFORE, Triadou respectfully requests an order and judgment as follows:

i. Dismissing the Third Amended Crossclaims in their entirety with prejudice;

ii. Awarding Triadou its attorneys' fees and costs;

iii. Lifting the attachment of Triadou's funds and assets in New York;

iv. Awarding Triadou damages flowing from the attachment; and

v. Awarding Triadou any other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>July 12, 2019 | Respectfully submitted,<br><br>BLANK ROME LLP<br><br>By:   s/Deborah A. Skakel  <br>       Deborah A. Skakel<br>       Alex E. Hassid<br>       Robyn L. Michaelson<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 885-5000<br>Facsimile: (212) 885-5001<br>dskakel@blankrome.com<br>ahassid@blankrome.com<br>rmichaelson@blankrome.com<br><br>*Attorneys for Crossclaim Defendant Triadou SPV S.A.* |