UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/15/2019

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

    Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

    Defendants.

**OPINION ADDRESSING MOTION FOR RECONSIDERATION OF REPORT & RECOMMENDATION**

1:15-CV-05345 (AJN) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On July 3, 2019, this Court issued an Opinion and Report and Recommendation recommending that Defendant Mukhtar Ablyazov be sanctioned pursuant to Federal Rule of Civil Procedure 37 ("Rule 37") for his failure to comply with his discovery obligations. (Doc. No. 1101.) Ablyazov has submitted a letter requesting reconsideration on the grounds that this Court overlooked his submission opposing Plaintiffs' Motion for Sanctions at Docket Number 949. (Doc. No. 1104.)

Ablyazov opposed sanctions being imposed against him for a number of reasons, none of which compel a different conclusion as to his failure to comply with his discovery obligations. To start, Ablyazov argues that he did not try to resist his deposition in France. This argument is specious, as evidenced by the fact that his deposition was noticed in December of 2016, around the time he was released from prison (Doc. No. 949, 1), and that, as of August of 2017, he had not consented to comply with that request. (*See* Doc. No. 386, 1-2.) This necessitated motion practice to compel his attendance at a deposition. (*See* Doc. Nos. 813 and 816.)

Ablyazov also refused to provide his consent to allow Plaintiffs' attorneys in the United Kingdom ("U.K.") to share documents he filed in the U.K. legal proceedings with Plaintiffs' counsel in the United States. He appears to argue that his consent would not permit disclosure of those documents. Indeed, Ablyazov contends that, to obtain the documents, Plaintiffs must secure authorization from the presiding court in the U.K. because that court allegedly enjoined the dissemination of those documents outside of those proceedings. However, Ablyazov does not provide any legal authority for this statement. Nor does his argument make sense, insofar as any confidentiality order protecting these documents would protect him and, thus, he would have authority to relinquish such protection. Furthermore, this Court ordered Ablyazov to produce documents—thus he separately failed to comply with this Court's orders. In sum, any order of protection issued by a U.K. court does not excuse Ablyazov's compliance with the Federal Rules of Civil Procedure and this Court's discovery orders. The same is true for any documents submitted in French court proceedings, to the extent Ablyazov makes the same argument. *See Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the Southern District of Iowa*, 482 U.S. 522, 540–45 (1987) (finding that, under the circumstances of that case, the Hague Convention's procedures regarding foreign service did not deny a United States court of the authority to order a party subject to its jurisdiction to produce evidence).

Ablyazov argues that information sought from him was irrelevant and that he does "not have any documents in [his] possession that [he] wanted to contribute." (Doc. No. 919-10, 112:02-04 (Ablyazov Tr. vol. 1).) He also contends that some documents were publicly available on the internet. None of these arguments excuse his failure to produce documents. Relevance is broadly defined for purposes of discovery. *See State Farm Mut. Auto. Ins. Co. v. Fayda*, No.

14 Civ. 9792 (WHP)(JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), *adopted by* No. 14 Civ. 9792 (WHP)(JCF), 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016) ("Relevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978))); *see also Edebali v. Bankers Standard Ins. Co.*, No. CV 14-7095 (JS)(AKT), 2016 WL 4621077, at *1 (E.D.N.Y. Sept. 6, 2016) ("Rule 26(b)(1), as amended on December 1, 2015, recognizes that '[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case.'" (alterations in original) (quoting Rule 26 Advisory Committee Notes to 2015 Amendments)).

Plaintiffs demonstrated, and this Court found, that the documents they sought in discovery were relevant to their claims and Ablyazov's defenses. *See State Farm Mut. Auto. Ins. Co.*, 2015 WL 7871037, at *2; (*see also* Doc. No. 922, 15.) Moreover, Ablyazov never demonstrated during the discovery period that the discovery sought was disproportionate or would subject him to undue burden or expense. *See State Farm Mut. Auto. Ins. Co.*, 2015 WL 7871037, at *2. "General and conclusory objections as to relevance, overbreadth, or burden," such as the ones made by Ablyazov, "are insufficient to exclude discovery of requested information." *Melendez v. Greiner,* No. 01 Civ. 7888 (SAS) (DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Thus, his blanket assertion that the documents Plaintiffs seek are not relevant to this action do not excuse his non-compliance with discovery. Therefore, Ablyazov's arguments that he should not be sanctioned for not producing documents and information he deems irrelevant (including phone numbers related to various applications and accounts he used and various email addresses) are without merit.

Ablyazov also fails to explain which documents sought by Plaintiffs were equally available to Plaintiffs and Ablyazov from a public source. Any suggestion that the Kazaword website was equally available to all parties is incorrect, as this Court previously found.[1] (*See* Doc. No. 418.) Moreover, the mere fact that this Court ordered the Khrapunovs to produce information they downloaded from the Kazaword website does not excuse Ablyazov from producing information in his custody and control. Indeed, neither Plaintiffs nor this Court have any way of knowing whether the documents produced by the Khrapunovs comprised the entirety of the documents posted on that site.

Additionally, Ablyazov explains that he refused to provide the names of certain individuals who could be witnesses because they would be faced with risk of torture and detention in Kazakh prison if their names became public. This explanation is inadequate. As Ablyazov well knows, this case deals with voluminous amounts of sensitive information that has been kept out of the public record pursuant to this Court's Protective Order. To the extent Ablyazov had concerns about disclosing these names, he could have designated them Confidential or sought a separate protective order. He did neither. For the same reason, Ablyazov's excuse for not providing certain account names out of fear of being hacked is without merit. To the extent Ablyazov contends that he simply did not remember the names of

---

[1] Ablyazov also claims that the documents published on the Kazaword site were published by the online news portal "Respublika." However, he did not specify the documents that were purportedly published on this site. Moreover, because Ablyazov asserts that Respublika "relied on the same 'Kazaword' archive," it is unclear whether the documents Plaintiffs seek would even be retrievable from the Respublika website. (Doc. No. 949, 6.)

people who assisted him with his finances and business, his contentions are not credible for the reasons set forth in this Court's Report and Recommendation at Docket Number 1101.[2]

To the extent Ablyazov argues that he did not fail to answer interrogatories, this Court already credited him with responding to them, despite the fact that he provided blanket denials. (Doc. No. 1101, 10-11; *see also* Doc. No. 922, 15, 15 n.15.) This Court similarly credited Ablyazov with participating in discovery conferences. Indeed, his meager participation in discovery tipped the balance in this Court's decision to deny Plaintiffs' request that a default judgment be entered against him. (Doc. No. 1101, 17.) Instead, this Court recommended that the Court draw an adverse inference against Ablyazov, for purposes of determining liability, as a sanction for his failure to produce relevant documents over which he has custody and control and his failure to provide full and credible responses to deposition questions and interrogatories concerning his financial assets, financial advisors, and money managers.

For all these reasons, Ablyazov's request for reconsideration (Doc. No. 1104) is denied. This Opinion shall be deemed a supplement to this Court's prior Report and Recommendation at Docket Number 1101. Additionally, this Court will strike the following sentences from that Report and Recommendation because they are erroneous: "Ablyazov did not submit any response to this Motion"; "Ablyazov did not oppose the instant Motion brought by Plaintiffs, though he is clearly aware of it because he participated in conferences with this Court in which

---

[2] Ablyazov argues that he provided the names of two of his nominees, but did not provide documentation of this by citing to his deposition transcript or any other source. According to the portions of the transcript cited by the parties, Plaintiffs' counsel stated that Ablyazov remembered some of the nominees working for President Nazarbayev, but none of his own. (Doc. No. 919-10, 157:18-23 (Ablyazov Tr. vol 2).) Notably, Ablyazov failed to state the names of the nominees he purportedly disclosed during his deposition in his opposition brief.

the Motion was discussed and has been served with the Motion"; and "Ablyazov's failure to respond to Plaintiffs' Sanctions Motion indicates that his conduct has been willful." This Court grants Ablyazov's request for an extension of time to file an objection to the Report and Recommendation, as supplemented by this decision. (*See* Doc. No. 1104.) Ablyazov shall have seventeen days after the date of this decision to file an objection, and Plaintiffs shall have fourteen days to respond to any such objection.

**SO ORDERED.**

Dated: July 15, 2019
New York, New York

*Katharine H Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge