

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

August 5, 2019

**BY ECF AND ELECTRONIC MAIL**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Suite 1950
New York, New York 10007

      Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
             Case No. 15 Civ. 5345 (AJN) (KHP)

Dear Judge Parker:

      We represent the City of Almaty, Kazakhstan and BTA Bank (together, the "Kazakh Entities").  While we have no desire to try the Court's patience with additional submissions, we are compelled to briefly respond to certain material contained in Triadou's reply in further support of its motion to preclude the so-called SMP Partners evidence [ECF No. 1122], which relies on evidence with respect to which the Court has already issued a protective order in the Kazakh Entities' favor.

- Triadou continues to argue that the Kazakh Entities used the Republic of Kazakhstan "as a secret proxy (or perhaps, the other way around) in seeking the SMP Documents."  Reply at 7.  The fact that Triadou does not have a theory as to who is in charge of whom underscores the total absence of evidence on this point. To smooth over this hole, Triadou resorts on reply to citing and relying upon the hacked "Kazaword" documents that were produced by Ilyas Khrapunov.  *Id.* at 8.  This Court has already issued a protective order, however, limiting the use of those documents to (i) informing questions at depositions, and (ii) being used to refresh a witness's recollection.  [ECF No. 369].  The Court held that the hacked documents "may not be introduced as deposition exhibits and a witness shall not be required to authenticate a hacked document during a deposition while the California case is pending."  *Id.*  The Court then adhered to this decision on reconsideration, [ECF No. 418], and adhered to it once again after the just-mentioned "California case" ended, [ECF No. 766].  Triadou's reliance on these unauthenticated and hacked documents is totally inappropriate, not to mention irrelevant as they say nothing about SMP Partners or Monstrey.

- Similarly, Triadou's request that BTA produce Nurlan Nurgabylev at any evidentiary hearing on the SMP Partners documents has no basis other than that Mr. Nurgabylev is mentioned in the hacked documents.  Reply at 10.  Triadou – employing its favorite baseless rhetorical flourish – argues that "it is not coincidental" that Mr. Nurgablyev worked at the Republic of Kazakhstan's Ministry of Justice before he worked at BTA.  But there is no evidence to support the claim that Mr. Nurgablyev's movement from the Ministry of Justice to BTA was part of its imagined conspiracy.  The revolving door between government and private industry – and between Justice Departments and banks – exists the world-over.  Triadou's



argument also misunderstands the role of the Ministry of Justice in Kazakhstan, which is a civil agency.  Unlike in the U.S., where a single Department of Justice has responsibility for civil and criminal matters, the Minister of Justice is the top civil lawyer in Kazakhstan whereas the Prosecutor General is the top criminal prosecutor.  *Compare* http://prokuror.gov.kz/eng *with* http://www.adilet.gov.kz/en.  For that reason, all Mutual Legal Assistance Treaties involving Kazakhstan of which we are aware – the primary formal mechanism for obtaining evidence from abroad in criminal matters – designate the Prosecutor General's Office as the "central authority" for purposes of issuing and responding to requests for international assistance.  *See, e.g.*, Kazakhstan-UK MLAT, Article 3(4), available at https://bit.ly/31f3XF7; Kazakhstan-U.S. MLAT, Article 2(2), available at https://bit.ly/2KdTDY9.  Moreover, Mr. Nurgabylev left BTA in August 2018 and was therefore not involved in anything having to do with SMP Partners.  Triadou's request that he appear at a hearing is nothing more than an attempt to backdoor the hacked documents into the record.  We appreciate that, having no substantive defense to the claims in this action, Triadou and the other defendants have resorted to an attack-the-investigation strategy, but this witness simply has no relevant information on the SMP Partners issue.[1]

Other aspects of Triadou's reply grossly misstate the relevant factual record.  For example, Triadou argues that the Kazakh Entities "directly contradict[ed]" themselves on when Frank Monstrey's importance to this case became evident.  Reply at 3 (citing ECF No. 722 and one of Triadou's own letters).  The cited document, however, does not support Triadou's assertion.  An unredacted copy is attached to the e-mailed version of this letter for the Court's convenience.  Other portions of Triadou's reply are equally off-base, and the Kazakh Entities will be prepared to address those aspects of Triadou's argument at any hearing or argument on the motion.

Thank you for your consideration.

Respectfully,

 /s/  Matthew L. Schwartz
Matthew L. Schwartz

---

[1]   If the Court believes that Mr. Nurgabylev's testimony is for some reason needed, the Kazakh Entities will of course make every effort to make him available but reiterate that he is a former employee and no longer in BTA's control.