# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:   (212) 885-5148
Fax:     (917) 591-7897
Email:   dskakel@blankrome.com

August 5, 2019

**VIA ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 750
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
      **No. 15-CV-5345 (AJN)(KHP)**

Dear Judge Parker:

We represent Triadou SPV S.A. ("Triadou") and respectfully submit this brief response to the improper sur-reply filed today by the City of Almaty and BTA Bank, JSC (together "Almaty/BTA"), (ECF 1134), eleven days after Triadou submitted its reply in support of its motion to preclude the SMP documents (ECF 1122, filed on July 25, 2019). Almaty/BTA contest Triadou's right to rely on the Kazaword documents and offer improper argument regarding the evidence and contents of Triadou's reply brief–all without leave of Court. This Court has already instructed the parties "to refrain from filing additional letters and briefs beyond that ordered," (ECF 901 at 1), and for this reason alone, the Court should strike Almaty/BTA's letter.[1]

But more centrally, Almaty/BTA's letter should be struck because there is no basis in law or in fact to preclude Triadou from relying on the Kazaword documents. The Court's July 19, 2017 protective order concerning the use of the Kazaword documents was, on its face, limited to the Khrapunov defendants. (ECF 369 at 9-10 ("the Khrapunovs may only (i) ask questions in depositions informed by the hacked documents and (ii) use the documents to refresh a witness's recollection . . ."); *see also id.* (instructing the Khrapunovs to write to this Court or Judge Nathan "to seek further direction"). Almaty/BTA neglect to include this language in their impermissible sur-reply. (ECF 1134 at 1).

The July 2017 Order did not purport to impose any restrictions on Triadou's use of the Kazaword documents—Triadou was not accused of hacking the documents and took no part in the briefing related to the issue. Further, Almaty/BTA's hacking lawsuit was dismissed with prejudice—after three amendments to the Complaint, (*see* Ex. 1)[2]—which makes it even more inappropriate that Almaty/BTA now seek to preclude Triadou from using the documents.

---

[1] Triadou recognizes that it did not seek leave for this response, but it could not leave the record uncorrected, particularly in view of the upcoming evidentiary hearing on August 8, 2019.

[2] The docket for the Northern District of California reflects that the hacking case has closed, and Triadou could find no indication that the decision was appealed. Given that the Court's July 2017 Order was largely premised on

BLANKROME

Hon. Katharine H. Parker
Page 2

   Regarding Triadou's request for Nurlan Nurgabylov to appear at any evidentiary hearing, it is concerning that Almaty/BTA object to providing BTA's 30(b)(6) witness. Moreover, Triadou did not argue that Nurgabylov should be called because of his role in the SMP document production; rather, Triadou requested his attendance because, as Almaty/BTA put it, how the "revolving door" between government and private entities operates in Kazakhstan is salient here.

   The Court also should disregard Almaty/BTA's remaining arguments regarding the nature of the connection between Kazakh agencies and other description of the evidence as classic sur-reply, for which Almaty/BTA did not seek leave or obtain permission to file.

   Quite simply, Almaty/BTA's letter is frivolous and impermissible. To avoid any further confusion, the Court should confirm that its July 2017 Order did not and does not apply to Triadou, (*see* ECF 369), and should strike the remainder of Almaty/BTA's letter. Thank you for your consideration.

             Respectfully submitted,

              *s/ Deborah A. Skakel*
              Deborah A. Skakel

---

Kazakhstan's now-dismissed lawsuit, (*see, e.g.*, ECF 369 at 10 (disallowing introduction of Kazaword documents while California hacking case "is pending")), there is even less of a basis to restrict Triadou's use of those documents.