# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

*Phone:*   *(212) 885-5148*
*Fax:*     *(917) 591-7897*
*Email:*   *dskakel@blankrome.com*

October 4, 2019

**VIA EMAIL & ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 750
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            No. 15-CV-5345 (AJN)(KHP)

Dear Judge Parker:

      We represent Triadou SPV S.A. ("Triadou") and submit this letter-motion for sanctions against the City of Almaty and BTA Bank JSC (together "Almaty/BTA")—in the form of striking the deposition of Kairat Sadykov and precluding his testimony at trial—for willful violation of the Court's order limiting the scope of Sadykov's deposition. Despite the Court's clear instruction, (ECF 1160), Almaty/BTA sought to elicit from Sadykov discovery concerning topics beyond authentication of the Tradestock spreadsheets that were supposed to be the subject of his deposition (which he also could not authenticate), ███████████████████████████████████████████. Triadou also submits this letter pursuant to the Court's instruction at the September 12, 2019 hearing to provide an update regarding the deposition of a witness to authenticate the SMP documents.

      **Almaty/BTA Willfully Violated the Court's September 4 Order**. The Court should strike Sadykov's deposition and strike him as a witness from Almaty/BTA's Rule 26 disclosures as a sanction for Almaty/BTA's willful violation of the Court's September 4, 2019 Order limiting the scope of Sadykov's deposition. Specifically, the Court's September 4 Order stated that "[t]he Court will permit Plaintiffs to add Akzhan Moldakhmet and Kairat Sadikov to their 26(a) disclosures as witnesses for purposes of authentication of certain spreadsheets relating to the Tradestock transaction and permit limited scope depositions of them; . . . Plaintiffs may question their own witnesses as to authenticity of the spreadsheets and may ask related foundational questions." (ECF 1160).

      Federal Rule of Civil Procedure 37(b) empowers district courts to sanction a party for failing to comply with a discovery order, and affords several available sanctions including "prohibiting that party from introducing designated matters into evidence." *See also Flaherty v. Filardi*, No. 03 Civ. 2167 (LTS) (HBP), 2009 WL 3762305, at *5 (S.D.N.Y. Nov. 10, 2009) (citing Fed. R. Civ. P. 37(b)(2)(A)(vii)) (Rule 37(b) covers various types of discovery orders, including protective orders). And while bad faith is not required to impose sanctions under Rule 37(b),

"'intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary sanctions.'" *Vaigasi v. Solow Mgmt. Corp.*, 11 Civ. 5088 (RMB) (HBP), 2016 WL 616386, at *19 (S.D.N.Y. Feb. 16, 2016) (quoting *Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003)). Whether to impose sanctions "'is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion.'" *Id.* (citation omitted). Courts consider factors including, "'(a) willfulness or bad faith of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party.'" *Metro. Opera Ass'n*, 212 F.R.D. at 220 (quoting *In re Sumitomo Copper Litig.,* 204 F.R.D. 58, 60 (S.D.N.Y. 2001)).

Here, Sadykov's testimony confirms that Almaty/BTA misrepresented to the Court their need for his testimony to authenticate the Tradestock spreadsheets, as he testified that he had not seen those spreadsheets before he met with Almaty/BTA's counsel to prepare for his deposition. (Ex. 1 at 45:4-46:7; *see also id.* at 33:11-19 ("I did not see this document because it was created by -- was not created by me. It was created after me"); *id.* 38:3-11 (noting that he was not responsible for operations pertaining to UKB-6 after 2005)).[1] Further, counsel for Almaty/BTA repeatedly asked questions beyond the scope permitted by the Court's September 4 Order in attempts to elicit broader discovery from Sadykov untethered to authenticating the spreadsheets or obtaining related foundation. (*See, e.g.*, Ex. 1 at 14:9-17:10). In one particularly egregious instance, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.* at 29:10-33:6).

The Court's September 4 Order was clear and unambiguous that Almaty/BTA "may question their own witnesses as to authenticity of the [Tradestock] spreadsheets and may ask related foundational questions." (ECF 1160). Almaty/BTA's violations of that Order were met with defendants' counsels' repeated objections, reminders of the Court's instructions—which were read into the record—and warnings of the potential consequences. Almaty/BTA's flagrant disregard for the September 4 Order cannot be construed as anything other than willful, "intentional behavior" sufficient to "justify severe disciplinary sanctions." *Vaigasi*, 2016 WL 616386, at *19. Almaty/BTA should therefore be prohibited from introducing Sadykov's improper deposition testimony and from producing him at trial.[2]

---

[1] Sadykov's full deposition transcript is attached so the Court has a complete picture as to the questioning by Almaty/BTA and the repeated objections by Triadou and the Khrapunovs. And because the parties' positions were exchanged during the deposition, Almaty/BTA was on notice of Triadou's position and the basis for its motion; Triadou therefore did not seek an additional conference before filing this letter (which would have been futile).

[2] Sanctions are also appropriately granted here pursuant to the Court's inherent power to punish for contempt, as the September 4 Order is clear and unambiguous, the proof of intentional non-compliance throughout the deposition is clear and convincing, and Almaty/BTA's conduct does not reflect diligent or reasonable effort to comply with the Court's Order. *In re Yerushalmi*, No. 8-07-72816-478, 2011 WL 65739, at *3-4 (Bankr. E.D.N.Y. Jan. 10, 2011). Triadou also seeks, under either standard, attorneys' fees incurred in connection with preparing for and conducting the Sadykov deposition (which, as shown above, was unnecessary), and for this letter-motion, as such sanctions are proper under the circumstances. *See id.* at *4 (awarding costs incurred in connection with depositions and briefing); *Flaherty*, 2009 WL 3762305, at *5 (noting an award of attorney's fees is required under Rule 37 absent substantial justification or "other circumstances that make an award of expenses unjust").

**BLANKROME**

October 4, 2019
Page 3

**Deposition of a Witness from the Republic of Kazakhstan**.  During the parties' trip to Kazakhstan, counsel for Almaty/BTA indicated that they expected to produce a representative of the Republic of Kazakhstan's ("ROK") Prosecutor General's Office, Baurzhan Kurmanov, to "authenticate" the SMP documents.  While Triadou had reservations regarding whether Kurmanov (as an ***ROK*** representative) could in fact authenticate any documents from ***SMP Partners***, Triadou agreed to proceed with the deposition on the chance that this outstanding issue might be resolved.

Kurmanov was deposed on Tuesday, September 24, 2019.  Counsel for Almaty/BTA first examined the witness ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

That leaves as an outstanding issue a potential deposition of a witness from SMP Partners with the ability to actually authenticate the documents provided by IOM.  (ECF 1164; ECF 1167).  Given that Almaty/BTA implied in their opposition to Triadou's preclusion motion that a witness from SMP Partners would be available, (ECF 1118 at 20 & n.9)—and one was not—Triadou believes the risk that those documents cannot be authenticated should lie with Almaty/BTA.  Almaty/BTA's Amended Rule 26 Disclosures do not identify any witness from SMP Partners, and they did not seek leave to add such a witness (despite the parties' substantial briefing on the issue).  Consequently, Triadou does not believe Almaty/BTA will be able to call any such witness at trial.

If, however, the Court ultimately allows Almaty/BTA to again belatedly amend their Rule 26 disclosures to add a witness from SMP Partners, and if Almaty/BTA are able to procure the attendance of such a witness at trial, Triadou submits that it should be permitted *at that time* to conduct a deposition.  Until then, pursuing such a deposition through a Hague request will only delay progression of the case, and likely unnecessarily so if Almaty/BTA either are not permitted or are not able to procure the attendance of an SMP Partners witness at trial.

Finally, Triadou also wishes to alert the Court that, similar to Sadykov's deposition, Almaty/BTA attempted to use Kurmanov's deposition to authenticate documents not covered by the Court's Order.  Although the deposition's purpose was specifically to enable Triadou to examine a witness on the authenticity of the SMP documents only, (ECF 1167 at 2), ███████████████████████████████████████████████████████████████████████████████████████████.  Triadou's counsel objected to this questioning as plainly beyond the scope of the Court's Order, but this gambit echoes Almaty/BTA's attempt to expand the scope of Sadykov's deposition, and thus reflects a pattern of ignoring clear and unambiguous Court orders.  This repeated, intentional conduct further justifies imposition of the sanctions Triadou requested above.  *See Metro. Opera Ass'n*, 212 F.R.D. at 220.

BLANKROME

October 4, 2019
Page 4

    Thank you for your consideration.

                                        Respectfully submitted,

                                        *s/ Deborah A. Skakel*
                                        Deborah A. Skakel