USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/07/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

        -against-

        Plaintiffs,         **OPINION & ORDER**
        **15-CV-05345 (AJN) (KHP)**

MUKHTAR ABLYAZOV, ILYAS KHRAPUNOV, VIKTOR KHRAPUNOV, and TRIADOU SPV S.A.,

        Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On July 3, 2019, this Court issued an Opinion & Order & Report & Recommendation (the "July Opinion") sanctioning Defendant Mukhtar Ablyazov for failing to participate in discovery. (Doc. No. 1101.) The Court awarded Plaintiffs their attorneys' fees and costs associated with various motions to compel discovery from Ablyazov, including his appearance for a deposition, and fees and costs associated with Plaintiff's Motion for Sanctions. (*Id.*) At this Court's instruction, Plaintiffs filed the instant motion setting forth their fees incurred. (Doc. No. 1173.) Although the Court provided Ablyazov with time to respond to the instant motion, he has not filed an objection. The Court notes that Ablyazov did file an objection to this Court's July Opinion, and that objection remains outstanding. The Court's ruling on Plaintiffs' fee application is set forth below.

## **LEGAL STANDARD**

A district court exercises "considerable discretion" in awarding attorneys' fees. *See Millea v. Metro-North R. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), *superseded on other grounds as recognized in Acker v. General Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *TufAmerica Inc. v. Diamond*, No. 12-CV-3529 (AJN), 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984), *reconsideration granted in part*, 2016 WL 3866578 (S.D.N.Y. July 12, 2016), *further reconsideration granted in part,* 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018).

Attorneys' fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id*. at *3 (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. New York State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011). When evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted). Courts in this district also have recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the [reasonable hourly] rate." *In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99 Civ. 0962(RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006). Finally, the Court may adjust base hourly rates to account for case-specific variables. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 183–184.

When evaluating hours expended, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)). In determining whether hours are excessive, "the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Samms v. Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord Alicea v. City of New York,* 272 F. Supp. 3d 603, 608–09 (S.D.N.Y. 2017); *TufAmerica Inc.*, 2016 WL 1029553, at *3.

The Court also looks at the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter. Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 187. Likewise, the Court may consider the purpose of the award; that is, a different presumptively reasonable fee may be warranted if the fee is being awarded as a sanction for misconduct than if the fee is being awarded in connection with a successful outcome in a statutory fee-shifting case. For example, in *Klipsch Group, Inc. v. ePRO E-Commerce Ltd.*, the Second Circuit

recently upheld a trial court's imposition of more than $2.5 million in discovery sanctions in a case with only $20,000 in controversy, recognizing that "courts routinely award [discovery] sanctions without any discussion of the ultimate merits recovery." 880 F.3d 620, 633–34 (2d Cir. 2018). The Court explained that "[d]iscovery sanctions are different" than fee awards in civil cases, reasoning that "a party that disregards its obligations may create a reasonable suspicion that further investigation is warranted, and thereby imposes costs on its adversary that would never have been incurred . . . . In that situation, the offended adversary's counsel is not being rewarded for its success in the litigation; rather, the adversary is simply being compensated for costs it should not have had to bear." *Id*. at 364.

## **DISCUSSION**

Plaintiffs seek $203,743 in attorneys' fees in connection with the various motions to compel and sanctions motions filed by Plaintiff to obtain discovery from Ablyazov. The attorneys who performed this work were Matthew Schwartz, Peter Skinner, Craig Wenner, Daniel Boyle, Elise Milne, Andrew Chesley, Alexandra Jumper, Valecia Battle, and paralegal Sophie Roytblat. All are employed by the law firm Boies Schiller Flexner LLP ("BSF"). All are highly credentialed and competent professionals. The Court previously considered and summarized the credentials of Schwartz, Skinner, Wenner, Boyle, Milne, and Roytblat in its decision awarding Plaintiffs attorneys' fees and costs in connection with a sanctions motion and award against Defendants Ilyas and Viktor Khrapunov and does not repeat them herein. (*See* Doc. No. 628.) Andrew Chesley is a junior associate at BSF, having graduated from Columbia Law School in 2016. Chesley served as a law clerk to the Hon. Robert E. Bacharach of the U.S. Court of Appeals for the Tenth Circuit after graduating from law school and joined BSF in 2017.

4

Valecia Battle also is a junior associate at BSF, having graduated from Howard University School of Law in 2017.  Battle too served as a law clerk after graduating from law school.  She clerked for the Hon. Carl E. Stewart, Chief Judge of the U.S. Court of Appeals for the Fifth Circuit.  She joined BSF in 2018.  Alexandra Jumper is a first-year associate who graduated from Harvard Law School in 2018 and started work at BSF immediately after law school.

1. *Hourly Rates*

The hourly rates sought for the various BSF attorneys and paralegal are listed below.  As reflected below, during the course of this case, BSF increased its hourly rates for some of the attorneys as they advanced in seniority and experience and in accordance with the firm's decisions about the rates it would charge clients:

- Mr. Schwartz: $1,180 and $1,416
- Mr. Skinner: $1,080, $1,150, and $1,380
- Mr. Wenner: $700, $740, and $888
- Mr. Boyle:  $620, $660, and $792
- Ms. Milne: $300
- Mr. Chesley:  $540 and $648
- Ms. Battle:  $406
- Ms. Jumper:  $300
- Ms. Roytblat: $150 and $175

This Court previously approved the following rates for the lawyers and paralegal who worked on this matter:

- Mr. Schwartz: $1,180
- Mr. Skinner: $1,150
- Mr. Wenner: $700
- Mr. Boyle: $660
- Ms. Milne: $300
- Ms. Roytblat: $150

(*See* Doc. No. 628.) To the extent these rates or lower rates were charged for the above-listed attorneys and paralegal in the current application before the Court, they are appropriate for the reasons previously discussed. BSF has represented that it actually charged higher rates to Plaintiffs than requested for Ms. Jumper, but Plaintiffs are requesting only $300 for Ms. Jumper to be consistent with the rate this Court found reasonable for a first-year associate in its earlier decision. This rate is appropriate and reasonable for Ms. Jumper for the reasons the Court has previously stated. (*Id.*)

Plaintiffs also elected to voluntarily reduce the hourly rate requested for Ms. Battle, a second-year associate, from $732 to $406 per hour. They contend that this reduction is comparable percentage-wise to the hourly rate this Court previously found would be reasonable for Ms. Milne. Plaintiffs argue that rates of $540 and $648 for Mr. Chesley, a third-year associate, are "similar" to rates this Court previously found to be reasonable for Mr. Boyle and Mr. Wenner. As this Court previously recognized, the average hourly rates for associates in this District is approximately $531. (*See* Doc. No. 628, 12); *see also TufAmerica*, 2016 WL 1029553, at *6. The rates approved for junior-level associates are typically under $400. *See, e.g.*, *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Research*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018) (in commercial litigation, court approved hourly rates for partners of $765 and up to $450 for associates), *aff'd sub nom. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, No. 15-CV-2044 (AJN)(SDA), 2018 WL 3094913 (S.D.N.Y. June 21, 2018), *aff'd*, 768 F. App'x 141 (2d Cir. 2019); *Benihana, Inc. v. Benihana of Tokyo, LLC*, No. 15 CIV. 7428 (PAE), 2017 WL 6551198, at *2, *4–5 (S.D.N.Y. Dec. 22, 2017) (in a case involving sanctions related to enforcement of an injunction against restaurant licensee, court

6

approved rates of $450 for a partner and $350 for an associate). This Court considers both Ms. Battle and Mr. Chesley to be junior associates and that rates of $330 and $365 per hour, respectively, are more in line with rates found to be reasonable by courts in this District. These rates represent a 10% increase in rate for each additional year of experience.

The next question before this Court is whether hourly rates that are higher than what this Court previously approved for some of the work performed are appropriate. Courts recognize that it is reasonable for a lawyer's rate to increase as he or she gains experience. *See Arbor Hill*, 522 F.3d at 186 n.3; *LaBarbera v. D. & R. Materials, Inc.*, 588 F. Supp. 2d 342, 348 (E.D.N.Y. 2008). Mr. Schwartz's rate increased by $236, a 20% increase over the life of this case. Mr. Skinner's rate increased by $300 over the life of this case, nearly a 30% increase over time. Mr. Wenner's rate increased by $188, slightly more than a 25% increase over the life of this case. Mr. Boyle's rate increased by $172 over time, slightly more than 25% over the life of this case. According to the U.S. Bureau of Labor Statistics, the annual inflation rate for 2016 through 2018 was 2.1% and for 2019 was 2.3%. *See Consumer Price Index*, https://www.bls.gov/cpi/tables/home.htm (last visited Feb. 6, 2020). These increases far outpace the rate of inflation over the same period. *See CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last visited Feb. 6, 2020). The Court recognizes that associate rates, in particular, will increase with experience and that these class-year increases may be coupled with inflation-based increases to overall rates charged by a firm. At the same time, it also is not unusual for firms to agree to rate caps on a specific litigation so that a client can predictably budget for the cost of a litigation over time. Insofar as this Court already awarded rates on the high end of the rate spectrum for BSF attorneys and paralegal for

the reasons discussed in its prior decision, this Court finds that only minimal increases in rates previously approved are appropriate. Accordingly, the Court will approve an increase in rate for to $720 per hour for Mr. Wenner's work in 2018 and to $740 per hour for his work in 2019. The Court will approve an increase in rate to $680 for Mr. Boyle's work in late 2018 and 2019. The Court will approve a rate of $375 per hour for Mr. Chesley's work and $155 per hour for Ms. Roytblat's work in 2018 and 2019. These rates allow for inflation-based increases in rates over time for associates and growing experience. Given the already high rates approved for the partners on the case, the Court does not approve any further rate increases.

   2. *Hours Worked*

Turning to the hours expended, the work charged falls into the following categories: (1) $10,796 in fees associated with Ablyazov's "strategic decision to withhold payment from his U.S. attorneys while proceeding pro se through his French attorney"; (2) $74,382 in fees associated with moving to compel Ablyazov to participate in discovery and sit for his deposition; and (3) $118,565 in fees associated with moving for sanctions and oral argument on the motion for sanctions. This Court did not award Plaintiffs their fees and costs associated with the first category. While the Court appreciates Plaintiffs' concerns about how Ablyazov proceeded in this action after the Court permitted his prior counsel to withdraw by utilizing another attorney to communicate with the Court without making a formal appearance in this action, the Court addressed this concern by barring Ablyazov from communicating with the Court in this fashion. Ablyazov does not speak English and is not familiar with the U.S. Court system and is not able to personally communicate with the pro se office of this Court. As such, it is understandable that he sought the assistance of an attorney he knew to assist him.

8

Plaintiff's speculation that Ablyazov was trying to game the Court is not a basis for this Court to expand its prior decision and scope of award. Therefore, Plaintiff's request for fees in connection with this first category of work is denied.

The second and third categories of work fall within the scope of the Court's prior Order and award. The Court has carefully reviewed the time and notes that there are a number of entries in Category 2 that do not fall within the scope of the Court's award. For example, Plaintiffs seek reimbursement for preparing a Hague request in 2017 to obtain discovery from Ablyazov. This is work that had to be done regardless of any discovery misconduct by Ablyazov. The same is not true for work on amendments to their Hague request in 2018 when adjustments had to be made in light of Ablyazov's lack of cooperation with discovery. Similarly, Plaintiffs included time for drafting and reviewing interrogatories, document requests, and requests for admission. Plaintiffs had to prepare such written discovery regardless of Ablyazov's conduct. Therefore, the time spent on discovery requests is not compensable as a sanction. In contrast, time spent analyzing and responding to Ablyazov's deficient responses and non-responses, including preparations of letters and motions to the Court and preparation for and attendance at discovery conferences to address Ablyazov's conduct in discovery is properly included in Plaintiff's fee application. Plaintiffs also seek fees for communications with local counsel, a French law consultant, vendors, and the French Ministry of Justice pertaining to logistics of the Ablyazov deposition in France. These are expenses that would have been incurred regardless of Ablyazov's discovery misconduct and are not recoverable against Ablyazov as a sanction. In contrast, all of the time entries in Category 3 fall within the scope of

the Court's award.  The Court has carefully reviewed all the compensable time in both categories and finds them to be reasonable.

Applying the rates approved by the Court above and removing non-compensable time entries, the Court finds that the following awards are appropriate:

- Category 1:    Zero
- Category 2:    $44,066
- Category 3:    $96,049.60

## CONCLUSION

For the reasons discussed below, Plaintiffs' motion for fees is granted, and Plaintiffs are awarded a total of $140,115.60 in attorneys' fees, consistent with the Court's explanation above and its prior ruling at Docket Entry 1101.  Ablyazov shall pay this amount to Plaintiffs by no later than three months from the date of this Opinion and Order.   Ablyazov's failure to pay the amounts ordered may result in further sanctions.  The Court notes that Plaintiffs did not seek costs, but reserved their right to seek costs in the future.  Plaintiffs' counsel is directed to serve a copy of this Opinion & Order on Ablyazov.  The Clerk of Court is also requested to mail a copy to Ablyazov.

**SO ORDERED**

Dated: New York, New York
February 7, 2020

_Katharine H Parker_
KATHARINE H. PARKER
United States Magistrate Judge