USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/09/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

    Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

    Defendants.

**OPINION & ORDER**

1:15-CV-05345 (AJN) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    Non-party Litco LLC ("Litco") moves to quash a subpoena served by the parties on Latham & Watkins LLP ("Latham") seeking a copy of a nondisclosure agreement between Latham and Litco and any communications concerning the negotiation or execution of that agreement or conducted pursuant to that agreement. (Doc. No. 1211.) The subpoena also seeks Latham's communications concerning the identity of Litco's owners, members, employees, or agents. Notably, Latham has not moved to quash. For the reasons stated below, Litco's motion is denied.

    Federal Rule of Civil Procedure 45 ("Rule 45") permits parties to issue subpoenas on non-parties for documents and information. The scope of information that may be requested is cabined by Rule 26(b)(1), which limits discovery to information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Griffith v.*

*United States*, No. M8-85 (JFK), 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007). On timely motion, the Court must quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a person to comply beyond the geographic limits specified in the rule, requires disclosure of privileged or protected matter (if no exception or waiver applies), or subjects the recipient of the subpoena to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The Court may quash a subpoena if it requires disclosure of trade secrets or other confidential information or discloses an unretained expert's opinion or information that does not "describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena. *See City of Almaty, Kazakhstan v. Ablyazov*, No. 1:15-cv-05345 (KHP) (AJN), 2019 WL 275701, at *2 (S.D.N.Y. Jan. 22, 2019). A non-recipient has standing to challenge a subpoena "only if it has a privilege, privacy or proprietary interest in the documents sought." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590 (LTS)(HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to challenge subpoenas issued to non-parties on grounds of relevancy or undue burden."); *Malibu Media, LLC v. Doe No. 4*, No. 12 Civ. 2950(JPO), 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden." (internal quotation marks and citation omitted)). The movant bears the burden of persuasion on a motion to quash. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014).

Litco moves to quash on the ground that the subpoena is burdensome, insofar as it seeks irrelevant information beyond the scope of permitted discovery. Litco's argument is not persuasive. All of the parties in this action seek discovery of the information sought in the subpoena, and this Court already deemed the information to be relevant to this matter. In particular, the information bears on the timing of Plaintiff's knowledge that Sater owned Litco and on the credibility of fact witnesses and is, thus, relevant to the sanctions motion pending before this Court. Further, the subpoena seeks a limited amount of information that in no way could be deemed burdensome. In any event, Litco does no have standing to challenge the subpoena on relevance or undue burden grounds. *See Universitas Educ., LLC*, 2013 WL 57892, at *5; *Malibu Media*, 2016 WL 5478433, at *3.

Litco does not claim that the information sought is privileged. Nor does it claim a privacy interest in the information. Indeed, it has waived any right it might have had in the information requested because its counsel testified extensively about the agreement and communications with Latham at a hearing in this Court. *See Refco Grp. Ltd., LLC*, 2014 WL 5420225, at *4 (non-subpoenaed party must make "more than 'a conclusory assertion that the subpoena[] seek[s] documents that are private, confidential, and commercially sensitive'" to succeed on a motion to quash) (quoting *Universitas Educ., LLC*, 2013 WL 57892, at *5)). Therefore, these are not bases to quash the subpoena.

## **CONCLUSION**

For the reasons set forth above, the motion at Doc. No. 1211 is DENIED.

**SO ORDERED.**

Dated: March 9, 2020
New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge