UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and BTA
BANK JSC,

             Crossclaim Plaintiffs,

    - against -

MUKHTAR ABLYAZOV, VIKTOR
KHRAPUNOV, ILYAS KHRAPUNOV, and
TRIADOU SPV S.A.,

            Crossclaim Defendants.

ECF Case
No. 1:15-cv-05345 (AJN) (KHP)

**DEFENDANT TRIADOU SPV S.A.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES
<u>IN CONNECTION WITH THE COURT'S MAY 19, 2020 OPINION AND ORDER</u>**

Dated:  June 9, 2020

BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5000
Facsimile: (212) 885-5001

*Counsel for Crossclaim Defendant
Triadou SPV S.A.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ......................................................................................................................... 2

    A.   Triadou's 2018 Litco Motion To Compel Papers ........................................................ 2

    B.   Triadou's 2019 Sanctions Filings ................................................................................ 4

TRIADOU'S REQUEST FOR ATTORNEYS' FEES ............................................................... 6

ARGUMENT ............................................................................................................................... 9

I.      The Legal Standard ......................................................................................................... 9

II.     Triadou's Counsel's Rates Are Reasonable.................................................................... 10

III.    The Hours Expended Are Reasonable .......................................................................... 11

    A.   Triadou's 2018 Litco Motion to Compel Papers ...................................................... 12

    B.   Triadou's 2019 Sanctions Filings .............................................................................. 14

    C.   Triadou's Fee Application .......................................................................................... 16

CONCLUSION.......................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*,
  No. 12-CV-7311 (JPO) (KNF), 2016 WL 5812105 (S.D.N.Y. Sept. 22, 2016)....................16

*Mahan v. Roc Nation, LLC*,
  No. 14 CIV. 5075 LGS, 2015 WL 4388885 (S.D.N.Y. July 17, 2015),
  *aff'd*, 634 F. App'x 329 (2d Cir. 2016).....................................................................................9

*River Light V, L.P. v. Lin & J Int'l, Inc.*,
  No. 13-CV-3669, 2015 WL 3916271 (S.D.N.Y. June 25, 2015) .............................................9

*In re Stock Exchanges Options Trading Antitrust Litig.*,
  No. 99 Civ. 0962 (RCC), 2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) .................................10

*Suk Joon Ryu v. Hope Bancorp., Inc.*,
  No. 18-CV-1236 (JSR) (KHP), 2018 WL 4278353 (S.D.N.Y. Aug. 29, 2018),
  *report & recommendation adopted sub nom. Ryu v. Hope Bancorp, Inc.*, No.
  18 CIV. 1236 (JSR), 2018 WL 4759774 (S.D.N.Y. Sept. 28, 2018), *appeal
  withdrawn sub nom. Suk Joon Ryu v. Hope Bancorp, Inc.*, No. 18-2954, 2019
  WL 1503051 (2d Cir. Feb. 28, 2019), and *aff'd,* 786 F. App'x 271 (2d Cir.
  2019) ......................................................................................................................................10

*Vista Outdoor Inc. v. Reeves Family Tr.*,
  No. 16 CIV. 5766, 2018 WL 3104631 (S.D.N.Y. May 24, 2018)......................................9, 14

**Other Authorities**

Fed. R. Evid. 502 ................................................................................................................. *passim*

Triadou SPV S.A. ("Triadou") respectfully submits this memorandum of law in support of its application for attorneys' fees and costs in connection with the sanctions relief this Court awarded to Triadou arising from motions to compel the production of the Litco Agreement and documents reflecting communications between the City of Almaty and BTA Bank (together, "Almaty/BTA" or "Plaintiffs") and Felix Sater or Frank Monstrey.  (ECF 1248).

## PRELIMINARY STATEMENT

Triadou seeks $57,353.85 in attorneys' fees and $867.96 in costs as sanctions in connection with the motion papers it filed to compel production of the Litco Agreement and related documents, as well as Plaintiffs' communications with Felix Sater and Frank Monstrey, together with $9,204.75 in fees incurred in preparing the instant application.  These attorneys' fees and the hours spent by Triadou's counsel in connection with those fees are eminently reasonable where this Court has determined that Plaintiffs withheld hundreds of documents based on meritless claims of privilege.  Through their attempts to manufacture privilege where it did not exist, Plaintiffs multiplied the number of filings needed and forced Triadou's counsel to engage in substantial research to disentangle and address various privilege arguments unsupported by the law.

The work done by Triadou's counsel was therefore necessary and appropriate, and the fees requested here are reasonable.  Indeed, the Court has already largely approved the hourly rates charged by Triadou's counsel, and a recent filing by Almaty/BTA indicates they did not contest those rates.  Moreover, the hours for which Triadou seeks to recover are reasonable given the nature and scope of the work Triadou performed and because Triadou has reduced those hours from the amounts actually billed to account for (i) time spent on issues that do not fall within the Court's award of fees; and (ii) block-billed entries.  Accordingly, Triadou respectfully requests that the Court award Triadou the attorneys' fees and costs described herein.

1

# BACKGROUND

A.    *Triadou's 2018 Litco Motion To Compel Papers*

After months of seeking discovery from Plaintiffs regarding their connection with Felix Sater, Triadou learned during Sater's September 13, 2018 deposition that he was the sole owner and member of Litco.  (ECF 901 at 9).  Based on that revelation, Triadou raised with the Court— at a status conference the day after Sater's deposition—Sater's ownership of Litco and Litco's agreement with Plaintiffs.  In response, the Court allowed Triadou to submit a letter-motion to address the Litco Agreement-related issues, and further allowed Triadou five pages for its submission (instead of the usual three pages permitted for letter-motions).

On September 21, 2018, Triadou submitted its letter-motion to compel the production of the Litco Agreement, as well as any documents ancillary to that agreement, any other agreements between Litco and Almaty/BTA or their agents, communications between or among Litco and Almaty/BTA or their agents, and documents reflecting transactions or payments by Almaty/BTA or their agents to Litco or Sater.  (ECF 844).  Triadou's letter-motion also sought sanctions in the form of fees and costs associated with Sater's second deposition because of Plaintiffs' gamesmanship in hiding the Litco Agreement.  (ECF 844 at 4-5).

Rather than submitting a substantive response, Almaty/BTA sought to sidestep the privilege issues Triadou had raised by proposing an order under Federal Rule of Evidence 502 ("Rule 502") that would "preserve" privilege over the Litco Agreement while allowing its production.  (ECF 856).  On October 9, 2018, Triadou filed its reply, demonstrating that Plaintiffs' proposed Rule 502 order was not proper and highlighting Almaty/BTA's failure to establish any proof of the privilege they claimed.  (ECF 859).  That same night, Almaty/BTA filed a substantive opposition to Triadou's motion to compel the Litco Agreement.  (ECF 861).

After a dispute about the propriety of Almaty/BTA's second opposition, the Court permitted Triadou to file a five-page sur-reply, which Triadou submitted on October 19, 2018. (ECF 874). Triadou's sur-reply addressed a range of privilege and evidentiary topics, including as to Rule 502, work product privilege, and Triadou's request for sanctions concerning Sater's second deposition. (*Id.*).[1]

The Court held a status conference on November 14, 2018, during which Triadou's motion to compel the Litco Agreement and Plaintiffs' Rule 502 proposal were discussed and argued. Six days later, on November 20, 2018, Almaty/BTA submitted yet another letter seeking to dodge Triadou's motion to compel, arguing that Triadou (and the Khrapunovs) should be required to propound new discovery requests and reiterating their so-called Rule 502(d) offer. (ECF 888). Triadou responded the same day, arguing that Almaty/BTA's letter re-hashed old proposals and addressed items that could have been raised at the November 14 status conference but were not. Collectively, Triadou's filings on this issue—its opening letter-motion to compel (ECF 844), its original reply (ECF 859), its court-authorized sur-reply (ECF 875), and its November 20, 2018 response (ECF 890)—are hereafter referred to as the "2018 Litco Motion to Compel Papers."

On December 3, 2019, the Court granted Triadou's motion to compel the Litco Agreement, finding that (i) the document is not privileged and does not contain work product; (ii) even if it were protected, defendants had demonstrated the relevance and substantial need for the document sufficient to require production; and (iii) Almaty/BTA waived any potential privilege by calling Sater as a witness while engaging his company as a consultant. (ECF 901 at 13-15). The Court further rejected Almaty/BTA's proposed Rule 502(d) order "for the simple reason that the

---

[1] On October 22, 2018, Almaty/BTA submitted another unauthorized response, purportedly "to clarify what is *not* in dispute." (ECF 878 at 1).

agreement is not protected work product." (*Id.* at 15). The Court granted additional relief, including instructing Plaintiffs to produce any other agreements with Litco, documentation of payments made to Litco, and information regarding Plaintiffs' meetings with Litco and/or Sater. (*Id.* at 16-18).

The December 3, 2018 Order also instructed Almaty/BTA to serve a detailed privilege log as to certain withheld communications to enable the Court to evaluate Plaintiffs' privilege claims concerning those documents and Triadou's challenges thereto. (*Id.* at 18-19). On December 7, 2018, Almaty/BTA produced this supplemental privilege log, which identified more than 800 withheld communications involving Sater, Litco, Litco's counsel, and counsel for non-party witness Frank Monstrey. (ECF 968 at 8 n.5, 9; ECF 969-15).

B.   *Triadou's 2019 Sanctions Filings*

With Plaintiffs' supplemental privilege log in hand, and after a second deposition of Felix Sater in February 2019, on February 22, 2019, Triadou moved for sanctions against Plaintiffs and to compel their production of improperly withheld communications between them and Litco, Sater, and/or Monstrey. (ECF 968). Triadou also sought sanctions against Almaty/BTA for obfuscating their relationship with and payments to Litco and Sater, as well as their untimely disclosure of potential trial witnesses. Triadou's twenty-five-page memorandum of law laid out the history of Almaty/BTA's cooperation agreements with these fact witnesses, their entry into the Litco Agreement and related agreements with Litco, and Triadou's repeated attempts to obtain the withheld discovery, before addressing several legal issues including the law on common interest protection (and its inapplicability here). Triadou also addressed attorney-client privilege and work product protection concerns and analyzed Plaintiffs' supplemental privilege log to identify specific points of concern. Based on Almaty/BTA's misconduct and the needless costs it imposed, Triadou

4

sought fees and costs in connection with that motion, for the 2018 Litco Motion to Compel Papers, and for Sater's second deposition.

After Almaty/BTA filed their omnibus opposition to Triadou's sanctions motion and a similar motion filed by the Khrapunovs, (ECF 993), Triadou filed a thirteen-page reply on April 8, 2019. (ECF 1010). Much of that reply included arguments responding to Plaintiffs' assertions that their communications with Sater, Litco, and Monstrey were protected. Triadou's opening brief (ECF 967-969) and reply brief in support of its sanctions motion and motion to compel (ECF 1010) are hereafter referred to as the "2019 Sanctions Filings."

On July 3, 2019, the Court granted in part Triadou's motion to compel by ordering the production of communications identified in Plaintiffs' supplemental privilege log that included Sater or Monstrey (or Monstrey's counsel). (ECF 1099 at 17-18, 22-23). The Court summarily rejected Almaty/BTA's claim of attorney-client privilege over communications with Sater and deemed their common interest argument "frivolous." (*Id.* at 19). The Court also rejected Plaintiffs' common interest argument as to Monstrey (who shared only a common pecuniary, not legal, interest with Plaintiffs) and denied their offer to produce communications with Monstrey under a Rule 502(d) order because "as this Court previously held, Rule 502(d) is not applicable when the communications are not protected in the first place." (*Id.* at 23). In response to the Court's July 3, 2019 Order, Plaintiffs produced more than 500 documents.

In its May 19, 2020 Opinion and Order, (the "May 19 Order"), the Court awarded attorneys' fees and costs to Triadou in connection with the granting of Triadou's "Motion for Sanctions and Motions to Compel production of communications with Sater and Monstrey that Plaintiffs[] initially withheld on the basis of privilege and to compel production of the Litco CAA after it was revealed during Sater's deposition that Sater owned Litco." (ECF 1248 at 35). In so

holding, the Court found that "Plaintiffs did not have a reasonable basis to resist production based on applicable privilege law. Their refusal to compromise cost Defendants money and this Court time to resolve the motions." (*Id.* at 33). The Court then instructed Triadou to submit the instant fee application. (*Id.* at 35).

## TRIADOU'S REQUEST FOR ATTORNEYS' FEES

Through this application, Triadou seeks attorneys' fees and costs for work related to six substantive filings. The first four filings are letters associated with its 2018 Litco Motion to Compel Papers and include Triadou's: (i) September 21, 2018 letter-motion to compel, (ECF 844); (ii) October 9, 2018 reply in support of its motion to compel and in opposition to Almaty/BTA's Rule 502(d) proposal, (ECF 859); (iii) October 22, 2018 sur-reply addressed to Almaty/BTA's substantive opposition to Triadou's letter-motion, (ECF 875); (iv) November 20, 2018 response to Plaintiffs' supplemental opposition to and proposal regarding the Litco documents, (ECF 890). The second two filings are briefs associated with its 2019 Sanctions Filings and include Triadou's: (v) February 22, 2019 memorandum in support of its motion to compel and for discovery sanctions, (ECF 968); and (vi) April 8, 2019 reply in support of its motion to compel and for discovery sanctions, (ECF 1010).

In connection with these filings, Triadou seeks to recover for the work of the following individuals: Deborah Skakel (partner), Alex Hassid (partner), Robyn Michaelson (associate), Sara Gerber (associate), and Shareen Sarwar (associate). The Court has already had occasion to consider the professional qualifications of Ms. Skakel, Mr. Hassid, Ms. Michaelson, and Ms. Sarwar (which qualifications are reproduced below for the Court's convenience). Ms. Gerber's qualifications are presented for the first time.

<u>Deborah Skakel</u>. Ms. Skakel is a partner at Blank Rome LLP ("Blank Rome") who represents clients in a variety of complex commercial disputes in state and federal courts

throughout the country, as well as before arbitration tribunals.  She received her J.D. from Cornell Law School and her B.A. from Syracuse University.  After graduating law school, Ms. Skakel became an associate at Milbank, Tweed, Hadley & McCloy LLP until 1988, when she began working at Dow, Lohnes & Albertson PLLC.  In 1991, she moved to Baer Marks & Upham, where she spent a decade developing expertise in a range of business litigation issues.  In 2001, Ms. Skakel joined Dickstein Shapiro LLP ("Dickstein Shapiro"), where she was a partner until joining Blank Rome in 2016.  Over the years, Ms. Skakel has been lead counsel in a host of complex commercial matters and trial counsel in all types of civil litigation.  She also serves as co-chair of Blank Rome's corporate litigation practice and co-chair of its New York office.  Ms. Skakel is admitted to practice in the State of New York, among other places, and before this Court.  Ms. Skakel's hourly rates during the relevant time period were $885, $925, and $950. (Decl. of Deborah A. Skakel, ¶ 3 (Mar. 20, 2020) (the "Skakel Declaration")).

Alex Hassid.  Mr. Hassid is a partner at Blank Rome who represents clients in a variety of complex commercial disputes in state and federal courts throughout the country.  He has substantial trial and appellate experience and assists clients in a range of legal areas, including as to complex business disputes, fraud-related claims, contract breaches, antitrust claims, and government contracts disputes.  Mr. Hassid received his J.D. from George Washington University and his B.A. from the State University of New York – Geneseo.  He joined Dickstein Shapiro immediately after law school, where he remained until joining Blank Rome in 2016.  Mr. Hassid is admitted to practice in the State of New York, among other places, and before this Court. Mr. Hassid's hourly rates during the relevant time period were $695, $710, and $745.  (*Id.* ¶ 4).

Robyn Michaelson.  Ms. Michaelson is an associate at Blank Rome.  She obtained her J.D. from Fordham University School of Law in 2014 and her B.A. from Washington University in

St. Louis in 2010.  After law school, Ms. Michaelson worked at Dickstein Shapiro before joining Blank Rome in 2016.  She is admitted to practice in the State of New York, among other places, and before this Court.  Ms. Michaelson's hourly rates during the relevant time period were $480, $530, and $625.  (*Id.* ¶ 5).[2]

Sara Gerber.  Ms. Gerber is an associate at Blank Rome.  She obtained her J.D. *magna cum laude* from Syracuse University College of Law in 2000 and received her B.A *magna cum laude* from Mount Holyoke College in 1997.  After law school, Ms. Gerber joined Nixon Peabody LLP as an associate.  In 2007, Ms. Gerber moved to Dickstein Shapiro, where she worked primarily as a research attorney until joining Blank Rome in 2016.  As a research attorney, Ms. Gerber provided research and written analysis of complex, substantive legal issues across all practice areas.  In 2018, Ms. Gerber resumed working as an associate within the litigation department.  Ms. Gerber is admitted to practice in the State of New York, among other places.  Ms. Gerber's hourly rate during the relevant time period was $470.  (*Id.* ¶ 6).

Shareen Sarwar.  Ms. Sarwar is an associate at Blank Rome.  She obtained her J.D. from Georgetown University Law Center in 2018 and received her B.A. *cum laude* from George Washington University in 2006.  Ms. Sarwar joined Blank Rome immediately after law school, and she is admitted to practice in the District of Columbia and the State of Virginia.  Her work on this matter has been supervised at all times by attorneys admitted in New York.  Ms. Sarwar's hourly rate during the relevant time period was $380.  (*Id.* ¶ 7).

---

[2] As reflected in Triadou's prior fee application, Ms. Michaelson's and Ms. Sarwar's respective hourly rates were slightly higher in October/November 2019.  (ECF 1229 at 3).  Additionally, the 2020 rate increase—as billed to Triadou—was not reflected in Triadou's prior fee application, but is included herein.

The professional qualifications above are provided in support of the hourly rates requested by Triadou.  As noted in its prior fee application, Blank Rome represents Triadou on a billable-hour basis, and Blank Rome's hourly rates are based on the role and experience of each attorney.  The rates listed above reflect Blank Rome's standard rates for these attorneys.  Subject to a 10% discount extended to Triadou (which is reflected in Triadou's request to this Court), these rates are those actually charged to and paid by Triadou in this matter.  (*Id.* ¶ 8).

## ARGUMENT

### I.   The Legal Standard

"A district court exercises 'considerable discretion' in awarding attorneys' fees." (ECF 1246 at 3 (citation omitted)).  The party seeking fees bears the burden of demonstrating that its requested fees are reasonable.  *Mahan v. Roc Nation, LLC*, No. 14 CIV. 5075 LGS, 2015 WL 4388885, at *3 (S.D.N.Y. July 17, 2015), *aff'd*, 634 F. App'x 329 (2d Cir. 2016).  Awards of attorneys' fees are calculated based on a "lodestar," which is "reached by multiplying a reasonable hourly rate by the number of hours reasonably expended."  (ECF 1246 at 3).

"When evaluating hourly rates, the Court looks at 'what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.'"  (*Id.* ("Courts in this district also have recognized that an 'attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the [reasonable hourly] rate.'")).  Courts also consider "'what hourly rate would normally be charged in the pertinent legal community for similar cases by attorneys [with comparable] training and experience.'"  *River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13-CV-3669, 2015 WL 3916271, at *10 (S.D.N.Y. June 25, 2015) (alteration in original) (quoting *Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 99 (2d Cir. 1997)).  Here, the pertinent legal community is New York City.  *Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16 CIV. 5766, 2018 WL 3104631, at *5 (S.D.N.Y. May 24, 2018).

In evaluating the number of hours expended, "'the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" (ECF 1246 at 4 (quoting *Samms v. Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016))).  Courts also consider "the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter.  (*Id.* at 5).  For example, "a different presumptively reasonable fee may be warranted if the fee is being awarded as a sanction for misconduct than if the fee is being awarded in connection with a successful outcome in a statutory fee-shifting case."  (*Id.* (citing *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 633-34 (2d Cir. 2018)).

## II.    <u>Triadou's Counsel's Rates Are Reasonable</u>

This Court has already determined that the hourly rates charged by Triadou's counsel in this matter are reasonable and within the range of rates approved by this and other courts in the district.  (ECF 1246 at 6-7).  Moreover, Almaty/BTA have stated that they did not contest Triadou's counsel's rates in connection with Triadou's prior fee application.  (ECF 1251 at 1 n.2).

The only exception is with respect to Ms. Gerber's hourly rate, which is before the Court for the first time.  Like the rates of Triadou's other attorneys, Ms. Gerber's rate is the standard rate charged by Blank Rome for her work, and was actually charged to and paid by Triadou.  As a result, the rate Triadou has requested for Ms. Gerber is reasonable under the law.  *See In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99 Civ. 0962 (RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006) ("attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the [reasonable hourly] rate."); *see also Suk Joon Ryu v. Hope Bancorp., Inc.*, No. 18-CV-1236 (JSR) (KHP), 2018 WL 4278353, at *6 (S.D.N.Y. Aug. 29, 2018) (use of firm's standard rate for an attorney "constitutes strong evidence" that the request rate is reasonable) (citations omitted), *report & recommendation adopted sub nom. Ryu v. Hope Bancorp, Inc.*, No.

18 CIV. 1236 (JSR), 2018 WL 4759774 (S.D.N.Y. Sept. 28, 2018), *appeal withdrawn sub nom. Suk Joon Ryu v. Hope Bancorp, Inc.*, No. 18-2954, 2019 WL 1503051 (2d Cir. Feb. 28, 2019), and *aff'd*, 786 F. App'x 271 (2d Cir. 2019).

## III.   The Hours Expended Are Reasonable

The hours Triadou expended in preparing its 2018 Litco Motion to Compel Papers (42.7 hours in total), its 2019 Sanctions Filings (65.5 hours in total), and the instant fee application (15.2 hours) are reasonable.  The attorneys' fees Triadou requests in connection with these filings are reasonable in light of the number and length of those filings, some of which were necessitated by positions Plaintiffs took on privilege issues this Court deemed to lack a "reasonable basis . . . based on applicable privilege law."  (ECF 1248 at 33).  Triadou's submissions addressed several complex legal issues related to a number of privileges, protections, and evidentiary rules and involved marshalling facts from different sources, and the time spent in preparing those filings is therefore reasonable.  Moreover, Triadou's counsel used a lean team to enhance efficiency and delegated work appropriately.  Beyond these facts, this fee application reflects further efforts by Triadou to adjust and discount the fees it seeks to account for block-billing and to avoid seeking fees associated with work the Court has not deemed compensable under its May 19 Order.  (*See* ECF 628 at 15 (permitting recovery of fees despite block-billing where the entries exceeding five hours "are not independently unreasonable, nor do the tasks listed constitute non-compensable tasks"); *see also* ECF 608 at 10-11 (justifying reasonableness of block-billing 10.8 hours for relevant, compensable work)).

The specific hours associated with each filing are described below, and the relevant time entries (and attorneys' fees and costs) for the 2018 Litco Motion to Compel Papers, the 2019

Motion for Sanctions and To Compel Papers, and the instant fee application, are set forth in Exhibits 1-3, respectively.[3]

A.    *Triadou's 2018 Litco Motion to Compel Papers*

In total, Triadou seeks $26,327.50 in attorneys' fees (pre-discount) for 42.7 hours of work to preparing its 2018 Litco Motion to Compel Papers.  Triadou requests fees for 23 hours of Ms. Michaelson's time; she was primarily responsible for drafting Triadou's opening letter-motion, its letter response on Rule 502(d) issues, and its substantive sur-reply to Plaintiffs' objections to Triadou's privilege arguments.  Triadou requests fees for 11.3 hours of Mr. Hassid's time for supervising, reviewing, and revising those filings, as well as preparing the November 20, 2018 letter response to Plaintiffs' filing of the same day; and 8.4 hours of Ms. Skakel's time, for supervising, reviewing, and revising Triadou's various fillings.  Triadou further requests $633.13 in costs incurred in connection with research for the 2018 Litco Motion to Compel Papers.

For several reasons, Triadou's 2018 Litco Motion to Compel Papers were more costly than standard letter-motions; the hours spent by counsel to prepare those submissions are therefore reasonable.  Initially, 10.8 hours were devoted to the initial letter-motion to compel and 18 hours to the sur-reply responding to Almaty/BTA's substantive opposition to Triadou's motion, each of which consisted of five full pages of argument (instead of the standard three pages).  (ECF 844; ECF 874).  Each letter also covered several legal issues, including research into various privileges, relevance, financial agreements with fact witnesses, and Federal Rule of Evidence 502(d).  It also involved evaluation of several factual issues, including review of Sater's lengthy deposition transcript and Triadou's long-running efforts to obtain discovery from Plaintiffs concerning Sater.

---

[3] All cites are to the exhibits attached to the Skakel Declaration, filed with this fee application.

Triadou's two other submissions (which were shorter) entailed 13.9 hours of work (11.1 for the first and 2.8 for the second) and generally involved addressing Almaty/BTA's "offer" to produce the Litco Agreement pursuant to Rule 502(d).  (ECF 859, 890).  Researching authority concerning Plaintiffs' novel (but wrongheaded) application of Rule 502(d) was time-consuming; as the Court acknowledged, there is a dearth of Second Circuit law regarding the availability of Rule 502 Orders where a document has been voluntarily produced and affirmatively used.  (Ex. 4 at 32:19-33:24).  Moreover, Triadou's November 20, 2018 letter was entirely justified and required based on Almaty/BTA's iterative attempts to avoid producing the Litco Agreement.  (ECF 890).  That letter was submitted over a month after Triadou's motion was (more than) fully briefed and after the parties addressed Rule 502(d) issues during the November 14, 2018 status conference.

To further bolster the reasonableness of the hours for which Triadou seeks attorneys' fees, Triadou has adjusted those hours downward to account for block billing and for the (limited) portion of Triadou's 2018 Litco Motion to Compel Papers that sought sanctions related to Sater's second deposition.  The latter subject took up approximately one page in Triadou's opening brief and in its October 19 sur-reply, so Triadou has reduced by 20% the hours requested for preparing those filings.[4]   As to block-billed entries, Triadou has endeavored to address any concerns by assigning approximately equal time to each task performed in the entry, and then adjusting the hours requested where it is apparent that certain tasks deviated from that average (i.e., where certain tasks unquestionably took more or less time).[5]   Where specific time allocation was uncertain, Triadou erred in favor of further reducing the hours requested.

---

[4] Triadou applied the same discount to its costs where the focus of the research in question was unclear.

[5] To minimize privilege and work product concerns, Triadou has noted the number of unrelated tasks in respective billing entries on Exhibits 1 and 2 to the Skakel Declaration.  However, Triadou can make the original, complete invoices available to the Court for *in camera* review.

Overall, Triadou's counsel attempted to minimize inefficiencies and redundancies by maintaining a small and experienced case team. *Cf. Vista Outdoor Inc.*, 2018 WL 3104631, at *9 ("It is well recognized that when more lawyers than are necessary are assigned to a case, the level of duplication of effort increase[s] and case law disallows fees requests for hours that are 'excessive, redundant, or otherwise unnecessary.'" (citation omitted)). Ms. Skakel and Mr. Hassid have worked on this matter since its inception, and Ms. Michaelson joined the team shortly thereafter. Both Ms. Sarwar and Ms. Gerber have prior experience on this case, and Ms. Gerber in particular is seasoned at conducting research into complex and novel issues of law. Further, Triadou's counsel has leveraged its experience in this case, so while it has included time spent on filings ancillary to the above-referenced filings (such as motions to seal or declarations), the time requested for such tasks is minimal given counsel's familiarity with preparing such documents.[6]

In light of the complex nature of the work, the number of filings, and Triadou's efforts to further discount its request, Triadou respectfully submits that its request for $26,327.50 in (pre-discount) fees and $633.13 in costs in connection with the 2018 Litco Motion to Compel Papers is entirely reasonable.

B.   *Triadou's 2019 Sanctions Filings*

Triadou's attorneys spent 65.5 hours preparing its 2019 Sanctions Filings—40.4 hours for its February 22, 2019 opening memorandum (and related filings) and 25.1 hours for its April 8, 2019 reply brief. Triadou requests a total of $37,399 (pre-discount): fees for 23.1 hours of Ms. Michaelson's time for researching and drafting portions of Triadou's opening and reply memoranda associated with the motion to compel aspects of that brief; 18.4 hours of Mr. Hassid's

---

[6] Triadou is not seeking attorneys' fees for work related to its letters to strike Almaty/BTA's unauthorized filings concerning the 2018 Litco Motion to Compel Papers. (ECF 864, 867).

time for drafting, supervising, and revising Triadou's filings; and 5.6 hours of Ms. Skakel's time for review and revision of the documents. Triadou also requests attorneys' fees for 18.4 hours of work performed by Ms. Gerber and Ms. Sarwar in connection with Triadou's 2019 Sanctions Filings. Triadou further requests $234.83 in costs incurred in connection with research for the 2019 Sanctions Filings.

Triadou's 2019 Sanctions Filings encompassed several issues, including requests to (1) compel production of documents reflecting communications with Sater, Litco, and Monstrey; (2) sanction Plaintiffs for obfuscating their relationship with and payments to Litco and Sater; and (3) preclude belatedly disclosed witnesses. There is substantial overlap in the legal and factual issues for these subjects, but Triadou nonetheless has adjusted its hours in an effort to limit its request to time spent on the motion to compel aspects of its filings. Accordingly, Triadou seeks only 30% of the fees for time spent on tasks that are not clearly related to the motion to compel issues (i.e., Triadou applied a 70% discount to time entries related to preparing these papers that do not explicitly refer to the motion to compel aspects thereof).[7]

The hours Triadou seeks in connection with its 2019 Sanctions Filings are reasonable in light of the varied privilege issues addressed, the scope of the relevant evidentiary record, and its appropriate delegation of work across its leanly staffed team. For example, Triadou conducted research into New York's common interest doctrine, federal work product protection, attorney-client privilege, and challenges to privilege logs. This research also required synthesis with the related factual record (as reflected by the thirty-two exhibits supporting Triadou's opening memorandum), including review of Plaintiffs' purported common interest agreement, Sater's

---

[7] Triadou also adjusted the hours requested to account for block-billing as described above. Additionally, where the focus of the research conducted was not clearly specific to the motion to compel issues, Triadou applies the same 70% discount to the costs it requests.

deposition transcripts, and Plaintiffs' agreements with several other fact witnesses.  In connection with its reply brief, Triadou was forced to mine the evidentiary record to correct numerous misleading claims in Almaty/BTA's opposition and to conduct research into the different and additional privilege arguments raised in Plaintiffs' opposition.  To manage the expense of both memoranda, counsel relied on Ms. Gerber and Ms. Sarwar to assist with research (at their lower rates), while drafting and revising drafts was a task shared amongst more senior team members.

Triadou respectfully requests the Court grant in full the attorneys' fees sought where the amount of those fees reflects Triadou's reasonable work to address Almaty/BTA's "refusal to compromise" despite lacking "a reasonable basis to resist production."  (ECF 1248 at 33).

C.    _Triadou's Fee Application_

Triadou seeks to recover $10,227.50 in attorneys' fees (pre-discount) for 15.2 hours of work to prepare the instant fee application (as detailed in Exhibit 3).  Where attorneys' fees are awarded for failure to obey the Court's order, "it follows that attorney's fees incurred in preparing the fee application to determine the appropriate amount of the sanctions award are necessarily 'caused by the failure' to obey the Court's order."  _LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC_, No. 12-CV-7311 (JPO) (KNF), 2016 WL 5812105, at *7 (S.D.N.Y. Sept. 22, 2016).  This Court also previously found that a request for fees regarding the preparation of a fee application that the Court ordered Triadou to prepare was proper.  (ECF 1246 at 8 (granting Triadou fees in connection with its fee application)).

Here, Triadou seeks 11.7 hours for Ms. Michaelson's drafting of the application and preparing the exhibits, which included review of Triadou's prior filings covered by the Court's May 19 Order and the invoices containing time entries associated with those filings, and evaluation of and efforts to adjust and discount time entries relevant to this application.  Triadou also seeks 2.0 hours for Mr. Hassid's time to review and revise the fee application and exhibits thereto, and

16

to address the proposed time estimates/requests; and 1.5 hours of Ms. Skakel's time to review and revise the fee application and exhibits thereto in advance of filing.

In preparing this application, Triadou's counsel used specific time entries to track the length of time taken on tasks related to it (thereby avoiding block-billing concerns). As a result, Triadou did not need to disaggregate block-billed entries. However, the amount of fees sought in connection with the preparation of this application reflects the standard 10% discount that Triadou receives, and Triadou is not seeking attorneys' fees or costs associated with day-of-filing work. Consequently, the hours requested for the preparation of this fee application are reasonable.[8]

*      *      *      *

After applying Triadou's 10% discount, the total amount of attorneys' fees Triadou seeks in connection with its 2018 Litco Motion to Compel Papers, 2019 Sanctions Filings, and fee application is $66,558.60, and $867.96 in costs, which is the amount Triadou respectfully asks the Court to award.

## **CONCLUSION**

For the foregoing reasons, Triadou respectfully requests that the Court approve its application for $66,558.60 in attorneys' fees and $867.96 in costs in connection with the Court's May 19 Order.

---

[8] Triadou reserves the right to seek attorneys' fees in the event that Almaty/BTA file a motion for reconsideration or Rule 72 objection in connection with a grant of this fee application.

Dated: New York, New York
       June 9, 2020

Respectfully submitted,

**BLANK ROME LLP**

By:    *s/ Deborah A. Skakel*
       Deborah A. Skakel
       Alex E. Hassid
       Robyn L. Michaelson
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5000
Facsimile: (212) 885-5001
dskakel@blankrome.com
ahassid@blankrome.com
rmichaelson@blankrome.com

*Counsel for Crossclaim Defendant*
*Triadou SPV S.A.*