USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC, | |
| Plaintiffs, | **OPINION ADDRESSING MOTION FOR RECONSIDERATION** |
| -against- | 1:15-CV-05345 (AJN) (KHP) |
| MUKHTAR ABLYAZOV, ET AL, | |
| Defendants. | |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On May 14, 2020, this Court issued an Order on Attorney's Fees Application (the "Application Order") awarding Defendant Triadou SPV S.A. ("Triadou") attorney's fees in the amount of $6,350.75 and costs in the amount of $330.73. (Dkt. No. 1246.) Then, on May 28, 2020 Plaintiffs BTA Bank JSC and the City of Almaty, Kazakhstan ("the Kazakh Entities") submitted a motion for reconsideration of that Application Order along with an accompanying memorandum of law alleging that this Court may have overlooked certain arguments in the Kazakh Entities' opposition to Triadou's initial fee request. (Dkt. No. 1250, 1251.)

By way of background, the Court previously granted Triadou's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37 for Plaintiff's conduct in connection with the deposition of Kairat Sadykov. (Dkt. No. 1221.) Accordingly, the Court held that Triadou was entitled to 50 percent of its attorney's fees and costs incurred in connection with the Sadykov deposition. (Dkt. No. 1221 at 14.) Triadou proceeded to file an application setting forth its fees and expenses in connection with the deposition. (Dkt. No. 1227, 1228, 1229.) Upon review, the Court granted Triadou's request for fees and costs, but only with respect to half the fees and costs associated with the conduct of the deposition.

Blank Rome LLP, Counsel for Triadou, represented that its attorneys spent approximately 16 hours on its fee application to the Court. However, in an effort to ensure its request was reasonable, Triadou capped its request for fees in connection with the fee application to 11 total hours. The Kazakh Entities allege that Triadou spent the vast majority of that time documenting time spent on non-compensable work. (Dkt. No. 1251.) They point out that the Court's original Order granting the Motion for Sanctions limited Triadou's recovery to costs and fees associated with half the time spent at the deposition. Had Triadou submitted a fee application for that limited amount, the Kazakh Entities argue, the application would have been exceedingly simple and likely uncontested. Moreover, the Kazakh entities allege that the fee application was unnecessarily complicated by Blank Rome's block-billing practices, which required its counsel to disaggregate grouped entries.

In short, this Court has already considered and rejected these arguments put forth by the Kazakh Entities. First, the evidence shows that the time spent by Blank Rome on the fee application predominantly consisted of drafting and revising the application's notice of motion, affidavit, submissions of record, and memorandum of law as well as related legal research. (Doc. No. 1228, Ex. 2.) Indeed, the Court explicitly acknowledged that Ms. Michaelson, the Blank Rome associate who performed the majority of the billable work on the fee application, "spent a reasonable amount of time drafting the application." (Dkt. No. 1246 at 8.) As such, the Kazakh Entities' assertion that an inordinate amount of time was spent documenting non-compensable time due to Blank Rome's block-billing practices is contradicted by the weight of evidence and is rejected.

Second, the Court acknowledges that its initial Order granting Triadou's Motion for Sanctions was limited to "attorneys' fees and costs associated with the conduct of 50 percent of the deposition." (Dkt. No. 1221 at 14.) However, as stated in the Application Order, in order to obtain the fees and costs it was owed, "Triadou necessarily had to make an application to the Court." (Dkt. No 1246 at 8.) Thus, this Court found, and still finds it reasonable to award Triadou its fees of $5,640.75 in connection with the fee application.

For the reasons stated above, the Kazakh Entities' request for reconsideration (Dkt. No. 1250) is denied.

**SO ORDERED.**

Dated: August 27, 2020
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge