USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN, ET AL.,

                      Plaintiffs,

-against-

MUKHTAR ABLYAZOV, ET AL.,

                      Defendants.

**OPINION ADDRESSING JURISDICTION TO SANCTION DISMISSED PARTIES AND OBJECTION**

1:15-CV-05345 (AJN) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On May 19, 2020, this Court issued a Report and Recommendation concerning the remaining portions of three different motions for sanctions filed by the parties in this action pursuant to Federal Rule of Civil Procedure 37. One aspect of that May 19 Report and Recommendation specifically concerned Plaintiffs' motion for sanctions against Ilyas and Viktor Khrapunov (the "Khrapunovs") due to the Khrapunovs' failure to comply with discovery obligations and spoliation of evidence. (ECF No. 918.) After careful consideration of the record, this Court found the Khrapunovs' conduct in discovery to be sanctionable and recommended (1) that Plaintiffs be entitled to fees and costs incurred in connection with their numerous motions to compel brought against the Khrapunovs; and (2) that the Khrapunovs be precluded from introducing any documents at trial that were not produced in discovery. (ECF No. 1248.)

      Then, the Honorable Alison J. Nathan issued two Opinion and Orders on September 30, 2019 (ECF No. 1171,) and June 1, 2020 (ECF No. 1254,) which collectively dismissed the remaining claims against the Khrapunovs in this case.[1] Thus, on June 4, 2020 this Court issued

---

[1] The last remaining claim against Viktor Khrapunov was dismissed as moot as part of the September 30, 2019 order. (ECF No. 1171 at 10.)

an Order vacating its May 19 Report and Recommendation concerning sanctions against the Khrapunovs in light of the dismissal of all claims against them and requested briefing on the impact of the dismissal of the claims on the sanctions order.  (ECF No. 1259.)  Consistent with that same Order, Plaintiffs proceeded to file a letter setting forth this Court's authority to impose sanctions on the Khrapunovs notwithstanding the dismissal of claims against them.  (ECF No. 1273.)  The Khrapunovs then filed their response.  (ECF No. 1321.)

I.      **Rule 37 and The Court's Inherent Authority to Sanction Discovery Abuses**

Rule 37 governs a party's failure to make disclosures or cooperate in discovery and permits a party to move to request appropriate sanctions.  Just as the Supreme Court has emphasized, "sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Roadway Express v. Piper*, 447 U.S. 752, 763-64 (1980) (internal quotations and citations omitted).  Indeed, discovery sanctions are designed to serve several purposes: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general.  *See Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

Separate from and in addition to its power to sanction under Rule 37, courts have the inherent power to punish parties for contempt and have discretion to "'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Ceglia v. Zuckerberg*, 600 Fed. App'x 34, 36 (2d Cir. 2015) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991)); *see also CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 497 (S.D.N.Y. 2016).  "'These powers are


governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *CAT3, LLC.*, 164 F. Supp. 3d at 497 (quoting *Chambers,* 501 U.S. at 43–44).  Because of the "very potency" of the inherent contempt powers, courts must exercise them "with restraint and discretion." *Chambers*, 501 U.S. at 44.

II.  **Post-Dismissal Jurisdiction**

The Khrapunovs, by and through counsel, argue that the predicate for Rule 37 sanctions is discoverability (*i.e.*, relevance) of the information sought.  (ECF No. 1321.)  Since none of the claims asserted against the Khrapunovs have survived the motion to dismiss stage, they therefore assert that sanctions are improper and beyond this Court's authority.  *Id.*

Rule 37 provides, in part, that a court "may order payment of the reasonable expenses, including attorney's fees, caused by" a party's failure to "provide information . . . as required by Rule 26(a) or (e) . . ."  Fed. R. Civ. P. 37(c)(1)(A).  Federal Rule of Civil Procedure 26(a) outlines a party's obligations with respect to initial and pretrial disclosures and Federal Rule of Civil Procedure 26(e) deals with supplemental disclosures and responses.  As discussed in prior orders (*see, e.g.*, ECF No. 1248 at 24-25,) the Khrapunovs, and particularly Ilyas, have violated numerous Rule 26 obligations.  As this Court has previously noted, Ilyas has served as an interpreter for his father and interpreted their counsel's requests and court-related documents for him.  Ilyas has been the "face of the Khrapunovs" throughout the litigation and no doubt the individual who made decisions and directed counsel.

The Khrapunovs' sanctionable conduct primarily concerns their failure to produce financial records, emails, and an accurate privilege log, all documentation that this Court found

to be highly relevant to this action and damaging to their defenses. (ECF No. 1248 at 26.) All fell within the relevance standard of Rule 26. Indeed, they would be discoverable even if the Khrapunovs were not parties via Rule 45, which allows for discovery of relevant information from non-parties. As this Court noted in earlier opinions, Ilyas admitted to deleting email accounts during the pendency of this lawsuit and/or when litigation was threatened and incredibly claimed that he could not remember passwords to numerous encrypted email accounts or even all the account names. Through Ilyas' translation, Viktor apparently did not have many documents that one would have thought he possessed. As a result, the discovery responses and information provided by the Khrapunovs was scant and surely did not include all of the documents that they, and particularly Ilyas, should have had access to.

The Khrapunovs argue that the information they failed to produce, even if initially relevant to their defenses, is no longer discoverable given their dismissal from the case. Relying on *Fonseca v. Regan*, 734 F.2d 944, 948 (2d Cir. 1984), the Khrapunovs argue that the predicate for discovery no longer exists and that, therefore, no Rule 37 sanctions can attach. In *Fonseca*, an American airport customs agent seized the plaintiff's suitcase, which contained $250,000. The plaintiff sued in order to recover the funds. On appeal, the defendant-appellees served interrogatories and document requests to obtain information concerning whether the plaintiff-appellant truly owned the currency at issue in the case. *Id.* at 948-49. Crucially, however, the plaintiff's right to possession, not his ownership, of the currency was the only relevant issue in play. *Id.* at 949. Moreover, the plaintiff's right to possession was largely undisputed in the record. *Id.* As such, the plaintiff's failure to respond to those discovery requests related to the irrelevant issue of ownership, and thus was not sanctionable under Rule 37. *Id.*

Here, however, the documents the Khrapunovs failed to produce were highly relevant to this case, as stated above. More specifically, documents produced by other key witnesses in the case link the money Defendant Triadou SPV S.A. invested in New York real estate to Plaintiff's stolen funds. Such correspondence is, of course, highly relevant both to Plaintiffs' claims as well as the Khrapunovs' defense alleging insufficient contacts with New York to warrant this Court's personal jurisdiction. Thus, consistent with *Fonseca* and contrary to the Khrapunovs' argument, the predicate for discovery existed at all times and the Court did not err in granting Rule 37 sanctions.[2]

The Khrapunovs also rely on *Bush v. Dep't of Human Servs.*, 714 Fed. App'x 180, 183 (3d Cir. 2017) for the proposition that sanctions cannot be imposed by this Court. However, upon review, the Third Circuit's decision in *Bush* lends little weight to the Khrapunovs' argument. In *Bush*, the Third Circuit was confronted with the District Court's denial of the plaintiff's request for sanctions. The Third Circuit explained that the District Court did not abuse its discretion to deny sanctions because: (1) the plaintiff's motion for sanctions, filed almost two years after dismissal of his claims, was untimely; (2) the motion was meritless as the complaint was dismissed before the parties conducted either a Rule 16 or Rule 26 conference; and (3) the defendants' failure to disclose was harmless because the plaintiff's underlying claims lacked merit. *Id.* First, the relevant motion for sanctions in the instant case arose in the throes of discovery before the Khrapunovs were effectively dismissed from the case. Second, the

---

[2] The Khrapunovs' reliance on *Kurawa v. Meyers*, 823 F. Supp. 2d 253 (S.D.N.Y. 2011) is similarly misplaced as that case dealt with entry of default judgment under Rule 37. Therefore, the requirement in *Kurawa* that the complaint state a valid cause of action against the defaulting party arose out of case law interpreting Federal Rule of Civil Procedure 55, which has no bearing on the instant dispute.

5

Khrapunovs were parties to the instant action beginning on, at the latest, June 21, 2016, and thus were involved in discovery for at least three years—well past the initial Rule 26 conference stage. (ECF No. 174.) Third, in contrast to *Bush*, their conduct, and particularly Ilyas' conduct, was not harmless. As this Court previously noted, Plaintiffs filed numerous motions to compel and this Court was required to resolve multiple discovery motions. (ECF No. 1248 at 25.) The District Court in *Bush* used its broad discretion to deny the plaintiff's requests for sanctions. *Bush*, 714 Fed. App'x at 183. But the circumstances in this case were different.

The Khrapunovs point out that Plaintiffs fail to cite a single case where a court has imposed post-dismissal discovery sanctions on a winning defendant. While they may be correct, the case law cited by Plaintiffs is instructive given the complexity of this dispute.

In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), the Supreme Court clarified that a District Court may consider collateral issues, such as a motion for fees and costs, after a suit has been terminated. *Id.* at 396.³ Further, and contrary to the Khrapunovs' argument, this Rule 11 concept has been applied in the context of Rule 37 in this Circuit. *See Heinrichs v. Marshall & Stevens, Inc.*, 921 F.2d 418, 420-21 (2d Cir. 1990). In *Heinrichs*, the plaintiff argued that the District Court lacked authority to direct discovery sanctions under Rule 37 after the court had dismissed the plaintiff's claims on summary judgment. *Id.* at 420. Citing *Cooter & Gell*, the Court in *Heinrichs* held: "[t]he Court's reasoning that the determination of Rule 11 sanctions is a collateral issue that can be considered after an action is voluntarily dismissed under Rule 41 (a)(1)(i) applies with no less force to discovery sanctions imposed under Rule 37 following a

---

³ Importantly, in *Cooter & Gell* the Supreme Court also specified that a "Rule 11 sanction does not signify a District Court's assessment of the **legal merits** of the complaint . . ." *Id.* (emphasis added).

6

dismissal upon a grant of summary judgment under Rule 56." *Id.* at 421.  Although the procedural posture in both these cases is distinguishable from the case at bar, they are still instructive.  The Supreme Court's determination was grounded in the Court's goal to prevent abuses of the "judicial process."  *Cooter & Gell*, 496 U.S. at 396.

The Khrapunovs argue that it is unjust to sanction them because they had to endure the expense of litigation for years before winning dismissal—in other words—the judicial process was abusive to them.  The Court is more sympathetic to this claim as it relates to Viktor, who contested personal jurisdiction from the start and appears to have followed the lead of his son in a foreign legal proceeding, and who perhaps was improperly included as a defendant.  Nevertheless, as noted above, even non-parties are required to cooperate with the judicial process.  Abuses of discovery lead to greater costs for all, including the abuser of the process.  So, some of the alleged costs of the litigation about which the Khrapunovs complain were self-inflicted.

I find, therefore, that even though the claims against both Khrapunovs have now been dismissed, imposition of sanctions in this case is permissible to deter further non-compliance from other parties and non-parties in this case, and parties in other cases more generally.  *Cine Forty–Second St. Theatre Corp.*, 602 F.2d at 1066.  While the Court retains the authority and jurisdiction to impose sanctions the Court declines to do so solely with respect to Viktor Khrapunov, as explained in further detail in Section IV below.

### III.     The Khrapunovs' Objection to the Report and Recommendation

In addition to the Khrapunovs' arguments discussed above concerning this Court's jurisdiction post-dismissal of claims, the Khrapunovs advance two more arguments as to why

7

this Court erred in recommending sanctions. (ECF No. 1255.) Although these were filed as objections, this Court treats them as a motion for reconsideration and discusses them below.

The Khrapunovs first posit that they have not disobeyed a court order during discovery in this case. When a party contravenes a clearly articulated court order requiring specific discovery, a District Court has the authority to impose sanctions. *Morales v. Cancun Charlie's Rest.*, No. 3:07-cv-1836 (CFD), 2009 WL 3682449, at *4 (D. Conn. Oct. 30, 2009) (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991)). But, the Court's authority to sanction does not entirely rest on whether, as a technical matter, a specific order has been violated. The Court may order fees as sanctions to parties prevailing on a motion to compel and has the inherent authority, as noted above, to sanction parties who do not cooperate in discovery. (*See* ECF No. 1248 at 33) (citing to Rule 37(a)(5)(A), which relates to ordering fees, under certain circumstances, when a motion to compel disclosure is granted.) Parties are not and should not be rewarded for just skating by—the rules contemplate active and good faith engagement.

Moreover, the Khrapunovs have contravened various court orders in this case. For example, this Court ordered Viktor Khrapunov to search for and provide to his counsel emails, texts, and other communications relevant to the issues in the case. (ECF No. 800 at 2.) Viktor Khrapunov proceeded to file an affidavit in which he claimed that he was not able to uncover a single relevant communication related to the case in any of his files. (ECF No. 827 ¶ 7.) Moreover, contrary to the order, Viktor Khrapunov did not search his email "555kh@mail.ru" claiming that it was "closed" and neglected to use the search term "New York" in connection with a document search for jurisdictional discovery specifically aimed at uncovering his alleged

knowledge of and/or control of conspiracy activities in New York.  (*Id.*; ECF No. 800.)  Such conduct, on its face, violated this Court's discovery order.

Ilyas Khrapunov similarly has failed to comply with numerous court orders.  By way of example, this Court previously found that Ilyas Khrapunov willfully leaked a confidential deposition transcript in violation of a confidentiality order endorsed by the Court.  (ECF No. 564.)  That misconduct led to significant expenses incurred by the parties and an unnecessary expenditure of Court resources.  As such, sanctions were found to be warranted.  (*Id.*). And, as noted above, Ilyas was the leader in determining how he and his father would participate in this litigation.  He also was the one with far greater involvement in the transactions that were the subject of discovery and the one who should have been able to access far more relevant information than he claimed to be able to access or obtain.  His conduct resulted in numerous, unnecessary discovery motions—conduct for which sanctions are appropriate under Rule 37.  Such conduct may be sanctioned under this Court's inherent authority as well.  *Chambers*, 501 U.S. at 50 (holding that a court may resort to its inherent power "where the conduct at issue is not covered by one of the other sanctioning provisions"); *Ceglia*, 600 Fed. App'x at 36.

The Khrapunovs argue that this Court's Report and Recommendation was based on several erroneous findings of fact.  Specifically, the Khrapunovs state that a witness in this case, Eesh Aggarwal, did not technically testify in this case and that there is no evidence that he served as an "intermediary" between witness Gennady Petelin and Ilyas Khrapunov, as the Court's Report and Recommendation suggests.  They add that the Court erred when it stated that Ilyas Khrapunov had corresponded with witness Frank Monstrey via email.  The Court notes these corrections to the record, but they do not alter the Court's conclusion that the

Khrapunovs, and particularly Ilyas, failed to participate in discovery in good faith.  To the extent the Khrapunovs also attack this Court for criticizing the Khrapunovs for failing to contact other individuals in connection with their discovery search process and for failing to try and obtain access to destroyed or inaccessible email accounts, these criticisms do not change the Court's conclusion.  The Khrapunovs had an obligation to contact agents such as financial advisors, accountants, and employees under their control, such as Aggarwal, who may have had responsive documents.  Further, their assertions that they could not remember or retrieve passwords to various email accounts were not credible.  Based on this Court's active supervision of this case and knowledge of discovery, the Court is of the belief that Ilyas Khrapunov destroyed relevant emails.

Finally, the Khrapunovs point out that they produced initial disclosures, answered interrogatories, and appeared at depositions, contrary to this Court's statement that the Khrapunovs produced "no evidence in discovery."  (ECF No. 1248 at 25.)  While it is true that the Khrapunovs did participate in discovery, much of their responses were that they did not have or remember information – contentions that this Court does not believe.  So, while the Court notes that some information was produced, the Court's ultimate finding that the Khrapunovs did not participate in good faith or produce all the documents they should have stands.

For all of the above reasons, the Khrapunovs objections do not alter the Court's prior conclusions set forth in its Report and Recommendation.

**IV.     Lack of Personal Jurisdiction Over Viktor Khrapunov**

Finally, counsel for the Khrapunovs argue that the Court never established personal jurisdiction over *Viktor* Khrapunov, which precludes monetary sanctions against him. This point warrants further discussion.

In her Order, dated September 26, 2017, Judge Nathan found that Plaintiffs' allegations failed to make a *prima facie* case for personal jurisdiction over Viktor Khrapunov but warranted jurisdictional discovery. (ECF No. 426 at 51.) The Court notes that a review of the docket indicates that Viktor Khrapunov failed to comply with discovery beyond the jurisdictional discovery that was ordered by Judge Nathan. However, on September 30, 2019, Judge Nathan dismissed the last remaining claim (fraudulent conveyance) against Viktor Khrapunov without resolving the issue of personal jurisdiction, which was rendered moot. (*See* ECF No. 1171 at 10.)

It is well-held that without personal jurisdiction, a Court does not possess the authority to issue monetary sanctions against a party. *See Volkart Bros., Inc. v. M/V "Palm Trader"*, 130 F.R.D. 285, 288 (S.D.N.Y. 1990). Further, there are two prerequisites that constrain a District Court's broad discretion to impose sanctions under Rule 37(b)(2). First, there is the more general requirement that the contemplated sanction must be "just"; second, the sanction must be specifically related to the particular claim at issue. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 707 (1982).

While this Court retains the inherent power to sanction Viktor Khrapunov for his abuses of the judicial process, *Ceglia*, 600 Fed. App'x at 36, in light of the procedural posture of the case and Viktor's dismissal from this action prior to personal jurisdiction over him being fully established, and given that Ilyas was the one who should have had more documents to produce

11

and the primary abuser of discovery, this Court has reconsidered its prior ruling and finds that monetary sanctions against Viktor Khrapunov are not equitable given the circumstances.

## Conclusion

For the reasons stated above, the portion of this Court's prior Opinion (ECF No. 1248) imposing monetary sanctions on Ilyas Khrapunov, but not Viktor Khrapunov, for discovery violations is reinstated. That part of the Report and Recommendation recommending that an adverse inference should be imposed against the Khrapunovs and that they should be barred from introducing documents into evidence that have not been produced is not reinstated because it is moot in light of Judge Nathan's Order at ECF No. 1254. Therefore, the Khrapunovs' objection (ECF No. 1255.) is GRANTED in part and DENIED in part and the Court's prior Decision (ECF No. 1248) is reinstated only to the extent consistent with this Order. Plaintiffs are ORDERED to file and serve an affidavit and supporting materials identifying their expenses, including attorney's fees, in accordance with this Order.

**SO ORDERED.**

Dated: September 3, 2020
New York, New York

_Katharine H. Parker_

KATHARINE H. PARKER
United States Magistrate Judge