UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CITY OF ALMATY, KAZAKHSTAN and BTA
BANK JSC,

                                                Plaintiffs,

                        -against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV,
ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

                                                Defendants.

-------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____          │
│ DATE FILED: _9/10/2020_          │
└─────────────────────────────────┘
```

**ORDER ON JUNE 2020
ATTORNEYS' FEES APPLICATION
FROM TRIADOU**

**15-CV-05345 (AJN) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This Court previously granted Defendant Triadou SPV S.A.'s ("Triadou") Motion for

Sanctions in connection with Plaintiffs' improper withholding of certain documents on grounds

of privilege. The documents included a contract with a non-party investigative firm called Litco

and communications with two non-party witnesses, Felix Sater and Frank Monstrey. (Order,

ECF. No. 1248.) In its prior ruling, this Court held that Triadou was entitled to its attorneys' fees

and costs. Triadou now seeks $57,353.85 in attorneys' fees and $867.96 in costs in connection

with its successful motion, as well as $9,204.75 in fees incurred in connection with preparing its

fee application.

## BACKGROUND

The legal work for which Triadou seeks reimbursement was performed by Deborah

Skakel, a partner with Blank Rome LLP ("Blank Rome"), Alex Hassid, also a Blank Rome partner,

Robyn Michaelson, a senior associate at Blank Rome, Sara Gerber, a senior associate at Blank

Rome, and Shareen Sawar, a junior associate at Blank Rome. Ms. Skakel has submitted a

declaration affirming that this amount was actually billed to Defendant and providing a detailed accounting of the qualifications of each attorney and the hours worked by each lawyer and paralegal.  ("Skakel Decl.")

Ms. Skakel has considerable experience representing clients in complex commercial disputes.  She received her J.D. from Cornell Law School and, after graduating, began working at Milbank, Tweed, Hadley & McCloy LLP.  Since working at Milbank, Ms. Skakel worked at several other firms, climbing to the rank of partner.  She joined Blank Rome in 2016, where she serves as co-chair of the firm's corporate litigation practice and co-chair of the New York office.  Ms. Skakel's hourly rates were $885, $925, and $950 during the relevant period.  (*Id.* ¶ 3.)

Mr. Hassid also has substantial experience in complex commercial disputes involving fraud, breach of contract and other issues.  He received his J.D. from George Washington University.  He joined the law firm Dickstein Shapiro LLP ("Dickstein Shapiro") after law school, where he remained until moving to Blank Rome in 2016.  His hourly rates were $695, $710 and $745 during the relevant period.  (*Id.* ¶ 4.)

Ms. Michaelson obtained her J.D. from Fordham University School of Law in 2014.  She started her career at Dickstein Shapiro and moved to Blank Rome in 2016.  Her hourly rates during the relevant period were $480, $530 and $625. (*Id.* ¶ 5.)

Ms. Gerber graduated *magna cum laude* from Syracuse University College of Law in 2000.  She started her career as an associate at Nixon Peabody LLP where she worked until 2007 when she moved to the firm of Dickstein Shapiro.  She joined Blank Rome as a research attorney in 2016 but resumed working as a full-time litigation associate in 2018.  Ms. Gerber's rate during the relevant time period was $470 per hour. (*Id.* ¶ 6.)

Ms. Sarwar graduated from Georgetown University Law Center in 2018.  Her hourly rate during the relevant period was $380.  She is admitted to practice in Virginia and the District of Columbia, but performed work on this matter under the supervision of attorneys admitted in this state.  (*Id.* ¶ 7.)  Consistent with this Court's decision in a prior application for fees, Triadou seeks reimbursement for Ms. Sawar at $330 per hour.

Detailed charts have been provided setting forth the time entries in support of various submissions made by Triadou in connection with its quest to compel production of the Litco agreement and documents from Plaintiffs' privilege log, as well as the instant application.  (*Id.* ¶ 9-11 & Exs. 1-3.)  The rates charged were consistent with Blank Rome's regular rates, subject to a 10% discount that was extended to Triadou.  (*Id.* ¶ 8.)

## LEGAL STANDARD

A district court exercises "considerable discretion" in awarding attorneys' fees.  *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).  "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable."  *TufAmerica Inc. v. Diamond*, No. 12-cv-3529 (AJN), 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016), *reconsideration granted in part*, No. 12-cv-3529 (AJN), 2016 WL 3866578 (S.D.N.Y. July 12, 2016), *and on reconsideration in part*, No. 12-cv-3529 (AJN), 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  Attorney's fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended.  *TufAmerica Inc.*, 2016 WL 1029553, at *3 (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. N.Y. State Office of*

3

*Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011).  When

evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to

pay, given that such a party wishes to spend the minimum necessary to litigate the case

effectively." *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted).  The

Second Circuit's "forum rule" generally requires use of "the hourly rates employed in the

district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* at

290 (internal citation and quotation marks omitted); *see also TufAmerica Inc.*, 2016 WL

1029553, at *5 (rate must be "in line with those [rates] prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience, and reputation").  Courts in this

district also have recognized that an "attorney's customary billing rate for fee-paying clients is

ordinarily the best evidence of" a reasonable hourly rate.  *In re Stock Exchanges Options*

*Trading Antitrust Litig.*, No. 99-cv-0962 (RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006).

Finally, the Court may adjust base hourly rates to account for case-specific variables.  *Arbor Hill*

*Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 183-84.

When evaluating hours expended, the Court must make "a conscientious and detailed

inquiry into the validity of the representations that a certain number of hours were usefully and

reasonably expended." *Haley v.* Pataki, 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City*

*of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)).  In determining whether hours are excessive, "the

critical inquiry is whether, at the time the work was performed, a reasonable attorney would

have engaged in similar time expenditures." *Samms v. Abrams*, 198 F. Supp. 3d 311, 322

(S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  "Hours that are

excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such

surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord Alicea v. City of New York,* 272 F. Supp. 3d 603, 608-09 (S.D.N.Y. 2017); *TufAmerica Inc.*, 2016 WL 1029553, at *3.

The Court also looks at the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter. Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 187. Likewise, the Court may consider the purpose of the award; that is, a different presumptively reasonable fee may be warranted if the fee is being awarded as a sanction for misconduct than if the fee is being awarded in connection with a successful outcome in a statutory fee-shifting case. *See Klipsch Grp. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 633-34 (2d Cir. 2018). The Second Circuit has recognized that "[d]iscovery sanctions are different" than fee awards in civil rights cases, because "a party that disregards its obligations may create a reasonable suspicion that further investigation is warranted, and thereby imposes costs on its adversary that would never have been incurred. . . . In that situation, the offended adversary's counsel is not being rewarded for its success in the litigation; rather, the adversary is simply being compensated for costs it should not have had to bear." *Id*. at 634.

**<u>DISCUSSION</u>**

5

Because Triadou is seeking fees, it bears the burden of demonstrating that its counsel's rates are reasonable.  *Blum*, 465 U.S. at 895 n.11; *see also Reiter v. Metro. Transp. Auth. of the State of New York*, No. 01-cv-2762 (GWG), 2007 WL 2775144, at *4 (S.D.N.Y. Sept. 25, 2007). This Court has already found that the Blank Rome attorneys on this case have all acted with the utmost professionalism before this Court and have vigorously advocated on Triadou's behalf. Although this Court did not previously consider the qualifications of Ms. Gerber, she too is an accomplished associate who has provided important assistance to the defense team.  Ms. Skakel, who is lead counsel, has submitted a declaration stating that the rates charged are the firm's regular rates, subject to a 10% discount.  This is strong evidence that the rates requested are reasonable.  *In re Stock Exchanges Options Trading Antitrust Litig.*, 2006 WL 3498590, at *9; *see also Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986) ("For lawyers engaged in customary private practice, who at least in part charge their clients on an hourly basis regardless of the outcome, the marketplace has set that value.") (internal citation and quotation marks omitted).

As this Court also previously noted, courts in this district have approved rates similar to those sought by Triadou.  *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Markets*, No. 12-cv-9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (quoting *Themis Capital v. Democratic Republic of Congo*, No. 09-cv-1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014)) (recognizing that partner rates of up to $1000 per hour are not uncommon in this District for complex litigation matters); *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96-cv-8414, 2017 WL 1294557, at *10 (S.D.N.Y. Apr. 4, 2017) (in "complex" case, partner rate of $600 is reasonable; rate of $150 per hour for paralegals reasonable); *Themis*

*Capital*, 2014 WL 4379100, at *7 n.5 (approving associate rates "from approximately $380 to $682" for associates in case involving "difficult questions of law and fact"); *TufAmerica*, 2016 WL 1029553, at *6 (reasonable rate for partners ranged from $572 to $715 per hour, for senior associates was $476 to $560 per hour, for junior associates was $375 to $425 per hours, and for paralegals was $150-175 per hour); *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Research*, 286 F.Supp. 3d 585, 588-89 (S.D.N.Y. 2018) (in commercial litigation, court approved hourly rates for partners of $765 and for associates of up to $450). And, this Court has previously approved similarly high hourly rates to Plaintiffs' counsel in connection with a different sanctions award against Viktor and Ilyas Khrapunov. (ECF No. 1216.) However, with respect to Ms. Sarwar, the Court notes that the Court's previous determination that $330 per hour was appropriate did not apply to the time period January through March 2019, but a later period of time when Ms. Sarwar had more experience. In early 2019, she had been practicing less than a year. Thus, a rate of $300 per hour is more appropriate for that period and is consistent with a rate that this Court previously found appropriate for new associates in Plaintiffs' prior fee application. (*See* ECF Nos. 628 and 1216).

Blank Rome has increased the hourly rates charged to Triadou from 2018 to 2020—the time when work relevant to this fee application was done. Ms. Skakel's rate increased from $885 to $950 per hour over the course of two years, or approximately 7%. Mr. Hassid's rate increased from $695 to $745 per hour over the course of two years, or approximately 7%. Ms. Michaelson's rate increased from $480 to $625 per hour over the course of two years, or about 30%. Triadou's application requests that the Court recognize the increased hourly rates in its fee award. It is reasonable for a lawyer's rate to increase as he or she gains experience. *See*

*Arbor Hill*, 522 F.3d at 186 n.3; *LaBarbera v. D. & R. Materials, Inc.*, 588 F. Supp. 2d 342, 348 (E.D.N.Y. 2008).  According to the U.S. Bureau of Labor Statistics, the annual inflation rate for 2018 through 2019 was 2.3%. *See Consumer Price Index*, https://www.bls.gov/cpi/tables/home.htm (last visited Sept. 8, 2020).  These increases for Ms. Skakel and Mr. Hassid are above, but not far above, the rate of inflation.  However, the rate of increase for Ms. Michaelson far exceeds the rate of inflation over the same period.  *See CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last visited Sept. 8, 2020).  On balance, I find that the rate increases for Ms. Skakel and Mr. Hassid are reasonable and take into account increases in experience and other factors previously recognized by this Court when approving rate increases in connection with a fee application filed by Plaintiffs. (*See* ECF No. 1216.)  However, a rate increase of nearly 30% for Ms. Michaelson is not reasonable.  Instead, the Court approves an overall increase of approximately 7%, to $495 per hour for 2019 (the year in which Ms. Michaelson worked on the sanctions filings) and $515 per hour for calendar year 2020 (the year in which Ms. Michaelson worked on the fee application).

Turning to the hours worked, Triadou seeks reimbursement for the following hours and the following tasks:

- 2018 Litco Motion to Compel Papers (42.7 hours).  This encompasses four different submissions (ECF Nos. 844, 859, 875 and 890).

- 2019 Sanctions Filings (65.5 hours).  This encompasses two lengthy submissions (ECF Nos. 968 and 1010).

- Fee application (15.2 hours)

Work performed includes drafting, research of several legal issues (some more complex than others), and review of a voluminous fact record.  Although Triadou's submissions addressed more issues than the production of the Litco agreement and privileged documents, it has sought to account for that by adjusting hours worked downward, apportioning tasks and reconciling entries.

Plaintiffs complain that Triadou did not properly separate its compensable work from its non-compensable work.  In other words, Plaintiffs contend Triadou has included time its attorneys spent on unsuccessful portions of its sanctions-related filings for which it is not entitled to reimbursement or for work that would have been incurred regardless.  Although Triadou attempted to account for this by reducing hours by 20% to some time entries, Plaintiffs suggest that a 50% reduction should be applied to all the hours associated with the Litco motion to compel papers.  With respect to the sanctions filings, Plaintiffs contend that Triadou should be entitled to 20% of its fees based on the limited portion of its motion that was successful—not the 30% Triadou seeks (which represents one third of the three types of relief it sought in its sanctions motion).  *See* Fed. R. Civ. P. 37(a)(5)(A) (the court should award reasonable fees unless "the nondisclosure or objection was substantially justified, or other circumstances make an award of expenses unjust"); *see also SEC v. Yorkville Advisors, LLC*, 12 Civ. 7728 (GBD)(HBP), 2015 WL 855796, at *12 (S.D.N.Y. Feb. 27, 2015) ("Courts may reduce fee applications for time spent on unsuccessful arguments.").  Plaintiffs also complain about vague time entries and block billing, for which courts routinely adjust time.  See *Benihana, Inc. v. Benihana of Tokyo, LLC*, No. 15 Civ. 7428 (PAE), 2017 WL 6551198, at *3 (S.D.N.Y.

Dec. 22, 2017); *Shukla v. Sharma*, No. 07 CV 2972 (CBA), 2010 WL 8435857, at *9 (E.D.N.Y. Dec. 15, 2010).

This Court has carefully reviewed the parties' arguments and Triadou's time records. Block billing has required Triadou's counsel to make somewhat arbitrary adjustments to apportion time spent on that portion of its motions that were successful.  The entries, while not entirely vague, do not separate out time spent on different legal and factual arguments (with the exception of time spent on Rule 502).  Therefore, it is difficult to ascertain whether Triadou's own allocation of hours was reasonable.  At the same time, the cuts Plaintiffs suggest are too severe and would not, in this Court's view, properly compensate Triadou for the time spent on their successful arguments.  The Court has discretion to apply a percentage cut rather than reduce various entries by certain amounts, and the Court will exercise that discretion here. The Court finds an additional 10% reduction to the hours requested (after the 10% reduction already imposed by Triadou's counsel) related to the Litco filings and the Sanctions motion are appropriate.  This reduction in hours coupled with the reduction in rates for Ms. Michaelson and Ms. Sawar results in the following awards:

- An award of $21,950.78 in fees for the 2018 Litco Motion to Compel Papers.

- An award of $29,336.99 in fees for the 2019 Sanctions Filings.

With regard to the fees requested incurred on the instant application, most of the work on the instant application was appropriately delegated to Ms. Michaelson, an associate.  And, having reviewed the records and based on this Court's own familiarity with the time it takes to prepare a fee application, I find that the time spent was reasonable.  However, as noted, Ms.

Michaelson's hourly rate must be adjusted to $515 per hour, resulting in an award of $8,940.50.

Finally, Triadou seeks $867.96 in costs associated with legal research. It states that it discounted its total costs where the focus of the research was not specific.  Plaintiffs complain that Triadou should not be awarded costs based on such an arbitrary discount.  This Court agrees.  I find the costs should be reduced by an additional 10%.  Thus, Triadou is awarded costs in the amount of $781.16.

## CONCLUSION

Accordingly, the Court awards Triadou attorneys' fees in the amount of $60,228.27 and costs in the amount of $781.16.

**SO ORDERED.**

Dated: September 10, 2020
        New York, New York

KATHARINE H. PARKER
United States Magistrate Judge