UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

        Plaintiffs,

  -against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

        Defendants.

15 Civ. 5345 (AJN) (KHP)

---

# RESPONSE TO THE OBJECTION BY ILYAS KHRAPUNOV TO MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDERS

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs*
*City of Almaty, Kazakhstan and*
*BTA Bank JSC*

The City of Almaty and BTA Bank (together, the "Kazakh Entities" or "Plaintiffs") respectfully submit this memorandum of law in opposition to the objection by Ilyas Khrapunov [*see* ECF No. 1413 ("Obj.")], to Magistrate Judge Parker's February 25 and February 27, 2021 orders [*see* ECF Nos. 1409, 1412], which denied Khrapunov's motion to lift the confidentiality designation of the Expert Report of Bruce G. Dubinsky [*see* No. 1395].

Judge Parker correctly applied the law when balancing the public and private interests in the Dubinsky report and determining that, for now at least, the report should remain under seal. [ECF No. 1412.] Khrapunov—who moves to unseal the report because the Protective Order prevents him from using the report in a separate case in Switzerland [*see* ECF No. 1395 at 2]—fails to carry his heavy burden to demonstrate that Judge Parker's order was clearly erroneous. Because Judge Parker made particularized findings with respect to why the Dubinsky report should remain under seal, this Court should defer to Judge Parker and overrule Khrapunov's objection.

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D.

70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

"This is a highly deferential standard, and the objector thus carries a heavy burden." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD) (SN), 2020 WL 6712191, at *1 (S.D.N.Y. Nov. 16, 2020) (overruling and denying objections to sealing order where the magistrate judge "made particularized findings" about the documents to remain under seal). In the context of a sealing request, the Second Circuit has recognized that a trial court commits legal error or abuses its discretion when it "fail[s] to review the documents individually and produce specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 48, 50–51 (2d Cir. 2019) (requiring a "particularized review" of the documents sought to be filed under seal).

Regardless of how this Court might resolve similar sealing requests that were submitted with the summary judgment and *Daubert* motions, Judge Parker did not clearly err when denying Khrapunov's request to unseal the Dubinsky report. Judge Parker "made particularized findings" concerning the "higher values" that compelled sealing. Judge Parker denied Khrapunov's motion

> because [the Dubinsky report] contains materials gathered and being used in a criminal proceeding in Kazakhstan and contains confidential information provided by and about a non-party pursuant to the Protective Order in this case who object to the document being made public at this time. The privacy interest of non-parties also influence the Court's decision at this time. The Court also notes that all information exchanged in this case was produced with the expectation that it would be used only in this case.

[ECF No. 1409 (citation omitted), *modified by* ECF No. 1412.]

Judge Parker's decision was not clearly erroneous. The Second Circuit has "held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (cleaned up); *see also Doe v. City of New York*, No. 15-CV-117 (AJN), 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("[C]ourts

2

take the privacy interests of third-parties seriously."). Frank Monstrey and Gennady Petelin—both third parties—moved to maintain their documents and testimony under seal. [ECF Nos. 1313, 1367 (Monstrey); ECF No. 1315 (Petelin)]. The transaction documents and confidential personal financial information they seek to maintain under seal features prominently in the Dubinsky report. Monstrey specifically opposed Khrapunov's motion to unseal the Dubinsky report because it "relies extensively on confidential information produced by Mr. Monstrey pursuant to the Protective Order." [ECF No. 1404 at 1]. Monstrey contends that the Dubinsky report wrongly associates Monstrey with Mukhtar Ablyazov, is "false and filled with errors," and will carry a "patina of validity" by virtue of it being an expert report from a highly regarded forensic accountant. *Id.* at 3.[1] The Kazakh Entities obviously disagree that the Dubinsky report is inaccurate, but that disagreement underscores why determining what weight to give private interests in contested work product (such as the Dubinsky report) should be made after the Court has had an opportunity to consider the evidence, such as in a public trial.[2] *See Amodeo*, 71 F.3d at 1051.

As the Second Circuit held in *Amodeo*, the "nature and degree of injury [to a third party] must also be weighed." 71 F.3d at 1051. The Court will be better able to determine the degree of

---

[1]     Khrapunov contends Monstrey's privacy concerns are minimal because "damaging information about Mr. Monstrey has already been widely publicized." Obj. ¶ 6 (citing ECF No. 1407). But there is a significant difference—ignored by Khrapunov—between superficial reporting in which Monstrey defends himself, and the concern raised by Monstrey here, which is the release of a detailed and well-supported forensic accounting report that relies on scores of primary documents, which he contends is inaccurate.

[2]     Khrapunov also misrepresents both the facts and this Court's prior decisions when he states that BTA paid Monstrey "millions of dollars." Obj. ¶ 6. The Court accurately explained that it was Monstrey who provided cooperation and paid BTA, which "acquired a stake in Nostrum (valued at nearly $150 million)," while BTA "agreed to indemnify Monstrey with respect to certain encumbrances" "tied to his Nostrum shares" and reimburse expenses associated with his cooperation. [ECF No. 1099 at 8. *Accord* ECF No. 1151 at 3–4 (same)].

3

injury to Monstrey from the disclosure of the Dubinsky report after considering the record as a whole and after the evidence supporting the Dubinsky report has been admitted in the context of a public trial:

> The court should consider the reliability of the information. Raw, unverified information should not be as readily disclosed as matters that are verified. Similarly, a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein.

*Id.* Judge Parker denied Khrapunov's motion to unseal without prejudice, meaning once the degree of the purported injury to Monstrey has changed—because the Court determines the report is reliable, or simply because the report can be unsealed in the context of a fuller record that has been subjected to a fair response in an adversarial setting—the balance of private and public interests may have changed as well.

Judge Parker also properly denied Khrapunov's motion to unseal the Dubinsky report because the report "contains materials gathered and being used in a criminal proceeding in Kazakhstan." [ECF No. 1409.] Khrapunov fails to demonstrate that this was a clearly erroneous finding. Khrapunov contends that for Judge Parker to have determined that there are privacy interests in ongoing foreign criminal proceedings, "a Kazakh governmental agency" with such interests must "intervene in the case or assert its rights." Obj. ¶ 5. While the investigative and prosecutorial agencies in Kazakhstan may have an interest in the confidentiality of the materials relied upon the Dubinsky report, Khrapunov's argument completely ignores that both BTA Bank and the City of Almaty are parties to those criminal proceedings under Kazakh law and are fully capable of asserting their privacy interests through their attorneys. As has been explained to the Court on numerous previous occasions and has never been contested, the Kazakh Entities are recognized victims of crime under Kazakh law and have been able to request documents from the Kazakh criminal investigators. [*See, e.g.*, ECF No. 1357 ¶ 9 (Declaration of Matthew

Schwartz, citing the testimony of the senior assistant to the Prosecutor General in Kazakhstan and explaining how documents were "lawfully provided to BTA in its capacity as a recognized victim of crime under Kazakh law.").] The Kazakh Entities continue to cooperate in confidential criminal investigations in Kazakhstan, and their access to investigative files remains subject to the discretion of the Kazakh government.[3] The Kazakh Entities have a significant interest in maintaining the confidential nature of the investigations that are vindicating their own rights as victims of crime.  Further, while the Kazakh criminal authorities did not appear in this action, the record fully supports Judge Parker's findings insofar as there are ongoing criminal investigations in Kazakhstan and elsewhere, [*see, e.g.*, ECF No. 1359-34 at 6 (Kurmanov Dep. at 13:9-23) (representative of the Prosecutor General explaining the role of that office and of the National Anti-Corruption Agency and the Prosecutor's Office of Almaty in ongoing investigations)], which may be prejudiced by the revelation to the public of information gathered through those criminal processes.  *Cf. In re The City of New York*, 607 F.3d 923, 940-41 (2d Cir. 2010) (finding that the law enforcement privilege is designed to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation"); *Goodloe v. City of New York*, 136 F. Supp. 3d 283, 293 (E.D.N.Y. 2015) ("The law-enforcement privilege (or the informer's privilege) permits the government to withhold from disclosure the identity of persons who furnish information of violations of law to officers charges with enforcement of that law.").

---

[3]     *See* Kazakhstan Crim. P. Code, Art. 201(1), *available at* http://adilet.zan.kz/eng/docs/K1400000231 ("The data of the pre-trial investigation cannot be disclosed. They may be made public only with the permission of the procurator in the extent to which it will be recognized that possible, if it is not contrary to the interests of the investigation and does not infringe the rights and legitimate interests of others.").

While Khrapunov, and even this Court, might disagree with how Judge Parker balanced private and public interests in the Dubinsky report, it was not clear error for Judge Parker to deny, without prejudice, Khrapunov's motion based on these compelling private interests. The Court should therefore overrule and deny Khrapunov's objection.

Dated: New York, New York
March 22, 2021

                                                  Respectfully,

                                                  /s/     Craig A. Wenner
                                                  Matthew L. Schwartz
                                                  Craig A. Wenner

                                                  BOIES SCHILLER FLEXNER LLP
                                                  55 Hudson Yards
                                                  New York, New York 10001
                                                  Telephone: (212) 446-2300