USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

City of Almaty, Kazakhstan, *et al.*,

        Plaintiffs,

–v–

Mukhtar Ablyazov, *et al.*,

        Defendants.

15-cv-5345 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    The Court has not yet determined whether any of the claims in this action should be tried to a jury. The remaining parties in this case have each demanded a trial by jury. *See* Dkt. Nos. 1094, 1112. However, 28 U.S.C. § 1441(d) provided the basis for removal jurisdiction in this action. *See City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 786 (S.D.N.Y. 2017). That subsection provides that "[u]pon removal the action shall be tried by the court without jury." *See Herman v. El Al Israel Airlines, Ltd.*, 502 F. Supp. 277, 279–80 (S.D.N.Y. 1980). The Court has held that an "action" removable under § 1441(d) includes the entire action, not only the claims against a foreign state giving rise to removal jurisdiction. *See Almaty*, 278 F. Supp. 3d at 787.

    The answer to this question is likely to affect the Court's consideration of the parties' pending motions to preclude expert testimony. When a case is to be tried to the court without a jury, courts in this district will often defer consideration of the admissibility of expert testimony and hear that testimony at trial. *See, e.g., Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 396 (S.D.N.Y. 2010); *Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC*, No. 07-cv-5804 (GEL), 2009 WL 959775, at *6 n.3 (S.D.N.Y. Apr. 8, 2009). "In the

context of a bench trial . . . there is no possibility of prejudice, and no need to protect the factfinder from being overawed by 'expert' analysis. The testimony thus will be admitted, and will be given such probative effect as it is worth." *Victoria's Secret Stores Brand Mgmt.*, 2009 WL 959775, at *8 n.4.

It is therefore ORDERED that within thirty days, the parties shall confer and submit a joint letter setting out their views on which, if any, of the claims in this action should be tried to a jury and the basis for their views. If the parties do not agree, they should include argument in the joint letter not to exceed five pages per side.

It is further ORDERED that the pending motions to preclude expert testimony (Dkt. Nos. 1274, 1277, 1299, 1305, 1308) are administratively DENIED without prejudice. Triadou's letter motion to seal portions of its submissions on these motions (Dkt. No. 1341) is GRANTED pending the Court's consideration of those submissions. The parties' letter motions for oral argument (Dkt. Nos. 1311, 1387) are DENIED as moot.

This resolves Docket Numbers 1274, 1277, 1299, 1305, 1308, 1311, 1341, and 1387.

SO ORDERED.

Dated: March 29, 2021
      New York, New York

                                           ALISON J. NATHAN
                                       United States District Judge