UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



City of Almaty, Kazakhstan, *et al.*,

                Plaintiffs,

    –v–

Mukhtar Ablyazov, *et al.*,

                Defendants.

15-cv-5345 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

In an Opinion concurrently filed under temporary seal to allow the parties to propose redactions, the Court grants Triadou's motion for summary judgment as to Almaty's claims and denies it as to BTA's claims. This Order publicly sets out the Court's disposition of that motion and addresses the numerous pending motions to seal portions of the summary judgment record.

"Both the Constitution and longstanding common-law traditions recognize a right of public access to judicial proceedings and judicial documents." *United States v. Nejad*, No. 18-cr-224 (AJN), 2021 WL 681427, at *9 (S.D.N.Y. Feb. 22, 2021) (citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 505 (1984)). "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Court must first determine whether a document is a judicial document—that is, whether it is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119). "A finding that a document is a judicial document triggers a presumption of public access, and

requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Id.* at 141 (cleaned up).

Triadou, the Kazakh Entities, and non-parties Frank Monstrey and Gennady Petelin each seek to seal some of the parties' exhibits to their declarations in support of and in opposition to summary judgment. The parties have numbered all exhibits in their summary judgment papers sequentially, and the Court refers to them by their exhibit number rather than docket number. The parties also seek to seal substantial portions of their memoranda of law and Rule 56.1 statements because they contain information related to other documents filed under seal.

Triadou seeks to seal three categories of documents. First, it seeks to seal non-party SDG's corporate minutes, which reveal the company's financial information and internal strategic discussions. *See* Ex. 75, 78–79, 98–104, 126, 393. Second, it seeks to seal documents and redact portions of deposition testimony describing unrelated financial holdings of SDG's beneficial owner, non-party Philippe Glatz. *See* Ex. 52, 59, 73, 77, 93–96, 209–10. Third, it seeks to seal emails that reflect SDG negotiations concerning unrelated business ventures. *See* Ex. 345–47. Triadou's motions are unopposed. The Court concludes that, to the extent these documents qualify as judicial documents, their relevance to Triadou's summary judgment motion is minimal, and so only a weak presumption of public access applies. *See Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019). The Court did not rely on these documents in deciding the motion and they contain sensitive financial and personal information related to third parties. Thus, the Court grants Triadou's motions to seal these documents.

Apart from their motion papers, the Kazakh Entities seek only to seal the report of their money-laundering expert, Bruce Dubinsky. *See* Ex. 68. They contend that the report is not a judicial record because it is not the subject of a motion to preclude expert testimony. They

contend it includes confidential information obtained from third-party discovery targets and from criminal investigations.  And they contend that the information from these sources is "interwoven throughout the entire report, such that redacting confidential information would render the report unreadable."  Dkt. No. 1302, at *3.  Ilyas Khrapunov opposes sealing and hopes to use the report to defend himself in a criminal proceeding in Switzerland.  *See* Dkt. No. 1395, at *2.

The Court disagrees with the Kazakh Entities that the Dubinsky Report is not a judicial document and that more narrowly tailored redactions are infeasible.  Both parties relied on the report extensively in their summary judgment papers, and the Court relied on it in reaching its decision on the motion.  "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."  *Lugosch*, 435 F.3d at 121.  The Court has no trouble concluding that it is a judicial document.  *See Bernstein*, 814 F.3d at 139.

The Court also disagrees that compelling reasons justify denying public access to the Dubinsky Report in its entirety.  Large portions of the report merely recount the same factual narrative set forth in the Kazakh Entities' briefing.  And Mr. Dubinsky's tracing analysis, whether or not based on confidential documents, is critical to this case.  The Kazakh Entities make a vague overture to the "law enforcement privilege," but they provide no explanation of how or why disclosure of Mr. Dubinsky's opinions would imperil any pending investigations or reveal investigatory techniques—particularly where the substance of the report has already been disclosed to the likely subjects of those investigations.  The Court also takes into account that expert opinions disclosed for use at trial are documents of a type that "have historically been open to the press and general public," and so are subject to an even higher bar for sealing under

the First Amendment.  *Id.* at 141 (quoting *Lugosch*, 435 F.3d at 120).  The Court thus denies the

Kazakh Entities' motions to seal the Dubinsky Report in predominant part.

The Court will allow the Kazakh Entities the opportunity to propose limited redactions to

the Dubinsky Report under seal.  In particular, if the Kazakh Entities are concerned that the

sources of information in the report—rather than the substance of the information—reveal

confidential communications with third-parties or investigatory techniques, it may be appropriate

to redact some or all of the list of documents considered in Appendix B or the footnotes to the

report.  The Kazakh Entities may also redact information derived from any documents the Court

has ordered be maintained under seal or information pertaining to third parties wholly unrelated

to this case.  However, the Court stresses that it expects any proposed redactions to be "narrowly

tailored."  *United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008).  The unredacted portions of the

report should allow members of the public to understand Mr. Dubinsky's conclusions and his

basis for reaching them.  All redactions shall be consistent with this Order and justified by

reference to the Second Circuit's opinion in *Lugosch*, 435 F.3d 110.

Mr. Monstrey seeks to seal his settlement agreement with BTA and a witness statement

he made to U.K. authorities.  *See* Ex. 11, 46.  He also seeks to redact limited sections of his

deposition testimony and other documents that relate to his settlement agreement with BTA or

his personal financial information.  *See* Ex. 7, 12, 176, 191.  His motions are unopposed.  Apart

from the witness statement, the documents Mr. Monstrey seeks to seal are essentially irrelevant

to the summary judgment motion, and the Court did not consider them.  The Court referenced the

witness statement briefly in its Opinion, but only for information related to an initial public

offering that is in the public record.  The Court concludes that, to the extent these documents

qualify as judicial documents, their relevance to the summary judgment motion is minimal, and

so only a weak presumption of public access applies.  *See Brown*, 929 F.3d at 49–50.  These documents also consist largely of Mr. Monstrey's private financial information in which he has significant privacy interests.  His proposed redactions of deposition testimony and other documents are narrowly tailored.  The Court thus grants his motions to seal.

Mr. Petelin seeks to seal an excerpt of his deposition that he contends contains personal financial and family information and a deed that purports to reflect the transfer of his interest in a company.  *See* Ex. 39, 49.  The Court also construes his motion to seek sealing of another deed similar to the deed contained in Exhibit 39.  *See* Ex. 306.  His motion is unopposed.

The Court finds that the documents Mr. Petelin seeks to seal are judicial documents and that countervailing privacy interests do not support sealing, with the exception of narrow portions of Exhibits 39 and 49.  Mr. Petelin contends these documents implicate his privacy interests because they reflect his connection to certain business entities; however, those entities and the transactions at issue are at the center of this case.  The deeds in Exhibits 39 and 306 show transfers of business interests that form an essential link in the chain between BTA and Triadou.  Moreover, the Kazakh Entities allege—and evidence suggests—that these deeds may have been fraudulent.  The deeds are sufficiently important to this case that the Kazakh Entities reproduced copies of them in the sealed versions of their opposition brief, and the Court relied on them in reaching its decision.  The deposition testimony Mr. Petelin seeks to seal likewise describes transactions integral to this case.  The documents are therefore judicial documents.  *See Bernstein*, 814 F.3d at 139; *Lugosch*, 435 F.3d at 121.  Because the substance of the these transactions are described at length in the unsealed portions of the parties' briefs, the Court's Opinion, and other documents on the public docket, the Court concludes that Mr. Petelin does not have significant privacy interests in the documents.  However, the Court finds that two

5

portions of the documents should be redacted:  Ilyas Khrapunov's address appears on the deed in Exhibit 39, and information about Mr. Petelin's family finances appears on page 228 of the deposition excerpted in Exhibit 49.  Compelling privacy interests support sealing only these portions of the documents.

Finally, the parties seek to seal portions of their memoranda of law and Rule 56.1 statements.  *See* Dkt. Nos. 1296, 1297, 1361, 1363, 1385.  The parties do not provide a separate basis for sealing these documents, but instead propose to redact information related to the other documents they seek to seal.  The Court agrees that portions of the memoranda of law and Rule 56.1 statements should be maintained under seal.  However, the parties should propose more narrowly tailored redactions based only on those materials the Court has ordered sealed here or in its prior orders.  In particular, the parties' proposed redactions of their Rule 56.1 statements are excessive.

The Court thus ORDERS as follows:

1. Triadou's motion for summary judgment (Dkt. No. 1282) is GRANTED as to Almaty's claims and DENIED as to BTA's claims.

2. Triadou's motions to seal (Dkt. Nos. 1280, 1366, 1382) are GRANTED as to Exhibits 52, 59, 73, 75, 77–79, 93–96, 98–104, 126, 209–10, 345–47, and 393.

3. Frank Monstrey's motions to seal (Dkt. Nos. 1313, 1367) are GRANTED as to Exhibits 7, 11–12, 46, 176, and 191.  Within one week of this Order, Triadou shall publicly file copies of Exhibits 7 and 12 with redactions consistent with Mr. Monstrey's motions to seal and shall publicly file copies of Exhibits 13, 36, 37, and 38, which Mr. Monstrey has not sought to seal.  By the same date, the Kazakh Entities shall publicly file copies of Exhibits 176 and 191 with redactions consistent with Mr. Monstrey's motions to seal.

4. Gennady Petelin's motion to seal (Dkt. No. 1315) is DENIED in predominant part as to Exhibits 39, 49, and 306.  Within one week of this Order, Triadou shall publicly file copies of Exhibits 39 and 49 and shall publicly file a copy of Exhibit 113, which Mr. Petelin has not sought to seal.  However, Triadou shall redact from Exhibit 39 Mr. Khrapunov's address and shall redact from Exhibit 49 page 228 of the deposition.  By the same date, the Kazakh Entities shall publicly file a copy of Exhibit 306.

5. The Kazakh Entities' motions to seal the Dubinsky Report (Dkt. Nos. 1302, 1317) are DENIED in predominant part.  Within two weeks of this Order, the Kazakh Entities shall file under seal proposed redactions to the Dubinsky Report (Exhibit 68) consistent with this Order.  Any other interested party may file proposed redactions under seal by the same date.

6. The parties' motions to seal their memoranda of law and Rule 56.1 statements (Dkt. Nos. 1280, 1354, 1382) are GRANTED in part and DENIED in part.  Within three weeks of this Order, the parties shall file under seal proposed redactions of their memoranda of law (Dkt. Nos. 1297, 1363, 1385) and Rule 56.1 statements (Dkt. Nos. 1296, 1361) consistent with this Order.

7. Ilyas Khrapunov's objections to Judge Parker's orders declining to unseal the Dubinsky Report (Dkt. No. 1413) are OVERRULED as moot.  Mr. Khrapunov may renew his motion after the Court rules on any proposed redactions to the report if he believes those redactions are improper.

8. Within one week of this Order, any interested parties shall file under seal any proposed redactions to the Court's Opinion on Triadou's motion for summary judgment concurrently filed under temporary seal.  Any proposed redactions shall be narrowly tailored, shall be consistent with this Order, and shall be supported with reference to the Second Circuit's opinion in *Lugosch*, 435 F.3d 110.

This resolves Docket Numbers 1280, 1282, 1302, 1313, 1315, 1317, 1354, 1366, 1367, 1382, and 1413.

SO ORDERED.

Dated: March 29, 2021
    New York, New York

_____
ALISON J. NATHAN
United States District Judge