UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/29/2021
```

---

City of Almaty, Kazakhstan, *et al.*,

                    Plaintiffs,

        –v–

Mukhtar Ablyazov, *et al.*,

                    Defendants.

---

15-cv-5345 (AJN)

MEMORANDUM OPINION &
ORDER

ALISON J. NATHAN, District Judge:

Before the Court are the Kazakh Entities' objections to Judge Parker's Opinion & Order
of March 12, 2020, imposing sanctions for violating a discovery order.  The Court finds that
Judge Parker did not clearly err and thus overrules the objections.

## I.      Background

The Court assumes the parties' familiarity with this long-running litigation.  In brief, the
City of Almaty and BTA seek to recover funds allegedly embezzled in Kazakhstan and
laundered in the United States.  Since early 2017, Judge Parker has ably managed the complex
discovery in this case and resolved countless discovery disputes that have arisen between the
parties.

The present dispute concerns the deposition of non-party witness Kairat Sadykov, a
former BTA employee with knowledge of spreadsheets the Kazakh Entities contend reflect sham
payments of funds that eventually flowed to Triadou.  In July 2019, Judge Parker allowed the
Kazakh Entities to amend their Rule 26 disclosures to identify three witnesses that they had
failed to timely disclose.  *See* Dkt. No. 1101, at 17–21.  She reasoned that the Kazakh Entities

had demonstrated good cause to reopen discovery because the witnesses would be needed to testify about specific bank records whose significance had only recently become apparent. *Id.* at 20. To mitigate any prejudice to Triadou from the late disclosure, Judge Parker allowed Triadou to depose these witnesses about the meaning of the information in those records. *Id.*

Triadou sought reconsideration of Judge Parker's July 2019 Order after the Kazakh Entities indicated that they intended to elicit deposition testimony from the new witnesses for use at trial and that they would pursue topics other than the records. *See* Dkt. No. 1146. On September 4, 2019, Judge Parker held a lengthy telephonic argument on Triadou's motion for reconsideration. *See* Dkt. No. 1162. Judge Parker ruled from the bench; however, due to a technical problem with the audio recording, neither a recording nor transcript was ever made available. Opening Br., Dkt. No. 1233, at 7; Opp. Br., Dkt. No. 1240, at 7. Judge Parker issued a minute order limiting the Kazakh Entities' deposition questioning to the authenticity and foundation of the spreadsheets showing the relevant transactions:

> "After lengthy argument and careful consideration of Triadou's motion, the Court hereby modifies its Order at [ECF 1101] as follows: the Court will permit Plaintiffs to serve a [fourth] amended Rule 26(a) disclosure identifying Zaure Dzhunusova as witnesses for trial and will not preclude her from testifying, and will further permit her deposition on topics for which she was identified as having knowledge about in the amended Rule 26(a) disclosure. The Court will permit Plaintiffs to add Akzhan Moldakhmet and Kairat Sadikov to their 26(a) disclosures as witnesses for purposes of authentication of certain spreadsheets relating to the Tradestock transaction and permit limited scope depositions of them; Triadou may question Moldakhmet and Sadikov as to the authenticity of the identified spreadsheets and meaning of the spreadsheets; Plaintiffs may question their own witnesses as to authenticity of the spreadsheets and may ask related foundational questions. The parties are directed to the transcript from today's telephone conference for the Court's rationale." Dkt. No. 1160.

The parties deposed Sadykov in Kazakhstan later that month. Sadykov's knowledge of the spreadsheets' authenticity proved to be limited—counsel for the Kazakh Entities showed him only a single spreadsheet, and he testified that he had never seen it before. Sadykov Depo, Dkt.

No. 1239-9, 33:11–25.  Over repeated objections from Triadou's counsel, counsel for the Kazakh

Entities asked about myriad other topics including BTA personnel, and the existence of other

records related to offshore transfers, and the payment status of BTA loans.  *See, e.g.*, *id.* at

36:14–41:20.

Triadou sought Rule 37 sanctions for violation of the September 4, 2019 Order, and

Judge Parker granted the request in part in her March 12, 2020 Opinion.  *See* Dkt. No. 1221.

Judge Parker declined to preclude Sadykov from testifying at trial; however, she ordered

substantial portions of the deposition testimony struck for exceeding the authorized scope of the

deposition and awarded half the fees and costs associated with the deposition.  *Id.* at 12–14.

The Kazakh Entities now object to Judge Parker's Opinion imposing sanctions.  Dkt. No.

1233.

## II.    Legal Standard

"Magistrate judges have broad discretion to resolve the discovery disputes referred to

them."  *Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. 12-cv-1540 (AJN), 2013 WL 12328764,

at *3 (S.D.N.Y. Oct. 17, 2013) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522,

525 (2d Cir. 1990)).   "Monetary sanctions pursuant to Rule 37 for noncompliance with

discovery orders usually are committed to the discretion of the magistrate, reviewable by the

district court under the 'clearly erroneous or contrary to law' standard."  *Thomas E. Hoar*, 900

F.2d at 525 ; *see* Fed. R. Civ. P. 72(a).  "A decision is 'clearly erroneous' when the Court is,

'upon review of the entire record, left with the definite and firm conviction that a mistake has

been committed.'"  *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned

up) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).  "It is well-settled that a

magistrate judge's resolution of a nondispositive matter should be afforded substantial deference

and may be overturned only if found to have been an abuse of discretion."  *Id.* (quoting *RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94-cv-5587 (PKL) (RLE), 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000)).

## III.   Discussion

Federal Rule of Civil Procedure 37(b)(2) authorizes a court to impose sanctions for violation of a discovery order.  Sanctions can include prohibiting a party from introducing designated matters in evidence or requiring payment of attorneys' fees and costs.  The purposes of these sanctions are to ensure that a party does not profit from their disregard of court orders and to deter future noncompliance.  *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).  "A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2) . . . ."  *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).

The Kazakh Entities first argue that Judge Parker erred by imposing sanctions on an incomplete record because she did not hold a pre-motion conference.  The Court disagrees. Courts in this district have held that it is appropriate for courts to rule on discovery disputes without holding a conference if the issues are well presented in the papers.  *See Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12-cv-2827 (NRB), 2014 WL 6686600, at *3 (S.D.N.Y. Nov. 21, 2014).  In the context of this case, where Judge Parker had already held multiple conferences related to the addition of the Kazakh Entities' new witnesses and the scope of Sadykov's deposition questioning, it was entirely appropriate for her to impose sanctions based on the parties' written submissions.  This issue had already been the subject of extensive briefing, and Judge Parker had the relevant deposition testimony before her.

The Court also concludes that Judge Parker did not clearly err in finding that the Kazakh Entities violated her order limiting the scope of the deposition.  The Court reads Judge Parker's minute order the same way she did.  *See* Dkt. No. 1221, at 9–10.  It limits the Kazakh Entities' deposition questioning "to authenticity of the spreadsheets" and "related foundational questions." Dkt. No. 1160.  Any reasonable attorney would understand that language to mean questioning related to authenticating the spreadsheets under Federal Rule of Evidence 901 and laying the foundation for their admissibility, not exploring any and all matters related to the information contained in them.  The minute order is clear, and the Court is unimpressed by the Kazakh Entities' transparent attempts to manufacture ambiguity after the fact.  The Court also disagrees with the Kazakh Entities that the minute order is incomplete—the minute order contains the relevant limitations on the scope of deposition questioning and refers the parties to the argument transcript only for Judge Parker's "rationale."  Dkt. No. 1160; *see also* Dkt. No. 1221, at 2.  On its face, the minute order provides the Kazakh Entities fair notice of the allowable scope of their deposition questioning.

The procedural history of this case and the parties' extensive litigation related to the deposition bolster this conclusion.  Judge Parker was best situated to understand the intent of her order and how the parties would be likely to understand it against this backdrop.  Thus, even if the Court found the Kazakh Entities' interpretation of the minute order plausible based its plain language—which the Court does not—it would defer to Judge Parker's assessment in the context of the proceedings before her.  *See McAllan*, 517 F. Supp. 2d at 678; *see also In re: Soundview Elite, Ltd.*, No. 15-cv-5666 (KPF), 2016 WL 1178778, at *11 (S.D.N.Y. Mar. 23, 2016) (holding that a judge who issued an order is best positioned to assess its ambiguity in light of discussions at conference and litigation history).

Finally, the Court concludes that Judge Parker did not clearly err in the sanctions she imposed.  The parties had extensively litigated whether the Kazakh Entities would be allowed to make use of witnesses they did not timely disclose.  Judge Parker carefully balanced the interests of the parties by allowing the Kazakh Entities to amend their Rule 26 disclosures but limiting their deposition questioning to issues related to the reason she allowed the late disclosures— namely, authenticating and laying foundation for admission of the spreadsheets.  The Kazakh Entities subverted that balance by ignoring those limitations despite the clarity of Judge Parker's order and despite Triadou's repeated objections.  Striking the offending portions of the deposition testimony is appropriate to ensure that the Kazakh Entities do not profit from their disregard of discovery orders.  *See Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1066. Judge Parker's limited fee award is also appropriate given that the Kazakh Entities wasted the majority of the time spent on a costly overseas deposition on questioning plainly beyond its authorized scope.  These sanctions easily fall within Judge Parker's "broad discretion" to manage the discovery matters referred to her.  *Aereo*, 2013 WL 12328764, at *3.

## Conclusion

For the foregoing reasons, the Court overrules the Kazakh Entities' objections (Dkt. No. 1231) to Judge Parker's March 12, 2020 Opinion.  The Kazakh Entities' motion for oral argument (Dkt. No. 1243) is DENIED as moot.

This resolves Docket Numbers 1231 and 1243.


SO ORDERED.


Dated: March 29, 2021
       New York, New York          _____
                                         ALISON J. NATHAN
                                       United States District Judge