

Adam Miller
Partner
2001 M Street, NW, Suite 500
Washington, DC  20036
T (202) 349-7958
amiller@buckleyfirm.com

April 12, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 2102
New York, NY  10007

      Re:    *City of Almaty v. Kazakhstan, et al. v. Mukhtar Ablyazov, et al.*,
             No. 15 Civ. 5345 (AJN) (KHP)

Dear Judge Nathan:

      We represent non-party Frank Monstrey, a citizen of Belgium, in connection with the above-referenced case.  We write in reference to the Court's March 29, 2021 Order (the "Order") regarding various motions to seal [ECF No. 1422], and in particular to the Court's ruling regarding the Dubinsky Report (the "Report").  The Court denied the Kazakh Entities' motion to seal the Dubinsky Report, but invited "any other interested party" to request redactions to the Report within two weeks of the Order, or by April 12, 2021.  *See* Order, ¶ 5.

      The confidentiality of the Report has been presented to the Court in two different contexts.  First, the Kazakh Entities twice moved to seal the Report.  [ECF No. 1302, 1317].  Mr. Monstrey did not participate in the resolution of that motion.  Second, Ilyas Khrapunov filed a motion to lift the confidentiality designation of the Report.  [ECF No. 1395]  Mr. Monstrey was made aware of that motion because he had designated some of the information confidential, and so he submitted an opposition to Mr. Khrapunov's request to Judge Parker.  [ECF No. 1403]  Judge Parker denied Mr. Khrapunov's motion to lift the designation, finding that confidential treatment was warranted based on, among other things, Mr. Monstrey's substantial privacy interests.  [ECF Nos. 1409, 1412]  Mr. Khrapunov filed an objection to Judge Parker's ruling [ECF No. 1413], which Mr. Monstrey opposed by letter to the Court on March 23, 2021.  [ECF No. 1418].

      The Court's March 29 Order denied the Kazakh Entities' motion to seal the Report, but did not appear to address Mr. Monstrey's submissions in response to the motion to lift the confidentiality designation, which it denied as moot.  *See* Order, ¶ 7.  Mr. Monstrey recounts this background only to emphasize the substantial harm that disclosure of this "expert report" will cause him.  He respectfully asks the Court to bear in mind his position in considering the extremely limited requests for redactions herein.

The Honorable Alison J. Nathan
April 12, 2021
Page 2

      Mr. Monstrey requests only two redactions to the Dubinsky Report. The first is Footnote 112 on page 27. This footnote contains financial details relating to Mr. Monstrey, including dollar amounts and an account number. There is no public interest in these details, which have no bearing on the Court's rulings.

      Second, Mr. Monstrey requests redaction of the sentence in Paragraph 71 of the Report beginning with "Monstrey testified." That sentence incorrectly accuses Mr. Monstrey of committing an act of misconduct that he did not commit and that would be extraordinarily damaging to him if seen by potential business partners. The sentence cites as support testimony given by Mr. Monstrey—but the cited testimony does not support the assertion. The testimony specifically indicates that someone else committed the act, not Mr. Monstrey. In the circumstances, preventing unnecessary damage to Mr. Monstrey's reputation (indeed, to his ability to make a living) is a sufficiently weighty countervailing factor to warrant redacting this single sentence. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) ("Such countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure.") (internal quotation marks omitted).

      Mr. Monstrey has no real opportunity to rebut the numerous false statements and baseless accusations made in the Dubinsky Report, which will be viewed as far more authoritative than it actually is by those unfamiliar with U.S. litigation practices. [ECF No. 1403] He is only collateral damage to the parties to this case, but the damage is substantial. Accordingly, we respectfully request that the Court redact the Report as set forth herein.

      We have submitted as Exhibit A the pages of the Report with the requested redactions highlighted, and as Exhibit B the pages of Mr. Monstrey's deposition testimony referenced above with the relevant passage highlighted. Both exhibits will be submitted under seal.

      Thank you for your consideration of Mr. Monstrey's position.

                                                      Sincerely,

                                                      Adam Miller

Enclosures