April 28, 2021

**VIA ECF**
The Honorable Alison J. Nathan
United States District Judge
United States District Court – S.D.N.Y.
40 Foley Square, Room 906
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
             No. 1:15-cv-05345 (AJN) (KHP)

Dear Judge Nathan:

      We represent Triadou SPV S.A. ("Triadou") and BTA Bank JSC ("BTA"), and respectfully submit this response to the Court's March 29, 2021 order instructing the parties to file a joint letter regarding which, if any, of the claims in this action should be tried to a jury, particularly in light of 28 U.S.C. § 1441(d) ("Section 1441(d)"). (ECF 1421 at 2). For the reasons that follow, the parties agree that this case should be tried before a jury.

      Where any party has properly demanded a jury trial, all parties are entitled to rely on that demand. *See Dell'Orfano v. Romano*, 962 F.2d 199, 202 (2d Cir. 1992). Triadou and BTA each demanded a jury trial, including as recently as in 2019. (*See* ECF 1094 at 50; ECF 1112 at 18). A demand for a jury trial can be withdrawn only by stipulation or waiver, or if the court determines there is no right to a jury. Fed. R. Civ. P. 39(a). Here, neither party has stipulated away its right to a jury trial. Nor has either party waived its right to a jury trial given that conduct constituting a waiver "must be clear and unequivocal, as waivers are never to be lightly inferred." *Tiny-Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65, 68 (2d Cir.1993); *see also Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937) (a court should "indulge every reasonable presumption against waiver"). The parties are thus entitled to a jury trial on all claims for which it is available. *See* U.S. Const. Amend. VII.

      Accordingly, the parties agree that a jury trial is appropriate for at least BTA's conversion, unjust enrichment, and constructive trust claims. As to other claims or defenses about which the parties are continuing discussions, including BTA's CPLR § 5239 claim or Triadou's defenses of unclean hands and (in the event the Court permits it) *in pari delicto*, the parties agree that there would be no need for a separate trial on those claims or defenses.[1]

      Neither Section 1441(d) nor the Foreign Sovereign Immunities Act ("FSIA") changes the result. The FSIA generally preserves foreign states' immunity from suit but creates federal

---

[1] While the parties are continuing to discuss whether certain claims or defenses would be decided by a jury, the resolution of those questions does not affect the answer to the overall question of whether there will be a jury trial in this case, and accordingly whether the Court needs to decide the parties' *Daubert* motions or set aside sufficient time for a jury trial. With respect to these outstanding issues, Triadou proposes that the parties submit a joint letter on or before May 12, 2021, and asks that the Court decide the issue well in advance of the pre-trial submission date.

jurisdiction for the limited instances in which a foreign state waives immunity or engages in commercial activity. *In re Air Crash Disaster Near Roselawn, Ind. On Oct. 31, 1994*, 96 F.3d 932, 937 (7th Cir. 1996) ("*In re Air Crash II*"). Section 1441(d) ensures that foreign states that are sued can remove the action to federal court and receive a bench trial. (*Id.* ("'[a]ny civil action brought in a State court against a foreign state…may be removed by the foreign state…. Upon removal, the action shall be tried by the court without jury.'")). Here, the Court dismissed the only claim against Almaty (the interpleader claim) more than five years ago, (ECF 103), and on March 29, 2021, granted Triadou summary judgment as to Almaty's remaining claims, (ECF 1428 at 25). In these circumstances – although it refers to "the action" being tried to the court – Section 1441(d) does not bar the parties' request for a jury trial.

The seminal cases in this area, *In re Air Crash II* and the trial court decision it affirmed, *In re Air Crash Disaster Near Roselawn, Ind. On Oct. 31*, 909 F. Supp 1083 (N.D. Ill. 1995) ("*In re Air Crash I*"), considered how to reconcile the Seventh Amendment with the FSIA's language permitting removal of the "civil action" and requiring a bench trial of the "action" where there are foreign state and non-foreign state defendants. In those cases, the trial court held, and the Seventh Circuit affirmed, that the FSIA and Section 1441(d) permit parallel trial proceedings—that is, the non-state entities may receive a jury trial while the court acts as the factfinder for claims against foreign state entities. *In re Air Crash I*, 909 F. Supp at 1113; *In re Air Crash II*, 96 F.3d at 943. To reach this conclusion, both courts agreed "that 'civil action' in the first sentence of § 1441(d) means [removal of] the entire case, while 'action' in the second sentence means only the claim against the foreign state defendant" must proceed to a bench trial. *See In re Air Crash II*, 96 F.3d at 942 (citing *In re Air Crash I*, 909 F. Supp. at 1097-1104, 1112-1114). In doing so, the Seventh Circuit found that the trial court's interpretation of Section 1441(d) preserved foreign states' immunity from jury trial while also permitting "*jury trials against non-foreign state parties.* This reading gives effect to all of the language of § 1441(d) and comports with the FSIA's legislative history." *Id.* at 943 (emphasis added).

This "parallel proceeding" structure, by which claims against non-foreign state defendants are tried to a jury while claims against foreign states are tried to the bench, has been adopted by the Second Circuit and courts within it. *See, e.g.*, *Matthews v. CTI Container Transport Int'l, Inc.*, 871 F.2d 270, 279 (2d Cir. 1989) (affirming trial court's finding of fact in bench trial against foreign state defendant, even though that finding of fact was directly counter to a jury's parallel finding of fact against non-foreign state defendants in the same proceeding); *Kully v. Aircraft Serv. Int'l Grp, Inc.*, 662 F. Supp. 2d 259, 261 (E.D.N.Y. 2009) (recognizing that a court must consider holding parallel proceedings or utilizing the jury to render an advisory opinion as to the claims against the foreign state under the FSIA where other defendants not subject to the FSIA are involved in the same proceeding); *Bank of China, N.Y. Branch v. NBM LLC*, No. 01CIV0815(DC), 2002 WL 1072235, at *6 (S.D.N.Y. May 28, 2002) ("for the sake of efficiency and convenience, the entire case [including claims against foreign state defendants] shall be tried to a jury. As to the non-jury claims … the Court may take an advisory verdict from the jury"); *see also, e.g.*, *Chesapeake La., L.P. v. Innovative Wellsite Sys., Inc.*, No. CIV.A. 12-2963, 2014 WL 5809889, at *1 (W.D. La. Nov. 6, 2014) (granting defendants' motion to strike jury demand as against foreign state defendant, but denying motion as to non-foreign state defendants); *Marshall v. Boeing Co.*, 940 F. Supp. 2d 819, 823 (N.D. Ill. Apr. 17, 2013) (refusing to remand claims against non-foreign state defendants on the basis of inefficiency, stating that "there is nothing wrong or disadvantageous" to having some claims tried to a jury and some tried to a court, as such a structure

Hon. Alison J. Nathan
Page 3

has been approved by "many other courts" and "preserves all the parties' rights"); *Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F. Supp. 2d 870, 881 (E.D. Mich. 1999) ("In cases where a foreign sovereign has codefendants who are not also foreign sovereigns, the prevailing practice is to conduct simultaneous trials, trying the claims against the foreign sovereign to the bench and trying the claims against the other defendants to a jury.").

  This parallel structure comports with the principles underlying the FSIA—the refusal to subject "the sovereign (foreign or domestic) … to the 'great vicissitudes of jury trial.'" *Matthews*, 871 F.2d at 279 (quoting *Ruggiero v. Compania Peruana De Vapores*, 639 F.2d 872, 881 (2d Cir. 1981)). In authorizing suits against foreign states and instrumentalities, Congress determined to extend to *foreign states* the same protections it granted to the *United States*. *In re Air Crash I*, 909 F. Supp. at 1114 ("the House Report…suggests a congressional intent to prohibit jury trials in circumstances similar to those in which trials are prohibited against the United States"). And indeed, in the analogous domestic sovereign immunity context, courts in this circuit likewise often adopt a parallel trial structure where claims against the United States are tried to the court, while claims against private defendants are tried to a jury. In such circumstance, the court sometimes receives an "advisory" jury verdict as to the sovereign defendant, but always remains the ultimate factfinder. *See, e.g., Presley v. U.S. Postal Service*, 317 F.3d 167 (2d Cir. 2003) (Sotomayor, *J.*) (Federal Tort Claims Act lawsuit against U.S. government agency and private defendants); *see generally Matthews*, 871 F.2d at 279 ("[i]n a suit against multiple defendants including the United States, a plaintiff may, of course, invoke his right to a jury trial against the other defendants but, under the FTCA, he cannot obtain a jury trial against the United States.").

  These cases, as well as the purposes underlying the FSIA,[2] demonstrate that Section 1441(d) does not bar the jury trial of BTA's remaining claims.

  Thank you for your consideration.

Respectfully submitted,

*/s/ Deborah A. Skakel*
Deborah A. Skakel
Counsel for Triadou SPV S.A.

*/s/ Matthew L. Schwartz*
Matthew L. Schwartz
Counsel for BTA Bank JSC

---

[2]  The purposes of Section 1441(d) are arguably not even relevant where the foreign state is a claimant, rather than a defendant. *See United Arab Shipping Co. v. Eagle Sys., Inc.*, No. CV408–067, 2008 WL 4087121, at *3 (S.D. Ga. Sept. 2, 2008) (holding that foreign state plaintiff was not entitled to bench trial because Congress intended only to preclude jury trials in cases in which a foreign sovereign is a defendant, and that "by filing suit as a plaintiff, a foreign state cedes certain protections granted under the FSIA."); *see generally Matthews*, 871 F.2d at 279 ("FSIA's insulation of a foreign sovereign from jury fact-finding" applies to "all fact issues that underlie liabilities of the foreign sovereign.").