

Matthew L. Schwartz
Tel: (212) 303-3646
Email: mlschwartz@bsfllp.com

May 26, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
**Case No. 15 Civ. 5345 (AJN) (KHP)**

Dear Judge Nathan:

We represent the City of Almaty, Kazakhstan and BTA Bank (together, the "Kazakh Entities") and write in response to Mukhtar Ablyazov's May 20, 2021 letter to the Court requesting "a confirmation from you that all the claims against me as an individual defendant by BTA Bank and City of Almaty have been dismissed. Also for a confirmation that there are no sanctions orders against me." [ECF No. 1453.]  Ablyazov is incorrect, and in any event the Court should decline Ablyazov's request for "confirmation" of the state of his case.

Ablyazov's request for confirmation from a United States District Judge that "all the claims against" him by the Kazakh Entities have been dismissed is improper. The Court's prior orders and decisions in this case, which Ablyazov is free to cite, speak for themselves. The Court should not accept Ablyazov's invitation to create a judicial record tailored to whatever purpose he has in mind in the French proceedings, the media, or elsewhere. Such a broadly-worded order would not resolve any case or controversy presently before the Court and would turn the Court itself into a witness in a foreign proceeding, or worse.

Ablyazov's request for confirmation that "there are no sanctions orders against" him is similarly problematic. First, the record speaks for itself, and the Court should decline the invitation to further characterize it. Second, the statement Ablyazov seeks from the Court is completely inaccurate. Judge Parker issued an order sanctioning Ablyazov for his "flagrant disregard for his discovery obligations and this Court's orders." [ECF No. 1101 at 12.] Judge Parker denied Ablyazov's motion for reconsideration [ECF No. 1115], and Ablyazov objected to Judge Parker's order before Your Honor [ECF No. 1133; *see also* ECF No. 1145 (Kazakh Entities' response to Ablyazov's objections).] The objection is fully briefed but not yet decided.

Meanwhile, Judge Parker ordered Ablyazov to pay the Kazakh Entities $140,115.60 in attorneys' fees. [ECF No. 1216 at 10.] Citing the outbreak of the pandemic, Ablyazov asked Judge Parker to stay the enforcement of the sanctions payment, which Judge Parker granted pending resolution of Ablyazov's objection to the sanctions order. [ECF No. 1252.]

Regardless of the status of the Kazakh Entities' claims against him, the Court unquestionably retains the power to impose or enforce sanctions for his prior discovery abuses, as Judge Parker held with respect to sanctions against Ilyas Khrapunov. [*See* ECF No. 1333; *see*



*also* ECF No. 1248 (order sanctioning the Khrapunovs).] Simply put, there *is* a sanctions order and fee award pending against Ablyazov, which only await the Court's decision on his pending objections.[1]

Thank you for your consideration.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz

---

[1] Ilyas Khrapunov's objections to Judge Parker's sanctions orders against him are also pending before Your Honor. [ECF Nos. 1337, 1369, and 1372].