USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

City of Almaty, Kazakhstan, *et al.*,

          Plaintiffs,

    –v–

Mukhtar Ablyazov, *et al.*,

          Defendants.

15-cv-5345 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are the separate objections of Mukhtar Ablyazov and Ilyas Khrapunov to several Opinions and Orders of Magistrate Judge Parker that imposed various sanctions on both parties for misconduct in discovery. The Court finds that Judge Parker did not clearly err and thus overrules the objections.

**I.    Background**

    The Court assumes the parties' familiarity with this long-running litigation. *See, e.g.*, Dkt. No. 1428. In brief, the City of Almaty and BTA Bank (collectively, "Plaintiffs" or "the Kazakh Entities") seek to recover funds allegedly embezzled in Kazakhstan and laundered in the United States. The Kazakh Entities allege that some of these funds went to Triadou, which is the remaining Defendant in this case. *See* Dkt. No. 1421. Only BTA Bank's claims against Triadou will proceed to a jury trial. Dkt. No. 1451. Since early 2017, Judge Parker has capably overseen the parties' discovery efforts and resolved innumerable discovery disputes that have arisen between the parties.

At issue are sanctions that Judge Parker imposed against Ablyazov and Ilyas Khrapunov, both former Defendants in this case.

### A. Facts relevant to Ablyazov

Mukhtar Ablyazov is the former Chairman of BTA Bank, who, according to the complaint, engaged in embezzling billions of dollars from the Kazakh Entities. Ablyazov Sanctions Op. at 2, Dkt. No. 1101. Relevant here is Ablyazov's conduct during the extensive discovery that occurred in this case. Ablyazov was initially represented by counsel but then proceeded pro se. *Id.* at 3. He failed to produce documents throughout discovery, and he forced Plaintiffs to make repeated applications to the Court to force his appearance at his deposition. *Id.* at 3–4. Judge Parker also noted that "Ablyazov was less than forthcoming at his deposition," including claiming that he had a net worth of $20 billion but could not name any individuals that assisted him in managing his wealth. *Id.* at 4. This conduct prompted the Kazakh Entities to seek sanctions against Ablyazov. *E.g.*, Dkt. No. 918.

On July 3, 2019, Judge Parker issued an Opinion and Order sanctioning Ablyazov for misconduct in discovery, ordering that he "pay Plaintiffs' attorneys' fees and costs associated with the various" discovery motions and recommending that an adverse-inference instruction be made against Ablyazov at trial. Ablyazov Sanctions Op. at 21. On July 15, 2019, Judge Parker denied Ablyazov's motion for reconsideration of the sanctions, the reasoning of which supplemented her July 3, 2019 order. Ablyazov Reconsideration Op., Dkt. No. 1115. Ablyazov on August 1, 2019, pro se filed objections to Judge Parker's Opinion and Order. Ablyazov Objections, Dkt. No. 1133. Plaintiffs responded to those objections on August 19, 2019. Pls. Resp. to Ablyazov, Dkt. No. 1145.

Pursuant to Judge Parker's Opinion and Order, the Kazakh Entities on September 30, 2019, filed a motion for "$203,743 in fees as a sanction" for Ablyazov's discovery misconduct. Dkt. No. 1174 at 1; *see also* Dkt. No. 1173.  Judge Parker on February 7, 2020, partially granted that motion, awarding Plaintiffs $140,115.60 in fees.  Dkt. No. 1216.  On June 1, 2020, Judge Parker stayed enforcement of the sanction pending this Court's resolution of Ablyazov's outstanding objections.  Dkt. No. 1252.

The Court on March 29, 2021, dismissed BTA Bank's judgment-recognition claim against Ablyazov.  Dkt. No. 1423.

### B.  Facts relevant to the Khrapunovs

Viktor Khrapunov is the former mayor of the City of Almaty, Kazakhstan.  Khrapunovs Sanctions Op. at 3, Dkt. No. 1248.  His son Ilyas, who is also Ablyazov's son-in-law, allegedly assisted Viktor and Ablyazov in their money laundering and embezzlement efforts.  *Id.*  During discovery, Ilyas acted as his father's translator.  *Id.* at 4.  Ilyas failed to "produce any financial records concerning bank accounts, sources of wealth, and assets," all without any "excuse whatsoever."  Id. at 24.  Plaintiffs also requested that the Khrapunovs produce emails from the period in question.  Prior to the litigation, Ilyas used three different email accounts. *Id.* at 4–5. But shortly before this action was filed, all of Ilyas's emails were deleted.  *Id.*  Ilyas then began using encrypted emails accounts with hundreds of different addresses, but Ilyas stated that he could not recover any of those emails.  *Id.* at 5, 24 (finding this claim "incredibl[e]").  Further, in his depositions, Ilyas refused to admit that emails he had sent to non-parties parties were sent by him, *id.* at 5–6, and denied any memory of financial transactions that involved tens or hundreds of millions of dollars, *id.* at 25.  Additionally, Viktor Khrapunov refused to produce any

documents in this case and refused to answer questions about his communications with Ilyas. *Id.* at 6–7.

On May 19, 2020, Judge Parker issued an Opinion and Order sanctioning both Ilyas and Viktor Khrapunov for misconduct in discovery, ordering that they pay Plaintiffs' "fees and costs incurred in connection with their numerous motions to compel brought against the Khrapunovs" and recommending that an adverse inference be made against them at trial. *Id.* at 26–27, 35. Judge Parker described the Khrapunovs behavior in litigation as "a game of cat and mouse," and found their noncompliance to be willful, including spoliation of evidence. *Id.* at 24. The Court subsequently dismissed all claims against the Khrapunovs, Dkt. Nos. 1171, 1254, leading Judge Parker to vacate the sanctions order, Dkt. No. 1259. The Kazakh Entities renewed their request for sanctions against the Khrapunovs, Dkt. No. 1273, to which the Khrapunovs responded, Dkt. No. 1321.

Upon full briefing of the issue, Judge Parker on September 3, 2020, issued an Opinion and Order reinstating monetary sanctions on Ilyas, but not Viktor, Khrapunov, and denied as moot the Kazakh Entities' request for an adverse-inference instruction at trial. Khrapunovs Reconsideration Op. at 12, Dkt. No. 1333. Ilyas Khrapunov filed objections to that order on September 17, 2020. Khrapunov Objections, Dkt. No. 1337. The Kazakh Entities responded to those objections on October 23, 2020, Pls. Resp. to Khrapunov, Dkt. No. 1369, and Khrapunov filed a reply, Khrapunov Reply, Dkt. No. 1372.

## II.     Legal Standard

"Magistrate judges have broad discretion to resolve the discovery disputes referred to them." *Am. Broad. Cos., Inc. v. Aereo, Inc.*, No. 12-cv-1540 (AJN), 2013 WL 12328764, at *3 (S.D.N.Y. Oct. 17, 2013) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d

Cir. 1990)). "Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar*, 900 F.2d at 525; *see* Fed. R. Civ. P. 72(a). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned up) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Id.* (quoting *RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94-cv-5587 (PKL) (RLE), 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000)).

Objections made by a pro se party are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Machicote v. Ercole*, No. 06-cv-13320 (DAB), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quotation omitted). But "even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal." *Pinkney v. Progressive Home Health Servs.*, 06-cv-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

### III. Discussion

Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions for conduct in discovery, including when a party fails to make required disclosures, Fed. R. Civ. P. 37(a)(5), and when a party violates an express discovery order, Fed. R. Civ. P. 37(b)(2). Sanctions can include prohibiting a party from introducing designated matters in evidence or requiring payment of attorneys' fees and costs. The purposes of these sanctions are to ensure that a party does not

profit from their disregard of court orders and to deter future noncompliance. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979). "A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2) . . . ." *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).

### A. Ablyazov's objections

At the outset, the Court observes that since Judge Parker imposed sanctions on Ablyazov, the Court dismissed the judgment-recognition claim against him. There are therefore no longer any claims against Ablyazov that may proceed to trial. The adverse-inference sanction against Ablyazov is vacated as moot. The Court reviews for clear error only the monetary sanctions against Ablyazov, amounting to $140,115.60 in fees. *See Thomas E. Hoar*, 900 F.2d at 525.

In his first two objections, Ablyazov argues that he did not resist or delay his attendance at his deposition in France and that any delay was instead caused by the Kazakh Entities. Ablyazov Objections at 3–5. Judge Parker's reconsideration order already addressed the arguments Ablyazov raises. Ablyazov Reconsideration Op. at 1. Ablyazov's deposition was first noticed in December 2016, Dkt. No. 399, but it did not occur until October 2018, Dkt. No. 919-10. In the interim, Judge Parker issued a series of orders that permitted the deposition to be held in France, as Ablyazov requested, but ordered Ablyazov to cooperate. *E.g.*, Dkt. Nos. 420, 813, 816. Judge Parker personally oversaw these efforts and adjudicated the parties' disputes,

placing her in the best position to assign fault for the delay.  The Court does not find Judge Parker's findings of fact to be clearly erroneous.[1]

*Second*, Ablyazov argues that he did not fail to produce documents to the Kazakh Entities because the documents were already produced in proceedings against Ablyazov in the United Kingdom.  Ablyazov Objections at 5–6.  Again, Judge Parker considered and addressed these arguments.  First, Abyalzov has provided no authority to Judge Parker or this Court for the proposition that BTA Bank could have requested documents from the U.K. court.  *Id.* at 6; Ablyazov Reconsideration Op. at 2.  Nor has he provided authority for the seemingly contradictory claim that he could not have requested the documents from the U.K. court himself. Ablyazov Objections at 6; Ablyazov Reconsideration Op. at 2.  Second, Ablyazov states that Judge Parker did not account for his claim that BTA Bank had already requested the documents at issue in a case in Virginia against his sister, Gaukhar Kussainova.  Ablyazov Objections at 6 & n.1.  This claim, both as presented to Judge Parker and to this Court, is exceedingly vague, supported by no description of the facts of that case, the documents at issue, or even what court was involved.  *E.g.*, Dkt. No. 949 at 4 (referring to "Virginia State Court").  The Court finds that Judge Parker did not err in failing to credit this assertion.  And, most crucially, this objection does not address the fact that "this Court ordered Ablyazov to produce documents—thus he separately failed to comply with this Court's orders."  Ablyazov Reconsideration Op. at 2.

*Third*, Ablyazov argues that he did not refuse to produce documents but instead actively communicated with counsel for the Kazakh Entities.  Ablyazov Objections at 7.  He additionally

---

[1] The Court additionally notes that several of Ablyazov's arguments regarding the deposition were not presented to Judge Parker and are therefore forfeited.  *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

argues that he had no "responsive documents in [his] custody or control." *Id.* Yet in arguing that he communicated with the Kazakh Entities, Ablyazov overlooks the conspicuous fact that the Court struck communications from Mr. Sahlas, who Ablyazov ostensibly retained as counsel in France, because he affirmatively refused to act as Ablyazov's counsel in this Court. *See* Dkt. Nos. 469, 467.[2] Ablyazov's failure to comport with the requirements of proceeding as a pro se litigant in this Court does not excuse his failure to comply with the Court's discovery orders. Additionally, Ablyazov's argument that he did not have any relevant documents to produce is, as Judge Parker observed, contrary to his own statements at his deposition. Ablyazov Sanctions Op. at 11–12. And the Court found those documents sufficiently relevant to produce in discovery. Ablyazov Reconsideration Op. at 3.

*Fourth*, Ablyazov argues that he was justified in refusing to provide the names of his close associates because doing so would have risked their safety in Kazakhstan. Ablyazov Objections at 8. He rejects Judge Parker's suggestion that he could have sought a protective order or a confidentiality designation, arguing that the risk was not worth "advanc[ing] a civil suit." *Id.* But Ablyazov's concerns about "human rights abuses and corruption of the judiciary in Kazakhstan"—concerns which the Court grants are sincere—do not excuse his failure to seek any protective order in this Court, even one restricted only to the parties' counsel, or to otherwise respond to Judge Parker's orders.

The Court therefore concludes that Judge Parker did not clearly err in the initial Opinion and Order imposing sanctions or the subsequent Opinion and Order that denied reconsideration.

---

[2] As the Kazakh Entities also observe, several of the Sahlas letters referred to by Ablyazov were never entered into the record of this case for Judge Parker to consider and were lacking in the substance that would have demonstrated Ablyazov's compliance with the Court's orders. Pls. Resp. to Ablyazov at 8–9 & n.8.

Additionally, Ablyazov did not object to the form of sanctions—namely, a financial penalty—or to the amount of fees that Judge Parker assessed to be reasonable. Dkt. No. 1216. The Court therefore lifts Judge Parker's stay of enforcement of the $140,115.60 in attorneys' fees owed to the Kazakh Entities. Dkt. No. 1252.

### B. Khrapunov's objections

Judge Parker already vacated as moot the imposition of an adverse-inference sanction as to the Khrapunovs and limited the monetary sanction only to Ilyas Khrapunov. Khrapunovs Reconsideration Op. at 12. The Court reviews that monetary sanction for clear error.

As a preliminary matter, the Court concludes that the sanctions against Ilyas Khrapunov fall within the ambit of Rule 37. In the initial Opinion and Order, Judge Parker ordered the Khrapunovs to "pay Plaintiffs' attorneys' fees and costs in connection with their various motions to compel discovery and the instant Motions for Sanctions." Khrapunov Sanctions Op. at 35. On reconsideration, Judge Parker "reinstated" that sanction. Khrapunov Reconsideration Op. at 12. Rule 37 states that a district court "must" require the party whose conduct prompted a meritorious motion to compel to "pay the movant's reasonable expenses in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Though Judge Parker cited additional authorities for imposing sanctions, including other provisions of Rule 37 and the Court's inherent

9

authority, the Court concludes that it need not address those alternate bases.[3]  With that, the Court addresses Khrapunov's objections.[4]

*First*, Khrapunov argues that sanctions cannot be imposed under Rule 37 because he did not violate any court order, as required for sanctions under Rule 37(b)(2)(C).  Khrapunov Objections at 4–5.  Yet Judge Parker clarified in reinstating sanctions against Khrapunov that the Court may impose sanctions against a party that fails to make necessary disclosures in discovery, prompting a successful motion to compel.  Khrapunov Reconsideration Op. at 8 (citing Fed. R. Civ. P. 37(a)(5)(A)).  The language of the sanction imposed—awarding the Khazakh Entities' reasonable fees in connection with motions to compel—confirms the point.  Khrapunov Sanctions Op. at 35.  It is therefore irrelevant whether Khrapunov violated any express court order.  But, additionally, Judge Parker did identify an order violated by Viktor Khrapunov, Dkt. No. 800, and Judge Parker found that "Ilyas was the leader in determining how he and his father would participate in this litigation," Khrapunov Reconsideration Op. at 9; *see also id.* at 12 (identifying Ilyas as "the primary abuser of discovery").  Thus, there was also a basis for imposing sanctions under Rule 37(b).  The Court therefore concludes that Judge Parker did not clearly err in imposing sanctions under Rule 37.

*Second*, Khrapunov argues that sanctions are inappropriate because he did not possess any relevant evidence because all of the Kazakh Entities' claims were dismissed.  Khrapunov

---

[3] The Second Circuit has instructed that where Rule 37 provides a proper basis for imposing discovery sanctions, it may be "needless and confusing" to additionally refer to the Court's inherent authority.  *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 n.7 (2d Cir. 2010) (quoting 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2282 (3d ed. 2010)).

[4] The Court has reviewed and considered the Khrapunovs' initial objections, Dkt. No. 1255, as well as Ilyas Khrapunov's objections to Judge Parker's reconsideration order and his reply, Dkt. Nos. 1337, 1372.

Objections at 5–6. The Court concludes that Judge Parker did not clearly err in rejecting this argument. Judge Parker found the materials at issue in the Kazakh Entities' motions to compel to be "highly relevant" to the claims and defenses in this case. Khrapunov Sanctions Op. at 26. Further, Khrapunov was sanctioned for misconduct that occurred while claims were still pending against him. That this Court ultimately agreed with Khrapunov and dismissed the Kazakh Entities' claims does not render the documents that Khrapunov was obligated to produce irrelevant to the subject of the litigation.

*Third*, in a related objection, Khrapunov argues that it would now be "unjust" to enforce sanctions against him because he is no longer a party to the litigation and the Kazakh Entities should not receive attorneys' fees for bringing unmeritorious claims. Khrapunov Objections at 5–6. Yet, that Khrapunov ultimately prevailed in his defenses does not excuse his obstinacy or disregard for the Court's authority. Judge Parker rightly justified her sanctions by reference to the need to deter noncompliance not only by parties in this case but "parties in other cases more generally." Khrapunov Reconsideration Op. at 7; *see, e.g.*, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (justifying Rule 37 sanctions, in part, by the need "to deter those who might be tempted to such conduct in the absence of such a deterrent").

Khrapunov further argues that deterrence is an improper motive for sanctions against him because the Kazakh Entities, as well as non-parties to this litigation, have also engaged in sanctionable behavior. Khrapunov Objections at 6. The Court must first note that the Kazakh Entities *have* been sanctioned for their conduct. Khrapunov Sanctions Op. at 35 (awarding Triadou and the Khrapunovs attorneys' fees); Dkt. Nos. 1221, 1246 (awarding Triadou attorneys' fees); Dkt. No. 1424 (overruling the Kazakh Entities' objections). Other alleged misconduct, like the Kazakh Entities' use of Sater as a witness, is the subject of ongoing

litigation. *City of Almaty v. Sater*, No. 19-CV-2645 (AJN) (S.D.N.Y.). And while the Court dismissed the Kazakh Entities' claims against Khrapunov, it did not find, and Khrapunov does not seriously contend, that their claims were frivolous or otherwise deserving of sanctions under Federal Rule of Civil Procedure 11. Most importantly, courts in imposing discovery sanctions follow the maxim that "two wrongs don't make a right." *Jeter v. N.Y.C. Dep't of Educ.*, No. 06-CV-3687 NGG LB, 2012 WL 2885140, at *2 (E.D.N.Y. July 13, 2012).

*Fourth*, Khrapunov argues that Judge Parker did not make a finding of prejudice necessary to impose sanctions for spoliation. Khrapunov Objections at 7–8. The Court need not find all elements of a spoliation satisfied, as Rule 37(a) is an adequate basis for the sanctions imposed by Judge Parker. But the Court also finds that Judge Parker did not clearly err in sanctioning Khrapunov for spoliation. First, the Kazakh Entities had to expend significant additional resources to obtain through other means the deleted emails. Khrapunov Sanctions Op. at 5–6, 26. Second, even acknowledging the minor correction to the record made by Khrapunov, Judge Parker concluded that "Khrapunov destroyed relevant emails," both while he was on notice of this impending litigation and during the course of this case. Khrapunov Reconsideration Op. at 10. Therefore, to the extent the sanctions rested on a finding of spoliation, the Court finds no clear error.

*Fifth*, Khrapunov raises general objections that Judge Parker lacked authority to impose sanctions on Khrapunov after the claims against him were dismissed, arguing that Judge Parker identified no prior case where a monetary sanction was imposed against a prevailing defendant. Khrapunov Objections at 2; Khrapunov Reply at 3 (referring to the sanctions as "unprecedented"). But Khrapunov does not dispute the case law relied on by Judge Parker to conclude that imposing sanctions after the termination of litigation is within the Court's

authority. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *Heinrichs v. Marshall & Stevens, Inc.*, 921 F.2d 418, 420–21 (2d Cir. 1990). And while this posture is undeniably uncommon, the Kazakh Entities have demonstrated that it is not altogether unprecedented. *See, e.g.*, *Ophir v. Goldstein*, No. 86 CIV. 2963 (WK), 1990 WL 284519, at *5 (S.D.N.Y. Oct. 10, 1990) (imposing Rule 37 monetary sanctions on defendants that had been dismissed for lack of personal jurisdiction). More importantly, Khrapunov's argument would have the perverse effect of excusing a party's misconduct, no matter how outrageous, so long as the party prevails on the ultimate outcome. The reality of civil litigation is that one party will necessarily prevail while the other does not. But no matter the outcome, both parties are obligated to comply with the federal rules throughout the litigation.

Khrapunov raises several additional arguments in his reply not previously raised to Judge Parker or in his initial objections to the Court. The arguments are therefore forfeited. *See Gladden*, 394 F. Supp. 3d at 480; *Farmer v. United States*, No. 12-CR-758 (AJN), 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10, 2017). But even if this Court were to consider them, none would alter the Court's conclusion that Judge Parker did not clearly err. First, Khrapunov argues that Judge Parker did not identify with adequate specificity the motions to compel that would provide the basis for the Kazakh Entities' fee calculation. Khrapunov Reply at 2. The Court finds that any ambiguity as to this question may be resolved when the Kazakh Entities request fees. *See also* Pls. Resp. to Khrapunov at 5 (identifying, for example, motions at docket numbers 419, 530, and 616). Second, Khrapunov argues that sanctions are inappropriate because Judge Parker did not impose them in a timely manner, which would have provided the greatest deterrent effect. Khrapunov Reply at 2. The Court appreciates that prompt imposition of sanctions may have a greater deterrent effect, *see, e.g.*, *Prosser v. Prosser*, 186 F.3d 403, 406 (3d

Cir. 1999), but does not find that a delay in imposing sanctions divests a court of authority to impose sanctions when the sanctions motion was timely filed, *see* Dkt. No. 918. Third, Khrapunov argues that sanctions must be proportional to the harm and must be equitable in light of the circumstances. Khrapunov Reply at 4. The Court agrees, so far as this objection goes, and will account for such considerations in determining the Kazakh Entities' reasonable fees and costs. Fourth, Khrapunov argues that awarding the Kazakh Entities attorneys' fees would hand them a "victory" in their otherwise unsuccessful litigation. *Id.* The Court is not moved. Over a series of prior orders, the Court dismissed all claims against Khrapunov. At the same time, Khrapunov engaged in significant misconduct that requires sanctions under the federal rules.

In sum, the Court concludes that Judge Parker did not clearly err in imposing sanctions under Rule 37 against Ilyas Khrapunov.

## IV. Conclusion

For the foregoing reasons, the Court overrules Ablyazov's objections, Dkt. No. 1133, to Judge Parker's Opinion and Orders dated July 3 and July 15, 2019, Dkt. Nos. 1101, 1115. As ordered in Judge Parker's Opinion and Order dated February 7, 2020, Ablyazov shall pay the Kazakh Entities in the amount of $140,115.60 within three months of the date of this Memorandum Opinion and Order. The adverse-inference sanction against Ablyazov is vacated as moot.

The Court additionally overrules Ilyas Khrapunovs objections, Dkt. Nos. 1255, 1337, 1372, to Judge Parker's Opinion and Orders dated May 19 and September 3, 2020, Dkt. Nos. 1248, 1333. The Kazakh Entities shall within thirty days of this Opinion and Order file and serve an affidavit and supporting materials identifying their expenses, including attorneys' fees, in accordance with this Memorandum Opinion and Order and Judge Parker's orders.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully asked to mail a copy of this Memorandum Opinion and Order to Mr. Ablyazov and note the mailing on the public docket.

SO ORDERED.

Dated: October 18, 2021
      New York, New York

                                     ALISON J. NATHAN
                                  United States District Judge