UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

        Plaintiffs,

-against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

        Defendants.

15 Civ. 5345 (AJN) (KHP)

**MEMORANDUM IN FURTHER SUPPORT OF THE KAZAKH ENTITIES' MOTION FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES**

Plaintiffs the City of Almaty, Kazakhstan, and BTA Bank JSC (the "Kazakh Entities") respectfully submit this memorandum of law in further support of their application for attorneys' fees, [ECF No. 1467], and in response to the opposition brief by Ilyas Khrapunov, [ECF No. 1470].

## PRELIMINARY STATEMENT

The Kazakh Entities seek $245,133.29 in fees as a sanction for Ilyas Khrapunov's serial discovery abuses. [ECF Nos. 1467–69]. The Court has already considered and approved the applicable fee rates in the context of a recent sanctions award against Mukhtar Ablyazov. [*See* ECF Nos. 1216, 1461]. And the request is conservative because the Kazakh Entities substantially discount the time for which they seek compensation from the time that they actually spent seeking to compel Khrapunov's compliance, which extended over years. Nothing in Khrapunov's opposition warrants rejecting or discounting Plaintiffs' application. [ECF No. 1470]. Accordingly, the Kazakh Entities' reasonable request should be granted.

## ARGUMENT

Khrapunov purports to identify various defects in Plaintiffs' application for attorneys' fees, but each can be rejected out of hand. First, Khrapunov suggests Judge Parker lacks authority to decide Plaintiffs' fee application because "the application is 'dispositive' under Rule 72(b)." [ECF No. 1470 at 2 n.1 (citing 28 U.S.C. § 636(b); *Est. of Conners by Meredith v. O'Connor*, 6 F.3d 656 (9th Cir. 1993)]. But the application falls within Judge Nathan's general order of referral to Judge Parker because the application concerns a non-dispositive pretrial matter—discovery violations. [*See* ECF No. 287]. Khrapunov's principal authority, *Estate of Conners*, is inapposite because that case concerns attorneys' fees in relation to the resolution of a claim at trial. 6 F.3d at 659 (holding magistrate judge lacked authority to enter final judgment on postjudgment motion for award of attorney fees). Entry of a money judgment and enforcement of the award, should

1

Khrapunov fail to pay, may fall outside Judge Nathan's general order of referral, but that is a matter for another day.  *See, e.g.*, *Gortat v. Capala Bros., Inc.*, No. 07 CV 3629 (ILG), 2009 WL 10706565, at *1 (E.D.N.Y. June 23, 2009) ("Generally, an order is not final unless it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'"); *Pridgen v. Andresen*, 113 F.3d 391, 394 (2d Cir. 1997) ("We have held that order awarding attorney's fees as a sanction are not appealable until the amount of the sanction has been determined.").

Second, Khrapunov claims that the Declaration of Craig Wenner that Plaintiffs filed in support of their application, [ECF No. 1469], is defective.  Specifically, Khrapunov urges the Court to disregard the declaration because it does not state verbatim that the statements therein are "true and correct" [*See* ECF No. 1470 at 3 (citing 28 U.S.C. § 1746)].  But as Khrapunov concedes, courts frequently excuse such technical defects. *See, e.g.*, *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65–66 (2d Cir. 1999) (holding unsworn declaration could be properly considered despite that it did "not contain the exact language of Section 1746 nor state that the contents are 'true and correct'" because, as here, it stated it was made "[u]nder penalty of perjury" and it was "signed and dated").  This Court recently found that the declaration that served as the model for the instant fee application—which the Kazakh Entities used to streamline the process and reduce the time needed to prepare this application—provided sufficient evidentiary support for the requested fees despite containing the same purported technical infirmities that Khrapunov identifies here. [*See* ECF Nos. 1175 (declaration of Peter M. Skinner in support of fee application), 1216 (granting Plaintiffs' fee application)].  Mr. Wenner's personal knowledge of the facts set forth in his declaration can be inferred from the fact that he is a partner at Boies Schiller Flexner and has worked there since 2013, [ECF No. 1469 ¶ 5], as well as from the docket of this

2

case and the Court's own observation of Mr. Wenner's substantial and continuous role in it.[1] The magic words that Khrapunov complains are missing are particularly immaterial here because Mr. Wenner is a member of the bar of this Court who filed the declaration under his own ECF credentials. [*See* ECF No. 1469; SDNY Elec. Case Filing R. & Instr. 8.1 (stating ECF credentials "serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11 the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court")]. Accordingly, the Court can properly consider the statements contained therein. Nevertheless, for the avoidance of doubt, Plaintiffs attach hereto a revised declaration addressing the ministerial issue identified by Khrapunov.

---

[1] Khrapunov's authorities are readily distinguishable. For example, in *Berkshire Bank v. Tedeschi*, the court found an attorney declaration to be defective because the declarant did not state the basis for his personal knowledge of the experience of attorneys and paralegals who worked for a *separate* law firm. No. 1:11-CV-0767 LEK/CFH, 2014 WL 1294732, at *2 (N.D.N.Y. Mar. 31, 2014) ("The Valicenti Affidavit is hearsay with respect to non-Valicenti attorneys' and paralegals' education and their experience"). But the court noted that the declarant "would likely have personal knowledge" of the education and experience of employees at the firm where he was a "long-time . . . attorney." *Id.* Here, Mr. Wenner sets forth the education, experience, and fees of attorneys and paralegals who are currently or formerly employed by Boies Schiller Flexner—the law firm where Mr. Wenner is a partner, and where he has been employed since 2013, longer than any other attorney for whom he is providing background information. [*See* ECF No. 1469 ¶ 5]. Further, other of Khrapunov's authorities do not involve applications for attorneys' fees at all— where the attorneys would be presenting facts about their own credentials and work—and instead concern attorney affidavits that were improperly filed in support of clients' damages calculations with respect to their substantive claims for relief. *See, e.g.*, *Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, No. 14-982 (ADS) (AKT), 2018 WL 1786991, at *10 (E.D.N.Y. Feb. 28, 2018), *report and recommendation adopted,* 293 F. Supp. 3d 305 (E.D.N.Y. 2018) (declaration calculating, *inter alia*, unpaid trust funds); *Flanagan v. NPORT Const. Corp.*, No. CV 08-4540 ADS AKT, 2013 WL 702490, at *3 (E.D.N.Y. Jan. 8, 2013), *report and recommendation adopted*, No. 08-CV-4540 ADS AKT, 2013 WL 703335 (E.D.N.Y. Feb. 25, 2013) (declaration calculating unpaid fringe benefit contributions and attendant damages). In those cases, the attorney-declarants did not have first-hand knowledge of the information set forth in their declarations because they were not personally responsible for accounting their clients' finances and calculating their damages. Conversely, as a partner at Boies Schiller Flexner, Mr. Wenner is personally responsible for managing and calculating Plaintiffs' attorneys' fees.

Third, Khrapunov implores the Court to reject Plaintiffs' fee application because it is not accompanied by "contemporaneous time records." [*See* ECF No. 1470 at 4–5]. But as the Wenner Declaration explains, "Boies Schiller Flexner is representing the Kazakh Entities in this action on a billable-hour basis," the requested fees "reflect the actual fees charged to their clients in this matter, discounted consistent with this Court's prior rulings," and the spreadsheets "enumerat[e] the time records and fees associated with" the compensable work. [ECF No. 1469 ¶ 17]. The exhibits to the Wenner declaration therefore "specify, for each attorney, the date, the hours expended, and the nature of the work done," which is all the Second Circuit requires. *United States v. Weisz*, No. 94 CIV. 6672 (CSH), 1996 WL 143945, at *1 (S.D.N.Y. Mar. 29, 1996) (quoting *New York State Association for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983)); *see* ECF No. 1470 at Exs. 1–3. The format of the exhibits filed in support of the instant fee application are consistent with those previously approved by this Court. [*Compare* ECF No. 1175 Exs. 1–3 *with* ECF No. 1470 at Exs. 1–3]. In any event, the underlying original time records are available for the Court's review if requested, but they have not been provided in the first instance due to the heavy redactions that would be required to preserve privilege and the relative ease of reviewing more organized and uncluttered excerpts.

Fourth, Khrapunov states, "it is impossible to discern from Exhibit 1 which time records are associated with which motion." [*See* ECF No. 1470 at 5.] But Plaintiffs' memorandum of law in support of their application for attorneys' fees precisely describes the associated ECF filings, including the date at which those motions were filed. [*See* ECF No. 1468 at 10.]

Fifth, Khrapunov suggests that time records related to the hacked "Kazaword" documents are not a proper basis for sanctions because "[t]he proceedings related to those documents amounted to a total fishing expedition, had zero impact on the case, and Plaintiffs never submitted

4

any proof that Khrapunov hacked them." [*See* ECF No. 1470 at 5]. To the contrary, Judge Parker observed there was credible evidence Khrapunov hacked the Kazaword documents, including because he was "named in a lawsuit over his involvement in the theft, and Plaintiffs' witness, Mr. Nurgabylov, identified two witnesses who he claims can testify to Ilyas Khrapunov's admissions and involvement in acts of computer hacking." [ECF No. 418 at 8 n.2].[2] Furthermore, the disputes surrounding the hacked Kazaword documents arose only because *Khrapunov* elected to selectively produce a subset of those documents on the eve of a deposition. [*See* ECF No. 356]. Because Khrapunov repeatedly lied about the source and scope of the hacked documents and produced only curated, self-serving subsets of those documents, Plaintiffs were forced to repeatedly incur expenses compelling supplemental productions. [*See, e.g.*, ECF Nos. 530, 616]. These motions to compel fall squarely within Judge Parker's order granting Plaintiffs' attorneys' fees. [ECF No. 1248 at 35 (granting "Plaintiffs' attorneys fees and costs incurred in connection with their various motions to compel discovery and the instant Motions for Sanctions")]. The disputes regarding the hacked Kazaword documents are the fault of Khrapunov alone, and he alone should bear their cost.

Sixth, Khrapunov contends, "the dollar figure shocks the conscience given the Kazakh Entities' utter failure in this case against Ilyas Khrapunov and the enormous costs that they imposed on him, despite never having lodged a single meritorious claim against him." [*See* ECF No. 1470 at 6]. This Court has already considered and rejected the argument that Khrapunov is not subject to sanctions because the claims against him have been dismissed. [*See* ECF No. 1333]. The fact that the claims against Khrapunov were dismissed does not excuse his utter disregard for

---

[2] Nevertheless, because a case alleging Khrapunov hacked the documents was then-pending before a California District Court, Judge Parker "declined to make a determination" in that regard. *Id.* The California hacking case was later dismissed on personal jurisdiction grounds and never reached a determination on the merits. *Republic of Kazakhstan v. Ketebaev and Khrapunov*, No. 5:17-cv-00246 (LHK), at ECF No. 91 ¶ 36.

5

his discovery obligations and the Court's orders. *See id.* The requested fees are more than reasonable in light of the complexity of the case and the egregiousness of Khrapunov's wrongdoing, which spanned years.

Finally, Khrapunov's request that the motion for fees be denied with prejudice, [*see* ECF No. 1470 at 6], is completely unjustified. Should the Court determine that additional evidentiary support is required, such as redacted copies of the original time records on which the summary charts are based, or additional evidence confirming the attorneys' credentials, this evidence can be easily provided. Any denial of the motion for attorneys' fees should be without prejudice, as happened in the very case Khrapunov cites. *See Sanchez v. Viva Nail N.Y. Inc.*, No. 12-CV-6322 ADS ARL, 2014 WL 869914, at *1 (E.D.N.Y. Mar. 4, 2014) (denying application without prejudice where plaintiff "ha[d] not provided the court with any information concerning the level of experience of the attorneys who worked on the case").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court approve their application for $245,133.29 in attorneys' fees as a sanction for Khrapunov's failure to participate in discovery.

Dated:  December 2, 2021
        New York, NY                                Respectfully,

                                                    /s/ Craig Wenner
                                                    Matthew L. Schwartz
                                                    Craig Wenner
                                                    Lindsey Ruff
                                                    BOIES SCHILLER FLEXNER LLP
                                                    55 Hudson Yards
                                                    New York, New York 10001
                                                    Telephone: (212) 446-2300
                                                    Facsimile: (212) 446-2350

                                                    *Attorneys for Plaintiffs*