**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CITY OF ALMATY, KAZAKHSTAN and BTA
BANK JSC,

                  Plaintiffs,

    -against-

MUKHTAR ABLYAZOV, VIKTOR
KHRAPUNOV, ILYAS KHRAPUNOV, and
TRIADOU SPV S.A.,

                  Defendants.

15 Civ. 5345 (JGK) (KHP)

**MEMORANDUM OF LAW IN OPPOSITION TO MUKHTAR ABLYAZOV'S**
**OBJECTION TO REPORT AND RECOMMENDATION DATED AUGUST 19, 2022**

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs*
*City of Almaty, Kazakhstan and*
*BTA Bank JSC*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ........................................................................................................................ 2

STANDARD OF REVIEW ......................................................................................................... 4

ARGUMENT ............................................................................................................................ 4

I.      Judge Parker's Findings Were Not Clearly Erroneous. ....................................................... 4

II.     Ablyazov's Objection Is Moot Because He Failed to Submit Any Proof of an Inability
        to Pay. ........................................................................................................................... 6

III.    Judge Parker's Recommendation that the Court Order Ablyazov to Pay a Judgment in
        Installments Was Not Clearly Erroneous........................................................................... 8

CONCLUSION ........................................................................................................................ 12

## **TABLE OF AUTHORITIES**

**Cases**

*Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*,
   No. 12CIV4502ALCRWL, 2018 WL 6251982 (S.D.N.Y. Mar. 30, 2018) ............................ 5

*Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*,
   650 F. Supp. 2d 289 (S.D.N.Y. 2009) ........................................................................ 4

*Bernstein v. App. Div., First Dep't Departmental Disciplinary Comm.*,
   No. 07 CIV. 11196 (SAS), 2013 WL 12328291 (S.D.N.Y. Aug. 29, 2013) ......................... 10

*Crowhurst v. Szczucki*,
   No. 16-CV-0182 (JGK), 2020 WL 133509 (S.D.N.Y. Jan. 11, 2020) ................................... 4

*Exp.-Imp. Bank of Republic of China*,
   2010 WL 5463876 ...................................................................................................... 5

*First City, Texas-Houston, N.A. v. Rafidain Bank*,
   68 F. Supp. 2d 377 (S.D.N.Y. 1999) ........................................................................... 6

*Gucci Am., Inc. v. Gucci*,
   No. 07 Civ. 6820, 2009 WL 440463 (S.D.N.Y. Feb. 20, 2009) ................................... 6

*Huber v. Marine Midland Bank*,
   51 F.3d 5 (2d Cir. 1995) ............................................................................................. 7

*In re Application To Quash Subpoena to NBC*,
   No. M8-85, 1995 WL 807206 (S.D.N.Y. Nov. 9, 1995) ............................................. 6

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*,
   No. 03-CV-5562 (JGK) (AJP), 2006 WL 1148110 (S.D.N.Y. Apr. 28, 2006) ......................... 4

*Klein v. Aicher*,
   No. 19-CV-9172 (RA), 2021 WL 1948010 (S.D.N.Y. May 14, 2021) ................................... 10

*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*,
   18-CV-1781 (PGG) (BCM), 2021 WL 1080673, (S.D.N.Y. Mar. 5, 2021) ............................. 8

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*,
   369 F.3d 645 (2d Cir. 2004) ....................................................................................... 5

*Raghavendra v. Trustees of Columbia Univ. in the City of New York*,
   No. 06CIV6841PACHBP, 2017 WL 6000553, (S.D.N.Y. Dec. 1, 2017) ............................ 5

*SEC v. Bronson*,
   12-CV-6421 (KMK), 2021 WL 3167853 (S.D.N.Y. Jan. 19, 2021) ..................................... 7

*SEC v. Musella,*
  818 F. Supp. 600 (S.D.N.Y. 1993) ............................................................................ 7

*SerVaas Inc. v. Republic of Iraq,*
  No. 09 Civ. 1862, 2014 WL 279507 (S.D.N.Y. Jan. 24, 2014)..................................... 5

*Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic,*
  No. 10-cv-5256 (KMW), 2011 WL 4111504 (S.D.N.Y. Sept. 13, 2011) ................................ 8

*Yimby, Inc. v. Fedak,*
  No. 17-CV-223 (PAC), 2017 WL 2693719 (S.D.N.Y. June 22, 2017)................................... 7

**Statutes**

28 U.S.C. § 636(b)(1) ................................................................................................... 4

**Rules**

Fed. R. Civ. P. 72(a) .................................................................................................... 6

Plaintiffs BTA Bank JSC and the City of Almaty, Kazakhstan respectfully submit this memorandum of law in opposition to Mukhtar Ablyazov's objection to Judge Parker's August 19, 2022, Report and Recommendation, recommending that he be held in contempt of court for violating a court order to pay discovery sanctions to Plaintiffs.

## PRELIMINARY STATEMENT

Mukhtar Ablyazov engaged in blatant discovery misconduct in this case. Plaintiffs were forced to file multiple motions to compel and to incur substantial costs in order to obtain compliance. Accordingly, the Court ordered Ablyazov to pay approximately $140,000 to Plaintiffs in discovery sanctions to compensate them for the costs they incurred. Ablyazov failed to pay, forcing Plaintiffs to move to hold him in contempt. After being afforded the opportunity to respond and to be heard at a hearing, Judge Parker issued a Report and Recommendation that certified undisputed facts constituting Ablyazov's contempt and recommended he be held in contempt and ordered to pay a fine, and that a judgment be entered against him. Ablyazov admits his non-compliance and now raises only one objection to Judge Parker's recommendation that he be held in contempt – that Judge Parker failed to consider his inability to pay. But this is wrong. Ablyazov has had many opportunities to prove an inability to pay defense – in opposing Plaintiffs' sanctions motion, in objecting to Judge Parker's sanctions opinion, and in opposing Plaintiffs' contempt motion. He failed to do so at every step of the way.

Nevertheless, Judge Parker's Report and Recommendation on contempt gave Ablyazov yet another chance to prove his inability to pay, allowing him to submit proof of his assets by September 30. If he had done so, Judge Parker recommended that the Court *not impose any additional contempt sanction* on Ablyazov, and that the Court allow him to pay only the $140,000 he already owes Plaintiffs in installments. Accordingly, Judge Parker's Report and

1

Recommendation did not fail to consider Ablyazov's inability to pay; to the contrary, it explicitly gave him yet another chance to submit proof of his assets, and he yet again refused to do so. Ablyazov's objection is meritless.

## BACKGROUND

On July 3, 2019, Judge Parker imposed sanctions on Mukhtar Ablyazov for engaging in a protracted and willful campaign of discovery misconduct. [ECF No. 1101 at 21.] Judge Parker ordered Ablyazov to pay Plaintiffs' reasonable fees and expenses pursuant to Rule 37 [*id.* at 12], which she subsequently calculated to be $140,115.60. [ECF No. 1174, 1216.] On July 15, 2019, Judge Parker denied Ablyazov's motion for reconsideration of the sanctions opinion [ECF No. 1115], and on October 18, 2021, Judge Nathan overruled Ablyazov's objections to Judge Parker's order, and ordered Ablyazov to pay the $140,115.60 to Plaintiffs within three months of the date of the order, or January 18, 2022. [ECF No. 1461.] Despite reminding Ablyazov of his obligation to pay the sanctions award, Plaintiffs never received any payment from Ablyazov. [*See* ECF No. 1497.]

On May 5, 2022, Plaintiffs filed a motion for an order to show cause why Ablyazov should not be held in contempt for his intentional violation of the sanctions order. [ECF No. 1495.] Ablyazov responded to Plaintiffs' motion on August 12 [ECF No. 1602], and Judge Parker held a telephonic hearing on August 16, which Ablyazov personally attended. [ECF Nos. 1559, 1601.] Judge Parker subsequently issued a Report and Recommendation, in which she certified facts relating to Ablyazov's non-compliance with the discovery sanction. [ECF No. 1608 at 2.] Specifically, Judge Parker found that the order requiring Ablyazov to pay $140,115.60 by a date certain was clear and unambiguous, that Ablyazov admitted his non-compliance (and Plaintiffs otherwise demonstrated his non-compliance), and that "Ablyazov has made no effort whatsoever

to comply." *Id.* at 2–3.  With respect to the two arguments advanced by Ablyazov in opposition to the contempt application, Judge Parker held that his first argument – that Plaintiffs are politically motivated – "is without merit insofar as it does not excuse the blatant disregard of his discovery obligations in this action and is irrelevant to his compliance with this Court's Orders."  *Id.* at 3. And with respect to Ablyazov's other argument – a claimed inability to pay – Judge Parker observed that Ablyazov had failed to put forward any proof in support of this position.  *Id.* (noting that "Ablyazov did not submit any financial affidavits or disclosures of assets to support his contention" that "he is unable to pay the fees").

Judge Parker recommended that a judgment be entered for $140,115.60 against Ablyazov, and further recommended (a) if he were to provide proof of his inability to pay the sanction – in the form of "credible and competent evidence indicating his inability to pay the amounts due, which shall include all sources of income and assets controlled directly or indirectly by him" – by September 30, 2022, that he be ordered to pay the sanction in installments, but (b) if he did not provide such proof, that he be fined $1,000 per day starting November 1 until he pays the judgment. [ECF No. 1608 at 4.]

Ablyazov filed an objection in part to the Report and Recommendation on September 21. [ECF No. 1616 ("Objection").] Ablyazov made one argument in his Objection, which is that the Report and Recommendation was clearly erroneous because, even if he "can demonstrate inability to pay," the order would still require him to pay "the same full amount of sanction fee in 12 equal installments over a period of one year." *Id.* at 2. This, Ablyazov argued, means that even if he "were to demonstrate that [he has] no means to pay any part of the sanction fee, [he] would still find [himself] in contempt." *Id.* Meanwhile, Ablyazov did not submit any evidence of his purported inability to pay, either with his Objection or by the September 30 deadline ordered by Judge Parker.

3

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge may certify facts constituting civil contempt to the district court, and the district court must "make an independent determination of the facts certified and consider any additional evidence." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 03-CV-5562 (JGK) (AJP), 2006 WL 1148110, at *1 (S.D.N.Y. Apr. 28, 2006) (Koeltl, *J.*). A party may file and serve written objections to such a recommendation, and the district court shall make a *de novo* determination of those portions of the recommendation to which that party objects. 28 U.S.C. § 636(b)(1).

As to the portions of the report and recommendation to which there is no objection, the Court may adopt them as long as long as they are not clearly erroneous or contrary to law. *See Crowhurst v. Szczucki*, No. 16-CV-0182 (JGK), 2020 WL 133509, at *1 (S.D.N.Y. Jan. 11, 2020) (Koeltl, *J.*) (explaining that the district court may adopt those portions of an R&R "to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law"). Further, "when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## ARGUMENT

### I.     Judge Parker's Findings Were Not Clearly Erroneous.

Ablyazov did not object to the bulk of Judge Parker's report, including her factual findings and legal conclusions that Ablyazov failed to comply with a clear court order. These findings and

conclusions are not clearly erroneous. The Court may hold an individual in contempt for violating a court order if the party seeking contempt demonstrates that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).

As laid out in Plaintiffs' motion, Judge Parker imposed a monetary sanction on Ablyazov for discovery misconduct, Judge Nathan overruled his objections and clearly ordered him to pay the sanction in a specific amount by a date certain, and Ablyazov has not even attempted to pay the sanction. [ECF No. 1608 at 2.] These findings are all supported by straightforward evidence in the record, and Ablyazov had the opportunity to contest that evidence at a hearing, but he did not. [ECF Nos. 1497, 1559, 1600.] Thus, Judge Parker did not clearly err in finding that Ablyazov is in contempt based on these factual findings and their application to the well-settled law on contempt.

Further, it was not clear error for Judge Parker to recommend a per diem fine of $1,000 per day. "A per-diem fine is widely recognized as an effective coercive tool." *Raghavendra v. Trustees of Columbia Univ. in the City of New York*, No. 06CIV6841PACHBP, 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017). Courts have imposed per diem sanctions at this rate and higher rates for similar disregard for the judicial system. *See, e.g.*, *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12CIV4502ALCRWL, 2018 WL 6251982, at *5 (S.D.N.Y. Mar. 30, 2018), *report and recommendation adopted*, 2018 WL 5629900 (S.D.N.Y. Oct. 31, 2018) ($5,000 per day); *SerVaas Inc. v. Republic of Iraq*, No. 09 Civ. 1862, 2014 WL 279507, at *3 (S.D.N.Y. Jan. 24, 2014) ($5,000 per day); *Exp.-Imp. Bank of Republic of China*, 2010 WL 5463876, at *5

($1,000 per day); *Gucci Am., Inc. v. Gucci*, No. 07 Civ. 6820, 2009 WL 440463, at *7 (S.D.N.Y. Feb. 20, 2009) ($1,000 per day); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 68 F. Supp. 2d 377, 379 (S.D.N.Y. 1999) ($1,000 per day); *In re Application To Quash Subpoena to NBC*, No. M8-85, 1995 WL 807206, at *1 (S.D.N.Y. Nov. 9, 1995) ($5,000 per day). Accordingly, recommending a contempt sanction of $1,000 per day until Ablyazov complies with the Court's order was not clear error.

## II. Ablyazov's Objection Is Moot Because He Failed to Submit Any Proof of an Inability to Pay.

Ablyazov's Objection purports to identify a single error in Judge Parker's Report and Recommendation. He argues that in recommending – if Ablyazov could demonstrate his inability to pay by competent evidence – that he be ordered to pay the sanctions award in 12 equal installments, Judge Parker erred because "[i]f the person can demonstrate inability to pay, he should not find himself in contempt of an order to pay." [ECF No. 1616 at 2.]

Ablyazov's Objection is moot because he waived any objection to Judge Parker's clear order that he provide proof of his inability to pay by a date certain, and he failed to comply with that order. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Judge Parker ordered that by "September 30, 2022, Ablyazov shall provide credible and competent evidence indicating his inability to pay the amounts due, which shall include all sources of income and assets controlled directly or indirectly by him." [ECF No. 1608 at 4.] Judge Parker's recommendations to this Court flow from that showing – recommending that he either (1) be held in contempt and fined $1,000 per day if he fails to show an inability to pay, or (2) be ordered to pay 1/12 of the sanction award each month if he proves his inability to pay. *Id.*

As the alleged contemnor, Ablyazov "bears the burden of producing evidence of his

inability to comply." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995); *Yimby, Inc. v. Fedak*, No. 17-CV-223 (PAC), 2017 WL 2693719, at *3 (S.D.N.Y. June 22, 2017) ("It is true that a party may defend against a contempt by showing that compliance is factually impossible, but that party bears the burden of production in raising the defense."). Ablyazov must establish his inability to pay "clearly, plainly, and unmistakably." *Huber*, 51 F.3d at 10. "Conclusory statements are inadequate to carry this burden." *Id*.; *see also SEC v. Musella*, 818 F. Supp. 600, 609 (S.D.N.Y. 1993) (observing that an alleged contemnor must establish his inability to pay "categorially and in detail"). "[T]he Court has no obligation to credit self-serving denials that are incredible in context." *SEC v. Bronson*, 12-CV-6421 (KMK), 2021 WL 3167853, at *8 (S.D.N.Y. Jan. 19, 2021).

Here, Judge Parker has provided Ablyazov with ample opportunity to demonstrate his inability to pay the discovery sanction, and he had the opportunity to raise that issue in opposing and objecting to the discovery sanction itself years ago. As Judge Parker noted in her Report and Recommendation, Plaintiffs contest Ablyazov's purported inability to pay as entirely incredible given his history of money laundering and hiding assets – which form the very foundation of this case – and Ablyazov failed to provide any financial affidavits or asset disclosures supporting his purported inability to pay in opposing either the original sanctions motion or the present contempt motion. [ECF No. 1608 at 3; 949 (Ablyazov opposition's to sanctions motion); 1133 (Ablyazov's objections to sanction opinion).]   Ablyazov's claimed inability to pay is additionally dubious because, among other things, he recently retained counsel to litigate on his behalf in New York State court.  [*See* ECF No. 1497-3 (copy of a March 11, 2022 declaration submitted by Ablyazov's counsel in state court).]

Nevertheless, Judge Parker provided Ablyazov with yet another opportunity to, by September 30, "provide credible and competent evidence indicating his inability to pay the

amounts due, which shall include all sources of income and assets controlled directly or indirectly by him." [ECF No. 1608 at 4.] Ablyazov failed to submit any evidence by that date, and the filing of his Objection did not absolve him of complying with that deadline to submit proof of inability to pay. *See, e.g.*, *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 18-CV-1781 (PGG) (BCM), 2021 WL 1080673, at *3 (S.D.N.Y. Mar. 5, 2021) (explaining that objecting "to a magistrate judge's discovery order does not excuse a party from complying with that order"); *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10-cv-5256 (KMW), 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011) ("Absent a stay of a magistrate judge's order, merely filing an objection to that order does not excuse a party from complying with it."). Accordingly, despite his burden in raising an inability to pay defense, Ablyazov was provided multiple opportunities to prove his inability to pay, but he has refused to do so.

Because Ablyazov failed to provide "credible and competent evidence indicating his inability to pay," the portion of the Report and Recommendation to which Ablyazov objected is moot. He provided no proof of his assets, and therefore the recommendation from Judge Parker to this Court is that "a judgment be entered for $140,115.60 against Mr. Ablyazov and that he be fined $1,000 per day until he pays the judgment." *Id.* Ablyazov's Objection does not argue that Judge Parker's contempt findings or the recommendation that he be fined each day he fails to pay the judgment was erroneous, which it was not, as explained above.

## III.    Judge Parker's Recommendation that the Court Order Ablyazov to Pay a Judgment in Installments Was Not Clearly Erroneous.

Even if the Court were to entertain Ablyazov's Objection, and even if Ablyazov had provided competent and credible evidence of an inability to pay, the Objection should be overruled. Ablyazov's argument rests on a fundamental misunderstanding of Judge Parker's Report and Recommendation. Ablyazov contends that if he were to "demonstrate an inability to

pay," he would nonetheless still "find himself in contempt of an order to pay." [Objection at 2.] This is wrong. Judge Parker recommended that, if Ablyazov could prove his inability to pay, the existing sanctions award be reduced to judgment and that he be excused for his prior non-payment and instead allowed to make payment in installments. Only if he failed to demonstrate his inability to pay – as he has – did Judge Parker recommend additional coercive sanctions in the form of a daily fine for non-payment.

In the face of Ablyazov's admitted contempt of the original order to pay the sanctions by a date certain, Judge Parker thoughtfully crafted a means for Ablyazov to potentially cure his ongoing contempt while still holding Ablyazov accountable for his sanctionable behavior and preserving Plaintiffs' right to collect its fees. If Ablyazov continues to fail to demonstrate an inability to pay, then Ablyazov would face a per diem fine for contempt until the sanctions are paid. Ablyazov's Objection ignores that he can cure his current contempt and seems to argue that if he demonstrates an inability to pay (which he has not even tried to do with actual evidence), his obligation to pay the original sanctions award should be entirely forgiven. But this is not a bankruptcy proceeding – the Court can and should reduce the outstanding sanctions amount to an enforceable judgment that Plaintiffs can pursue like any other creditor of Ablyazov, regardless of whether the Court holds him in contempt. [*See* ECF No. 1496 at 9–10 (Plaintiffs' motion for contempt citing cases issuing judgments for outstanding sanctions awards).] Judge Parker's recommendation that the Court order Ablyazov to pay down the judgment in installments – which would relieve him of any per diem fine for his current contempt – was not clearly erroneous. Ablyazov would have essentially a clean slate, with his prior contempt forgiven and a new opportunity to make right on his outstanding debt.

Ignoring the structure and effect of Judge Parker's report, Ablyazov begins his argument

with a false premise, stating that "Judge Parker considers that inability to pay any of the sanction fees is not a good enough reason. So, if a person does not have any income and has no funds or assets he should still be obligated to pay." Objection at 2. But the issue before Judge Parker was whether Ablyazov should be held in civil contempt and face additional coercive sanctions, not whether he should have the original sanctions award against him entirely forgiven. [*See, e.g.*, ECF No. 1608 at 2 ("Turning to the three elements that must be established before an Order of contempt issues . . . .").] And Judge Parker's Report and Recommendation provides a clear avenue for Ablyazov to purge his current contempt – submitting credible and competent proof of an inability to pay. If he had done that, Judge Parker's Report and Recommendation would not impose coercive contempt sanctions on him.

The fact that Judge Parker also recommended that the Court reduce the outstanding sanctions award to a judgment was not error, and this recommendation is independent of any contempt that the Court may hold him in. Courts routinely agree to reduce sanctions awards to enforceable judgments to permit the party that is owed payment to, for example, "record the obligation as a matter of public record, and otherwise independently pursue enforcement remedies." *Klein v. Aicher*, No. 19-CV-9172 (RA), 2021 WL 1948010, at *4 (S.D.N.Y. May 14, 2021) (cleaned up); *see also Bernstein v. App. Div., First Dep't Departmental Disciplinary Comm.*, No. 07 CIV. 11196 (SAS), 2013 WL 12328291, at *3 (S.D.N.Y. Aug. 29, 2013) ("If Bernstein ignores the monetary sanction, defendants may obtain an enforceable judgment in the amount of $3,500."). The original sanctions award was, after all, intended to compensate Plaintiffs for the additional fees and costs they incurred because of Ablyazov's misconduct. [ECF No. 1101 at 21–22 ("Ablyazov shall, as a sanction, pay Plaintiffs' attorneys' fees and costs associated with the various motions to compel discovery responses from Ablyazov and his appearance at a deposition,

as well as the fees and costs associated with their Motion for Sanctions."); *see also* ECF No. 1216 (awarding Plaintiffs their fees and costs).]

In other words, whether a judgment should be entered against him is a distinctly different question than whether Ablyazov should be subjected to additional coercive sanctions intended to ensure compliance. Ablyazov is therefore incorrect when he argues that "even if [he] were to demonstrate that [he has] no means to pay any part of the sanction fee, [he] would still find himself in contempt." [ECF No. 1616.] If he had demonstrated an inability to pay – which he did not – then a judgment would be entered against him and he would face a new court-ordered deadline to pay. What happens if he then fails to comply with that new order is speculative – it is not ripe for resolution at this stage. It is entirely possible that his resources are sufficient to pay down the award in installments, or the Court may stretch out his installment payments over a longer period of time. Regardless, it is both speculative and irrelevant – irrelevant because he failed to comply with the order to provide proof of an inability to pay.

Under the status quo, Judge Parker correctly and appropriately recommended that the Court hold Ablyazov in contempt and fine him "$1,000 per day until he pays the judgment." [ECF No. 1608 at 4.] This result is amply justified, including because Ablyazov explicitly refused to identify how he supports himself when he appeared before Judge Parker at the hearing on the order to show cause. *See* Aug. 16, 2022 Hr'g Tr. at 11:8–12 ("MR. ABLYAZOV: I have no assets to support myself. Most of how I live is through my son and there are some people who give me financial help but the help is small and infrequent and, of course, I can't say who those people are because that's confidential."). Ablyazov both failed to prove an inability to pay by September 30 as ordered by Judge Parker, and he told Judge Parker he would not disclose his sources of financial support

in any event, "because that's confidential."[1]

## CONCLUSION

For the foregoing reasons, the Court should adopt Judge Parker's Report and Recommendation, and overrule Ablyazov's objection. The Court should (1) enter an order adopting Judge Parker's certified facts of Ablyazov's contempt, (2) enter a judgment against Ablyazov for $140,115.60, and (3) issue an order of civil contempt against Ablyazov that includes a fine of $1,000 per day until he pays the judgment. Plaintiffs further request that the order provide that Plaintiffs may from time to time refresh the judgment with the clerk to include unpaid sanctions amounts and/or interest.

## CERTIFICATE OF COMPLIANCE

Pursuant to Individual Rule II(D), I hereby certify that the foregoing brief contains 4,331 words, excluding the cover page, certification of compliance, table of contents, and table of authorities.

Dated: October 5, 2022
New York, New York                       Respectfully,

                                          /s/ Matthew L. Schwartz
                                          Matthew L. Schwartz
                                          Craig A. Wenner
                                          Sabina Mariella

---

[1]     Ablyazov's willful failure in discovery to identify, even on an attorney's eyes only basis, the various nominees who hold his wealth and support him was one of several bases for the original sanctions award against him. [ECF No. 1101 at 4, 10–11.] It is ironic that Ablyazov would invoke the same argument in defending against a contempt application, and why Judge Parker ordered that any acceptable financial disclosure would need to include "all sources of income and assets controlled directly or indirectly by him." [ECF No. 1608 at 4.]

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300

*Attorneys for Plaintiffs BTA Bank JSC and*
*City of Almaty, Kazakhstan*

13