**BLANKROME**

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:   (212) 885-5148
Fax:     (917) 591-7897
Email:   deborah.skakel@blankrome.com

October 20, 2022

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court – S.D.N.Y.
500 Pearl Street
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
             **No. 1:15-cv-05345 (JGK) (KHP)**

Dear Judge Koeltl:

      We represent Triadou SPV S.A. ("Triadou") in the above-referenced case and submit this letter on behalf of Triadou and Plaintiff BTA Bank JSC ("BTA") regarding the parties' upcoming trial, scheduled to begin on November 28, 2022.  Specifically, the parties respectfully seek the Court's guidance regarding the pending question of the allocation of trial time in light of the parties' disagreement on that subject and certain of the parties' pending motions in limine.  Direction on these issues is and will be critical to the parties' ability to properly prepare for trial and to ensure they are ready to proceed efficiently on November 28, 2022.

      With regard to the allocation of trial time, counsel discussed this issue with the Court during the May 24, 2022 telephonic status conference,[1] and set out their respective positions in the Joint Pretrial Order.  (ECF 1533 at 10-11).  Specifically, Triadou proposes to split trial time equally.  BTA does not believe it is necessary to split trial time, but to the extent that the Court intends to impose time limits on the presentation of evidence, BTA proposes to split the time two-thirds to BTA and one-third to Triadou.  (*Id.*).  How the Court elects to proceed on this point will significantly impact how the parties prepare to present their respective cases at trial.  The time available to each party will directly affect the volume of deposition designations each may seek to present—a process that will involve editing several video files—as well as how each party structures its planned examinations of both friendly and unfriendly witnesses.  If the parties do not learn how time will be allocated until close to when trial begins, the resulting logistical issues, such as the need to re-edit multiple deposition videos and other technical work, will be difficult to accomplish with limited time.

      With regard to the parties' pending motions in limine (the briefing for which was completed on August 5, 2022), several are addressed to key factual and evidentiary issues that will affect the parties' trial preparation.  Triadou's motion in limine no. 1 seeks to exclude evidence concerning certain judgments BTA has obtained in other proceedings, (ECF No. 1511), and Triadou's motion in limine no. 3 seeks to exclude evidence, including testimony addressed to

---

[1] As the Court suggested during the May 24 status conference, the parties have again discussed settlement and agree that they will not resolve this dispute without trial.

BLANKROME

The Honorable John G. Koeltl
October 20, 2022
Page 2

certain alleged conduct of former defendants, (ECF No. 1517).  BTA's motion in limine no. 2 seeks to exclude evidence of alleged political persecution of certain non-party witnesses.  (ECF No. 1538).  These motions implicate deposition designations for multiple witnesses that may need to be adjusted and bear on subjects that live witnesses are expected to cover, if permitted.  A ruling on these motions too close to trial will present a logistical problem for the parties as they work to change a substantial amount of designated video testimony, which requires time in advance of trial to edit and quality check video files.

      In view of these issues, the parties respectfully seek the Court's guidance.  We can be available at the Court's convenience for a status conference to discuss these points in more detail.  Alternatively, if the Court prefers, we can submit potential dates for the Pretrial Conference.

      Thank you for your consideration.

      Respectfully submitted,

      */s/ Deborah A. Skakel*
      Deborah A. Skakel