UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN, and BTA BANK JSC,

                Plaintiffs,        15-cv-5345 (JGK)

- against -                  ORDER

MUKHTAR ABLYAZOV, ET AL.,
                Defendants.

JOHN G. KOELTL, District Judge:

    The Court has reviewed the Report and Recommendation of Magistrate Judge Parker dated August 19, 2022. See ECF No. 1608. Pursuant to 28 U.S.C. § 636(e)(6), the Report certifies that the plaintiffs have set forth a prima facie case for civil contempt based on defendant Mukhtar Ablyazov's failure to comply with this Court's October 18, 2021 order to pay the plaintiffs $140,115.60 in fees by January 18, 2022, to compensate the plaintiffs for egregious discovery misconduct. ECF No. 1608, at 2; see also ECF No. 1461. The Report recommends that a judgment be entered for $140,115.60 against Ablyazov. ECF No. 1608, at 4. The Report further recommends that (a) if Ablyazov provided by September 30, 2022 credible and competent evidence indicating his inability to pay the amounts due, then he be permitted to pay in installments, with 1/12 of the judgment due on the 15th day of each month beginning in November 2022, but that (b) if Ablyazov did not provide such proof by September 30, then he be fined an additional $1,000 per day starting November 1, 2022

until he pays the judgment. Id. On September 21, 2022, Ablyazov filed an objection to the Report, arguing that Magistrate Judge Parker erred in ordering him to pay "the same full amount of sanction fee in 12 equal instalments" even if demonstrated his inability to pay. ECF No. 1616. Ablyazov did not submit any evidence indicating his inability to pay.

After reviewing the record, the Court concurs with the findings of Magistrate Judge Parker and adopts them. The Court concurs with the conclusion that Ablyazov is in civil contempt. Where the magistrate judge has certified facts constituting contempt, the district court must make an independent determination of the facts certified and consider any additional evidence. 28 U.S.C. § 636(e)(6). In this case, Ablyazov did not object to Magistrate Judge Parker's factual findings and legal conclusions that Ablyazov failed to comply with a clear court order. After an independent review, the Court adopts these findings and conclusions, which are all supported by straightforward evidence in the record and justify a finding of civil contempt. Ablyazov has neither complied with nor diligently attempted to comply with the clear and unambiguous court order to pay $140,115.60 in fees to the plaintiffs. See Parademics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004).

The Court also finds that Ablyazov should be fined $1,000

per day beginning November 1, 2022 until he pays the judgment. Ablyazov did not object to this recommendation, and this recommendation is justified. See, e.g., Raghavendra v. Trustees of Columbia Univ. in the City of New York, No. 06-cv-6841, 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017) ("A per-diem fine is widely recognized as an effective coercive tool.").

Ablyazov's single objection to the Report is moot. Ablyazov objected to Magistrate Judge Parker's recommendation that Ablyazov be allowed to pay the sanctions award in twelve equal, monthly installments if he demonstrated by September 30 his inability to pay the award. But Ablyazov failed to submit any proof of an inability to pay. Accordingly, the operative recommendation from Magistrate Judge Parker is that "a judgment be entered for $140,115.60 against Mr. Ablyazov and that he be fined $1,000 per day until he pays the judgment." ECF No. 1608, at 4. This recommendation is fully justified and is adopted.

Ablyazov appears to confuse the issue of whether he should be held in contempt for having failed to comply with the sanctions order with the issue of whether the sanctions order should be vacated. If Ablyazov proved that he did not have the funds to pay the sanctions award, Magistrate Judge Parker recommended that no coercive penalty be imposed on Ablyazov. But that did not excuse Ablyazov from his obligation to pay the outstanding sanctions award. As to that award, Magistrate Judge

3

Parker proposed a reasonable payment schedule. But because Ablyazov never presented evidence that he was financially unable to pay the sanctions award, the alternative payment schedule became moot, and the operative recommendation was to impose a coercive fine, which is thoroughly justified.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Parker's Report and Recommendation, overrules Ablyazov's objection, and finds that Ablyazov is in contempt of this Court's October 18, 2021 Order. The Clerk is directed to enter a judgment against Ablyazov for $140,115.60. Beginning November 1, 2022, Ablyazov shall be fined $1,000 per day until he pays the judgment. The plaintiffs may periodically refresh the judgment with the Clerk to include unpaid sanctions amounts and/or interest.

SO ORDERED.

Dated: New York, New York
October 21, 2022

John G. Koeltl
United States District Judge