UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CITY OF ALMATY, KAZAKHSTAN, ET AL.,

                        Plaintiffs,                    15-cv-5345 (JGK)

        – against –                                    ORDER

MUKHTAR ABLYAZOV, ET AL.,

                        Defendants.
_____

JOHN G. KOELTL, District Judge:

        The Court received the attached document, which the Court

now forwards to the parties.

SO ORDERED.

Dated:      New York, New York
            October 24th, 2022

                                        John G. Koeltl
                                   United States District Judge



Copy

Homburger

**Par pli recommandé**
Tribunal de première instance
À l'attention de Madame la Juge
Mme Catherine Hekimi
Rue de l'Athénée 6-8
Case postale 3736
1211 Genève 3

Homburger AG
Prime Tower
Hardstrasse 201
CH-8005 Zürich

**Balz Gross**
Dr. iur., LL.M., Rechtsanwalt
balz.gross@homburger.ch
T +41 43 222 16 39

**Claudio Bazzani**
Dr. iur., LL.M., Rechtsanwalt
claudio.bazzani@homburger.ch
T +41 43 222 16 02

**Okan Uzun**
Rechtsanwalt
okan.uzun@homburger.ch
T +41 43 222 12 52

Zurich, le 19 septembre 2022

**CR/47/2020 5 IMI XCR – Entraide civile internationale**
La Ville d'Almaty et BTA Bank JSC c/ Sater Félix et autres

Madame la Juge,

Suite est donnée à votre ordonnance du 12 août 2022, reçue en l'Étude le 17 août 2022, dans laquelle vous avez imparti aux conseils des parties à la procédure américaine un délai d'un mois pour se prononcer au sujet des motifs de refus invoqués par les témoins Mme Leila Khrapunova et M. Ilyas Khrapunov (les **Khrapunovs**) par écriture du 13 mai 2022 (la **Requête**).

Par la présente, nous rejetons les conclusions prises par les Khrapunovs dans la Requête et invitons le Tribunal de céans à exécuter la demande d'entraide (la **Demande d'Entraide** émanant du United States District Court of the Southern District of New York (**US District Court**) pour les raisons qui suivent.

Les Khrapunovs considèrent que la Demande d'entraide porte atteinte à la souveraineté et à la sécurité de la Suisse au motif qu'elle serait abusive (art. 12 let. b CLaH 70) et invoquent tous deux une dispense de déposer sur la base de l'art. 11 let. a CLaH 70 en lien avec l'art. 166 CPC.[1]

Nous démontrerons dans la présente que les arguments des Khrapunovs sont dépourvus de tout fondement – en fait et en droit. En premier lieu, la Demande d'entraide déposée par les Etats-Unis ne porte en rien atteinte à la souveraineté et la sécurité de la Suisse, en ce sens qu'elle ne

---

[1]   Requête du 13 mai 2022, pp. 7 ss. et 9 s.

Homburger

constitue pas un abus de droit (1). En second lieu, nous verrons que l'obligation de collaborer peut, certes, être limitée aux motifs de l'art. 166 CPC, mais qu'il n'existe pas un droit général de refuser de comparaître (2).

Toutes les allégations de fait contenues dans la Requête sont contestées dans la mesure où elles ne sont pas admises de manière expresse dans la présente.

Dans le cas où le Tribunal de céans souhaiterait la traduction des pièces en langues anglaises, les soussignés prient respectueusement le Tribunal de céans de bien vouloir leur fixer un délai convenable pour déposer de telles traductions.

## 1.   La Demande d'entraide n'est pas abusive

Aux termes de l'art. 12 al. 1 let. b CLaH 70, l'exécution de la commission rogatoire peut être refusée dans la mesure où l'Etat requis – en l'occurrence la Suisse – la juge de nature à porter atteinte à sa souveraineté ou à sa sécurité.

Les Khrapunovs se réfèrent à la notion de l'atteinte à la souveraineté et à la sécurité de la Suisse dans l'art. 12 al. 1 let. b CLaH 70 telle que précisée par le Tribunal fédéral dans le contexte de l'entraide civile internationale.[2] Selon cette définition, il y a atteinte à la souveraineté ou à la sécurité de la Suisse lorsque l'exécution de la requête porte atteinte aux droits fondamentaux des personnes concernées, respectivement aux principes fondamentaux du droit de procédure civile suisse. Sur cette base, les Khrapunovs considèrent que la Demande d'entraide déposée par l'US District Court constitue un abus de droit au motif qu'elle permettrait au Kazakhstan de contourner la voie officielle de l'entraide pénale internationale et d'abuser de la voie officielle de l'entraide civile internationale.[3]

> «Si le Kazakhstan en tant qu'Etat avait lui-même sollicité l'entraide pénale internationale afin d'entendre Leila KHRAPUNOVA et Ilyas KHRAPUNOV en lien avec leur prétendue participation aux infractions reprochées à Felix SATER, une telle demande aurait été refusée (...).»[4]

Il n'en est rien. L'argument des Khrapunovs ne peut être suivi car il est avant tout spéculatif et ne repose en rien sur des faits avérés. La Demande d'entraide en matière *civile* émane d'un tribunal aux Etats-Unis dans le contexte d'une procédure *civile* dirigée contre un citoyen américain, M. Felix Sater. Ni l'Etat du Kazakhstan ni les Khrapunovs sont parties à la procédure par devant l'US District Court.

La seule question pertinente dans le cadre de l'art. 12 al. 1 let. b CLaH 70 est de savoir si la demande d'entraide en matière civile déposée par l'Etat requérant, en l'occurrence les Etats-Unis, est constitutive d'un abus de droit ou non, en d'autres termes, si elle conduit à un résultat inadmissible au sens de l'art. 2 al. 2 CC.[5]

---

[2]   Requête du 13 mai 2022, p. 7.
[3]   Requête du 13 mai 2022, p. 9.
[4]   Requête du 13 mai 2022, p. 8.
[5]   CR CC, Chappuis, art. 2 N 24.

Hamburger

En l'espèce, les Khrapunovs n'allèguent pas dans leur Requête qu'une procédure d'entraide pénale ayant comme objet semblable leur audition est actuellement pendante en Suisse.

Par ailleurs, il n'y a jamais eu de demande d'entraide pénale internationale entre les Etats-Unis et la Suisse concernant cette même affaire civile qui aurait été refusée par les autorités suisse et qui pourrait être contournée par la présente procédure d'entraide civile. Du reste, les Khrapunovs n'allèguent pas que les Etats-Unis abusent de leurs droits sous l'angle de l'art. 12 al. 1 let. b CLaH 70 en relation avec l'art. 2 al. 2 CC.

Les Khrapunovs affirment qu'une requête d'extradition ainsi qu'une procédure d'entraide pénale concernant la production de documents bancaires ont été initiées par l'Etat du Kazakhstan.[6] Aucunes de ces deux procédures n'ont de rapport avec la procédure civile ouverte par devant l'US District Court. La présente demande d'entraide en matière civile déposée par les Etats-Unis a pour but de servir une procédure civile aux Etats-Unis à l'encontre d'un citoyen américain et porte uniquement sur l'audition en tant que témoins des Khrapunovs et non sur la production de documents bancaires les concernant.

On ne voit dès lors pas à quel résultat inadmissible mènerait l'audition de Khrapunovs pour servir une procédure civile aux Etats-Unis, initiée à l'encontre d'une tierce personne et dont l'objet diffère des procédures d'entraide pénale antérieures initiées par l'Etat du Kazakhstan, qui portaient respectivement sur l'extradition des Khrapunovs et la production de documents bancaires.

Nous précisons que les Khrapunovs auront les droits découlant de l'art. 11 CLaH 70 et de l'art. 166 CPC lors de cette audition (cf. également chapitre 2 ci-dessous). Par ailleurs, l'US District Court a rendu une ordonnance de protection ("Protective Order") dans la présente affaire qui permet aux témoins de déclarer que toute information révélée lors de leur audition devra être traitée de manière confidentielle et ne pourra être utilisée hors de la présente procédure (Pièce 1, paragraphe 3). Il suffit ainsi aux Khrapunovs de déclarer au début de leur audition qu'ils souhaitent que leur témoignage soit protégé au sens de l'ordonnance de protection pour bénéficier de cette protection supplémentaire.

Preuve:
—   Protective Order de l'US District Court datée du 8 juillet 2019                    Pièce 1

Enfin, les Khrapunovs omettent de mentionner dans leur Requête que M. Ilyas Khrapunov a déjà fait l'objet d'une audition dans le cadre d'une procédure d'entraide civile réglée par le chapitre II de la CLaH 70. Cette audition s'est tenue le 1 février 2018 et servait une procédure civile américaine par devant l'US District Court qui portait sur des faits similaires à la présente et dans laquelle M. Khrapunov était lui-même défendeur (City of Almaty et BTA Bank c/ Mukhtar Ablyazov, Illyas Khrapunov, Viktor Khrapunov et Triadou SPC SA).

Nous soulignons que dans une procédure d'entraide selon le chapitre II de la CLaH 70, les témoins ont le droit de refuser de comparaître (cf. art. 21 let. c et art. 22 CLaH), contrairement au présent cas d'espèce, régi par le chapitre I de la CLaH 70.

---

[6]   Requête du 13 mai 2022, pp. 3-6.

Homburger

Lors de cette audition, M. Khrapunov a été informé de son droit de refuser de répondre à toute question risquant de l'incriminer (Pièce 2, p. 3 du document, lignes 8 à 18). Cependant, M. Khrapunov a, sans hésiter et sans y être tenu, répondu à toutes les questions. En l'espèce, les Khrapunovs n'allèguent pas que le procès-verbal de cette audition, a été utilisé "*à leur gré dans le cadre des procédures injustifiées qu*[e l'Etat de Kazakhstan] *mène à travers le monde à l'encontre de la famille KHRAPUONOV, et qu*[e l'Etat de Kazakhstan] *pourrait également intenter au Kazakhstan à l'encontre d'Iliyas KHRAPUNOV*".

Preuve:
— Procès-verbal de l'audition de M. Illyas Khrapunov du 1 février 2018          Pièce 2

On ne voit dès lors pas en quoi la présente requête d'entraide serait abusive et mènerait à un résultat inadmissible alors que M. Khrapunov a déjà volontairement participé à une audience dans une demande d'entraide portant sur des faits similaires.

Ce premier grief doit par conséquent être rejeté.

## 2. Les Khrapunovs sont obligés de comparaître et de collaborer

Le deuxième argument invoqué par les Khrapunovs est une dispense de déposer prévue par l'art. 11 let. a CLaH 70, qui renvoie aux dispositions du Code de procédure civile, et notamment aux art. 160 ss CPC.[7] Il convient de préciser que les Khrapunovs n'invoquent pas une dispense de déposer éventuelle, prévue par le droit américain (art. 11 let. b CLaH 70). Il est également nécessaire de rappeler que la Demande d'entraide a été déposée en vertu du chapitre I de la CLaH 70 qui – à la différence des demandes d'entraides régies par le chapitre II – n'accorde pas un droit de refuser de comparaître au témoin.

L'art. 160 CPC prévoit que les parties et les tiers sont tenus de collaborer à l'administration des preuves. Les tiers à la procédure ont, en fonction des circonstances, un droit de refuser de collaborer qui peut être soit absolu soit restreint (art. 165 et 166 CPC).

L'article 165 CPC prévoit un droit de refuser de collaborer en raison de liens du tiers concerné avec l'une ou l'autre des parties à la procédure. Il s'agit d'un droit de refus absolu dès lors que ce lien suffit à lui seul pour justifier le refus.[8] Les Khrapunovs ne prétendent pas avoir un quelconque lien de parenté prévu par l'art. 165 CPC avec une des parties à la procédure par devant l'US District Court.

Aux conditions de l'art. 166 al. 1 let. a CPC, le tiers appelé à collaborer peut s'y refuser à raison de faits spécifiques qu'il ne peut être tenu de révéler compte tenu des risques d'une action pénale, respectivement en responsabilité civile.[9]

La portée de ce droit de refus se limite aux faits qui exposeraient le tiers ou l'un de ses proches à un risque de poursuites pénales ou de responsabilité civile, ce qui signifie concrètement que le

---

[7]    Arrêt du Tribunal fédéral 5A_284/2013 du 20.08.2013 cons. 4.
[8]    Jeandin Nicolas, L'administration des preuves, in: Foëx Bénédict/Jeandin Nicolas (Hrsg.), Le Code de procédure civile, Aspects choisis , Genève - Zurich - Bâle 2011, p. 106.
[9]    Hohl Fabienne, Procédure civile, Tome I - Introduction et théorie générale, 2e éd., Berne 2016, p. 282, N 1887s.

tiers peut retenir toutes les données probantes qui pourraient l'incriminer ou incriminer l'un de ses proches.[10]

Cependant, le droit de refus de collaborer n'est pas absolu mais restreint, comme le décrit la note marginale de l'art. 166 CPC. En ce sens, le tiers ne peut refuser de collaborer pour des faits non couverts par des risques de poursuites pénales et civiles.[11]

On relève qu'il est tout à fait possible qu'un droit de refuser de témoigner ne se dessine qu'au cours d'une audition, par exemple lorsque pendant l'interrogatoire apparaissent des indices selon lesquels le témoin pourrait, par sa déposition, s'exposer ou exposer une personne qui lui est proche au sens de l'art. 166 al. 1 let. a CPC à des poursuites pénales ou civiles. Cas échéant, le juge qui procède à l'audition doit faire référence à un éventuel droit de refuser de témoigner.[12] L'audience n'est pour autant pas suspendue. Par ailleurs, le tribunal peut prendre des mesures de sauvegarde d'intérêts dignes de protection (art. 156 CPC) pour éviter qu'un tiers ne refuse de collaborer.[13]

Le tiers n'est pas autorisé à refuser sa participation à la procédure d'administration des preuves en invoquant l'article 166 CPC de manière générale, le refus de collaborer devant être limité sur certains points.[14] En effet, seuls l'objet et le contenu de la collaboration peuvent être restreints, mais non la participation elle-même qui ne fait pas partie du droit de refus.[15] Dans la mesure où l'administration des preuves porte sur d'autres objets ou thèmes, l'obligation de collaborer des tiers selon l'art. 160 CPC reste entière.[16] En ce sens, le droit restreint de collaborer n'inclut pas de droit de refuser à comparaître: même le témoin qui a le droit de refuser de témoigner doit comparaître. Il motivera son refus, qui sera consigné au procès-verbal.[17] Cela ressort également de l'art. 167 CPC qui fait une distinction nette entre le refus injustifié de collaborer (al. 1) et le défaut (al. 2).

Les Khrapunovs concluent à ce que la commission rogatoire émanant des États-Unis ne soit pas exécutée, autrement dit qu'ils soient dispensés de comparaître en qualité de témoins au motif que leur déposition serait utilisée contre eux dans des procédures initiées au Kazakhstan. Les Khrapunovs arrivent à cette conclusion sans même connaître les questions qui leur seront posées lors de leur audition.

Les Khrapunovs ne peuvent se prévaloir d'un refus de collaborer général et absolu, ce qui sort du champ de l'art. 166 CPC. Ils peuvent, au cours de l'audition, refuser de répondre à des questions précises qu'ils considèrent comme susceptibles de conduire à une poursuite pénale ou civile à leur

[10]  Hasenböhler Franz/Yañez Sonia, Das Beweisrecht der ZPO - Bd. 1, Allgemeine Bestimmungen, Mitwirkungspflichten und Verweigerungsrechte, Genève - Zurich - Bâle 2015, p. 147.

[11]  Jeandin Nicolas, L'administration des preuves, in: Foëx Bénédict/Jeandin Nicolas (Hrsg.), Le Code de procédure civile, Aspects choisis , Genève - Zurich - Bâle 2011, p. 106.

[12]  Müller Heinrich Andreas, dans: Brunner Alexander/Gasser Dominik/Schwander Ivo (éd.), ZPO Schweizerische Zivilprozessordnung, Kommentar, 2e éd., Zurich/St.Gall 2016, ZPO 171 N 7.

[13]  CR CPC-Jeandin, art. 166 N 3a.

[14]  Higi Peter, dans: Brunner Alexander/Gasser Dominik/Schwander Ivo (éd.), ZPO Schweizerische Zivilprozessordnung, Kommentar, 2e éd., Zurich/St.Gall 2016, ZPO 166 N 6.

[15]  Higi Peter, dans: Brunner Alexander/Gasser Dominik/Schwander Ivo (éd.), ZPO Schweizerische Zivilprozessordnung, Kommentar, 2e éd., Zurich/St.Gall 2016, ZPO 166 N 12.

[16]  Higi Peter, dans: Brunner Alexander/Gasser Dominik/Schwander Ivo (éd.), ZPO Schweizerische Zivilprozessordnung, Kommentar, 2e éd., Zurich/St.Gall 2016, ZPO 166 N 6.

[17]  Hohl Fabienne, Procédure civile, Tome I - Introduction et théorie générale, 2e éd., Berne 2016, p. 282, N 1707.

Homburger

encontre. L'art. 166 CPC leur permet en effet de refuser de collaborer et de garder le silence sur certains faits mais non de refuser entièrement de comparaître.

Le Tribunal de Céans est ainsi invité à donner suite à la Demande d'entraide et convoquer les Khrapunovs à témoigner sous menace des peines prévues à l'art. 167 CPC pour refus de collaborer injustifié.

**3.   La nécessité de constater pour quelles questions les Khrapunovs refusent à collaborer**

Il est nécessaire pour la suite de la procédure aux Etats-Unis par devant l'US District Court, qui procédera à l'appréciation des preuves, que le Tribunal de céans constate dans le procès-verbal pour quelle(s) question(s) les Khrapunovs invoquent un éventuel droit de refus de collaborer et à quel(s) motif(s). Il revient exclusivement à l'US District Court d'apprécier la valeur probante de ce refus par la suite.

**4.   Conclusions**

Au vu de ce qui précède, la Ville d'Almaty et BTA Bank JSC concluent respectueusement à ce qu'il

**Plaise au Tribunal de première instance**

1.   Exécuter la requête d'entraide judiciaire en matière civile émanant de l'UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

2.   Débouter Mme Leila Khrapunova et M. Ilyas Khraponov de toutes autres, plus amples ou contraires conclusions.

Pour la Ville d'Almaty et BTA Bank JSC:

Balz Gross                                         Claudio Bazzani

**Annexes mentionnées**