# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:   (212) 885-5148
Fax:      (917) 591-7897
Email:   deborah.skakel@blankrome.com

APPLICATION GRANTED
SO ORDERED

_11/18/22_                  John G. Koeltl, U.S.D.J.

November 18, 2022

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court – S.D.N.Y.
500 Pearl Street, Room 14A
New York, New York 10007

> **Re:**   ***City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.,***
> **No. 1:15-cv-05345 (JGK) (KHP)**

Dear Judge Koeltl:

We represent Triadou SPV S.A. ("Triadou") in the above-referenced case and write to respectfully request that the Court permit Triadou to file under seal the Affidavit of Cesare Cerrito submitted in support of Triadou's memorandum of law in opposition to BTA's motion in limine #6 seeking to preclude Mr. Cerrito's deposition testimony. As required by Rule VI.A.2 of the Court's Individual Practices, Triadou will publicly file a redacted version of its opposition brief to the extent it references the information under seal and a slip-sheeted version of Mr. Cerrito's Affidavit, and file under seal copies of the unredacted versions of those documents with any proposed redactions highlighted.

Federal Rule of Civil Procedure 26(c) grants the Court broad discretion to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a finding of good cause. Here, Triadou has good cause to request sealing of Mr. Cerrito's Affidavit and references thereto in its memorandum in opposition to BTA's motion because those materials refer to confidential and personal information of a non-party witness, which he is providing to explain his inability to attend trial. Mr. Cerrito has also described in his Affidavit how he could be prejudiced from the publication of this information. Privacy interests of non-parties are a sufficient basis for sealing. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("'[T]he privacy interests of innocent third parties…should weigh heavily in a court's balancing equation'"); *Sec. & Exchange Comm'n*, 2020 WL 3264264, at *3, 6 (2020) ("Public disclosure of the non-parties' identities and specific identifiable information reveals private investment decisions while providing little value to the monitoring of the federal courts."). To ensure fairness, Triadou's proposed redactions will be narrowly tailored to cover only the above-referenced information.

Additionally, Triadou requests the Court permit Exhibits A and B to the Declaration of Matthew L. Schwartz, dated November 14, 2022, to remain under seal. (ECF 1638). Triadou was not aware BTA intended to file the entirety of Mr. Cerrito's testimony and therefore was unable to propose narrowing the material that required sealing. While portions of the deposition transcript could be filed publicly, other portions contain confidential and sensitive information, including as to non-parties. Given the uncertainty regarding what testimony will be admitted at trial, and where

# BLANKROME

The Honorable John G. Koeltl
November 18, 2022
Page 2

Triadou does not seek to admit the entirety of the transcript, Triadou respectfully requests the complete documents remain under seal at this time.

Thank you for your consideration of this request.

Respectfully submitted,

 /s/ Deborah A. Skakel
Deborah A. Skakel