UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY OF ALMATY, KAZAKHSTAN, ET AL.,
      Plaintiffs,

- against -

MUKHTAR ABLYAZOV, ET AL.,
      Defendants.

15-cv-5345 (JGK)

MEMORANDUM OPINION & ORDER

---

JOHN G. KOELTL, District Judge:

 BTA seeks an order pursuant to Fed. R. Civ. P. 43(a) to have the testimony of three witnesses – John Hargett, Zaure Junussova, and Nurlan Mukhametzhanov - be presented by remote testimony at trial. ECF No. 1631. Rule 43(a) provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Subject to the conditions explained below, BTA's application is **granted**.

 Triadou does not oppose the application to transmit the testimony of John Hargett from a remote location, and that application is therefore granted.

 Triadou does oppose the application to transmit the testimony of Ms. Junussova and Mr. Mukhametzhanov from Turkey and Russia, respectively. Ms. Junussova has health problems that make it difficult to fly and has domestic responsibilities for her son and mother that make it impossible to fly to the United

States. Mr. Mukhametzhanov cannot get a visa to leave Russia. While Triadou originally objected to the application relating to these two witnesses, BTA has now submitted evidence to justify the compelling reasons that these witnesses cannot come to the United States. See, e.g., Virtual Architecture, Ltd. v. Rick, No. 08-cv-5866, 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012) (collecting cases allowing remote contemporaneous transmission of testimony "where the witness would have to face international travel, with its attendant costs of time and money," as well as the difficulty of obtaining a visa).

Although "[t]he importance of presenting live testimony in court cannot be forgotten," Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment, judges have "discretion to allow live testimony by video," Rodriguez v. Gusman, 974 F.3d 108, 114 (2d Cir. 2020), and remote testimony from Ms. Junussova is preferable to her deposition testimony. Triadou will not be prejudiced because it has the deposition testimony, which can be used for cross-examination, and both sides will have to cope with the same problems of translation.

With respect to Mr. Mukhametzhanov, his deposition has not been taken, and the Court has no way of assuring at this point that effective testimony can be transmitted from Russia. Therefore, as a condition of permitting his remote testimony, BTA must make the witness available for a deposition from

Russia. If the deposition is successfully taken, BTA can proceed to attempt to set up remote testimony. While Triadou questions whether the oath will be an effective guarantor of the accuracy of the testimony of a witness testifying from abroad, the same issues could be raised for a foreign witness who comes to the United States solely to testify, and is therefore an insufficient consideration to prevent the testimony of the witness.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not discussed above, the arguments are either moot or without merit. Subject to the requirement of a prior deposition for Mr. Mukhametzhanov, BTA's application to take the testimony of Mr. Hargett, Ms. Junussova, and Mr. Mukhametzhanov remotely is **granted**, and the parties can proceed to make the necessary arrangements for the remote testimony of the three witnesses.

SO ORDERED.

Dated:   New York, New York
         November 21, 2022

　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　United States District Judge