# BLANKROME

1271 Avenue of the Americas │New York, NY 10020
blankrome.com

Phone:   (212) 885-5148
Fax:     (917) 591-7897
Email:   deborah.skakel@blankrome.com

November 26, 2022

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court – S.D.N.Y.
500 Pearl Street
New York, New York 10007

    Re:    *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
           **No. 1:15-cv-05345 (JGK) (KHP)**

Dear Judge Koeltl:

    We represent Triadou SPV S.A. ("Triadou") in the above-captioned matter and write to provide Triadou's first list of exhibits to be offered through witnesses BTA will call by deposition designation, together with BTA's objections and Triadou's responses for the Court's consideration.

    Thank you for your consideration.

                                      Respectfully submitted,

                                      */s/ Deborah A. Skakel*
                                      Deborah A. Skakel

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,<br><br>        Crossclaim Plaintiffs,<br><br> - against -<br><br>MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,<br><br>        Crossclaim Defendants. | ECF Case<br><br>No. 1:15-cv-05345 (JGK) (KHP) |

**DEFENDANT TRIADOU SPV S.A.'S PROPOSED EXHIBITS FOR DEPOSITION DESIGNATIONS, BTA BANK JSC'S OBJECTIONS, AND TRIADOU'S RESPONSES THERETO**

Defendant Triadou SPV S.A. ("Triadou") and Plaintiff BTA Bank JSC ("BTA") respectfully submit the following first list of exhibits to be offered through witnesses BTA will call by deposition designation; BTA's objections to those exhibits; and Triadou's responses.

I. **Triadou Exhibits Identified for Witnesses BTA Will Call by Deposition Designation (November 23, 2022)**

| Triadou's Proposed Exhibits | BTA's Objections | Triadou's Response |
|---|---|---|
| **Nicolas Bourg** | | |
| DTX-21 | 403: This exhibit is already being introduced by BTA and is marked PTX 581. Introducing the same document again is cumulative and confusing. Further, the version marked by Plaintiff is the one that was actually used by this witness when he testified at deposition. | Triadou has no objection to using PTX 581 if BTA has already introduced it into evidence. |
| DTX-38 | | |
| DTX-41 | | |
| DTX-82 | | |
| DTX-83 | | |
| DTX-85 | | |
| DTX-91 | 403: This exhibit is already being introduced by BTA and is marked PTX 589. Introducing the same document again is cumulative and confusing. | Triadou has no objection to using PTX 589 if BTA has already introduced it into evidence. |
| DTX-93 | | |
| DTX-162 | | |
| DTX-183 | | |
| DTX-189 | | |
| DTX-197 | | |
| DTX-198 | | |
| DTX-237 | | |
| DTX-262 | | |
| DTX-291 | | |
| **Ilyas Khrapunov** | | |
| DTX-1 | Hearsay (801-802, 805): This agreement contains hearsay that, if offered by Triadou, falls under no exception. | The exhibit is a legally operative document and therefore not hearsay. The relevant deposition testimony reflects the terms of the contract and Khrapunov's |

2

| | | |
|---|---|---|
| | The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/2/2018 Dep. at 57–59. | recollection of the negotiations, which are not hearsay.<br><br>Triadou notes that BTA had no objection on any ground as of the parties' Joint Pretrial Report. (ECF 1594-4). |
| DTX-2 | 403: This e-mail chain between Ilyas Khrapunov and Philippe Glatz purports to give Glatz "the opportunity" to purchase Triadou's parent, SDG. In it, Khrapunov goes on at length about the "important political problems" his family has with "dictator Nazarbayev." This political persecution narrative is not relevant to explain why any relevant transaction took place (separate from the scrutiny that Khrapunov's family was under by banks, etc., worldwide), nor is it relevant to witness credibility. *Compare* ECF No. 1632 at 2-4 (order on motion *in limine*, describing when evidence of alleged persecution might be relevant). This e-mail is also cumulative of other evidence and testimony that demonstrates, generally, that Khrapunov purported to sell Triadou's parent company to Glatz because of problems created by Khrapunov's continued association with the company. Whatever slight incremental probative value this particular e-mail has is therefore substantially outweighed by the prejudice to BTA and risk of jury confusion by admitting Khrapunov's self-serving persecution narrative.<br><br>Hearsay (801-802, 805): This email contains hearsay that, if offered by Triadou, falls under no | The email reflects one or two sentences generally referencing a "political problem" and "pressure from Kazakh authorities"; there is no lengthy or prejudicial discourse. Several witnesses will testify to the reasons why SDG was sold to Glatz; any prejudice from the text of the email is marginal and not unfair. By contrast, the document is relevant, not cumulative, and probative to establish the timeline and negotiations of the sale to Glatz.<br><br>The document is not being offered for the truth of the matter asserted. As set forth above, the document is admissible for the fact that it was sent, as to notice, and for effect on the listener. |

3

| | | |
|---|---|---|
| | exception. The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/2/2018 Dep. at 38–41 (email says "my family has an important political problem with dictator Nazarbayev" and testimony describes the "problem"). | |
| DTX-5 | Hearsay (801-802, 805): This valuation report contains hearsay that, if offered by Triadou, falls under no exception. The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/2/2018 Dep. at 46–47 (testimony restating the figures provided in the exhibit).<br><br>To the extent that Triadou argues this is a business record, no testimony offered by this witness (who is appearing through deposition designations) lays an appropriate foundation. | The document is admissible as a business record. To the extent additional foundation is necessary, Triadou will offer the document subject to connection from Cerrito and Glatz. The document is also admissible for its effect on the listener, namely, influencing the price at which SDG was bought/sold. |
| DTX-8 | Hearsay (801-802, 805): This letter contains hearsay that, if offered by Triadou, falls under no exception. This document also contains multiple layers of embedded hearsay that fall under no exception, including alleged statements from "experts" and "advisers" seemingly offered for the truth that fall under no hearsay exception, if offered by Triadou.<br><br>The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/2/2018 Dep. at 51 | The document is admissible to show arms' length negotiations resulting in the sale of SDG, and the fact that it is sent, both of which are relevant and probative where BTA alleges the sale was a sham.<br><br>The relevant deposition testimony does not offer the document for the truth of the matter asserted, but rather that it was said in the course of negotiations. |

4

|        | (stating conclusions presented in the document). |        |
|--------|---------------------------------------------------|--------|
| DTX-23 |                                                   |        |
| DTX-24 | 403: This exhibit is already being introduced by BTA and is marked PTX 408. Introducing the same document again is cumulative and confusing.<br><br>Hearsay (801-802, 805): This letter contains hearsay that, if offered by Triadou, falls under no exception. The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/1/2018 Dep. at 134. | Triadou has no objection to using PTX 408 if BTA has already introduced it into evidence.<br><br>If the document has already been admitted into evidence during BTA's examination, Triadou can use the document for any purpose.<br><br>The document is admissible as to both parties with respect to notice, specifically, to demonstrate what Triadou understood about the source of funds loaned to it at the time it received those funds. The relevant deposition testimony pertains to the circumstances in which the letter was prepared and sent, as well as Mr. Khrapunov's independent knowledge of certain statements contained therein. |
| DTX-40 | Hearsay (801-802, 805): This memorandum contains hearsay that, if offered by Triadou, falls under no exception. This document also contains multiple layers of embedded hearsay that fall under no exception, including alleged statements about Joseph Chetrit requesting a further capital contribution for the Flatotel project seemingly offered for the truth that fall under no hearsay exception, if offered by Triadou. | The document is admissible for its effect on the listener, namely, informing Triadou's evaluation and negotiation of the assignment agreement. The fact that it was created is also probative that Triadou's sale of its Flatotel interest was analyzed and considered. Witnesses will offer testimony to establish that Chetrit requested a further capital contribution; Triadou does not intend to rely on this document for the truth of that matter. |
| DTX-41 | 403: This exhibit is already being introduced by BTA and is marked PTX 509. Introducing the same document again is cumulative and confusing. | Triadou has no objection to using PTX 509 if BTA has already introduced it into evidence. |
| DTX-44 | Hearsay (801-802, 805): This e-mail contains hearsay that, if | The document is admissible as a business record. |

5

|         |                                                                                                                                                                                                                                                                                                                                                                                                                                 |                                                                                                                                                                                                                                                                                                                                                            |
|---------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|         | offered by Triadou, falls under no exception.  It is hard to imagine any arguable non-hearsay purpose for this e-mail, which purports to state when Ilyas Khrapunov's "work relationship ended." In fact, the designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/2/2018 Dep. at 61. | Triadou notes that BTA had no objection on any ground as of the parties' Joint Pretrial Report. (ECF 1594-4). |
| DTX-45  | Hearsay (801-802, 805): This e-mail contains hearsay that, if offered by Triadou, falls under no exception. The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/2/2018 Dep. at 84. | The document is admissible to establish Khrapunov had no authority or control over Triadou as of the time of this email. The document is therefore offered for the fact it was sent and the embedded requests do not have truth value.  Triadou notes that BTA had no objection on any ground as of the parties' Joint Pretrial Report. (ECF 1594-4). |
| DTX-131 |                                                                                                                                                                                                                                                                                                                                                                                                                                 |                                                                                                                                                                                                                                                                                                                                                            |
| DTX-196 |                                                                                                                                                                                                                                                                                                                                                                                                                                 |                                                                                                                                                                                                                                                                                                                                                            |
| DTX-269 | Hearsay (801-802, 805): This letter contains hearsay that, if offered by Triadou, falls under no exception. The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted. Ilyas Khrapunov 2/2/2018 Dep. at 32–34.  To the extent that Triadou argues this is a business record, no testimony offered by this witness (who is appearing through deposition designations) lays an appropriate foundation. | The document is admissible as a business record. Khrapunov laid sufficient foundation. |
| DTX-282 | Hearsay (801-802, 805): This document purports to be an | Triadou does not intend to offer the document in full. The relevant |

6

| | | |
|---|---|---|
| | extraction of text messages from Ilyas Khrapunov's telephone, and contains hearsay that, if offered by Triadou, falls under no exception. This document also contains multiple layers of embedded hearsay that fall under no exception, including alleged statements about Nicholas Bourg's termination seemingly offered for the truth that fall under no hearsay exception, if offered by Triadou.<br><br>The designated deposition testimony makes clear that the document is being offered for the truth of the matter asserted.  Ilyas Khrapunov 2/2/2018 Dep. at 90.<br><br>Authenticity (901): The designated testimony does not lay a proper foundation that would allow the witness to testify as to the document's authenticity.  Ilyas Khrapunov 2/2/2018 Dep. at 89–90. | portions of the document are admissible as present sense impression, state of mind, statements of intent, or questions without truth value.<br><br>The relevant deposition testimony establishes authenticity by explaining the process through which the document was created and Khrapunov's confirmation that these are text messages he sent and received. |
| **Akzhan Moldakhment** | | |
| DTX-46 | 403: This exhibit is already being introduced by BTA and is marked PTX 009.  Introducing the same document again is cumulative and confusing. | While PTX 009 and DTX 46 are not identical, Triadou has no objection to using PTX 009 if BTA has already introduced it into evidence.<br><br>If the document has already been admitted into evidence during BTA's examination, Triadou can use the document for any purpose. |
| DTX-47 | | |
| DTX-59 | | |
| PTX-44 | | |

| | |
|---|---|
| Dated: New York, New York<br>November 26, 2022 | Respectfully submitted,<br><br>**BLANK ROME LLP**<br><br>By:   /s/ *Deborah A. Skakel*<br>      Deborah A. Skakel<br>      Alex E. Hassid<br>      Robyn L. Michaelson<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 885-5000<br>Facsimile: (212) 885-5001<br>Deborah.Skakel@blankrome.com<br>Alex.Hassid@blankrome.com<br>Robyn.Michaelson@blankrome.com<br><br>Steven J. Roman (admitted *pro hac vice*)<br>1825 Eye Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br>Steve.Roman@blankrome.com<br><br>*Counsel for Crossclaim Defendant*<br>*Triadou SPV S.A.* |