**BLANKROME**

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:   (212) 885-5148
Fax:     (917) 591-7897
Email:   deborah.skakel@blankrome.com

November 27, 2022

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court – S.D.N.Y.
500 Pearl Street
New York, New York 10007

Re: *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
No. 1:15-cv-05345 (JGK) (KHP)

Dear Judge Koeltl:

We represent Triadou SPV S.A. ("Triadou") in the above-captioned matter and write to respond to items 4 and 5 set forth in the November 26, 2022 letter of counsel for BTA Bank JSC ("BTA"). (ECF 1666).

**Item 4: Five-Day Protocol**

BTA acknowledges that this Court's November 15, 2022 Order, (ECF 1640 at 2), requires only "the party calling the witness" to "provide to the other side a list of the exhibits to be used with that witness **at least five (5) days** before the witness testifies," with the other side objecting the following day and the "party calling the witness" either responding to the objections or withdrawing the exhibits the following day, and then the "party calling the witness" submitting to the Court the list of exhibits, any objections, and any responses.

The Court's Order incorporates the examples of how this "trial management procedure" works as described at the November 14, 2022 pretrial conference:

> BTA should provide its first list of exhibits by **November 21, 2022**. Triadou should provide any objections by **November 22, 2022**. BTA should provide any response by **November 23, 2022**. BTA should then submit to the Court the list of exhibits, objections, and responses by **November 25, 202**2.
>
> BTA should provide its second list of exhibits by **November 22, 2022**. Triadou should provide any objections by **November 23, 2022**. BTA should provide any response by **November 25, 2022**. BTA should then submit to the Court the list of exhibits, objections, and responses by the end of the day on **November 25, 2022**.

BLANKROME

The Honorable John G. Koeltl
November 27, 2022
Page 2

The parties complied with the Order as to BTA's first and second list of exhibits. (ECF 1663 and 1664). Given that BTA's order of witness list (ECF 1653) has a total of 33 witnesses (23 "live" and another 10 via designated deposition testimony), the Court's Five-Day Protocol continued with BTA's third exhibit list (ECF 1664) and is continuing with BTA's fourth exhibit list – which will cover BTA's first 14 witnesses (eight "live" and six deposition designations) and will leave another 19 BTA witnesses in the queue.

Additionally, BTA has informed Triadou that it intends to handle in its case-in-chief the presentation of all the deposition designations (including the exhibits thereto) for all the witnesses for whom it intends to introduce deposition testimony. After working cooperatively with BTA to create the videos of the parties' deposition designations, and for logistical purposes only, Triadou has therefore provided BTA with a list of exhibits that will be incorporated into the video presentations that BTA is preparing, (ECF 1665 (addressing Moldakhmet, Bourg, and I. Khrapunov from the first and second exhibit lists)), and will continue to provide an exhibit list for the witnesses appearing by deposition to the extent Triadou wishes exhibits to be included in the video presentations BTA is preparing.

Consistent with the Court's Order, however, Triadou has not provided an exhibit list for the "live" witnesses that BTA is calling in its case. BTA, while acknowledging the Court's Order, nevertheless asks that Triadou be required "to identify any non-impeachment exhibits that it intends to use with a witness in advance of when" BTA calls that witness (ECF 1666 at 1). Likewise, during the parties' meet and confer on this issue, BTA argued that Triadou must identify those exhibits that will fall "outside the scope" of BTA's direct examination of each of the witnesses that BTA is calling "live."

BTA made a strategic decision to name 33 witnesses for trial (including several who were on Triadou's initial witness list) – leaving essentially only Triadou's three expert witnesses for Triadou to call (*compare* ECF 1653 and ECF 1652). As a result, Triadou's examination of those 33 witnesses (including those Triadou would have called in its case but for BTA identifying those same witnesses) will operate essentially as a cross-examination; but because Triadou will not know the scope of BTA's direct in advance, it is not feasible for Triadou to know what exhibits may fall "outside" the scope of BTA's examination. And because BTA is calling numerous witnesses "live" who will appear in BTA's case (and appear only once), Triadou will be put in a position of conducting a cross-examination (albeit one that should not be limited to the exact scope of BTA's direct examination). Under these circumstances, the Court's Five-Day Protocol should not be expanded to apply to Triadou.

Having made its strategic decision to call so many live witnesses for its case-in-chief (including Triadou's principal fact witness, Philippe Glatz), BTA cannot reap the benefits of that strategy while imposing on Triadou the requirements imposed by the Order on parties calling witnesses in their case-in-chief.

**BLANKROME**

The Honorable John G. Koeltl
November 27, 2022
Page 3

### Item 5:  Attorney Introduction That Includes Almaty Reference

Fortunately, BTA's counsel is incorrect that "there is one universal disagreement with respect to edits to deposition designations" to the extent the designation of the Boies Schiller attorney introductions includes a reference to former Plaintiff, the City of Almaty (ECF 1666 at 2).  There is no disagreement, let alone a "universal" one.  Triadou already agreed to cut from the attorney introductions in the deposition designations references to the City of Almaty – and the revised designations for Nicolas Bourg sent to BTA's counsel yesterday reflect that.  In any event, Triadou does not read the Court's trial rules to forbid such attorney introduction designations, but rather just to prohibit attorneys cross-examining witnesses from introducing themselves to the witness in front of the jury.  In the latter scenario, the jury can easily identify the lawyer and whom they represent.  In contrast, the jury cannot tell from deposition videos who is examining the witness and whether they are affiliated with a party.  Triadou's designations will allow the jury to connect the examiner's voice with a name and their party affiliation, which will be important for context in watching the deposition videos.

We will be prepared to address at tomorrow's final pretrial conference any questions the Court may have regarding these issues and thank you for your consideration.

Respectfully submitted,

 /s/ Deborah A. Skakel
Deborah A. Skakel