# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BTA BANK JSC,<br><br>        Plaintiff,<br><br>v.<br><br>MUKHTAR ABLYAZOV,<br><br>        Defendant. | Index. No. 155684/2021 |

**KOBRE & KIM LLP'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S INFORMATION SUBPOENA AND SUBPOENA DUCES TECUM**

      Non-party Kobre & Kim LLP ("Kobre & Kim"), pursuant to Rule 3122(a) of the New York Civil Practice Law & Rules ("NY CPLR"), serves these Objections and Responses to Plaintiff's Information Subpoena and Subpoena Duces Tecum (the "Subpoena").

**PRELIMINARY STATEMENT**

      1.      Kobre & Kim makes these Objections and Responses in good faith and based on presently available information and documents. Kobre & Kim reserves the right to modify or supplement these Objections and Responses, as necessary.

      2.      The fact that Kobre & Kim has responded to the Subpoena is not an admission that Kobre & Kim accepts or admits the existence of any facts set forth or assumed by the Subpoena, or that any part of such response constitutes admissible evidence.

      3.      Kobre & Kim's Responses and document production in response to the Subpoena contain sensitive information, including copies of the firm's financial records, and all such information and documents should be treated as confidential. Any information or documents that may be produced in response to the Subpoena are for use in this action only and for no other

1

purpose.

## GENERAL OBJECTIONS

The following General Objections apply to all of the Questions in Schedule A of the Subpoena and all of the Requests in Schedule B of the Subpoena (the "Questions" and the "Requests", respectively):

1. Kobre & Kim objects to the Questions and Requests to the extent that they impose obligations or burdens on Kobre & Kim that are in addition to, or inconsistent with, those set forth under New York law, the NY CPLR, or any other applicable rules, protocols, stipulations, or court orders. Kobre & Kim specifically objects to the Questions and Requests to the extent that they seek to impose an obligation or burden on Kobre & Kim to produce documents or information that could not reasonably lead to the identification of current assets held by Mukhtar Ablyazov.

2. Consistent with the preamble of the Subpoena, Kobre & Kim has searched for and will produce responsive, non-privileged information and documents from Kobre & Kim's former representation of Mukhtar Ablyazov in the case captioned *City of Almaty, Kazakhstan and BTA Bank JSC v. Mukhtar Ablyazov, et al.*, 15 Civ. 5345 (S.D.N.Y.). Kobre & Kim objects to the Questions and Requests to the extent that they seek information or documents outside of that scope.

3. Kobre & Kim objects to the Questions and Requests to the extent that they call for the production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. Kobre & Kim will not produce such information or documents in response to the Questions and Requests. If any such protected information or documents are produced in response to the Questions and Requests, the production is inadvertent and does not waive Kobre & Kim's right to assert the applicable privilege, protection, or immunity over such information or documents, and any such

2

information or documents shall be immediately returned to Kobre & Kim upon request.

4. Kobre & Kim objects to the Questions and Requests to the extent that they seek information or documents that are not reasonably accessible because of undue burden, including, to the extent they exist, storage media from legacy systems, audio recordings, and telephone records.

5. Kobre & Kim objects to the Questions and Requests to the extent that they call for the production of information or documents that Kobre & Kim has a legal, contractual, ethical, or other obligation to maintain as confidential, including, without limitation, under the New York Rules of Professional Conduct and the 1951 Geneva Convention relating to the Status of Refugees, as well as related international law and national laws pertaining to the protection of refugees.

6. Kobre & Kim objects to the Questions and Requests to the extent that they seek information outside Kobre & Kim's possession, custody, or control; information that is publicly available; information that Plaintiff already possesses or to which Plaintiff has equal access; information that is duplicative of information that is already being produced; and information that is more appropriately sought from other sources.

7. These General Objections are made without waiving, or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility of any information or documents that may be produced in response to the Questions and Requests; (ii) the right to object on any ground to the use of any information or documents that may be produced in response to the Questions and Requests at any hearing or trial; or (iii) the right to object on any ground at any time to a request for further responses to the Questions and Requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE QUESTIONS
## IN SCHEDULE A

**QUESTION NO. 1:**

What is the contact information—including all known addresses, email addresses, phone numbers, and usernames or other account information for applications, such as WhatsApp—for Mukhtar Ablyazov, any intermediary or agent of Mukhtar Ablyazov, and his current or former family, accountants, bookkeepers, and tax or financial advisors? Please identify the nature of the relationship to Mukhtar Ablyazov when providing a person's contact information in response to this question.

**RESPONSE:**

Kobre & Kim incorporates by reference its Preliminary Statement and General Objections.

Kobre & Kim objects to this Question as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that this Question seeks information about any individuals, regardless of whether they are likely to have information regarding Mukhtar Ablyazov's assets.

Kobre & Kim further objects to this Question to the extent it seeks information, the provision of which would be in violation of the 1951 Geneva Convention relating to the Status of Refugees, related international law and national laws pertaining to the protection of refugees, or any other applicable rules or laws.

Subject to and without waiving the foregoing objections, Kobre & Kim responds that the contact information Kobre & Kim used during its representation of Mukhtar Ablyazov is set forth below:

Iliyas Khrapunov, Mukhtar Ablyazov's son-in-law
Email: yodaMaster@CryptoHeaven.com

4

Peter Black, Mukhtar Ablyazov's UK counsel
Hughmans Solicitors
32 Farringdon Street
London EC4A 4HJ
Email: pmb@hughmans.co.uk
Telephone: 020 7246 6560

Peter Sahlas, Mukhtar Ablyazov's French counsel
Email: psahlas@sbcg.net
Telephone: +33777856004

**QUESTION NO. 2**

What is the amount of funds held by you or in an account that you control in which Mukhtar Ablyazov has an interest?

**RESPONSE:**

Kobre & Kim incorporates its Preliminary Statement and General Objections.

Subject to and without waiving the foregoing objections, Kobre & Kim responds that Kobre & Kim does not hold any funds in which Mukhtar Ablyazov has an interest.

**QUESTION NO. 3**

What was the original amount of any retainer paid to you by Mukhtar Ablyazov or by anyone acting on his behalf?

**RESPONSE:**

Kobre & Kim incorporates by reference its Preliminary Statement and General Objections.

Kobre & Kim objects to this Question, as the dollar amount of any retainer has no relevance to the identification of Mukhtar Ablyazov's current assets, particularly with respect to a retainer paid in 2016.

Subject to and without waiving the foregoing objections, Kobre & Kim responds that the original retainer amount paid to Kobre & Kim by Mukhtar Ablyazov or by anyone acting on his

behalf was US $30,600.

**QUESTION NO. 4**

If Mukhtar Ablyazov did not pay your legal fees from an account in his name, who are the persons or entities who paid your legal fees in connection with your representation of Mukhtar Ablyazov, and what is their relationship to him?

**RESPONSE:**

Kobre & Kim incorporates by reference its Preliminary Statement and General Objections.

Subject to and without waiving the foregoing objections, Kobre & Kim responds that Kobre & Kim's legal fees for its representation of Mukhtar Ablyazov in the case captioned *City of Almaty, Kazakhstan and BTA Bank JSC v. Mukhtar Ablyazov, et al.*, 15 Civ. 5345 (S.D.N.Y.) were paid from an account in the name of Leila Khrapunova. Upon information and belief, Leila Khrapunova is the mother-in-law of Mukhtar Ablyazov's daughter.

**QUESTION NO. 5**

What are the account numbers and the related banks or financial institutions through which Mukhtar Ablyazov, or anyone acting on Mukhtar Ablyazov's behalf, paid your legal fees or any fees incurred in connection with your representation of him?

**RESPONSE:**

Kobre & Kim incorporates by reference its Preliminary Statement and General Objections.

Subject to and without waiving the foregoing objections, Kobre & Kim responds that Kobre & Kim's legal fees for its representation of Mukhtar Ablyazov in the case captioned *City of Almaty, Kazakhstan and BTA Bank JSC v. Mukhtar Ablyazov, et al.*, 15 Civ. 5345 (S.D.N.Y.) were paid through Bank Julius Baer and Co. Ltd. Zurich. Kobre & Kim does not have the account numbers for the accounts used to pay such legal fees.

**QUESTION NO. 6**

What are the account numbers and the related banks or financial institutions for any account maintained or previously maintained by Mukhtar Ablyazov or by anyone who has made any payments on his behalf?

**RESPONSE:**

Kobre & Kim incorporates by reference its Preliminary Statement and General Objections.

Subject to and without waiving the foregoing objections, Kobre & Kim responds that Kobre & Kim's legal fees for its representation of Mukhtar Ablyazov in the case captioned *City of Almaty, Kazakhstan and BTA Bank JSC v. Mukhtar Ablyazov, et al.*, 15 Civ. 5345 (S.D.N.Y.) were paid through Bank Julius Baer and Co. Ltd. Zurich. Kobre & Kim does not have the account numbers for the accounts used to pay such legal fees.

**SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS IN SCHEDULE B FOR THE PERIOD FROM JULY 9, 2015, TO THE PRESENT:**

**REQUEST NO. 1:**

Documents evidencing any of Mukhtar Ablyazov's assets, liabilities, and/or expenses.

**RESPONSE:**

Kobre & Kim incorporates by reference its Preliminary Statement and General Objections.

Kobre & Kim objects to this Request to the extent it calls for the production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. Kobre & Kim further objects to this Request to the extent it calls for the production of information or documents that Kobre & Kim has a legal, contractual, ethical, or other obligation to maintain as confidential.

Subject to and without waiving the foregoing objections, Kobre & Kim will produce responsive, non-privileged information in response to this Request.

**REQUEST NO. 2**

Records evidencing any transfer of funds to or from Mukhtar Ablyazov or to or from any person or entity acting on his behalf.

**RESPONSE:**

Kobre & Kim incorporates its Preliminary Statement and General Objections.

Kobre & Kim objects to this Request to the extent it calls for the production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity.

Kobre & Kim further objects to this Request to the extent it calls for the production of information or documents that Kobre & Kim has a legal, contractual, ethical, or other obligation to maintain as confidential.

Subject to and without waiving the foregoing objections, Kobre & Kim will produce responsive, non-privileged information in response to this Request.

**REQUEST NO. 3**

Any communications, whether by email, text, SMS, or any other messaging service, concerning the payment of legal fees incurred in the representation of Mukhtar Ablyazov.

**RESPONSE:**

Kobre & Kim incorporates by reference its Preliminary Statement and General Objections.

Kobre & Kim objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as well as seeking irrelevant information, to the extent it seeks "any" communication concerning the payment of legal fees incurred in Kobre & Kim's representation of Mukhtar Ablyazov, regardless of whether such communications are likely to assist in the identification of Mukhtar Ablyazov's assets.

Kobre & Kim also objects to this Request to the extent it calls for the production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity.

Kobre & Kim further objects to this Request to the extent it calls for the production of information or documents that Kobre & Kim has a legal, contractual, ethical, or other obligation to maintain as confidential.

Subject to and without waiving the foregoing objections, Kobre & Kim represents that it did not identify any responsive, non-privileged documents in response to this Request.

Dated: June 17, 2022

/s/ Carolyn Mattus Cornell\_\_\_\_

Carolyn Mattus Cornell
Jonathan D. Cogan
**KOBRE & KIM LLP**
800 3rd Avenue
New York, NY 10022
Tel.: (212) 488-1200
Fax: (212) 488-1220
Carolyn.Cornell@kobrekim.com
Jonathan.Cogan@kobrekim.com