UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

        Crossclaim Plaintiffs,

- against -

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

        Crossclaim Defendants.

ECF Case

No. 1:15-cv-05345 (JGK) (KHP)

**DECLARATION OF ALEX E. HASSID IN SUPPORT OF BLANK ROME LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT TRIADOU SPV S.A.**

    1.    Pursuant to 28 U.S.C. § 1746, I, Alex E. Hassid, declare under penalty of perjury as follows:

    2.    I am an attorney licensed to practice law in the State of New York and before the United States District Court for the Southern District of New York. I am a partner at Blank Rome LLP ("Blank Rome"), counsel for Defendant Triadou SPV S.A. ("Triadou") in the above-captioned matter. I make this declaration based on my personal knowledge of the facts set forth herein pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York in support of the accompanying Motion by Blank Rome to Withdraw as Counsel to Triadou.

    3.    Blank Rome moves to withdraw from this case because Triadou's owner and our ultimate client, Mr. Philippe Glatz, has not communicated with us in several months or responded to our attempts to communicate with him. Blank Rome also has not been paid in several months and has learned that Mr. Glatz and Triadou will not arrange for us to be paid going forward.

## RELEVANT BACKGROUND

4.      Triadou retained Dickstein Shapiro LLP ("Dickstein") on July 15, 2015 to respond to the original interpleader complaint filed in this case. When the same attorneys from Dickstein moved to Blank Rome in February 2016, Triadou retained Blank Rome to continue representing it in this litigation, which by that point had expanded in scope to include the claims brought by the City of Almaty, Kazakhstan and BTA Bank JSC.

5.      Throughout Dickstein's, and then Blank Rome's, representation of Triadou, we have communicated with Triadou primarily through two individuals: Petr Krasnov, a consultant from the firm Fiscus, S.A., who had been retained by Mr. Glatz, and Cesare Cerrito, Triadou's former (sole) manager. Mr. Glatz retained Fiscus and Mr. Krasnov as an advisor in relation to several issues, and Mr. Krasnov in particular facilitated contact between Blank Rome and Mr. Glatz, who does not speak English.

6.      Between July 2015 and December 2022, Dickstein, and then Blank Rome, received monthly payments by wire transfer from one of Mr. Glatz's companies (other than Triadou). At no point over that seven-and-a-half-year period did anyone affiliated with Triadou dispute or object to Blank Rome's (or Dickstein's) charges. Although Triadou regularly maintained a balance, the company was generally no more than 60-90 days behind on Blank Rome's monthly invoices.

7.      To date, however, Blank Rome has not been paid for legal services it rendered after October 31, 2022, which includes the substantial work performed in connection with trial in this matter. Blank Rome has issued several invoices that remain fully outstanding, including for work performed between November 1, 2022 and the present (covering five invoices). As a result, Triadou has a very significant unpaid balance.

8.      After the jury returned a verdict against Triadou in December 2022, counsel worked to evaluate post-trial motions at Triadou's instruction. As part of our work, we asked Mr. Krasnov

to coordinate meetings or calls with Mr. Glatz to discuss our research, the trial, and Triadou's next steps. We were unsuccessful in getting Mr. Glatz to agree to schedule any meeting or call with Blank Rome.

9.   Triadou failed to make any payments to Blank Rome in January, February, or March 2023. Blank Rome has learned that, despite continued efforts, Mr. Krasnov has been unable to meet with Mr. Glatz since December 2022 and has no received any instructions from Mr. Glatz regarding Triadou. Blank Rome separately contacted Mr. Glatz directly, by phone and by email, several times—notwithstanding that we did not customarily communicate with Mr. Glatz directly because of the language barrier—to request meetings and follow-up. We have not received any response from Mr. Glatz. However, we understand that Mr. Glatz and Triadou do not intend to make further payments to Blank Rome.[1]

10.   Given the schedule for post-trial briefing in this matter, we informed Mr. Krasnov that unless Mr. Glatz communicated with us, we would not be in a position to submit a response on behalf of Triadou and might have to withdraw as counsel. We then followed up with an email to Mr. Glatz providing this motion and informing him that unless he communicates with us, Blank Rome would move to withdraw. We also understand that Mr. Krasnov has used every method of communication available to him to make Mr. Glatz aware of Blank Rome's position.

11.   We have not received any response from Mr. Glatz, and therefore make this motion.

### ARGUMENT

12.   Local Civil Rule 1.4 provides that

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not

---

[1] We have omitted further details to preserve confidentiality, but we can provide additional information for *in camera* review if requested by the Court.

withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

13. When evaluating whether to grant an attorney withdrawal motion under Rule 1.4, courts look to two factors: "(1) 'the reasons for withdrawal'; and (2) 'the impact of the withdrawal on the timing of the proceeding.'" *BWP Media USA Inc. v. Rant Inc.*, No. 17-CV-5079 (NSR), 2018 WL 4300530, at *2 (S.D.N.Y. Sept. 10, 2018) (citation omitted); *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-cv-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (same).

14. "Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both 'satisfactory' reasons for withdrawal." *BWP Media USA Inc.*, 2018 WL 4300530, at *2 (collecting cases); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469(DAB)(JCF), 2011 WL 672245, at *2-3 (S.D.N.Y. Feb. 17, 2011) (granting motion to withdraw where counsel has not been paid for several months and where defendant had gone out of business and had no employees left to communicate); *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (quoting *Fischer v. Biman Bangladesh Airlines*, No. 96 CIV. 3120 SHS AJP, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997)) ("The courts also have ruled that lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."). "A client does not cooperate with counsel by refusing to speak to him." *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-CV-604 (CSH) (DFE), 2008 WL 1777855, at *1 (S.D.N.Y. Apr. 16, 2008) ($35,000 in unpaid fees and lack of communication from the client sufficient grounds for attorney's withdrawal).

4

15.     Accordingly, Blank Rome has at least two satisfactory reasons for withdrawal: nonpayment of substantial fees owed to it and a lack of cooperation in the form of refusing to communicate.  Moreover, were Blank Rome to undertake any further work, it is almost certain that the firm would not be paid.

16.     As to the second factor, Blank Rome's withdrawal will not unduly disrupt the proceedings.  The parties have already conducted and concluded a jury trial on the merits; all that remains is post-judgment briefing.  *See de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020) (permitting withdrawal where the case is in post-judgment proceedings and the only motion pending before the court had not been fully briefed).  "Where, as here, 'any disruption is caused not by defen[se] counsel's moving to withdraw, but simply by the defendant's failure to communicate with its attorneys,' the grant of a motion to withdraw is warranted." *BWP Media USA*, 2018 WL 4300530, at *2 (alteration in original).

17.     To the extent the Court has any concerns, Blank Rome can agree to act solely as agent for service on Triadou until it retains new counsel.  The Court previously allowed the withdrawal of Mr. Ablyazov's attorneys under the same condition.  (ECF 393).

18.     Blank Rome is not asserting a retaining or charging lien in this matter.

19.     Blank Rome will cooperate with any successor counsel for Triadou.

Dated: New York, New York         */s/ Alex E. Hassid*
            April 13, 2023                              Alex E. Hassid