

CRAIG WENNER
Tel: (212) 909-7625
Email: cwenner@bsfllp.com

July 6, 2023

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *City of Almaty, Kazakhstan, et ano. v. Mukhtar Ablyazov, et al.*,
            **Case No. 15 Civ. 5345 (JGK) (KHP)**

Dear Judge Koeltl:

      We represent Plaintiff BTA Bank JSC ("BTA") and write in response to the Court's May 23, 2023 Order, which permitted BTA to "seek any appropriate relief" if Defendant Triadou SPV S.A. ("Triadou") does not appear by new counsel by June 30, 2023. [ECF No. 1750]. Triadou failed to appear by new counsel by the Court-ordered date, thus BTA respectfully requests that the Court (1) adopt BTA's unopposed Findings of Fact and Conclusions of Law [ECF No. 1731]; (2) enter BTA's proposed judgment on its remaining claims [ECF No. 1730-1]; and (3) direct that funds presently subject to the Court's prior Order of Attachment[1]—the so-called Monitorship Funds—be released to BTA. If the Court does not allow BTA to immediately take possession of the Monitorship Funds, the Monitor should at least be ordered to invest them in Treasury bills or similarly safe, interest-bearing instruments.

## RELEVANT BACKGROUND

      On December 14, 2022, after a twelve-day trial, a jury returned a verdict in BTA's favor on its conversion and unjust enrichment claims, "for total damages of $100,600,000 against Triadou SPV S.A.," with substantial prejudgment interest. *See* Dec. 14, 2022 Minute Entry. The Court has not yet entered judgment on BTA's conversion and unjust enrichment claims. BTA also has two remaining claims to be decided by the Court, which seek additional remedies.

      Triadou had until March 2, 2023, to file any post-trial motions. [ECF No. 1717 (Order)]. March 2 came and went, and Triadou did not challenge the verdict. With respect to BTA's remaining two claims, BTA filed its post-trial proposed findings of fact and conclusions of law,

---

[1] Pursuant to the Order of Attachment originally entered by Judge Nathan, BTA is entitled to the proceeds of any property in New York "in which Triadou has an interest," including "[a]ny funds held in escrow by the Honorable Herman Cahn, pursuant to the Monitorship Agreement" entered into on Triadou's consent, reflecting funds that were to be paid to Triadou pursuant to a contract with a third party. [ECF No. 192 at 6-7]. As of December 8, 2022, the Monitor held approximately $27.5 million in a non-interest bearing account (the "Monitorship Funds"). [ECF No. 1734-46 (Trial Stipulation marked PTX 5001)].



along with a single proposed judgment that would resolve all four of its claims against Triadou. [ECF Nos. 1730-1, 1731].

On March 28, one week before its response deadline, Triadou moved on consent for a 30-day extension, citing "the breadth of the trial record" and Triadou's then-counsel's "pressing obligations" on "other matters." [ECF No. 1740]. Triadou's counsel never mentioned to BTA's counsel or the Court that the real reason for its requested extension was that Triadou had stopped communicating with its lawyers. Then, on April 13, Triadou's lawyers moved to withdraw. [ECF Nos. 1744, 1745]. In a declaration supporting that motion, counsel represented that since the verdict, it has not been able to "schedule any meeting or call" with Triadou's purported owner, Phillipe Glatz, to discuss "Triadou's next steps" and "has not been paid in several months and has learned that Mr. Glatz and Triadou will not arrange for us to be paid going forward." [ECF No. 1745]. The motion to withdraw revealed that Triadou was using its lawyers as a pawn in its effort to delay and undermine the litigation after losing at trial.

The Court stayed the case on April 15, pending a decision on counsel's motion to withdraw. On May 22, the Court granted the motion to withdraw and extended the stay until June 30, by which date it ordered that "Triadou must appear by new counsel." [ECF No. 1750]. The Court also stated that "[i]f Triadou does not appear by new counsel by that date, the Court will then entertain any appropriate applications" and "BTA may seek any appropriate relief." *Id.*

## ARGUMENT

We respectfully request that the Court adopt BTA's proposed Findings of Fact and Conclusions of Law and enter BTA's proposed judgment. [ECF Nos. 1730-1, 1731]. It has been nearly seven months since the jury entered a verdict in BTA's favor for its unjust enrichment and conversion claims. The verdict, which was overwhelmingly supported by both the facts and the law, is unchallenged. Triadou did not file any post-trial motion by the March 2 deadline, when it was still represented by counsel. Triadou's counsel only moved to withdraw six weeks after the deadline for post-trial motions passed. Triadou also had until May 4 to submit any objection to BTA's proposed Findings of Fact and Conclusions of Law, a deadline that the Court extended through its stay until June 30. Triadou has by this point in no uncertain terms consented to the entry of BTA's proposed judgment.[2] Any further delay substantially prejudices BTA.

The Court should also direct that the Monitorship Funds be released to BTA upon entry of judgment. Given that Triadou is not challenging the verdict, it has no basis to challenge the application of the Monitorship funds to the satisfaction of that judgment. The purpose of the Monitorship Agreement—the vehicle through which the Monitorship was funded—was to receive funds owed to Triadou and to hold those funds in escrow pending the resolution of BTA's motion

---

[2] While a corporation must be represented by counsel, Triadou's decision not to appear through counsel at this late stage is strategic. The Court should not enter a "default" judgment, which would simply give Triadou a (meritless) hook through which to challenge enforcement efforts in other jurisdictions. Judgment against Triadou comes after a full and fair opportunity to litigate the issues before a jury, and in no way constitutes a default. We respectfully request that the Court adopt BTA's proposed findings of fact and conclusions of law, which are amply supported by the record, and enter its proposed judgment.



for attachment and, once granted, judgment on the merits.  [ECF No. 989-01]. The Monitor likewise acknowledged that he held "all property subject to the Monitorship Order on behalf of the U.S. Marshal." [ECF No. 235-1]. In six years, neither Triadou nor anyone else ever moved to discharge the Order of Attachment or determine an adverse claim to it under CPLR §§ 6221, 6222. All that remains is for this Court to direct the garnishee, the Monitor, to release the funds to BTA.

      We thank the Court for its attention to this matter and are of course available to answer any questions the Court may have.

      Respectfully,

      /s/ *Craig Wenner*
      Craig Wenner