UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF ALMATY, KAZAKHSTAN and BTA BANK JSC,

            Plaintiffs,

  -against-

MUKHTAR ABLYAZOV, VIKTOR KHRAPUNOV, ILYAS KHRAPUNOV, and TRIADOU SPV S.A.,

            Defendants.

No. 1:15-cv-05345 (JGK) (KHP)

**JUDGMENT**

      WHEREAS, a jury trial between Plaintiff BTA Bank JSC ("BTA"), appearing by its attorneys at Boies Schiller Flexner LLP, and Defendant Triadou SPV S.A. ("Triadou"), appearing by attorneys at Blank Rome LLP, was held on November 29, 2022, in the District Court for the Southern District of New York before the Honorable John G. Koeltl;

      WHEREAS, a jury was regularly impaneled and sworn, and the trial proceeded on four causes of action in BTA's Third Amended Complaint against Triadou, for Conversion, Unjust Enrichment, Constructive Trust, and to determine rights in property under Article 52 of the New York Civil Law and Rules ("CPLR");

      WHEREAS, after hearing the evidence and arguments of counsel the jury was duly instructed by the Court on BTA's claims for Conversion and Unjust Enrichment. The jury deliberated and thereafter returned to Court on December 14, 2022, with its verdict in favor of BTA on its claims for (1) Conversion, in an amount of $73,600,000 with prejudgment interest running from April 8, 2013, which the jury found was the earliest ascertainable date that BTA had a claim for conversion; and (2) Unjust Enrichment, in an amount of $27,000,000 with prejudgment

interest running from July 18, 2013, which the jury found was the earliest ascertainable date that BTA had a claim for unjust enrichment;

WHEREAS, following the jury's verdict, BTA submitted its Proposed Findings of Fact and Conclusions of Law on its remaining claims for Constructive Trust and to determine rights in property under CPLR § 5239;

WHEREAS, Triadou's counsel withdrew following trial and Triadou failed to appoint new counsel or to object to BTA's proposed findings of fact and conclusions of law;

WHEREAS, the Court has considered all evidence submitted to it at trial and otherwise.

**NOW THEREFORE, IT IS ORDRED, ADJUDGED AND DECREED** that:

1. The Court has issued Findings of Fact and Conclusions of Law based on BTA's Proposed Findings of Fact and Conclusions of Law;

2. Judgment shall be entered in favor of Plaintiff BTA, and against Defendant Triadou, on its claim of Conversion, in the amount of $73,600,000 in principal. BTA is further entitled to prejudgment interest at the statutory rate of 9% from April 8, 2013, which the jury found was the earliest ascertainable date that BTA had a claim for conversion, through the date of this judgment, amounting to $68,345,161.64, for a total amount of $141,945,161.64. *See* CPLR § 5004.

3. Judgment shall be entered in favor of Plaintiff BTA, and against Defendant Triadou, on its claim of Unjust Enrichment, in the amount of $27,000,000 in principal. BTA is further entitled to prejudgment interest at the statutory rate of 9% from July 18, 2013, which the jury found was earliest ascertainable date that BTA had a claim for unjust enrichment, through the date of this judgment, amounting to $24,399,863.01, for a total amount of $51,399,863.01. *See* CPLR § 5004.

4. Judgment shall be entered in favor of Plaintiff BTA, and against Defendant Triadou, on its claim of Constructive Trust. A constructive trust in favor of BTA is hereby imposed upon and against the following property:

    a. Any funds held in escrow by the Honorable Herman Cahn, pursuant to the Monitorship Agreement dated May 4, 2016 between CF 135 Flat LLC, CF 135 West Member LLC, the Chetrit Group, LLC, and Triadou (the "Monitorship Funds"), or which may accumulate in such escrow pursuant to the Monitorship Agreement in the future;

    b. Any other property, whether real or personal, tangible or intangible, presenting existing or hereafter arising, which Defendant Triadou SPV S.A. or any of its subsidiaries own, directly or indirectly, or are entitled to, including any assets generated from investments of BTA's funds.

5. Any assets or property, whether real or personal, tangible or intangible, that Triadou SPV S.A. (or any of its subsidiaries, shareholders, directors, employees, officers, or representatives acting for or in concert with Triadou) owns, directly or indirectly, or is held for the benefit of Triadou, shall be held in trust for BTA. Triadou shall cause any such assets to be transferred or remitted in kind to Boies Schiller Flexner LLP for the benefit of BTA Bank. The Court retains jurisdiction over Triadou for purposes of enforcing and ensuring compliance this Constructive Trust.

6. Judgment shall be entered in favor of Plaintiff BTA, and against Defendant Triadou, on its claim to determine rights in property under CPLR § 5239. Accordingly:

    a. Any property interest that Triadou SPV S.A. claimed in its investments in the Flatotel or Cabrini Medical Center development projects, or the consideration

Triadou claimed to be owed through its assignment of that interest to the Chetrit Group, is hereby determined to be the rightful property of BTA.

 b. Any judgments entered by the Supreme Court of the State of New York, County of New York, in favor of Triadou SPV S.A. in the following in four cases, Index Numbers 653462/2014, 154681/2015, 650239/2015, and 156907/2015, are hereby vacated and shall have no further force and effect.

 c. Triadou SPV S.A. is hereby ordered to dismiss with prejudice its pending action in the Supreme Court of the State of New York, County of New York, *Triadou SPV S.A. v. CF 135 Flat LLC*, Index No. 655623/2017 (N.Y. Sup. Ct.), concerning its purported claim to profits stemming from its investments in the Flatotel.

 d. BTA shall be entitled to the recovery of reasonable attorneys' fees and costs associated with BTA's investigation and prosecution of its Article 52 claim, as the prevailing party in this action, including any fees and costs incurred by BTA by virtue of its indemnification of Joseph Chetrit and the Chetrit Group in state court proceedings brought against them by Triadou, the amount of which shall be determined following BTA's application for such fees and a memorandum of costs within 14 days.

7. Pursuant to Federal Rule of Civil Procedure 54(b), this judgment shall be entered as a final judgment because there is no just reason for delay.

Date: 7/31, 2023

The Honorable John G. Koeltl
United States District Judge