

CRAIG WENNER
Tel: (212) 909-7625
Email: cwenner@bsfllp.com

September 26, 2024

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*The briefing schedule is approved. So ordered.*
*9/27/24 /s/ John G. Koeltl*
*U.S.D.J.*

Re: *City of Almaty, Kazakhstan, et ano. v. Felix Sater, et al.,*
Case No. 19 Civ. 2645 [rel. 15 Civ. 5345] (JGK) (KHP)

Dear Judge Koeltl:

We represent Plaintiffs City of Almaty, Kazakhstan and BTA Bank and write in response to Your Honor's request at the last conference that Plaintiffs advise the Court whether they intend to pursue their motion for sanctions and contempt against Defendant Felix Sater, [ECF No. 686], and, if so, to propose an agreed-upon schedule for Sater's opposition and Plaintiffs' reply submissions.

Plaintiffs do intend to pursue their motion for sanctions, including their requests for a contempt finding, associated fees and costs, and a criminal referral. The Court asked at the conference, if the likelihood that the U.S. Attorney's Office might pursue charges is low, "why make the motion?" But Plaintiffs believe that the evidence of Sater's knowing perjury is incredibly compelling, and while we of course could bring this evidence to the government's attention ourselves, there is no question that a referral from the Court would be significant. The Court expressly recognized this possibility in the midst of trial, remarking—after holding that the appropriate remedy *during* trial was effective cross-examination—"If there is a necessity for some reference to some other authority, that can be dealt with in due course." Trial Tr. 1261-62.

Plaintiffs believe such a reference is appropriate because Sater's perjury was knowing and material: his intentionally false testimony was designed both to frustrate the fair administration of justice by distorting the factual record before the jury, and to evade a clear order of the Court that limited the admissibility of certain evidence. As the Second Circuit has recognized, "[s]wearing to tell the truth is a solemn oath, the breach of which should have serious consequences." *United States v. Cornielle*, 171 F.3d 748, 753 (2d Cir. 1999). This is the kind of case, like those cited in our brief, where Sater's knowing falsehood can be proven with substantial objective evidence, and the testimony went to the heart of Sater's principal defense. It could not have been more material, and it could not have been more false. In such circumstances, we believe that the Court should be given the opportunity to decide whether Sater's perjury should carry consequences independent of the jury's verdict.

We have conferred with counsel for Sater, and the parties agree that Sater's opposition to the motion should be submitted by October 11, and Plaintiffs' reply by October 21, which would result in both the sanctions motion and post-trial submissions all being fully briefed on the same date. We respectfully request that the Court so-order this briefing schedule.

BOIES SCHILLER FLEXNER LLP

**BSF**

  Counsel for Sater asked that we include the following statement in our letter: "Although we wish Mr. Schwartz had given his client the signal to withdraw the meritless Contempt Motion, we will respond on October 11 without tit-for-tat."

  Thank you for your consideration.

Respectfully,

/s/ *Craig Wenner*
Craig Wenner
