UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

CITY OF ALMATY, KAZAKHSTAN, ET AL.,

                           Plaintiffs,

        - against -

MUKHTAR ABLYAZOV, ET AL.

                           Defendants.
─────────────────────────────────────

15-cv-5345 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The Court has reviewed the Report and Recommendation of Magistrate Judge Parker dated June 25, 2025. ECF No. 1810. Pursuant to 28 U.S.C. § 636(e)(6), the Report certifies that the plaintiffs have set forth a prima facie case for civil contempt against Ilyas Khrapunov. Khrapunov has failed to pay an existing judgment against him in the amount of $221,285.31 plus post-judgment interest, although he currently lacks the financial ability to do so. See ECF No. 1742; ECF No. 1810 at 4-8. While the failure to pay a judgment cannot be a basis for contempt when the contemnor lacks the ability to comply, Khrapunov has failed to comply with the prior court order to submit quarterly declarations regarding his financial status due September 30, December 31, March 31, and June 30 updating the Court on his ability to pay or payment of the judgment and the outcome of the pending Swiss action that may result in a monetary award. The order requiring quarterly declarations was clear and ambiguous;

Khrapunov had the ability to comply with that order; and he failed to comply with the order diligently. See ECF No. 1810 at 4-8. The Report recommends that Khrapunov continue to be held liable for the existing judgment against him in the amount of $221,285.31 plus post-judgment interest; that Khrapunov be ordered to reimburse the plaintiffs for their attorney's fees and costs in connection with this motion for contempt; and that Khrapunov be fined $1,000.00 for failing to provide the Court with quarterly updates regarding his finances. Id. at 8.

After reviewing the record, the Court concurs with the Magistrate Judge's conclusion that Khrapunov is in civil contempt. Where the magistrate judge has certified facts constituting contempt, the district court must make an independent determination of the facts certified and consider any additional evidence. 28 U.S.C. § 636(e)(6). In this case, there have been no objections to the Report except with regard to the proposed $1,000 fine. The Court gave the parties the opportunity to submit any further evidence in connection with this motion for civil contempt, but neither party has sought to submit any further evidence. After an independent review, the Court adopts the Magistrate Judge's findings, which are well-founded and support a finding of civil contempt. Although Khrapunov has demonstrated an inability to pay the $221,285.31 judgment against him at this time, Khrapunov has failed to

2

comply with the clear and unambiguous court order to submit
quarterly declarations regarding his financial status. See
Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys.
Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004).

Therefore, the Magistrate Judge's recommendation that
Khrapunov be required to reimburse the plaintiffs for attorney's
fees and costs in connection with this motion for contempt is
appropriate. The plaintiffs may submit any application for
reimbursement for attorney's fees and costs by **August 20, 2025.**
Khrapunov can respond by **September 3, 2025.** The plaintiffs may
reply by **September 10, 2025.**

Khrapunov is also required to continue to submit
declarations on a quarterly basis regarding his ability to pay
the outstanding judgment against him and the outcome of the
pending Swiss action. Each declaration should indicate what
efforts Khrapunov has made to obtain the funds to pay the
outstanding judgment against him.

Finally, the Magistrate Judge recommended a $1,000.00 fine.
But the parties agree that the proper remedy for civil contempt
should be a coercive sanction that can be avoided if there is
compliance. See Chere Amie, Inc. v. Windstar Apparel, Corp., 175
F. Supp. 2d 562, 567 (S.D.N.Y. 2001) (observing that a fine is a
proper remedy "to force a contemnor to conform its conduct to a
court's order"). Therefore, in this case, Khrapunov shall be

3

fined $1,000.00 if he fails to submit his quarterly update
report by **September 30, 2025.**

CONCLUSION

For the foregoing reasons, the plaintiffs' motion for an
order holding Khrapunov in contempt is **granted.** Khrapunov is
required to reimburse the plaintiffs for reasonable attorney's
fees and costs in connection with this motion for contempt if
the plaintiffs seek such relief in accordance with the above
schedule. Khrapunov is ordered to submit quarterly declarations
regarding his financial status as set forth above. If Khrapunov
fails to submit his quarterly update due by September 30, 2025,
he shall be fined $1,000.00.

**SO ORDERED.**

**Dated:**    **New York, New York**
         **August 6, 2025**

                                  _____
                                        John G. Koeltl
                                  United States District Judge