**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CITY OF ALMATY, KAZAKHSTAN and BTA
BANK JSC,

               Plaintiffs,

    -against-

MUKHTAR ABLYAZOV, VIKTOR
KHRAPUNOV, ILYAS KHRAPUNOV, and
TRIADOU SPV S.A.,

               Defendants.

15 Civ. 5345 (JGK) (KHP)

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION**
**FOR APPROVAL OF APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs the City of Almaty, Kazakhstan, and BTA Bank JSC respectfully submit this reply memorandum of law in further support of their application for attorneys' fees and costs pursuant to the Court's August 6, 2025 Memorandum Opinion and Order holding Ilyas Khrapunov in contempt. [ECF No. 1820].

In opposing Plaintiffs' fee application, Khrapunov maintains that the "Motion and Associated Fees Could Have Been Avoided." [ECF No. 1824 at 2]. We entirely agree. The contempt motion could have been avoided if Khrapunov had filed the quarterly reports required by the Court's order. And once the contempt motion was filed, Plaintiffs' fees in pursuing the motion could have been avoided or significantly reduced if Khrapunov had admitted his contempt. But having caused the contempt motion in the first place and then vigorously opposed a finding of contempt through two hearings, Khrapunov cannot now complain that Plaintiffs' already significantly reduced fees are "inflated." [*Id.*].

First, Khrapunov's claim that the motion "could have been avoided with a letter or simply a phone call" ignores entirely his own role in causing the contempt motion. [*Id.*]. Put simply, no motion would have been necessary if Khrapunov had not willfully ignored his obligation to file quarterly reports in the first place. Having missed those updates, he now suggests he would have complied right away if Plaintiffs had simply called him before filing their motion. But even if Khrapunov's self-serving claim were not entirely speculative, there is no reason to believe him.

In December 2024, when Plaintiffs' initiated their contempt application, Khrapunov had skipped not one but *three* updates over the course of nine months (in December 2023, June 2024 and September 2024). He had already been found in contempt twice previously and had a long history of ignoring court orders and his discovery obligations — a history described at length by Judge Parker in her May 19, 2020 Opinion & Order. [ECF No. 1248]. To highlight but a few of

Judge Parker's findings, in "[f]ailing to produce any financial records concerning bank accounts, sources of wealth, and assets," "[f]ailing to produce emails concerning financial transactions at issue in this case," "[f]orcing Plaintiffs to file multiple motions to compel," [f]ailing to produce an accurate privilege log," and "[b]eing evasive in depositions by claiming not to remember facts pertinent to key financial transactions and investments at issue—all of which involved tens or hundreds of millions of dollars," Khrapunov's "non-compliance in discovery has been complete." [Id. at 24-25]. In short, there is absolutely nothing in Khrapunov's past conduct to suggest that, having been reminded of a Court order he was already willfully flouting, he would have promptly come into compliance.[1]

Second, Khrapunov incorrectly argues that Plaintiffs' fees are inflated with time spent on their purportedly "unsuccessful" motion to compel the production of discovery. [ECF No. 1824 at 2]. That motion, which was granted in part, was not "unsuccessful." In any event, we are only seeking fees for time spent on the contempt motion. [ECF No. 1810 at 1, 9]. The briefs for the two motions were separate. [ECF Nos. 1790, 1792, 1797, 1798, 1806, 1807, 1808 (contempt papers); ECF Nos. 1799 and 1800 (motion to compel papers)]. And the hearings only concerned the contempt motion. [ECF Nos. 1793 and 1812]. As outlined previously, Plaintiffs seek fees associated with the contempt briefs and the two hearings but not the briefing on the motion to compel. [ECF No. 1822 at 7-8; *see also* ECF No. 1823 ¶ 8].[2] Khrapunov has pointed to no billing

---

[1] Nor was there any way for Plaintiffs to reach Khrapunov. At the time Plaintiffs filed their contempt motion, he was not represented by counsel. Plaintiffs do not have a current email address or phone number for him. And he keeps his location in Switzerland a secret. Mr. Solomon, his current counsel, suggests Plaintiffs could have reached Khrapunov through him. Perhaps. More likely not. But regardless, it was not Plaintiffs' burden to track Khrapunov down. It was Khrapunov's burden to comply with the Court's order; a burden he willfully ignored.

[2] On re-review of the billing entries supporting the attorneys' fee application, we have identified two entries concerning the motion to compel that were included inadvertently: an entry for 3.1 hours on March 31, 2025 for $1,162.50 and an entry on April 4, 2025 for 2.3 hours for $862.50.

entries that concern the motion to compel.  And we are aware of none (with the exception of the two entries described in footnote 2, which are no longer relevant).  The Court should reject Khrapunov's incorrect claim that Plaintiffs' application seeks time for fees spent on the motion to compel.

Third, the main issue giving rise to the August 6 hearing was not, as Khrapunov wrongly claims, the $1,000 fine.  [ECF No. 1824 at 2].  The letters leading up to the hearing addressed the scope of the hearing; the fine was mentioned in passing by Khrapunov [ECF No. 1814 at 2 n.1 and ECF No. 1817] and by Plaintiffs not at all [ECF Nos. 1813 and 1816].  The hearing itself would have been entirely unnecessary had Khrapunov admitted in advance that a finding of contempt was appropriate based on Judge Parker's Report & Recommendation.  But he refused to do that until the hearing itself.  [ECF No. 1822 at 14].  Without that concession, and faced with a contemnor who was still claiming he had "substantially complied" with the Court's order, Plaintiffs had no choice but to prepare to offer additional evidence at the *de novo* hearing on that disputed issue.

While conceding that this was a "point of resistance going into the *de novo* hearing," Khrapunov claims nevertheless that the "technical elements were satisfied" for a contempt finding, suggesting that Khrapunov had gone into the August 6 hearing without contesting his contempt. [ECF No. 5345 at 2 n.1].  This is clearly wrong.  Contempt has three factors:  "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).  Prior to the August 6 hearing, Khrapunov was disputing the last

[ECF No. 1823-1 at 6].  Plaintiffs will not seek their fees for those entries, which reduces the fee application from $123,141 to $121,116.

factor.  It was thus Khrapunov, not Plaintiffs, who made the August 6 hearing necessary.  And it is Khrapunov who is responsible for the fees Plaintiffs incurred in preparing for that hearing, which would have been entirely unnecessary had Khrapunov not stubbornly disputed the entry of a contempt order until pressed at the hearing itself by the Court.

Lastly, Khrapunov's claim that Plaintiffs had no "higher purpose for bringing this contempt proceeding" is entirely unfounded.  [ECF 1824 at 2].  Were a "higher purpose" required, which it is not, Plaintiffs have at least two.  First, to compel Khrapunov's compliance with the Court's order to provide quarterly reporting, without which Plaintiffs will never know whether Khrapunov has the financial ability to pay the earlier contempt order.  Second, and more importantly, to compel respect for the Court's orders, which, as Khrapunov has amply demonstrated, he lacks entirely.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court approve their application for $121,116 in fees.[3]

Plaintiffs further request that the Court direct the Clerk of Court to enter an updated judgment against Khrapunov, reflecting the $221,285.31 originally awarded, plus post-judgment interest at $54.56 per day running from April 5, 2023 [ECF No. 1743][4] and the additional fee award in connection with this motion.

---

[3] We are not seeking fees for the time spent on this reply brief.

[4] As of September 10, 2025, the total amount of post-judgment interest owed is $48,448.40 (which is $54.56 per day for 890 days).

Dated: New York, New York
      September 10, 2025

                                            Respectfully,

                                            */s/  Peter Skinner*
                                            Matthew L. Schwartz
                                            Peter Skinner
                                            Craig Wenner
                                            Sophie Roytblat
                                            BOIES SCHILLER FLEXNER LLP
                                            55 Hudson Yards
                                            New York, New York 10001
                                            Telephone: (212) 446-2300
                                            Facsimile: (212) 446-2350

                                            *Attorneys for Plaintiff*