```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────

CITY OF ALMATY, KAZAKHSTAN, ET AL.,

              Plaintiffs,

   - against -

MUKHTAR ABLYAZOV, ET AL.

              Defendants.

─────────────────────────────────

15-cv-5345 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

Following the Court's August 6, 2025, Memorandum Opinion and Order holding Defendant Ilyas Khrapunov ("Khrapuvnov") in contempt, the plaintiffs brought this motion seeking $123,141 in attorneys' fees. The plaintiffs also request that a previous sanctions judgment of $221,285.31 against Khrapunov be updated to reflect post-judgment interest of $54.56 per day running from April 5, 2025. For the reasons that follow, the plaintiffs' motion is **granted in part** and **denied in part**.

**I.**

The Court assumes familiarity with the underlying facts of this litigation and recites only the facts necessary to resolve this motion.[1]

After concluding that Khrapunov engaged in sanctionable discovery conduct, ECF No. 1248, at 23-27, Magistrate Judge

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Parker ordered Khrapunov to pay to the plaintiffs $221,285.31 in attorneys' fees. ECF No. 1494, at 1. In a subsequent Report and Recommendation, which the Court adopted, Magistrate Judge Parker found that Khrapunov was unable to pay the sanction and ordered Khrapunov to submit quarterly declarations regarding his financial status. See ECF Nos. 1739, 1742. While Khrapunov initially complied with this order, he later failed to submit updates for approximately one year. ECF No. 1810, at 5, 8. The plaintiffs then moved for an order holding Khrapunov in contempt based on his failure to submit these quarterly updates. ECF No. 1806.

Following an evidentiary hearing, Magistrate Judge Parker found that Khrapunov lacked the present ability to pay the prior sanction of $221,285.31, but recommended that Khrapunov be found in contempt for failing to file periodic financial reports, and that he be fined $1,000 and that he be ordered to reimburse the plaintiffs for their attorneys' fees. ECF No. 1810, at 8. This Court then held a de novo hearing on the plaintiffs' contempt motion. Following the de novo hearing, the Court issued an order holding Khrapunov in contempt and assessing a fine of $1,000 if Khrapunov failed to submit a quarterly financial report by September 30, 2025. ECF No. 1820, at 3-4. This Court also awarded the plaintiffs their reasonable attorneys' fees in bringing the contempt motion. Id.

2

The plaintiffs then filed this motion seeking $123,141 in attorneys' fees.[2] ECF No. 1822, at 1-2. The plaintiffs seek reimbursement for work related to (1) bringing the motion for contempt based on Khrapunov's failure to provide quarterly updates regarding his financial status, (2) preparing for and attending the two evidentiary hearings, (3) drafting post-hearing briefs, and (4) preparing this application for attorneys' fees. See id. at 1.

The legal work was performed by three partners (Matthew Schwartz, Peter Skinner, and Craig Wenner), and one associate (Sophie Roytblat) of the firm Boies Schiller Flexner LLP. Craig Wenner submitted an affidavit setting forth the experience of each of the attorneys mentioned above and attaching contemporaneous time records. ECF Nos. 1823, 1823-1.

Magistrate Judge Parker has previously recognized the qualifications of the attorneys for whose fees the plaintiffs seek reimbursement, ECF No. 1494, at 2-3, and their qualifications and experience are not in dispute. Detailed time charts have been provided, with billing increments of 1/10th of an hour. ECF No. 1823-1. The time reflects work spent drafting

---

[2] The plaintiffs note that they actually incurred $221,726 in attorneys' fees, but they only seek approximately half that amount. ECF No. 1822, at 8.

the papers on the contempt motion, as well as preparing for and attending court proceedings.

## II.

A district court exercises "considerable discretion" in awarding attorneys' fees. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). "The party seeking attorneys' fees must establish the hours reasonably expended on the case and must submit adequate contemporaneously prepared time records." VIDIVIXI, LLC v. Grattan, No. 15-cv-7364, 2016 WL 4367972, at *5 (S.D.N.Y. Aug. 13, 2016).

"To determine fee awards, courts in this district consider the hours expanded multiplied by a reasonable hourly rate." Id. at *4. "In determining the reasonable fee for a particular case, courts rely on reasonable hourly rates prevailing in the district for similar services provided by attorneys with comparable skill and experience." Id. In evaluating whether an hourly rate is reasonable, the district court should consider how much "a reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany and Albany Cnty Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2008).

4

When evaluating hours expended, a court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Haley v. Pataki, 106 F.3d 478, 484 (2d Cir. 1997). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

### III.

#### A.

Because the plaintiffs are seeking fees, they bear the burden of demonstrating that their counsel's rates are reasonable. Reiter v. Metro. Transp. Auth. of State of New York, No. 01-cv-2762, 2007 WL 2775144, at *4 (S.D.N.Y. Sept. 25, 2007). Magistrate Judge Parker has previously considered and approved the hourly rates sought by the plaintiffs sought in this application. See ECF Nos. 628, 1216, 1494. These rates are consistent with those approved in this District. See, e.g., ATX Debt Fund 1, LLC v. Paul, No. 19-cv-8540, 2024 WL 2093387, at *5 (S.D.N.Y. May 9, 2024).

While the hourly rates are appropriate, the hours expended by plaintiffs' counsel are not. The plaintiffs seek

5

reimbursement for 176.1 hours worked in connection with the contempt motion.

Despite the plaintiffs' contentions, the issues presented in the contempt motion were simple and straightforward, as the Magistrate Judge and this Court found. ECF No. 1810, at 6; ECF No. 1820, at 1-2. There was a clear order to file financial reports, and Khrapunov failed to comply, without excuse. And the plaintiffs had every reason to know that Khrapunov would be able to show that he lacked the present ability to pay any substantial award. As the Magistrate Judge concluded:

> Khrapunov's testimony and evidence of inability to pay is convincing . . . At this point, after over a decade of investigations and scrutiny, it is not hard to conclude that if Khrapunov had funds/assets, they would have been located by now. It is also undisputed that Khrapunov lacks access to the banking system due to the numerous lawsuits and criminal actions against him and that he is unemployed.

ECF No. 1810, at 7. But the plaintiffs persisted in bringing the motion before the Magistrate Judge and, not satisfied with that result, brought the further proceeding before this Court with the net effect of obtaining a $1,000 fine if Khrapunov failed to file one financial report. For this, they seek $123,141 in attorneys' fees.

Despite the simplicity of the issues, the plaintiffs dedicated significant resources to prosecuting their motion. No "reasonable, paying client, who wishes to pay the least amount

6

necessary to litigate the case effectively," Arbor Hill, 522 F.3d at 184, would be willing to pay $123,141.00 to sustain a finding of contempt and an award of $1,000 against a defendant who had previously been found to lack the current ability to pay a judgment of $221,285.31.

In deciding motions for approval of attorneys' fees and costs, "court[s] ha[ve] discretion simply to deduct a reasonable percentage of the number of hours claimed" if hours are "excessive, redundant, or otherwise unnecessary." Kirsch, 148 F.3d at 173. In the face of plainly excessive billing, the court has the discretion to apply an across-the-board reduction and "deduct a reasonable percentage of the number of hours claimed." Id. at 173. Courts in this District have applied reductions as high as 75%. See, e.g., Gym Door Repairs v. Total Gym Repairs, No. 15-cv-4244, 2023 WL 6390156, at *3-4; Love and Madness, Inc. v. Claire's Holdings, LLC, No. 21-cv-1913 (2022 WL 5138806, at *12 (S.D.N.Y. Oct. 5, 2022).

In light of the excessive hours expended by the plaintiffs' counsel, the Court will apply a 75% reduction to the plaintiffs' request and award $30,785.25 in attorneys' fees.

**B.**

The plaintiffs also request that the Court "enter an updated judgment, reflecting the $221,285.31 originally awarded, plus post-judgment interest at $54.56 per day running from April

7

5, 2023." ECF No. 1822, at 15. However, there is no basis to update a judgment amount with post-judgment interest until a party seeks enforcement of the judgment. 28 U.S.C. § 1961 provides that "[I]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Post-judgment interest begins to run "whenever [the] judgment was first ascertained in a meaningful way." Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 104 (2d Cir. 2004). Courts in this Circuit have recommended against "setting an exact amount for the post-judgment interest [before the day of payment] because post-judgment interest continues to accrue" until then. Zhang v. Zhang, No. 22-cv-02745, 2024 WL 4267790, at *4 (E.D.N.Y. Sept. 6, 2024). The plaintiffs' request to enter an updated judgment is therefore **denied without prejudice**.

CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are moot or without merit. For the foregoing reasons, the Court **awards** the plaintiffs **$30,785.25** in attorneys' fees. The plaintiffs' request to update the judgment against the defendant is **denied without prejudice.**

The Clerk is respectfully requested to close ECF No. 1821.

SO ORDERED.
Dated:   New York, New York
         December 15, 2025

_____
John G. Koeltl
United States District Judge

9